DUANE MORRIS LLP
By: Gregory P. Gulia (2562916)
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
Facsimile: 212.692.1020
And By: Edward M. Cramp (*pro hac vice*)
Michelle Hon (*pro hac vice*)
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: 619.744.2200

Attorneys for MP3TUNES and MICHAEL ROBERTSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC.;, | CIVIL ACTION NO. 07-Civ. 9931 (WHP) |
| Plaintiffs, | **DECLARATION OF MICHELLE A. HON IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| MP3TUNES, LLC and MICHAEL ROBERTSON | |
| Defendants. | |

I, Michelle A. Hon, declare:

1.     I am an attorney licensed to practice in the State of California and I am admitted *pro hac vice* before this Court. I am an attorney with the law firm Duane Morris LLP, counsel for defendants MP3tunes, LLC ("MP3tunes") and Michael Robertson. I have personal knowledge of the matters stated herein, and if called as a witness, I could and would testify competently to them.

2.     I submit this Declaration in support of defendants' Motion to Dismiss.

3.     A search of the California Secretary of State website shows that the corporations listed in the action, are either California corporations or registered to do business in California. Attached hereto as Exhibit A are true and correct copies of the search results from the California Secretary of States for the following corporations: Capital Records, Inc.; Caroline Records, Inc.; EMI Christian Music Group Inc.; Priority Records LLC; Virgin Records America, Inc.; Beechwood Music Corp.; Colgems-EMI Music, Inc.; EMI April Music Inc.; EMI Blackwood Music; EMI Golden Torch Music Corp.; EMI Virgin Music, Inc.; EMI Virgin Songs, Inc.

4.     Excluded from the enumerated list above, but plaintiffs in this action are, EMI Full Keel Music and EMI Longitude Music. These companies are listed in the complaint in this action as "duly organized corporations," but with no statement as to where the companies are allegedly incorporated. A diligent search, which included a Dun and Bradstreet search, did not find any record of a corporation under either of these names.

5.     According to EMI's website, available at http://www.emigroup.com/About/Overview/Default.htm, EMI claims to be the "world's leading independent music company." EMI also claims that it operates directly in 50 countries, with licensees in a further 20 countries. A true and correct copy of this EMI website is attached hereto as Exhibit B.

6. The EMI music catalog and EMI publishing catalog are listed on the EMI Group website at http://www.emigroup.com/About/Music/EMI+Music+catalogue.htm and http://www.emigroup.com/About/Music/EMI+Music+Publishing+catalogue.htm respectively.

7. MP3tunes filed a Complaint on September 20, 2007, seeking damages, costs and attorney's fees for the material misrepresentations of EMI and seeking declaratory relief that MP3tunes is a service provider as defined by the Digital Millennium Copyright Act ("DMCA"), that MP3tunes's conduct falls within the safe harbor provisions of the DMCA, that the notice provided by EMI was deficient, to the extent that such notice was not deficient, that MP3tunes complied with its obligations under the DMCA, and that MP3tunes' conduct did not constitute copyright infringement. The Complaint was served on October 23, 2007.

8. MP3tunes named EMI Music North America, EMI Group North America and EMI Group Holdings North America as defendants in its original Complaint. These defendants did not dispute that they own the copyrights at issue. However, because individual record labels and publishers have alleged at least some interest in or to the EMI copyrights, on December 3, 2008 MP3tunes filed an Amended Complaint adding the individual record labels and publishers, facts and claims related to the October 25, 2007 cease and desist letters, and a cause of action under California Business & Professions Code § 17200. A true and correct copy of the Amended Complaint as filed is attached hereto as Exhibit C.

I declare under penalty under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of February, 2008 at San Diego, California.

s/Michelle A. Hon
Michelle A. Hon

EXHIBIT A



Business Search
Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

# Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| CAPITOL RECORDS, INC. | | |
| Number: C0229996 | Date Filed: 8/20/1948 | Status: active |
| Jurisdiction: DELAWARE | | |
| Address | | |
| 150 FIFTH AVE | | |
| NEW YORK, NY 10011 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

Business Search
Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| CAROLINE RECORDS, INC. | | |
| Number: C2642864 | Date Filed: 3/22/2004 | Status: active |
| Jurisdiction: NEW YORK | | |
| Address | | |
| 104 WEST 29TH ST NEW YORK | | |
| NEW YORK, NY 10001 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HA LL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

California Business Portal

CA BUSINESS PORTAL

Business Search
Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

# Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| EMI CHRISTIAN MUSIC GROUP INC. | | |
| Number: C0850956 | Date Filed: 8/23/1977 | Status: active |
| Jurisdiction: California | | |
| Address | | |
| 2751 CENTERVILLE RD STE 205 | | |
| WILMINGTON, DE 19808 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

Secretary of State Debra Bowen

CA Business Portal

Business Search LP/LLC

- Printer Friendly Home
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- LLC Name Availability
- LP Name Availability
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- LLC FAQS
- LP FAQS
- LLC Main Page
- LP Main Page
- Site Search

## LP/LLC

The information displayed here is current as of "Nov 23, 2007" and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| PRIORITY RECORDS, LLC | | |
| Number: 199631010034 | Date Filed: 11/5/1996 | Status: active |
| Jurisdiction: DELAWARE | | |
| Address | | |
| 1750 N VINE ST | | |
| HOLLYWOOD, CA 90028 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HALL CORPORATION SYSTEM INC | | |
| C0257078 | | |

Printer Friendly

New Search

- Fees and instructions for requesting certification of limited partnership and/or limited liability company records are included on the Business Entities Records Order Form.
- Blank fields indicate the information is not contained in the computer file.
- If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

Business Search
Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| VIRGIN RECORDS AMERICA, INC. | | |
| Number: C1380832 | Date Filed: 7/21/1986 | Status: active |
| Jurisdiction: California | | |
| Address | | |
| 150 FIFTH AVE 2ND FLR | | |
| NEW YORK, NY 10011 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

CA BUSINESS PORTAL

Business Search Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BEECHWOOD MUSIC CORPORATION | | |
| Number: C0191306 | Date Filed: 9/16/1942 | Status: active |
| Jurisdiction: California | | |
| Address | | |
| 810 7TH AVE 36TH FL | | |
| NEW YORK, NY 10019 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HA LL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

Business Search Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQs
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| COLGEMS-EMI MUSIC, INC. | | |
| Number: C0778259 | Date Filed: 9/2/1976 | Status: active |
| Jurisdiction: DELAWARE | | |
| Address | | |
| 810 7TH AVE 36TH FL | | |
| NEW YORK, NY 10019 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

California Business Portal

Secretary of State DEBRA BOWEN

CA BUSINESS PORTAL

Business Search
Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

# Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| EMI APRIL MUSIC INC. | | |
| Number: C0800838 | Date Filed: 10/15/1976 | Status: active |
| Jurisdiction: CONNECTICUT | | |
| Address | | |
| 810 7TH AVE 35TH FL | | |
| NEW YORK, NY 10019 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HA LL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly...

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.



Business Search Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

# Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| EMI BLACKWOOD MUSIC INC. | | |
| Number: C0800837 | Date Filed: 10/15/1976 | Status: active |
| Jurisdiction: CONNECTICUT | | |
| Address | | |
| 810 7TH AVE 36TH FL | | |
| NEW YORK, NY 10019 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HA LL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

Business Search
Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| EMI GOLDEN TORCH MUSIC CORP. | | |
| Number: C0536666 | Date Filed: 11/28/1967 | Status: active |
| Jurisdiction: NEW YORK | | |
| Address | | |
| 75 NINTH AVE 4TH FL | | |
| NEW YORK, NY 10011 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

CA BUSINESS PORTAL

Business Search
Corporations

- Printer Friendly Page
- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| EMI VIRGIN MUSIC, INC. | | |
| Number: C1611356 | Date Filed: 4/13/1988 | Status: active |
| Jurisdiction: NEW YORK | | |
| **Address** | | |
| 810 7TH AVE 36TH FL | | |
| NEW YORK, NY 10019 | | |
| **Agent for Service of Process** | | |
| THE PRENTICE-HA LL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

# California Business Portal

Secretary of State DEBRA BOWEN | CA BUSINESS PORTAL | OTHER SERVICES

Business Search Corporations

- New Search
- Search Tips
- Field Definitions
- Status Definitions
- Name Availability
- Corporate Records
- Business Entities Records Order Form
  - Certificates
  - Copies
  - Status Reports
- FAQS
- Corporations Main Page
- Site Search

## Corporations

The information displayed here is current as of "NOV 23, 2007" and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| EMI VIRGIN SONGS, INC. | | |
| Number: C1611353 | Date Filed: 4/12/1988 | Status: forfeited |
| Jurisdiction: NEW YORK | | |
| Address | | |
| 810 7TH AVE 36TH FL | | |
| NEW YORK, NY 10019 | | |
| Agent for Service of Process | | |
| THE PRENTICE-HA LL CORPORATION SYSTEM, INC. | | |
| PO BOX 526036 | | |
| SACRAMENTO, CA 95852 | | |

Printer Friendly

New Search

- For information about certification of corporate records or for additional corporate information, please refer to Corporate Records.
- Blank fields indicate the information is not contained in the computer file.
- If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

Copyright ©2001 California Secretary of State. Privacy Statement.

EXHIBIT B



EMI is the world's leading independent music company. It operates directly in 50 countries, with licensees in a further 20 and employs around 5,500 people. For the year ended 31 March 2007, EMI Group reported revenue of £1,751.5 million and £62.7 million in underlying profit before tax. In August 2007 EMI was acquired by private equity firm Terra Firma.

The company comprises two divisions – EMI Music, one of the top global recorded music companies, and EMI Music Publishing, one of the world's leading music publishers.

As an owner of digital music content, EMI is extremely well positioned to capitalise on the rapid growth of digital music. EMI's strategy is to deliver music to consumers in any form, at any time and in any place. During the year ended 31 March 2007, EMI Group's digital revenues grew from £112.1 million to £164.2 million, representing 9.4% of total underlying revenue.

EMI Music represents recording artists spanning all musical tastes and genres and owns one of the finest catalogues of recorded music ever assembled with over three million individual tracks. The company's roster and catalogue includes world famous stars and developing artists such as Lily Allen, Corinne Bailey Rae, The Beach Boys, The Beatles, Dierks Bentley, Coldplay, Diam's, Depeche Mode, Gorillaz, Norah Jones, The Kooks, Korn, Lenny Kravitz, Kylie, Pink Floyd, Raphael, RBD, Joss Stone, The Rolling Stones, 30 Seconds To Mars, KT Tunstall, Keith Urban, Utada Hikaru and Robbie Williams plus some of the world's finest classical artists including Nigel Kennedy, Simon Rattle, Itzhak Perlman and Angela Gheorghiu.

