RECEIVED
APR 04 2008
CHAMBERS OF
WILLIAM H. PAULEY III
U.S.D.J.

April 3, 2008

BY FAX – (212) 805-6390

The Hon. William H. Pauley, III
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/08

MEMO ENDORSED

    RE:    Capitol Records, Inc. v. MP3tunes, LLC
           No. 07 Civ. 9931 (WHP)

Dear Judge Pauley:

    Pursuant to the Court's Individual Practice 3.A.III and Local Civil Rule 37.2, Defendants (collectively, "MP3tunes") and Plaintiffs (collectively, "EMI") respectfully submit this joint letter regarding a discovery dispute in the above-captioned case. As described herein, the parties have met and conferred pursuant to Fed.R.Civ.P. 37(a)(2)(A).

    The parties seek the Court's guidance concerning the scheduling of the deposition of Kevin Carmony, a third-party witness. EMI seeks to depose Mr. Carmony in conjunction with the discovery it seeks to support its opposition to the defendants' Motion to Dismiss. EMI's opposition is currently due to be filed on April 18.

    EMI noticed Mr. Carmony's deposition to proceed on April 9 to run concurrently with the deposition of defendant Michael Robertson. MP3tunes seeks to have the deposition conducted on another date when the defendants and their counsel can attend and participate. The parties have been unable to reach an agreement on this issue.

### *Positions of the Parties*

    **MP3tunes' position:** MP3tunes asks that the Court enter a protective order preventing EMI from taking the deposition of Mr. Carmony to allow the defendants and counsel to attend and participate. MP3tunes was not consulted in advance of the scheduling of the deposition. EMI unilaterally scheduled it to run concurrently with that of Mr. Robertson, intentionally depriving him of the ability to attend. Counsel and the defendants are unable to attend on the date set and EMI refuses to move the deposition to a time when they are able to do so.

    Kevin Carmony is a former business colleague of Mr. Robertson. Subsequently, he has developed an adverse relationship to Mr. Robertson. He has strong motives to testify in a manner which is adverse and hostile to the defendants. MP3tunes anticipates carefully deposing him in order to ensure that his testimony presents a truthful, fair and balanced record to the Court.

    On March 21, 2008, EMI proposed taking the depositions of Doug Reese, Defendant Michael Robertson, and Emily Richards on April 8, 9 and 10, respectively. On Tuesday, March 25, MP3tunes confirmed the availability of these witnesses and counsel. This confirmation was subject to only one condition, that the depositions conclude by 5:15 p.m. because Edward

Hon. W. H. Pauley, III
April 3, 2008
Page 2 of 5

Cramp, counsel for MP3tunes, had child care commitments that week. On March 26, EMI confirmed those dates. On Friday, March 28, EMI served its Notices of Depositions of these witnesses.

On Monday, March 31, EMI sent MP3tunes a Notice of Deposition and subpoena for Mr. Carmony. The deposition was set for Wednesday, April 9. This was set for the same time and date as the deposition of Mr. Robertson, a named defendant in this matter. EMI did not consult with MP3tunes prior to double-tracking the deposition for that day. When asked, counsel for EMI confirmed that EMI intentionally double-tracked the deposition for the day that Mr. Robertson's deposition was set to take place.

After receiving the letter and reviewing it on April 1 after returning from travel, counsel for MP3tunes initially confirmed that the Carmony deposition could move forward. Unfortunately, this was a mistake. Counsel for MP3tunes is not available on April 9.

Counsel for MP3tunes does not have any attorneys familiar with this case in its San Diego office available to attend the deposition of Mr. Carmony the week of April 7. That week is spring break in the San Diego area and many of the attorneys have planned vacations with their families. Additionally, the remaining litigation attorneys have conflicts that week that would prevent them from attending the deposition.

EMI has proposed that the deposition take place in the evening after Mr. Robertson's deposition. Unfortunately, this does not resolve the scheduling issue because of Mr. Cramp's child care responsibilities. EMI was aware of these responsibilities at the time the depositions were scheduled. Further, EMI states that it will need approximately 3 hours of time with the witness. MP3tunes anticipates needing an equal or greater amount of time. This means that the deposition could continue until midnight.

