**DUANE MORRIS** LLP
By: Gregory P. Gulia
1540 Broadway
New York, New York 10036-4086
Telephone: 212.692.1000

and   Edward M. Cramp (*pro hac vice*)
      Michelle Hon (*pro hac vice*)
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: 619.744.2200

Attorneys for Defendants
MP3TUNES, LLC and
MICHAEL ROBERTSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MP3TUNES, LLC AND MICHAEL ROBERTSON <br><br> Defendants. | No. 07 Civ. 9931 (WHP) <br><br><br><br><br><br> **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA** <br><br> **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |

## I. INTRODUCTION

Plaintiffs have named Michael Robertson ("Robertson") as a defendant in this lawsuit for harassment purposes. Mr. Robertson has not done anything that would subject him to jurisdiction in this case. Plaintiffs blithely allege that he must be responsible for all activity because he is the CEO of MP3tunes, LLC ("MP3tunes"). Under that theory, all corporate officers would be subject to personal jurisdiction in every lawsuit. After months of discovery, Plaintiffs are unable to provide any credible evidence required to establish personal jurisdiction over Mr. Robertson. Despite days of deposing Mr. Robertson, MP3tunes President Emily Richards ("Richards"), and its Chief Technology Office ("CTO") Doug Reese ("Reese"), Plaintiffs have not provided a single admissible fact that supports their position. Instead, Plaintiffs' Opposition depends on the non-party affidavits of Kevin Carmony ("Carmony") and Chad Olson ("Olson") – individuals not affiliated with MP3tunes who admittedly ███████████████████████████████████████████████████████████████████████████████████████████████████████████. Furthermore, the affidavits prepared by Plaintiffs' counsel contradict Carmony's and Olson's candid deposition testimony. Finally, the conclusory statements made by Plaintiffs are simply insufficient to make a *prima facie* showing of jurisdiction. Mr. Robertson does not receive any direct benefit from or exert extensive control over any of MP3tunes' allegedly infringing activity. There are no admissible or credible facts to support a *prima facie* case for jurisdiction against Michael Robertson; therefore, he must be dismissed from this case.

## II. ARGUMENT

### A. Plaintiffs Failed To Provide Admissible or Credible Facts Required To Establish Jurisdiction Over Robertson.

Plaintiffs do not allege that Robertson is subject to jurisdiction under the long-arm statute. Instead they seek to establish jurisdiction under an agency theory. To establish jurisdiction over

1

Robertson through the acts of the corporation, Plaintiffs must show that the corporation engaged in purposeful activities within the state with Robertson's knowledge and consent, that Robertson benefited from said activities, and that Robertson exercised extensive control over the specific activities in the forum. *See Retail Software Services, Inc. v. Lashlee et al.*, 854 F.2d 18, 22 (2nd Cir. 1988); *Alpha International, Inc. v. T-Productions, Inc. et al.*, 2003 WL 21511957 at *4 (S.D.N.Y July 1, 2003) (no jurisdiction over treasurer – no evidence that he controlled New York sales).

At the preliminary stage, before any discovery is conducted, the plaintiff's *prima facie* showing may be established solely by allegations in the pleadings. However, after discovery occurs, the Court does not assume all facts to be true, but instead must determine whether the facts are credible. "[A]fter discovery, the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, <u>if credited by the trier,</u> would suffice to establish jurisdiction over the defendant. At that point, the *prima facie* showing must be factually supported." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. N.Y. 1990) (emphasis added; internal citation omitted).

At this stage, the parties have engaged in over three months of extensive jurisdictional discovery, including Requests for Production of Documents, Interrogatories, five depositions, one expert affidavit and electronic discovery. Thus, EMI is required to provide credible facts to support its *prima facie* showing of jurisdiction over Robertson and MP3tunes. EMI has failed provide any credible or admissible facts to support its allegations. As such, the Court should dismiss this action for lack of jurisdiction, especially as to Mr. Robertson.

    1.    <u>Plaintiffs do not allege that Robertson received a financial benefit from the alleged infringement.</u>

Plaintiffs have completely ignored the benefit analysis required to establish jurisdiction over a corporate employee. *See Beatie and Osborn LLP v. Patriot Scientific Crop. et al.*, 431 F.Supp.2d

367, 390 (S.D.N.Y. 2006). In *Beatie*, the CEO admittedly negotiated the Retainer Agreement that was the subject matter of the action and was extensively involved with the plaintiff's representation of the corporation under the Agreement. *Id.* However, the plaintiff did not allege either in affidavits or the complaint that the corporation's activities benefited the CEO. *Id.* Thus, even though the CEO conceded that he was "principally involved" in the transaction at issue, the Court could not find jurisdiction and dismissed the case against him for lack of personal jurisdiction. *Id.*

Here, as discussed below, Robertson does not exert extensive control over any allegedly infringing activities. In addition, Plaintiffs have not alleged a single fact either in their complaint or in any affidavits that Robertson has received any benefit from MP3tunes' allegedly infringing activities in New York. This alone defeats Plaintiffs' attempt to exercise jurisdiction over Robertson.

