USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/08

**DuaneMorris®**

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

EDWARD M. CRAMP
DIRECT DIAL: 619.744.2223
E-MAIL: EMCRAMP@duanemorris.com

www.duanemorris.com

MEMO ENDORSED

May 2, 2008

The Hon. William H. Pauley, III
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re:   Capitol Records, Inc. v. MP3tunes, LLC
           No. 07 Civ. 9931 (WHP)

Dear Judge Pauley:

<u>Pursuant to paragraph 3(A)(i) of Your Honor's Individual Practices, defendants MP3tunes LLC and Michael Robertson (collectively "MP3tunes") respectfully request a pre-motion conference to obtain leave to file a Motion to Strike.</u>

    In support of their Opposition to Motion to Dismiss, Plaintiffs have filed with this Court affidavits and deposition transcripts of Kevin Carmony ("Carmony") and Chad Olson ("Olson") purporting to provide "facts" of which Carmony and Olson have no personal knowledge. The affidavits also contain unsupported, conclusory statements regarding irrelevant matters. Such statements are not admissible and should be stricken.

    Pursuant to Fed. R. Civ. P. 56(e), affidavits or declarations "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). It is not enough that a declarant *asserts* that he has personal knowledge of the facts recited - the facts themselves must show that they are matters known to the declarant personally. *See e.g., Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992) ("the District Court correctly found that the [plaintiff's] Affidavit was not a proper Rule 56(e) affidavit because it was not made on personal knowledge and did not set forth 'facts' that would be admissible into evidence."). While Rule 56 generally applies to summary judgment, Rule 56(e) requirements also apply to declarations submitted in opposition to any dispositive motion. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (using Rule 56(e) guidelines to determine the propriety and admissibility of an affidavit submitted in support of a motion to dismiss). As such, the declaration of Plaintiffs' counsel and the Affidavits of Carmony and Olson attached thereto must satisfy the requirements of Rule 56(e) in order to be considered by the Court.

# DuaneMorris

The Hon. William H. Pauley, III
May 2, 2008
Page 2

Because these affidavits fail to meet the requirements of Rule 56(e), MP3tunes respectfully seeks to file a Motion to Strike the deficient portions of these affidavits, examples of which are set forth in detail below. *See Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (determining that a court may "strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements."); *Toni & Guy (USA) Ltd. v. Nature's Therapy, Inc.*, 2006 U.S. Dist. LEXIS 25291, at *10 (S.D.N.Y. May 1, 2006) (courts may strike or disregard portions of affidavits or declarations that do not comply with Rule 56(e)).

The Carmony and Olson affidavits purport to allege as "fact" conclusory statements relating to the level of control Robertson exerts over MP3tunes, stating Robertson "runs" MP3tunes and Robertson "is" MP3tunes. These statements are inadmissible as being conclusory statements based on speculation and not within the personal knowledge of the witness. Fed. R. Evid. R. 602. According to their deposition testimony, neither Carmony nor Olson has ever worked for MP3tunes LLC. They have no knowledge of how MP3tunes LLC operates. They have never attended any senior management meetings at MP3tunes LLC. In fact, they cannot even name anyone on the executive team other than MP3tunes' President Emily Richards. Both admit that they have no idea how sideload.com or the MP3tunes lockers operate. Thus, neither person has any personal knowledge as to whether or not Robertson exercised any control over MP3tunes. Without personal knowledge, their testimony is inadmissible and must be disregarded. Fed. R. Evid. R. 602.

Moreover, the Carmony and Olson affidavits do not provide a single fact to support these conclusory statements. Conversely, their deposition testimony contains numerous facts relating to their experience from working with Robertson at Linspire that refute these conclusory allegations. Carmony testified that he was in full control over Linspire and did not seek approval for day-to-day operations, including hiring and firing employees, creating new positions, changing salaries, signing contracts, and purchasing equipment. Carmony testified he was authorized to terminate highly placed executives at Linspire, including the CFO, the controller, and several vice presidents and directors and pay over $500,000 in severance to these employees He did this without Robertson's approval. Olson confirmed that Carmony had full control over Linspire, stating that Robertson let Carmony run the company. According to him, "[Carmony] was the individual that was in charge." Olson Depo. p. 133: 19. Carmony was free to ignore Robertson and "run the business the way [he] wanted to run the business." Olson Depo. p. 134.

Carmony and Olson also make statements relating to financing for SIPphone (aka Gizmo5), a wholly unrelated Internet phone company that received funding from a New York based venture-capital company. Again, neither has any personal knowledge about this relationship as neither has ever worked for SIPphone and were not involved in the transaction. Defendants also object to this evidence on the grounds that it is as irrelevant. Fed. R. Evid. R. 402.

DuaneMorris

The Hon. William H. Pauley, III
May 2, 2008
Page 3

      MP3tunes accordingly respectfully seeks leave to file a motion strike under Federal Rules of Civil Procedure 56(e). We thank the Court for its consideration.

Respectfully submitted,

Edward M. Cramp

GPG/slj

cc via email    Andrew Bart
                   Steven Fabrizio
                   Greg Guilia

Application denied. The Court will address the application at the oral argument on May 23, 2008.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.