USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/08

# DuaneMorris

**MEMO ENDORSED**

MICHELLE HON
DIRECT DIAL: 619.744.2219
PERSONAL FAX: 619.923.2967
E-MAIL: mhon@duanemorris.com

www.duanemorris.com

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

August 7, 2008

BY HAND DELIVERY

The Hon. William H. Pauley, III
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: Capitol Records, Inc. v. MP3tunes, LLC
No. 07 Civ. 9931 (WHP)

Dear Judge Pauley:

> *[Handwritten memo endorsement:]* This matter has been referred to me by Judge Pauley. I see no need for formal briefing. Instead, Mr. Carmony is directed to send me (and all counsel) a letter explaining why the material he has designated as confidential should be treated in that manner. Any such letter is to be sent to me by no later than August 22, 2008. If plaintiffs' counsel wishes to take a position, its counsel should submit a letter by the same date. Ms. Hon is directed to serve a copy of this memo endorsement to Mr. Carmony by email and first class mail by no later than August 14, 2008.
>
> /s/ Frank Maas, USMJ, 8/12/08

Pursuant to paragraph 3(A)(i) of Your Honor's Individual Practices, defendants MP3tunes LLC and Michael Robertson (collectively "MP3tunes") respectfully request a pre-motion conference to obtain leave to file a motion seeking relief from the designation of Kevin Carmony's deposition transcript as confidential.

Mr. Kevin Carmony ("Carmony") was subpoenaed and deposed on April 9, 2008 at the request of Plaintiffs, who used his testimony as their sole basis for alleging jurisdiction over Michael Robertson ("Robertson"). After the deposition, pursuant to the Stipulated Protective Order entered by this Court, a copy of which is enclosed as Exhibit A to this letter, Carmony designated a significant portion of his deposition transcript as "confidential." A copy of the transcript and exhibits is enclosed as Exhibit B. Carmony designated the following portions of the deposition transcript as "confidential": Page 46 Line 4 – Page 51 Line 11; Page 52 Line 19 – Page 54 Line 19; Page 55 Line 21 – Page 57 Line 1; Page 65 Line 2 – Page 91 Line 6; Page 100 Line 11 – Page 114 Line 3; Page 116 Line 23 – Page 120 Line 2; Page 152 Line 19 – Page 160 Line 25; Page 167 Line 11 – Page 168 Line 5; Page 168 Line 23 – Page 169 Line 24; Page 170 Line 21 – Page 172 Line 10; Page 172 Line 23 – Page 175 Line 14; Page 180 Line 18 – Page 181 Line 7; Page 184 Line 17 – Page 188 Line 2; and all Exhibits.

It appears that this information has been designated, not because it is actually confidential, but because it implicates Carmony in several potentially unlawful acts, including embezzlement, trademark infringement, defamation, and slander. In attempting to resolve this dispute, MP3tunes has met and conferred with Carmony via telephone calls, e-mails, and letters dated July 25, 2008 and July 30, 2008. These efforts have been unsuccessful.

DUANE MORRIS LLP

**MEMO ENDORSED**

101 WEST BROADWAY, SUITE 900  SAN DIEGO, CA 92101    PHONE: 619.744.2200  FAX: 619.744.2201

DuaneMorris

The Hon. William H. Pauley, III
August 7, 2008
Page 2

Paragraph 3a of the Protective Order defines "confidential information" as follows:

> "Confidential Information" shall include any Discovery Material which the producing party or non-party reasonably believes not to be in the public domain and contains any proprietary, commercially sensitive, or otherwise confidential financial business, trade secret, research, development, technical, strategic, and/or personal information.

