UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CAPITOL RECORDS, INC. et al.,                :

                         Plaintiffs,              :          07 Civ. 9931 (WHP)

      -against-                                   :          MEMORANDUM AND ORDER

MP3TUNES, LLC et al.,                         :

                         Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs, fourteen record companies and music publishers (collectively "EMI"), bring this copyright infringement action against Defendant MP3tunes, LLC ("MP3tunes"). Plaintiffs move to dismiss MP3tunes's counterclaims. For the following reasons, Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

        For the purposes of this motion, the Court accepts the following facts as true. MP3tunes operates two websites: www.mp3tunes.com and www.sideload.com. (Amended Answer, Affirmative Defenses, and Counterclaims dated Nov. 3, 2008 ("Answer") ¶ 35.) Mp3tunes.com offers online storage "lockers" where users can store music, while sideload.com is a search engine that allows users to search for free music downloads. (Answer ¶¶ 36, 38.)

        Plaintiffs allege that MP3tunes violates federal copyright law by enabling users to listen to infringing music through its websites, make copies of infringing music to store in a "locker," and download copies of music to myriad locations and individuals. On September 4, 2007, Plaintiffs sent MP3tunes a take-down notice alleging that the conduct of both websites

constituted copyright infringement (the "Take Down Notice"). (Answer Ex. A: Letter from Steven Fabrizio dated Sept. 4, 2007.) While Plaintiffs provided a "representative list" of over 350 songs that were "copied, performed, stored, distributed, and made available for download on or by MP3tunes," they also demanded that MP3tunes take action with respect to all of Plaintiffs' copyrighted recordings, even if not included on the representative list. (Answer Ex. A at 2.) MP3tunes removed the songs identified on the representative list from its websites, but took no action concerning the broader demand to take down other copyrighted recordings. (Answer ¶ 55.)

Prior to the commencement of this action, MP3tunes filed a declaratory judgment action against EMI in the Southern District of California. There, MP3tunes sought both a declaration that its activities did not constitute infringement and money damages on the grounds that EMI violated the Digital Millennium Copyright Act ("DMCA") by knowingly materially misrepresenting that certain recordings on MP3tunes's websites were infringing. MP3tunes's complaint alleged that the Take Down Notice included "some songs" that "are freely available for digital download," but only specified two such songs and alleged that many songs were from the "Paste Store," which lawfully distributes promotional songs. See Order Granting Defendants' Motion to Dismiss (the "California Order"), 07 Civ. 1844 (WQH), at 11 (S.D. Cal. Apr. 18, 2008). Judge Hayes dismissed the declaratory judgment claim as an anticipatory filing. Judge Hayes also dismissed the DMCA claim without prejudice on the grounds that MP3tunes had not identified a single track "as definitely lawful, non-infringing, and wrongfully included in the cease-and-desist letter," that the complaint failed to allege facts showing that Plaintiffs knew or should have known the recordings were non-infringing, and that the non-infringing songs

2

alleged in the Complaint were not material given the breadth of infringement complained of in the Take Down Notice. See California Order at 12-13.

In this action, MP3tunes alleges as a counterclaim that in addition to the songs identified in the California action, there are five more recordings on the Take Down Notice that "appear to be authorized by EMI for free download" or that "MP3tunes believes . . . [are] lawfully available." (Answer ¶¶ 49-52.) These are "merely examples of the many links EMI represented as being associated with infringing copies of their allegedly copyrighted works, which were not, in fact, infringing." (Answer ¶ 54.) MP3tunes asserts it was injured by Plaintiffs' misrepresentations because it relied on the Take Down Notice to remove links to allegedly infringing material and was forced to counterclaim. (Answer ¶ 95.)

In addition, MP3tunes submits a declaration from Michael Robertson enumerating additional allegations it would plead if this Court concludes that the counterclaims fail to state a claim as pled. According to Mr. Robertson, EMI pays third-parties to distribute free MP3s over the internet; at least six of Plaintiffs' record label websites distribute songs for free; and EMI engages in active marketing of its music directly and through "hundreds if not thousands" of online music partners. (Declaration of Michael Robertson dated Dec. 30, 3008 ("Robertson Decl.") ¶¶ 9-13, 15.) In addition, EMI and other record companies are aware that music blogs and related online sites post infringing downloads, but "either choose to ignore them or, in many cases, openly cooperate with and license them, because exposure of artists on such web sites can lead to increased sales." (Robertson Decl. ¶ 14.) More than 140 links on the Take Down Notice are to music blogs and related online sites. (Robertson Decl. ¶ 14.)

