# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

7/17/09

**Frank P. Scibilia**
Partner

Direct Tel: 212-326-0445
Direct Fax: 212-798-6375
fscibilia@pryorcashman.com

July 9, 2009

**BY FEDERAL EXPRESS**

Honorable William H. Pauley
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   *Capitol Records, LLC, et al. v. MP3Tunes, LLC*, 07 CV 9931 (WHP)

Dear Judge Pauley:

We represent Plaintiffs Beechwood Music Corp., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Keel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., and EMI Virgin Songs, Inc. (the "EMI Publishing Plaintiffs"). We write, pursuant to Your Honor's rules, to request a pre-motion conference for leave to amend the pleadings to add additional plaintiffs that own or co-own musical compositions which, as revealed in discovery produced by defendant MP3Tunes, LLC ("MP3Tunes"), are at issue in this litigation.[1]

This action arises out of Defendant MP3Tunes' willful infringement of musical compositions and sound recordings through the operation of two internet websites, www.sideload.com and www.mp3tunes.com. In order for Plaintiffs to identify all of the specific compositions and recordings that have been infringed by Defendant on and via those websites, Plaintiffs requested and MP3Tunes agreed to produce the data from the servers hosting those internet sites. EMI Music Publishing, for reasons that have to do with the nature of music publishing, holds its copyrights in dozens of separate corporate entities all of which are under the EMI Music Publishing umbrella. Accordingly, EMI Music Publishing could not identify all of the corporate entities which need to be named as Plaintiffs in this suit until it could first identify all of the songs that have been infringed by MP3Tunes. And, EMI Music Publishing could not identify all of the songs that have been infringed by MP3Tunes until it obtained from MP3Tunes, and had an opportunity to have its expert review, MP3Tunes' server data.

At the conference before Judge Maas that took place by telephone on April 7, 2009, the parties expressed their agreement that they would substantially complete their document productions on or before April 24, 2009. The Plaintiffs informed Judge Maas, however, that they could not produce a

---

[1]   Specifically, the EMI Publishing Plaintiffs respectfully request leave to add the following additional plaintiffs: EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, EMI Gold Horizon Corp., EMI Grove Park Music, EMI Hastings Catalog, EMI Mills Music, EMI Miller Catalog, EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, Jobete Music Co., Inc., Screen Gems-EMI Music, Stone Agate Music, and Stone Diamond Music.

■ PRYOR CASHMAN LLP

Honorable William H. Pauley
July 9, 2009
Page 2

complete list of all of the compositions and recordings infringed by MP3Tunes until MP3Tunes first produced certain computer files that had previously been produced in a corrupted form, as such corruption had prevented Plaintiffs from reviewing MP3Tunes' server data in its entirety. As a result, the parties agreed that Plaintiffs would, by April 24, produce "interim" song lists based on the uncorrupted data that they could review, and would supplement those lists after Defendant had produced and Plaintiffs had had an opportunity to review the uncorrupted server data.

The EMI Publishing Plaintiffs did, in fact, produce their "interim" song list on April 24 (with the caveat that they would be supplementing that list once they had an opportunity to review the uncorrupted data, which had been produced by MP3Tunes just one day earlier, on April 23). On that same date, the EMI Publishing Plaintiffs requested that Defendant consent to the addition of certain plaintiffs, given that several of the compositions that the server data revealed had been infringed by MP3Tunes are owned or controlled by publishing entities under the EMI Music Publishing umbrella that were not named in the caption. The EMI Publishing Plaintiffs also produced on that date the copyright registrations for each of the songs listed on the "interim" song list, including those owned or controlled by the entities that the EMI Publishing Plaintiffs seek leave to add as plaintiffs. MP3Tunes did not respond to the EMI Plaintiffs' request for consent to add such entities as plaintiffs. A copy of the EMI Publishing Plaintiffs' April 24 letter is attached hereto as Exhibit A.

On May 28, 2009, the EMI Publishing Plaintiffs supplemented their song list following their review of the uncorrupted server data and also produced the copyright registrations for those additional compositions. The EMI Music Publishing Plaintiffs noted that a few additional plaintiffs would have to be added based on their review of the uncorrupted data, and requested again that MP3Tunes consent to their addition. MP3Tunes ignored the request. A copy of the EMI Publishing Plaintiffs' May 28 letter is attached hereto as Exhibit B.

