**DUANE MORRIS LLP**
Gregory P. Gulia
John Dellaportas
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000
*Counsel for Defendant*
*MP3tunes, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC., EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI FEIST CATALOG, INC., EMI GOLD HORIZON CORP., EMI GROVE PARK MUSIC, INC., EMI HASTINGS CATALOG, INC., EMI MILLS MUSIC, INC., EMI MILLER CATALOG, INC., EMI ROBBINS CATALOG, INC., EMI U CATALOG, INC., EMI UNART CATALOG, INC., JOBETE MUSIC CO., INC., SCREEN GEMS-EMI MUSIC, INC., STONE AGATE MUSIC, and STONE DIAMOND MUSIC,<br><br>Plaintiffs,<br>v.<br><br>MP3TUNES, Inc., and Michael Robertson,<br><br>Defendants. | CIVIL ACTION NO. 07-Civ. 9931 (WHP)<br>ECF Case |

## MP3TUNES' MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR
## FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Defendant MP3tunes, Inc. ("MP3tunes") respectfully submits this memorandum of law in support of its motion: (a) pursuant to Local Civil Rule 6.3, for reconsideration of that portion of the Court's Memorandum and Order dated October 16, 2009 (the "Order") granting Plaintiffs' "motion to amend the complaint" to add Michael Robertson back into the case as a defendant; or (b) in the alternative, pursuant to 28 U.S.C. § 1292(b), for certification of an interlocutory appeal to the United States Court of Appeals for the Second Circuit.

## Preliminary Statement

One of the more unseemly and unfortunate trends in the world of copyright litigation is for the Record Companies, in an attempt to prop up their dying business model, to sue not just the business undertaking Internet innovation but also the persons who work for, and invest in, those companies, as the mere threat of ruinous personal liability often wins cases that cannot possibly be won on the merits. The latest victim in this trend is Michael Robertson, who is now being sued for approximately $50+ <u>billion</u> in statutory damages for being the CEO of a company that offers a search engine like Google and a storage locker like an iTunes. However, if Plaintiffs are going to play this game, then they need to play by the rules, and the very first rule of New York long-arm jurisdiction and Constitutional due process – as set forth in the repeated rulings of the New York Court of Appeals and the Second Circuit – is that only someone who has <u>actually</u> <u>benefitted</u> from the alleged infringement can be sued.

In order to overcome this burden, plaintiffs misrepresented to the Court that "Robertson is the controlling shareholder of MP3tunes…." *See* Dkt. 3 at 17 (unredacted version). He is not. Mr. Robertson does not now, and has never owned, even a single share of the current defendant, MP3tunes, Inc., and there is nothing in the record to the contrary. Thus, even if mere ownership of shares in a company conducting business over the Internet constituted sufficient "benefit" to justify being haled into Court in a foreign jurisdiction – and Plaintiffs cite no precedent holding

that it could – there would be no jurisdiction over Mr. Robertson here.

Recognizing this fact, Your Honor, in his original, September 29, 2008 Memorandum and Order dismissing Mr. Robertson from the case, found that: "**although MP3tunes derives substantial revenue from interstate or international commerce, Robertson has not benefited from that revenue since he has not received a salary, bonus, or dividends from MP3tunes. Therefore, this Court does not have jurisdiction over Robertson under N.Y.C.P.L.R. § 302(a)(3).**" *See* Dkt. 48 at 8. This was and is the correct decision. Regardless of how one interprets Ms. Richards' two depositions, these facts remains unchanged. There is no evidence of any such financial benefit necessary to establish personal jurisdiction over Mr. Robertson. The Court should restore its original decision.

The Court was improperly induced to reverse its earlier, well-founded decision based on a quote from the April 9, 2008 deposition of Mr. Robertson (appended to Plaintiffs' papers), in which he testified that "at the time the Company commenced business operations" – testified elsewhere to be 2005 – he was a stockholder. *See* Dkt. 120 at 15. That is truthful and accurate testimony, but irrelevant to the instant motion, and provides zero basis to support Plaintiffs' false assertion that is Mr. Robertson is the controlling shareholder of MP3tunes. Had Plaintiffs bothered to ask any follow-up questions – which they had ample opportunity to do, "jurisdiction" being the sole subject of this deposition – they would have learned that he divested himself of those shares back in March 2006, more than three years ago. Since copyright liability, by statute, only goes back three years, 17 U.S.C. § 507, any liability based on such a "benefit" expired long before the filing of the Second Amended Complaint.

