# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

CAPITOL RECORDS, LLC, *et al.,*

                              *Plaintiffs,*

MP3TUNES, LLC,  and
MICHAEL ROBERTSON

                             *Defendants.*

———————————————————————————

MP3TUNES, LLC,

                   *Counter-Claimant,*

CAPITOL RECORDS, LLC, *et al.,*

                   *Counter-Defendants.*

———————————————————————————

No. 07 Civ. 9931 (WHP)(FM)

ECF Case

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OR FOR CERTIFICATION OF INTERLOCUTORY APPEAL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT .............................................................................................................4

I.    Reconsideration Is A Narrow Remedy That Is Inappropriate In This Case ......................4

    A.    The Court Overlooked No Factual Matters .................................................5

        i.    The Court Considered The Issue of Robertson's Ownership
           Interest in MP3tunes And Ruled In Plaintiffs' Favor .................................5

        ii.    There Is No Dispute That Robertson Holds A Significant Financial
           Interest in MP3tunes .....................................................................7

    B.    The Court's Decision On The Motion To Amend Was Legally Correct.................9

        i.    MP3tunes Has Pointed To No Controlling Legal Authority that the
           Court Overlooked............................................................................9

        ii.    Robertson Is Subject to Personal Jurisdiction Because He Stood to
           Benefit from MP3tunes' Illegal Activity ..................................................10

II.    MP3tunes Does Not Meet The Standard For Certifying an Interlocutory Appeal ............13

    A.    MP3tunes' Argument Concerns Issues of Fact Not Law........................................14

    B.    No Reasonable Difference of Opinion Exists........................................................15

    C.    An Interlocutory Appeal Would Delay the Proceedings .......................................15

    D.    The Challenged Ruling Is Not a "Rare Exception" Justifying Immediate
        Appeal ...............................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A. I. Trade Fin., Inc. v. Petra Bank,*
   989 F.2d 76, 79-80 (2d Cir. 1993) ..........................................................................6

*Ameritrust Co. Nat'l Ass'n v. Dew,*
   151 F.R.D. 237, 238 (S.D.N.Y. 1993) .....................................................................5

*Anna Sui Corp. v. Forever 21, Inc.,*
   No. 07 Civ. 3235 (TPG), 2008 U.S. Dist. Lexis 73457 (S.D.N.Y. Sept. 25, 2008) ...............13

*Arma v. Buyseasons, Inc.,*
   591 F.Supp.2d 637, 648 (S.D.N.Y. 2008) ..............................................................12

*Carolco Pictures, Inc. v. Sirota,*
   700 F.Supp. 169, 170 (S.D.N.Y. 1988) ....................................................................5

*Century Pacific, Inc. v. Hilton Hotels Corp.,*
   574 F.Supp.2d 369, 371 (S.D.N.Y. 2008) ..............................................................14

*City of New York v. A-1 Jewelry & Pawn, Inc.,*
   247 F.R.D. 296, 356 (E.D.N.Y. 2007) ...................................................................18

*Consolidated Gold Fields, PLC v. Aglo Am. Corp. of South Africa,*
   713 F.Supp. 1457, 1476 (S.D.N.Y. 1989) ...........................................................5, 9

*Coopers & Lybrand v. Livesay,*
   437 U.S. 463, 475 (1978) ....................................................................................14

*Craig v. First Web Bill, Inc.,*
   No. 04 Civ. 1012 (DGT), 2004 U.S. Dist. Lexis 27432 (E.D.N.Y. Nov. 29, 2004) ..........11, 12

*Cromer Finance Ltd. v. Berger,*
   No. 00 Civ. 2284 (DLC), 2001 WL 935475 (S.D.N.Y. Aug. 16, 2001) ................................18

*Dietrich v. Bauer,*
   76 F.Supp.2d 312, 327 (S.D.N.Y. 1999) ..................................................................4

*Duravest, Inc. v. Viscardi, A.G.,*
   581 F.Supp.2d 628 (S.D.N.Y. 2008) .....................................................................13

*Editorial Musical Latino Americana, S.A., v. Mar Int'l Records, Inc.,*
   829 F.Supp. 62 (S.D.N.Y. 1993) ...................................................................9, 11, 12

*Flor v. BOT Fin. Corp.,*
   79 F.3d 281, 284 (2d Cir. 1996) ......................................................................14, 18

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
    763 F.2d 55, 57 (2d Cir. 1985).................................................................................7

*Hsin Ten Enter. USA, Inc. v. Clark Enters.*,
    138 F.Supp.2d 449, 452 (S.D.N.Y. 2000) ...........................................................6, 7

*In re Oxford Health Plans, Inc.*,
    182 F.R.D. 51, 53 (S.D.N.Y.1998) ......................................................................16

*In re Singer Company, N.V.*,
    No. 01 Civ. 0165 (WHP), 2002 U.S. Dist. Lexis 17069 at * 4 (S.D.N.Y. Sept. 12,
    2002) .......................................................................................................................5

