USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CAPITOL RECORDS, INC. et al., :

                Plaintiffs, : 07 Civ. 9931 (WHP)

-against- : MEMORANDUM AND ORDER

MP3TUNES, LLC et al., :

                Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs bring this copyright infringement action against Defendants MP3tunes, LLC ("MP3tunes") and Michael Robertson ("Robertson"). By Memorandum and Order dated October 16, 2009 (the "Order"), this Court, inter alia, granted Plaintiffs' motion to rejoin Robertson as a defendant in this action. See Capitol Records, Inc. v. MP3tunes, LLC, 07 Civ. 9931 (WHP), 2009 WL 3364036 (S.D.N.Y. Oct. 16, 2009). Defendants now move for reconsideration of that portion of the Order or, in the alternative, pursuant to 28 U.S.C. § 1292(b), for certification of an interlocutory appeal to the Second Circuit. For the following reasons, Defendants' motion is denied.

DISCUSSION

I. Reconsideration

        A motion for reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "cannot

assert new arguments or claims which were not before the court on the original motion." Koehler v. Bank of Berm. Ltd., No. M 18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). Reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The standard for reconsideration is strict and the decision is "within the sound discretion of the district court." Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004).

Defendants do not contend that this Court overlooked any controlling legal authority in rejoining Robertson as a defendant. Rather, they argue that this Court did not consider evidence that Robertson is not a shareholder of MP3tunes. That argument was made by MP3tunes and rejected by this Court on the earlier motion. By letter dated August 31, 2009, MP3tunes informed the Court that "Mr. Robertson owns no stock in MP3tunes." That letter, and a response by Plaintiffs dated September 2, 2009, were considered by the Court. Those letters are being docketed with the Clerk.

The declaration of R. Matthew Steiner on the subject of Robertson's stock ownership does nothing but attempt to bolster an old argument. A motion for reconsideration under Local Rule 6.3 is not a vehicle to offer additional support for an argument rejected previously by the Court. See De Los Santos, 1998 WL 788781, at *1. Local Rule 6.3 "is not designed to allow wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989.) Accordingly, MP3tunes' motion for reconsideration is denied.

2

II. Interlocutory Appeal

A district court may certify an order for immediate interlocutory appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); In re S. African Apartheid Litig., 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009). Appeal is limited to those instances "where the movant demonstrates the existence of 'exceptional circumstances' sufficient to overcome the 'general aversion to piecemeal litigation.'" In re S. African Apartheid, 624 F. Supp. 2d at 339 (citations omitted). A district court must consider the institutional efficiency of the federal judiciary when evaluating an application for interlocutory appeal. See In re Currency Conversion Fee Antitrust Litig., M 21-95 (WHP), 2005 WL 187012, at *3 (S.D.N.Y. Aug. 9, 2005).

The issue presented by MP3tunes' request is one of fact, not law. Defendants' briefing focuses almost entirely on the fact dispute and does not raise any reasonable disagreement over the controlling law. Moreover, judicial efficiency will not be served by an interlocutory appeal. Even if the Second Circuit concluded that this Court did not have jurisdiction over Robertson, he would nevertheless be involved in all aspects of discovery because he is a central witness. Finally, as this Court noted in its prior memorandum and order, Plaintiffs would be free to bring a new suit against Robertson were he dismissed from this action. Capitol Records, 2009 WL 3364036 at *9; see also Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 n.4 (2d Cir. 1994.)

In short, MP3tunes has failed to show the "exceptional circumstances" required to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).

## CONCLUSION

For the foregoing reasons, MP3tunes' motion for reconsideration or, in the alternative, for certification of an interlocutory appeal is denied.

Dated: December 14, 2009
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*

Andrew H. Bart, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022
*Counsel for Plaintiffs*

Gregory P. Gulia, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
*Counsel for Defendants*