UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CAPITOL RECORDS, INC., et al.,                :

                Plaintiffs,            :    **ORDER**

   - against -                                          :    07 Civ. 9931 (WHP) (FM)

MP3TUNES, LLC, et al.,                        :

                Defendants.          :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        The plaintiffs in this action allege that the defendants have violated their rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

        A host of discovery disputes has arisen since Judge Pauley first referred the matter to me in 2008. During a discovery conference on January 14, 2010, I reserved decision on several such issues. The most complicated of these concerns the proper scope of discovery related to the plaintiffs' damages. The plaintiffs have challenged two of the defendants' document requests, contending that the defendants are not entitled to the extensive documentation they seek concerning the historical sales and profitability of the copyrighted works because the plaintiffs seek only statutory damages.

        Under 17 U.S.C. § 504, a plaintiff may elect to seek statutory rather than actual damages at any point before the court enters final judgment. See 17 U.S.C. § 504(c)(1). "An award of statutory damages is particularly appropriate where actual damages are difficult to prove." Van Der Zee v. Greenidge, 03 Civ. 8659 (RLE), 2006 U.S. Dist. LEXIS 400, at *3 (January 6, 2006). Although any statutory damages award must conform to the monetary limits of the statute, the court may consider a wide range of factors in determining where on that continuum its award should lie. See N.A.S. Import, Corp. v. Chenson Enterprises, Inc., 968 F.2d 250, 252 (2d Cir. 1992) ("[A] court may consider the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind-whether willful, knowing, or merely innocent.") (internal citations omitted).

The court is not required, however, to consider actual damages in determining a statutory damages award. See e.g., Pearson Education, Inc. v. Nugroho, No. 08 Civ. 9034 (DAB)(AJP), 2009 WL 3429610, at *6 (S.D.N.Y. Oct. 27, 2009) (awarding the minimum statutory damages without considering actual damages); Starbucks Corp. v. Morgan, 99 Civ. 1404 (LLS)(AJP), 2000 WL 949665, at *2 (S.D.N.Y. July 11, 2000) (awarding damages following defendant's default without considering actual damages). Indeed, the court may award statutory damages "without proof of plaintiff's actual damages" or even "proof of any damages." Pearson, 2009 WL 3429610, at *5. As one leading commentator has noted, "a copyright owner may elect to recover statutory damages . . . regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and even if he has intentionally declined to offer such evidence although it was available." 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[A] (2009 ed.).

In this case, the plaintiffs have relinquished their right to assert actual damages, choosing to pursue only statutory damages. They argue that the documents the defendants request are therefore irrelevant because a court is not required to consider actual damages in order to make a statutory damages award. The plaintiffs further contend that the defendants have not demonstrated how the requested documents would help prove the plaintiffs' actual damages.

As the facts of this case demonstrate, the means by which music is sold have changed considerably in recent years. In light of these changes, the defendants have not adequately explained how historical profitability data would help a finder of fact determine the plaintiffs' actual damages during the relevant period. Moreover, the defendants' requests would require the plaintiffs to produce an enormous number of documents. One of the factors a court must weigh in deciding whether to grant a discovery request is whether the burden or expense outweighs the likely benefit. See Fed. R. Civ. P. 26(b)(2)(c)(iii). Here, because the Court need not consider actual damages in determining statutory damages, the relevance of the documents requested by the defendants is limited and the burden of production would be great. For these reasons, the application to compel the production of documents responsive to the Defendants' Requests for Production Nos. 32-33 is denied.[1]

Turning to the other issues on which I reserved decision during the January 14, 2010 conference, my rulings are as follows:

---

[1] The defendants' papers rely upon an order issued by Magistrate Judge Wistrich in UMG Recordings, Inc. v. MySpace, Inc., No. CV 06-7361 (AHM) (C.D. Cal. Mar. 17, 2008). To the extent that order suggests a different result here, I respectfully decline to follow it.

        1.        The defendants' objections to the plaintiffs' document requests relating to the trusts are overruled.

        2.        The defendants' objections to the EMI Labels' Response to Defendants' Requests for Admission are overruled.

SO ORDERED.

Dated:      New York, New York
                 January 22, 2010

                                                 FRANK MAAS
                                    United States Magistrate Judge

Copies to:

Hon. William H. Pauley
United States District Judge

Andrew H. Bart, Esq.
Joseph McFadden, Esq.
Jenner & Block LLP
Fax: (212) 891-1699

Frank P. Scibilia, Esq.
Jake Radcliffe, Esq.
Pryor Cashman LLP
Fax: (212) 798-6375

John Dellaportas, Esq.
Gregory P. Gulia, Esq.
Robert Terry Parker, Esq.
Duane Morris LLP
Fax: (212) 692-1020 / (619) 744-2201