# JENNER&BLOCK

January 27, 2010

**VIA FACSIMILE**

Honorable Frank Maas
U.S. Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/1_

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Andrew H. Bart
Tel 212 891-1645
Fax 212 909-0805
abart@jenner.com

Chicago
Los Angeles
New York
Washington, DC

Re: *Capitol Records, LLC, et al. v. MP3tunes, LLC, et al., No. 07 Civ. 9931 (WHP) (FM)*

Dear Judge Maas:

We represent the EMI Label Plaintiffs and write to respectfully request clarification of this Court's Order dated January 22, 2010, which, *inter alia,* denied Defendants' application to compel the production of documents responsive to the Defendants' Requests for Production Nos. 32-33 (the "Requests").

The Court will recall that the Requests sought two related types of materials. First, they sought information about the number of recordings of the works at issue that have been sold or distributed by the EMI Label Plaintiffs. Second, they sought historical information about the sales and profitability of those works.

Plaintiffs objected to the Requests and contended that Defendants are not entitled to the extensive documentation they seek concerning the historical sales and profitability of the copyrighted works for two primary reasons. First, as to claims of infringement relating to sound recordings first fixed after February 15, 1972, the EMI Label Plaintiffs will seek only statutory damages. Second, as to claims of infringement relating to those works for which statutory damages were not available (primarily sound recordings first fixed prior to February 15, 1972), the EMI Label Plaintiffs will not be presenting a claim of actual damages based on historical sales or profitability. Indeed, Defendants never articulated a basis as to how the historical sales or profitability information could be used to calculate actual damages on the facts presented in this case.

In the January 22 Order, the Court found that Plaintiffs "have relinquished their right to assert actual damages, choosing to pursue only statutory damages." Order at p. 2. Accordingly, "[b]ecause the Court need not consider actual damages in determining statutory damages, the relevance of the documents requested by the defendants is limited and the burden of production would be great," the Court denied Defendants' application to compel production of documents responsive to the Requests. *Id.*

Honorable Frank Maas
January 27, 2010
Page 2

As reflected in our submissions on this issue, the EMI Label Plaintiffs have never waived their right to seek actual damages as to sound recordings first fixed before February 15, 1972. Such pre-1972 sound recordings were not subject to federal copyright protection and therefore are ineligible for statutory damages. Thus, as noted in our prior submissions, for those works, the EMI Label Plaintiffs will be presenting a claim of actual damages. *See* letters from Plaintiffs' counsel to this Court dated October 21, 2009 and January 5, 2010. However, that claim will not be based on historical sales or profitability. Rather, it will be based on lost licensing revenue.

We respectfully submit that the decision rendered by Your Honor denying the motion to compel responses to the Requests is still proper given that the Requests seek non-probative information. However, to avoid confusion later in the proceeding, the EMI Label Plaintiffs seek clarification from this Court that its January 22 Order does not bar the EMI Label Plaintiffs from pursuing actual damages in the form of lost licensing revenue attributable to their pre-1972 sound recordings.

Respectfully submitted,

Andrew H. Bart

*[Handwritten annotation: You are correct. I reject any confusion my order may have caused. Maas, USMJ 1/27/10]*

AHB:
cc:  Gregory Gulia, Esq. (*by electronic mail*)
     Edward M. Cramp, Esq. (*by electronic mail*)
     Frank P. Scibilia, Esq. (*by electronic mail*)
     M. Mona Simonian, Esq. (*by electronic mail*)