UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CAPITOL RECORDS, INC., et al.,              :

                     Plaintiffs,              :   07 Civ. 9931 (WHP)

   -against-              :   ORDER

MP3TUNES, LLC, et al.,              :

                     Defendants.              :
----------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

       By Order dated January 22, 2010 (the "Discovery Order"), Magistrate Judge Frank Maas denied Defendants' application to compel production of documents responsive to two requests seeking documents related to historical sales and profitability of the more than 20,000 EMI-Copyrighted Songs at issue in this litigation. (See Order dated Jan. 22, 2010 ("Disc. Order") at 2.) Specifically, those documents requests are:

- Request No. 32: All documents and things referring or relating to sales and profitability information for any EMI-Copyrighted Song at issue in this litigation; and

- Request No. 33: All documents and things referring or relating to the number of recordings of the EMI-Copyrighted Songs at issue in this litigation sold or distributed by any of the EMI Plaintiffs.

       Defendants object to the Discovery Order. For the following reasons, Defendants' objections are overruled.

## DISCUSSION

       The Federal Magistrate's Act, 28 U.S.C. §§ 631-639, and Rule 72 of the Federal Rules of Civil Procedure provide the standard for review of a magistrate judge's order. With

1

respect to nondispositive matters, a district judge shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). A party seeking to overturn a nondispositive ruling under the "clearly erroneous" standard generally bears a "heavy burden." Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990).

Pretrial discovery issues are nondispositive matters and are reviewable under the "clearly erroneous" standard. See Hora v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A finding is "clearly erroneous" if the reviewing court is left with the "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. United Gypsum Co., 333 U.S. 364, 395 (1948)).

The Magistrate Judge denied Defendants' document requests for three reasons. First, the Magistrate Judge found that Defendants failed to explain how historical profitability data would help determine actual damages during the relevant period. Second, the Magistrate Judge noted that Plaintiffs are only seeking statutory damages for the bulk of the allegedly infringed works and thus the relevance of discovery on actual damages would be of limited utility. Finally, the Magistrate Judge concluded that the burden of producing documents responsive to the requests far outweighed their potential probative value. Taken together, these reasons provide a solid basis for the Magistrate Judge's ruling.

With respect to the usefulness of the requested discovery, the Magistrate Judge found that "[D]efendants have not adequately explained how historical profitability data would help a finder of fact determine the plaintiff's actual damages during the relevant period." (Disc. Order at 2.) The Magistrate Judge noted that "the means by which music is sold have changed considerably in recent years" and Defendants have failed to articulate how they would be able to

take historical profitability data, screen out the plethora of other factors impacting profitability—including internet piracy by parties other than Defendants—and calculate actual damages. (Disc. Order at 2; Declaration of Gregory P. Gulia dated Feb. 5, 2010 Ex. 13: Transcript of Status Conference dated Jan. 14, 2010 at 23.)

In a belated attempt to explain how the requested discovery would show actual damages, Defendants submitted the Declaration of Laura B. Stamm ("Stamm") dated January 29, 2010 ("Stamm Decl."). Because Defendants proffer this declaration for the first time on appeal, this Court declines to consider it. See Dodd-White v. Lenox Hill Hosp., No. 02 Civ. 5749 (WHP), 2005 WL 1081443, at *1 n.1 (S.D.N.Y. May 10, 2005); Johnson v. Equifax Risk Mgmt. Servs., No. 00 Civ.7836 (HB), 2004 WL 540459, at *3 (S.D.N.Y. Mar. 17, 2004). However, even if this Court were to consider the declaration, it would not change this Court's analysis. It does no more than state that Stamm has requested, inter alia, the documents at issue and does not explain how they would be used. (Stamm Decl. ¶ 5.) Defendants would simply have this Court take Stamm's ipse dixit that the documents would provide a reliable platform to calculate actual damages.

Defendants contend that the Magistrate Judge inappropriately placed on them the burden to show the relevance of the documents sought. Yet "[t]he information sought by Defendant[s] does not become relevant merely because Defendant[s] speculate[] that it might reveal useful material." Surles v. Air France, No. 00 Civ. 5004 (RMB)(FM), 2001 WL 1142231, at *2 (S.D.N.Y. Sept. 27, 2001). And there is much in the record suggesting that the documents would not be helpful to show actual damages. Defendants having failed to establish that the requested documents would reveal relevant information, the Magistrate Judge's conclusion is not clearly erroneous.

