USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CAPITOL RECORDS, INC. et al., : 07 Civ. 9931 (WHP)

              Plaintiffs, : ORDER

-against- :

MP3TUNES, LLC et al., :

             Defendants. :
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

      The EMI Music Publishing Plaintiffs move to disqualify one of Defendants' proffered experts, Laura B. Stamm of the Analysis Group. Plaintiffs argue that Stamm should be disqualified because she worked as a consultant for EMI Music Publishing on an unrelated matter prior to her engagement by Defendants. For the following reasons, Plaintiffs' motion is denied.

## DISCUSSION

      "The Court has the inherent power to disqualify an expert witness when such relief is warranted." Rodriguez v. Pataki, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003). However, "instances of expert disqualification are rare, and courts have not developed the kind of bright line rules for expert disqualification as there are in attorney conflict cases." Grioli v. Delta Intern. Machinery Corp., 395 F. Supp. 2d 11, 13 (E.D.N.Y. 2005). Where, as here, the disqualification is sought because the expert previously was retained by another party, "the movant bears the burden of establishing (1) that it was objectively reasonable for the movant to believe that it had a confidential relationship with the expert and (2) that the movant's

confidential information was in fact disclosed to the expert." Rodriguez v. Pataki, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003).

While Stamm is subject to a confidentiality agreement with EMI Music Publishing, the EMI Plaintiffs cannot show that the information she received is confidential information sufficient to warrant expert disqualification. (Declaration of Laura B. Stamm dated March 24, 2010, ¶5.) "Confidential information, in the context of expert disqualification, includes: 'discussion of the [retaining party's] strategies in the litigation, the kinds of expert [the party] expected to retain, [the party's] views of the strengths and weaknesses of each side, the role of each of the [party's] witnesses to be hired, and anticipated defenses.'" United States ex rel. Cherry Hill Convalescent Center, Inc., 994 F. Supp. 244, 250 (D.N.J. 1997) (quoting Koch Refining Co. v. Boudreau, 85 F.3d 1178, 1182 (5th Cir. 1996).) "[P]urely technical information is not confidential." Koch, 85 F.3d at 1182.

Stamm did not receive any information regarding the prosecution of this litigation during her EMI consulting engagement and her consulting work for EMI had nothing to do with this case. Indeed, the EMI Plaintiffs cannot even identify any works at issue in this litigation that were included in Stamm's analysis of royalties for EMI Music Publishing.

If Stamm produces a report that the EMI Plaintiffs believe contains information derived from her earlier consulting relationship, then they can file an appropriate in limine motion.

For the forgoing reasons, the EMI Music Publishing Plaintiffs' Motion to Disqualify Laura B. Stamm as an expert for Defendants in this action is denied.

Dated: April 15, 2010
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Andrew H. Bart, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022

Jacob B. Radcliff, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036
*Counsel for Plaintiffs*

Gregory P. Gulia, Esq.
John Dellaportas, Esq.
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
*Counsel for Defendants*

*Copy Mailed to:*
Hon. Frank Maas