USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/28/10

**Duane**Morris

JOHN DELLAPORTAS
DIRECT DIAL: 212.692.1062
FAX: 212.692.1012
E-MAIL: dellajo@duanemorris.com

www.duanemorris.com

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

**BY FACSIMILE**

June 28, 2010

Hon. Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten note:]* Professor Horowitz shall be deposed on 8/3/10. The date for the submission of pre-Motion letters to Judge Pauley is extended to August 20, 2010.
F. Maas, USMJ, 6/28/10

Re:    **Capitol Records, LLC et al. v. MP3tunes, LLC, 07 Civ. 9931 (WHP) (FM)**

Dear Magistrate Judge Maas:

We respectfully submit this letter on behalf of Defendants in response to Plaintiffs' letter of June 25, 2010 seeking a protective order regarding the scheduling of the deposition of Professor Ellis Horowitz, Plaintiffs' expert. In short, Plaintiffs' requested relief would violate Judge Pauley's order of May 10, 2010 and deny Defendants their right to full expert discovery.

It is unfortunate that the Court needs to be burdened on this scheduling matter. Defendants have bent over backwards to accommodate Plaintiffs' ever-changing demands, yet Plaintiffs have not shown corresponding courtesy or compromise. The current matter arises out of the need of Plaintiffs' expert, Mr. Horowitz, to take a lengthy vacation spanning almost the entirety of the Court-ordered expert discovery period. On top of that, Mr. Horowitz also needed an extra week to finish his report, further constricting the time available for his deposition. Defendants agreed to give Mr. Horowitz an extra week to finish his report, and to schedule his deposition prior to the start of his vacation. Now, however, we are being told that even these courtesies are not enough, and Plaintiffs simply will not produce Mr. Horowitz for deposition in time for Defendants to use his testimony by the August 6 deadline for submission of summary judgment letter requests.

Plaintiffs' position is designed to, and will indeed, prejudice Defendants. Plaintiffs realize that their claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. § 1201. In an effort to avoid summary judgment, Plaintiffs submit a report from Mr. Horowitz which appears to have been ghost-written by counsel and which makes all sorts of fallacious statements – without support or explanation – under the guise of "expert" testimony. It is imperative that Defendants be able to depose Mr. Horowitz and discover the bases for his opinions sufficiently in advance of the August 6 deadline to make use of that information on summary judgment.

# DuaneMorris

Honorable Frank Maas
June 28, 2010
Page 2

      Defendants therefore have noticed Mr. Horowitz's deposition for July 1. This is just about the only date within the Court-ordered expert discovery period in which Mr. Horowitz will actually be in the country and available for deposition. Judge Pauley originally ordered expert discovery to be completed by July 16, and letters on the parties' motions for summary judgment to be submitted by August 6. (*See* Exhibit A) On May 28, Plaintiffs requested from Defendants an extension for Professor Horowitz to file his opening report. Defendants granted Plaintiffs' request, and the parties subsequently agreed to extend all expert discovery dates, with expert discovery now set to close on July 30. Plaintiffs informed Defendants that "Professor Horowitz's deposition would need to be taken before July 5, as he leaves the country shortly thereafter." Defendants agreed, but made it clear that their agreement did not waive their right to depose Professor Horowitz following his rebuttal report. (*See* Exhibit B) Accordingly, Defendants noticed Professor Horowitz deposition for July 1. However, Plaintiffs responded that that they would do "everything possible to make Professor Horowitz available prior to the date for submitting letters to Judge Pauley." (See Exhibit C)

      Faced with Defendants' threat that Professor Horowitz will not be available prior to Judge Pauley's deadline for letters on summary judgment, Defendants notified Plaintiffs that Professor Horowitz's deposition would take place on July 1, as noticed, with Defendants reserving, if needed, any time remaining from the seven hours provided under the Federal Rules for when Professor Horowitz returns from his inconveniently scheduled travels. (*See* Exhibit D) Defendants further advised Plaintiffs that, if Professor Horowitz were not timely produced for deposition, Defendants would move to strike his report and preclude him from testifying at trial. Plaintiffs responded: "Good luck with that." (*See* Exhibit E). Consistent with their prior practice in this case, Plaintiffs then chose simply to write to Your Honor, rather than burden themselves by actually meeting and conferring with Defendants as required under the Local Civil Rules.

      While Defendants are willing to accommodate Professor Horowitz's ill-considered travel plans—inconveniently set for the middle of expert discovery—Defendants are nevertheless entitled to depose him with sufficient time to meaningfully examine his deposition testimony and include, if needed, portions of that testimony in their summary judgment letter that is due on August 6. Forcing Defendants to rely on Professor Horowitz's testimony taken after his August 1 return both would violate Judge Pauley's Order and would strip Defendants of any meaningful opportunity to prepare their summary judgment letter.

      Accordingly, Defendants respectfully request that Plaintiffs' motion for a protective order be denied. Not only is their motion without any merit, but it is not even ripe for adjudication. As we have made clear, Defendants will not be bringing a motion to compel Mr. Horowitz to testify within the Court-ordered expert discovery period. It is Plaintiffs' choice whether or not to produce him in that time period. Rather, Defendants will make a motion *in limine* to strike his report and preclude his testimony. Plaintiffs obviously are not too concerned with that prospect, given their "good luck with that" remark, but in any event, that will be a pretrial issue for Judge Pauley to resolve. Either way, a protective order will not resolve that issue. Mr. Horowitz, by all accounts, is available to be

DuaneMorris

Honorable Frank Maas
June 28, 2010
Page 3

deposed on July 1. If Plaintiffs refuse to produce him on that date, then Judge Pauley will have to decide the consequences of that refusal at the appropriate juncture.

    We thank the Court for its consideration.

                            Respectfully submitted,

                            John Dellaportas /RTP

                            John Dellaportas

cc:    All Attorneys of Record (via electronic mail)