# ■ PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806           www.pryorcashman.com

**MEMO ENDORSED**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/10

Frank Scibilia
Partner

Direct Tel: (212) 326-0445
Direct Fax: (212) 798-6375
fscibilia@pryorcashman.com

September 2, 2010

**BY HAND**

Honorable William H. Pauley III
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2210
New York, New York  10007

> Re:   *Capitol Records, LLC et al. v. MP3tunes, Inc.*, No. 07 Civ. 9931 (WHP)

Dear Judge Pauley:

We submit this joint letter on behalf of all parties regarding <u>Plaintiffs' request for leave to move to strike the report of Defendants' proffered "music industry" expert, attorney Steve Gordon (the "Report") and to preclude Mr. Gordon's proposed testimony in this action.</u>

**Plaintiffs' Position**

Mr. Gordon asserts two primary "opinions": (1) that "it is a standard practice in today's music business for copyright owners to make free downloads of songs available to users of the Internet," and (2) that EMI "aggressively engage[s]" in that practice. These statements are factual assertions not opinions and are not based upon any "scientific, technical, or other specialized knowledge" as required by FRE 702. Defendants have repeatedly espoused a theory that major record labels and publishers such as the plaintiffs give away tens of thousands of songs on the internet with no restrictions or access controls. Exhaustive discovery has not produced evidence to support that theory, and defendants have now simply turned to a lawyer willing to repeat it.

Mr. Gordon testified that the primary factual foundation for his conclusions about the distribution of EMI's musical works was the deposition testimony of two of Plaintiffs' witnesses. Aside from the fact that he mischaracterizes that deposition testimony in his report, and ignores other record evidence that refutes his conclusions, Mr. Gordon's conclusions are simply his interpretation of factual evidence that the trier of fact will understand without his assistance. Thus, Mr. Gordon's testimony should be excluded. *See Andrews v. Metro N. C. R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (excluding expert when testimony was directed to lay matters which a jury is capable of understanding and deciding for itself).

■ PRYOR CASHMAN LLP

Honorable Judge William H. Pauley III
September 2, 2010
Page 2

In addition, Mr. Gordon's opinions are also unsupported by any data or research or methodology applied by experts in the field. For example, the basis for his opinion that major record labels and publishers routinely "authorize" blogs to give away free music is the "fact" that, to his knowledge, there have been no lawsuits filed against blogs offering free downloads. Mr. Gordon admitted that he had never contacted any blog or website about the conclusions in his report, or any record label, publisher, producer or artist, to determine whether any download was, in fact, "authorized." Mr. Gordon also claimed that because two of plaintiffs' witnesses testified to a small number of free downloads that were authorized, "based on common sense," EMI must have authorized other sites that those witnesses could not remember. Lastly, Mr. Gordon further concluded that authorizing free downloads must be an industry-wide practice because "all four [major record] labels basically act alike." Mr. Gordon has no factual basis for any of these opinions, and his testimony should therefore be excluded. *See, e.g., Gray v. Briggs*, 45 F. Supp. 2d 316, 325 (S.D.N.Y. 1999) (striking expert who could not testify in deposition to any facts supporting his conclusions).

Mr. Gordon also has no experience which would qualify him to opine on the purported subject of his testimony, *i.e.*, the "standard practice" of copyright owners making music available for free downloads at times pertinent to this action. FRE 702; *see generally Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Mr. Gordon admitted that he has never negotiated a licensing agreement for the free download of any musical recording or composition, and his last experience working as a music executive was in 2001, before the prevalence of online distribution of digital content. *Cf. Montefiore Med. Ctr. v. Am. Prot. Ins. Co.*, 2003 U.S. Dist. LEXIS 7986 at *6-7 (S.D.N.Y. May 14, 2003) (excluding expert where experience was not relevant to proposed testimony).[1]

For the reasons set forth above, the plaintiffs request leave to move to exclude Mr. Gordon's Declaration and preclude his proposed testimony in this action.

**Defendants' Position**

It is understandable why Plaintiffs would not want the ultimate finder of fact to hear the testimony of Steve Gordon. It puts the lie to the dubious representations Plaintiffs have made to this Court. For instance, the Court may recall Plaintiffs' claim that: "[t]he notion that we at EMI put up material for free is pure fantasy . . . there is no evidence in the complaint or anywhere else that reflects that EMI has ever put any of its music out for free. There's no allegation that they know of a single one that's been put out for free." 2/18/08 Court Trans. 30:24-31:5. Similarly, in their summary judgment letter, Plaintiffs claim that: "all sideloaded files are obtained in violation of the copyright law – and defendants know it."

