UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MP3TUNES LLC and Michael Robertson, ) <br> ) <br> Defendants. ) <br> _____ ) <br> MP3TUNES LLC and Michael Robertson., ) <br> ) <br> Counter-Claimants, ) <br> ) <br> v. ) <br> ) <br> CAPITOL RECORDS, LLC, *et al.*, ) <br> ) <br> Counter-Defendants. ) <br> _____ ) | No. 07 Civ. 9931 (WHP) (FM) |

**DECLARATION OF AUDREY ASHBY IN SUPPORT OF
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

AUDREY ASHBY, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am Vice President, Copyright Preservation and Research, for EMI Music Publishing. EMI Music Publishing is a trade name for a group of companies in the music publishing business (those companies, collectively, the "EMIMP Companies"). Those companies include certain of the plaintiffs in this action (the "EMI Publishing Plaintiffs").

2. I have been employed by EMI Music Publishing for over twenty-five years. In my current position, I am responsible for, among other things, researching EMI Music Publishing's files and answering inquiries regarding the nature of the EMIMP Companies' copyright interests and rights of exploitation with respect to music compositions within the EMIMP Companies' catalogues of compositions. Based on my research and the research of

others that I supervised, I have personal knowledge of the facts set forth herein and I submit this affidavit in support of EMI's motion for summary judgment.

3.   EMI Music Publishing is renowned for its vast and critical assembly of music copyrights with rights to over 1.3 million music compositions. Among the iconic songs represented in the EMI Music Publishing catalogue are "I Heard it Through the Grapevine," "On Broadway," "Louie Louie," "Stop in the Name of Love," "ABC," "My Girl," "My Boyfriend's Back," "Ain't that a Shame," "La Bamba" and "Singin' In the Rain;" along with recent hits like "Empire State of Mind" and "Love Don't Cost a Thing." EMI Music Publishing's catalogue includes compositions authored by contemporary songwriters including Alicia Keys, Norah Jones, Beyonce, Jay-Z, James Blunt, Kanye West, the Artic Monkeys, Duffy, Amy Winehouse, Hinder, Pharrell Williams, and Natasha Bedingfield.

4.   The EMI Publishing Plaintiffs in this action are Beechwood Music Corp., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Keel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, Inc., EMI Gold Horizon Corp., EMI Grove Park Music, EMI Hastings Catalog, Inc., EMI Mills Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, Inc., Jobete Music Co., Inc., Screen Gems-EMI Music, Inc., Stone Agate Music, and Stone Diamond Music.

5.   Each of the EMI Publishing Plaintiffs is an entity that owns and holds copyright interests in various musical compositions or "catalogs" of compositions. Generally, compositions are owned and held by these separate corporate entities because EMI Music Publishing acquired various companies and catalogs of compositions over the years, and the

corporate names of the original publishing companies to which the copyrights had previously been assigned were retained.

6. In this case, I was personally involved in researching the EMIMP Companies' rights in those compositions that I was informed were infringed by the defendants in this action. Michael Abitbol, in the Legal Department of EMI Music Publishing, provided me with a list of works owned or controlled by one or more EMIMP Companies that were located on defendants' computer servers. I, and other individuals in my department acting under my direction and supervision, searched the files of EMI Music Publishing to locate copyright certificates, songwriter agreements, and other "chain of title" documents that prove that one or more of the EMIMP Companies own rights in and to the compositions appearing on that list. I understand that those documents were then redacted by counsel (to remove certain financial and other highly confidential information that does not bear upon the issue of ownership), Bates numbered, and produced to the Defendants.

7. My research into these copyrighted works entailed, *inter alia*, looking for all documents in EMI Music Publishing's files that were relevant to ownership, assignment, transfer, sale or conveyance. Our search was designed to enable us to produce all documents that we have relating to ownership of the songs at issue. To the best of my knowledge, all of the documents relating to both individual songs and music catalogues that EMI has acquired over the years would be available either in our scanned documents or in hard copy form. Thus, the search that I undertook and supervised was comprehensive.

8. Since producing the copyright certificates and chain of title documentation for the works on the list provided to me by Michael Abitbol, I have been informed by Plaintiffs' attorneys that 562 of the works on that list are at issue on Plaintiffs' motion for summary

judgment (the "Compositions"). One or more of the EMI Publishing Plaintiffs owns or controls each of the 562 Compositions.

9. For 286 of the 562 Compositions at issue, one or more of the EMI Publishing Plaintiffs is listed as a registered owner of the copyright on a copyright registration certificate filed with the U.S. Copyright Office, and produced to the defendants in discovery. A list of those works by EMI Publishing Plaintiff, along with the Bates numbers of the registration certificates produced to the Defendants (and the certificate registration numbers) corresponding thereto, is annexed hereto as Exhibit A.

10. For the remaining 276 of those 562 Compositions, the work was registered with the U.S. Copyright Office by the predecessor-in-interest of an EMI Publishing Plaintiff. For those Compositions, the EMI Publishing Plaintiffs produced to the Defendants not only the copyright registration certificate filed with the U.S. Copyright Office, but also the chain of title, i.e., the songwriter, assignment, asset purchase, or other agreement(s) evidencing how the particular EMI Publishing Plaintiff came to own or control copyright rights in the work. A list of those works by EMI Publishing Plaintiff, along with the Bates numbers of the corresponding registration certificates produced to the Defendants (and the certificate registration numbers), and the Bates numbers of the documents evidencing the chain of title whereby the EMI Publishing Plaintiff came to own or control copyright rights in those works, is annexed hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2010.

AUDREY ASHBY