Edward Hernstadt
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Tel: 212-809-2501
Fax: 212-214-0307
ed@heatlaw.com
www.heatlaw.com

Attorney for *Amici Curiae*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| CAPITOL RECORDS, INC., CAROLINE RECORDS, INC., EMI CHRISTIAN MUSIC GROUP INC., PRIORITY RECORDS LLC, VIRGIN RECORDS AMERICA, INC., BEECHWOOD MUSIC CORP., COLGEMS-EMI MUSIC INC., EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC, EMI FULL KEEL MUSIC, EMI GOLDEN TORCH MUSIC CORP., EMI LONGITUDE MUSIC, EMI VIRGIN MUSIC, INC., EMI VIRGIN SONGS, INC., EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI FEIST CATALOG, INC., EMI GOLD HORIZON CORP., EMI GROVE PARK MUSIC, INC., EMI HASTINGS CATALOG, INC., EMI MILLS MUSIC, INC., EMI MILLER CATALOG, INC., EMI ROBBINS CATALOG, INC., EMI U CATALOG, INC., EMI UNART CATALOG, INC., JOBETE MUSIC CO., INC., SCREEN GEMS-EMI MUSIC, INC., STONE AGATE MUSIC, and STONE DIAMOND MUSIC, | |
| Plaintiffs, | NO. 07 Civ. 9931 (WHP) ECF Case |
| v. | |
| MP3TUNES, LLC, and MICHAEL ROBERTSON | |
| Defendants. | |

------------------------------------------------------------

**MOTION OF NONPARTIES PUBLIC KNOWLEDGE, ELECTRONIC FRONTIER FOUNDATION, CONSUMER ELECTRONICS ASSOCIATION, and HOME RECORDING RIGHTS COALITION TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**

TO ALL PARTIES AND COUNSEL OF RECORD:

Nonparties Public Knowledge, Electronic Frontier Foundation (EFF), Consumer Electronics Association (CEA), and Home Recording Rights Coalition (HRRC) (collectively, "*Amici*") hereby move for leave to file the accompanying *amicus curiae* brief in the above-captioned case in support of Defendants' pending motion for summary judgment, filed on October 29, 2010. Defendants have consented to the filing of this brief. Plaintiffs do not consent to its filing.

*Amici* represent diverse constituencies, including Internet users, nonprofits, and consumer electronics manufacturers. They are united, however, in their interest in a balanced copyright system that protects legitimate innovators and online free speech from the chilling effects of unnecessary legal uncertainty. The "safe harbors" for online service providers enacted in the Digital Millennium Copyright Act of 1998 (DMCA) are a crucial part of that balanced copyright system, setting out "rules of the road" for online intermediaries. Without a vibrant marketplace of intermediaries, Internet users would not have the array of platforms for free expression that are revolutionizing commerce, creativity, and culture. Accordingly, *Amici* believe that the resolution of the pending cross-motions for summary judgment will likely be an important precedent regarding proper application of the DMCA safe harbors and may have important implications for the public interest more generally. *Amici* also share an interest in ensuring that a misinterpretation of the public performance right does not expose a wide range of cloud computing and online service providers to undue liability.

As discussed further in the attached brief, *Amici* urge the Court to reject Plaintiffs' cramped and misguided view of the statutory provisions at issue. Were Plaintiffs' views to be endorsed by this (or any other) Court, the profusion of online services that have benefited the public (as well as future ventures) would be imperiled by the threat of multi-billion dollar

2

statutory damage awards. This is precisely the result that Congress meant to avoid when enacting the DMCA's safe harbor provisions. Nor, contrary to Plaintiffs' intimations, is a radical reinterpretation of section 512 necessary to protect the interests of copyright owners. The availability of the statutory safe harbors has left ample room for voluntary cooperation between content owners and service providers.

Additionally, the technology policy consequences of a judicial ruling on the public performance right reach beyond the specific facts at issue with MP3tunes' system. Determinations of what types of storage and transmission may qualify as an infringing public performance can have substantial effects on existing computing practices, from back-up storage systems to cloud computing. In past cases, courts have wisely refrained from tying particular technological features to presumptions of liability. Such a ruling, particularly in this case, would impede the productive development and use of deduplication, an essentially ubiquitous and socially productive technology. This in turn would chill innovation in a broad range of new technologies, as other innovators must wonder whether they, too, must labor under the specter of presumptive copyright liability.

