UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, *et al*, | )<br>)<br>) |
| *Plaintiffs*, | ) No. 07 Civ. 9931 (WHP)(FM)<br>) |
| v. | )<br>) |
| MP3TUNES, LLC, and MICHAEL ROBERTSON, | )<br>) |
| *Defendants*. | )<br>) |
| MP3TUNES, LLC, and MICHAEL ROBERTSON, | )<br>) |
| *Counter-Claimants*, | )<br>) |
| v. | )<br>) |
| CAPITOL RECORDS, LLC, *et al*, | )<br>) |
| *Counter-Defendants*. | )<br>) |

**MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION OF AMICI CURIAE FOR LEAVE TO FILE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ........................................................................................................................1

    I.    STANDARD OF REVIEW ...................................................................................1

    II.    THE PROPOSED *AMICUS* BRIEF IS A TRANSPARENT ATTEMPT TO CIRCUMVENT THE COURT'S PAGE LIMITATIONS AND WILL PREJUDICE PLAINTIFFS ..............................................2

    III.    THE PROPOSED AMICI MAKE NO ARGUMENTS THAT CANNOT BE MADE BY DEFENDANTS' COUNSEL IN THE 85 PAGES ALLOTTED TO THEM ...............................................4

    IV.    PROPOSED AMICI'S ARGUMENTS REGARDING DEFENDANTS' VIOLATION OF THE PUBLIC PERFORMANCE RIGHT ARE SPECULATIVE AND UNSUPPORTED BY ADMISSIBLE EVIDENCE ..................6

    V.    PROPOSED AMICI ARE PURE ADVOCATES, NOT "FRIENDS OF THE COURT" ......................................................8

CONCLUSION ....................................................................................................................10

...

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE(s)**

*Cartoon Network LP v. CSC Holdings, Inc.*,
    536 F.3d 121 (2d Cir. 2008)..................................................................................6

*Goldberg v. City of Philadelphia*,
    No. 91 Civ. 7575, 1994 U.S. Dist. LEXIS 9392 (E.D. Pa. July 14, 1994).............2, 9

*Leigh v. Engle*,
    535 F. Supp. 418 (N.D. Ill. 1982) ...........................................................................4

*Ryan v. Commodity Futures Trading Commission*,
    125 F.3d 1062 (7th Cir. 1997) .......................................................................2, 3, 8, 9

*SEC v. Bear, Stearns & Co.*,
    No. 03 Civ. 2937 (WHP), 2003 U.S. Dist. LEXIS 14611
    (S.D.N.Y. Aug. 25, 2003) ..............................................................................1, 2, 5, 9

*Sierra Club v. FEMA*,
    Civ. No. H-07-0608, 2007 U.S. Dist. LEXIS 84230 (S.D. Tex. Nov. 14, 2007) ......8

*Strasser v. Doorley*,
    432 F.2d 567 (1st Cir. 1970).............................................................................2, 4, 5, 8

*United States v. El-Gabrowny*,
    844 F. Supp. 955 (S.D.N.Y. 1994) .........................................................................5

*United States v. Gotti*,
    755 F. Supp. 1157 (E.D.N.Y. 1991) ..............................................................1, 2, 5, 8, 9

*Voices for Choices v. Illinois Bell Telegraph Co.*,
    339 F.3d 542 (7th Cir. 2010) ...............................................................................3, 4

## PRELIMINARY STATEMENT

Plaintiffs submit this memorandum in opposition to the motion for leave to file an *amici curiae* brief in support of Defendants made by non-parties the Electronic Frontier Foundation (the "EFF"), Public Knowledge, Consumer Electronics Association, and Home Recording Rights Coalition (together the "Proposed Amici").

The brief should be rejected for four independent reasons: (1) the proposed brief is a coordinated effort by Defendants and their allies to circumvent this Court's page restrictions causing additional burden to the Court and prejudice to the Plaintiffs, (2) proposed Amici do not make any arguments that cannot be made by Defendants themselves in the 85 pages they have already been allotted, (3) the proposed brief contains unsupported speculation that is not helpful to the Court, and (4) the proposed brief is a pure advocacy piece, not a "friend of the court" submission. For all of these reasons, the motion by *amici curiae* should be denied.

