UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, LLC, *et al*,

*Plaintiffs*,

v.

MP3TUNES, LLC, and MICHAEL ROBERTSON,

*Defendants*.

MP3TUNES, LLC, and MICHAEL ROBERTSON,

*Counter-Claimants*,

v.

CAPITOL RECORDS, LLC, *et al*,

*Counter-Defendants*.

No. 07 Civ. 9931 (WHP)(FM)

# PLAINTIFFS' EVIDENTIARY OBJECTIONS TO PORTIONS OF DECLARATIONS SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiffs submit the following evidentiary objections to certain evidence submitted by MP3tunes in support of its Motion for Summary Judgment. For the reasons stated below, portions of the testimony of MP3tunes' declarants, and the exhibits attached thereto, do not satisfy the evidentiary requirements under the Federal Rules of Evidence and are hence inadmissible and should not be considered by the Court in deciding the parties' cross-motions for summary judgment. *See* Fed. R. Civ. Pro. 56(e)(1) (declarations in support of summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

## I. Declaration of Michael Robertson

| Inadmissible Testimony | Evidentiary Objection |
|---|---|
| Robertson Declaration ¶ 4<br><br>Objectionable Testimony.<br><br>"Such users will then go out into the marketplace and purchase music which, in turn, can be stored in users' lockers at MP3tunes.com." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Mr. Robertson fails to provide any foundational facts to support his assertions about user activity, nor has MP3tunes established that Mr. Robertson has personal knowledge of any user of the Sideload.com website ever purchasing music "in the marketplace" that the user first located on Sideload.com. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. |
| Robertson Declaration ¶ 5<br><br>Objectionable Testimony.<br><br>"MP3tunes takes copyright and other intellectual property laws very seriously and expects its users to do the same." | Mere argument. The statement that "MP3tunes takes copyright and other intellectual property laws very seriously and expects its users to do the same" is mere argument offering Mr. Robertson's opinion and is inappropriate for a fact declaration on summary judgment. *See* Fed. R. Civ. P. 56(e)(1). |

| | |
|---|---|
| Robertson Declaration ¶ 7<br><br>Objectionable Testimony.<br><br>"Unlike file-sharing companies such as Usenet, LimeWire, and Grokster, MP3tunes neither instructs nor encourages, and has never instructed nor encouraged, any of its users to engage in copyright infringement." | Mere argument. Statements with regard to whether MP3tunes "encourages" infringement are mere argument and therefore inadmissible. *See* Fed. R. Civ. P. 56(e)(1). |
| Robertson Declaration ¶ 8.<br><br>Objectionable Testimony.<br><br>"MP3tunes encourages copyright owners to notify its designated DMCA agent of any suspected infringement hosted by MP3tunes." | Mere argument. The assertion that MP3tunes "*encourages* copyright owners to notify its designated DMCA agent of any suspected infringement" through its Terms and Conditions is mere argument offering Mr. Robertson's opinion and is inappropriate for a fact declaration on summary judgment. *See* Fed. R. Civ. P. 56(e)(1). |
| Robertson Declaration ¶ 11 and Ex. D.<br><br>Objectionable Testimony.<br><br>"MP3tunes has terminated the accounts of users whom it suspected of using MP3tunes' services for the purposes of infringing activity. Attached hereto as Exhibit D is a chart listing user accounts that were terminated for such reasons." | Contradicts Sworn Deposition Testimony. This statement is in conflict with the deposition testimony of Michael Robertson as both an individual and 30(b)(6) witness. Such testimony is inadmissible on a motion for summary judgment. Pl. Opp. Br. at I(B); *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997); *Hayes v. New York City Dep't. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *Newport Electronics, Inc. v. Newport Corp.*, 157 F.Supp.2d 202, 220 (D. Conn. 2001) .<br><br>Lacks Foundation/Lack of Personal Knowledge. Mr. Robertson has presented no foundation for the accounts listed in Exhibit D. He has not explained what the particular reasons are for the termination of a user's account. Particularly in light of Mr. Robertson's disclaimer of knowledge at his deposition, and in light of the testimony of MP3tunes' employees that they had never terminated a user for infringement, this exhibit wholly lacks an adequate factual foundation. *See* Fed. R. Evid. 701, 602; *see also* Counter-SUF ¶¶ 60-61. |

