**DUANE MORRIS** LLP
Gregory P. Gulia
John Dellaportas
Vanessa Hew
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000
*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC., EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI FEIST CATALOG, INC., EMI GOLD HORIZON CORP., EMI GROVE PARK MUSIC, INC., EMI HASTINGS CATALOG, INC., EMI MILLS MUSIC, INC., EMI MILLER CATALOG, INC., EMI ROBBINS CATALOG, INC., EMI U CATALOG, INC., EMI UNART CATALOG, INC., JOBETE MUSIC CO., INC., SCREEN GEMS-EMI MUSIC, INC., STONE AGATE MUSIC, and STONE DIAMOND MUSIC, | CIVIL ACTION NO. 07 Civ. 9931 (WHP) ECF Case |
| Plaintiffs, | **DECLARATION OF DOUGLAS REESE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MP3TUNES, INC., and MICHAEL ROBERTSON, | |
| Defendants. | |

I, DOUGLAS REESE, hereby declare:

1.      Since 2004, I have held the title of Chief Technology Officer of MP3tunes, Inc. ("MP3tunes"). As Chief Technology Officer, I have been responsible for the development and implementation of the MP3tunes system. I respectfully submit this declaration in opposition to Plaintiffs' Motion for Summary Judgment. Specifically, I have reviewed the Declaration of Ellis Horowitz in Support of Plaintiffs' Motion for Summary Judgment, as well as Plaintiffs' accompanying Memorandum of Law. I offer this testimony to correct the misunderstandings made therein as to how the MP3tunes system operates.

2.      First, Plaintiffs falsely allege that MP3tunes offers what they call "Sideload Features" that enable users to "circumvent access requirements imposed by copyright owners." *See* Pl. Br. 11-12; Horowitz Decl. ¶¶ 29-40. The truth is just the opposite. MP3tunes does not enable users to circumvent any access requirements imposed by copyright owners. When a user chooses to sideload or download a song at Sideload.com, Sideload.com sends a request to the web server hosting the song file on the Internet. The hosting web server then transfers a copy of the file to the user's locker or hard drive. Such a request only works for files that have been specifically placed on the Internet for download. The Sideload.com software recognizes files available for download by examining the extension of the file. Typically, downloadable files contain the following extensions: ".mp3" ".mp4" ".mp4a" ".aac" ".wma" ".ogg" and ".midi." If a file is placed on the Internet with a downloadable extension, then that file is accessible for download to one and all. If, by contrast, a file on the Internet lacks a downloadable extension, then Sideload.com does nothing to circumvent that.

3.      This is not a fact which is in any real dispute. Indeed, the Court does not have to take my or Mr. Horowitz's word for it. Rather, the Court can confirm what I have stated above

and download for itself any of the Internet links identified by Mr. Horowitz, without use of Sideload.com. Simply copy the link and paste it into the top window of any web browser (*e.g.,* Microsoft Internet Explorer, Mozilla Firefox, Google Chrome or Apple Safari), right click on the download icon of the file (the inverted triangle that appears in the player that appears on the screen), choose "save as source" from the drop down menu, and the player will save a copy of the file on the hard drive. One does not need Sideload.com at all.

4.      Plaintiffs claim that Sideload.com circumvents access restrictions because it permits downloading from links which request marketing data or promotion codes in exchange for a downloadable file even when the user does not enter the marketing data or promotion code. This is not at all how the Sideload.com system works.

5.      Indeed, Professor Horowitz's examples demonstrate this fact. For example, Professor Horowitz chooses the song "Hercules Theme" by the artist Hercules & Love Affair listed in the "Featured Songs" section at Sideload.com. *See* Horowitz Declaration ¶ 33. Professor Horowitz then follows the link posted at Sideload.com, which takes him to what he candidly admits to be <u>a website controlled not by some Internet pirate but by EMI itself</u>, http://emichrysalix.co.uk/herculesandloveaffair/downloads/16_11_07/, which offers the song as a "free song" and requests a name, date of birth and contact information to be entered into certain fields. *Id.* ¶ 34. Professor Horowitz notes that Sideload.com users are able to download the file referenced in the EMI website without entering the requested marketing data. *Id.* ¶ 35. He then leaps to the conclusion that Sideload.com has circumvented restrictions on the download. *Id.* ¶ 32. This is simply incorrect. The reason users are able to download the Hercules and Love Affair song is because EMI has chosen to make that file available on the Internet—by uploading that file to their own servers which are purposely made available on the Internet—for download

without any access restrictions.

6.      Offering a song at one Internet location (a "URL") and hosting the actual download at another URL is not an access control. Both URLs are available to one and all on the Internet. The EMI record label that made the Hercules and Love Affair song available for free download on the Internet could have easily employed access restrictions. For example, it could have made its links password-protected. In addition, it could have easily programmed the host server to prevent search engines from accessing its files. Either method, and countless other types of access restrictions, would have made the song inaccessible by Sideload.com. The EMI label simply opted not to use any of these very basic access restrictions.

