**DUANE MORRIS** LLP
Gregory P. Gulia
John Dellaportas
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CAPITOL RECORDS, LLC; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC., EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI FEIST CATALOG, INC., EMI GOLD HORIZON CORP., EMI GROVE PARK MUSIC, INC., EMI HASTINGS CATALOG, INC., EMI MILLS MUSIC, INC., EMI MILLER CATALOG, INC., EMI ROBBINS CATALOG, INC., EMI U CATALOG, INC., EMI UNART CATALOG, INC., JOBETE MUSIC CO., INC., SCREEN GEMS-EMI MUSIC, INC., STONE AGATE MUSIC, and STONE DIAMOND MUSIC, | CIVIL ACTION NO. 07 Civ. 9931 (WHP) ECF Case **DECLARATION OF SARAH PEYRONNEL IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| Plaintiffs, v. MP3TUNES, INC., and MICHAEL ROBERTSON, Defendants. | |

I, SARAH PEYRONNEL, hereby declare:

1. I am a lawyer licensed to practice in the state of New York. I am currently working as an intern with the law firm Duane Morris LLP, which represents the defendants MP3tunes, Inc. ("MP3tunes") and Michael Robertson in the above captioned action (collectively, "Defendants"). I respectfully submit this declaration in opposition to Plaintiffs' Motion for Summary Judgment.

2. As in my previously filed declaration in support of Defendants' Motion for Summary Judgment, I have undertaken to review the lists of allegedly infringing works produced by the two sets of plaintiffs in this case (hereinafter, "Labels" and "Publishers"). However, although the plaintiffs once alleged infringement of more than 30,000 songs, which was the basis of my earlier analysis, plaintiffs now allege far fewer works have been infringed, although the exact number is unclear from plaintiffs' summary judgment papers. For example, in their brief, plaintiffs claim only 3,476 of their alleged copyrighted works have been infringed by Sideload.com's services, *see* Pl. Br. 16, and that 328 cover art images have been infringed on MP3tunes servers. In their Local Rule 56.1 Statement of Uncontroverted Facts, Plaintiffs allege that 3,189 sound recordings are at issue and that 562 compositions are at issue. I am unaware of an explanation for plaintiffs' inconsistent facts.

3. However, I have reviewed the list of songs identified in the Declaration of Audrey Ashby in Support of Plaintiffs' Motion for Partial Summary Judgment (562 compositions) and in the Declaration of Alasdair McMullan in Support of Plaintiffs' Motion for Summary Judgment (3,224 sound recordings). I have compared those lists against the earlier purported DMCA takedown notices that certain EMI entities served on MP3tunes, and against the underlying copyright ownership records produced in this case by plaintiffs.

4. As in my declaration in support of Defendants' Motion for Summary Judgment, the purpose of this analysis is two-fold: 1) to determine which of the songs allegedly at issue were contained in the purported DMCA take-down notices sent by the EMI entities "EMI Music Group North America" and "EMI Entertainment World" dated September 4, 2007 and October 25, 2007; and 2) to determine whether plaintiffs have submitted documentation of ownership. As in my earlier declaration, these two queries are based on my understanding that Plaintiffs must show: (a) their ownership in the copyrights at issue in this litigation; (b) that they provided written notice to MP3tunes of the specific infringing material at issue in this suit; and (c) that MP3tunes thereafter failed to remove access to that material, as required by the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA").

5. Of the 3,224 sound recordings on the charts attached to Mr. McMullen's declaration, 3,063 were not identified in either of the two alleged DMCA take-down notices from "EMI Music Group North America" and "EMI Entertainment World." Of the 562 compositions on the charts attached to Ms. Ashby's declaration, 546 were not identified in either of the two alleged DMCA take-down notices from "EMI Music Group North America" and "EMI Entertainment World." Annexed hereto as Exhibit I is a chart listing the songs that were not were not identified in either of the two alleged DMCA take-down notices from "EMI Music Group North America" and "EMI Entertainment World" letters dated September 4, 2007 and October 25, 2007. I am not aware of plaintiffs, or any other EMI entities, sending any other notice of infringement for the 3,063 previously unidentified sound recordings or the 562 previously unidentified compositions. Thus, plaintiffs motion for summary judgment on these 3,625 works should be denied.

6.  I have examined the copies of the purported certificates of registration and purported ownership documents referenced in the charts that are attached to the declarations of Ms. Ashby and Mr. McMullen. According to my analysis, the Labels and Publishers have failed to produce suitable evidence that 1,610 of these works were registered with the Copyright Office. 1,610 certificates of registration identify the works at issue as a work made for hire but the ownership documents do not contain evidence that the recording artists or composers at issue were employees of any of the Plaintiffs. Annexed hereto as Exhibit J is a chart listing the works that Plaintiffs have designated as works made for hire but which lack evidence that the works were created in the course of employment by an employee of the plaintiffs.

7.  I further understand that the Labels claim that they are the owners, pursuant to copyright registrations, of the copyright or exclusive rights under Copyright Act in cover art accompanying albums that are listed in Exhibit B to Mr. McMullen's declaration. According to my analysis, the Labels and Publishers have failed to produce evidence that any of these works were registered with the United States Copyright Office, or any other evidence of ownership. According to my review, none of the copyright registration numbers that are listed in Exhibit B correspond to the registration of cover art. Rather, they correspond to the registration for sound recordings. Moreover, according to my review, the purported ownership documents do not contain evidence that the copyrights to the particular works of visual art at issue are owned by any of the plaintiffs. Thus, plaintiffs' motion for summary judgment on claims that MP3tunes infringed their cover art should be denied.

4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 24, 2010
New York, New York

By: _____
Sarah Peyronnel