# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
)
CAPITOL RECORDS, LLC, *et al,*        )
)
             *Plaintiffs*,    )     No. 07 Civ. 9931 (WHP)(FM)
)
          v.           )
)
MP3TUNES, LLC, and MICHAEL ROBERTSON, )
)
          *Defendants*.   )
_____)
)
MP3TUNES, LLC, and MICHAEL ROBERTSON, )
)
        *Counter-Claimants*,  )
)
          v.           )
)
CAPITOL RECORDS, LLC, *et al,*        )
)
        *Counter-Defendants*.  )
_____)

## PLAINTIFFS' EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# INTRODUCTION

Plaintiffs submit the following evidentiary objections to certain "evidence" submitted by Defendant in opposition to Plaintiffs' Motion for Summary Judgment. For the reasons stated below, the following declaration testimony and exhibits do not satisfy the evidentiary requirements under the Federal Rules of Evidence and are hence inadmissible and should not be considered by the Court in deciding the parties' cross-motions for summary judgment. *See* Fed. R. Civ. Pro. 56(e)(1) (declarations in support of summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated").

## I.      Declaration of Gregory Gulia

| Inadmissible Testimony | Evidentiary Objection |
|---|---|
| Exhibit EE, Verdict Form | FRE 403. Mr. Carmony's conduct in connection with Linspire, an unrelated company, has no bearing on the merits in this action, and introduction of this verdict form without any further necessary illustration or context will prejudice Plaintiffs to a degree substantially outweighed by the value of this evidence on the merits. |
| Exhibit PP, Declaration of Laura Stamm ¶¶ 43-45 | Inadmissible "Expert" Testimony Under FRE 702/Lack of Personal Knowledge / Improper Lay Opinion/Speculation. Defendant cites paragraphs 43-45 of the Stamm report for the proposition that "60% of the top songs sideloaded originated from plainly legitimate promotional offers from music labels, artists, distributors and music media sites." This testimony is entitled to no weight. Ms. Stamm is an economist who has never worked in the music industry and has no experience with authorized downloads. Ex. 117 (Stamm) 31:14-21; 33:2-7; 171:23-173:2; 221:8-24; 259:8-20. Her "opinion" as to what files were authorized by the EMI Labels is based on her assistant's review of the "top 100" source websites for sideloads on the Sideload Website as of February 25 to 28 of |

| | |
|---|---|
| | 2010, and that assistant's opinion of what percentage of those websites appeared to be authorized. *Id.* at 44:21-46:10; 180:11-181:25; 195:14-198:24. This "evidence" is thus not only completely speculative and lacks foundation, it relates to sideloads from an irrelevant point in time and must be rejected. |
| | Moreover, paragraph 43 of Ms. Stamm's report is based in part on the purported "expertise" of Mr. Gordon, who she relied on exclusively when referring to "industry experts." *Id.* at 47:6-49:3; 53:23-54:7; 268:13-269:6 (admitting "experts" cited in this paragraph are Gordon alone). This portion of the report is also without foundation and is inadmissible. Fed. R. Evid. 702. |
| Uncited Remainder of Stamm Declaration | Inadmissible "Expert" Testimony Under FRE 702/Lack of Personal Knowledge / Improper Lay Opinion/Speculation. Although Defendant has not cited to any other pages or portions of Stamm's declaration , it places the entire declaration into evidence. The remainder of the Stamm declaration concerns Plaintiffs' damages and is therefore irrelevant to the issues presented on this motion. Fed. R. Evid. 402. |

## II.     Declaration of Sarah Peyronnel

| Inadmissible Testimony | Evidentiary Objection |
|---|---|
| Peyronnel Declaration ¶ 4<br><br>Objectionable Testimony:<br>"As in my earlier declaration, these two queries are based on my understanding that Plaintiffs must show:  (a) their ownership of the copyrights at issue in this litigation; (b) that they provided written notice to MP3tunes of the specific infringing material at issue in  this suit; and (c) that MP3tunes thereafter failed to remove access to that  material, as required by the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA"). | Improper legal conclusion. Ms. Peyronnel's understanding of the DMCA and the statute's application to this case states inadmissible legal conclusions. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996).<br><br>Lack of Personal Knowledge / Improper Lay Opinion/Speculation. Ms. Peyronnel has not established a foundation for the proposition that MP3tunes is an Internet service provider.  FRE 701, 602. |
| Peyronnel Declaration ¶ 5 & Ex. I | Lack of Personal Knowledge / Improper Lay Opinion / Speculation. Ms. Peyronnel has not |

