**DUANE MORRIS** LLP
Gregory P. Gulia
John Dellaportas
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000
 -and-
Edward M. Cramp (*pro hac vice*)
Michelle Hon (*pro hac vice*)
101 West Broadway, Suite 900
San Diego, CA 92101
(619) 744-2200

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC.; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC., EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI FEIST CATALOG, INC., EMI GOLD HORIZON CORP., EMI GROVE PARK MUSIC, INC., EMI HASTINGS CATALOG, INC., EMI MILLS MUSIC, INC., EMI MILLER CATALOG, INC., EMI ROBBINS CATALOG, INC., EMI U CATALOG, INC., EMI UNART CATALOG, INC., JOBETE MUSIC CO., INC., JOBETE MUSIC CO., INC., SCREEN GEMS-EMI MUSIC, INC., STONE AGATE MUSIC, and STONE DIAMOND MUSIC, | CIVIL ACTION NO. 07-Civ. 9931 (WHP)  ECF Case |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS** |
| v. | |
| MP3TUNES, LLC and MICHAEL ROBERTSON | |
| Defendants. | |

## INTRODUCTION

In connection with summary judgment, Plaintiffs have submitted a pile of specious evidentiary objections with no seeming purpose other than to complicate and delay the Court's adjudication of the substantive issues of this case.  Plaintiffs' motivation behind this time-consuming exercise is particularly suspect given this Court has already assured Plaintiffs that the Court is well equipped to determine what evidence should and what evidence should not be considered for summary judgment without these objections.  We further note that Judge Baer delivered a similar admonition to plaintiffs in *Arista Records LLC v. USENET.com*, advising them that: "I assure the parties that I am fully capable of separating the wheat from the chaff, and will consider only the evidence—both testimony and exhibits—admissible on summary judgment."  633 F. Supp. 2d 124, 146 (S.D.N.Y. 2009).  Nevertheless, in an abundance of caution,  we respond to each of Plaintiffs' objections herein.

## I.     Declaration of Michael Robertson

| Testimony | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| Robertson Dec. ¶ 4<br><br>"Such users will then go out into the marketplace and purchase music which, in turn, can be stored in users' lockers at MP3tunes.com." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation.</u>  Mr. Robertson fails to provide any foundational facts to support his assertions about user activity, nor has MP3tunes established that Mr. Robertson has personal knowledge of any user of the Sideload.com website ever purchasing music "in the marketplace" that the user first located on Sideload.com.  As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u><br><br>This testimony is not based on opinion or speculation, but on Mr. Robertson's personal knowledge of the fact that MP3tunes' users purchase songs which are stored in their lockers.  This knowledge is based, in part, on the Amazon Affiliate Reports which lists all the purchases of MP3tunes' users and the number of times that MP3tunes' users were redirected to the Amazon.com website.  Declaration of Michael Robertson in Support of Defendants' Opposition to Motion |

| | speculation. *See* Fed. R. Evid. 701, 602. | for Summary Judgment ("Robertson Opp. Dec.") ¶ 4 and Exhibit A. |
|---|---|---|
| Robertson Dec. ¶ 5<br><br>"MP3tunes takes copyright and other intellectual property laws very seriously and expects its users to do the same." | <u>Mere argument</u>.  The statement that "MP3tunes takes copyright and other intellectual property laws very seriously and expects its users to do the same" is mere argument offering Mr. Robertson's opinion and is inappropriate for a fact declaration on summary judgment. *See* Fed. R. Civ. P. 56(e)(1). | <u>The testimony is based on the personal knowledge of Mr. Robertson and is not argumentative.</u><br><br>Mr. Robertson's testimony is not argumentative, but based on his personal knowledge of MP3tunes' copyright policies and its procedures for immediately responding to complaints by copyright owners. His personal knowledge of these policies and procedures is well established in the subsequent paragraphs in his declaration. Robertson Dec. ¶¶ 6-11. |
| Robertson Dec. ¶ 7<br><br>"Unlike file-sharing companies such as Usenet, LimeWire, and Grokster, MP3tunes neither instructs nor encourages, and has never instructed nor encouraged, any of its users to engage in copyright infringement." | <u>Mere argument</u>.  Statements with regard to whether MP3tunes "encourages" infringement are mere argument and therefore inadmissible. *See* Fed. R. Civ. P. 56(e)(1). | <u>The testimony is based on the personal knowledge of Mr. Robertson and is not argumentative.</u><br><br>Plaintiffs' objection is meritless. Mr. Robertson is testifying to the fact that MP3tunes has never instructed nor encourages its users to engage in copyright infringement – a fact that is uncontested.  This fact is based on his personal knowledge of MP3tunes' marketing and business practices. |
| Robertson Dec. ¶ 8.<br><br>"MP3tunes encourages copyright owners to notify its designated DMCA agent of any suspected infringement hosted by MP3tunes." | <u>Mere argument</u>.  The assertion that MP3tunes "*encourages* copyright owners to notify its designated DMCA agent of any suspected infringement" through its Terms and Conditions is mere argument offering Mr. Robertson's opinion and is inappropriate for a fact declaration on summary judgment. *See* Fed. R. Civ. P. 56(e)(1). | <u>The testimony is based on the personal knowledge of Mr. Robertson and is not argumentative.</u><br><br>Mr. Robertson's testimony is not argumentative, but based on his personal knowledge of MP3tunes' copyright policies as set forth in its Terms and Conditions, which contain a detailed explanation that copyright holders have rights under the DMCA and encourages copyright holders to contact its DMCA agent if the holder believes |

