UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
CAPITOL RECORDS, LLC, *et al*,      )
                                    )
                    Plaintiffs,     )   No. 07 Civ. 9931 (WHP)(FM)
                                    )
            v.                      )
                                    )
MP3TUNES, LLC, and MICHAEL ROBERTSON,)
                                    )
                    *Defendants*.   )
_____)
                                    )
MP3TUNES, LLC, and MICHAEL ROBERTSON,)
                                    )
                    *Counter-Claimants*, )
                                    )
            v.                      )
                                    )
CAPITOL RECORDS, LLC, *et al*,      )
                                    )
                    *Counter-Defendants*. )
_____)

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF
GOOGLE, INC. FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

Plaintiffs oppose the motion of non-party Google, Inc. ("Google") for leave to file an *amicus curiae* brief in support of defendant.

A district court has broad discretion to accept or reject an *amicus* filing.  *SEC v. Bear, Stearns & Co., Inc.*, No. 03 Civ. 2937 (WHP), 2003 U.S. Dist. LEXIS 14611, at *16 (Aug. 25, 2003) (denying motion to participate as *amici*).  In exercise of that discretion, courts should deny permission when the proposed brief (a) duplicates the arguments made in the litigants' briefs, (b) is filed by an advocacy group as opposed to a third party with a unique perspective, and (c) when all parties are represented by competent counsel.  *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063-64 (7th Cir. 1997).  Courts also should reject amicus filings that would result in unfair prejudice to the opposing side.  *Leigh v. Engle,* 535 F. Supp. 418, 422 (N.D.Il 1982); *see also Voices for Choices v. Illinois Bell Telephone Co.,* 339 F.3d 542, 544 (7th Cir. 2003); *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).  On all counts, Google's request to file an amicus brief should be denied.

1. **Google's Brief Is Untimely And Would Prejudice Plaintiffs.**

Google's motion and proposed amicus brief are exceedingly late, and would cause undue and unfair prejudice to plaintiffs.  The parties' cross-motions for summary judgment are fully briefed and have been for weeks.  Reply briefs were filed on December 17, 2010.  In its motion for leave, Google does not even pretend to have an excuse for its untimely filing – and there is none.  In its proposed amicus brief, Google principally addresses the applicability of the DMCA to pre-1972 sound recordings.  *Proposed Brief of Non-Party Google, Inc.*, Docket # 249 at 2-8.  That "pre-72" issue has been in this case, explicitly, from the very outset.  *See* Complaint, Docket # 1, ¶¶ 84-93 (asserting state law claims based on pre-1972 sound recordings).  Defendant briefed that issue in their *opening brief*, filed on October 29, 2010, in a stand-alone

section titled "The DMCA Safe Harbors Apply to Claims of Infringements of Sound Recordings Authored Prior to 1972"; plaintiffs responded to those arguments in their opposition brief filed on November 24, 2010.  Generally, an amicus brief must be filed within seven days of the principal brief that the *amicus* seeks to support.  F.R.A.P. 29(e).[1]  This rule ensures that a party opposing the position of *amici curiae* has sufficient time to respond to arguments advanced in an amicus brief.  *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).  There is no excuse for Google waiting more than two months – until briefing has closed – to seek leave to file an amicus brief.

Google's late request, if granted, would unfairly prejudice plaintiffs.  Plaintiffs would have no opportunity to respond to Google's arguments.  Likewise, plaintiffs are aware of other *amici* that would have sought to file briefs on the "pre-72" issue if Google had timely filed.

