USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/9/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

CAPITOL RECORDS, INC. et al.,

                Plaintiffs,

   -against-

MP3TUNES, LLC et al.,

                Defendants.
------------------------------------X

07 Civ. 9931 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

       Plaintiffs, EMI, Inc. and fourtenn record companies and music publishers (collectively, "EMI"), ask this Court to certify an interlocutory appeal of the Amended Memorandum & Order dated October 25, 2011 ("October 25, 2011 Memorandum & Order") pursuant to 28 U.S.C. § 1292(b). EMI seeks interlocutory appeal on whether, (i) the DMCA safe harbors apply to sound recordings fixed before February 15, 1972, (ii) a repeat infringer policy can be reasonably implemented by terminating only "blatant" infringers, and (iii) red flag knowledge of infringement can be established through sources other than takedown notices. For the following reasons, EMI's request is denied.

       Normally, litigants must wait for a final judgment to appeal interlocutory orders. See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990). However, a district court may certify an interlocutory appeal if it finds the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The "use of this certification procedure should be strictly limited because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing

appellate review until after the entry of a final judgment.'" Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281, 284 (2d Cir.1996) (quoting Klinghoffer, 921 F.2d at 25 (2d Cir.1990)).

A question of law is "controlling" if reversal would terminate the action, significantly affect the conduct of the litigation, or have precedential value for a large number of cases. See S.E.C. v. Credit Bancorp, Ltd., 103 F. Supp. 2d 223, 227 (S.D.N.Y.2000) (citing Klinghoffer, 921 F.2d at 24-25, and In re Oxford Health Plans, Inc., 182 F.R.D. 51, 54-55 (S.D.N.Y.1998)). Plainly, none of the questions EMI seeks to certify would terminate the litigation. Nor would reversal on any of the issues significantly affect the conduct of the action. This Court must still adjudicate, inter alia, EMI's claims for unfair competition, breach of license, and damages with respect to copyrights infringed by MP3tunes. See Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008) (declining to certify an interlocutory appeal of a summary judgment order where reversal would merely alter the number of claims for trial). While immediate appeal could avoid the need for two trials, reversal would simply set the stage for another round of summary judgment motions, which in turn could spawn another appeal. See Fogarazzo v. Lehman Bros., Inc., No. 03 Civ. 5194 (SAS), 2004 WL 1555136, at *2 (S.D.N.Y. July 9, 2004). An interlocutory appeal would only delay the ultimate resolution of this case.

Moreover, a controlling question must "refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Century Pac., 374 F. Supp. 2d at 371 (quoting Ahrenholz v. Bd. of Tr., 219 F.3d 674, 676-77 (7th Cir. 2000)) (internal quotations and citations omitted). Notwithstanding EMI's narrow construction of the issues for appeal, the Second Circuit would need to wade into the voluminous factual

2

record created by the parties on their motions for summary judgment in order to resolve the second and third questions EMI offers for appeal.

This Court notes that the October 25, 2011 Memorandum & Order may involve a "substantial ground for difference of opinion," particularly in light of the Copyright Office's recent determination that the DMCA safe harbors do not apply to pre-1972 recordings. See Federal Copyright Protection for Pre-1972 Sound Recordings, (Dec. 2011), available at http://www.copyright.gov/docs/sound/pre-72-report.pdf. But because this Court finds that the issues EMI seeks to appeal are not controlling questions of law, EMI's request to certify an interlocutory appeal is denied. EMI's alternative request for a pre-motion conference is also denied.

The parties are directed to appear for a pretrial conference on January 19, 2012, at 11:30 a.m. to discuss a case schedule for the adjudication of EMI's remaining claims.

Dated: January 9, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Andrew H. Bart, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022
*Counsel for Plaintiffs*

Gregory P. Gulia, Esq.
Duane Morris, LLP
1540 Broadway
New York, NY 10036-4086
*Counsel for Defendants*