


FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

GREGORY P. GULIA
DIRECT DIAL: 212.692.1027
FAX: 212.692.1020
*E-MAIL:* gpgulia@duanemorris.com

*www.duanemorris.com*

**BY HAND DELIVERY**

February 1, 2012

Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

**Re: *Capitol Records LLC et al. v. MP3tunes, Inc. et ano*, 07 Civ. 9931 (WHP) (FM)**

Dear Judge Pauley:



We submit the following letter regarding defendant Michael Robertson's request for a pre-motion conference to obtain leave to file a motion for summary judgment on the issue of this Court's jurisdiction over Mr. Robertson.

**Defendants' Position**: Because this Court held that Mr. Robertson does not have sufficient contacts with New York for this Court to exercise jurisdiction over him under New York's long-arm statute, Plaintiffs must demonstrate that jurisdiction may be exercised because MP3tunes is a mere agent for Mr. Robertson. *See* Dkt. # 48 at 8 (2008 Order on Personal Jurisdiction). However, this Court—and others—have held that such agency exists only if Plaintiffs can demonstrate that: MP3tunes engaged in purposeful activities in New York in relation to the alleged infringement and that (1) Mr. Robertson knew and consented to the specific acts of infringement; (2) controlled the specific acts of infringement; and (3) benefited from the specific acts of infringement. *See id.*

In ruling on Plaintiffs' motion to amend their complaint to add Mr. Robertson as a defendant in this action, this Court found that Plaintiffs had alleged facts that, despite the contradictory nature of the cited testimony, were sufficient for the Court to find a *prima facie* case of personal jurisdiction because all doubts were resolved in Plaintiffs' favor as was appropriate at that stage. *See* Dkt. #120 at 16 (2009 Order on Re-adding Mr. Robertson). This Court acknowledged that Mr. Robertson was free to argue at a later stage that the "evidence does not establish personal jurisdiction by a preponderance of the evidence." *Id.* at 16. In a pre-motion conference held on September 23, 2010, Your Honor advised that MP3tunes could bring a motion for summary judgment on the issue of personal jurisdiction of Mr. Robertson after the Court decided the parties' summary judgment motions regarding corporate entities. *See* Dkt. # 182 (enclosed for reference).

Because speculative allegations of jurisdiction are insufficient at summary judgment, Plaintiffs must now present sufficient evidence to demonstrate that a triable issue of fact exists as to whether the exercise of personal jurisdiction over Mr. Robertson is warranted. Plaintiffs cannot establish the existence of any of the essential elements of their jurisdictional claim. There is no evidence that Mr. Robertson either knew of, benefited from, or controlled, any alleged infringing activity at MP3tunes. Indeed, in its decision regarding the parties' cross motions for summary judgment, this Court found that "there is no genuine dispute that MP3tunes neither received a direct financial benefit nor controlled the infringing activity." *See* Dkt. # 276 at 24 (Amended Order on the Parties' Motions for Summary Judgment). Given that MP3tunes neither benefitted from, nor controlled, the allegedly infringing activities, Mr. Robertson could not possibly have controlled and benefited from any allegedly infringing activity. Therefore, the exercise of personal jurisdiction over Mr. Robertson is unwarranted.

Moreover, exercising jurisdiction over Mr. Robertson would violate not only the long-arm statute, but Mr. Robertson's constitutional rights to due process. Mr. Robertson's conduct and connection with New York were so minimal and attenuated that he could not have reasonably expected to be subject to this Court's jurisdiction. Accordingly, Mr. Robertson should be granted leave to file a motion for summary judgment on the issue of his personal jurisdiction because Mr. Robertson is entitled to judgment as a matter of law and no triable issue of fact exists that would warrant the exercise of personal jurisdiction over Mr. Robertson by this Court.

**Plaintiffs' Position**:

Defendants' proposed motion is barred by two prior decisions of the Court. First, in its October 25, 2011 summary judgment order, the Court explicitly awarded Plaintiffs summary judgment against Robertson based on his personal acts of infringement as well as certain corporate acts. Dkt. #276 at 33. The fact that summary judgment against Robertson has already been awarded and MP3tunes failed to seek timely reconsideration of that Order, prevents them from trying to do so now as the parties prepare for trial.

The Court's decision to exercise personal jurisdiction over Robertson and to grant summary judgment against him was entirely proper. The law on personal jurisdiction with respect to acts of copyright infringement was clarified in 2011, when the New York Court of Appeals determined that Section § 302(a)(3)(iii) of the New York long-arm statute conveyed jurisdiction over out-of-state individuals who committed copyright infringement over the internet when the copyright owner's principal place of business was New York. *Penguin Group (USA) Inc. v. American Buddha*, 16 N.Y.3d 295 (2011). The Second Circuit held that pursuant to this decision, an out-of-state website operator who posted material online and operated an online "library" of infringing content could be subject to personal jurisdiction in New York. *Penguin Group (USA), Inc. v. Am. Buddha*, 640 F.3d 497, 500-501 (2d Cir. 2011). As the Plaintiffs all maintain their principal places of business in New York, the Court correctly exercised personal jurisdiction and granted summary judgment against Robertson based on his personal "sideloading." *See* Dkt. # 276 at 30. It would thus be a pointless exercise to revisit this issue.

