**DUANE MORRIS LLP**
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000

*Counsel for Defendants*
*MP3tunes Inc. and Michael Robertson*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC; CAROLINE RECORDS, INC.; EMI CHRISTIAN MUSIC GROUP INC.; PRIORITY RECORDS LLC; VIRGIN RECORDS AMERICA, INC.; BEECHWOOD MUSIC CORP.; COLGEMS-EMI MUSIC INC.; EMI APRIL MUSIC INC.; EMI BLACKWOOD MUSIC; EMI FULL KEEL MUSIC; EMI GOLDEN TORCH MUSIC CORP.; EMI LONGITUDE MUSIC; EMI VIRGIN MUSIC, INC.; EMI VIRGIN SONGS, INC., EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI FEIST CATALOG, INC., EMI GOLD HORIZON CORP., EMI GROVE PARK MUSIC, INC., EMI HASTINGS CATALOG, INC., EMI MILLS MUSIC, INC., EMI MILLER CATALOG, INC., EMI ROBBINS CATALOG, INC., EMI U CATALOG, INC., EMI UNART CATALOG, INC., JOBETE MUSIC CO., INC., SCREEN GEMS-EMI MUSIC, INC., STONE AGATE MUSIC, and STONE DIAMOND MUSIC, <br><br>        Plaintiffs, <br>    v. <br><br>MP3TUNES, INC., and MICHAEL ROBERTSON, <br><br>        Defendants. | CIVIL ACTION NO. 07 Civ. 9931 (WHP)<br>ECF Case<br><br><br><br><br><br>**STATEMENT OF UNCONTESTED FACTS PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF MICHAEL ROBERTSON'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF PERSONAL JURISDICTION** |

Pursuant to Local Rule 56.1(a) of the United States District Court for the Southern District of New York, Defendant Michael Robertson contends that there is no genuine issue to be tried with respect to the following facts:

1. Mr. Robertson is the Chief Executive Officer of MP3tunes, an Internet company that operates two, user-directed websites—MP3tunes.com and Sideload.com. *See* Declaration of Michael Robertson in Support of his Motion for Summary Judgment on the Issue of Personal Jurisdiction ("Robertson Decl.") ¶ 1; Declaration of Gregory P. Gulia in Support of Michael Robertson's Motion for Summary Judgment on the Issue of Personal Jurisdiction ("Gulia Decl.") ¶ 2 Ex. A (Doc. #21 (Robertson Decl. in Support of Motion to Dismiss)), ¶ 3 Ex. B (Dkt. #185 ¶ 2. ).

2. MP3tunes.com allows users to store and play songs at MP3tunes.com. *See* Gulia Decl. ¶ 4 (Dkt. # 218 at ¶ 4); Robertson Decl. ¶ 5.

3. Users direct MP3tunes as to which songs should be stored at MP3tunes.com. *See* Gulia Decl. ¶ 4 (Dkt. # 218 at ¶ 5); Robertson Decl. ¶ 5.

4. MP3tunes does not select which songs users choose to store or play at MP3tunes.com. *See id*.

5. Sideload.com allows users to search for free songs on the Internet. *See id*.

6. Users of Sideload.com can enter the name of a song or artist and Sideload.com will returns lists of links to other sites on the Internet with potential matches. *See id*.

7. The search process at Sideload.com is fully automated and at no point does MP3tunes, or any employee at MP3tunes, decide which song a user should search for at Sideload.com or store at MP3tunes.com. *See id*.

8. Mr. Robertson does not decide which songs MP3tunes' users store and play in their lockers. *See* Robertson Decl. ¶ 5.

9. As Chief Executive Officer at MP3tunes, Mr. Robertson develops and implements high-level strategies, making major corporate decisions and managing the overall operations and resources of the company. *See id.*

10. MP3tunes does not derive a financial benefit, direct or otherwise, from any alleged infringement. *See* Robertson Decl. ¶ 2; Gulia Decl. ¶ 5 Ex. D (Dkt. # 184 at ¶ 3).

11. MP3tunes' revenue comes from fees it charges consumers for providing them with storage services. *See* Gulia Decl. ¶ 5 Ex. D (Dkt. # 184 at ¶ 3).

12. MP3tunes.com offers a storage plan with two gigabytes of storage free of charge. *See id.*; see also Robertson Decl. ¶ 7.