EMI Music's record labels include Angel, Astralwerks, Blue Note, Capitol, Capitol Nashville, EMI, EMI Classics, EMI CMG, EMI Televisa Music, Mute, Parlophone and Virgin. With around 4,800 employees worldwide, EMI Music's revenue in the year ended 31 March 2007 was £1,350.2 million.

EMI Music Publishing owns one of the largest catalogues of songs in the world, containing more than a million contemporary and classic titles. Its roster of songwriters is unparalleled and the company has won and continues to win more industry accolades and publisher of the year awards than any other music publisher. Its catalogue of best-selling songs includes *Bohemian Rhapsody, I Heard It Through The Grapevine, New York, New York, Over the Rainbow, the James Bond theme, Singin' In The Rain, Santa Claus is Comin' to Town, Wild Thing, We Will Rock You, Angels, Baby Love, Crazy in Love* and *Daydream Believer* and is home to many of the world's best songwriters including Arctic Monkeys, James Blunt, Cathy Dennis, Jay-Z, Alicia Keys, Pink, Usher, Kanye West and Amy Winehouse.

With offices all around the world, EMI Music Publishing has about 640 staff and in the year ended 31 March 2007 generated £401.3 million in revenue.

For an illustration of how record labels and publishing companies fit into

the structure of the music business please click here.

EMI Group Limited registered office:

27 Wrights Lane
London W8 5SW
Registered in England No. 229231

Last updated October 2007

# EXHIBIT C

Edward M. Cramp (SBN 212490)
Michelle Hon (SBN 234492)
DUANE MORRIS LLP
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: emcramp@duanemorris.com
mhon@duanemorris.com

Attorneys for Plaintiff MP3TUNES, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MP3TUNES, LLC,

Plaintiff,

v.

EMI GROUP, LTD; EMI GROUP NORTH AMERICA, INC.; EMI GROUP NORTH AMERICA HOLDINGS, INC.; and EMI MUSIC NORTH AMERICA, LLC; CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC.,

Defendants.

Case No.: 07CV1844WQH (NLS)

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT; VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200; DEMAND FOR JURY TRIAL

Judge: William Q. Hayes
Complaint Filed: September 20, 2007

Plaintiff MP3tunes, LLC ("Plaintiff"), by its attorneys, Duane Morris LLP, alleges on knowledge as to its own acts and otherwise upon information and belief as follows:

## NATURE OF THE ACTION

1. As set forth in more detail below, Plaintiff MP3tunes, LLC ("MP3tunes") owns and operates MP3tunes.com and Sideload.com (collectively, the "Sites") and offers Oboe lockers and software to users of the Sites.

2. MP3tunes.com is a music service provider and the home of Oboe, a personal music locker offering unlimited online storage. Oboe users can sync their personal music collections to enjoy their music through any web browser, as well as through a growing number of home entertainment and mobile devices.

3. Sideload.com is a website owned and operated by MP3tunes that aggregates popular free music tracks on the web chosen and posted by users of Sideload.com and/or Oboe.

4. MP3tunes feels justifiably threatened that it will be sued by Defendants as a result of the foregoing websites and software because Plaintiff received three threatening -- albeit deficient -- cease-and-desist letters from Defendants' counsel, dated September 4, 2007, September 18, 2007, and October 25, 2007 (collectively, the "Notice") and because Plaintiff was informed by Defendants' counsel that the matter would not be resolved without litigation unless there was a substantial monetary payment by Plaintiff.

5. By this action, MP3tunes seeks a declaration that (i) MP3tunes.com and Sideload.com are service providers as defined in the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(k); (ii) the conduct by MP3tunes.com and Sideload.com challenged by Defendants in the Notice falls within the protections of §§ 512(a), (b), (c) and/or (d); (iii) the Notice served on Plaintiff was deficient under 17 U.S.C. §§ 512(c) and/or (d); (iv) to the extent the Notice was not deficient, Plaintiff complied with its obligations under 17 U.S.C. §§ 512(c) and/or (d); and (v) the activities of Sideload.com, MP3tunes.com and Oboe complained of by Defendants in the Notice do not constitute direct copyright infringement, contributory copyright infringement and/or inducement of copyright infringement.

6. MP3tunes further seeks: (i) an order from the Court pursuant to California Business and Professions Code §17200, et seq., enjoining the defendants from engaging in their unfair, unlawful, and deceptive business act or practice of intentionally sending defective Notice under the DMCA in order to further their business interests; (ii) an order from the Court requiring Defendants to disgorge any profits that they have made as a result of their wrongful conduct; and (iii) an award of attorney's fees and costs.

PARTIES

7. Plaintiff MP3tunes, LLC is a Delaware limited liability company with its principal place of business in San Diego, California.

8. Defendant EMI Group; LTD ("EMI LTD") is headquartered in London, England. EMI operates in the United States through its division, EMI Music Group North America, as well as subsidiaries EMI Group North America, Inc., EMI Group North America Holdings Inc. and EMI Music North America, LLC, among others. The record labels EMI purports to represent in the United States include the co-defendants listed in paragraphs 9 through 25 below.

9. Defendant EMI Group North America, Inc. ("EMI NA Inc.") is a Delaware corporation with its principal place of business in New York, New York, and transacts business in this district.

10. Defendant EMI Group North America Holdings Inc. ("EMI Holdings") is a Delaware corporation with its principal place of business in New York, New York, and transacts business in this district.

11. Defendant EMI Music North America, LLC ("EMI Music") is a Delaware limited liability company with its principal place of business in New York, New York, and transacts business in this district.

12. Defendant Capitol Records, Inc. is a Delaware corporation, with its principal place of business in New York, New York.

13. Defendant Caroline Records, Inc. is a New York corporation, with it principal place of business in New York, New York.

14. Defendant EMI Christian Music Group, Inc. is a California corporation, with its principal place of business in Brentwood, Tennessee.

15. Defendant Priority Records LLC is a Delaware limited liability company with its principal place of business in New York, New York.

16. Defendant Virgin Records America, Inc. is a California corporation, with its principal place of business in New York, New York.

17. Defendant Beechwood Music Corporation is a California corporation, with its

principal place of business in New York, New York.

18. Defendant Colgems-EMI Music Inc. is a Delaware corporation, with its principal place of business in New York, New York.

19. Defendant EMI April Music Inc. is a Connecticut corporation, with its principal place of business in New York, New York.

20. Defendant EMI Blackwood Music is a Connecticut corporation, with its principal place of business in New York, New York.

21. Defendant EMI Full Keel Music is a duly organized corporation, with its principal place of business in New York, New York.

22. Defendant Golden Torch Music Corp. is a New York corporation, with its principal place of business in New York, New York.

23. Defendant EMI Longitude Music is a duly organized corporation, with its principal place of business in New York, New York.

24. Defendant EMI Virgin Music, Inc. is a New York corporation, with its principal place of business in New York, New York.

25. Defendant EMI Virgin Songs, Inc. is a New York corporation, with its principal place of business in New York, New York.

26. Defendants are collectively referred to herein as "EMI" or "Defendants."

## JURISDICTION AND VENUE

27. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration of rights and/or other legal relations of the parties to this litigation with respect to a substantial controversy arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* This action further seeks injunctive relief under California Business and Professions Code section 17200, et seq., prohibiting defendants from engaging in unfair, illegal, and deceptive business acts and practices.

28. This Court has jurisdiction over the subject matter of this action pursuant to the Copyright Act (17 U.S.C. § 101 *et seq.*); 28 U.S.C. §§ 1331, 1338; the Declaratory Judgment Act (28 U.S.C. § 2201); and 28 U.S.C. §1367.

29. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants transact business in this district. Moreover, Plaintiff resides in this district and/or the acts complained of herein have had, and will have, substantial effects in this district.

THE BUSINESS OF MP3TUNES

30. Plaintiff MP3tunes, LLC owns and operates MP3tunes.com and Sideload.com.

31. MP3tunes.com is a music service provider and the home of Oboe, a personal music locker offering unlimited online storage. Oboe users can sync their personal music collections to enjoy them through any web browser, as well as through a growing number of home entertainment and mobile devices.

32. MP3tunes.com does not control or select the songs in an individual consumer's locker and instead merely provides online storage space for such music. Consumers can organize, add and delete songs as they choose. While MP3tunes.com can identify the songs in a consumer's locker, it has no means of determining where the track came from (*i.e.* from another website, from a CD that the user owns or elsewhere). Only the individual consumer can access his or her own particular songs from the consumer's locker.

33. Sideload.com is a website owned and operated by Plaintiff that aggregates popular free music tracks on the web designated by users of the Sites. The songs listed on Sideload.com are designated and posted by users of the Sites. Consumers can also listen to songs on Sideload.com and "sideload" those tracks into their personal lockers, onto their hard drives or elsewhere. Plaintiff plays no role in which songs are designated for Sideload.com by users of the Sites. None of the songs designated by users for sideloading or listening are physically available on Sideload.com. Rather, what is provided is a hyperlink.

34. Until Plaintiff's recent receipt of Defendants' Notice (discussed below), Plaintiff believed that all of the songs on Sideload.com and in the consumer's personal lockers were non-infringing songs. Before using Sideload.com and MP3tunes.com, consumers must agree to the Terms of Use set forth on both websites, which states that the user "acknowledge[s] that by uploading music or any other content to the Site, or requesting that music or any content be uploaded to [the user's] account maintained on the Site, that [the user is] directing [Plaintiff] to store the file in

the format in which it is uploaded and to convert and store it in the MP3 format, or such other format in which it may be converted by [Plaintiff]. [The user] agree[s] that [he/she] will not upload music and content, and will not request that any music or content be uploaded to [her/her] account maintained on the Site, that infringes the copyright or other intellectual property rights of any third party."

35. The Terms of Use states further that "[u]nder the appropriate circumstances, it is Plaintiff's policy to remove and/or to disable access from MP3tunes to web pages of repeat infringers, to terminate subscribers and account holders who are repeat infringers, and to remove and/or to disable access from MP3tunes to web pages as to which there have been steps taken for the purpose of affecting MP3tunes's search results such as adding inappropriate 'meta-tags.'"