Additionally, Mr. Robertson and MP3tunes would like to attend the deposition of Mr. Carmony in person. If the deposition takes place at the same time as his own, Mr. Robertson will be unable to do so. EMI has proposed moving the deposition to have it take place on April 11, but this does not solve the problem. It would then run concurrently with the deposition of Ms. Richards, the President of MP3tunes, who also plans to attend.

The earliest date that MP3tunes is available to attend and participate in the deposition of Mr. Carmony is April 23. During the week of April 14, Mr. Robertson is unavailable and traveling for prior commitments. He does not return until April 21.

MP3tunes proposes that the Court order Mr. Carmony's deposition take place no sooner than April 23 and that EMI be given additional time to file its opposition to MP3tunes' Motion to Dismiss. EMI's opposition is currently due on April 18. MP3tunes proposes that the time be extended to respond until May 2, or May 9, depending on how much time EMI would like to assemble its opposition.

MP3tunes' position is reasonable. EMI provided no advance notice for the deposition of Mr. Carmony before setting it to run concurrently with the deposition of the party-defendant,

Hon. W. H. Pauley, III
April 3, 2008
Page 3 of 5

Mr. Robertson. Conversely, the solutions proposed by EMI are not practical and involve more conflicts than they solve.

EMI's claim of urgency to complete this deposition the week of April 7 does not outweigh Mr. Robertson's right to attend the deposition in person or MP3tunes' right to have counsel present. EMI failed to consult with MP3tunes prior to double-tracking the deposition for that week. Having failed to do so, they cannot now complain about the availability of counsel or the defendants. The simple solution is to push back the date of EMI's opposition to the Motion to Dismiss by a few weeks and allow the deposition to proceed in the normal course of business.

**EMI's position:** EMI's insistence that jurisdictional discovery be completed next week is prompted not only by regard for the schedule set by this Court but also by the extensive delays caused by MP3tunes in getting to the merits of this dispute.

The Court is well aware of the reasons for the compressed deposition schedule. Notwithstanding the Court's clear decision in *Warner Bros. Entertainment Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261 (S.D.N.Y. 2007), MP3tunes has put off merits issues for months by contesting personal jurisdiction. And notwithstanding EMI having served personal jurisdiction discovery requests on December 13, 2007, MP3tunes has put off even those jurisdictional issues for months by not producing documents until ordered to do so by March 28, 2008. MP3tunes has already forced two extensions of the Court's briefing schedule. Indeed, under the current schedule, MP3tunes will have successfully put off *any* merits discovery on this case – which EMI filed on November 9, 2007 – until the Summer of 2008. Accordingly, when the parties initially discussed the recent extension that was caused by MP3tunes' refusal to produce documents, there was an express discussion that EMI would need a week to review them, a week to take depositions, and a week to prepare its opposition. Thus, notwithstanding MP3tunes' suggestions to the contrary, that all depositions have been scheduled for next week could not have been a surprise to MP3tunes. EMI must file its opposition brief on April 18th – the week following the scheduled depositions. EMI did not notice the depositions for next week out of some lack of courtesy, but because that was the only available week given MP3tunes' belated production of documents.

EMI has properly noticed a single third-party deposition, invited MP3tunes to attend and cross-examine, and sought to make reasonable accommodations so that MP3tunes could do so. Indeed, with full knowledge that Mr. Carmony's deposition was noticed for the same day as Mr. Robertson's deposition, MP3tunes expressly confirmed that the Carmony date was acceptable.

When MP3tunes reversed position and complained that EMI had scheduled Mr. Carmony's deposition at a time when Mr. Robertson could not be present, EMI attempted to find a solution. EMI proposed conducting Mr. Carmony's deposition a day later, on April 10, so that Mr. Robertson could attend – only to be told that Mr. Robertson planned to attend yet another deposition in the case scheduled for April 10. While Mr. Robertson claims a need to attend Mr. Carmony's deposition, there is no reason that Mr. Robertson has to attend the deposition of

Emily Richards scheduled for the 10th. Ms. Richards is the President of MP3tunes. Thus, Mr. Robertson is not confronting an adverse witness. Rather he is transparently using his attendance at Ms. Richards' deposition as an excuse to justify a further delay of this matter. EMI also proposed conducting Mr. Carmony's deposition in the evening of April 9, so that Mr. Robertson could attend. However, Mr. Robertson's counsel advises us that he has child-care responsibilities that night and that there is no other attorney at Duane Morris who can cover this deposition. Instead of accepting those two reasonable solutions which would permit the parties to adhere to the current schedule, MP3tunes asks this Court to allow them to delay Mr. Carmony's deposition *two full weeks*, until April 23, purportedly to accommodate Mr. Robertson's travel schedule.