    2.    <u>Plaintiffs have submitted no admissible evidence to support jurisdiction over Robertson.</u>

Plaintiffs have provided no admissible evidence that Robertson exercised "extensive control" over MP3tunes' allegedly infringing activities. Plaintiffs rely exclusively on the self-serving affidavits of Olson and Carmony – who have no personal knowledge of MP3tunes and are highly biased against Robertson. The Court should not give any weight to their affidavits, which were prepared by counsel for Plaintiffs and are directly contradicted by their sworn deposition testimony.[1]

    (a)    *Carmony and Olson have no personal knowledge of MP3tunes.*

Carmony and Olson have no personal knowledge or basis for their statements relating to MP3tunes, thereby making all such statements inadmissible. Despite Plaintiffs' misleading

---

[1] Plaintiffs have attempted to bolster their claim by resorting to misstatements of fact and evidence. For example, as discussed below, Carmony and Olson are not "former employees" and Robertson is not the founder of MP3tunes. Each and every misstatement cannot be addressed here within the page limits set by the Court. However, MP3tunes and Robertson reserve the right to contest such allegations at the appropriate time.

classification of Carmony and Olson as "former employees," ████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████ Thus, neither person has any personal knowledge to testify as to whether or not Robertson exercised extensive control over MP3tunes. Without personal knowledge, their testimony is inadmissible and must be disregarded. Fed. R. Evid. 602.

      (b)   *Carmony and Olson have personal vendettas against Robertson.*

Carmony and Olson believe that Robertson is responsible ████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████ Both Carmony and Olson have offered to cooperate with Plaintiffs in this matter to attempt to harm Robertson and MP3tunes. Their testimony simply cannot be believed.

The depth of the anger that these two men feel for Robertson cannot be understated. Carmony, in describing Robertson, stated:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

4

███████████████████████████████████████████████████████████
██████████████████████████████

Both Carmony and Olson are deeply biased against Robertson and MP3tunes. Thus, their affidavits must be disregarded even if a proper foundation had been established.

      (c)    *Olson's and Carmony's affidavits directly conflict with their deposition testimony.*

Carmony and Olson allege in their affidavits that Robertson "runs" MP3tunes. This testimony is demonstrably false. It also directly contradicts Carmony and Olson's own experience with Robertson when they were employed at Linspire. It is undisputed that Carmony and Olson ███ ██████████████████████████. Thus, <u>all</u> of their experience comes from working with Robertson at Linspire, a wholly separate company from MP3tunes.

Carmony's and Olson's claims that Robertson "runs" all the companies he is associated with is inconsistent with their own experience at Linspire. ████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████

Olson confirmed that ███████████████████████████████████
███████████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

Carmony's and Olson's candid deposition testimony directly contradicts the affidavits prepared by EMI for them to sign. They have no basis for their claims that Robertson is intimately involved in the operation of MP3tunes. Indeed, these allegations run directly against their own experience at Linspire.

(d) *The evidence submitted by Plaintiffs' "Expert" is neither Probative nor Credible*

Plaintiffs' attempt to support their creative "master copy" theory with a purported expert who hacked into MP3tunes' website in violation of the MP3tunes terms of service. *See* Declaration of Andrew Bart, Exhibit 6, Decl. of Elija Pacis ¶ 23. Plaintiffs use this unauthorized and possibly illegal activity to portray their "master copy theory" as a scientific fact. Opposition p. 6, fn 3. This is hardly credible evidence. It proves nothing other than that if a determined, sophisticated user decided to hack into the website, they might make the MP3tunes service do things it is not designed or intended to do.[2]

(e) *Plaintiffs' conclusory allegations are not sufficient to support a prima facie case for jurisdiction over Robertson.*

Individual officers are not subject to jurisdiction in New York merely because jurisdiction can be obtained over the corporation. *See Pilates, Inc. v. Current Concepts*, 96 Civ. 0043, 1996 U.S. Dist. LEXIS 15415, *6-7 (S.D.N.Y. Oct. 17, 1996). Conclusory allegations that an officer controls a corporation are not sufficient to establish personal jurisdiction over an officer of a corporation. *Id.*

---

[2] This theory is not relevant to jurisdiction. As such, MP3tunes will reserve its more detailed objections and disputes until such time as this creative concept becomes relevant.

(no jurisdiction where plaintiff failed to demonstrate any specific conduct by President in the allegedly infringing advertising or sales in New York).

Regardless of how one views the credibility of the Carmony and Olson affidavits, their conclusory allegations are insufficient to support a *prima facie* case for jurisdiction over Robertson. *Karabu Corp. v. Gitner et al.*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1988) ("To make a prima facie showing of 'control' a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the specific matter in questions; control cannot be shown based merely upon a defendant's title or position within the corporation or upon conlcusory allegations that the defendant controls the corporation."); *Ross v. UKI, Ltd.*, 2004 U.S. Dist. LEXIS 2970 at *18 (S.D.N.Y. March 1, 2004).