The information designated by Carmony as "confidential" clearly does not fall within this definition. The only grounds Carmony has raised that could serve as any basis for confidentiality for the designated testimony is that the information discusses "Linspire's operations and trade secrets which are not public." However, out of all the testimony Carmony designated as "confidential" only page 65 line 2 – page 91 line 6, page 170 line 21 – page 172 line 10, page 172 line 23 – page 173 line 23 and page 168 line 23 – page 169 line 24 relates to Linspire. Further, this testimony does not discuss trade secrets, it discusses Carmony's personal opinions as to what he believed his duties to be as CEO of Linspire and whether he believed that he needed board approval for firing employees and giving severance. This testimony also discusses his ability to fire employees and which employees were fired. That information does not constitute a trade secret or trade secrets.

Carmony has not provided any basis as to why any other portion of his transcript could possibly be confidential. The other information designated as confidential all relates to information that is publicly available. Page 55 line 21 – page 57 line 1 relates to Carmony's websites and domain names "datingbydna.com" and "freespire.com," which are publicly available on the Internet. Page 100 line 11 – page 114 line 3, page 116 line 23 – page 120 line 2, page 152 line 19 – page 160 line 25, and page 180 line 18 – page 181 line 7 all relate to Carmony's Internet blog and postings he made on Robertson's Internet blog at www.michaelrobertson.com. All of these postings are also publicly available on the Internet.

Page 167 line 11 – page 168 line 5, and page 184 line 17 – page 188 line 2 relate to Carmony's knowledge of a police report filed by Linspire reporting its former employees for embezzlement and Carmony's discussions with the detective who took the report. This information is public record and not confidential. Page 173 Line 23 – Page 175 Line 14 also discusses the police report filed by Linspire against its former employees for embezzlement, Mr. Carmony's blog entries and the fact that these blog entries were not influenced by Plaintiffs. Nothing in this section of the transcript is confidential.

Carmony has also designated all exhibits as confidential. However, most of the exhibits are Internet postings and clearly not confidential.

DuaneMorris

The Hon. William H. Pauley, III
August 7, 2008
Page 3

      Carmony has stated that he would withdraw the "confidential" designation if MP3tunes would agree that transcript could not be used in any other proceeding. Thus, Mr. Carmony's concerns relate to his fear of civil and/or criminal prosecution for the actions taken against MP3tunes, not because this information is actually confidential.

      Although they do not represent Carmony in any way, Plaintiffs' counsel has stated that they will object to any use of the above-designated testimony by MP3tunes, arguing that the testimony is not relevant to the pending litigation. This argument is baseless as the testimony described herein all relates to Mr. Carmony's credibility as a witness and his bias against MP3tunes. It is clear from this testimony that Mr. Carmony has a personal vendetta against MP3tunes stemming from Carmony's believe that Robertson is responsible for bringing criminal charges against him, reporting him and his colleagues to the IRS, and seeking to prevent his friends from collecting unemployment compensation. As evident from the designated portions of the Carmony transcript, Carmony has sought revenge against Robertson and MP3tunes by contacting Plaintiff's counsel and offering to cooperate with Plaintiffs in this matter to attempt to harm Robertson and MP3tunes. Carmony has also posted malicious blog entries on Robertson's website masquerading as an MP3tunes' employee named "TinaS." Carmony has also published entries in his own blog regarding MP3tunes and registered the domain name "freespire.com" to post negative comments about the products of Linspire, one of the companies with which Robertson was affiliated.

      The selected portions of the Carmony deposition transcript discussed herein and attached hereto are not "confidential" as defined in the Protective Order and should not have been designated as confidential. MP3tunes accordingly respectfully seeks leave to file a motion seeking relief from designation of Carmony's deposition transcript as confidential. We thank the Court for its consideration.

                                                        Respectfully submitted,

                                                         Michelle Hon (GPG)
                                                         Michelle Hon

MAH/rpi
Enclosures

cc via email:   Kevin Carmony
                     Andrew Bart, Esq. (counsel for plaintiffs)
                     Steven Fabrizio, Esq. (counsel for plaintiffs)
                     Brian Hauck, Esq. (counsel for plaintiffs)
                     Edward Cramp, Esq.
                     Greg Gulia, Esq.