3

DISCUSSION

I. Legal Standard

On a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.").

A court may also consider "documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

II. DMCA Claim

A. Collateral Estoppel

"The litigation of an issue presented and necessarily decided in a prior action between the same parties is foreclosed by the doctrine of issue preclusion." Deutsch v. Flannery, 823 F.2d 1361, 1364 (2d Cir. 1987). In considering the preclusive effect of the dismissal of a prior action,"[i]t matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded preclusive effect was essential to the dismissal." Deutsch, 823 F.2d at 1364. "To the extent that there are no differences in the two complaints, or

that the differences obviously lack substantive significance," the later complaint is precluded. Deutsch, 823 F.2d at 1364.

MP3tunes's Section 512(f) counterclaim adds little to the complaint dismissed by Judge Hayes. The accretion of five songs which "appear to be authorized by EMI for free download" or that "MP3tunes believes . . . [are] lawfully available" and the conclusory allegation that they are "merely examples" of works that are not infringing does not transform the counterclaim in any meaningful way from the DMCA claim dismissed in the California action. Because the counterclaim suffers from the same defects as the prior claim in California, it is precluded.

### B. Proposed Amendments

In light of Rule 15(a)'s lenient standard for amendment, this Court considers the allegations MP3tunes proposes to add to the counterclaim. See Oliver Sch. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991) ("[W]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.")

The DMCA requires that copyright owners follow the notice provisions provided in 17 U.S.C. 512(c)(1)—a DMCA "Take Down Notice"—in order to hold internet service providers liable for copyright infringement. See Io Group, Inc. v. Veoh Networks, Inc., --- F. Supp. 2d ---, No. C06-3926 (HRL), 2008 WL 4065872, at *7-21 (N.D. Cal. Aug. 27, 2008). Section 512(f) provides that a person who "knowingly materially misrepresents under [Section 512]—(1) that material or activity is infringing . . . shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer . . . or by a service provider, who is injured by such misrepresentation, as a result of the service provider relying on such misrepresentation in removing or disabling access to the material or activity claimed to be

5

infringing." 17 U.S.C. § 512(f).

A material misrepresentation is one that "affected the [infringer or service provider's] response to a DMCA letter." Online Policy Group v. Diebold, Inc., 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004). Here, MP3tunes only removed the songs on the representative list. It did not respond to the demand that it remove all links to any of Plaintiffs' copyrighted recordings. Accordingly, Plaintiffs' representation that any link to its copyrighted recording was infringing cannot be a material misrepresentation. Moreover, MP3tunes suffered no injury because it took no action other than filing an anticipatory lawsuit in California.

As for the songs that MP3tunes removed as a result of the Take Down Notice, MP3tunes's proposed additional allegations that Plaintiffs distribute music for free over the internet through a variety of methods amounts to no more than an allegation that some of the songs on the representative list might be non-infringing. An allegation that there is a possibility that some songs on the representative list are non-infringing is too speculative to meet the Twombly standard. Accordingly, amendment of the counterclaims would be futile and the motion to dismiss the DMCA claim is granted.

III. State Law Claims

    A. New York General Business Law §349

To state a claim under N.Y.G.B.L. § 349, a plaintiff must demonstrate, inter alia, that the defendant's deceptive acts were directed at consumers. Maurizo v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000); S.Q.K.F.C., Inc. v. Bell Atl. Tricon Leasing Corp., 84 F.3d 629, 636 (2d Cir. 1996) (Section 349 claims "requires a finding of conduct that is consumer-oriented"); Int'l Sport Drivers Ass'n, Inc. v. Marine Midland Bank, 25 F. Supp. 2d 101, 114 (W.D.N.Y. 1998)

6

("[T]he gravamen of the Complaint must be consumer injury or harm to the public interest."). Business-to-business transactions generally do not give rise to § 349 claims. See Exxon Inter-Am. Inc. v. Advanced Information Eng'g Servs. Inc., 322 F. Supp. 2d 443, 448 (S.D.N.Y. 2004).

MP3tunes's § 349 claim alleges that Plaintiffs engaged in unfair, deceptive, or illegal acts or practices because they were aware their conduct violated 17 U.S.C. § 517(f). The Take Down Notice was directed to MP3tunes, not consumers. Accordingly, Plaintiffs' motion to dismiss the § 349 claim is granted.