To be clear, the nominal addition of these entities as plaintiffs will not require any additional discovery. These entities have no function other than to hold the copyrights in specific musical compositions. They do not enter into licenses or other agreements or engage in marketing activities, and there are no documents specific to these entities that would need to be requested or produced, other than the registration certificates, which have already been produced. They have no employees, officers or directors separate and apart from those of the EMI Publishing Plaintiffs, and so no additional depositions would need to be noticed or taken (and, in any event, substantive depositions have not yet even been noticed and are not scheduled to be completed until August 31 in light of Your Honor's recent extension of the discovery schedule, so MP3Tunes would not be prejudiced in its ability to conduct deposition discovery even if additional depositions were required, which they are not).

**Relevant Standard**

Federal Rule of Civil Procedure 15 directs that leave to amend "shall be freely given when justice so requires," and amendments are favored in order to facilitate a proper decision on the merits. See Junior Gallery v. Neptune Orient Line, 1997 U.S. Dist LEXIS 499 at *5 (S.D.N.Y. 1997). Unless a

# ■ PRYOR CASHMAN LLP

Honorable William H. Pauley
July 9, 2009
Page 3

defendant can establish undue delay, bad faith, prejudice or the futility of the amendment, a motion for leave to amend should be freely granted. Id.; Abrahamson v. Bd. Of Educ. Of the Wappingers Cent. Sch. Dist., 2002 U.S. Dist. LEXIS 11054 at *34 (S.D.N.Y. 2002) ("Plaintiffs ask for permission to amend their complaint to add more plaintiffs to the complaint. Since leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. R. 15(a), plaintiff may submit an amended complaint...").

Here, the only reason these additional plaintiffs were not named in the original complaint was because MP3Tunes had not yet produced its server data that would allow the EMI Publishing Plaintiffs to determine which of their compositions are at issue in this action. See Cortigiano v. Oceanview Manor Home for Adults, 227 F.R.D. 194, 201 (E.D.N.Y. 2005) (granting motion to amend complaint to add plaintiffs because claims are substantially similar). Moreover, for the reasons set forth above, and because the facts giving rise to the claims of the additional plaintiffs are identical as those of the current plaintiffs, the proposed amendment would not require defendants to expend significant additional resources to conduct discovery and prepare for trial, and would not significantly delay resolution of the case; therefore, the amendment would not unduly prejudice defendants. Cortigiano, 227 F.R.D. at 202; Junior Gallery, U.S. Dist LEXIS 499, at *15.

### The Parties Meet And Confer On This Issue

On June 19 and June 23, I conferred and met with counsel for MP3Tunes regarding the addition of these nominal plaintiffs as well as other discovery issues. MP3Tunes' counsel refused to consent to the addition of these entities as plaintiffs, claiming some generic "prejudice" without specifying any actual harm to MP3Tunes. I explained at length that there is no prejudice to MP3Tunes for the reasons outlined above. I further noted that there was no undue delay, given that, as a matter of temporal logic, the EMI Publishing Plaintiffs could not have determined the additional entities which would need to be added until *after* they had reviewed the server data produced by MP3Tunes, including the uncorrupted database, to determine which songs are at issue. The only other reason stated by MP3Tunes' counsel for refusing to consent was that MP3Tunes instructed them not to agree to the proposed amendment. A copy of the June 16, 2009 email chain preceding these discussions is attached as Exhibit C and my June 24, 2009 letter confirming the discussions is attached as Exhibit D. In light of Defendants' stubborn refusal to consent to such a request where the lack of prejudice or undue delay is patently obvious, the EMI Publishing Plaintiffs will seek to recover their costs in making such motion.

Application Granted. The Court will hold a pre-motion conference on
SO ORDERED: July 21, 2009 at 11:00 a.m.

Respectfully submitted,

Frank P. Scibilia

H. PAULEY III U.S.D.J.

cc (via facsimile):   John Dellaportas, Esq., counsel for defendant MP3Tunes
                      Greg P. Gulia, Esq., counsel for defendant MP3Tunes

**PRYOR CASHMAN LLP**

Honorable William H. Pauley
July 9, 2009
Page 4

        Andrew H. Bart, Esq., counsel for EMI Music Label Plaintiffs
        Carletta F. Higginson, Esq., counsel for EMI Music Label Plaintiffs

        Donald S. Zakarin, Esq., counsel for EMI Music Publishing Plaintiffs
        Mark Tamoshunas, Esq., counsel for EMI Music Publishing Plaintiffs
        Mona Simonian, Esq., counsel for EMI Music Publishing Plaintiffs