Even had it not expired, as noted above, no Court has ever held that the mere continued holding of shares of stock constitutes a "benefit." Indeed, several Courts, as noted below, have held that stock ownership by itself is insufficient. Given that Mr. Robertson has never received a

2

salary or bonus from MP3tunes or any shareholder dividends, and that MP3tunes has never made any profit, the "benefit" alleged by Plaintiffs here is a chimera.

In sum, manifest justice would ensue were Mr. Robertson forced to endure a trial, at which Plaintiffs would seek $50+ billion in statutory damages against him, when there never was any Constitutional basis for this Court to exercise personal jurisdiction over him at all, and when the Court was falsely induced to hold otherwise based on flat misrepresentations. If ever there were a situation justifying reconsideration and reversal, this would be it.

## Argument

### I. Standard for Reconsideration

"A movant requesting reconsideration pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Singer Co. B.V. v. Groz-Beckert KG (In re Singer Co., N.V.)*, 2002 U.S. Dist. Lexis 17069, at * (S.D.N.Y. Sept. 12, 2002) (citations omitted). However, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Id.* (citing *Dietrich v. Bauer*, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999)). As this Court has previously noted, reconsideration is warranted to "prevent manifest injustice." *Seippel v. Jenkins & Gilchrist, P.C.*, 2004 U.S. Dist. Lexis 21589, *5 (S.D.N.Y. Oct. 26, 2004) (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). MP3tunes meets this standard for reconsideration, and so its motion should be granted.

### II. The Court Overlooked A Controlling Factual Matter

#### A. The Court's Jurisdictional Finding Was Based On Plaintiffs' False Claim That Mr. Robertson Is A Current and Controlling Shareholder

MP3tunes does not disagree with the Court's articulation of the standard for personal

jurisdiction over a corporate officer under the agency theory established in *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460 (1988). As set forth by the New York Court of Appeals in that case, under New York law, individuals may be subject to jurisdiction "even if their dealings with the forum State were solely in the corporate capacity" because the "fiduciary shield doctrine" does not apply to the New York long-arm statute. *Id*. "However, the fact that New York does not adopt the fiduciary shield doctrine does not mean that a corporate officer is automatically subject to long-arm jurisdiction." *Packer v. TDI Sys., Inc.*, 959 F. Supp. 192, 199 n.6 (S.D.N.Y. 1997). Rather, the plaintiff still must show that the corporation transacted business in New York as the officer's agent. *See Retail Software Servs., Inc.*, 854 F.2d at 22 (finding corporation worked as a mere agent for corporate officer).

To assert long arm jurisdiction under *Kreutter's* agency theory, a plaintiff must show: "(1) that the corporation engaged in purposeful activities in New York in relation to the transaction; (2) <u>that the corporation's activities were performed for the benefit of the individual defendant</u>; (3) that the corporation's activities were performed with the knowledge and consent of the individual defendant; and (4) that the individual defendant exercised some control over the corporation." *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 389 (S.D.N.Y. 2006) (emphasis added). "[A] plaintiff must allege facts sufficient to establish <u>all four elements</u> of the agency test." *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 647 (S.D.N.Y. 2008) (emphasis added); *see also Anna Sui Corp. v. Forever 21, Inc.*, 2008 U.S. Dist. Lexis 73457, (S.D.N.Y. Sept. 25, 2008) (holding same); *Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628, 635 (S.D.N.Y. 2008) (holding same).

Consistent with the foregoing authorities, this Court has twice found that the second of the four elements – a personal benefit from the corporation's activities – is one which must be satisfied in order to establish personal jurisdiction over an individual defendant. *See Capitol*

4

*Records, Inc., et al. v. MP3tunes, LLC et ano*, 2008 U.S. Dist. Lexis 75329, *15 (S.D.N.Y. Sept. 29, 2008) (granting Mr. Robertson's motion to dismiss for lack of personal jurisdiction); *Capitol Records, Inc., et al. v. MP3tunes, LLC*, 2009 U.S. Dist. Lexis 96521, *26 (S.D.N.Y. Oct. 16, 2009) (reversing decision).

The Court based its determination that Mr. Robertson benefitted as a current shareholder of MP3tunes on a statement made in a deposition taken on April 9, 2008. *See* Dkt. # 120:15 n. 2. Here is the full exchange from which the excerpt derives:

> Q. Okay. At the time that the corporate entity, mp3tunes.com was created, did you have any more specific plans from what the company would do other than selling digital music files?
>
> A. No.
>
> Q. Okay. Did you perceive it to be an online music store?
>
> A. Yes.
>
> Q. And at the time that it was created, did it operate as an online music store?
>
> A. Yes.
>
> Q. Okay. <u>Roughly three years ago is when it went online</u>?
>
> A. Roughly.
>
> Q. And <u>at the time that it commenced business operations, who were the stockholders of the company</u>?
>
> A. I don't know.
>
> Q. Okay. Were you one of them?
>
> A. Yes, I was.