*Kinetic Instruments, Inc. v. Lares*,
    802 F.Supp. 976, 985 (S.D.N.Y. 1992)...............................................................12

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21, 25 (1990)..........................................................................................15

*Kreutter v. McFadden Oil Corp.*,
    522 N.E.2d 40, 44 (1988)........................................................................10, 13, 16

*Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc.*,
    10 F.Supp.2d 334, 341 (S.D.N.Y. 1998) .............................................................12

*Luft v. Crown Publishers, Inc.*,
    772 F.Supp. 1378, 1379-80 (S.D.N.Y. 1991) .....................................................10

*Northland Paper Co. v. Mohawk Tablet Co.*,
    271 F.Supp. 763, 770 (S.D.N.Y. 1967)...............................................................17

*Packer v. TDI Sys., Inc.*,
    959 F.Supp. 192, 201 (S.D.N.Y. 1997)...............................................................12

*PDK Labs, Inc. v. Friedlander*,
    103 F.3d 1105, 1108 (2d Cir. 1997)......................................................................7

*Range Road Music, Inc. v. Music Sales Corp.*,
    90 F.Supp.2d 390, 392 (S.D.N.Y. 2000) ...............................................................5

*Retail Software Servs., Inc. v. Lashlee*,
    854 F.2d 18, 22 (2d Cir. 1988)............................................................................10

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502, 507 n.4 (2d Cir. 1994).....................................................................16

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*,
    No. 06-CV-15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007)....................14

*United Rope Distributors, Inc. v. Kimberly Line,*
    785 F.Supp. 446, 447 (S.D.N.Y. 1992).................................................................17

*Weissman v. Fruchtman,*
    124 F.R.D. 559, 560 (S.D.N.Y. 1989) ......................................................4, 5, 9, 13

*Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.,*
    964 F.2d 85, 89 (2d Cir. 1992)..........................................................................14

**STATUTES**

28 U.S.C. § 1292(b) .............................................................................................14, 15

**OTHER AUTHORITIES**

Local Rule 6.3...................................................................................................1, 4, 5, 9

Plaintiffs respectfully submit this memorandum of law in opposition to the motion of defendant MP3tunes, LLC ("MP3tunes") for reconsideration of this Court's Memorandum and Order dated October 16, 2009 (the "Order") and for certification of an interlocutory appeal.

## PRELIMINARY STATEMENT

On October 16, 2009, the Court issued an Order allowing Plaintiffs to add Michael Robertson as a defendant in this action.  The Court found that, at this stage of the litigation, Robertson was subject to personal jurisdiction in New York, and noted that Robertson "will be free to argue at trial that the evidence does not establish personal jurisdiction by a preponderance of the evidence."  In reaching its determination, the Court thoroughly reviewed the facts at issue and correctly applied existing law.

Although required by Local Rule 6.3 in order to lay a foundation for a motion for reconsideration, MP3tunes has pointed to no facts or controlling legal authority that the Court overlooked in reaching its determination.  Rather, MP3tunes submitted a new declaration, alleging facts that the Court had already considered.  In short, MP3tunes' brief reargues issues that the parties fully argued and that the Court fully considered on the underlying motion. Moreover, MP3tunes fails to raise *any* legal authority or *any* facts on the current motion that, even if previously overlooked, alter the outcome of the motion to amend.

In its brief in support of its motion for reconsideration, MP3tunes attempts to portray Robertson as the victim of a nebulous conspiracy on the part of an undefined set of "Record Companies" to stifle creativity and prevent innovation.  But Robertson is no victim.  Michael Robertson has made a career out of, and has grown rich from, perpetrating copyright infringement on a massive scale.  Several years ago, a court in this district held that another company that Robertson controlled, MP3.com, was liable for willful copyright infringement based on the company's operation of a website that offered free downloads of sound recordings

1

without a license or other legal authority. After that decision, Robertson sold MP3.com, netting himself well over a hundred million dollars in the process. Robertson learned that copyright infringement pays, and he has used the money he received from the sale of MP3.com to start another company, MP3tunes, whose business plan is once again based upon the deliberate misappropriation of the rights of copyright owners. Contrary to MP3tunes' assertions, the sideload website is nothing like Google and its storage locker is not like iTunes. Michael Robertson is a repeat willful copyright infringer, and naming him as a defendant is an attempt to receive *meaningful* relief from the very person who made the decision to implement the infringing features at issue in this case.

For more than a year, Robertson tried to hide his control over the infringing activities of MP3tunes. This was done in two primary ways. First, Robertson personally controlled MP3tunes' document production and refused to produce email files that provide proof of Robertson's personal involvement in and control over the activities of MP3tunes. Second, he personally controlled the deposition testimony of his employees by intimidating them into claiming they lacked any memory of creating the infringing features of MP3tunes.

The testimony of Emily Richards – given after she left the employ of MP3tunes and was thus beyond Robertson's control – finally put the lie to Robertson's assertions that he was not a principal actor behind MP3tunes' infringing activities. However, her testimony was only the beginning. On October 23, 2009, MP3tunes finally produced a subset of the documents requested more than a year ago. Even a preliminary review of those documents demonstrates that Robertson had an extraordinary degree of control over MP3tunes.