3

Contrary to Defendants' assertion, the Magistrate Judge's conclusion that Plaintiffs "have relinquished their right to assert actual damages, choosing to pursue only statutory damages," bolsters his conclusion on relevance. (Disc. Order at 2.) While, in some cases, courts have considered plaintiffs' actual damages as a "factor" in the statutory damages analysis, no authority requires a showing of actual damages. See, e.g., Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110 (2d Cir. 1986). Indeed, the statutory damages scheme was adopted to allow recovery when actual damages cannot be easily determined. See UMG Recordings, Inc. v. MP3.com, Inc., No. 00 Civ. 472 (JSR), 2000 WL 1262568, at *5 (S.D.N.Y. Sept. 6, 2000) ("Plaintiffs did not pursue . . . any . . . way of showing actual damages. Of course, they are not required to: that is why, among other reasons, Congress provided statutory damages. But in determining the level of statutory damages, the Court views the absence of any proof of actual damages as a mitigating factor favorable to the defendant.")

As the Magistrate Judge clarified in an endorsement dated January 28, 2010, Plaintiffs have not relinquished their right to seek actual damages for works fixed before February 15, 1972. Federal copyright law providing for statutory damages does not reach back to cover works fixed before that date and, thus, Plaintiffs' only option for recovery for pre-1972 works is actual damages. However, for these pre-1972 works, Plaintiffs are seeking actual damages based only on lost licensing revenue—calculated by applying a licensing fee to each infringing downloads—rather than lost sales. (Declaration of Gregory P. Gulia dated Feb. 5, 2010 Ex. 8: Transcript of Status Conference dated Oct. 22, 2009 at 39-40.) Thus, because the claims for pre-1972 works are not based on sales or profitability, the Magistrate Judge's conclusion that the requests seek non-probative information applies with equal force. To the

4

extent that Defendants wish to pursue discovery related to Plaintiffs' licensing revenue, that matter is not currently before this Court and should be addressed with the Magistrate Judge.

Finally, this Court notes that the Magistrate Judge separately weighed the burden and expense of the requested discovery against the likelihood that that discovery would yield relevant evidence, as required by Fed. R. Civ. P. 26(b)(2)(c)(iii). The requested discovery seeks "[a]ll documents and things referring or relating to sales and profitability information" as well as "the number of recordings . . . sold" for the works at issue, which number greater than 20,000. The Magistrate Judge reasonably noted that responding to these requests would require production of an "enormous number of documents." (Disc. Order at 2.) Balancing this burden against the likelihood that documents produced in response to these requests would yield admissible evidence, the Magistrate Judge concluded that any benefit was outweighed by the burden.[1] That conclusion is not "clearly erroneous."

---

[1] It is worth noting that the scale of the production sought in the two orders upon which Defendants most heavily rely, UMG Recordings, Inc. v. Myspace, Inc. and UMG Recordings, Inc. v. Lindor, was markedly more circumscribed than that sought by Defendants here. In UMG Recordings, Inc. v. Myspace, Inc.—an unreported opinion from the Central District of California—the Magistrate Judge ordered only "productions of summaries, reports, and analysis" and not "day-to-day transactional documents such as check, invoices, etc." No. CV 06-7631 (C.D. Cal. Mar. 17, 2008). That order further provided that "UMG is not required to create documents that do not already exist." Likewise, in UMG Recordings, Inc. v. Lindor, No. 05 Civ. 1095 (DGT) (RML) (E.D.N.Y. Nov. 25, 2007), the Magistrate Judge's docket entry ordered the plaintiffs to answer an interrogatory by listing "all expenses" incurred in connection with the thirty-eight song recordings at issue in that litigation.

5

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Discovery Order is affirmed and Defendants' Rule 72 objections are overruled.

Dated: April 12, 2010
   New York, New York

SO ORDERED:

*[signature]*
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*

Andrew H. Bart, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022

Donald S. Zakarin, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
*Counsel for Plaintiffs*

Gregory P. Gulia, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
*Counsel for Defendants*