---

[1] Mr. Gordon's Report also offers legal conclusions regarding the application of copyright law to this case, as well as other points which he admitted he had not investigated or did not understand. Plaintiffs' motion will address these other points in addition to those described above.

# ■ Pryor Cashman LLP

Honorable Judge William H. Pauley III
September 2, 2010
Page 3

Discovery has shown these representations to be false. While Plaintiffs tried to hide this fact by claiming they could not search their email servers, Court-ordered searches of just a few EMI marketing executives turned up a vast amount of emails showing that Plaintiffs authorized free downloads for "viral" marketing on the Internet. Third-party subpoenas showed numerous others. EMI even has a website, www.insoundfromwayout.com, distributing countless free downloads of its music. Given Plaintiffs' extensive viral marketing practices, it is impossible for MP3tunes to know which music files sideloaded by its users were from authorized sites. Even Plaintiffs' own expert has conceded that: "I find it difficult to know what's authorized and what's not authorized." Massarsky Trans. 280:16-18.

Nonetheless, Plaintiffs continue to insist that these thousands of free downloads on the Internet are mere "exceptions" because the Digital Millennium Copyright Act protects MP3tunes from copyright infringement claims unless MP3tunes knows of specific instances of infringement on its websites and fails to remove them. *See* 17 U.S.C. § 512.

Defendants will rebut this claim, in part, with the testimony of Steve Gordon. Mr. Gordon is perhaps the nation's foremost expert on Internet music marketing, having spent 27 years in the music industry, including ten years as Director of Business Affairs for Sony Music where he personally oversaw marketing efforts for that company. His book, *The Future of the Music Business* (Hal Leonard 2nd ed. 2008), is a top-selling treatise on the subject. He is a two-time Fulbright scholar who has taught courses and lectured on digital music marketing at CUNY, Columbia, the Wharton School and other institutions. He also continues to represent music websites like Pitchfork.com, recording artists, producers and managers. Mr. Gordon will testify at trial that the practice in the music industry of giving away music on the Internet is not the exception but the rule and indeed has a long history, such that it is impossible for an Internet Service Provider such as MP3tunes to know what has and has not been authorized without the record company identifying the unauthorized site. His opinions are based on, *inter alia*, his decades of industry experience, his research, scholarship and teachings, and his interviews of industry figures for his Internet radio show, which is all confirmed by the documents produced by EMI and the sworn testimony of senior EMI executives in this case.

Plaintiffs' purported challenge to Mr. Gordon's credentials has no legitimate basis. Courts routinely admit expert testimony based on industry experience. *See, e.g., Point Prods. A.G. v. Sony Music Entm't, Inc.*, 2004 U.S. Dist. Lexis 2676, *18 (S.D.N.Y. Feb. 20, 2004) (qualifying expert in music industry under *Daubert*). At most, Plaintiffs' quibbles are the grist for *voir dire* and/or cross-examination at trial. *See, e.g. Bullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) ("Disputes as to the strength of [an expert's] credentials ... go to the weight, not the admissibility, of his testimony.").

Plaintiffs also contend that Mr. Gordon's opinions are "unsupported" by the evidence. Besides being untrue, such arguments are irrelevant or, at best, premature. Mr. Gordon's report clearly lists the bases for his report, all of which have been produced. Plaintiffs, of course, can try to undermine his positions through cross-examination, but their criticism goes only to the

# PRYOR CASHMAN LLP

Honorable Judge William H. Pauley III
September 2, 2010
Page 4

weight to be accorded to his opinions, not their admissibility. *See Raskin v. The Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("disputes as to the validity of underlying data go to the weight of the evidence"); *see also Ulico Casualty Co. v. Clover Capital Management, Inc.*, 217 F. Supp. 2d 311, 318 (N.D.N.Y. 2002) ("Attacks relating to faults in the expert's methodology and lack of textual authority for the opinion all are improper criteria for advancing a motion under 702.").

In sum, Plaintiffs' application for leave to move to strike the report and preclude the testimony of Steve Gordon should be denied. To do otherwise would be to allow Plaintiffs to perpetrate a fiction, while censoring the facts that undermine their entire case.

Respectfully submitted,

Frank P. Scibilia

This Court will address the parties' requests to file motions to strike expert reports during the conference to be held September 23, 2010, at 12:00 p.m.

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
9/9/2010