Because an erroneous interpretation of the DMCA safe harbors could chill legitimate technological innovation to the detriment of free speech, consumers, the technology sector, and the public interest, *Amici* seek leave to file the attached *amicus curiae* brief in order to focus on the legislative history illustrating Congress' intent in enacting the DMCA safe harbors, as well as an evaluation of the impact the law has had in practice, in hopes that this information will assist the Court in addressing this case.

Although *amicus* briefs are unusual at the district court level, they are certainly not unprecedented. *Amici* have participated in a number of leading district court cases that address

3

the proper scope of copyright law as applied to new technologies, including before this Court. *See, e.g., Viacom Int'l Inc. v. YouTube Inc.*, No. 07-CV-02103 LLS, 2010 WL 2532404 (S.D.N.Y. June 23, 2010); *Arista Records LLC v. Lime Wire LLC*, No. 06-CV-5936 GEL (S.D.N.Y. Sept. 30, 2008); *Elektra Enter. Group v. Barker*, 551 F.Supp.2d 234, 237 (S.D.N.Y. 2008). *Amici* have also participated as *amicus curiae* in numerous appellate cases addressing the proper understanding of the DMCA and copyright law more generally. *See, e.g., Vernor v. Autodesk, Inc.*, No. 09-35969 (9th Cir. filed Feb. 11, 2010); *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008); *Perfect 10, Inc. v. Google, Inc.*, No. 06-55406 (9th Cir. filed July 20, 2006).

A description of each of the *Amici* follows:

Public Knowledge is a non-profit public interest 501(c)(3) corporation, working to defend citizens' rights in the emerging digital culture. Its primary mission is to promote innovation, protect the legal rights of all users of copyrighted works, and ensure that any copyright legislation remains balanced and does not slow technology innovation, unduly burden free speech, shrink the public domain, or prevent fair use.

The Electronic Frontier Foundation (EFF) is a nonprofit civil liberties organization that has worked for over 20 years to protect consumer interests, innovation, and free expression in the digital world. EFF and its more than 14,000 dues-paying members have a strong interest in assisting the courts and policy-makers in striking the appropriate balance between copyright law and the public interest.

The Consumer Electronics Association (CEA) is the preeminent trade association of the U.S. consumer electronics industry. CEA members lead the consumer electronics industry in the development, manufacturing, and distribution of audio, video, mobile electronics,

4

communications, information technology, multimedia and accessory products, as well as related services, that are sold through consumer channels. Its more than 2,200 corporate members contribute more than $173 billion to the U.S. economy.

The Home Recording Rights Coalition (HRRC) is a leading advocacy group for consumers' rights to use home electronics products for private, non-commercial purposes. HRRC represents the voice of consumers, retailers, manufacturers, and professional servicers of consumer electronics products. The HRRC was founded in 1981, in response to the Ninth Circuit's ruling in *Sony Corp. of America v. Universal City Studios*, later overturned by the Supreme Court, that distribution of consumer video recorders constituted contributory copyright infringement.

For the foregoing reasons and based on the documents submitted herewith, *Amici* respectfully request that the Court grant the motion for leave to file the accompanying *amicus curiae* brief.

Dated: November 16, 2010

By: /s/ Edward Hernstadt

Edward Hernstadt
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Tel: 212-809-2501
Fax: 212-214-0307
ed@heatlaw.com
www.heatlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 16, 2010, a copy of each of the following documents was served upon the Plaintiffs and Defendants:

1. Notice of Motion and Motion for Leave to File *Amicus Curiae* Brief
2. *Amicus Curiae* Brief of the Public Knowledge, Electronic Frontier Foundation (EFF), Consumer Electronics Association (CEA), and Home Recording Rights Coalition (HRRC) in Support of Defendants
3. Rule 7.1 Corporate Disclosure Statement

Service was accomplished via the Court's ECF system. Lead counsel for the parties will also receive a courtesy copy via electronic mail.

/s/ Edward [signature]