Plaintiffs are aware of numerous potential *amici curiae* interested in filing briefs in support of their position in this case. Nevertheless, Plaintiffs have refrained from encouraging such briefs based on the Court's strongly expressed view that it did not want to entertain unnecessary or duplicative arguments on summary judgment. If, however, the Court wishes to entertain "friend of the court" briefs, Plaintiffs request the opportunity to have *amici* heard to correct the incorrect and one-sided view expressed by the Proposed Amici.

## ARGUMENT

### I.     STANDARD OF REVIEW

The decision to accept or reject an *amicus* filing lies solely within the broad discretion of the Court. *SEC v. Bear, Stearns & Co.,* No. 03 Civ. 2937 (WHP), 2003 U.S. Dist. LEXIS 14611, at *16 (S.D.N.Y. Aug. 25, 2003) (denying motion to participate as *amici*); *United States v. Gotti*,

755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). However, at the trial level, where issues of fact and law predominate, amicus briefs are generally inappropriate. *Goldberg v. City of Philadelphia*, No. 91 Civ. 7575, 1994 U.S. Dist. LEXIS 9392, at *2 (E.D. Pa. July 14, 1994); *see also Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (emphasizing that a district court, a forum whose principal function is resolving issues of fact, should be wary of accepting an *amicus* brief unless it has the joint consent of the parties).

In addition, courts should resist granting permission to file an amicus brief when the proposed brief (1) duplicates the arguments made in the litigants' briefs, (2) is filed by an advocacy group as opposed to a third party with a unique perspective, and (3) when all parties are represented by competent counsel. *Gotti*, 755 F. Supp. at 1158-59 (rejecting brief where it merely duplicated arguments in party's brief, and was filed by an advocate for one side); *Bear, Stearns & Co.*, 2003 U.S. Dist. LEXIS 14611, at *16 (denying amicus status to individuals who were mere advocates, and who did not have a unique point of view that was not available to the Court from the parties to the action); *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063-64 (7th Cir. 1997) ("The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed.")

## II. THE PROPOSED *AMICUS* BRIEF IS A TRANSPARENT ATTEMPT TO CIRCUMVENT THE COURT'S PAGE LIMITATIONS AND WILL PREJUDICE PLAINTIFFS

MP3tunes and the EMI Label and Publishing Plaintiffs are filing cross-motions for summary judgment on, *inter alia*, the issues of whether Defendants (a) are entitled to the benefit of any DMCA "safe harbor" and (b) violate the public performance right by streaming sound recordings to multiple users from a "single master file." During the pre-motion conference on

September 23, 2010, Defendants had asked the Court to increase the page limit from twenty-five pages to fifty pages. The Court denied the request, expressing a concern that it not be burdened with repetitive briefing. Nevertheless, the Court increased the page limits to thirty-five pages for initial and opposition briefs, and fifteen pages for reply briefs. At the conference, all parties agreed to abide by these page limitations.

Defendants now attempt to abrogate that agreement and circumvent the Court's order regarding page limits by trying to have "*amici*" make arguments for them – or, more accurately, further expound upon arguments that MP3tunes has already made in its opening briefs and will likely make in its opposition papers. Such attempts to circumvent page limitations should be denied. *Ryan*, 125 F.3d at 1063-64; *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2010) ("[J]udges have heavy caseloads and therefore need to minimize extraneous reading: *amicus* briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs").

There can be no doubt that MP3tunes has engaged in a coordinated effort with the internet lobbying groups that make up the *amici*. Counsel for the EFF requested Plaintiffs' consent to file this brief – and did file this brief (albeit attached to a motion for leave to file) – ***all while Plaintiffs' memorandum of law remained under seal***. As a result, the only way the proposed Amici could have gotten a copy of Plaintiffs' brief is from the Defendants in violation of the Protective Order in this case.[1] Proposed Amici are not even trying to hide this fact. They reference specific arguments made by Plaintiffs in their under seal brief, including by page and line number. While Plaintiffs do not object to the request to file an amicus brief based on a claim

---

[1] On November 16, 2010—the same day Proposed Amici filed their motion and proposed brief and issued a press release—Plaintiffs, with the Defendants' consent, wrote to the Court requesting an order unsealing Plaintiffs' memorandum of law in support of their motion for summary judgment. The Court issued that order on November 18, 2010.

of prejudice resulting from Defendants' disclosure of their brief, the disclosure of the under seal brief conclusively demonstrates the degree of coordination between the Defendants and the Proposed Amici.