| | |
|---|---|
| Robertson Declaration ¶ 12.<br><br>Objectionable Testimony.<br><br>"MP3tunes was conceived with the express intent to provide lawful services to music fans, and it complies with the DMCA. Indeed, MP3tunes goes above and beyond what is required by the DMCA to combat the potential for infringement at its websites, by prohibiting users from accessing lockers that they do not own by making each locker password-protected." | Improper Legal Conclusion. Testimony stating that MP3tunes "complies with" and "goes above and beyond what is required by" the DMCA states an inadmissible legal conclusion. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Robertson Declaration ¶ 13.<br><br>Objectionable Testimony.<br><br>"MP3tunes is not a music file sharing service…Competitors' services like Microsoft's Skydrive and Apple's MobileMe iDisk services allow users to share music by freely accessing each other's lockers without any username of password required." | Mere Argument. Whether MP3tunes is a "file sharing" service is an opinion and mere argument. *See* Fed. R. Civ. P. 56(e)(1).<br><br>Lack of Personal Knowledge/Improper Lay Opinion/Speculation. MP3tunes has not shown that Mr. Robertson has sufficient personal knowledge or expertise to opine on the functioning of unrelated third party systems. *See* Fed. R. Evid. 701, 602. |
| Robertson Declaration ¶ 17.<br><br>Objectionable Testimony.<br><br>"However, EMI Music Group North America provided no means of determining which songs were in question and where links to these songs could be located." | Improper legal conclusion. The assertion that Plaintiffs "provided no means of determining which specific songs were in question and where links to those songs could be located" states an inadmissible legal conclusion relevant to Defendants' inability to qualify for DMCA safe harbor. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Robertson Declaration ¶ 17.<br><br>Objectionable Testimony.<br><br>"[I]t was plainly not possible for MP3tunes to comply with EMI's request." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Mr. Robertson fails to provide any foundational facts to support his assertions that it was "plainly not possible" to comply with the Plaintiffs' takedown notices. *See* Fed. R. Evid. 701, 602. As a result, his statement is mere argument and therefore inadmissible. *See* Fed. R. Civ. P. 56(e)(1). |
| Robertson Declaration ¶ 19. | Lack of personal knowledge/Improper Lay Opinion/Speculation/Mere Argument. Mr. |

| | |
|---|---|
| Objectionable Testimony.<br>"[Plaintiffs claimed] that the DMCA obligates MP3tunes to constantly search for such links and instantly remove them all, without EMI ever identifying the links. This is impossible." | Robertson fails to provide any foundational facts to support his assertions that it was "impossible" to comply with the Plaintiffs' takedown notices. *See* Fed. R. Evid. 701, 602. As a result, his statement is mere argument and therefore inadmissible. *See* Fed. R. Civ. P. 56(e)(1). |
| Robertson Declaration ¶ 20<br><br>Objectionable Testimony.<br>"Indeed, MP3tunes knows that all EMI songs on the Internet are not infringing. EMI makes extensive use of the Internet to distribute free music." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, makes "extensive use of the Internet to distribute free music." As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. |
| Robertson Declaration ¶ 20<br><br>Objectionable Testimony.<br>"It has long been known in the Internet sector that the major record labels make extensive use of free promotional MP3s as a marketing tool for both new and established artists." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, makes "extensive use of free promotional MP3s" as "a marketing tool" or otherwise. In addition, Mr. Robertson has provided no foundation for testing as to what the "Internet sector" knows. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602.<br><br>Hearsay Mr. Robertson has not indicated who in the "Internet sector" conveyed this alleged knowledge to him, and therefore it is unattributed hearsay. *See* Fed. R. Evid. 801, 802. |