7.      In short, the reason that Internet users are able to download the Hercules and Love Affair song without entering marketing data is because the EMI label has placed the download on its own server and allowed users of the Internet to access that server without restriction. The ability to find and download this file is not unique to Sideload.com. Any Internet search engine, for example, Google, Bing, or Yahoo!, can be used to find and download the very same songs as those identified in Professor Horowitz's declaration. Indeed, see the DVD Exhibits 1-3 attached to the Declaration of Michael Robertson In Opposition to Plaintiffs' Motion for Summary Judgment for a video demonstration of how easily other search engines can be used to locate and download the same songs found at Sideload.com.

8.      Plaintiffs also claim that Sideload.com enables users to convert streaming or listening only songs to downloadable songs. *See* Pl. Br. 12; Horowitz ¶¶ 36-40. This too is simply incorrect; indeed, it is obviously so. The truth is that, in each instance, Plaintiffs have made such songs available for download, not for listening only.

9.      Once again, Professor Horowitz's demonstrates this fact through his own

example. In his declaration, he chooses a Katy Perry download of the song "I Kissed A Girl," which was listed at Sideload.com. *See* Horowitz Declaration ¶ 37. Professor Horowitz notes that at the Katy Perry website, www.katyperry.com, users were only able to listen to the song but were not able to download the song. *Id.* ¶ 36. Professor Horowitz notes that the source site is http://capi.edgeboss.net and he attaches a printout of the Source URL which he claims shows the files were "being hosted for streaming only, not for download." *Id.* ¶¶ 38. However, the date this example was added is July 22, 2008, as clearly shown in Exhibit M of Mr. Horowitz declaration, nearly two years prior to the date of Mr. Horowitz's screen shot. Professor Horowitz does not establish that the Katy Perry examples were sideloaded from www.katyperry.com. Moreover, a review of the files listed in Exhibit N demonstrates that Plaintiffs made the Katy Perry song available for download. *Id.* ¶ 38, Ex. N. Each of the links listed in Exhibit N are for Katy Perry songs which contain the file extension ".mp3". These are not listening-only files.

10.    In fact, each of the Katy Perry songs listed in Exhibit N are still available on the Internet and may be easily downloaded without the use of Sideload.com. I list the files here:

- http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_teenagedream_30sec.mp3

- http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_waking_up_in_vegas.mp3

- http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_thinkingofyou_radioedit.mp3

- http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_hotncold.mp3

- http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_ikissedagirl.mp3

- http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_usogay.mp3

11.    As I note above, a user merely needs to paste the above links—each from

Professor Horowitz's Exhibit N—in any web browser such as Microsoft Internet Explorer, right click on the download icon of the file, choose the "save as source" option from the drop down menu, and the player will save a copy of the file on the user's computer.

12.     As of November 19, 2010, the songs that have been made available at the above URLs are available on the Internet.  These songs are available for download on the Internet because they have not been removed from their host server, an EMI vendor, which EMI has paid to purposely make them available on the Internet.

13.     Next, Plaintiffs claim that MP3tunes could have easily removed copies of songs from users' lockers that were identified in takedown notices as infringing links on Sideload.com. This, too, reflects a fundamental misunderstanding of the facts.  MP3tunes, Inc. operates two separate web sites, MP3tunes.com and Sideload.com, which in turn offer separate services. MP3tunes.com offers storage services, or lockers, and Sideload.com, which is a search engine. Sideload.com maintains a database that is separate from MP3tunes.com.  MP3tunes does not even have any program which can locate copies of material that is stored in both the database at MP3tunes.com and the Sideload.com database.  Rather, MP3tunes would have to create a whole new program that would be able to search the separate databases of the two different websites and then compare those results.  Such a program would involve complex, multiple database queries to be run across the different databases.  As far as I am aware, EMI has never demanded that MP3tunes create such a program, let alone explain how it should do so.

14.     If Plaintiffs are truly opposed to free downloads of their music on the Internet, then the only feasible approach is for them to stop making their music available without access restrictions.  Instead, they are demanding that MP3tunes police their copyrights for them by, *inter alia*, invading users' private lockers, and creating new software programs out of thin air.

02/03/2006   06:12   7607879293                     SUZANNE P REESE                          PAGE  01/01

This would not only be infeasible but also palpably improper.

15.     I further understand that Mr. Horowitz alleged that for each song link added to Sideload.com, MP3tunes generates a "Track Details page" that provides additional details about the song file. *See* Horowitz ¶ 24 & Ex. F. This is also misleading. The "Track Details" page is a result of an automated process that is initiated by the users of MP3tunes' service. The content listed in the "Track Details page" is not addition information but is contained in the metadata of the song and in the information used by the servers during the user-initiated act of sideloading the files. This information automatically populates a "Track Details" page. Similarly, I understand that Professor Horowitz alleged that Sideload.com and its computer servers host, index and organize the links to songs, *see* Horowitz ¶¶ 20-24, when in fact the hosting, organization and indexing of links is the result of an automated process also initiated by the users of MP3tunes' service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     November 24, 2010
                 Ramona, California

                                               By:   _____
                                                     DOUGLAS REESE

-6-