3

| | |
|---|---|
| Objectionable Testimony:<br><br>"Of the 3,224 sound recordings on the charts attached to Mr. McMullan's declaration, 3,063 were not identified in either of the two alleged DMCA take-down notices from 'EMI Group North America' and 'EMI Entertainment World.' Of the 562 compositions on the charts attached to Ms. Ashby's declaration, 546 were not identified in either of the two alleged DMCA take-down notices from 'EMI Group North America' and 'EMI Entertainment World.' Annexed hereto as Exhibit I is a chart listing the songs that were not were not [sic] identified in either of the two alleged DMCA take-down notices from 'EMI Group North America' and 'EMI Entertainment World' letters [sic] dated September 4, 2007 and October 25, 2007." | established a foundation for the proposition that 3,063 sound recordings and 546 compositions were not identified on Plaintiffs' Take Down Notices. FRE 701, 602.<br><br><u>Improper legal conclusion.</u> This passage also states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Peyronnel Declaration ¶ 5<br><br>Objectionable Testimony:<br><br>"I am not aware of plaintiffs, or any other EMI entities, sending any other notice of infringement for the 3,063 previously unidentified sound recordings or the 562 previously unidentified compositions. | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u> Ms. Peyronnel, a legal intern at Defendants' law firm, has not established a foundation for her "awareness" or lack thereof of EMI's notice to Defendants. Ms. Peyronnel admittedly has no personal knowledge of the facts stated herein and may not opine as to what she assumes the facts to be. FRE 701, 602.FRE 701, 602.<br><br><u>Improper legal conclusion.</u> This passage is also argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Peyronnel Declaration ¶ 5<br><br>Objectionable Testimony:<br><br>"Thus, plaintiffs motion for summary judgment on these 3,625 works should be denied." | <u>Improper legal conclusion.</u> This passage is argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |
| Peyronnel Declaration ¶ 6 & Ex. J | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u> Ms. Peyronnel has not |

| | |
|---|---|
| Objectionable Testimony:<br><br>"I have examined the copies of the purported certificates of registration and purported ownership documents referenced in the charts that are attached  to the declarations of Ms. Ashby and Mr. McMullan.  According to my analysis, the Labels and Publishers have failed to produce suitable evidence that 1,610 of these works were registered with the Copyright Office.  1,610 certificates of registration identify the works at issue as a work made for hire but the ownership documents do not contain evidence that the recording artists or composers at issue were employees of any of the Plaintiffs.  Annexed hereto as Exhibit J is a chart listing the works that Plaintiffs have designated as works for hire but which lack evidence that the works were created in the course of employment by an employee of the plaintiffs""" | established a foundation for any of the factual assertions  in this paragraph, and  Exhibit J to her declaration  is merely a list of songs and does not reflect any "analysis" whatsoever.  FRE 701, 602.<br><br><u>Improper legal conclusion.</u>  Moreover, Ms. Peyronnel's conclusions as to what constitutes "suitable evidence" of ownership are based entirely on inadmissible and plainly incorrect legal conclusions regarding works made for hire, evidentiary burdens, and the Copyright Act.  *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996); 17 U.S.C. §411(b).  *See also* Pls. Opp. at 33-35. |
| Peyronnel Declaration ¶ 7<br><br><br>Objectionable Testimony:<br><br>"I further understand that the Labels claim that they are the owners, pursuant to copyright registrations, of the copyright or exclusive rights under the Copyright Act in cover art accompanying albums that are listed in Exhibit B to Mr. McMullan's declaration.  According to my analysis, the Labels and Publishers have failed to produce any evidence that any of these works were registered with the United States Copyright Office, or any other evidence of ownership.  According to my review, none of the copyright registration numbers that are listed in Exhibit B correspond to the registration of cover art.  Rather, they correspond to the registration for sound recordings.  Moreover, according to my review, the purported ownership documents do not contain evidence that the copyrights to the particular works of visual art at issue are owned by any of the plaintiffs.  Thus, | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u>  Ms. Peyronnel has not established a foundation for any of the factual assertions in this paragraph, and she provides no support whatsoever for the "analysis" she claims in this paragraph to have conducted.  FRE 701, 602.<br><br><u>Improper legal conclusion.</u>  Moreover, Ms. Peyronnel's conclusions are based entirely on her inadmissible and plainly incorrect  legal conclusion regarding what constitutes proper registration of album cover art.  *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996); 17 U.S.C. §411(b).  *See also* Pls. Reply at 7-8. |

| | |
|---|---|
| plaintiffs' motion for summary judgment on claims that MP3tunes infringed their cover art should be denied." | |