| | | his or her rights are infringed. |
|---|---|---|
| Robertson Dec. ¶ 11 and Ex. D.<br><br>"MP3tunes has terminated the accounts of users whom it suspected of using MP3tunes' services for the purposes of infringing activity. Attached hereto as Exhibit D is a chart listing user accounts that were terminated for such reasons." | <u>Contradicts Sworn Deposition Testimony.</u><br>This statement is in conflict with the deposition testimony of Michael Robertson as both an individual and 30(b)(6) witness. Such testimony is inadmissible on a motion for summary judgment. Pl. Opp. Br. at I(B); *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997); *Hayes v. New York City Dep't. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *Newport Electronics, Inc. v. Newport Corp.*, 157 F.Supp.2d 202, 220 (D. Conn. 2001) .<br><br><u>Lacks Foundation/Lack of Personal Knowledge.</u> Mr. Robertson has presented no foundation for the accounts listed in Exhibit D. He has not explained what the particular reasons are for the termination of a user's account. Particularly in light of Mr. Robertson's disclaimer of knowledge at his deposition, and in light of the testimony of MP3tunes' employees that they had never terminated a user for infringement, this exhibit wholly lacks an adequate factual foundation. *See* Fed. R. Evid. 701, 602; *see also* Counter-SUF ¶¶ 60-61. | <u>The testimony is based on the personal knowledge of Mr. Robertson and is consistent with his sworn deposition testimony.</u><br><br>This statement is consistent with the deposition testimony of Mr. Robertson, Ms. Lindahl and Mr. Dawson, all of whom testified that they terminate the accounts of users who are suspected of infringing activities. GPG Dec. ¶ 23, Ex. V (Dawson Trans. 242:11–243:10). GPG Dec. ¶ 24, Ex. W (Lindal Trans. 239:15-240:14).<br><br>Mr. Robertson's testimony, which was based on his recollection at the time of his deposition, is not inconsistent. Mr. Robertson testified that user accounts were terminated for sharing their password or for posting hateful messages. He also stated that those were the reasons that he could think of <u>at that time</u>. He did not testify that there were no other reasons. Deponents are not required to have perfect recollection of all matters.<br><br>The statement clearly states that the user accounts were terminated for the reason that they were "suspected of using MP3tunes' services for the purposes of infringing activity." |
| Robertson Dec. ¶ 12.<br><br>"MP3tunes was | <u>Improper Legal Conclusion.</u> Testimony stating that MP3tunes "complies with" and "goes above and beyond what is | <u>The testimony is based on the personal knowledge of Mr. Robertson and is not argumentative.</u> The Robertson Declaration does not |

| | | |
|---|---|---|
| conceived with the express intent to provide lawful services to music fans, and it complies with the DMCA.  Indeed, MP3tunes goes above and beyond what is required by the DMCA to combat the potential for infringement at its websites, by prohibiting users from accessing lockers that they do not own by making each locker password-protected." | required by" the DMCA states an inadmissible legal conclusion. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). | express any opinion or legal conclusion.  Instead, it accurately states facts, based on Mr. Robertson's personal knowledge of the security measures implemented by MP3tunes to prevent infringement, which are based on his personal understanding of the DMCA, are not required.<br><br>In *Bensen,* 1996 WL 422262, at *12-*13, the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion". The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue." Rather, they provide descriptions of the English Companies Act and an 'ultimate legal opinion.'"<br><br>Here, Mr. Robertson's declaration is not stating an "ultimate legal opinion" but merely positing a factual conclusion. |
| Robertson Dec. ¶ 13.<br><br>"MP3tunes is not a music file sharing service…Competitors' services like Microsoft's Skydrive and Apple's MobileMe iDisk services allow users to share music by freely accessing each other's lockers without any username of password required." | <u>Mere Argument</u>. Whether MP3tunes is a "file sharing" service is an opinion and mere argument.  *See* Fed. R. Civ. P. 56(e)(1).<br><br><u>Lack of Personal Knowledge/Improper Lay Opinion/Speculation</u>.  MP3tunes has not shown that Mr. Robertson has sufficient personal knowledge or expertise to opine on the functioning of unrelated third party systems. *See* Fed. R. Evid. 701, 602. | <u>The testimony is based on the personal knowledge of Mr. Robertson and is not argumentative.</u> Plaintiffs' "mere argument" objection here is irrelevant, made in bad faith, and unsupported by the cited statute.  Rule 56(e)(1) stated: "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:<br>(1) give an opportunity to properly support or address the fact."  This does not support Plaintiffs' argument that this testimony should be excluded as "mere argument."<br><br>Moreover, the statement that |

5

|  |  | MP3tunes is not a music file-sharing service is not an opinion – it is an undisputed fact in this case. *See* SUF ¶ 17.<br><br>Mr. Robertson's testimony relating to competing cloud services is based on his personal knowledge. Mr. Robertson has worked in the cloud storage industry for many years and has personal knowledge of the cloud services of the top competitors in the industry such as Microsoft's Skydrive and Apple's MobileMe iDisk. Therefore, his statement that these services allow users to freely access each other's lockers is based on his personal knowledge of how these services work. |
| Robertson Dec. ¶ 17.<br><br>"However, EMI Music Group North America provided no means of determining which songs were in question and where links to these songs could be located." | <u>Improper legal conclusion.</u> The assertion that Plaintiffs "provided no means of determining which specific songs were in question and where links to those songs could be located" states an inadmissible legal conclusion relevant to Defendants' inability to qualify for DMCA safe harbor. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). | <u>The Robertson Declaration does not express a legal conclusion.</u><br><br>The Robertson Declaration does not express any opinion or legal conclusion. Instead, it accurately states facts, based on Mr. Robertson's personal knowledge of the letters at issue here and MP3tunes' compliance with the requests in those letters. This statement must be read in context within the Declaration. In the preceding sentence, Mr. Robertson explains that the EMI Music Group North America letter demanded MP3tunes remove "all of EMI's copyrighted works <u>even those not specifically identified on the attached"</u> (emphasis added). Thus, Mr. Robertson's statement is based on his personal knowledge that the EMI Music Group North America letter did not identify what songs were "EMI's copyrighted works" and where the links to the undisclosed work could be located. |