The prejudice is especially acute here, because Google's only legal argument is flatly wrong in multiple respects.  Google mostly advances one-sided policy arguments that are divorced from and incompatible with the statutory text of the Copyright Act.[2]  The foundation of Google's sole legal argument is that the DMCA "safe harbors do not annul or limit rights or remedies available under state common law" because plaintiffs "may pursue claims of infringement against individuals (including MP3tunes users) they reasonably believe to have *directly* infringed those rights."  *Proposed Brief of Non-Party Google, Inc.*, Docket # 249 at 8

---

[1] District courts are encouraged to look to the Federal Rules of Appellate Procedure in determining whether amicus filings are timely and otherwise acceptable.  *In re Thorpe Insulation Co.*, No. CV 10-1493, 2010 U.S. Dist. LEXIS 104196, *2 n. 1, (C.D. Cal. Sept. 21, 2010); *U.S. v. Olis*, NO. H-07-3295, 2008 U.S. Dist. LEXIS 15972, *23-24 (S.D. Tex. Mar. 3, 2008).  Under Rule 29(e) of the Federal Rules of Appellate Procedure, Google's brief would have been due within seven days of MP3tunes' opening brief, or no later than November 5, 2010.

[2] This is precisely why amicus briefs are generally disfavored at the trial level.  *Goldberg v. Philadelphia*, No. 91 Civ. 7575, 1994 U.S. Dist LEXIS 9392, at * 2 (E.D.Pa. July 14, 1994); *see also Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

(emphasis added).  First, it is simply misleading for Google to assert that § 512 does not expressly limit its applicability to federal copyright claims, and that, therefore, § 512(c) and the other DMCA safe harbors apply to "*all* copyright claims, whether under federal law or otherwise."  *Proposed Brief of Non-Party Google, Inc.*, Docket # 249 at 6 (emphasis in original).  In fact, the statute does contain just such an express limitation.  Section 512 is part of Chapter 5 of the Copyright Act.  Under Chapter 5 of the Copyright Act, the expression "infringement of copyright" (the term used throughout Chapter 5, including in § 512) has a specified meaning, as set forth in § 501(a):  namely, violation of "any of the exclusive rights of the copyright owner *as provided by sections 106 through 122*" of the Copyright Act.  17 U.S.C. § 501(a) (emphasis added).  Thus, the DMCA safe harbors are expressly limited to infringement of rights granted under the *federal* Copyright Act.

Second, the argument that the DMCA safe harbor provisions do not "annul or limit" rights or remedies of copyright holders does not pass the red face test.  Section 512 is titled "Limitations on liability."  17 U.S.C. § 512.  Likewise, the distinction between *direct* infringers and *secondary* infringers on which Google bases its argument simply does not exist under the DMCA; if applicable, the DMCA would apply to both.  *E.g.*, Sen. Rep. No. 105-190 at 40 ("The limitations in subsections (a) through (d) protect qualifying service providers from liability … for *direct*, vicarious *and* contributory infringement")(emphasis added).

Google's argument also ignores that the Supreme Court has emphasized that the remedy of suing every individual direct infringer is impracticable and likely impossible.  *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-930 (2005); *see also Sony Corp. of America, Inc. v. Universal City Studios, Inc.*, 464 U.S. 417, 446 (1984).  That is one reason copyright law provides for secondary copyright infringement liability.  Under copyright law, secondary

3

infringers are liable on equal footing with direct infringers.  *Sony*, 464 U.S. at 435.  Respectfully, it is not helpful to the Court for Google to argue that completely eliminating remedies against the secondary infringer – *i.e.*, the party enabling the infringement and usually the only party in a position to stop it – does not directly contravene Section 301(c)'s explicit prohibition on "annul[ing] or limit[ing]" "*any* rights or remedies under the common law."  17 U.S.C. § 301(c) (emphasis added).  In this context, eliminating a remedy against a secondary infringer is a far greater "annulment" than eliminating a remedy against the direct infringer.[3]

This clearly is not the forum to answer Google's substantive arguments in detail.  Suffice it to say plaintiffs believe Google's proposed brief is fraught with arguments that are mistaken or precluded by the statute.  The Court should not allow Google to file a brief well after all briefing has closed, and therefore unopposed.  This would present the very "elements of unfairness" that courts are urged to consider in rejecting requests to file amicus briefs.  *See Leigh,* 535 F. Supp. at 422; *Voices for Choices,* 339 F.3d at 544; *Strasser,* 432 F.2d at 569.