Second, when this Court last addressed the jurisdictional issue in 2009, it expressly determined that the issue of whether it has personal jurisdiction over Robertson because of his role in directing the activities of MP3tunes was an issue of fact to be resolved "at trial." Dkt. #120 at 16 ("Robertson will be free to argue at trial that the evidence does not establish personal jurisdiction by a preponderance of the evidence."). The decision did not, as Defendants allege, defer the issue to a "later stage." The Court's ruling that the remaining issue was one of fact is dispositive of Defendants' request for further briefing.

Further, in their application, Defendants misstate the applicable legal standard. To show Robertson is subject to personal jurisdiction in New York, the "plaintiffs need not establish a formal agency relationship." *Id. at* 9. Instead, Plaintiffs must show that (i) MP3tunes engaged in purposeful activity within New York; (ii) Robertson stood to benefit from MP3tunes' actions; (iii) Robertson knew of and consented to MP3tunes' actions; and (iv) Robertson exercised some degree of control over MP3tunes with respect to the infringing activity. *Id.* at 10.

The first prong of the personal jurisdiction analysis has been definitively established by this Court. With respect to the remaining elements of the personal jurisdiction test, this Court has already ruled that the Plaintiffs presented sufficient evidence for a jury to conclude that Robertson stood to benefit from MP3tunes' activities and that Mr. Robertson knew of and exercised control over MP3tunes with respect to its infringing activity. *Id.* at 15-16. To the extent Defendants disagree with this conclusion, these questions of fact cannot be resolved through further motion practice. *See Id.* at 16.

Finally, Defendants' argument that the Court already ruled on the issue of control and benefit is demonstrably false. Defendants' reference to the Court's summary judgment ruling related solely to the issue of whether the DMCA provided MP3tunes with a safe harbor for acts of infringement by users of Sideload.com. That is a manifestly separate issue from the issue presented here—whether ***Robertson*** controlled and stood to benefit from ***MP3tunes'*** acts of infringement for purposes of personal jurisdiction. Furthermore, the Court did not reach the issue of whether MP3tunes—let alone Michael Robertson—controlled and benefited from the infringement that the Court found was not subject to safe harbor, namely, the failure to remove from "lockers" files listed on takedown notices. Indeed, the Court did not reach whether MP3tunes was liable for vicarious infringement with respect to that activity, Dkt #276 at n. 4, and therefore did not need to decide whether MP3tunes had the right and ability to control and received a financial benefit from keeping infringing material in those "lockers."

Given the evolution of the law and the prior orders in this case, there is no basis for Defendant's application. Plaintiffs ask that Defendants' request be denied in its entirety.

Application granted. The Court will conduct a telephone conference on February 17, 2012 at 12:00 p.m. Counsel for plaintiffs are directed to circulate a call-in number prior to the call.

SO ORDERED:

[signature]

WILLIAM H. PAULEY III U.S.D.J.

2/14/12

Respectfully submitted,

Gregory P. Gulia

Enclosure
cc: Andrew H. Bart (by email)
Frank P. Scibilia (by email)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 10/22/10
DATE FILED:

RECEIVED
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

JENNER&BLOCK

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022-3908
Tel 212 891-1600
www.jenner.com

Chicago
New York
Washington, DC

Andrew H. Bart
Tel. 212-891-1645
Fax. 212-891-1699
abart@jenner.com

October 20, 2010

**VIA HAND DELIVERY**

Honorable William H. Pauley III
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

***Re: Capitol Records, LLC et al. v. MP3tunes, LLC, et ano, No. 07 Civ. 9931 (WHP)***

Dear Judge Pauley:

We write on behalf of all parties in the above-referenced action to request confirmation of our understanding of the Court's ruling at the pre-motion conference held on September 23, 2010 regarding the scope of the parties' contemplated motions for summary judgment.

During the conference, the parties discussed a proposed motion by the defendant Michael Robertson based on his contention that this Court lacks personal jurisdiction over him. Because a finding of liability related to Mr. Robertson depends, in large part, on a finding of liability against MP3tunes, LLC, the parties agreed, in consultation with the Court, that motions with respect to this Court's personal jurisdiction over Mr. Robertson would not be filed until after a decision on the summary judgment motions with respect to MP3tunes, LLC had been reached.

Although the issue arose in the context of defendant Michael Robertson's proposed motion based on personal jurisdiction, the parties understood the agreement to apply equally to plaintiffs' proposed motion for summary judgment on Mr. Robertson's personal liability for copyright infringement. Accordingly, the parties now write to confirm their understanding of the decision reached at the pre-motion conference—that briefing with respect to all issues relating to Mr. Robertson's personal liability will be raised with the Court, if necessary, after a determination of the liability of MP3tunes, LLC.

Respectfully submitted,

Andrew H. Bart

Andrew H. Bart

cc: John Dellaportas, Esq. (via email)
Greg Gulia, Esq. (via email)
Frank Scibilia, Esq. (via email)

The parties' understanding is correct

SO ORDERED:

William H. Pauley

WILLIAM H. PAULEY III U.S.D.J.
10/22/10