13. This two-gigabyte storage limit for free accounts applies only to files that are uploaded from users' local hard drives. *See id.*

14. Users who seek to upload more than two gigabytes of data may upgrade to premium accounts, which cost up to $12.95 per month. *See id.*

15. Sideload.com search services are free of charge. *See* Gulia Decl. ¶ 5 (Dkt. # 184 at ¶ 3); Robertson Decl. ¶ 7.

16. MP3tunes does not count files sideloaded from Sideload.com towards the two gigabytes storage limit.

17. Mr. Robertson does not have an ownership interest in MP3tunes, nor has he ever had one. *See* Gulia Decl. ¶ 6 Ex. E (Dkt. # 127 at 2); Robertson Decl. ¶ 2.

18. Until March 31, 2005, Mr. Robertson had a membership interest in MP3tunes' corporate predecessor, MP3tunes, LLC. *See* Gulia Decl. ¶ 6 Ex. E (Dkt. # 127 at 2) and Ex. G (Dkt.# 120); Robertson Decl. ¶ 2.

19. Mr. Robertson has never been paid a salary, or received a bonus or dividends from MP3tunes. *See* Gulia Decl. ¶ 6 Ex. E (Dkt. # 127 at 2) and Ex. G (Dkt.# 120); Robertson Decl. ¶ 2. (Dkt.# 21).

20. This action was initiated on November 9, 2007. *See* Complaint (Dkt. #1).

21. In its Memorandum and Order dated September 29, 2008, this Court stated: "[t]here is no evidence that Robertson's only activities in New York—a trip for a meeting with vTunes and a trip to speak at an industry forum—relate to [EMI's] claims" and that "Robertson has not benefited from that revenue since he has not received a salary, bonus, or dividends from MP3tunes." *See* Gulia ¶ 7 Ex. H (Dkt. # 48 at 8).

22. In its Memorandum and Order dated October 16, 2009, this Court granted EMI's motion to amend their complaint and re-add Mr. Robertson as a defendant, finding that this Court had jurisdiction over Mr. Robertson under the theory that MP3tunes acted as an agent of Mr. Robertson with respect to its allegedly infringing activities in New York (the "2009 Order"). *See* (Dkt. #120 at 15).

23. In its Memorandum and Order dated October 16, 2009, this Court accepted EMI's allegation that Mr. Robertson was a shareholder of MP3tunes and that he controlled the design and implementation of MP3tunes' supposedly infringing "single master storage" technology. *See id.*

24. In its Memorandum and Order dated October 16, 2009, this Court stated:

> In making this ruling, this Court notes that while Plaintiffs may have provided evidence sufficient for this Court to grant Plaintiffs' motion, "[e]ventually personal jurisdiction must be established by a preponderance of the evidence . . . . Thus, Robertson will be free to argue at trial that the evidence does not establish personal jurisdiction by a preponderance of the evidence.

*See* Gulia ¶ 8 Ex. H (Dkt. #120 at 16).

25. In its Amended Memorandum & Order dated October 25, 2011, this Court stated that "there is no genuine dispute that MP3tunes neither received a direct financial benefit nor controlled the infringing activity." *See* Gulia ¶ 9 Ex. H (Dkt. # 276 at 24).

26. In its Amended Memorandum & Order dated October 25, 2011, this Court stated:

> While Sideload.com may be used to draw users to MP3tunes.com and drive sales of pay lockers, it has non-infringing uses. . . . In addition, any link between infringing activity and a direct benefit to MP3tunes is attenuated because sideloaded songs were stored free of charge and infringing and non-infringing users of Sideload.com paid precisely the same or nothing at all, for locker services.

*See id.*

27. In its Amended Memorandum & Order dated October 25, 2011, this Court stated:

> MP3tunes users alone choose the websites they link to Sideload.com and the songs they sideload and store in their lockers. MP3tunes does not participate in those decisions. At worst, MP3tunes set up a fully automated system where users choose to download infringing content.

*See* Gulia ¶ 9 Ex. H (Dkt. # 276 at 23).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DUANE MORRIS LLP |
| Dated: March 2, 2012<br>New York | By: /s /<br>Gregory P. Gulia<br>Vanessa Hew<br>R. Terry Parker<br>1540 Broadway<br>New York, NY 10036<br>(212) 692-1000 |
|  | Edward M. Cramp (*pro hac vice*)<br>Michelle Hon (*pro hac vice*) |
|  | *Attorneys for Defendants.* |

DM1\1986125.3