36. Thus, until recently, Plaintiff believed that all of the songs on Sideload.com and in the consumer's personal lockers were non-infringing songs. Indeed, Plaintiff still believes that the songs currently in the consumer's personal lockers are non-infringing and Plaintiff has no basis to believe, and no means of determining, otherwise.

37. For the reasons set forth below, MP3tunes cannot continue to operate MP3tunes.com, Sideload.com and the Oboe lockers without fear of crippling litigation until this action is resolved.

## DEFENDANTS' ACTIONS

38. On September 4, 2007, September 18, 2007, and October 25, 2007, Defendants, through their counsel, sent Notice, which was deficient under the DMCA, to Plaintiff alleging that Plaintiff, through its websites MP3tunes.com and Sideload.com and its "Oboe Software Suite" "is copying and storing to its servers, indexing, publicly performing, and making available for download hundreds (if not thousands) of [Defendants'] copyrighted recordings in violation of the Copyright Act." A true and correct copy of the Notice is attached hereto as Exhibit A.

39. The Notice is deficient for a number of reasons. First, it fails to identify the party represented by Jenner & Block LLP sending the Notice. To the contrary, the Notice identifies only divisions of Defendants, but not legal entities. To date, the EMI entity that served the deficient Notice is unknown.

40. Second, the Notice falsely states that "[f]or a variety of reasons, MP3[t]unes is not

protected by any of the 'safe-harbors' of the Digital Millennium Copyright Act ('DMCA')". To the contrary, MP3tunes.com and Sideload.com are service providers as defined in 17 U.S.C. § 512(k) and their conduct falls within the enumerated categories of §§ 512(a), (b), (c) and/or (d).

41. Third, with the exception of approximately 350 songs about which Defendants properly notified Plaintiff pursuant to 17 U.S.C. § 512(c)(3)(A)(ii) by enclosing a CD-ROM listing the songs and website locations which Defendants alleged infringed the copyrights of EMI and/or parties it allegedly represents, the remainder of the Notice was deficient. As to the songs that Defendants properly identified on the list enclosed with the Notice, those songs were immediately removed from Sideload.com and Defendants were promptly notified of this.

42. However, the Notice stated further that the "enclosed representative list reflects only a small portion of the total number of infringing EMI works contained on MP3[t]unes, with more being copied and made available daily. Accordingly, pursuant to 17 U.S.C. § 512(c)(3)(A)(ii), based on EMI's representative list, MP3[t]unes is obligated to remove all of EMI's copyrighted works, even those not specifically identified on the attached. A non-exhaustive further listing of EMI's recording artists can be found at http://www.emigroup.com/About/Music/Default.htm."

43. This notification was inadequate under the DMCA. The Notice did not specifically identify the material that is to be removed or access to which is to be disabled as required by 17 U.S.C. § 512(c)(3)(A)(iii).

44. Moreover, some of the artists on Defendants' list and/or on Defendants' website are no longer represented by EMI; and some songs listed on the enclosure to the Notice are freely available for digital download. For example, the first band that is listed in Defendants' spreadsheet is "Air". MP3tunes features an "Air" track – "Once Upon A Time" – on the first page of sideload.com. That track is from the popular online music magazine, *Filter*, and is accessed by the URL http://filter-mag.com/index.php?id=13977&c=6. Thus, Plaintiff has no reason to believe that the *Filter* track is anything but lawful. Nevertheless, Plaintiff removed this track from availability for sideloading as per Defendants' demand.

45. Similarly, Defendants' list also includes the track "Nobody Move, Nobody Get Hurt" by the band "We Are Scientists" from the URL http://media.spin.com//features/ band_of_the_day/

audio/2005/11/nobody_move_nobody_get_hurt_hi.mp3. *Spin* is a popular online music magazine. All the labels distribute MP3s promotionally. Plaintiff believes that it is likely that this track is such a promotional distribution and is lawfully available. The same is true for the tracks that Defendants list from the *Paste Store*, which is a store which often distributes promotional tracks provided to them. Nevertheless, Plaintiff removed these tracks from availability for sideloading as per Defendants' demand.

46. Defendants knowingly materially misrepresented that certain material on the Sites — such as the aforementioned material — was infringing in violation of 17 U.S.C. § 512(f)(1) when it was not.

47. By sending the Notice, Defendants engaged in an unfair, deceptive, or illegal business act or practice in that they were aware that their conduct violated 17 U.S.C. § 512(f). Defendants routinely illegally engage in such practices to illegally and unfairly further their business interests. Defendants will not stop these illegal practices unless and until they are enjoined by the Court.

48. Defendants' Notice was only directed towards tracks on Sideload.com, although it sought relief with respect to Oboe and consumers' lockers on MP3tunes.com. The list enclosed with the Notice only specified allegedly infringing tracks that could be removed from Sideload.com and did not specify any possible infringements within individual consumers' lockers.

49. The Sites are fully protected by the DMCA.

50. In connection with the transmitting, routing, or providing connections for, material through the Sites controlled by Plaintiff, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing or providing connections, the transmission of the material found on the Sites is not initiated by or at the direction of Plaintiff and instead is initiated at the direction of the user.

51. In connection with the transmitting, routing, or providing connections for, material through the Sites controlled by Plaintiff, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing or providing connections, the transmission, routing, provision of connections, or storage of the material found on the Sites is carried out through an automatic technical process without selection of the material by Plaintiff.

52. In connection with the transmitting, routing, or providing connections for, material through the Sites controlled by Plaintiff, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing or providing connections, Plaintiff does not select the recipients of the material on its Sites, except as an automatic response to the request of another person.

53. In connection with the transmitting, routing, or providing connections for, material through the Sites controlled by Plaintiff, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing or providing connections, no copy of the material made by Plaintiff in the course of its intermediate and transient storage of the material on its Sites is maintained on the system or network in a manner ordinarily accessible to anyone other than the anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections.

54. In connection with the transmitting, routing, or providing connections for, material through the Sites controlled by Plaintiff, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing or providing connections, the material on Plaintiff's Sites is transmitted through the system or network without modification of its content.

55. In connection with the transmitting, routing, or providing connections for, material through the Sites controlled by Plaintiff, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing or providing connections, the material on Plaintiff's Sites is made available online by a person or website other than Plaintiff's Sites. .

56. The intermediate and temporary storage of the material on the Sites is transmitted from a person or website other than Plaintiff through the system or network to a user at the direction of the user.

57. The intermediate and temporary storage of the material on the Sites is carried out through an automatic technical process for the purpose of making the material available to users of the system or network who, after the material is transmitted as described above, request access to the material from the person described above.

58. The intermediate and temporary storage of the material on the Sites is transmitted to the subsequent users without modification to its content from the manner in which the material was transmitted from the person or website described above.

59. When Plaintiff learns the person or website set forth above has made material available online without the authorization of the copyright owner of the material, Plaintiff responds expeditiously to remove, or disable access to, the material that is claimed to be infringing upon notification of claimed infringement.

60. Before receiving the Notice, Plaintiff did not have actual knowledge that the material posted and/or stored on the Sites at the direction of users was infringing.

61. Plaintiff does not now have actual knowledge that the material posted and/or stored on the Sites at the direction of users was infringing.

62. Before receiving the Notice, Plaintiff was not aware of facts or circumstances relating to the material posted and/or stored on the Sites at the direction of users from which infringing activity is apparent.

63. Plaintiff is not now aware of facts or circumstances relating to the material posted and/or stored on the Sites at the direction of users from which infringing activity is apparent.

64. Upon obtaining knowledge or awareness that the material posted and/or stored on the Sites at the direction of users is infringing, Plaintiff acts expeditiously to remove, or disable access to, the allegedly infringing material and did so in this instance.

65. Plaintiff does not receive a financial benefit directly attributable to the material posted and/or stored on the Sites at the direction of users and Plaintiff does not have the right and ability to control such activity, other than to terminate the user's ability to use the Sites.

66. Upon notification of claimed infringement as described in 17 U.S.C. § 512(c)(3) as to the material posted and/or stored on the Sites at the direction of users, Plaintiff responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity and has done so in this instance.

67. Plaintiff has designated an agent to receive notifications of claimed infringement described in 17 U.S.C. § 512(c)(3).

68.    When Plaintiff receives a notification that includes substantially the following it expeditiously complies with its obligations under the DMCA: (i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed; (ii) identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site; (iii) identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material; (iv) information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted; (v) a statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law; and (vi) a statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

69.    Plaintiff does not now have actual knowledge that the Sites link users to online locations containing infringing material or activity and did not have such knowledge before receiving the Notice. When Plaintiff has such knowledge, Plaintiff acts expeditiously to remove, or disable access to, the material and did so in this instance.

70.    Plaintiff is not now aware of facts or circumstances from which it is apparent that the Sites link users to online locations containing infringing material or activity and was not aware of such facts or circumstances before receiving the Notice. When Plaintiff becomes aware of such facts or circumstances, Plaintiff acts expeditiously to remove, or disable access to, the material and did so in this instance.

71.    Plaintiff does not receive a financial benefit directly attributable to any link to online locations containing infringing material and Plaintiff does not have the right and ability to control such activity absent the overbroad termination of the user's ability to use the Sites.

72.    Upon notification of claimed infringement as described in 17 U.S.C. § 512(c)(3) as to

any links the Sites have to online locations containing infringing material, Plaintiff responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity and has done so in this instance.

73. Plaintiff is an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received and/or a provider of online services or network access, or the operator of facilities therefor.

74. Plaintiff did not and does not (1) directly infringe Defendants' copyrights; (2) have knowledge of any infringement of Defendants' copyrights; or (3) make a material contribution to any infringement of Defendants' copyrights.

75. Plaintiff did not and does not set up its Sites with the intent to encourage copyright infringement.

76. After receiving the Notice, despite its deficiencies, Plaintiff contacted Defendants' counsel and was informed that the matter was unlikely to be settled absent a substantial monetary payment.

77. In response to the Notice, on September 13, 2007, Plaintiff's counsel responded by: (i) notifying Defendants that its Notice was deficient (ii) notifying Defendants that the approximately 350 songs about which Defendants properly notified Plaintiff about had been removed from Sideload.com; and (iii) requesting that Defendants send a list of additional tracks to which EMI (and the labels it purports to represent) own the copyrights, provide information reasonably sufficient to permit Plaintiff to locate the material, and accurately represent that the listed tracks are not legally digitally available for copying (along with the remaining required elements of 17 U.S.C. § 512(c)(3)(A)), so that Plaintiff could disable those songs from sideloading as well. A true and correct copy of this letter is attached hereto as Exhibit B.