Given the Court-ordered schedule, the witness's availability, EMI's counsel's presence in San Diego at that time, and the multiple delays on the pending jurisdictional motion already, EMI respectfully urges that MP3tunes has not carried its burden for obtaining a protective order. *See Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003) (recognizing burden on party seeking to quash subpoena). As noted above, there is no reason why Mr. Robertson needs to attend Ms. Richards' deposition. Moreover, there is no reason why Mr. Carmony could not be deposed on the evening of April 9th. Duane Morris is a very large firm which has offices in Los Angeles, San Francisco and New York in addition to San Diego. MP3tunes is careful to argue that its counsel does not have any attorneys "familiar with this case in its San Diego office available to attend the deposition of Mr. Carmony the week of April 7." But MP3tunes' counsel has lawyers in other offices who are of record in this case and who could handle the Carmony deposition as necessary. Under MP3tunes' proposal, EMI (which will already have lawyers in San Diego during the week of April 7) would need to send lawyers to San Diego a second time. Certainly, it is no less of a burden for MP3tunes to bring counsel from one of these offices for Mr. Carmony's deposition than for EMI to send its counsel for a second trip to San Diego – especially when requiring EMI's second trip would also require extending the briefing schedule even further and finding a new date acceptable to the third-party witness.

Finally, it must be noted that EMI offered to accommodate MP3tunes on this issue, provided that MP3tunes would agree that merits discovery could commence forthwith, so that EMI would not continue to be prejudiced by the ongoing delay. MP3tunes continues to infringe EMI's copyrighted works on a daily basis, and thus plainly benefits from the delay. There is no reasonable basis for MP3tunes to refuse to commence merits discovery. There is no question that the claims in this action will be litigated or that all merits discovery taken in this action would be fully usable regardless of where the claims are litigated. Thus, no merits discovery would be wasted or would result in wasted effort. MP3tunes flatly refused any resolution that involved the commencement of merits discovery. EMI respectfully requests that, if the Court orders the delay proposed by MP3tunes, the Court also order that merits discovery may commence forthwith.

On a related matter, MP3tunes' letter also expresses its intention to send both its CEO, Michael Robertson, *and* its President to attend Mr. Carmony's deposition. Pursuant to Fed. R. Civ. P. 26(c)(1)(E), EMI respectfully asks that the Court also limit Defendants to one representative at Mr. Carmony's deposition. That Mr. Robertson has been named personally

Hon. W. H. Pauley, III
April 3, 2008
Page 5 of 5

does not give MP3tunes the right to send two representatives; Mr. Robertson's interests are completely aligned with the company's. If the company's CEO is present, there is no need for the company to have additional representatives.

EMI thus respectfully requests that the Court order Mr. Carmony's deposition go forward as noticed on April 9. EMI further requests that Defendants be limited to one representative at depositions in this case.

<u>Pursuant to Local Rule 37.2, the parties respectfully request the Court's guidance in resolving this dispute.</u>

Respectfully submitted,

DUANE MORRIS LLP

By: _Edward Cramp (GPG)_
Edward M. Cramp
101 West Broadway, Suite 900
San Diego, CA 92101-8285
(619) 744-2200
Counsel for MP3tunes

JENNER & BLOCK, LLP

By: _Andrew H. Bart /sdw_
Andrew H. Bart
919 Third Avenue, 37th Floor
New York, NY 10022-3902
(212) 891-1600
Counsel for EMI

DM1\1317038.1

The Court will hold a telephone conference on April 7, 2008 at 6:15 p.m.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.