This Court's ruling in *Ross* is directly on point. The Court rejected the exercise of jurisdiction over the Chairman of the defendant corporation, holding that "Harry Schimmel's position with UKI does not by itself subject him to the jurisdiction of this Court." It is well-settled that 'here a corporation is doing business in New York, an officer of the corporation does not subject himself, individually to . . . jurisdiction unless he is doing business in [New York] individually.'" Id., citing *United Mizrahi Bank Ltd. v. Sullivan*, 97 Civ. 9282, 2000 U.S. Dist. LEXIS 16157, *3 (S.D.N.Y. Nov. 6, 2000). "[C]onclusory allegations are insufficient to support a *prima facie* showing of personal jurisdiction under the New York long-arm statute, and do not comport with constitutional due process requirements." Id.

The same holds true in this case. The conclusory allegations that "Michael Robertson runs the business" and that Robertson is "extremely hands-on and involved in his companies' strategy decisions and day-to-day operations"[3] are insufficient to support a *prima facie* case of jurisdiction

---

[3] This statement is based on Robertson's alleged conduct at Linspire, Inc. not MP3tunes.

7

over Robertson. Opposition p. 12. Plaintiffs have not stated any facts to support these conclusory allegations. Plaintiff has not provided a single example of any day-to-day operations in which Robertson is allegedly involved or any strategic planning in which Robertson has allegedly participated. Therefore, Robertson must be dismissed from this action.

        3.    <u>Robertson does not exert extensive control over any allegedly infringing activities.</u>

After taking the depositions of Robertson, Richards, and Reese, Plaintiffs were not able to obtain <u>any evidence</u> that Robertson exerts control over the allegedly infringing activities. Instead, the evidence shows that MP3tunes is operated and controlled by its officers and executives, including its President Richards, CTO Reese, and senior executive Mark Wooton ("Wooton"), all of whom have separate functions.[4]

MP3tunes' President, Richards manages all aspects of MP3tunes.[5] 

---

[4] Even Plaintiffs' allegations that Robertson is the "founder" of MP3tunes and that it is his "brainchild" (Opposition pp. 5-6) are false. Carmony testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[5] Plaintiffs allege that sideload.com "is entirely outside her responsibility." Opposition p. 12. This is a complete fabrication and directly contradicts Richards' actual testimony. Richards Depo. pp. 81-82, 100.

[6] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

███████████████████████████████████████████████████████
██████████████████████████████████

MP3tunes CTO, Doug Reese ("Reese"), is in charge of ████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████

Wooton is the Senior Product Manager. Declaration of Emily Richards ¶ 3. He manages and coordinates project and product development, and quality assurance. *Id.* ¶ 4. Wooton also assists Richards with some business development and partnership development. *Id.* ¶ 4. He is also responsible MP3tunes' graphic designer. *Id.* ¶ 4.

Robertson simply doesn't have the time to exert the type of extensive control over MP3tunes necessary to establish jurisdiction. MP3tunes is only one of the six companies where Robertson works. ███████████████████████████████████
███████████████████████████████████████████████████████

████ Robertson has never interviewed, hired or fired any employee at MP3tunes except the President. Declaration of Michael Robertson ("Robertson Decl.") ¶ 4. Robertson receives no salary from MP3tunes and has never received a bonus from MP3tunes.[7] Robertson Decl. ¶ 3. ████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

---

[7] While Robertson is a shareholder, MP3tunes has never made a profit. Thus, Robertson has never received any dividends or any other financial benefit as a shareholder. Robertson Decl. ¶ 3.

9

███████████████████████████████████████ Nor does Robertson attend any marketing, development or administrative meetings for MP3tunes. Robertson Decl. ¶ 5. ███

███████████████████████████████████████████████████████████████████████

There is no evidence to support Plaintiffs' claim that Robertson controls the company or its actions in some extraordinary way. Indeed, the only admissible and credible evidence before the Court suggests that Robertson does very little in his role as CEO other than to serve as the chief executive. Under these circumstances, EMI's attempt to have the Court assert jurisdiction over him personally is simply unsupported.

### III. CONCLUSION

For all of the foregoing reasons and for the additional reasons set forth in the accompanying affidavits, this case should be dismissed and must be dismissed as to Michael Robertson.

Respectfully submitted,

Dated: May 2, 2008                                DUANE MORRIS LLP

By:  /Gregory P. Gulia/
Gregory P. Gulia
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
gpulia@duanemorris.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of Defendants' Reply in Support of their Motion to Dismiss, or in the Alternative, to Transfer to the Southern District of California to be served by electronic service this 2nd day of May, 2008:

> Andrew H. Bart
> Jenner & Block LLP
> 919 Third Avenue, 37th Floor
> New York, NY 10022
> abart@jenner.com
>
> Steven B. Fabrizio
> Jenner & Block LLP
> 601 Thirteenth Street, NW, Suite 1200S
> Washington, D.C. 20005
> sfabrizio@jenner.com

> /Edwin E. Grullon/
> EDWIN E. GRULLON

DM1\1331352.1