B. Common Law Unfair Competition

"New York courts have noted the incalculable variety of illegal practices falling within the unfair competition rubric, . . . calling it a broad and flexible doctrine that depends more upon the facts set forth . . . than in most causes of action." Roy Export Co. Estab. Of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc., 672 F.2d 1095, 1105 (2d Cir. 1982) (internal quotation marks and citations omitted). While some courts have stated that common law unfair competition claims can be "grounded in either deception or appropriation of the exclusive property of the plaintiff," see, e.g., H.L. Hayden Co. of N.Y. Inc. v. Siemens Med. Sys., Inc., 879 F.2d 1005, 1025 (2d Cir. 1989) (emphasis added), "[t]he essence of an unfair competition claim under New York law is that the defendant misappropriated the fruit of plaintiff's labors and expenditures by obtaining access to plaintiff's business idea either through fraud or deception, or an abuse of a fiduciary or confidential relationship," Telecom Intern. Am., Ltd. v. AT & T Corp., 280 F.3d 175, 197 (2d Cir. 2001); see also Sears Petroleum & Trans. Corp. v. Archer Daniels Midland Co., No. 5:03-CV-1120 (DEP), 2006 WL 1304699 (N.D.N.Y. May 9, 2006) (considering and rejecting plaintiff's claim that allegations of deception are sufficient to

state a claim for unfair competition without allegations of misappropriation under the vast majority of law in this Circuit and in New York state courts).

Because MP3tunes's fails to allege that Plaintiffs misappropriated MP3tunes's labors or expenditures, Plaintiffs' motion to dismiss the common law unfair competition claim is granted.

C. California Business and Professional Code § 17200

Section 17200 of the California Business and Professional Code prohibits business acts or practices that are "unlawful, unfair, or fraudulent." Unlawful conduct is defined as "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Express, LLC v. Fetish Group, Inc., 464 F. Supp. 2d 965, 980 (C.D. Cal. 2006) (internal quotation marks and citations omitted). "[T]he word 'unfair' in [§ 17200] means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Carter v. Variflex, Inc., 101 F. Supp. 2d 1261, 1270 (C.D. Cal. 2000) (quoting Cal- Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 973 P.2d 527, 544 (1999)). "Fraudulent as used in § 17200 does not refer to the common law tort of fraud but only requires a showing members of the public are likely to be deceived." Express, 464 F. Supp. 2d at 980; see also Nat'l Rural Telecomms. Coop. v. DirecTV, Inc., 319 F. Supp. 2d 1059, 1077-78 (C.D. Cal. 2003) ("A business practice is fraudulent if members of the public are likely deceived.").

Since this Court dismisses all the other counterclaims seeking monetary relief, MP3tunes's § 17200 claim cannot be based on allegedly unlawful acts or business practices. As for unfair acts or business practices, MP3tunes does not allege any anti-competitive conduct.

8

Finally, as this Court held with respect to the N.Y.G.B.L. § 349 counterclaim, MP3tunes's allegations have nothing to do with consumer or public harm. Accordingly, the § 17200 counterclaim is also dismissed.

IV. Declaratory Judgment Claim

MP3tunes seeks a declaratory judgment that it is a service provider protected by the safe harbor provision in 17 U.S.C. § 512, that it complied with its obligations under the DMCA, that the Take Down Notice was deficient, and that the activities of its websites do not constitute copyright infringement. This claim is duplicative of MP3tunes's affirmative defense that it is protected by the DMCA safe harbor provisions and the Plaintiffs' copyright infringement claims. However, there is no harm to Plaintiffs in letting these claims stand. Discovery relating to Plaintiffs' claims and MP3tunes's defense will proceed regardless of whether the declaratory judgment claim is dismissed. Allowing the counterclaim to remain ensures that the dispute will be resolved, even if Plaintiffs decide not to pursue their claims. Accordingly, Plaintiffs' motion to dismiss the declaratory judgment counterclaim is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss MP3tunes's counterclaims is granted in part and denied in part. All of Defendant's state law counterclaims and the Digital Millennium Copyright Act counterclaim seeking affirmative relief are dismissed. The motion to dismiss the declaratory judgment counterclaim is denied. In view of this Memorandum and Order, the motion for a stay of discovery relating to the counterclaims is moot.

Dated: March 3, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Andrew H. Bart, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022
*Counsel for Plaintiffs*

Gregory P. Gulia, Esq.
John Dellaportas, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
*Counsel for Defendants*

*Copy Mailed to:*

The Honorable Frank Maas
United States District Judge