*See* Exhibit A to Declaration of Andrew H. Bart at 39:3-21 (emphases added).

In other words, the only thing Mr. Robertson testified to at his deposition that three years prior – *i.e.*, 2005 – he owned some shares. Plaintiffs' claim that Mr. Robertson is <u>currently</u> a <u>controlling</u> shareholder is without basis. As set forth in the accompanying Steiner Declaration, he is not. While this Court indicated it would "not delve into the structure of Robertson's shareholdings and accepts his testimony that he is a shareholder." (Dkt. # 120:15 n. 2), still it

5

would be manifestly unfair for the Court to bring Mr. Robertson back into the case based on Plaintiffs' distortion of the evidentiary record. Mr. Robertson should not have to pay the price for Plaintiffs' failure to abide by their duty of candor to the Court.

> **B. Mr. Robertson Never Received Any Benefit From MP3tunes' Activities in New York**

"[T]he mere fact that a nonresident defendant is a shareholder, or even controlling shareholder, of a corporation which is amenable to personal jurisdiction in New York does not, without more, subject him or her individually to personal jurisdiction under CPLR § 301." *Craig v. First Web Bill, Inc.*, 2004 U.S. Dist. Lexis 27432, *14-15 (E.D.N.Y. Nov. 29, 2004). As far as we are aware, no Court has ever held to the contrary.

*Craig* is directly on point. In that case, Judge Trager of the Eastern District of New York considered whether personal jurisdiction under *Kreutter*'s agency theory extended to the defendant corporation's officer/shareholder and held that a discernable benefit must have actually resulted in favor of the non-domiciliary defendant: "Even if it were to be found that *Kreutter*'s requirements of knowledge, consent, and control were satisfied, it is difficult to perceive how this transaction would work to accrue a benefit to [the defendant]. *Id*. at 37 (citing Second Circuit cases where personal jurisdiction under Kreutter depended upon an discernable benefit resulted in favor of the corporate officer); s*ee, e.g., Retail Software Services v. Lashlee*, 854 F.2d 18, 22 (2d Cir. 1988) (applying *Kreutter* agency theory where corporate officer defendants "<u>both benefitted</u>" from fraudulent purchase of franchise) (emphasis added); *Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc.*, 10 F. Supp. 2d 334, 341 (S.D.N.Y. 1998) (corporate officer defendants benefitted by receiving proceeds from their firm's fraudulent conveyance); *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 985 (S.D.N.Y. 1992) (President/majority shareholder "profits from Lares Research's business activities, including the

6

sale of the accused product.").

However, in cases where the tort does not work to benefit the defendant over whom jurisdiction is sought, an agency theory under *Kreutter* cannot stand. *See, e.g., Craig v. First Web Bill, Inc.*, 2004 U.S. Dist. Lexis 27432 (E.D.N.Y. Nov. 29, 2004) (finding no personal jurisdiction under *Kreutter* where "there was no pecuniary benefit flowing to [corporate officer], or even to the corporation"); *Packer v. TDI Sys.,* 959 F. Supp. 192, 201 n.9 (S.D.N.Y. 1997) (no personal jurisdiction where plaintiff failed to "establish that [corporate officer ] benefited from the specific New York transactions, as required by Kreutter"); *Arma*, 591 F. Supp. 2d at 647 (holding that *Kreutter* agency theory was not satisfied where corporate officer had not directly benefitted from corporation's alleged copyright infringement).

The facts that were before the Court show that Mr. Robertson never benefited from the allegedly infringing activities at MP3tunes. As this Court has noted, "Robertson has never received a salary or bonus from MP3tunes or any shareholder dividends." *Capitol Records, Inc. v. MP3tunes, LLC*, 2008 U.S. Dist. Lexis 75329, *13 (S.D.N.Y. Sept. 29, 2008). Indeed, there is no evidence at all in the record that even MP3tunes has drawn any benefit from the supposed copyright infringement, as the company has never earned a profit. Accordingly, Mr. Robertson cannot be seen as having benefitted from any acts of MP3tunes. The fact that Mr. Robertson is not a controlling shareholder, nor any type of shareholder, and has never received any salary, bonus or dividends from MP3tunes, is clearly controlling with regards to the issue of personal jurisdiction under *Kreutter*.