Unable to argue that Robertson did not control the company and its infringing activities, MP3tunes and Robertson now argue that Robertson does not own it. However, the issue of Robertson's stock ownership was squarely at issue on the Motion to Amend and is thus an

inappropriate basis for a Motion for Reconsideration. In their submissions to the Court, both parties addressed the issue of Robertson's stock ownership. In its initial brief on the Motion to Amend and on reply, Plaintiffs specifically argued that Michael Robertson personally controls and benefits from two trusts that together own the large majority of stock in MP3tunes. MP3tunes conceded Robertson's financial interest in MP3tunes and instead focused on whether the copyright infringement resulted in a tangible benefit to Robertson. As MP3tunes stated in its brief to this Court, "Plaintiffs have always known that Mr. Robertson was a stockholder, just as they have always known that he has never made a dime off that stock." MP3tunes' Opp. to Plaintiffs' Mot. to Amend at 8.

Apparently unhappy with this admission and with its earlier argument on this issue, on August 31, 2009, after oral argument, MP3tunes submitted an unauthorized letter brief addressing Robertson's purported lack of direct ownership of MP3tunes to which Plaintiffs responded on September 2, 2009. In its submission, MP3tunes argued that Robertson does not *directly* own shares of MP3tunes. But Robertson is a proper party regardless of whether he owned the shares directly or merely controlled the trusts that owned the shares. As briefed by Plaintiffs on the initial motion, Robertson need not *directly* own shares in order to control and benefit from them. The Court did not "overlook" these arguments; it rejected them. Thus, while MP3tunes now seeks to advance the very same arguments for a third time, it is not basing its motion for reconsideration on facts or legal authorities that were overlooked. Accordingly, the motion must be denied.

Finally, MP3tunes' request for permission to file an interlocutory appeal is frivolous. It has failed to show how an interlocutory appeal would advance the ultimate resolution of the case. Indeed, it is self-evident that an interlocutory appeal would delay such resolution. As the Court recognized in the Order, the cases against Robertson and MP3tunes are nearly identical, and

regardless of whether Robertson is a named defendant, he remains a crucial witness. Robertson will participate in the remaining discovery, motions, and trial in the same way whether he is a party or a principal. Indeed, MP3tunes' request for permission to pursue an interlocutory appeal belies its claims that it seeks a prompt resolution of this case. To create the potential of a delay of a year or more, while Robertson pursues an appeal, needlessly prolongs these proceedings and does nothing to promote judicial efficiency.

MP3tunes has failed to carry its burden to justify reconsideration of this Court's Order and has failed to satisfy the standard for an interlocutory appeal. As a result, the current motion should be denied.

## ARGUMENT

### I.    Reconsideration Is A Narrow Remedy That Is Inappropriate In This Case

A party moving for reconsideration of an order under Local Rule 6.3 bears a difficult burden. Courts in the Southern District are clear that "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Dietrich v. Bauer*, 76 F.Supp.2d 312, 327 (S.D.N.Y. 1999) (denying motion for reconsideration).

Under Local Rule 6.3, to be entitled to reconsideration the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237, 238 (S.D.N.Y. 1993); *Consolidated Gold Fields, PLC v. Aglo Am. Corp. of South Africa*, 713 F.Supp. 1457, 1476 (S.D.N.Y. 1989); *In re Singer Company, N.V.*, No. 01 Civ. 0165 (WHP), 2002 U.S. Dist. Lexis 17069 at * 4, (S.D.N.Y. Sept. 12, 2002).

A party may not "advance new facts, issues or arguments during a motion for reconsideration." *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989). The purpose

of Local Rule 6.3 is "to prevent the practice of a losing party examining and then plugging the gaps of a lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y. 1988); *Range Road Music, Inc. v. Music Sales Corp.*, 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000). Furthermore, Local Rule 6.3 "is not designed to allow wasteful repetition of arguments already briefed, considered, and decided." *Weissman*, 124 F.R.D. at 560.

## A.    The Court Overlooked No Factual Matters

In asking the Court to reconsider its recent Order, MP3tunes asserts that the Court overlooked the fact (1) that Robertson does not directly own shares in MP3tunes, and (2) that he never received a financial benefit from MP3tunes. *See* MP3tunes' Brief in Support of Motion for Reconsideration at 3-8. However, MP3tunes' raised both arguments while the motion to amend was pending, and the Court correctly rejected them after thorough consideration.

### i.    The Court Considered The Issue of Robertson's Ownership Interest in MP3tunes And Ruled In Plaintiffs' Favor

Although the parties dispute the exact nature of Robertson's financial interest in MP3tunes, the Court has already determined that Plaintiffs presented substantial evidence demonstrating that Robertson's ownership interest in MP3tunes is sufficient to subject him to personal jurisdiction. The ruling was correct, particularly at this stage of the litigation when all disputed facts are to be resolved in Plaintiffs' favor. *See A. I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993); *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F.Supp.2d 449, 452 (S.D.N.Y. 2000).