Proposed Amici's motion – filed in the middle of briefing the opposition to Defendants' own summary judgment motion – seems deliberately timed to prejudice Plaintiffs, thereby injecting a further "element of unfairness into the proceedings…" *See Leigh v. Engle,* 535 F. Supp. 418, 422 (N.D. Ill. 1982); *see also Voices for Choices,* 339 F.3d at 544 ("the time and other resources required for the preparation and study of, and response to, amicus briefs drive[s] up the cost of litigation"); *Strasser,* 432 F.2d at 569 ("reply poses a burden on the opposite party, who may, in addition, feel that he is outnumbered"). The timing of this motion, when Plaintiffs have only a week to finish their opposition papers, results in added burden on Plaintiffs. Further, Plaintiffs have only 15 pages to reply to Defendants' opposition brief, and, if this motion is granted, they will now have to address in those fifteen pages 35 pages of argument by Defendants and 25 additional pages of argument by their "amici" in their reply. If the motion is granted, Plaintiffs request the opportunity to have *amici* heard who can address the Proposed Amici's distorted view of the law.

### III. THE PROPOSED AMICI MAKE NO ARGUMENTS THAT CANNOT BE MADE BY DEFENDANTS' COUNSEL IN THE 85 PAGES ALLOTTED TO THEM

Although the intent to circumvent this Court's page limitations is enough to deny the pending motion, denial is also merited by the fact that all of the arguments the Proposed Amici intend to make have been and will be made by MP3tunes. Proposed Amici devote ten pages to discussing the statutory text and legislative history of the DMCA. (Proposed Amici Br. at 2-11.) There is nothing in those arguments that is unique to the Proposed Amici or their constituents. All of those arguments can be made by Defendants' counsel. Proposed Amici have no unique

knowledge of Congressional intent on this subject. As the Court stated in *Gotti*, 755 F. Supp. at 1159, quoting *Strasser*, 432 F.2d at 569, "it 'may be thought particularly questionable' for the court to accept an *amicus* when it appears that the parties are well represented and that their counsel do not need supplemental assistance and where the joint consent of the parties to the submission by the *amicus* is lacking." *See also Bear, Stearns & Co.*, 2003 U.S. Dist. LEXIS 14611, at *16 (Pauley, J.) (rejecting proposed *amici* who did not have "a unique point of view that [was] not available to the Court from the parties in the underlying action"); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 (S.D.N.Y. 1994) (Mukasey, J.) (denying motion to file *amicus* where proposed submissions did not offer "any argument or point of view not available from the parties themselves.")

Here, apart from the generalized, speculative musing that granting Plaintiffs' motion "would reinstate a climate of legal uncertainty that would harm both innovative online services and the free expression they foster" (Proposed Amici Br. at 1), Proposed Amici do not assert how any internet service would be affected by this Court holding MP3tunes liable for copyright infringement under the law and the facts of this particular case. All of Potential Amici's arguments can and should be made by the Defendants themselves, in the 85 pages they are already allotted for their briefs on their motion or in their opposition to Plaintiffs' motion.

In addition, Proposed Amici argue that that direct liability for public performance requires volitional conduct. (Proposed Amici Br. at 11-17.) With respect to this point, Proposed Amici have simply repeated the very same arguments on this point made by Defendants in their Opening Memorandum in Support of their Motion for Summary Judgment. They even cite and discuss the exact same cases. This is not helpful to the Court. *See Gotti*, 755 F. Supp. at 1158

(court was "troubled" that proposed *amicus* brief cited no significant case not cited by defendants, and so brief "would not, therefore, assist the court in the least").

Further, Proposed Amici argue, contrary to well-settled law, that the performances in this case – from a single master stored on MP3tunes' servers, to multiple users – is not "public." (Proposed Amici Br. at 17-19). Here, Proposed Amici merely seek to distinguish the cases cited by Plaintiffs, something that Defendants' counsel are perfectly competent to do and should be required to do within the eighty-five pages allotted to them.