| | |
|---|---|
| Robertson Declaration ¶ 20<br><br>Objectionable Testimony.<br><br>"It has been my experience that EMI Is probably one of the most aggressive labels in this regard. EMI distributes files from its own record labels sites, from a wide range of music-related websites, and (because the demand is so high) through content delivery networks, or CDNs, like Akamai, which EMI pays to circulate music on its behalf. Akamai is perhaps the biggest and most prominent CDN, which uses the brand "edgeboss" to market its technology service." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding Akamai. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. |
| Robertson Declaration ¶ 20<br><br>Objectionable Testimony.<br><br>"MP3tunes has discovered on the Internet many EMI-copyrighted songs available for download with Akamai URLs." | Lack of personal knowledge/Improper Lay Opinion/Speculation.. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that MP3tunes has found "many EMI-copyrighted songs available for download with Akamai URLs." *See* Fed. R. Evid. 701, 602.<br><br>Hearsay. Mr. Robertson has failed to establish his personal knowledge of what MP3tunes has allegedly "discovered." As a result, his testimony is inadmissible hearsay. Fed. R. Evid. 801, 802. |
| Robertson Declaration ¶ 21<br><br>Objectionable Testimony.<br><br>"Record company distribution of free MP3 downloads to promote both new and established artists has been a practice for as long as I have been involved in the Internet. To cite a well known example, a few years ago EMI gave away an MP3 for the song 'I Kissed a Girl' by then-unknown Capitol Records recording artist Katy Perry, which helped propel that song to #1 | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding recording artist Katy Perry. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear |

| | |
|---|---|
| on both iTunes and Billboard charts. Katy Perry today is one of the world's best-selling recording artists. Yet her song "U R So Gay" remains one of the thousands of songs that Plaintiffs are suing MP3tunes for linking to on its Sideload.com web site…" | understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. |
| Robertson Declaration ¶ 21<br><br>Objectionable Testimony.<br><br>"everyone else in the world is free to download the song and listen to it as often as they please from the following URL: http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_usogay.mp3." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding recording artist Katy Perry. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602.<br><br>Mere Argument/Impermissible Legal Opinion. Mr. Robertson has presented no facts indicating that "everyone in the world" is free to download the referenced song either as a legal or a practical matter. The link provided is a link to a Source URL, not a webpage. As a result, this testimony is mere argument and impermissible legal opinion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701. |
| Robertson Declaration ¶ 21<br><br>Objectionable Testimony.<br><br>"In this URL, the "edgeboss.net" is the domain name—the brand name for Akamai, a CDN that EMI pays to distribute its music for free, over the Internet. Just before that, "capi001" reflects that EMI's Capitol Records has an account with Akamai for music distribution." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding Akamai. As such, these statements are not "rationally based on the perception of the witness" |

| | |
|---|---|
| | or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. |
| Robertson Declaration ¶ 22<br><br>Objectionable Testimony.<br><br>"This is just one example of EMI's marketing practices. MP3tunes has found numerous additional examples of Plaintiffs making music files available for free download on the Internet." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that MP3tunes has found "many EMI-copyrighted songs" available for download. *See* Fed. R. Evid. 701, 602.<br><br>Hearsay. Mr. Robertson has failed to establish his personal knowledge of what MP3tunes has allegedly "discovered." As a result, his testimony is inadmissible hearsay. *See* Fed. R. Evid. 801, 802. |
| Robertson Declaration ¶ 22<br><br>Objectionable Testimony.<br><br>"In fact, one EMI subsidiary actually maintains an entire music blog website (http://www.theinsoundfromwayout.com/downloads/), the principle purpose of which appears to be to distribute free downloads of EMI Music files for promotional purposes." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to establish the basis of his claimed knowledge of the Plaintiffs' corporate ownership or structure, or what assets it allegedly owns or operates. In addition, he also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. |