## III.   Declaration of Michael Robertson

| Inadmissible Testimony | Evidentiary Objection |
|---|---|
| Robertson Declaration ¶ 4<br><br>Objectionable Testimony:<br><br>"MP3tunes' [sic] use of cover art therefore is in compliance with MP3tunes' license agreement with Amazon.com, which allows for:  the "display and/or public performance of certain video and static media content via datafeeds made available by Amazon" for the "sole[ ] purpose of facilitating referrals from [MP3tunes'] site to the Amazon Site." | Improper legal conclusion.  Mr. Robertson's statements with respect to MP3tunes' allegedly valid license with Amazon.com are  inadmissible legal conclusions. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). |

## IV.   Brief Citations

| Inadmissible Testimony | Evidentiary Objection |
|---|---|
| Def. Br. p. 4, n. 3<br>Objectionable Evidence:<br>Citation in brief to articles in the New York Times regarding radio station "payola" allegations against EMI. | Objection:  This evidence is irrelevant hearsay, and impermissibly concludes that EMI engaged in practices that violated "federal law."  Fed. R. Evid. 402, 702, 802. |
| Def. Br. p. 4, n. 3<br>Objectionable Evidence:<br>Citation in brief to article in the New York Times regarding a lawsuit between Citigroup and Terra Firma, EMI's parent. | Objection:  No aspect of the article or the lawsuit bears in any way upon this case, and it is irrelevant hearsay.  Fed. R. Evid. 402, 802. |
| Def. Br. p. 15<br>Objectionable Evidence:<br>citation in brief to http://www.consumeraffairs.com/news04/2009/08/kindle_class.html | Objection:  This is a newspaper article reporting on a purported lawsuit by a teenager against Amazon.com.  It is irrelevant hearsay.  Fed. R. Evid 402, 802. |

**V.  Declaration of Steve Gordon (Gulia Decl. Ex. QQ)**

MP3tunes does not rely on Gordon's declaration in its Rule 56.1 statement.  It does, however, cite the first five pages of Gordon's declaration in its brief (Defs. Opp. at 8) and attaches the entire declaration as an exhibit in opposition to Plaintiffs' motion for summary judgment.  As a result, although Gordon's testimony is already the subject of a joint letter to the Court, Plaintiffs once again briefly raise their objections to his baseless testimony.

MP3tunes submits Mr. Gordon's testimony in an attempt to support its baseless theory that Plaintiffs routinely authorize the unrestricted dissemination of song files on the Internet. The cited portions of Mr. Gordon's testimony, however, provide absolutely no factual support for MP3tunes' theory beyond the entirely cursory and unsupported conclusion that that "[I]t is standard practice in today's music business for copyright owners to make free downloads of songs available to users of the Internet."  There is no foundation for such a statement and it is inadmissible.  Fed. R. Evid. 702 (expert testimony admissible only where (1) the testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles; and (3) the witness applies the principles reliably to the facts of the case.  *See also Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

The uncited portion of Gordon's testimony is also inadmissible, because Mr. Gordon's "findings" therein are based entirely on his misreading of the deposition testimony of Plaintiffs' executives, certain Internet hearsay that he discovered while conducting "research" for his report, and pure speculation.

Gordon admitted in his deposition that he became an "expert" on promotional downloads by simply reviewing a small portion of the evidence in this case.  *Id.* at 236:22-237:15 ("I read the reports or the depositions of EMI executives…. I didn't have to go beyond that."); *see also id.* at 261:12-262:3; 273:12-21; 274:21-275:9; 391:3-394:25.  Gordon stated that he was not even aware of the "standard industry practice" about which he opines until he read the depositions of certain EMI witnesses that were provided to him, at which point, he claims to have had an "''ah-ha' moment" where "the whole thing made sense to [him]."  Ex. 125 (Gordon) at 246:25-248:3. Gordon argued.