| | | |
|---|---|---|
| | | In *Bensen*, 1996 WL 422262, at *12-*13, the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion". The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue. Rather, they provide descriptions of the English Companies Act and an 'ultimate legal opinion.'"<br><br>Here, Mr. Robertson's declaration is not stating any legal opinion, let alone an "ultimate legal opinion." He is merely making a factual statement. |
| Robertson Dec. ¶ 17.<br><br>"[I]t was plainly not possible for MP3tunes to comply with EMI's request." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation.</u>  Mr. Robertson fails to provide any foundational facts to support his assertions that it was "plainly not possible" to comply with the Plaintiffs' takedown notices. *See* Fed. R. Evid. 701, 602.  As a result, his statement is mere argument and therefore inadmissible.  *See* Fed. R. Civ. P. 56(e)(1). | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u><br><br>The statement is based on Mr. Robertson's personal knowledge of the letters at issue and MP3tunes' compliance with those letters.  This statement must be read in context within the Declaration.  In the preceding sentence, Mr. Robertson explains that the EMI Music Group North America letter demanded MP3tunes remove "all of EMI's copyrighted works <u>even those not specifically identified on the attached</u>" (emphasis added).  Mr. Robertson also testified that EMI Music Group North America refused to provide information needed by MP3tunes to locate the songs at issue and, instead, said it was up to MP3tunes to determine which works belonged to "EMI".  Thus, Mr. Robertson's statement is based on his personal knowledge that MP3tunes lacked the |

| | | |
|---|---|---|
| | | information it needed to locate and remove "all of EMI's copyrighted works." |
| Robertson Dec. ¶ 19.<br><br>"[Plaintiffs claimed] that the DMCA obligates MP3tunes to constantly search for such links and instantly remove them all, without EMI ever identifying the links. This is impossible." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation/Mere Argument.</u>  Mr. Robertson fails to provide any foundational facts to support his assertions that it was "impossible" to comply with the Plaintiffs' takedown notices.  *See* Fed. R. Evid. 701, 602.  As a result, his statement is mere argument and therefore inadmissible.  *See* Fed. R. Civ. P. 56(e)(1). | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u><br><br>The statement is based on Mr. Robertson's personal knowledge of the letters and MP3tunes' compliance with the letters.  This statement must be read in context within the Declaration.  In the preceding paragraphs, Mr. Robertson explains that the EMI Music Group North America letter demanded MP3tunes remove "all of EMI's copyrighted works <u>even those not specifically identified on the attached</u>" (emphasis added).  Mr. Robertson also testified that EMI Music Group North America refused to provide information needed by MP3tunes to locate the songs at issue and, instead, said it was up to MP3tunes to determine which works belonged to "EMI", which songs were infringing and where they were located.  Thus, Mr. Robertson's statement is based on his personal knowledge that MP3tunes lacked the information it needed to locate and remove "all of EMI's copyrighted works." |
| Robertson Dec. ¶ 20<br><br>"Indeed, MP3tunes knows that all EMI songs on the Internet are not infringing.  EMI makes extensive use of the Internet to distribute free music." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation.</u>  Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet.  He also fails to provide any | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u><br><br>Mr. Robertson's testimony is based on his own personal knowledge.  Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com.  He also has personal knowledge of EMI's |

| | | |
|---|---|---|
| | foundational facts to support his assertions that EMI, or the record industry in general, makes "extensive use of the Internet to distribute free music." As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. | distribution of free promotional tracks on the Internet as part of his investigation in connection with the take-down notices and claims in this case. See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store. See also SUF ¶ 84. Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties as is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotional music for them and distributing free songs on Plaintiff's own websites. |
| Robertson Dec. ¶ 20 <br><br> "It has long been known in the Internet sector that the major record labels make extensive use of free promotional MP3s as a marketing tool for both new and established artists." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation.</u> Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, makes "extensive use of free promotional MP3s" as "a marketing tool" or otherwise. In addition, Mr. Robertson has provided no foundation for testing as to what the "Internet sector" knows. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u> <br><br> Mr. Robertson's testimony is based on his own personal knowledge. Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com. He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take-down notices and claims in this case. See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store. *See* also SUF ¶ 84. Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties as is demonstrated in |

| | | |
|---|---|---|
| | testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602.<br><br>Hearsay Mr. Robertson has not indicated who in the "Internet sector" conveyed this alleged knowledge to him, and therefore it is unattributed hearsay. *See* Fed. R. Evid. 801, 802. | paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiff's own websites.<br><br>Improper hearsay objection. This hearsay objection is improper and made in bad faith. This is not an out of court statement. Mr. Robertson is testifying about his own personal knowledge as a long time business owner in the "Internet section" of facts within his personal knowledge as demonstrated in paragraphs 20-21 of his declaration. |
| Robertson Dec. ¶ 20<br><br>"It has been my experience that EMI Is probably one of the most aggressive labels in this regard.  EMI distributes files from its own record labels sites, from a wide range of music-related websites, and (because the demand  is so high) through content delivery networks, or CDNs, like Akamai, which EMI pays to circulate music on its behalf.  Akamai is perhaps the biggest and most prominent CDN, which uses the brand "edgeboss" to market its technology service." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet.  He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding Akamai.  As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. | The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.<br><br>Mr. Robertson's testimony is based on his own personal knowledge.  Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com.  He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take-down notices and claims in this case.  See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store.  See also SUF ¶ 84.  Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties as is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known |

| | | content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiffs' own websites. |
|---|---|---|
| Robertson Dec. ¶ 20<br><br>"MP3tunes has discovered on the Internet many EMI-copyrighted songs available for download with Akamai URLs." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation.</u>. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet.  He also fails to provide any foundational facts to support his assertions that MP3tunes has found "many EMI-copyrighted songs available for download with Akamai URLs."  *See* Fed. R. Evid. 701, 602.<br><br><u>Hearsay.</u>  Mr. Robertson has failed to establish his personal knowledge of what MP3tunes has allegedly "discovered."  As a result, his testimony is inadmissible hearsay. Fed. R. Evid. 801, 802. | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u><br><br>Mr. Robertson's testimony is based on his own personal knowledge.  Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com.  He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take-down notices and claims in this case.  See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store.  See also SUF ¶ 84.  Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiffs' own websites.<br><br><u>Improper hearsay objection.</u>  This hearsay objection is improper and made in bad faith.  This is not an out of court statement.  Mr. Robertson is testifying about facts within his personal knowledge as demonstrated |