Finally, to try to justify its untimely request, Google asserts that "[t]wo proposed amicus briefs in support of Plaintiffs were … submitted on the same day that [the parties'] reply briefs were filed."  However, what Google fails to say is that MP3tunes did not object to the filing of those briefs.  Thus there was no cognizable prejudice to defendants.  Here, there is manifest prejudice to plaintiffs, and plaintiffs do object.

---

[3] Google likewise does not assist the Court with a strained and unsupportable argument that the language of § 512(c) is in conflict with § 301(c), when clearly on its face it is not.  And Google disserves the Court by arguing that bedrock rules of statutory construction should be suspended because "section 512's enactment post-dates the 1998 amendment to section 301(c)," *Proposed Brief of Non-Party Google, Inc.*, Docket # 249 at n.13, when in fact the same Congress enacted both pieces of legislation *in the same month*.  17 U.S.C.A. § 301(c)(revision history); *Auburn Hous. Auth. v. Martinez*, 277 F.3d 138, 145 (2d Cir. 2002) ("The 'cardinal rule' that repeal by implication is disfavored…is even stronger when the two acts were enacted close in time") (citation omitted).

**2. <u>Google Attempts To Inject Irrelevant Issues Not Raised By Any Of The Parties.</u>**

Google additionally argues in favor of the legality of "space-shifting" (*i.e.*, storing music purchased on a CD in digital form either on a computer hard drive, portable media player, or in the "cloud"). *Proposed Brief of Non-Party Google, Inc.*, Docket # 249 at 9. But that issue has never been in this case. Indeed, on the first page of plaintiffs' opening brief, plaintiffs explained that this case does not concern "cloud computing or what users may do with their lawfully acquired recordings," but about defendants' unlawful exploitation of copyrights they do not own. Pls. Mem., Docket # 207 at 1-2. Indeed, Google acknowledges that plaintiffs have *not* argued that "space-shifting" or "cloud computing" is illegal, but rather "Plaintiffs instead focus on users who allegedly obtain music from infringing sources." *Proposed Brief of Non-Party Google, Inc.*, Docket # 249 at 9. As a result, the section of Google's proposed brief on "space-shifting" (pages 9 through 11) is irrelevant and unhelpful to the issues briefed by the parties on summary judgment. Moreover, Google has failed to explain how a decision in this case would materially affect any of the services it offers.

As the only purported justification for trying to introduce an extraneous issue, Google points to a footnote in the amicus brief filed by the Motion Picture Association of America ("MPAA"). *Id.* at 9. However, there is no connection between footnote 6 in the MPAA's amicus brief and the "space-shifting" argument advanced by Google. *See Motion to File Amicus Brief*, Docket # 226, attachment #1 at p. 19 n. 6. What Google is really trying to do is bait the Court into commenting favorably on Google's own view of space-shifting, an issue of first impression that has not been raised or briefed by any of the parties. The Court should decline that invitation. That is an improper use of an amicus brief and further supports denial of Google's motion for leave.

### 3. <u>Google Is Merely Acting As An Advocate For Defendants.</u>

The Court also should deny Google's request for leave because Google does not come as a "friend of the court" but rather as an advocate in support of defendant. *U.S. v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (proposed *amici's* lack of "objective, dispassionate, neutral discussion of the issues" should result in denial of leave to file); s*ee also Bear, Stearns & Co.*, 2003 U.S. Dist. LEXIS 14611, at *16 (Pauley, J.) (rejecting proposed *amici* who were not "seeking to assist the Court in clarifying issues as an objective, neutral, dispassionate friend of the court) (internal quotations omitted); *Goldberg v. Philadelphia*, No. 91 Civ. 7575, 1994 U.S. Dist LEXIS 9392, at * 2 (E.D.Pa. July 14, 1994) ("When an organization seeking leave to appear as *amicus curiae* is perceived to be an advocate for one of the parties to the litigation, leave to appear *amicus curiae* should be denied"). Indeed, twice Google simply adopts and endorses the arguments of defendant. *Proposed Brief of Non-Party Google, Inc.*, Docket # 249 at 1, 10. Such advocacy is neither the proper role of an amicus brief nor helpful to the Court.[4]