78. On September 18, 2007, in response to the aforementioned letter, Defendants' counsel responded by claiming that Plaintiff's interpretation of the DMCA was wrong and that if "MP3tunes has made an informed decision to litigate the issue of its copyright liability, so be it." *See* Exhibit A.

79. As a result, there exists a substantial controversy between Plaintiff and Defendants as to whether Plaintiff's activities on MP3tunes.com, Sideload.com and Oboe will subject it to liability to Defendants for copyright infringement.

FIRST CLAIM FOR RELIEF
(DECLARATORY JUDGMENT)

80. MP3tunes repeats and realleges paragraphs 1 through 73 above, as if fully set forth herein.

81. Declaratory relief is warranted because the facts herein show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief. Specifically, there exists a substantial controversy between Plaintiff and Defendants as to whether Plaintiff's activities constitute direct or indirect copyright infringement.

82. Accordingly, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure that: (i) MP3tunes.com and Sideload.com are service providers as defined in the DMCA, 17 U.S.C. § 512(k); (ii) the conduct by MP3tunes.com and Sideload.com challenged by Defendants in the Notice falls within the protections of §§ 512(a), (b), (c) and/or (d); (iii) the Notice served on Plaintiff was deficient under 17 U.S.C. §§ 512(c) and/or (d); (iv) to the extent the Notice was not deficient, Plaintiff complied with its obligations under 17 U.S.C. §§ 512(c) and/or (d); and (v) the activities of Sideload.com, MP3tunes.com and Oboe complained of by Defendants in the Notice do not constitute direct copyright infringement, contributory copyright infringement and/or inducement of copyright infringement.

SECOND CLAIM FOR RELIEF
(VIOLATION OF THE DMCA, 17 U.S.C. § 512(f))

83. MP3tunes repeats and realleges paragraphs 1 through 76 above, as if fully set forth herein.

84. In its Notice, Defendants knowingly materially misrepresented that certain material on the Sites was infringing in violation of 17 U.S.C. § 512(f)(1) when it was not.

85. Plaintiff has been injured by Defendants' misrepresentations because (1) it relied upon such misrepresentations and removed or disabled access to the allegedly infringing material;

and (2) Plaintiff was forced to bring this action as a result of the inaccuracies and deficiencies in Defendants' Notice.

86. Pursuant to 17 U.S.C. § 512(f), as a result of such knowing material misrepresentations, Defendants shall be liable for any damages, including costs and attorneys' fees, incurred by Plaintiff.

**THIRD CLAIM FOR RELIEF**
**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.)**

87. MP3tunes repeats and realleges paragraphs 1 through 86 above, as if fully set forth herein.

88. The Defendants' acts hereinabove alleged are acts of unfair, unlawful, or deceptive business acts or practices within the meaning of Business and Professions Code Section 17200, et seq.

89. Plaintiff is informed and believes that the Defendants will continue to do those acts unless the Court orders them to cease and desist.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, as follows:

A. On the First Claim for Relief, a declaratory judgment that:

(i) MP3tunes.com and Sideload.com are service providers as defined in the DMCA, 17 U.S.C. § 512(k);

(ii) the conduct by MP3tunes.com and Sideload.com challenged by Defendants in the Notice falls within the protections of §§ 512(a), (b), (c) and/or (d);

(iii) the Notice served on Plaintiff was deficient under 17 U.S.C. §§ 512(c) and/or (d);

(iv) to the extent the Notice was not deficient, Plaintiff complied with its obligations under 17 U.S.C. §§ 512(c) and/or (d); and

(v) the activities of Sideload.com, MP3tunes.com and Oboe complained of by Defendants in the Notice do not constitute direct copyright infringement, contributory copyright infringement and/or inducement of copyright infringement; and

B. On the Second Claim for Relief, awarding Plaintiff its damages, including its costs and attorneys' fees pursuant to 17 U.S.C. § 512(f)(1); and

C. On the Third Claim for Relief:

(i) entering a temporary and permanent injunction prohibiting Defendants and the Defendants' agents, servants, and employees, and all persons acting under or in concert with them, to cease and desist from engaging in unfair, unlawful, or deceptive business acts or practices as herein alleged in violation of California Business and Professions Code §17200, et seq.;

(ii) ordering defendants to disgorge any profits that they have earned as a result of their illegal activities;

(iii) awarding Plaintiff its actual damages;

(iv) an additional award to Plaintiff of treble damages according to statute; and

(v) awarding Plaintiff its costs and attorneys' fees.

D. Granting Plaintiff such other, further and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Dated: December 3, 2007 DUANE MORRIS LLP

By: s/Edward M. Cramp
Edward M. Cramp
Michelle Hon
Attorneys for MP3TUNES, LLC

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 3, 2007 DUANE MORRIS LLP

By: s/Edward M. Cramp
Edward M. Cramp
Michelle Hon
Attorneys for MP3TUNES, LLC

Daniel C. Minteer (SBN 62158)
Michelle Hon (SBN 234492)
DUANE MORRIS LLP
101 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.744.2200
Facsimile: 619.744.2201
E-Mail: dminteer@duanemorris.com
mhon@duanemorris.com

Attorneys for MP3TUNES, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MP3TUNES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EMI GROUP, LTD; et al.,<br><br>Defendants. | Case No.: 07CV1844WQH (NLS)<br><br>DECLARATION OF SERVICE<br><br>Judge: William Q. Hayes<br>Complaint Filed: September 20, 2007 |

I am a resident of the state of California, I am over the age of 18 years, and I am not a party to this lawsuit. My business address is 101 West Broadway, Suite 900, San Diego, California 92101. On the date listed below, I served the document(s) entitled: AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT; VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200; DEMAND FOR JURY TRIAL.

☒ via electronic service to the attorneys of record on file with the U.S. District Court for this case, as follows:

Bennett Bigman
bbigman@dskllp.com
DREIER STEIN & KAHAN LLP
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA 90404-4060
(310) 828-9050
(310) 828-9101

Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed December 3, 2007, at San Diego, California.

Diane M. Koski
Diane M. Koski

# EXHIBIT A

 

JENNER&BLOCK

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
Tel 202-639-6000
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Steven B. Fabrizio
Tel 202 639-6040
Fax 202 661-4823
sfabrizio@jenner.com

VIA OVERNIGHT MAIL

September 4, 2007

MP3Tunes, LLC
5960 Cornerstone Court
First Floor
San Diego, CA 92121

Attn: Emily Richards

Re: *EMI Music Group/Infringement of Copyrighted Works*

Dear Ms. Richards:

We are counsel for EMI Music Group North America, whose record labels include (but are not limited to) Capitol, Priority, Blue Note, EMI, Virgin, and Astralwerks (collectively, "EMI"). EMI is the owner of copyright, exclusive rights under copyright or related common law and statutory rights, in sound recordings. Among the recordings whose rights are owned by EMI are some of the most popular recordings in the world, including recordings by the Beatles, the Beastie Boys, the Beach Boys, Coldplay, David Bowie, Norah Jones, Lenny Kravitz, Radiohead, the Red Hot Chili Peppers, Tina Turner, and many others.

MP3Tunes, through its websites, MP3Tunes.com and Sideload.com, and its "Oboe Software Suite" (collectively, "MP3Tunes"), among other things, is copying and storing to its servers, indexing, publicly performing, and making available for download hundreds (if not thousands) of our client's copyrighted recordings in violation of the Copyright Act. For example, MP3Tunes.com provides (based on a user's search query) URL links to "source sites" that host unauthorized music files. Through the "Oboe Software Suite" and the "Oboe Sideload Plug-in," which MP3Tunes provides for no charge at MP3Tunes.com and Sideload.com, MP3Tunes' users can click a button MP3Tunes presents beside every link; when they do so, MP3Tunes automatically and instantly copies and "sideloads" the selected music from the source site into the user's Oboe locker on the MP3Tunes.com website (which offers free storage and indexing of the user's "sideloaded" files). Thus, MP3Tunes unlawfully copies, and enables and induces its users to unlawfully copy, countless audio recordings of EMI artists, such as Coldplay's "Clocks" or Radiohead's "Karma Police." All of these unauthorized music files are available for download or immediate playback via the MP3Tunes.com website's proprietary integrated online audio player, and can be further transferred to most portable music devices, or copied to a compact disc. Searches using the names of virtually every other EMI artist returned similar results. However, EMI has not authorized any of its recordings to be copied, distributed, or performed in this manner on or by MP3Tunes or its users.

Emily Richards
September 4, 2007
Page 2

As we are certain that you are aware, the foregoing conduct constitutes copyright infringement under the United States Copyright Act and under laws of other countries, international law, and/or international treaty obligations. For a variety of reasons, MP3Tunes is not protected by any of the "safe-harbors" of the Digital Millennium Copyright Act ("DMCA").

Without waiver of the foregoing position and without conceding that MP3Tunes is entitled to any of the protections of the DMCA, including that it is a "Service Provider," falls within any of the enumerated categories of Section 512(a)-(d), or has effectively complied with any of the requirements contained therein, we are enclosing herewith a CD-ROM containing a spreadsheet identifying, by artist, song title and URL location, a representative sample, pursuant to 17 U.S.C. § 512(c)(3)(A)(ii), of EMI's copyrighted works that are copied, performed, stored, distributed, and made available for download on or by MP3Tunes. We demand that MP3Tunes immediately take the following actions with respect to each work identified in the attached spreadsheet: (1) remove or disable access to the works; (2) notify the MP3Tunes end user or uploader of the infringement(s); and (3) take appropriate action against the account holder pursuant to the MP3Tunes Terms of Use and End User Agreement. Please confirm in writing that you have done so. Additionally, please provide us with a complete accounting of all of the identified EMI recordings that have been copied, performed or distributed by MP3Tunes including the number of times each recording has been accessed by MP3Tunes users.

The enclosed representative list reflects only a small portion of the total number of infringing EMI works contained on MP3Tunes. Our initial investigation suggests that hundreds, if not thousands, of additional copies of EMI's copyrighted works are being made available on or by MP3Tunes, with more being copied and made available daily. Accordingly, pursuant to 17 U.S.C. § 512(c)(3)(A)(ii), based on EMI's representative list, MP3Tunes is obligated to remove all of EMI's copyrighted works, even those not specifically identified on the attached. A non-exhaustive further listing of EMI's recording artists can be found at http://www.emigroup.com/AboutMusic/Default.htm. In addition to the foregoing, we demand that MP3Tunes immediately take any and all appropriate action to ensure that each and every one of the works identified in the attached spreadsheet, and all other EMI copyrighted recordings, remain unavailable on or through MP3tunes.