Had the Court considered the fact that Mr. Robertson has not benefited in any manner from MP3tunes' allegedly infringing activities, it could not have found that personal jurisdiction extended over Mr. Robertson. Indeed, to find jurisdiction where no benefit, pecuniary or otherwise, has resulted in favor of Mr. Robertson or indeed to MP3tunes is a manifest injustice.

7

### C. Mr. Robertson Owned No Shares During The Relevant Time Period

The statute of limitations for bringing an action for copyright infringement is three years. *See* 17 U.S.C. § 507 ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."). The statute of limitations for Plaintiffs' common law copyright actions is also three years. *See* N.Y. Civ. Prac. L. & R. § 214; *Carew v. Melrose Music, Inc.,* 92 F. Supp. 971 (S.D.N.Y. 1950). Plaintiffs filed their Third Amended Complaint against Mr. Robertson on October 23, 2009. *See* Dkt. # 121.

Thus, any alleged copyright infringement to be actionable must have occurred on or after October 23, 2006, and supposed "benefit" earned by Mr. Robertson in 2005 (and again, there was none), is legally irrelevant to the jurisdictional question.

To clear up any doubt as to this issue, created by Plaintiffs' failure to ask the obvious follow-up questions at Mr. Robertson's 2008 deposition, and then gross distortion of the record their own inadequate questioning created, MP3tunes respectfully submits the Declaration of R. Matthew Steiner ("Steiner Decl."). In it, Mr. Steiner verifies that MP3tunes LLC was founded on March 31, 2005, at which point Mr. Robertson did have a minority membership interest. *Id.* ¶¶ 2-3, Exh. 1. However, on March 16, 2006, MP3tunes LLC amended and restated its Limited Liability Agreement, at which point Mr. Robertson no longer held any ownership interest. *Id.* ¶¶ 2, 4, Exh. 2. Lastly, on January 25, 2008, MP3tunes LLC was converted to a Delaware C Corporation and changed its name "MP3tunes, Inc.," with Mr. Robertson still owning no shares *See* Steiner Decl. ¶¶ 2, 5, Exh. 3. This Court has already granted Plaintiffs ample jurisdictional discovery with which to rebut any of these facts, which are made plain in publicly-filed corporate records. As there is no rebuttal, reconsideration and reversal are warranted.

### III. In The Alternative, MP3tunes Should Be Granted Leave To File An Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)

In the event the Court is not willing to reconsider its second ruling regarding personal jurisdiction as it relates to Mr. Robertson, MP3tunes respectfully requests that the Court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the issue of whether this Court has personal jurisdiction over Mr. Robertson.

"A district court, in its discretion, may certify an otherwise unappealable order where the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) where an immediate appeal may materially advance the ultimate termination of the litigation." *United Rope Distributors, Inc. v. Line*, 785 F. Supp. 446, 453 (S.D.N.Y. 1992). "[P]ersonam jurisdiction is properly certifiable pursuant to the statute." *Id; see also Northland Paper Co. v. Mohawk Tablet Co.*, 271 F. Supp. 763, 770 (S.D.N.Y. 1967) (finding issue of personal jurisdiction "involves a controlling question of law as to which there is substantial ground for difference of opinion"). Thus, the issue of whether or not this Court has jurisdiction over Mr. Robertson involves a controlling question of law, and an immediate appeal would materially advance the ultimate resolution of this case. For example, if the Second Circuit finds that there is no jurisdiction over Mr. Robertson, then the matter against Mr. Robertson would be concluded. At the very least, there is a substantial ground for difference of opinion as to whether personal jurisdiction can be asserted against a corporate officer who derives no pecuniary benefit from the activities in the forum. This is evidenced by the Court's divergent rulings regarding this very same issue.

## Conclusion

For all of the foregoing reasons, the motion should be granted.

| | |
|---|---|
| Dated: New York, NY<br>October 30, 2009 | DUANE MORRIS LLP<br><br>By: _/s/_____<br>Gregory P. Gulia<br>John Dellaportas<br>R. Terry Parker<br>1540 Broadway<br>New York, NY 10036<br>(212) 692-1000<br><br>Edward M. Cramp (*pro hac vice*)<br>Michelle Hon (*pro hac vice*)<br><br>*Counsel for Defendant*<br>*MP3tunes, Inc.* |

# CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served by electronic service via ECF this 30th day of October, 2009:

>Andrew H. Bart
>Jenner & Block LLP
>919 Third Avenue, 37th Floor
>New York, NY 10022
>abart@jenner.com
>
>Frank P. Scibilia
>Pryor Cashman LLP
>410 Park Ave.
>New York, NY 10022
>fscibilia@pryorcashman.com

>/s/ R. Terry Parker
>_____

DM1\1941398.3