Much of the evidence that Robertson is a shareholder of MP3tunes came directly from the defendants in this case. Robertson, as this Court recognized on page 15 of the Order, explicitly acknowledged his ownership of stock in MP3tunes. In the current motion, MP3tunes selectively quotes from Robertson's deposition transcript in an attempt to create a misleading argument that Plaintiffs only asked Robertson about his ownership interest at the time MP3tunes

was founded.  *See* MP3tunes' Opp. to Plaintiffs' Mot. to Amend at 5 (quoting lines 39:3-21 of Robertson's April 9, 2008 jurisdictional deposition transcript).  MP3tunes fails to quote the lines that immediately follow:

> Q:  Okay.  Do you know who the directors of the company are today?
> A.  Yes.
> Q.  Who are they?
> A.  Me.
> Q.  Do you know who the stockholders of the company are today?
> A.  No.
> Q.  Okay.  Are there stockholders other than you?
> A.  Yes.
> Q.  Are there stockholders other than you or entities connected with you or your family?
> A.  Yes.
> Q.  Do you know any of them?
> A.  Yes.
> Q.  Can you tell me who you know?
> A.  Emily Richards.
> Q.  Okay.
> A.  David Busby.  That's it.

Bart Decl. in Support of Motion to Amend at ¶ 2 (Transcript of April 9, 2008 deposition of Michael Robertson) at 40:5 - 40:23.

Robertson clearly testified that he and entities connected with him and his family were stockholders of MP3tunes *at the time of his deposition*, and that the only other individuals who held stock in the company were David Busby and Emily Richards, who together appear to hold exactly 9% of the shares in the company.  *See* Decl. of R. Matthew Steiner, Esq. in Support of Motion for Reconsideration at ¶ 6.

Similarly, in its opposition to Plaintiffs' motion to amend, MP3tunes explicitly conceded that Robertson held stock in the company stating that "Plaintiffs have always known that Mr. Robertson was a stockholder...".  MP3tunes' Opp. to Plaintiffs' Mot. to Amend at 8. MP3tunes' efforts to parse Robertson's words at his deposition while ignoring its unequivocal representations to the Court are disingenuous.

Even if MP3tunes could create a disputed issue of fact regarding Robertson's ownership of MP3tunes' stock – and even if that factual dispute mattered (which it does not, *see* section (ii) below) – the Court must resolve all disputed facts in Plaintiffs' favor. *See Hsin Ten Enter. USA, Inc.* 138 F.Supp.2d at 452 (holding that all doubts are to be resolved in favor of party seeking to assert personal jurisdiction); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). MP3tunes has pointed to no controlling facts that the Court overlooked in making its determination. *See Order* at 15 n. 2 (expressly considering, and rejecting, MP3tunes' current argument). Therefore, its motion for reconsideration should be denied.

### ii.    There Is No Dispute That Robertson Holds A Significant Financial Interest in MP3tunes

In its motion for reconsideration, MP3tunes relies heavily on its argument that Robertson does not directly own shares in MP3tunes. Not only does this argument merely raise the same issue that the Court already fully considered, but this issue is irrelevant. While the parties dispute the exact nature of Robertson's ownership interest in MP3tunes, there is absolutely no dispute that, regardless of its exact nature, Robertson holds and controls a significant financial interest in the company. A key issue on personal jurisdiction based on agency is whether a corporate officer stood to benefit from a corporation's illegal activity. Robertson's undisputed financial interest in the company satisfies the requirements for subjecting him to personal jurisdiction.

In their brief in support of their motion to amend, Plaintiffs asserted that "Robertson is the controlling shareholder of MP3tunes" based on his control over and interest in the two trusts that together own the large majority of MP3tunes stock. *Id.* at 17. In the Bart Declaration in Support of their motion to amend, Plaintiffs submitted documentation to support their claim that Robertson controlled the SKL Trust and the Robertson Descendants Irrevocable Trust. *Id.* at

¶¶ 4, 5.[1]  In the reply brief in support of the motion to amend, Plaintiffs asserted that they had "presented evidence that, in addition to being CEO and sole director, Robertson is the controlling shareholder of MP3tunes – controlling well over 75% of the stock in the company." *Id.* at 5.

After oral argument on the motion to amend, MP3tunes submitted an unsolicited letter that argued that Robertson did not directly own shares in MP3tunes.  That letter did not address Robertson's interest in the trusts he controls (not surprisingly, neither does MP3tunes' current motion).  In their September 2, 2009 response to this letter, Plaintiffs once again established that even if Robertson does not directly own stock in the company, he possesses an interest in the trusts that own it.