### IV.  PROPOSED AMICI'S ARGUMENTS REGARDING DEFENDANTS' VIOLATION OF THE PUBLIC PERFORMANCE RIGHT ARE SPECULATIVE AND UNSUPPORTED BY ADMISSIBLE EVIDENCE

The remainder of Proposed Amici's brief focuses on the issue of whether MP3tunes' use of a single master storage architecture constituted copyright infringement in the context of streaming Plaintiffs' copyrighted works to multiple users. Proposed Amici's position, however, is unsupported by competent evidence.

Proposed Amici argue that if the Court were to correctly apply the statutory definition of public performance set forth in section 101 of the Copyright Act – as interpreted by the Second Circuit in *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008) ("*Cablevision*") and other cases cited by Plaintiffs in their motion – to the facts of *this* case, and hold that MP3tunes' streaming of a single master file of a musical work stored on its servers to multiple users constitutes an infringing public performance, that "would be particularly dangerous, because it would target an essentially ubiquitous engineering practice." (Proposed Amici Br. at 19-21.) In support of this argument, Proposed Amici cite several pieces of internet hearsay that purport to demonstrate that "data deduplication" is employed in several other software products and services. Proposed Amici nowhere explain how finding MP3tunes' use of

a single master architecture in the context of an on-demand music service that streams a single music file to multiple users will impact the standard use of ZIP files, PDFs, or Microsoft Office. Proposed Amici's parade of horribles is unsupported and provided without competent explanation.

In addition, Proposed Amici offer wholly unsupported statements regarding MP3tunes system and what it may or may not do as a technological matter. For example, Proposed Amici state that Plaintiffs "assume[], incorrectly, that only one copy exists when multiple file identities share storage resources. This need not be the case." (*Id.* at 25.) Numerous technical depositions were taken in this case. Each party had the opportunity to designate an expert and to offer expert testimony, and each of the parties' experts were deposed. Plaintiff submitted expert testimony in support of its motion; Defendants chose not to rely on their technical expert. Defendants cannot now offer unsubstantiated speculation by non-parties regarding how the MP3tunes system may work in the guise of an *amicus* filing.

Similarly troublesome is Proposed Amici's speculation regarding the types of files that may have been sideloaded using Defendants' system from rapidshare and other file storage sites. Proposed Amici were either not provided with the confidential, under-seal Horowitz Declaration – which presents *real* evidence as to the types of files sideloaded using Defendants' system – or chose to ignore it (aware that no other potential amici would have access to it). The lack of third-party access to MP3tunes technical data is a troublesome issue with respect to this motion. If the Proposed Amici had access to MP3tunes technical data, then MP3tunes has selectively provided information it designated as confidential and highly confidential to a specific third-party while denying the Plaintiffs the opportunity to provide such information to third parties of its choosing. If the Proposed Amici have not had access to MP3tunes technical data, it is

impossible for Proposed Amici to opine on how the system functions in a way that is competent, admissible, or helpful to the Court. *See, e.g., Gotti,* 755 F. Supp, at 1159 (finding it "troublesome" that proposed *amici* was merely advocating for one side without having seen all of the relevant evidence). It is perhaps for precisely this reason that "an amicus who argues facts should rarely be welcomed." *Strasser,* 432 F.2d at 569; *Sierra Club v. FEMA,* Civ. No. H-07-0608, 2007 U.S. Dist. LEXIS 84230, at *4 (S.D. Tex. Nov. 14, 2007).

## V. PROPOSED AMICI ARE PURE ADVOCATES, NOT "FRIENDS OF THE COURT"

While the Electronic Frontier Foundation and Public Knowledge have egalitarian-sounding names, they are, at bottom, lobbying groups for various internet constituencies. The facts of any particular case appears to be of little consequence to them. EFF has consistently demonstrated that it is not a "friend of the Court" but rather a "friend" and advocate for any internet website violating the rights of copyright owners. The list of parties on behalf of whom they have filed or sought to file *amicus* briefs reads like a "who's who" of egregious, adjudicated, willful copyright infringers—Napster, Aimster, Grokster, Limewire, and now Michael Robertson. Judge Posner, who has been an advocate for closer scrutiny of motions for leave to file amicus briefs, has noted that the "vast majority" of the ones he has read "have not assisted the judges" for the following reasons:

> The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term '*amicus curiae*' means friend of the court, not friend of a party. . . . An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

8

*Ryan*, 125 F.3d at 1062-63 (internal citations omitted). The Proposed Amici's brief is precisely the kind of abusive submission Judge Posner lamented in the passage above. It should be rejected.