## II. Declaration of Douglas Reese

| Inadmissible Testimony | Evidentiary Objection |
|---|---|
| Reese Declaration ¶ 1<br><br>Objectionable Testimony.<br><br>"Since 2004, I have held the title of Chief Technology Officer of MP3tunes, Inc." | Contradicts Sworn Deposition Testimony. This statement is in conflict with the deposition testimony of Mr. Reese as both an individual and 30(b)(6) witness in which he testified that, as of December 2009 he was no longer an employee of MP3tunes. Ex. 100 (Reese) 113:18-22. Because this testimony contradicts sworn deposition testimony it is inadmissible on a motion for summary judgment. *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997); *Hayes v. New York City Dep't. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *Newport Electronics, Inc. v. Newport Corp.*, 157 F.Supp.2d 202, 220 (D. Conn. 2001) . |
| Reese Declaration ¶ 4<br><br>Objectionable Testimony.<br><br>"[T]he user may store music by loading from other music-related websites which provide promotional downloads, like MTV.com or EMI's own site, www.theinsoundfromwayout.com, to their lockers." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Reese has sufficient personal knowledge of "promotional" or any other music downloads made available by the referenced websites. Nor does he provide any foundational facts to support his statement that these websites offer "promotional" downloads. He also fails to establish the basis of his claimed knowledge of the Plaintiffs' corporate ownership or structure, or what assets it allegedly owns or operates. These statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are thus inadmissible. *See* Fed. R. Evid. 701, 602. |
| Reese Declaration ¶ 9<br><br>Objectionable Testimony.<br><br>"Sideload.com is designed to enable users to search for the many promotional music downloads that are available for free on the Internet." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Reese has sufficient personal knowledge of "promotional" music downloads. Nor does he provide any foundational facts to support his claims regarding the availability of "promotional" downloads on the Internet or his characterization of such downloads as "available for free." These statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are thus inadmissible. *See* Fed. R. Evid. 701, 602. |

| | |
|---|---|
| Reese Declaration ¶ 11<br><br>Objectionable Testimony.<br><br>"Thus, when a free promotional MP3 download is removed from a source website such as Amazon.com or MTV.com, the link on Sideload.com becomes inoperable and is automatically removed." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Reese has sufficient personal knowledge of "promotional" or any other downloads made available by the referenced websites. He does not provide any foundational facts to support his statement that these websites offer "promotional" downloads or his characterization of such downloads as "free." These statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are thus inadmissible. *See* Fed. R. Evid. 701, 602. |

**III. Declaration of Gregory Gulia**

| **Inadmissible Testimony** | **Evidentiary Objection** |
|---|---|
| Gulia Declaration, Exs. CC & DD | Hearsay. Newspaper articles are inadmissible hearsay to prove the truth of their contents. *See* Fed. R. Evid. 802; *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 217 (S.D.N.Y. 2007). |

**IV. Declaration of Sarah Peyronnel**

| **Inadmissible Testimony** | **Evidentiary Objection** |
|---|---|
| Peyronnel Declaration ¶ 2.<br><br>Objectionable Testimony.<br><br>"It is my understanding that, under the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA"), a copyright owner must first provide an Internet service provider such as MP3tunes with a written notification of claimed infringement identifying the copyrighted works claimed to be infringed, and only if the Internet service provider fails to expeditiously remove, or disable access to, such works may the copyright owner then claim infringement. It is my further understanding that, in such an event, in order | Improper legal conclusion. Ms. Peyronnel's understanding of the DMCA and the statute's application to this case states inadmissible legal conclusions. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996).<br><br>Lack of Personal Knowledge / Improper Lay Opinion/Speculation. Ms. Peyronnel has not established a foundation for the proposition that MP3tunes is an Internet service provider. *See* Fed. R. Evid. 701, 602. |

| | |
|---|---|
| to prevail on an infringement claim, the copyright owner must establish ownership of the works as an element of the claim." | |
| Peyronnel Declaration ¶ 4<br><br>Objectionable Testimony.<br><br>"For the 24,633 entries on the Labels' Song List, only 212 songs were the subject of either of the two earlier DMCA take-down notices. Each of the 212 songs were listed several times on the Labels' Song List. Summary judgment should be awarded to defendants as to the remaining 24,030 songs identified on the Labels' Song List which were not on either of the take-down notices." | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Ms. Peyronnel has not established a foundation for the proposition that the Labels' Song List contained duplication or that only 212 songs on the Labels' Song List were also on the earlier DMCA take-down notices. *See* Fed. R. Evid. 701, 602. |
| Peyronnel Declaration ¶ 4<br><br>Objectionable Testimony.<br><br>"Summary judgment should be awarded to defendants as to the remaining 24,030 songs identified on the Labels' Song List which were not on either of the take-down notices." | Improper legal conclusion. This passage is argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Peyronnel Declaration ¶ 4 and Ex. D.<br><br>Objectionable Testimony.<br><br>"Summary judgment should be awarded to defendants as to the remaining 24,030 songs identified on the Labels' Song List which were not on either of the take-down notices. A spreadsheet documenting my analysis is filed with permission in CD-Rom format with the Clerk as Exhibit D." | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Exhibit D is a list of songs and copyright registration numbers and does not reflect any "analysis" or "findings" whatsoever, and there is thus no foundation for the conclusions in this paragraph. *See* Fed. R. Evid. 701, 602.<br><br>Improper legal conclusion. This passage is argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Peyronnel Declaration ¶ 5<br><br>Objectionable Testimony.<br><br>"To the best of my knowledge, the Labels did not issue any DMCA take-down notices for | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Ms. Peyronnel admittedly has no personal knowledge of the facts stated herein and may not opine as to what she assumes the facts to be. *See* Fed. R. Evid. 701, 602. |