Gordon also claimed that because two of Plaintiffs' witnesses testified to a small number of free downloads that were authorized, he concluded, "based on common  sense," that EMI must have authorized other sites that those witnesses could not remember, Bart Reply Decl. (Gordon) at 103:23-104:19, and he further extrapolated from Plaintiffs' testimony that authorizing free downloads must be an industry-wide practice because "all four [major record] labels basically act alike."  *Id.* at 262:9-263:11.

The Court does not need an attorney posing as an "expert" to make factual arguments based on portions of  record evidence that were funneled to him by counsel.  For this reason alone, Gordon's declaration should be excluded under FRE 702; *Andrews v. Metro N. C. R. Co*., 882 F.2d 705, 708 (2d Cir. 1989) (excluding expert when testimony was directed to lay matters which a jury is capable of understanding and deciding without the expert's help); *United States v. Castillo*, 924 F.2d 1227, 1233 (2d Cir. 1991) (same).

7

Apart from what he claims to have learned from reading the EMI depositions in this case, the only basis for Gordon's opinion that major record labels and publishers routinely "authorize" blogs to give away free music is the "fact" that, to his knowledge, there have been no lawsuits filed against blogs offering free downloads.  Bart Reply Decl. (Gordon) at 78:24-79:20; 272:15-275:9.  In fact, when pressed, he admitted that he did not even really focus on the issue of whether any of the downloads discussed in his report were, in fact, authorized.  Gordon testified: "You know, now that I'm focusing on it, I don't think it's relevant if it was authorized or not that [sic] a lot of music is on these sites, and the labels haven't done anything about it."  *Id.* at 286:7-287:17; *see also id.* at 253:10-254:13 ("I don't think it was my job to determine what was authorized and what wasn't."); *id.* at 254:14-23 (admitting he is "not opining" that downloads listed in his report were made available on those sites with the authority of a copyright owner, but only that those files are "available for free").

During his deposition, Gordon was unable to articulate a specific process or methodology on which he based his conclusions.  Gordon testified that he found the websites cited in his declaration by first searching for "'free music' or something."  This Google search brought Gordon to a website which he cannot recall and did not print or save, which provided him with a list of links that he pasted into the declaration.  *Id.* at 279:8-280:25.  Gordon also admitted that he had never contacted any blog, website, record label, publisher, producer or artist, to verify his "findings" that files were "authorized."  *Id.* at 31:17-33:12; 236:22-237:15; 248:12-22; 249:16-24; 253:10-255:12; 256:25-257:4; 290:5-17; 311:15-312:23.  *See Rowe Entm't, Inc. v. William Morris Agency, Inc.,* 2003 U.S. Dist. LEXIS 15976 (S.D.N.Y. Sept. 15, 2003) (excluding expert witness who did not independently verify information forming basis of testimony).

Gordon's failure to provide any reliable source to support his conclusions requires the exclusion of his declaration and proposed testimony.  *Barban v. Rheem Textile Sys.,* 147 Fed. Appx. 222, 223 (2d Cir. 2005); *Shatkin v. McDonnell Douglas Corp.,* 565 F. Supp. 93, 95 (S.D.N.Y. 1983) aff'd 727 F.2d 202 (2d Cir. 1984); (Rule 702 does not allow an expert to base his opinion "on assumptions that are so speculative that they amount to gross conjecture and nothing more.").

Further, Gordon does not have any relevant experience to qualify him to opine on the purported subject of his testimony.  FRE 702; *see generally Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147-48 (1999).  Gordon's last job in the music industry was in 2001, at Sony Music, before the prevalence of online distribution of digital content, and where his primary responsibility was clearing music for television programming.  Ex. 125(Gordon) at 266:2- 268:9.  Gordon admitted that since leaving Sony, he has never been involved in any way with the making available of any free or promotional downloads on the Internet.  In fact, Gordon repeatedly asserted that lawyers such as himself have nothing to do with the making available or authorization of free downloads because "you don't need a lawyer to give away music."  *Id.* at 54:12-16; *see also id.* at 48:18-49:16; 53:14-54:16; 152:3-19; 252:16-20. Because Gordon has no expertise qualifying him to opine on the "industry practices" of promotional downloads, his Declaration and proposed testimony must be excluded.  *Cf. Montefiore Med. Ctr. v. Am. Prot. Ins. Co.,* 2003 U.S. Dist. LEXIS 7986 at *6-7 (S.D.N.Y. May 14, 2003).