| | | in paragraphs 20-22 of his declaration. |
|---|---|---|
| Robertson Dec. ¶ 21<br><br>"Record company distribution of free MP3 downloads to promote both new and established artists has been a practice for as long as I have been involved in the Internet. To cite a well known example, a few years ago EMI gave away an MP3 for the song 'I Kissed a Girl' by then-unknown Capitol Records recording artist Katy Perry, which helped propel that song to #1 on both iTunes and Billboard charts.  Katy Perry today is one of the world's best-selling recording artists.  Yet her song "U R So Gay" remains one of the thousands of songs that Plaintiffs are suing MP3tunes for linking to on its Sideload.com web site…" | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation</u>. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet.  He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding recording artist Katy Perry.  As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u><br><br>Mr. Robertson's testimony is based on his own personal knowledge. Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com.  He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take-down notices and claims in this case.  See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store.  See also SUF ¶ 84.  Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiff's own websites. Moreover, the foundation for the Katy Perry example is well established in paragraph 21. |
| Robertson Dec. ¶ 21<br><br>"everyone else in the world is free to download the song and listen to it | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation</u>. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the | <u>The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.</u><br><br>Mr. Robertson's testimony is based |

| | | |
|---|---|---|
| as often as they please from the following URL: http://capi001.edgeboss.net/download/capi001/katyperry/audio/katyperry_usogay.mp3." | marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding recording artist Katy Perry. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602.<br><br>Mere Argument/Impermissible Legal Opinion. Mr. Robertson has presented no facts indicating that "everyone in the world" is free to download the referenced song either as a legal or a practical matter. The link provided is a link to a Source URL, not a webpage. As a result, this testimony is mere argument and impermissible legal opinion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701. | on his own personal knowledge. Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com. He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take down notices and claims in this case. See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store. See also SUF ¶ 84. Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiff's own websites.<br><br>The Robertson Declaration does not express a legal opinion and is not argumentative. Plaintiffs' objection is entirely improper and made in bad faith. Instead, it accurately states facts, based on Mr. Robertson's personal knowledge of the source URL, that anyone can put that source URL in their Internet browser and download the song.<br><br>In *Bensen,* 1996 WL 422262, at *12-*13, the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion". The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue. Rather, they provide |

| | | descriptions of the English Companies Act and an 'ultimate legal opinion.'" |
| --- | --- | --- |
| | | Here, Mr. Robertson's declaration is not stating any legal opinion, let alone an "ultimate legal opinion." He is merely making a factual statement. |
| Robertson Dec. ¶ 21

"In this URL, the "edgeboss.net" is the domain name—the brand name for Akamai, a CDN that EMI pays to distribute its music for free, over the Internet. Just before that, "capi001" reflects that EMI's Capitol Records has an account with Akamai for music distribution." | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet. He also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads, or to support his specific examples regarding Akamai. As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation. *See* Fed. R. Evid. 701, 602. | The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.

Mr. Robertson's testimony is based on his own personal knowledge. Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com. He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take down notices and claims in this case. See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store. See also SUF ¶ 84. Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties as is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiff's own websites. |
| Robertson Dec. ¶ 22

"This is just one example of EMI's marketing | Lack of personal knowledge/Improper Lay Opinion/Speculation. Defendants have not shown that Mr. Robertson has sufficient | The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation. |

| | | |
|---|---|---|
| practices.  MP3tunes has found numerous additional examples of Plaintiffs making music files available for free download on the Internet." | personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads available on the Internet.  He also fails to provide any foundational facts to support his assertions that MP3tunes has found "many EMI-copyrighted songs" available for download.  *See* Fed. R. Evid. 701, 602.<br><br>Hearsay.  Mr. Robertson has failed to establish his personal knowledge of what MP3tunes has allegedly "discovered."  As a result, his testimony is inadmissible hearsay.  *See* Fed. R. Evid. 801, 802. | Mr. Robertson's testimony is based on his own personal knowledge.  Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 when he started MP3.com.  He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take-down notices and claims in this case.  See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store.  See also SUF ¶ 84.  Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties as is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiff's own websites.<br><br>Improper hearsay objection.  This hearsay objection is improper and made in bad faith.  This is not an out of court statement.  Mr. Robertson is testifying about facts within his personal knowledge as demonstrated in paragraphs 20-22 of his declaration. |
| Robertson Dec. ¶ 22<br><br>"In fact, one EMI subsidiary actually maintains an entire music blog website (http://www.theinsoundfromwayout.com/downloads/), the principle | Lack of personal knowledge/Improper Lay Opinion/Speculation.  Defendants have not shown that Mr. Robertson has sufficient personal knowledge of the marketing practices of EMI or any other company with respect to making music downloads | The testimony is based on the personal knowledge of Mr. Robertson and does not constitute improper lay opinion or speculation.<br><br>Mr. Robertson's testimony is based on his own personal knowledge.  Mr. Robertson's experience in the digital music business is well founded and dates back to 1999 |

| | | |
|---|---|---|
| purpose of which appears to be to distribute free downloads of EMI Music files for promotional purposes." | available on the Internet.  He also fails to establish the basis of his claimed knowledge of the Plaintiffs' corporate ownership or structure, or what assets it allegedly owns or operates.  In addition, he also fails to provide any foundational facts to support his assertions that EMI, or the record industry in general, offers "promotional" or "free" downloads.  As such, these statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are inadmissible as mere speculation.  *See* Fed. R. Evid. 701, 602. | when he started MP3.com.  He also has personal knowledge of EMI's distribution of free promotional tracks on the Internet as part of his investigation in connection with the take down notices and claims in this case.  See paragraph 16 of the Declaration discussing his investigation of the tracks listed in the spreadsheet, which came from authorized websites such as Filter, Spin and Paste Store.  See also SUF ¶ 84.  Additionally, he has personal knowledge of the distribution of promotional tracks distributed by third parties as is demonstrated in paragraphs 20-22, which explains how Mr. Robertson determined that Plaintiffs were paying well-known content delivery companies such as Akamai to distribute promotion music for them and distributing free songs on Plaintiff's own websites. |

## II.      Declaration of Douglas Reese

| Testimony | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| Reese Dec. ¶ 1