Google's proposed amicus brief, whether engineered by defendant or not, has the same effect: It frees MP3tunes from the Court's page limits and provides MP3tunes an additional, unsanctioned sur-reply brief. In all respects, Google advances the arguments of a party defendant not a genuine amicus. From its unfairly one-sided policy arguments to its exaggerated hyperbole about theoretical harms that have not materialized in over a decade of DMCA experience, Google presents the Court with the spin of an advocate not "the objective, dispassionate, neutral discussion" of a friend of the court. *Bear, Stearns & Co.*, 2003 U.S. Dist. LEXIS, at *16.

---

[4] Undisclosed by Google is that Google has a business relationship with MP3tunes founder Michael Robertson, who founded and developed Gizmo5, software which Google purchased in 2009 and has since integrated into its internet telephone system. *See* http://techcrunch.com/2009/11/12/google-announces-acquisition-of-gizmo5/ (announcing Google's acquisition of Gizmo5 in 2009); see also http://techcrunch.com/2009/11/09/exclusive-google-has-acquired-gizmo5/ (reporting that Gizmo5 was developed by Robertson).

In the end, Google does not offer a perspective any different than MP3tunes, and certainly not one that is objective, neutral or dispassionate. *U.S. v. El-Gabrowny*, 844 F. Supp. 955 (S.D.N.Y. 1994) (denying motion to file *amicus* where proposed submissions did not offer "any argument or point of view that was not available from the parties themselves"). In fact, defendant MP3tunes' interest in the "pre-72" issue is far more direct than any interest Google articulates. The "pre-72" issue involves one narrow set of copyrights only: sound recordings first fixed prior to February 15, 1972. The issue of whether the DMCA covers infringement of pre-1972 sound recordings is most directly of interest to MP3tunes, a company focused primarily on the delivery of sound recordings. The issue, at best, has only marginal relevance to hypothetical reviews on Google's blog service, spreadsheets in the Google Docs service, search engine results through the Google Web Search, pictures hosted through Picasa Web Albums, or any of the other non-music services offered by Google.

## Conclusion

For the foregoing reasons, the motion to leave to file should be denied. If, however, Google is given leave to file its brief, plaintiffs request that the Court provide an opportunity for plaintiffs and other interested third-parties to respond to the arguments presented by Google.

DATED:  January 7, 2011                                          Respectfully submitted,

                                                                 By:   /s/ Steven B. Fabrizio
                                                                     Andrew H. Bart
                                                                     Joseph J. McFadden
                                                                     JENNER & BLOCK LLP
                                                                     919 Third Avenue
                                                                     37th Floor
                                                                     New York, NY 10022
                                                                     tel. (212) 891-1690
                                                                     fax (212) 891-1699

*-and-*

Steven B. Fabrizio
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
tel. (202) 639-6000
fax (202) 639-6066

*Attorneys for Plaintiffs Capitol Records, LLC, Caroline Records, Inc, EMI Christian Music Group Inc., Priority Records LLC, Virgin Records America, Inc.*


By:  /s/ Frank P. Scibilia
    Donald S. Zakarin
    Frank P. Scibilia
    Jacob B. Radcliff
    M. Mona Simonian
    PRYOR CASHMAN LLP
    7 Times Square
    New York, New York  10036-6569
    Telephone: (212) 421-4100
    Facsimile: (212) 326-0806

    *Attorneys for the Beechwood Music Corp., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Feel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, Inc., EMI Gold Horizon Corp., EMI Grove Park Music, Inc. EMI Hastings Catalog, Inc., EMI Mills Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, inc., Jobete Music Co., Inc., Screen Gems-EMI Music, inc., Stone Agate Music, and Stone Diamond Music*