The information in this notification is accurate and we have a good faith belief that use of the material in the manner complained of is not authorized by EMI, its respective agents, or the law. I further hereby state, under penalty of perjury, that we are authorized to act on behalf of EMI as set forth in this letter.

Your immediate attention to this letter is required. Nothing herein is intended to or shall be construed as a waiver of any of EMI's rights and remedies, all of which hereby are expressly reserved.

Very truly yours,

Steven B. Fabrizio

Enclosure

cc: Alasdair McMullan, Esq.
Scott Schreiber, Esq.
*EMI Music North America*

Exhibit A -- 04



Exhibit A – 05



Exhibit A -- 06



Exhibit A -- 07



Exhibit A -- 08



Exhibit A -- 09



Case 3:07-cv-01844-W..-NLS Document 17-2 Filed 12/../2007 Page 11 of 29

Exhibit A -- 10



Exhibit A -- 11

DREIER LLP

ATTORNEYS AT LAW

The Cursky Group

Ira S. Sacks Partner
Direct 212 652 3730
isacks@dreierllp.com

September 13, 2007

VIA FEDERAL EXPRESS
Steven B. Fabrizio, Esq.
Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823

Re: *MP3tunes, LLC*

Dear Mr. Fabrizio,

We represent MP3tunes, LLC ("MP3tunes"). We write in response to your cease-and-desist letter, dated September 4, 2007 to MP3tunes, regarding your allegations that MP3tunes, through its websites, MP3tunes.com and Sideload.com, and its "Oboe Software Suite" is "copying and storing to its servers, indexing, publicly performing, and making available for download hundreds (if not thousands) of [your] client's copyrighted recordings in violation of the Copyright Act."

While we find your allegations baseless and believe that you failed to comply with the requirements of the Digital Millennium Copyright Act ("DMCA") when notifying our client of its alleged infringement, in an effort to resolve this matter and to fulfill our obligations under the DMCA, MP3tunes has removed the approximately 350 songs you provided with your cease-and-desist letter from availability for sideloading. If you provide another list with additional songs to which BMI and/or its affiliates represent they own the copyrights, MP3tunes will promptly remove those songs from availability for sideloading as well.

BMI needs to understand the function of MP3tunes and sideload.com. MP3tunes plays no role in what songs are designated for sideload.com by users of MP3tunes. None of the songs designated by users for sideloading are physically available on sideload.com. Rather, what is provided is a hyperlink.

Notwithstanding MP3tunes' continued willingness to resolve this matter amicably, your attempt to place the burden on MP3tunes to determine which of the songs on its website

are infringing simply by providing (i) a link to the EMI website which provides a "non-exhaustive further listing of EMI's receding artists" and (ii) a representative list of songs which you demand be disabled, fails to comply with EMI's obligations under the DMCA. What is more, having quickly analyzed the list of songs that you attached to your letter, we believe that your assertion that "EMI has not authorized any of its recordings to be copied, distributed or performed" as is done on sideload.com and that "EMI has a good faith belief that use of the material in the manner complained of is not authorized by EMI, its respective agents or the law" is factually incorrect.

First, your notice is inadequate under the DMCA. Specifically, as you know, the 17 U.S.C. § 512(c)(3)(A) provides that:

> To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:
>
> (i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
>
> (ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.
>
> (iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.
>
> (iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.
>
> (v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.
>
> (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

Thus, while you correctly supplied a representative list of multiple copyrighted works located on a single site in your notification as per 17 U.S.C. § 512(c)(3)(A)(ii), you still must comply with the requirements of § 512(c)(3)(A)(iii) – that is, you must specifically identify the material that is to removed or access to which is to be disabled. A representative list such as the one you have provided is insufficient to comply with 17 U.S.C. § 512(c)(3)(A)(iii).

Moreover, we believe that some of the artists on your list and/or on your website are no longer represented by EMI; and that some songs you listed are freely available for digital download. For example, the first band that is listed in your spreadsheet is "Air". MP3tunes features an "Air" track – "Once Upon A Time" – on the first page of sideload.com. That track is from the popular online music magazine, *Filter*, and is accessed by the URL http://filter-mag.com/index.php?id=13977&c=6. We have no reason to believe that the Filter track is anything but lawful.

Similarly, your list also includes the track "Nobody Move, Nobody Get Hurt" by the band "We Are Scientists" from the URL http://media.spin.com//features/ band_of_the_day/ audio/2005/11/nobody_move_nobody_get_hurt_hi.mp3. *Spin* is a popular online music magazine. All the labels distribute MP3s promotionally. We believe that it is likely that this track is such a promotional distribution and is lawfully available. The same is true for the tracks that you list from the *Paste Store*, which is a store which often distributes promotional tracks provided to them.

Nonetheless, as previously stated, if you send us a list of additional tracks to which EMI and its affiliates own the copyrights, provide information reasonably sufficient to permit our client to locate the material, and accurately represent that the listed tracks are not legally digitally available for copying (along with the remaining required elements of 17 U.S.C. § 512(c)(3)(A)), MP3tunes will disable those songs from sideloading as well.

Please feel free to contact me if you would like to discuss this matter further. This letter is written without prejudice to the rights, claims and/or defenses of MP3tunes or its affiliates, all of which are hereby expressly reserved.

Sincerely,

Ira S. Sacks

ISS/cw
cc: Michael Robertson (via email)

| Title | Primary Artist | Sideload song page |
|---|---|---|
| Crazy | Aerosmith | http://www.sideload.com/cb/track/?id=130760 |
| Jaded | Aerosmith | http://www.sideload.com/cb/track/?id=270439 |
| Janie's Got A Gun | Aerosmith | http://www.sideload.com/cb/track/?id=294652 |
| Remember When | Alan Jackson | http://www.sideload.com/cb/track/?id=233760 |
| Fallin' | Alicia Keys | http://www.sideload.com/cb/track/?id=100602 |
| If I Ain't Got U | Alicia Keys | http://www.sideload.com/cb/track/?id=265787 |
| Karma | Alicia Keys | http://www.sideload.com/cb/track/?id=326867 |
| A Certain Romance | Arctic Monkeys | http://www.sideload.com/cb/track/?id=332348 |
| Brainstorm | Arctic Monkeys | http://www.sideload.com/cb/track/?id=233716 |
| Fake Tails of San Franc | Arctic Monkeys | http://www.sideload.com/cb/track/?id=108971 |
| I Bet You Look Good On | Arctic Monkeys | http://www.sideload.com/cb/track/?id=93254 |
| Mardy Bum | Arctic Monkeys | http://www.sideload.com/cb/track/?id=282689 |
| The View From The Afte | Arctic Monkeys | http://www.sideload.com/cb/track/?id=182789 |
| When The Sun Goes Dc | Arctic Monkeys | http://www.sideload.com/cb/track/?id=182792 |
| This House is A Circus | Arctic Monkeys | http://www.sideload.com/cb/track/?id=271963 |
| Teddy Picker | Arctic Monkeys | http://www.sideload.com/cb/track/?id=243874 |
| Big Shot | Billy Joel | http://www.sideload.com/cb/track/?id=290474 |
| Brenda and Eddie | Billy Joel | http://www.sideload.com/cb/track/?id=274458 |
| You May Be Right | Billy Joel | http://www.sideload.com/cb/track/?id=63420 |
| Dammit | Blink 182 | http://www.sideload.com/cb/track/?id=281572 |
| Adam's Song | Blink 182 | http://www.sideload.com/cb/track/?id=308180 |
| What's My Age Again? | Blink 182 | http://www.sideload.com/cb/track/?id=95754 |
| Anthem | Blink 182 | http://www.sideload.com/cb/track/?id=308195 |
| 100 Years | Five for Fighting | http://www.sideload.com/cb/track/?id=230944 |
| Everlong | Foo Fighters | http://www.sideload.com/cb/track/?id=144914 |
| Walking | Foo Fighters | http://www.sideload.com/cb/track/?id=118309 |
| Weenie Beenie | Foo Fighters | http://www.sideload.com/cb/track/?id=118311 |
| In The Air Tonight | Genesis/Phil Collins | http://www.sideload.com/cb/track/?id=308344 |
| Against All Odds (Take / | Genesis/Phil Collins | http://www.sideload.com/cb/track/?id=216030 |
| Abacab | Genesis/Phil Collins | http://www.sideload.com/cb/track/?id=321906 |
| Keep it Dark | Genesis/Phil Collins | http://www.sideload.com/cb/track/?id=321894 |
| Mama | Genesis/Phil Collins | http://www.sideload.com/cb/track/?id=301391 |
| The Lamb Lies Down O | Genesis/Phil Collins | http://www.sideload.com/cb/track/?id=321895 |
| Paperlate | Genesis/Phil Collins | http://www.sideload.com/cb/track/?id=321902 |
| I Heard it Through The ( | Gladys Knight | http://www.sideload.com/cb/track/?id=253174 |
| Iris | Goo Goo Dolls | http://www.sideload.com/cb/track/?id=227208 |
| Slide | Goo Goo Dolls | http://www.sideload.com/cb/track/?id=21181 |
| Out of My Mind | James Blunt | http://www.sideload.com/cb/track/?id=174541 |
| Tears and Rain | James Blunt | http://www.sideload.com/cb/track/?id=205550 |
| Fire and Rain | James Taylor | http://www.sideload.com/cb/track/?id=315822 |
| Jack and Diane | John Mellencamp | http://www.sideload.com/cb/track/?id=143946 |
| Over the Rainbow | Judy Garland | http://www.sideload.com/cb/track/?id=242634 |
| Wuthering Heights | Kate Bush | http://www.sideload.com/cb/track/?id=288007 |
| Hang | Matchbox 20 | http://www.sideload.com/cb/track/?id=210570 |
| Real World | Matchbox 20 | http://www.sideload.com/cb/track/?id=233769 |
| Bent | Matchbox 20 | http://www.sideload.com/cb/track/?id=109505 |
| Dumb | Nirvana | http://www.sideload.com/cb/track/?id=195768 |
| Lithium | Nirvana | http://www.sideload.com/cb/track/?id=227650 |
| All Apologies | Nirvana | http://www.sideload.com/cb/track/?id=294646 |
| Come As You Are | Nirvana | http://www.sideload.com/cb/track/?id=222532 |
| Very Ape | Nirvana | http://www.sideload.com/cb/track/?id=297161 |