Tellingly, neither MP3tunes nor Robertson has ever presented any fact to the Court to contradict Plaintiffs' evidence, and Robertson's interest in and control over the trusts has always been, and remains, undisputed.  As discussed in more detail below, the case law has never required direct stock ownership in order for an officer to be subject to personal jurisdiction. Rather, the case law clearly establishes that officers of a corporation may be subject to personal jurisdiction based on agency principles when the officer stood to benefit from the actions of the corporation.  *Editorial Musical Latino Americana, S.A., v. Mar Int'l Records, Inc.*, 829 F.Supp. 62 (S.D.N.Y. 1993) ("A corporate president who has a financial interest in the company and the ability to supervise or control an infringing activity will be held personally liable").  Controlling and benefiting from trusts holding 85% of a company surely satisfies this standard.

---

[1] Despite the explicit language of Local Rule 6.3 forbidding the submission of affidavits without court approval, MP3tunes has submitted an affidavit related to ownership of the company.  That affidavit, however, simply confirms Plaintiffs claims and shows that at its inception Robertson controlled, directly or indirectly, over 87% of the stock in MP3Tunes, that as of March 14, 2006 Robertson still controlled over 83% of the stock, and that as of October 29, 2009, Robertson controlled 85.2% of the stock.  *See* Decl. of R. Matthew Steiner, Esq. at Exhibits 1, 2 & 4.

The Court's decision on the motion to amend did not overlook any facts and was amply supported by the facts presented. As a result, the Court should deny MP3tunes' motion for reconsideration.

## B.    The Court's Decision On The Motion To Amend Was Legally Correct

In addition to arguing that the Court failed to consider that Robertson does not directly own stock in MP3tunes, MP3tunes also appears to reargue its position that Robertson needed to receive an actual monetary benefit from MP3tunes' illegal activity in order to be subject to personal jurisdiction in New York. Not only does MP3tunes continue to cite an incorrect legal standard, but it presented an identical argument in opposing the motion to amend. The Court rejected this argument, and MP3tunes has pointed to no legal authority that the Court overlooked in reaching its decision.

### i.    MP3tunes Has Pointed To No Controlling Legal Authority That the Court Overlooked

A motion for reconsideration under Local Rule 6.3 can only be granted where a Court overlooked controlling issues of law or fact put before it on the underlying motion. *Consolidated Gold Fields,* 713 F.Supp. at 1476. A motion for reconsideration under the local rules is not an excuse to reargue issues already considered when the original motion was resolved. *Weissman*, 124 F.R.D. at 560.

In arguing that an actual, realized benefit is necessary for personal jurisdiction under the New York long-arm statute, MP3tunes cites only a single case that constitutes controlling law. That case, *Retail Software Services v. Lashlee,* 854 F.2d 18 (2d Cir. 1988), does not support MP3tunes' position and was not overlooked by the Court. In *Retail Software Services*, the Second Circuit merely found that a corporate officer who controlled and benefited from corporate activity was subject to personal jurisdiction. *Id.* at 22. Furthermore, in that case the Second Circuit recognized that *Kreutter v. McFadden Oil Corp.* was controlling precedent in

9

analyzing a claim of jurisdiction based on agency and cited favorably to *Kreutter* for the proposition that a plaintiff "need only convince the court that [the company] engaged in purposeful activities in this State in relation to [the] transaction for the benefit of and with the knowledge and consent of the [defendant] and that [the defendant] exercised some control over [the company]." *Retail Software Services,* 854 F.2d at 22 (citing *Kreutter v. McFadden Oil Corp.* 522 N.E.2d 40, 44 (1988)).

This Court cited the very same passage in *Kreutter* in its Order. *Order* at 9-10. The Court did not overlook MP3tunes' legal authority; the authority was specifically addressed and found to support Plaintiffs' position. *Id.* at 10.

### ii.    Robertson Is Subject to Personal Jurisdiction Because He Stood to Benefit from MP3tunes' Illegal Activity

The Court found that Robertson is subject to personal jurisdiction under the New York long-arm statute because MP3tunes was acting as his agent. As the Court pointed out in the Order, proving agency for purposes of personal jurisdiction does not require a formal agency relationship, instead the Plaintiff need only establish some control over the infringing activity and a potential benefit involving the corporate officer. *Order* at 10 (citing *Kreutter* 522 N.E.2d at 44); *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, No. 02 Civ. 9586 (SAS), 2003 WL 21511957, at *3 (S.D.N.Y., July 1, 2003).

Finding jurisdiction based on such an agency analysis does not require that a defendant actually profit from illegal conduct. It is enough that the corporate officer has a financial interest in the corporation. *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F.Supp. 62, 66 (S.D.N.Y. 1993); *Luft v. Crown Publishers, Inc.*, 772 F.Supp. 1378, 1379-80 (S.D.N.Y. 1991) (corporate officer "had a 65 percent interest in the corporation and he was [defendant's] President. Surely, he benefited from the profitability of selling the infringing materials.").