In addition, consistency appears to be of little value to EFF. For example, EFF filed an amicus brief in *Cablevision* arguing a substantially different interpretation of the public performance right. In that case, the EFF urged the Second Circuit to find that "the concept of 'public performance' does not cover separate private viewings of a work where each viewing involves a *different, personal copy*." Brief of Electronic Frontier Foundation *et al* as Amici Curiae for Appellant, *The Cartoon Network v. CSC Holdings, Inc.*, No. 07-1480-CV (2d Cir. 2007) at 19. This view, of course, supports Plaintiffs' arguments in this case – that the lack of a distinct, personal copy of each file streamed to MP3tunes users is why MP3tunes' is engaged in a public performance pursuant to *Cablevision*.

Courts routinely express displeasure with the use of the *amicus* process for pure advocacy purposes, and have rejected filings where the proposed amicus, "[r]ather than seeking to come as a 'friend of the court" and provide the court with an objective, dispassionate, neutral discussion of the issues, . . . c[a]me as an advocate for one side . . . ." *Gotti*, 755 F. Supp. at 1159. "In doing so, [a prospective *amicus*] does the court, itself and fundamental notions of fairness a disservice." *Id. See also Bear, Stearns & Co.*, 2003 U.S. Dist. LEXIS 14611, at *17 (Pauley, J.) (rejecting proposed *amici* who were not "seeking to assist the Court in clarifying issues 'as an objective, neutral, dispassionate' 'friend of the court'" (citation omitted)); *Goldberg*, 1994 U.S. Dist. LEXIS 9392, at *3 ("When an organization seeking leave to appear as *amicus curiae* is perceived to be an advocate for one of the parties to the litigation, to appear *amicus curiae* should be denied"). Here, it is clear from the text and tenor of the brief that they wish to file –

and from their track record of unwavering support of internet music pirates – that Proposed Amici are pure advocates for MP3tunes.

As if the Proposed Amici's advocacy were not clear enough, prior to even being granted permission to file this amicus brief, the EFF released a press release that trumpets its filing, and that completely and disingenuously mischaracterizes Plaintiffs' claims in this case – calling it a "legal attack on Internet music storage." See http://www.eff.org/press/releases.[2] As the parties briefs and all of the evidence in this case demonstrate, that is not what this case is about at all. Of course, either the EFF and Public Knowledge did not have access to the evidence disproving their wild accusations because Defendants designated it confidential and it had to be filed under seal, or they were given selective access to it – and simply chose to ignore it – while it was simultaneously and deliberately kept hidden by the Defendants from all other potentially interested *amici*.

## CONCLUSION

For the reasons articulated above, the brief of Proposed Amici is prejudicial to Plaintiffs, burdensome to the Court, duplicative of MP3tunes' filings, unsupported by competent evidence, and filed by an advocate not a "friend of court." As a result, leave to file should be denied. If, however, Proposed Amici are given leave to file their brief, Plaintiffs request that other third-parties be given time to review all of the submissions and to file amicus briefs of their own.

---

[2] Public Knowledge issued a similarly inaccurate press release. See
http://www.publicknowledge.org/groups-ask-court-throw-out-'radical-approach'-copy.

DATED: New York, New York
November 19, 2010

Respectfully submitted,

By: _____
Donald S. Zakarin
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for the Beechwood Music Corp., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Feel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, Inc., EMI Gold Horizon Corp., EMI Grove Park Music, Inc. EMI Hastings Catalog, Inc., EMI Mills Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, inc., Jobete Music Co., Inc., Screen Gems-EMI Music, inc., Stone Agate Music, and Stone Diamond Music*

By: _____
Andrew H. Bart
Joseph J. McFadden
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022
tel. (212) 891-1690
fax (212) 891-1699

11

>             *-and-*
>
>             Steven B. Fabrizio
>             JENNER & BLOCK LLP
>             1099 New York Avenue, NW
>             Suite 900
>             Washington, DC 20001
>             tel. (202) 639-6000
>             fax (202) 639-6066
>
>             *Attorneys for Plaintiffs Capitol Records, LLC, Caroline Records, Inc, EMI Christian Music Group Inc., Priority Records LLC, Virgin Records America, Inc.*