| | |
|---|---|
| any of the "cover art" for which the Labels are asserting copyright claims in this action." | |
| Peyronnel Declaration ¶ 8.<br><br>Objectionable Testimony.<br><br>"Of the 572 songs identified in the earlier DMCA take-down notice only 14 song titles were referenced in the Publishers' Song List. However, the 9,126 songs Publishers' List referenced some of these titles several times. A total of 152 works listed on Publishers' Song List were actually the subject of the take-down notice. Summary judgment should be awarded to defendants as to the remaining 8,974 songs identified on Publishers' Song List. A spreadsheet documenting my analysis is filed with permission in CD-Rom format with the Clerk as Exhibit G." | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Ms. Peyronnel has not established a foundation for any of the factual assertions in this paragraph, and Exhibit G to her declaration is merely a list of songs and does not reflect any "analysis" whatsoever. *See* Fed. R. Evid. 701, 602. |
| Peyronnel Declaration ¶ 8<br><br>Objectionable testimony.<br><br>"Summary judgment should be awarded to defendants as to the remaining 8,974 songs identified on Publishers' Song List." | Improper legal conclusion. This passage is argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Peyronnel Declaration ¶ 9<br><br>Objectionable testimony.<br><br>"According to my analysis, for the 24,633 songs on the Labels Song List, and the 9,126 songs listed on the Publishers' Song List, Plaintiffs have failed to produce suitable ownership records for at least 13,584 songs. With the Court's permission a series of spreadsheets documenting my findings in this regard is filed in CD-Rom format with the Clerk as Exhibit H. Accordingly, even absent the protections of the DMCA, defendants would be entitled to summary judgment as to these 13,584 songs for failure to establish copyright ownership." | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Ms. Peyronnel has not established a foundation for any of the factual assertions in this paragraph, and the series of spreadsheets attached collectively as Exhibit H to her declaration is merely several lists of songs and does not reflect any "analysis" whatsoever. *See* Fed. R. Evid. 701, 602. |

| | |
|---|---|
| Peyronnel Declaration ¶ 9<br><br>Objectionable testimony.<br><br>"Accordingly, even absent the protections of the DMCA, defendants would be entitled to summary judgment as to these 13,584 songs for failure to establish copyright ownership." | Improper legal conclusion. This passage is argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |

## V. Declaration of Derek Mekkawy

| **Inadmissible Testimony** | **Evidentiary Objection** |
|---|---|
| Mekkawy Declaration ¶ 2.<br><br>Objectionable testimony.<br><br>"I understand that, on or around September 4, 2007, an entity calling itself 'EMI Music Group North America' sent a DMCA take-down notice to MP3tunes and instructed MP3tunes to remove certain links to certain songs that were listed in attachments to the notice. I further understand that 'EMI Music Group North America' represented that the lists of links to the specific songs referenced in the attachment to that DMCA take-down notice were merely representative of 'EMI's copyrighted works' that were available through MP3tunes' services and that MP3tunes was obligated to remove not only the songs identified in the letters but also all other 'EMI' songs, which could only be identified by conducting an investigation at EMI's websites, http://www.emimusic.com/artists." | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Mr. Mekkawy has not provided an evidentiary foundation for his summary of facts related to this case. The paragraph also contains Mr. Mekkawy's understanding of what a September 4, 2007 takedown notice meant, which is impermissible lay opinion testimony. *See* Fed. R. Evid. 701, 602. |
| Mekkawy Declaration ¶ 3.<br><br>Objectionable testimony.<br><br>"I understand that, on October 25, 2007, 'EMI Music Group North America' and an entity calling itself 'EMI Entertainment World, Inc.,' who which [sic] purported to represent 'EMI Publishing,' both sent letters instructing MP3tunes to remove certain links to allegedly | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Mr. Mekkawy has not provided an evidentiary foundation for his summary of facts related to this case. The paragraph also contains Mr. Mekkawy's understanding of what a October 25, 2007 takedown notice meant, which is impermissible lay opinion testimony. *See* Fed. R. Evid. 701, 602. |