Even if Gordon had shown relevant experience, an expert may not base testimony merely on claims of expertise.  *See, e.g., Zenith Electronics Corp. v. WH-TV Broadcasting Corp.,* 395 F.3d 416, 419 (7th Cir. 2005) ("a witness who invokes 'my expertise' rather than analytic

strategies widely used by specialists is not an expert as Rule 702 defines them."); *24/7 Records, Inc. v. Sony Music Entm't, Inc.,* 514 F. Supp. 2d 571, 576 (S.D.N.Y. 2007) (excluding two experts where one based his opinions only "upon my years of experience in the record industry" and the other "...appear[ed] to rely on his instinct, an approach that cannot be tested, has no known rate of error, and is not subject to any standards").

   For the foregoing reason, Gordon's testimony should be stricken.

DATED:  December 17, 2010                    Respectfully submitted,


                                        By: _____

                                             Andrew H. Bart
                                             Joseph J. McFadden
                                             JENNER & BLOCK LLP
                                             919 Third Avenue
                                             37th Floor
                                             New York, NY 10022
                                             tel. (212) 891-1690
                                             fax (212) 891-1699

                                             *-and-*

                                             Steven B. Fabrizio
                                             JENNER & BLOCK LLP
                                             1099 New York Avenue, NW
                                             Suite 900
                                             Washington, DC 20001
                                             tel. (202) 639-6000
                                             fax (202) 639-6066

                                             *Attorneys for Plaintiffs Capitol Records, LLC,
                                             Caroline Records, Inc, EMI Christian Music
                                             Group Inc., Priority Records LLC, Virgin
                                             Records America, Inc.*


                                        By: _____

                                             Donald S. Zakarin
                                             Frank P. Scibilia
                                             Jacob B. Radcliff
                                             M. Mona Simonian
                                             PRYOR CASHMAN LLP
                                             7 Times Square

New York, New York  10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for the Beechwood Music Corp.,
Colgems-EMI Music Inc., EMI April Music Inc.,
EMI Blackwood Music, EMI Full Feel Music,
EMI Golden Torch Music Corp., EMI Longitude
Music, EMI Virgin Music, Inc., EMI Virgin
Songs, Inc., EMI Al Gallico Music Corp., EMI
Algee Music Corp., EMI Feist Catalog, Inc.,
EMI Gold Horizon Corp., EMI Grove Park
Music, Inc. EMI Hastings Catalog, Inc., EMI
Mills Music, Inc., EMI Miller Catalog, Inc.,
EMI Robbins Catalog, Inc., EMI U Catalog,
Inc., EMI Unart Catalog, inc., Jobete Music
Co., Inc., Screen Gems-EMI Music, inc., Stone
Agate Music, and Stone Diamond Music*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ ) | |
| CAPITOL RECORDS, LLC, *et al,* ) | |
| ) | |
| *Plaintiffs*, ) | No. 07 Civ. 9931 (WHP)(FM) |
| ) | |
| v. ) | |
| ) | |
| MP3TUNES, LLC, and MICHAEL ROBERTSON, ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |
| ) | |
| MP3TUNES, LLC, and MICHAEL ROBERTSON, ) | |
| ) | |
| *Counter-Claimant*, ) | |
| ) | |
| v. ) | |
| ) | |
| CAPITOL RECORDS, LLC, *et al,* ) | |
| ) | |
| *Counter-Defendants*. ) | |
| _____) | |

I, Joseph J. McFadden, do hereby certify that on this 17th day of December 2010 I caused the within **Reply Memorandum of Law, Plaintiffs' Evidentiary Objections, Plaintiffs' Response to MP3tunes' Counterstatement, Reply Declaration of Andrew H. Bart,** and **Supplemental Declaration of Robert Heinemann** to be served via U.S. First Class mail delivery and electronic delivery upon:

> **Gregory Paul Gulia**
> Duane Morris, LLP (NYC)
> 1540 Broadway
> New York, NY 10036-4086
> 212-692-1000
> Fax: 212-692-1020
> Email: gpgulia@duanemorris.com

BY: _____

    Joseph J. McFadden
    919 Third Avenue
    37th Floor
    New York, NY 10022
    212 891-1600

16655.1