"Since 2004, I have held the title of Chief Technology Officer of MP3tunes, Inc." | <u>Contradicts Sworn Deposition Testimony.</u>  This statement is in conflict with the deposition testimony of Mr. Reese as both an individual and 30(b)(6) witness in which he testified that, as of December 2009 he was no longer an employee of MP3tunes.  Ex. 100 (Reese) 113:18-22.  Because this testimony contradicts sworn deposition testimony  it is inadmissible on a motion for summary judgment.  *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997); *Hayes v. New York City Dep't. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); | <u>Reese Declaration is consistent with his deposition.</u> The cited testimony merely states that Mr. Reese is paid on an hourly basis as a contractor instead of as a full time employee.  It does not state that he does not still hold the title of Chief Technology Officer. |

16

| | | |
|---|---|---|
| | *Newport Electronics, Inc. v. Newport Corp.*, 157 F.Supp.2d 202, 220 (D. Conn. 2001) . | |
| Reese Dec. ¶ 4<br><br>"[T]he user may store music by loading from other music-related websites which provide promotional downloads, like MTV.com or EMI's own site, www.theinsoundfromwayout.com, to their lockers." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation</u>. Defendants have not shown that Mr. Reese has sufficient personal knowledge of "promotional" or any other music downloads made available by the referenced websites. Nor does he provide any foundational facts to support his statement that these websites offer "promotional" downloads. He also fails to establish the basis of his claimed knowledge of the Plaintiffs' corporate ownership or structure, or what assets it allegedly owns or operates. These statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are thus inadmissible. *See* Fed. R. Evid. 701, 602. | <u>The testimony is based on the personal knowledge of Mr. Reese and does not constitute improper lay opinion or speculation.</u> As Chief Technology Officer, Mr. Reese was responsible for the development and implementation of the MP3tunes.com locker service and has the personal knowledge to testify about how users can store music from websites like MTV.com and www.theinsoundfromwayout.com into their lockers. |
| Reese Dec. ¶ 9<br><br>"Sideload.com is designed to enable users to search for the many promotional music downloads that are available for free on the Internet." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation</u>. Defendants have not shown that Mr. Reese has sufficient personal knowledge of "promotional" music downloads. Nor does he provide any foundational facts to support his claims regarding the availability of "promotional" downloads on the Internet or his characterization of such downloads as "available for | <u>The testimony is based on the personal knowledge of Mr. Reese and does not constitute improper lay opinion or speculation.</u> As Chief Technology Officer, Mr. Reese was responsible for the development and implementation of the Sideload.com website and has the personal knowledge to testify about what Sideload.com was designed to do. |

| | | |
|---|---|---|
| | free."  These statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are thus inadmissible.  *See* Fed. R. Evid. 701, 602. | |
| Reese Dec. ¶ 11<br><br>"Thus, when a free promotional MP3 download is removed from a source website such as Amazon.com or MTV.com, the link on Sideload.com becomes inoperable and is automatically removed." | <u>Lack of personal knowledge/Improper Lay Opinion/Speculation</u>. Defendants have not shown that Mr. Reese has sufficient personal knowledge of "promotional" or any other downloads made available by the referenced websites.  He does not provide any foundational facts to support his statement that these websites offer "promotional" downloads or his characterization of such downloads as "free."  These statements are not "rationally based on the perception of the witness" or "helpful to a clear understanding of [his] testimony" and are thus inadmissible.  *See* Fed. R. Evid. 701, 602. | <u>The testimony is based on the personal knowledge of Mr. Reese and does not constitute improper lay opinion or speculation.</u> As Chief Technology Officer, Mr. Reese was responsible for the development and implementation of the Sideload.com website and has the personal knowledge to testify about how Sideload.com operates and how links on Sideload.com become inoperable when the source files are removed from websites such as Amazon.com and MTV.com. |

## III.     Declaration of Gregory Gulia

| Testimony | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| Gulia Dec., Exs. CC & DD | <u>Hearsay</u>.  Newspaper articles are inadmissible hearsay to prove the truth of their contents.  *See* Fed. R. Evid. 802; *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 217 (S.D.N.Y. 2007). | <u>Newspaper articles are not hearsay.</u>  Newspapers articles are not hearsay when they are presented, not for the truth of the matter, but for the fact that the statements did occur and were published.  *Shafii v. PLC British Airways,* 22 F.3d 59, 64-65 (2d Cir. 1994) (finding |

|  |  | that the statements were offered for that fact that they had occurred); *Krause v. Buffalo and Erie County Workforce Dev. Consortium, Inc.,* 425 F. Supp. 2d 352, 378 (W.D.N.Y. 2006) (not excluding two news article in that they were not submitted for the truth of the matter therein); *Pfohl Bros. Landfill Site Steering Comm. v. Allied Waste Sys., Inc.,* 255 F. Supp. 2d 134, 156, n.22 (W.D.N.Y. 2003) (accepting that the news articles were being entered for the purpose that such statements were published rather than for the truth of the matter reported therein).<br><br>Here, the articles were not presented to prove the truth of the matters stated therein but merely to established that the statements made by the RIAA did occur and were published. |
|--|--|--|

## IV.    Declaration of Sarah Peyronnel

| Testimony | Plaintiffs' Objection | Defendants' Response |
|-----------|----------------------|---------------------|
| Peyronnel Dec. ¶ 2.<br><br>"It is my understanding that, under the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA"), a copyright owner must first provide an Internet service provider such as MP3tunes with a written notification of claimed infringement identifying | <u>Improper legal conclusion.</u> Ms. Peyronnel's understanding of the DMCA and the statute's application to this case states inadmissible legal conclusions. *See* Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.,* No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996).<br><br><u>Lack of Personal Knowledge / Improper Lay</u> | <u>The Peyronnel Declaration does not contain any ultimate legal opinions.</u>  In *Bensen,* 1996 WL 422262, at *12-*13, the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion". The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue. Rather, they provide descriptions of the English Companies Act and an |