| | | |
|---|---|---|
| Be My Somebody | Norah Jones | http://www.sideload.com/cb/track/?id=223070 |
| Broken | Norah Jones | http://www.sideload.com/cb/track/?id=223004 |
| Little Room | Norah Jones | http://www.sideload.com/cb/track/?id=223067 |
| Not Too Late | Norah Jones | http://www.sideload.com/cb/track/?id=223007 |
| Wake Me Up | Norah Jones | http://www.sideload.com/cb/track/?id=233509 |
| Close My Eyes Forever | Ozzy Osbourne | http://www.sideload.com/cb/track/?id=283192 |
| Trouble | Pink | http://www.sideload.com/cb/track/?id=281180 |
| Bicycle Race | Queen | http://www.sideload.com/cb/track/?id=168834 |
| Crazy Little Thing Called | Queen | http://www.sideload.com/cb/track/?id=326156 |
| We Are The Champions | Queen | http://www.sideload.com/cb/track/?id=281663 |
| Better | Regina Spektor | http://www.sideload.com/cb/track/?id=106343 |
| Edit | Regina Spektor | http://www.sideload.com/cb/track/?id=226559 |
| Fidelity | Regina Spektor | http://www.sideload.com/cb/track/?id=104940 |
| Lady | Regina Spektor | http://www.sideload.com/cb/track/?id=226554 |
| On The Radio | Regina Spektor | http://www.sideload.com/cb/track/?id=235992 |
| Samson | Regina Spektor | http://www.sideload.com/cb/track/?id=178874 |
| Superfreak | Rick James | http://www.sideload.com/cb/track/?id=243693 |
| Diamonds Are Forever | Shirley Bassey | http://www.sideload.com/cb/track/?id=242256 |
| ABC | The Jackson 5 | http://www.sideload.com/cb/track/?id=207411 |
| Papa Gene's Blues | The Monkees | http://www.sideload.com/cb/track/?id=332242 |
| Don't Stand So Close to | The Police | http://www.sideload.com/cb/track/?id=300023 |
| Every Breath You Take | The Police | http://www.sideload.com/cb/track/?id=99058 |
| Message In A Bottle | The Police | http://www.sideload.com/cb/track/?id=224522 |
| Roxanne | The Police | http://www.sideload.com/cb/track/?id=15209 |
| Synchronicity II | The Police | http://www.sideload.com/cb/track/?id=287778 |
| The Bed's Too Big Withc | The Police | http://www.sideload.com/cb/track/?id=320807 |
| Truth Hits Everybody | The Police | http://www.sideload.com/cb/track/?id=287781 |
| Angie | The Rolling Stones | http://www.sideload.com/cb/track/?id=132462 |
| Hot Stuff | The Rolling Stones | http://www.sideload.com/cb/track/?id=274374 |
| Start Me Up | The Rolling Stones | http://www.sideload.com/cb/track/?id=166173 |
| Ain't Too Proud To Beg | The Temptations | http://www.sideload.com/cb/track/?id=253179 |
| A Box Full of Sharp Obje | The Used | http://www.sideload.com/cb/track/?id=280210 |
| All That I've Got | The Used | http://www.sideload.com/cb/track/?id=280196 |
| I Caught Fire (In Your E | The Used | http://www.sideload.com/cb/track/?id=280194 |
| I'm A Fake | The Used | http://www.sideload.com/cb/track/?id=280192 |
| Take It Away | The Used | http://www.sideload.com/cb/track/?id=280193 |
| Light With A Sharpened | The Used | http://www.sideload.com/cb/track/?id=280200 |
| Let It Bleed | The Used | http://www.sideload.com/cb/track/?id=280208 |
| Unpretty | TLC | http://www.sideload.com/cb/track/?id=176469 |
| Lateralus | Tool | http://www.sideload.com/cb/track/?id=227903 |
| Sober | Tool | http://www.sideload.com/cb/track/?id=310240 |
| The Pot | Tool | http://www.sideload.com/cb/track/?id=203604 |
| Vicarious | Tool | http://www.sideload.com/cb/track/?id=227908 |
| Jambi | Tool | http://www.sideload.com/cb/track/?id=227904 |
| Fast Car | Tracy Chapman | http://www.sideload.com/cb/track/?id=252030 |
| Talkin' 'Bout A Revolutio | Tracy Chapman | http://www.sideload.com/cb/track/?id=270431 |
| For My Lover | Tracy Chapman | http://www.sideload.com/cb/track/?id=301787 |
| Baby Can I Hold You | Tracy Chapman | http://www.sideload.com/cb/track/?id=207480 |
| Duelin' Banjos | | http://www.sideload.com/cb/track/?id=187736 |

| Artist | Song | [illegible] |
|---|---|---|
| Beach Boys | Sloop John B | [illegible]_sloop_john_b.mp3', 276483'; |
| Beach Boys | Vegetables | [illegible] Vegetables.mp3', 214744'; |
| Beach Boys | True Love | [illegible].mp3', 272355'; |
| Beastie Boys | Intergalactic | [illegible]-Body-In-The-Thames-[illegible].mp3 . [illegible]Intergalactic[illegible].mp3 |
| Beastie Boys | To All The Girls | [illegible].mp3', 287240' |
| Beatles | Blue Jay Way | [illegible]Blue%20Jay%20Way.mp3 |
| Beatles | Girl | [illegible]Girl.mp3 |
| Beatles | Hello Goodbye | [illegible]_Hello_Goodbye.mp3 |
| Beatles | Here Comes The Sun | [illegible]Here%20Comes%20The%20Sun.mp3', 308847' |
| Beatles | Lucy In The Sky | [illegible].mp3', 297061' |
| Beatles | Magical Mystery Tour | [illegible]magicalmysterytour.mp3; [illegible]Magical%20Mystery%20Tour.mp3 |
| Beatles | Penny Lane | [illegible]Penny%20Lane.mp3; [illegible]Penny%20Lane.mp3 |
| Beatles | Revolution | [illegible]_beatles-Revolution.mp3; |
| Beatles | Something | [illegible]Something.mp3; [illegible] Something '28Sab'20.mp3 |
| Beatles | Til There Was You | [illegible].mp3 |
| Beatles | When I'm 64 | [illegible].mp3', 159176' |
| Blind Melon | Soup | [illegible]Soup.mp3', 289320' |
| Blind Melon | Three Is A Magic Number | [illegible]Magic%20Number.mp3', 289892' |
| Blind Melon | Toes Of Roots | [illegible].mp3', 289899' |
| Blondie | Call Me | [illegible].mp3 |
| Blondie | Sunday Girl | [illegible].mp3', 342554' |
| Blur | Crazy Beat | [illegible]Crazy%20Beat.mp3', 318879' |
| Blur | Magic America | [illegible]AMERICA.mp3', 318861' |
| Blur | No Distance Left To Run | [illegible].mp3', 134219' |
| Bowie, David | Ashes To Ashes | [illegible]Ashes.mp3', 94593' |
| Bowie, David | Changes | [illegible]David_Bowie_-_Changes.mp3', 128533' |
| Bowie, David | Queen Bitch | [illegible]_bowie_queen_bitch.mp3 |
| Bowie, David | Space Oddity | [illegible]Space%20Oddity.mp3 , |
| Bowie, David | Suffragette City | [illegible].mp3 |
| Campbell, Glen | Galveston | [illegible]_Galveston.IS.mp3', 328283' |
| Chemical Brothers | Galvanize | [illegible]Galvanize.mp3', 280021' |
| Chemical Brothers | Hey Boy Hey Girl | [illegible]Hey%20Girl.mp3', 328716' |
| Chemical Brothers | Star Guitar | [illegible]Star%20Guitar.mp3', 308147' |
| Coldplay | A Message | [illegible]A_Message.mp3; [illegible]coldplay-a_message.mp3 |
| Coldplay | Clocks | [illegible]Clocks.mp3; [illegible].mp3; [illegible]Clocks.mp3', 308358' |
| Coldplay | Fix You | [illegible]-coldplay-fix_you.mp3', 328844' |
| Coldplay | Green Eyes | [illegible]Green%20Eyes.mp3; |
| Coldplay | Politik | [illegible].mp3'; |
| Coldplay | Speed of Sound | [illegible]coldplay-speed_of_sound.mp3; |
| Coldplay | Square One | [illegible]coldplay-square_one.mp3 |
| Coldplay | Swallowed In the Sea | [illegible]coldplay-swallowed_in_the_sea.mp3; |
| Coldplay | Talk | [illegible]coldplay-talk.mp3; [illegible]coldplay-talk.mp3 |
| Coldplay | The Hardest Part | [illegible]coldplay-the_hardest_part.mp3; |

DM3 597354

| Artist | Song | Link To Download |
|---|---|---|
| Coldplay | Til Kingdom Come | [illegible]_kingdom_come_bonus_track.mp3 |
| Coldplay | We Never Change | [illegible].mp3 |
| Cracker | Low | [illegible].mp3 |
| Daft Punk | Aerodynamic | [illegible].mp3 |
| Daft Punk | Da Funk | [illegible]_Da_Funk.mp3 [illegible] |
| Daft Punk | Harder Better Faster Stronger | [illegible] 'Daft Punk - Harder, Better, Faster, Stronger'); [illegible] |
| Daft Punk | One More Time | [illegible]_One_More_Time.mp3','Daft Punk - One More Time'); |
| Dandy Warhols | Holding Me Up | [illegible] |
| Dem Franchize Boyz | Lean Wit It, Rock Wit It | [illegible]-01-02-01.mp3 |
| Don McLean | American Pie | [illegible] |
| Duran Duran | Fame | [illegible] 'Duran Duran - Fame'); |
| Duran Duran | Ordinary World | [illegible] |
| Duran Duran | Rio | [illegible] |
| Duran Duran | Wild Boys | [illegible] |
| Enigma | Gravity Of Love | [illegible] |
| Enigma | Return To Innocence | [illegible] |
| Enigma | Sadeness | [illegible] |
| Enigma | Smell of Desire | [illegible] 'Enigma - Smell Of Desire'); |
| Enigma | Weightless | [illegible] 'Enigma - Weightless'); |
| Fatboy Slim | Right Here, Right Now | [illegible] 'Fatboy Slim - Right Here Right Now'); |
| Fatboy Slim | Wonderful Night | [illegible] |
| [illegible] | O Green World | [illegible] |
| Iggy Pop | Candy | [illegible] |
| Iggy Pop | Nightclubbing | [illegible] |
| Janet Jackson | Got Til It's Gone | [illegible] |
| Joe Cocker | You Can Leave Your Hat On | [illegible]Joe_Cocker_-_You_Can_Leave_Your_Hat_On.mp3 |
| John Lennon | How Do You Sleep | [illegible] |
| John Lennon | Well Well Well | [illegible] |
| Kate Bush | Running Up That Hill | [illegible]Kate_Bush_Running_Up_That_Hill.mp3 [illegible] |
| KT Tunstall | Other Side of The World | [illegible] |
| Massive Attack | Angel | [illegible] |
| Norah Jones | Sunrise | [illegible]Norah_Jones_-_Sunrise.mp3 [illegible] |
| NWA | Express Yourself | [illegible] |
| Paul McCartney | Maybe I'm Amazed | [illegible] |
| Pet Shop Boys | What Have I Done | [illegible] |
| Pink Floyd | Comfortably Numb | [illegible]_Comfortably_Numb_-_The_Wall_[illegible]_-_Pink_Floyd.mp3; [illegible] |
| Pink Floyd | Money | [illegible] |
| Pink Floyd | Time | [illegible] |
| Pink Floyd | Wish You Were Here | [illegible] |
| Placebo | Sleeping With Ghosts | [illegible] |
| Poison | Every Rose Has Its Thorn | [illegible] |
| Poison | Fallen Angel | [illegible] |