10

MP3tunes cites heavily to *Craig v. First Web Bill, Inc.*, No. 04 Civ. 1012 (DGT), 2004 U.S. Dist. Lexis 27432 (E.D.N.Y. Nov. 29, 2004) for the proposition that a defendant must obtain a direct benefit to be subject to jurisdiction under the New York long-arm statute.  Not only did MP3tunes fail to raise *Craig* while the motion to amend was pending, but the case is not controlling and does not support MP3tunes' position.  In *Craig* a *pro se* plaintiff sued the chairman and CEO of his former company because the company had discontinued his life and long-term care insurance policy after the plaintiff's employment was terminated.  The court rejected personal jurisdiction on an agency theory in part because the defendant had no ownership interest in the company, but more importantly denied jurisdiction because there was no reason to believe that the termination of an insurance policy (for which the former employee, not the company, was responsible for paying premiums) could possibly result in any benefit to the corporation, let alone one of the individual defendants. *Id.* at *39-40.  The lack of *actual* benefit was not the critical factor in *Craig*, but rather it was the lack of any conceivable potential benefit.  In *Craig*, the court surveyed cases on personal jurisdiction and concluded that "[g]enerally, where the element of benefit is found, there is a discernable benefit which *could be expected* to emanate from the transaction, to the favor of the non-domiciliary defendant." *Id.* at 37 (emphasis added).

Craig is entirely consistent with the purpose of agency jurisdiction, which is to hold a culpable party responsible for tortious acts regardless of whether those acts were committed through an agent acting at the party's direction and in the party's interest.  *See, e.g., Editorial Musical Latino Americana, S.A.*, 829 F.Supp. at 66.  Allowing corporate officers to shield themselves from liability simply because their scheme proved unprofitable or because they hold their interest through a shell corporation or a trust defeats the purpose of agency jurisdiction under the New York long-arm statute.

Many of the cases that MP3tunes cites for its "actual benefit" standard say nothing about actual benefit at all. For example, in *Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc.*, 10 F.Supp.2d 334, 341 (S.D.N.Y. 1998) a defendant was subject to personal jurisdiction based on agency where the defendant owned shares in the company and helped negotiate a retainer agreement that was the subject of the dispute. *Id.* at 341. In reaching its decision, the Court relied on the fact that part of the purpose of the retainer agreement was to protect the defendant. *Id.* The Court never mentioned, let alone relied on, whether the contemplated benefit actually accrued to the defendant.

None of other cases that MP3tunes cites provide support for its position. *See Kinetic Instruments, Inc. v. Lares*, 802 F.Supp. 976, 985 (S.D.N.Y. 1992) (Finding personal jurisdiction where "the alleged patent infringement occurred with [defendant's] knowledge and consent and for his benefit, and that he exercised control over [the corporation] in the matter."); *Packer v. TDI Sys., Inc.*, 959 F.Supp. 192, 201 (S.D.N.Y. 1997) (finding jurisdiction based on agency will only exist where corporation is independently subject to jurisdiction); *Arma v. Buyseasons, Inc.*, 591 F.Supp.2d 637, 648 (S.D.N.Y. 2008) (finding no personal jurisdiction where plaintiff alleged only conclusory allegations about control); *Duravest, Inc. v. Viscardi, A.G.*, 581 F.Supp.2d 628, 635-36 (S.D.N.Y. 2008) (same); *Anna Sui Corp. v. Forever 21, Inc.*, No. 07 Civ. 3235 (TPG), 2008 U.S. Dist. Lexis 73457 (S.D.N.Y. Sept. 25, 2008) (denying motion to dismiss for lack of personal jurisdiction where plaintiff had adequately pled control over and financial interest in actions of corporation located in California).

Additionally, MP3tunes argues that this Court's September 29, 2008 ruling is somehow dispositive on the issue of whether Robertson stood to benefit from the illegal activities of MP3tunes. *See* MP3tunes' Brief in Support of Motion for Reconsideration at 7 (citing *Capitol Records, Inc. v. MP3tunes, LLC,* No. 07 Civ. 9931 (WHP), 2008 U.S. Dist. Lexis 75329 at *13

(S.D.N.Y. Sept. 29, 2008) (the "2008 Order")).  MP3tunes advanced an identical argument in its

unsolicited August 31, 2009 letter to the Court.  The Court considered and rejected the argument,

and it is thus an inappropriate basis for a motion for reconsideration.  *Weissman*, 124 F.R.D. at

560.  Moreover, the argument is meritless.  The passage that MP3tunes cites from the 2008

Order concerned whether Robertson "derived substantial revenue" within the state of New York

as required to subject him to personal jurisdiction as a principal actor under the New York long-

arm statute.  The issue of whether Robertson stood to benefit from the illegal activities of

MP3tunes for purposes of personal jurisdiction under the agency principles of *Kreutter v.

McFadden Oil Corp.* is a wholly different issue that the 2008 Order did not address.

MP3tunes has never disputed that Robertson stands to benefit from the success of

MP3tunes, and MP3tunes is no longer arguing that Robertson did not exercise control over the

infringing activities of the company.  As a result, as a substantive legal matter, Robertson is

subject to personal jurisdiction in New York.  *Kreutter,* 522 N.E.2d at 44.