| | |
|---|---|
| infringing works which were listed in attachments to those letters. I understand these two entities claimed that MP3tunes was obligated to remove not only the specific links to songs references in their attachments but also 'all of EMI's copyright works.' 'EMI Music Group North America' instructed MP3tunes to consult the website http://www.emigroup.com/About/Music/EMI +Music+Publishing+songwriters.htm to determine which songs it wanted removed. 'EMI Entertainment World, Inc.,' who professed to 'EMI Publishing' instructed MP3tunes to consult the following websites to determine which songs should be removed from MP3tunes' websites: http://www.capital records.com/artists/, http://www.virginrecords.com/home/artists.htm, http://www.bluenote.com/artist.asp, http://www.narada.com/artist_page.htm, and http://www.astralwerks.com/. | |
| Mekkawy Declaration ¶ 6 and Ex. A.<br><br><u>Objectionable testimony.</u><br><br>"22 songs were too difficult to make a judgment on." | <u>Improper Lay Opinion / Speculation.</u> Mr. Mekkawy presents no foundation for his contention that it was "ambiguous" as to whether some of the songs on the Labels Song list were listed on the EMI website he reviewed. Mr. Mekkawy's chart does not list 22 songs as "too difficult to make a judgment on," and of the songs he identifies, over 20 are accredited to an EMI artist on the EMI website he purportedly reviewed. *See* Fed. R. Evid. 701, 602. |
| Mekkawy Declaration ¶ 7 and Ex. B.<br><br><u>Objectionable testimony.</u><br><br>"54 songs were too difficult to make a judgment on." | <u>Improper Lay Opinion / Speculation.</u> Mr. Mekkawy presents no foundation for his contention that it was "ambiguous" as to whether some of the songwriters identified on the Publishers' Song List were listed on the EMI Publishers' website. Of the 54 songs Mr. Mekkawy identifies as "too difficult to make a judgment on," the majority of these are accredited to an EMI songwriter on the website he purportedly reviewed. *See* Fed. R. Evid. 701, 602. |

DATED: November 24, 2010

Respectfully submitted,

By: /s/ Andrew H. Bart

Andrew H. Bart
Joseph J. McFadden
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022
tel. (212) 891-1690
fax (212) 891-1699

*-and-*

Steven B. Fabrizio
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
tel. (202) 639-6000
fax (202) 639-6066

*Attorneys for Plaintiffs Capitol Records, LLC, Caroline Records, Inc, EMI Christian Music Group Inc., Priority Records LLC, Virgin Records America, Inc.*

By: /s/ F. Scibilia

Donald S. Zakarin
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for the Beechwood Music Corp., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Feel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., EMI Virgin*

*Songs, Inc., EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, Inc., EMI Gold Horizon Corp., EMI Grove Park Music, Inc. EMI Hastings Catalog, Inc., EMI Mills Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, inc., Jobete Music Co., Inc., Screen Gems-EMI Music, inc., Stone Agate Music, and Stone Diamond Music*

**Certificate of Service**

I, Joseph J. McFadden, do hereby certify that on this 24th day of November 2010, I caused true and correct copies of the within Supplemental Declaration of Andrew Bart, Supplemental Declaration of Ellis Horowitz, Supplemental Declaration of Alasdair McMullan, Supplemental Declaration of Michael Abitbol, Rule 56.1 Counterstatement of Undisputed Facts, Memorandum of Law in Opposition to Motion for Summary Judgment, and Plaintiffs' Evidentiary Objections to be served via the Court's Electronic Filing System, electronic transmission, and overnight delivery upon the following individual:

John Dellaportas, Esq.
Duane Morris
1540 Broadway
Suite 1400
New York, NY 10036-4086

Joseph J. McFadden