| | | |
|---|---|---|
| the copyrighted works claimed to be infringed, and only if the Internet service provider fails to expeditiously remove, or disable access to, such works may the copyright owner then claim infringement.  It is my further understanding that, in such an event, in order to prevail on an infringement claim, the copyright owner must establish ownership of the works as an element of the claim." | Opinion/Speculation.  Ms. Peyronnel has not established a foundation for the proposition that MP3tunes is an Internet service provider.  *See* Fed. R. Evid. 701, 602. | 'ultimate legal opinion.'" <br><br> Here, Ms. Peyronnel is merely reporting that she is familiar with the provisions of the DMCA as factual background to her analysis and does not provide any "ultimate legal opinion."  Her reading of the law cannot be considered a legal conclusion and shall not preclude the admission of her testimony that is solely based and centered on her investigation of the ownership documents produced by Defendants. <br> <u>The testimony is based on the personal knowledge of Ms. Peyronnel and does not constitute improper lay opinion or speculation.</u>  Plaintiffs' objection here is irrelevant and made in bad faith to the extent that this issue is well settled and there is no dispute that MP3tunes is an Internet Service Provider. <br> Additionally, Ms. Peyronnel is one of the lawyers representing MP3tunes and has personal knowledge about the company and its services. |
| Peyronnel Dec. ¶ 4 <br><br> "For the 24,633 entries on the Labels' Song List, only 212 songs were the subject of either of the two earlier DMCA take-down notices.  Each of the 212 songs were listed several times on the Labels' Song List. Summary | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u>  Ms. Peyronnel has not established a foundation for the proposition that the Labels' Song List contained duplication or that only 212 songs on the Labels' Song List were also on the earlier DMCA take-down notices.  *See* Fed. R. Evid. 701, 602. | <u>The testimony is based on the personal knowledge of Ms. Peyronnel and does not constitute improper lay opinion or speculation.</u> <br> This statement is made based on Ms. Peyronnel's investigatory findings and conclusions that were rationally derived from her first-hand perceptions and, thus, comply with Fed. R. Evid. 701 and 602.  These |

| | | |
|---|---|---|
| judgment should be awarded to defendants as to the remaining 24,030 songs identified on the Labels' Song List which were not on either of the take-down notices." | | rules of procedure require that lay witnesses' opinion be based on their personal knowledge.  In *Munoz v. United States,* 2008 U.S. Dist. LEXIS 57326  (E.D.N.Y. 2008) (*citing United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007), the court explained Rule 701(a) contains two sub-elements: admissible lay opinion must be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions.  Ms. Peyronnel's statement relates to figures based on her personal knowledge acquired after a thorough analysis of Plaintiffs' document production.  Ms. Peyronnel's Declaration summarizes her investigatory findings.  Those are neither hypothetical nor speculative. The exhibits attached to the Declaration report those "investigatory findings and conclusions" that are "rationally derived from [her] first-hand perceptions." |
| Peyronnel Dec. ¶ 4  "Summary judgment should be awarded to defendants as to the remaining 24,030 songs identified on the Labels' Song List which were not on either of the take-down notices." | Improper legal conclusion. This passage is argument and states an inadmissible legal conclusion.  *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). | The Peyronnel Declaration does not contain any ultimate legal opinions.  In *Bensen*, 1996 WL 422262, at *12-*13, the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion."  The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue. Rather, they provide descriptions of the |

| | | |
|---|---|---|
| | | English Companies Act and an 'ultimate legal opinion.'"<br><br>Ms. Peyronnel's testimony is limited to knowledge and conclusions of fact grounded in the investigation and analysis she undertook of Plaintiffs' document production regarding the ownership of the sound recordings and compositions allegedly infringed by Defendants.  This proposition is helpful to a clear understanding of Ms. Peyronnel's testimony and to the determination of the facts in issue – namely that 24,030 of the songs that the Labels alleged were at issue were never included in any take down notice sent to MP3tunes. |
| Peyronnel Dec. ¶ 4 and Ex. D.<br><br>"Summary judgment should be awarded to defendants as to the remaining 24,030 songs identified on the Labels' Song List which were not on either of the take-down notices.  A spreadsheet documenting my analysis is filed with permission in CD-Rom format with the Clerk as Exhibit D." | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u>  Exhibit D is a list of songs and copyright registration numbers and does not reflect any "analysis" or "findings" whatsoever, and there is thus no foundation for the conclusions in this paragraph.   *See* Fed. R. Evid. 701, 602.<br><br><u>Improper legal conclusion.</u> This passage is argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 | <u>The testimony is based on the personal knowledge of Ms. Peyronnel and does not constitute improper lay opinion or speculation.</u><br>This statement is based on Ms. Peyronnel's investigatory findings and conclusions that were rationally derived from her first-hand perceptions and, thus, comply with Fed. R. Evid. 701 and 602.  These rules of procedure require that lay witnesses' opinion be based on their personal knowledge.  In *Munoz v. United States,* 2008 U.S. Dist. LEXIS 57326  (E.D.N.Y. 2008) (*citing United States v.* |

| | | |
|---|---|---|
| | (S.D.N.Y. July 29, 1996). | *Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007), the court explained Rule 701(a) contains two sub-elements: admissible lay opinion must be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions. |

*Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007), the court explained Rule 701(a) contains two sub-elements: admissible lay opinion must be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions.

Ms Peyronnel statement relates to figures based on her personal knowledge acquired after a thorough analysis of Plaintiffs' document production.  Ms. Peyronnel's Declaration summarizes her investigatory findings.  Those are neither hypothetical nor speculative the exhibits attached to the Declaration report those "investigatory findings and conclusions" that "rationally derived from [her] first-hand perceptions."

The Peyronnel Declaration does not contain any ultimate legal opinions.  In *Bensen,* 1996 WL 422262, at *12-*13, the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion". The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue. Rather, they provide descriptions of the English Companies Act and an 'ultimate legal opinion.'"