DMS 597384

Case 3:07-cv-01844-W...H-NLS Document 17-2 Filed 12...3/2007 Page 20 of 29

| Artist | Song | URL To Download |
|---|---|---|
| Poison | Nothing But A Good Time | [illegible] |
| Radiohead | Airbag | [illegible] |
| Radiohead | Bulletproof... I Wish I Was | [illegible] |
| Radiohead | Creep | [illegible] |
| Radiohead | Exit Music (For A Film) | [illegible] |
| Radiohead | Fake Plastic Trees | [illegible] |
| Radiohead | Karma Police | [illegible] |
| Radiohead | Morning Bell | [illegible] |
| Radiohead | No Surprises | [illegible] |
| Radiohead | Paranoid Android | [illegible] |
| Radiohead | Pyramid Song | [illegible] |
| Radiohead | Sulk | [illegible] |
| Roxette | It Must Have Been Love | [illegible] |
| Smashing Pumpkins | 1979 | [illegible] |
| Smashing Pumpkins | Mayonaise | [illegible] |
| Smashing Pumpkins | Perfect | [illegible] |
| Smashing Pumpkins | Today | [illegible] |
| SOUND Team | Your Eyes Are Liars | [illegible] |
| Steve Miller Band | Rock 'N Me | [illegible] |
| Telepopmusik | Breathe | [illegible] |
| The Rolling Stones | Start Me Up | [illegible] |
| The Rolling Stones | Angie | [illegible] |
| Underoath | Reinventing Your Exit | [illegible] |

DLI3 597384

Exhibit A – 19

 

JENNER&BLOCK

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
Tel 202 639-6000
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Steven B. Fabrizio
Tel 202 639-6040
Fax 202 661-4823
sfabrizio@jenner.com

September 18, 2007

<u>VIA ELECTRONIC MAIL</u>
<u>AND U.S. MAIL</u>

Ira S. Sacks, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022

*Re: MP3tunes Infringement of EMI Works*

Dear Ira:

Thank you for your letter of September 13, 2007. It is not our intention to engage in an extended exchange of letters. However, because your client appears to fundamentally misunderstand the DMCA, in an effort to avoid litigation born of misunderstanding, we offer the four observations set forth below. Beyond that, we invite MP3tunes to make a substantive proposal both to redress past infringement of EMI works and to ensure that there will be no future infringement of EMI works. When Michael Robertson and I spoke last week, it was my impression that MP3tunes would be making such a proposal. If MP3tunes does not intend to make a meaningful proposal to resolve this matter, kindly let us know and we will proceed accordingly.

As for the substance of your September 13 letter:

- <u>First</u>, respectfully, you are simply wrong in your interpretation of the DMCA. While you correctly recite the text of § 512(c)(3), you completely ignore § 512(d), which addresses information location tools. To the extent MP3tunes can take advantage of the DMCA at all, it must respond to notices compliant under § 512(d). As you undoubtedly know, § 512(d)(3) expressly modifies § 512(c)(3)(A)(iii) on the very issue of alleged non-compliance you raise in your letter. In relevant part, § 512(d)(3) provides that for purposes of § 512(d):

> the information described in subsection (c)(3)(A)(iii) shall be identification of the *reference or link*, to material or activity claimed to be infringing, that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate that *reference or link*.

17 U.S.C. § 512(d)(3) (emphasis added); *see also* S.R. Rep. No. 105-190, at 47-48 (1998) ("The reference to 'infringing activity' is intended to refer to wrongful activity that is occurring at the



location to which the link or reference refers ... [and] the information submitted by the complaining party under subsection (c)(3)(A)(iii) is identification of the reference or link to infringing material or activity"). Accordingly, our notice is absolutely compliant with the DMCA in all respects.

- Second, we agree with the acknowledgement in your September 13 letter, at page 3, that we have "correctly supplied a representative list of multiple copyrighted works located on a single site in [our] notification as per 17 U.S.C. § 512(c)(A)(ii)." MP3tunes, however, does not appear to grasp the legal implications of that. The DMCA does not provide "safe harbor" just because a service provider responds to a notification by blocking access to the specifically identified works on a representative list. The statutory text and the legislative history make crystal clear that, once a copyright holder has provided a compliant "representative list" of its works, the obligation shifts to the service provider to remove or disable access to *all* copyrighted works owned by that copyright holder. The pertinent legislative history is as follows:

> Where multiple works at a single online site are covered by a single notification, *a representative list of such works at that site is sufficient*. Thus, where a party is operating an unauthorized Internet jukebox from a particular site, it is not necessary for a compliant notification to list every musical composition or sound recording that has been or could be infringed at that site, so long as a representative list of those compositions or recordings is provided so that the service provider can *understand the nature and scope of the infringement being claimed.*

S.R. Rep. No. 105-190, at 46 (emphasis added); H.R. Rep. No. 105-551, at 55 (1998) (same); *see also, e.g., ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 625 (4th Cir. 2001) (DMCA safe harbor "is not presumptive, but granted only to 'innocent' service providers who can prove they do not have actual or constructive knowledge of the infringement"; eligibility for safe harbor "disappears at the moment the service provider loses its innocence, i.e., at the moment it becomes aware that a third party is using its system to infringe"). Therefore, MP3tunes' commitment to remove the specific links identified on our representative list is not an act of compliance, but rather an acknowledgement of non-compliance. EMI has provided more than sufficient notice such that MP3tunes can understand the nature and scope of the infringement being claimed. If MP3tunes wants any argument as to compliance with § 512(d)(3), it must act accordingly. As observed below, it has not.

- Third, as of this morning, countless EMI works, including works that were identified in our notice, and the works of EMI artists who were identified in the notice, continue to be infringed by and through MP3tunes. MP3tunes is liable for each of these infringements.

- Fourth, many in your client's position conveniently view the DMCA as providing safe harbor as long as copyright infringement notices are appropriately responded to. That is not correct. Whether or not notices are sent to or responded to by a service provider, the DMCA

 

disqualifies a service provider from all safe harbor if that service provider *either*: (i) has "actual knowledge that the material or activity is infringing," 17 U.S.C. § 512(d)(1)(A); or (ii) is "aware of facts or circumstances from which infringing activity is apparent," 17 U.S.C. § 512(d)(1)(B); or (iii) "receive[s] a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity," 17 U.S.C. § 512(d)(2). Separate and apart from its failure to comply with EMI's notice, MP3tunes would be disqualified from DMCA safe harbor based on *each* of these provisions. Moreover, in addition to EMI works that are protected under the federal copyright laws, MP3tunes infringes and is responsible for the infringement of innumerable EMI works that were first fixed prior to February 1972 ("pre-72 works") and which are protected under state law. *E.g., Capitol Records, Inc. v. Naxos of America, Inc.*, 4 N.Y.3d 540, 830 N.E.2d 250 (N.Y. 2005). As the DMCA is a provision of the United States Copyright Act, it provides no conceivable protection for MP3tunes' infringement of EMI's pre-72 works.

"The complex marvels of cyberspatial communications may create difficult legal issues; but not in this case." *UMG Recordings, Inc. v. MP3.com, Inc.*, 92 F. Supp. 2d 349, 350 (S.D.N.Y 2000) (Rakoff, J.). Judge Rakoff's comment is equally applicable here. MP3tunes is building a business by leveraging the popularity of creative works that MP3tunes did not create and does not own. It will be held liable for copyright infringement under federal and state laws.

If MP3tunes has made an informed decision to litigate the issue of its copyright liability, so be it. If, on the other hand, MP3tunes has a meaningful proposal to make for an overall resolution, the time to make it is now.

Finally, EMI is compelled to expressly reserve all of its rights with respect to the conflict of interest your firm, Dreier LLP, has in representing MP3tunes in a matter adverse to EMI. Dreier LLP *currently* is representing EMI's affiliate, Caroline Records, Inc., in an ongoing litigation in the New York State Supreme Court captioned *Caroline Records v. Jetset*. The rules of professional conduct governing lawyers practicing in New York prohibit Dreier LLP from acting adverse to its EMI client absent receiving an express waiver from EMI, which Dreier LLP has neither sought nor received.

Yours truly,

Steven B. Fabrizio

cc: Alasdair McMullan, Esq.
Scott Schreiber, Esq.
*EMI Music North America*

Andrew H. Bart, Esq.
Thomas J. Perrelli, Esq.
*Jenner & Block LLP*

JENNER&BLOCK

October 25, 2007

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Andrew H. Bart
abart@jenner.com

BY OVERNIGHT DELIVERY

Ms. Emily Richards
MP3Tunes, LLC
5960 Cornerstone Court, First Floor
San Diego, CA 92121

*Re: EMI Records / Infringement of Copyrighted Works*

Dear Ms. Richards:

We are counsel for EMI Music Group North America, whose record labels include (but are not limited to) Capitol, Priority, Blue Note, EMI, Virgin, Astralwerks (collectively, "EMI"). EMI is the owner of copyright, exclusive rights under copyright, or related common law and statutory rights, in sound recordings. Among EMI's copyrights are works of some of the world's most popular artists, including The Beatles, David Bowie, Coldplay, and many others.