## II.    MP3tunes Does Not Meet The Standard For Certifying an Interlocutory Appeal

As an alternative to its motion for reconsideration, MP3tunes seeks certification of the

issue for an interlocutory appeal.  The law authorizes interlocutory appeals in limited instances

where an otherwise unappealable order (1) involves a controlling question of law; (2) as to which

there is substantial ground for difference of opinion; and (3) where an immediate appeal may

materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  MP3tunes

has failed to satisfy any of the statute's requirements.

Although each of the factors set out in 28 U.S.C. § 1292(b) *must* be present in order to

certify an interlocutory appeal, the presence of all three of these factors does not mean that an

interlocutory appeal *should* be granted; that decision is left to the discretion of the district court.

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, No. 06-CV-15375 (KMK), 2007 WL 1119753, at

*1 (S.D.N.Y. Apr. 12, 2007) (refusing to certify interlocutory appeal).

      In choosing whether to exercise discretion to certify interlocutory appeals, the Supreme

Court has cautioned that only "exceptional circumstances [will] justify a departure from the basic

policy of postponing appellate review until after the entry of a final judgment." *Coopers &*

*Lybrand v. Livesay,* 437 U.S. 463, 475 (1978).  And the Second Circuit has cautioned that a

district court should "exercise great care in making a § 1292(b) certification." *Westwood*

*Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992); *see also Flor v.*

*BOT Fin. Corp.,* 79 F.3d 281, 284 (2d Cir. 1996) (use of the certification procedure should be

strictly limited because only exceptional circumstances justify a departure from the basic policy

of postponing appellate review until after the entry of a final judgment.); *Century Pacific, Inc. v.*

*Hilton Hotels Corp.*, 574 F.Supp.2d 369, 371 (S.D.N.Y. 2008) (denying request for interlocutory

appeal and stating that an interlocutory appeal is "a rare exception where, in the discretion of the

district judge, it may avoid protracted litigation.")

## A.    MP3tunes' Argument Concerns Issues of Fact Not Law

      In order to be eligible for an interlocutory appeal, a dispute must concern controlling

issues of law.  28 U.S.C. § 1292(b).  The bulk of MP3tunes' motion is spent arguing that the

Court overlooked *facts* that, had they been considered, would have changed the outcome on the

underlying motion, and as such, MP3tunes' application must be rejected.  As demonstrated

above, the Court did not overlook any facts that the parties presented on the motion to amend and

even considered facts raised in letters sent after oral argument.  The most that MP3tunes can

argue in good faith is that disputed (but ultimately immaterial) issues of fact exist as to

Robertson's precise financial interest in MP3tunes.  However, prior to trial, disputed facts are

resolved in Plaintiffs' favor.  Moreover, disputed issues of *fact* can never be grounds for an

interlocutory appeal, because the statute authorizes appeals only in cases where there is the possibility of a substantial disagreement *on a controlling issue of law*. 28 U.S.C. § 1292(b).

**B.      No Reasonable Difference of Opinion Exists**

To the extent that MP3tunes is asserting that the controlling legal issue is whether a defendant must receive an actual financial benefit from infringing activity prior to being subject to personal jurisdiction in New York, its argument is unsupported and fails to meet the standard for an interlocutory appeal.  The requirement that there be a "substantial ground for difference of opinion" is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult, and one of first impression in the Second Circuit.  *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990).

There is no disagreement, let alone substantial disagreement, on the standard for jurisdiction over a corporate officer based on an agency theory.  *Kreutter*, a case decided by the New York Court of Appeals, is the controlling law on this issue and it holds that a corporate officer is subject to personal jurisdiction along with the corporation when the corporate officer exercised control over the corporation and stood to benefit from the corporations' illegal activities.  *Kreutter*, 522 N.E.2d at 44.  As discussed in part I(B)(i)-(ii), *supra*, MP3tunes has pointed to no case to establish that there is any conflicting authority on the issue of personal jurisdiction or that this issue is a particularly difficult case of first impression.  *Klinghoffer*, 921 F.2d at 25

**C.      An Interlocutory Appeal Would Delay the Proceedings**

In order to be certified, an interlocutory appeal must advance the ultimate termination of the litigation.  This standard is only met when an "appeal promises to advance the time for trial or to shorten the time required for trial."  *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y.1998) (refusing to certify interlocutory appeal).

The Court has already found that adding Robertson to the case does not prolong the

proceedings:

> "There will be no undue delay or prejudice as a result of rejoining Robertson as a
> defendant.  Robertson has participated in all aspects of discovery because
> regardless of whether he was a defendant, he remained a central witness in the
> case.  Moreover, even if this Court were to deny Plaintiffs' motion, they would be
> free to bring a new suit against Robertson. *See Robinson v. Overseas Military
> Sales Corp.*, 21 F.3d 502, 507 n.4 (2d Cir. 1994) … Discovery has progressed in
> this action, at the expense of significant judicial resources.  Given that the parties
> should be close to a resolution on the merits, judicial economy and efficiency
> counsel that the issue of Robertson's liability for any copyright infringement that
> Plaintiffs can establish should be resolved at the same time as MP3tunes's
> liability."