Ms. Peyronnel's testimony is

| | | |
|---|---|---|
| | | limited to knowledge and conclusions of fact grounded in the investigation and analysis she undertook of Plaintiffs' document production regarding the ownership of the sound recordings and compositions they allege to have been infringed by Defendants.  This proposition is helpful to a clear understanding of the Ms. Peyronnel's testimony and to the determination of the facts in issue – namely that 24,030 of the songs that the Labels alleged were infringed were never included in any take down notice sent to MP3tunes. |
| Peyronnel Dec. ¶ 5

"To the best of my knowledge, the Labels did not issue any DMCA take-down  notices for any of the "cover art" for which the Labels are asserting copyright claims in this action." | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u>  Ms. Peyronnel admittedly has no personal knowledge of the facts stated herein and may not opine as to what she assumes the facts to be.  *See* Fed. R. Evid. 701, 602. | <u>The testimony is based on the personal knowledge of Ms. Peyronnel and does not constitute improper lay opinion or speculation.</u> This statement is made based on Ms Peyronnel's personal knowledge acquired after a thorough analysis of Plaintiff's document production. Ms. Peyronnel's Declaration reflects her investigatory findings. Those are neither hypothetical nor speculative. Moreover the use of the terms "to the best of my knowledge" shall not be willingly misinterpreted as an admission of ignorance. Rather, this phrase is to be afforded its plain meaning, and accordingly shows the witness' good faith reporting the results of her thorough investigatory |

| | | finding only, and no more. |
| --- | --- | --- |
| Peyronnel Dec. ¶ 8.<br><br>"Of the 572 songs identified in the earlier DMCA take-down notice only 14 song titles were referenced in the Publishers' Song List. However, the 9,126 songs Publishers' List referenced some of these titles several times. A total of 152 works listed on Publishers' Song List were actually the subject of the take-down notice. Summary judgment should be awarded to defendants as to the remaining 8,974 songs identified on Publishers' Song List. A spreadsheet documenting my analysis is filed with permission in CD-Rom format with the Clerk as Exhibit G." | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u> Ms. Peyronnel has not established a foundation for any of the factual assertions in this paragraph, and Exhibit G to her declaration is merely a list of songs and does not reflect any "analysis" whatsoever. *See* Fed. R. Evid. 701, 602. | <u>The testimony is based on the personal knowledge of Ms. Peyronnel and does not constitute improper lay opinion or speculation.</u><br>This statement is made based on Ms. Peyronnel's investigatory findings and conclusions that were rationally derived from her first-hand perceptions and, thus, comply with Fed. R. Evid. 701 and 602. These rules of procedure require that lay witnesses' opinion be based on their personal knowledge. In *Munoz v. United States*, 2008 U.S. Dist. LEXIS 57326 (E.D.N.Y. 2008) (*citing United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007), the court explained Rule 701(a) contains two sub-elements: admissible lay opinion must be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions.<br>Ms Peyronnel statement relates to figures based on her personal knowledge acquired after a thorough analysis of Plaintiffs' document production. Ms. Peyronnel's Declaration summarizes her investigatory findings. Those are neither hypothetical nor speculative and the exhibits attached to the Declaration report those "investigatory findings and conclusions" that |

| | | "rationally derived from [her] first-hand perceptions." |
|---|---|---|
| Peyronnel Dec. ¶ 8<br><br>"Summary judgment should be awarded to defendants as to the remaining 8,974 songs identified on Publishers' Song List." | Improper legal conclusion. This passage is argument and states an inadmissible legal conclusion. *See* Fed. R. Civ. P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). | The Peyronnel Declaration does not contain any ultimate legal opinions.  In *Bensen*, 1996 WL 422262, at *12-*13, the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion". The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue. Rather, they provide descriptions of the English Companies Act and an 'ultimate legal opinion.'"<br><br>Ms. Peyronnel's testimony is limited to knowledge and conclusions of fact grounded in the investigation and analysis she undertook of Plaintiffs' document production regarding the ownership of the sound recordings and compositions they allege to have been infringed by Defendants.  This proposition is helpful to a clear understanding of the Ms. Peyronnel's testimony and to the determination of the facts in issue – namely that 8,974 of the songs that the Publishers alleged were infringed were never included in any take down notice sent to MP3tunes. |
| Peyronnel Dec. ¶ 9<br><br>"According to my analysis, for the 24,633 | Lack of Personal Knowledge / Improper Lay Opinion / Speculation.  Ms. Peyronnel has not established a foundation for any of the | The testimony is based on the personal knowledge of Ms. Peyronnel and does not constitute improper lay opinion or speculation. |

| | | |
|---|---|---|
| songs on the Labels Song List, and the 9,126 songs listed on the Publishers' Song List, Plaintiffs have failed to produce suitable ownership records for at least 13,584 songs. With the Court's permission a series of spreadsheets documenting my findings in this regard is filed in CD-Rom format with the Clerk as Exhibit H.  Accordingly, even absent the protections of the DMCA, defendants would be entitled to summary judgment as to these 13,584 songs for failure to establish copyright ownership." | factual assertions in this paragraph, and the series of spreadsheets attached collectively as Exhibit H to her declaration is merely several lists of songs and does not reflect any "analysis" whatsoever.  *See* Fed. R. Evid. 701, 602. | This statement is made based on Ms. Peyronnel's investigatory findings and conclusions that were rationally derived from her first-hand perceptions and, thus, comply with Fed. R. Evid. 701 and 602.  These rules of procedure require that lay witnesses' opinion be based on their personal knowledge.  In *Munoz v. United States*, 2008 U.S. Dist. LEXIS 57326 (E.D.N.Y. 2008) (*citing United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007), the court explained Rule 701(a) contains two sub-elements: admissible lay opinion must be both (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand perceptions. Ms Peyronnel statement relates to figures based on her personal knowledge acquired after a thorough analysis of Plaintiffs' document production.  Ms. Peyronnel's Declaration summarizes her investigatory findings.  Those are neither hypothetical nor speculative and the exhibits attached to the Declaration report those "investigatory findings and conclusions" that "rationally derived from [her] first-hand perceptions." |
| Peyronnel Dec. ¶ 9<br><br>"Accordingly, even | <u>Improper legal conclusion.</u> This passage is argument and states an inadmissible legal conclusion.  *See* Fed. R. Civ. | <u>The Peyronnel Declaration does not contain any ultimate legal opinions.</u>  In *Bensen*, 1996 WL 422262, at *12-*13, |

| | | |
|---|---|---|
| absent the protections of the DMCA, defendants would be entitled to summary judgment as to these 13,584 songs for failure to establish copyright ownership." | P. 56(e)(1); Fed. R. Evid. 701; *Bensen v. American Ultramar Ltd.*, No. 92 Civ. 4420, 1996 WL 422262, at *12-*13 (S.D.N.Y. July 29, 1996). | the court ruled documents were inadmissible to the extent they contained "lawyers' legal opinion". The court further explained "the documents do not merely posit factual conclusions embracing an ultimate issue." Rather, they provide descriptions of the English Companies Act and an 'ultimate legal opinion.'"<br><br>Ms. Peyronnel's testimony is limited to knowledge and conclusions of fact grounded in the investigation and analysis she undertook of Plaintiffs' document production regarding the ownership of the sound recordings and compositions they allege to have been infringed by Defendants.  This proposition is helpful to a clear understanding of the Ms. Peyronnel's testimony and to the determination of the facts in issue – namely that Plaintiffs failed to provide any ownership records for 13,584 of the songs that they alleged were infringed. |