MP3Tunes, through its websites, MP3Tunes.com and Sideload.com, and its "Oboe Software Suite" (collectively, "MP3Tunes"), among other things, is copying and storing to its servers, indexing, publicly performing, and making available for download hundreds (if not thousands) of our client's copyrighted works in violation of the Copyright Act. For example, MP3Tunes.com provides (based on a user's search query) URL links to "source sites" that host unauthorized music files. Through the "Oboe Software Suite" and the "Oboe Sideload Plug-in," which MP3Tunes provides for no charge at MP3Tunes.com and Sideload.com, MP3Tunes' users can click a button MP3Tunes presents beside every link; when they do so, MP3Tunes automatically and instantly copies and "sideloads" the selected music from the source site into the user's Oboe locker on the MP3Tunes.com website (which offers free storage and indexing of the user's "sideloaded" files). Thus, MP3Tunes unlawfully copies, and enables and induces its users to unlawfully copy, countless works by EMI artists. All of these unauthorized music files are available for download or immediate playback via the MP3Tunes.com website's proprietary integrated online audio player, and can be further transferred to most portable music devices, or copied to a compact disc. Searches using recordings by other EMI artists returned similar results. However, EMI has not authorized any of its works to be copied, distributed, or performed in this manner on or by MP3Tunes or its users.

As we are certain that you are aware, the foregoing conduct constitutes copyright infringement under the United States Copyright Act and under laws of other countries, international law, and/or international treaty obligations. For a variety of reasons, MP3Tunes is not protected by any of the "safe-harbors" of the Digital Millennium Copyright Act ("DMCA").

international law, and/or international treaty obligations. For a variety of reasons, MP3Tunes is not protected by any of the "safe-harbors" of the Digital Millennium Copyright Act ("DMCA").

Without waiver of the foregoing position and without conceding that MP3Tunes is entitled to any of the protections of the DMCA, including that it is a "Service Provider," falls within any of the enumerated categories of Section 512(a)-(d), or has effectively complied with any of the requirements contained therein, we are enclosing herewith a CD-ROM containing a spreadsheet identifying, by artist, song title and -- consistent with 17 U.S.C. § 512(d) -- URL location, a representative sample, pursuant to 17 U.S.C. § 512(c)(3)(A)(ii), of EMI Publishing's copyrighted works that are copied, performed, stored, distributed, and made available for download on or by MP3Tunes. We demand that MP3Tunes immediately take the following actions with respect to each work identified in the attached spreadsheet: (1) remove or disable access to the work; (2) notify the MP3Tunes end user or uploader of the infringement(s); and (3) take appropriate action against the account holder pursuant to the MP3Tunes Terms of Use and End User Agreement. Please confirm in writing that you have done so. Additionally, please provide us with a complete accounting of all of the identified EMI Publishing works that have been copied, performed or distributed by MP3Tunes including the number of times each work has been accessed by MP3Tunes users.

The enclosed representative list reflects only a small portion of the total number of infringing EMI Publishing works contained on MP3Tunes. Our initial investigation suggests that hundreds, if not thousands, of additional copies of EMI Publishing's copyrighted works are being made available on or by MP3Tunes, with more being copied and made available daily. Accordingly, pursuant to 17 U.S.C. § 512(c)(3)(A)(ii), based on the representative list we are providing, MP3Tunes is obligated to remove all of EMI Publishing's copyrighted works, even those not specifically identified on the attached. *See* S. Rep. No. 105-190, at 46 (1998) (requiring operator of site to take action upon being provided with a "representative list" sufficient for the operator to "understand the nature and scope of the infringement being claimed"). A non-exhaustive further listing of songwriters whose works are owned by EMI Publishing can be found at http://www.emigroup.com/About/Music/EMI+Music+Publishing+songwriters.htm. In addition to the foregoing, we demand that MP3Tunes immediately take any and all appropriate action to ensure that each and every one of the works identified in the attached spreadsheet, and all other EMI Publishing copyrighted works, remain unavailable on or through MP3tunes.

The information in this notification is accurate and we have a good faith belief that use of the material in the manner complained of is not authorized by EMI Publishing, its respective agents, or the law. I further hereby state, under penalty of perjury, that we are authorized to act on behalf of EMI Publishing as set forth in this letter.

Case 3:07-cv-01844-W...d-NLS Document 17-2 Filed 12..3/2007 Page 26 of 29

Ms. Emily Richards
October 25, 2007
Page 3

Very truly yours,

Andrew H. Bart

Enclosure

cc: Michael Abitbol, *EMI Entertainment World, Inc.*

Exhibit A -- 25

JENNER&BLOCK

October 25, 2007

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Chicago
Dallas
New York
Washington

Andrew H. Bart
abart@jenner.com

BY OVERNIGHT DELIVERY

Ms. Emily Richards
MP3Tunes, LLC
5960 Cornerstone Court, First Floor
San Diego, CA 92121

Re: *EMI Entertainment World / Infringement of Copyrighted Works*

Dear Ms. Richards:

We are counsel for EMI Entertainment World, Inc. ("EMI Publishing"), a division of EMI Group and one of the world's leading music publishers. EMI Publishing is the owner of copyright, exclusive rights under copyright, or related common law and statutory rights, in musical compositions. Among the over one million compositions owned or controlled by EMI Publishing are some of the most popular songs of the past and the present, including "Over the Rainbow," "Higher Ground," Start Me Up," "Come As You Are," "I Bet You Look Good on the Dancefloor" and many others.

MP3Tunes, through its websites, MP3Tunes.com and Sideload.com, and its "Oboe Software Suite" (collectively, "MP3Tunes"), among other things, is copying and storing to its servers, indexing, publicly performing, and making available for download hundreds (if not thousands) of our client's copyrighted works in violation of the Copyright Act. For example, MP3Tunes.com provides (based on a user's search query) URL links to "source sites" that host unauthorized music files. Through the "Oboe Software Suite" and the "Oboe Sideload Plug-in," which MP3Tunes provides for no charge at MP3Tunes.com and Sideload.com, MP3Tunes' users can click a button MP3Tunes presents beside every link; when they do so, MP3Tunes automatically and instantly copies and "sideloads" the selected music from the source site into the user's Oboe locker on the MP3Tunes.com website (which offers free storage and indexing of the user's "sideloaded" files). Thus, MP3Tunes unlawfully copies, and enables and induces its users to unlawfully copy, countless works owned by EMI Publishing, such as "If I Ain't Got U" and "Janie's Got A Gun." All of these unauthorized music files are available for download or immediate playback via the MP3Tunes.com website's proprietary integrated online audio player, and can be further transferred to most portable music devices, or copied to a compact disc. Searches using songs by other EMI Publishing songwriters returned similar results. However, EMI Publishing has not authorized <u>any</u> of its works to be copied, distributed, or performed in this manner on or by MP3Tunes or its users.

As we are certain that you are aware, the foregoing conduct constitutes copyright infringement under the United States Copyright Act and under laws of other countries.

Without waiver of the foregoing position and without conceding that MP3Tunes is entitled to any of the protections of the DMCA, including that it is a "Service Provider," falls within any of the enumerated categories of Section 512(a)-(d), or has effectively complied with any of the requirements contained therein, we are enclosing herewith a CD-ROM containing a spreadsheet identifying, by artist, song title and – consistent with 17 U.S.C. § 512(d) – URL location, a representative sample, pursuant to 17 U.S.C. § 512(c)(3)(A)(ii), of EMI's copyrighted works that are copied, performed, stored, distributed, and made available for download on or by MP3Tunes. We demand that MP3Tunes immediately take the following actions with respect to each work identified in the attached spreadsheet: (1) remove or disable access to the work; (2) notify the MP3Tunes end user or uploader of the infringement(s); and (3) take appropriate action against the account holder pursuant to the MP3Tunes Terms of Use and End User Agreement. Please confirm <u>in writing</u> that you have done so. Additionally, please provide us with a complete accounting of all of the identified EMI works that have been copied, performed or distributed by MP3Tunes including the number of times each work has been accessed by MP3Tunes users.

The enclosed representative list reflects only a small portion of the total number of infringing EMI works contained on MP3Tunes. Our initial investigation suggests that hundreds, if not thousands, of additional copies of EMI's copyrighted works are being made available on or by MP3Tunes, with more being copied and made available daily. Accordingly, pursuant to 17 U.S.C. § 512(c)(3)(A)(ii), based on the representative list we are providing, MP3Tunes is obligated to remove all of EMI's copyrighted works, even those not specifically identified on the attached. *See* S. Rep. No. 105-190, at 46 (1998) (requiring operator of site to take action upon being provided with a "representative list" sufficient for the operator to "understand the nature and scope of the infringement being claimed"). Non-exhaustive further listings of artists whose works are owned by EMI can be found at http://www.capitolrecords.com/artists/, http://www.virginrecords.com/home/artists.html, http://www.bluenote.com/artists.asp, http://www.narada.com/artist_page.htm, and http://www.astralwerks.com/. In addition to the foregoing, we demand that MP3Tunes immediately take any and all appropriate action to ensure that each and every one of the works identified in the attached spreadsheet, and all other EMI copyrighted works, <u>remain</u> unavailable on or through MP3tunes.

EMI further notes that MP3Tunes infringes and is responsible for the infringement of EMI works that were first fixed prior to February 1972 ("pre-72 works") and which are protected under state law. *E.g., Capitol Records, Inc. v. Naxos of America, Inc.*, 830 N.E.2d 250 (N.Y. 2005). As the DMCA is a provision of the United States Copyright Act, it provides no protection for MP3Tunes' infringement of EMI's pre-72 works.

The information in this notification is accurate and we have a good faith belief that use of the material in the manner complained of is not authorized by EMI, its respective agents, or the law. I further hereby state, under penalty of perjury, that we are authorized to act on behalf of EMI as set forth in this letter.

Case 3:07-cv-01844-W...H-NLS Document 17-2 Filed 12/..3/2007 Page 29 of 29

Ms. Emily Richards
October 25, 2007
Page 3

Very truly yours,

Andrew H. Bart

Andrew H. Bart

Enclosure

cc: Alasdair McMullan, Esq., *EMI Music North America*
Scott Schreiber, Esq., *EMI Music North America*

Exhibit A -- 28