Order at 15-16.

MP3tunes' request for certification of an interlocutory appeal exposes the tactical

underpinning of its positions in this case.  When it sees a tactical advantage, such as forcing

Plaintiffs to go to trial on an undeveloped factual record – a record that it has spent significant

resources trying to keep incomplete – MP3tunes opposes discovery extensions on the grounds

that this case has dragged on for too long.  But when it perceives that delay may help its founder

and controlling shareholder, MP3tunes is happy to propose a delay in the proceedings in order to

seek an unnecessary appeal.

The conduct of Robertson and MP3tunes are inextricably linked, and one cannot be tried

without implicating the other.  As the Court recognized in the Order, because Robertson is a

critical witness whose testimony will be required in this case, removing him as a defendant

would have no significant effect on the timing of these proceedings.  Moreover, having the case

proceed against MP3tunes, while Robertson pursues an appeal, would be an enormous waste of

the Court's and the parties' resources.

These facts are in marked contrast to the two cases that MP3tunes' cites in favor of its

application for an interlocutory appeal.  One of those cases involved a single defendant, so that

the issue of personal jurisdiction had the potential to eliminate the entire case. *Northland Paper Co. v. Mohawk Tablet Co.*, 271 F.Supp. 763, 770 (S.D.N.Y. 1967) ("Obviously, if the appellate court should determine that such jurisdiction does not lie, the litigation in this court would be terminated at once."). In the other case, the original defendant had failed to deliver 300,000 bales of twine to the plaintiff. The original defendant impleaded a third-party shipping company, claiming indemnity and contribution as a result of the fact that the ship carrying the bales of twine sank. *United Rope Distributors, Inc. v. Kimberly Line*, 785 F.Supp. 446, 447 (S.D.N.Y. 1992). The lack of a connection between the impleaded defendant and the plaintiff in *United Rope* meant that the dismissal of the impleaded defendant would have materially shortened the proceedings by eliminating the claims for contribution and indemnity. Dismissing Robertson from the case creates no similar benefit, and an interlocutory appeal will only create more work and more delay.

### D. The Challenged Ruling Is Not a "Rare Exception" Justifying Immediate Appeal

MP3tunes has given no reason why this case is one of the "rare exceptions" justifying an immediate appeal. Courts routinely hold that rulings on personal jurisdiction do not warrant interlocutory appeals. *See City of New York v. A-1 Jewelry & Pawn, Inc.*, 247 F.R.D. 296, 356 (E.D.N.Y. 2007) (denying interlocutory appeal on personal jurisdiction issues, and stating that denial may be warranted even when all three statutory factors are met); *Cromer Finance Ltd. v. Berger*, No. 00 Civ. 2284 (DLC), 2001 WL 935475 (S.D.N.Y. Aug. 16, 2001). Especially given that there is no reasonable disagreement over the controlling law and because an interlocutory appeal would only serve to delay the proceedings, MP3tunes has failed to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Flor*, 79 F.3d at 284.

17

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that MP3tunes' Motion For

Reconsideration or For Certification of Interlocutory Appeal be denied.

DATED:  November 13, 2009          Respectfully submitted,

By: _____/s_____

Andrew H. Bart
Carletta F. Higginson
Joseph J. McFadden
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022
tel. (212) 891-1690
fax (212) 891-1699

-and-

Steven B. Fabrizio
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
tel. (202) 639-6000
fax (202) 639-6066


*Attorneys for Plaintiffs Capitol Records, LLC,*
*Caroline Records, Inc, EMI Christian Music*
*Group Inc., Priority Records LLC, Virgin Records*
*America, Inc.*


By: _____/s_____

Donald S. Zakarin
Frank P. Scibilia
Mark A. Tamoshunas
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, New York  10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for the Beechwood Music Corp.,*
*Colgems-EMI Music Inc., EMI April Music Inc.,*

18

*EMI Blackwood Music, EMI Full Feel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, Inc., EMI Gold Horizon Corp., EMI Grove Park Music, Inc. EMI Hastings Catalog, Inc., EMI Mills Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, Inc., Jobete Music Co., Inc., Screen Gems-EMI Music, Inc., Stone Agate Music, and Stone Diamond Music*

## CERTIFICATE OF SERVICE

Joseph J. McFadden, an attorney, hereby certifies and/or states on oath that the within

*Plaintiffs' Memorandum Of Law In Opposition To Defendant's Motion For Reconsideration Or*

*For Certification Of Interlocutory Appeal* was served on the below named individual(s) and law

firm(s) via electronic mail, the Court's Electronic Filing System, and overnight mail delivery on

this 13th day of November, 2009:

John Dellaportas, Esq.
Gregory P. Gulia, Esq.
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036


Edward M. Cramp, Esq.
Michelle Hon, Esq.
**DUANE MORRIS LLP**
101 West Broadway, Suite 900
San Diego, CA  92101

_____
Joseph J. McFadden