## V.    Declaration of Derek Mekkawy

| Testimony | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| Mekkawy Dec. ¶ 2.<br><br>"I understand that, on or around September 4, 2007, an entity calling itself 'EMI Music Group North America' sent a | <u>Lack of Personal Knowledge / Improper Lay Opinion / Speculation.</u>  Mr. Mekkawy has not provided an evidentiary foundation for his summary of facts related to this case.  The paragraph also contains Mr. Mekkawy's | <u>The testimony is based on the personal knowledge of Mr. Mekkawy and does not constitute improper lay opinion or speculation.</u><br>This statement is made based on Mr. Mekkawy's personal knowledge acquired after a |

| | | |
|---|---|---|
| DMCA take-down notice to MP3tunes and instructed MP3tunes to remove certain links to certain songs that were listed in attachments to the notice.  I further understand that 'EMI Music Group North America' represented that the lists of links to the specific songs referenced in the attachment to that DMCA take-down notice were merely representative of 'EMI's copyrighted works' that were available through MP3tunes' services and that MP3tunes was obligated to remove not only the songs identified in the letters but also all other 'EMI' songs, which could only be identified by conducting an investigation at EMI's websites, http://www.emimusic.com/artists." | understanding of what a September 4, 2007 takedown notice meant, which is impermissible lay opinion testimony.  *See* Fed. R. Evid. 701, 602. | thorough analysis of Plaintiffs' document production. This knowledge is not an improper lay opinion nor speculative. |
| Mekkawy Dec. ¶ 3.

"I understand that, on October 25, 2007, 'EMI Music Group North America' and an entity calling itself 'EMI Entertainment World, Inc.,' who which [sic] purported to represent 'EMI Publishing,' both sent letters instructing MP3tunes to remove certain links to allegedly | Lack of Personal Knowledge / Improper Lay Opinion / Speculation.  Mr. Mekkawy has not provided an evidentiary foundation for his summary of facts related to this case.  The paragraph also contains Mr. Mekkawy's understanding of what a October 25, 2007 takedown notice meant, which is impermissible lay opinion testimony.  *See* Fed. R. Evid. 701, 602. | The testimony is based on the personal knowledge of Mr. Mekkawy and does not constitute improper lay opinion or speculation. This statement is made based on Mr. Mekkawy's personal knowledge acquired after a thorough analysis of Plaintiffs' document production. This knowledge is not an improper lay opinion nor speculative. |

| | | |
|---|---|---|
| infringing works which were listed in attachments to those letters.  I understand these two entities claimed that MP3tunes was obligated to remove not only the specific links to songs references in their attachments but also 'all of EMI's copyright works.' 'EMI Music Group North America' instructed MP3tunes to consult the website http://www.emigroup.com/About/Music/EMI<br><br>+Music+Publishing+songwriters.htm to determine which songs it wanted removed.  'EMI Entertainment World, Inc.,' who professed to 'EMI Publishing' instructed MP3tunes to consult the following websites to determine which songs should be removed from MP3tunes' websites: http://www.capitalrecords.com/artists/, http://www.virginrecords.com/home/artists.htm, http://www.bluenote.com/artist.asp, http://www.narada.com/artist_page.htm, and http://www.astralwerks.com/. | | |
| Mekkawy Dec. ¶ 6 and Ex. A.<br><br>"22 songs were too | <u>Improper Lay Opinion / Speculation.</u>  Mr. Mekkawy presents no foundation for his contention that it was | <u>The testimony does not constitute improper lay opinion or speculation.</u><br><br>The statement is a conclusion |

| | | |
|---|---|---|
| difficult to make a judgment on." | "ambiguous" as to whether some of the songs on the Labels Song list were listed on the EMI website he reviewed. Mr. Mekkawy's chart does not list 22 songs as "too difficult to make a judgment on," and of the songs he identifies, over 20 are accredited to an EMI artist on the EMI website he purportedly reviewed. *See* Fed. R. Evid. 701, 602. | based on the detailed analysis of the Labels' Song List compared to the information provided on the cited websites. This statement is not a lay opinion, nor is the statement speculative. It is a factual statement that Mr. Mekkawy was unable to determine whether the artists for those 22 songs were found on the enumerated websites. |
| Mekkawy Dec. ¶ 7 and Ex. B.<br><br>"54 songs were too difficult to make a judgment on." | <u>Improper Lay Opinion / Speculation.</u> Mr. Mekkawy presents no foundation for his contention that it was "ambiguous" as to whether some of the songwriters identified on the Publishers' Song List were listed on the EMI Publishers' website. Of the 54 songs Mr. Mekkawy identifies as "too difficult to make a judgment on," the majority of these are accredited to an EMI songwriter on the website he purportedly reviewed. *See* Fed. R. Evid. 701, 602. | <u>The testimony does not constitute improper lay opinion or speculation.</u><br><br>The statement is a conclusion based on the detailed analysis of the Publishers' Song List compared to the information provided on the cited websites. This statement is not a lay opinion, nor is the statement speculative. It is a factual statement that Mr. Mekkawy was unable to determine whether the artists for those 54 songs were found on the enumerated websites. |

Dated:   New York, NY
         December 17, 2010

DUANE MORRIS LLP

By:   /s/
Gregory P. Gulia
John Dellaportas
Vanessa Hew
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000

Edward M. Cramp (*pro hac vice*)
Michelle Hon (*pro hac vice*)

*Counsel for Defendants*

31