UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                    )
CAPITOL RECORDS, LLC, *et al,*      )
                                    )
            *Plaintiffs,*            )      No. 07 Civ. 9931 (WHP)(FM)
                                    )
      v.                            )
                                    )
MP3TUNES, LLC, and MICHAEL ROBERTSON, )
                                    )
            *Defendants.*            )
_____)
                                    )
MP3TUNES, LLC, and MICHAEL ROBERTSON, )
                                    )
            *Counter-Claimants*,     )
                                    )
      v.                            )
                                    )
CAPITOL RECORDS, LLC, *et al*,      )
                                    )
            *Counter-Defendants.*    )
_____)


**LOCAL RULE 56.1 COUNTER-STATEMENT OF FACTS**

Pursuant to Rule 56.1(b) of this Court's Local Civil Rules, plaintiffs, by their undersigned counsel, respectfully submit the following response to the statement of facts submitted by Defendant Michael Robertson in support of his motion for summary judgment.

| MP3tunes Alleged Fact | Plaintiffs' Response |
|---|---|
| 1.  Mr. Robertson is the Chief Executive Officer of MP3tunes, an Internet company that operates two, user-directed websites—MP3tunes.com and Sideload.com.<br><br>Evidence Cited by MP3tunes:<br><br>　　MR Dec. ¶ 1.<br><br>　　GG Dec. ¶ 2. | 1.  DISPUTED to the extent that Defendant describes the MP3tunes.com and Sideload.com websites as "user-directed."  The term is vague and ambiguous.  The MP3tunes.com and Sideload.com websites were designed by Defendants, who retain ongoing controlling over their functions.<br><br>Evidence Controverting Fact:<br><br>*See* Supplemental Declaration of E. Horowitz dated November 23, 2010 in Support of Plaintiff's Motion for Summary Judgment, Docket No. 208 (hereinafter "Supp. Horowitz) ¶¶ 10-17 ('automated' processes on Defendants' website are the result of programming decisions made by MP3tunes' employees). |
| 2.  MP3tunes.com allows users to store and play songs at MP3tunes.com.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 5.<br><br>GG Dec. ¶ 4. | 2.   UNDISPUTED.<br><br>However, the specific copy of a file uploaded by a user is not necessarily "stored" on MP3tunes' servers.  Defendant maintains only a single copy of identical content at any given time and all users who have uploaded or sideloaded that content to Defendant's locker service access only that single "master" copy.  *See* Declaration of E. Horowitz dated October 29, 2010 in Support of Plaintiffs' Motion for Summary Judgment, Docket No. 197 (hereinafter "Horowitz SJ Decl.") ¶¶ 41-50. |

|  |  |
|---|---|
| 3. Users direct MP3tunes as to which songs should be stored at MP3tunes.com<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 5.<br><br>GG Dec. ¶ 4. | 3. UNDISPUTED.<br><br>However, the specific copy of a file uploaded by a user is not necessarily "stored" on MP3tunes' servers. Defendant maintains only a single copy of identical content at any given time and all users who have uploaded or sideloaded that content to Defendant's locker service access only that single "master" copy.  Horowitz SJ Decl. ¶¶ 41-50. |
| 4. MP3tunes does not select which songs users choose to store or play at MP3tunes.com.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 5.<br><br> GG Dec. ¶ 4. | 4. UNDISPUTED<br><br>However, the specific copy of a file uploaded by a user is not necessarily "stored" on MP3tunes' servers. Defendant maintains only a single copy of identical content at any given time and all users who have uploaded or sideloaded that content to Defendant's locker service access only that single "master" copy.  Horowitz SJ Decl. ¶¶ 41-50. |
| 5. Sideload.com allows users to search for free songs on the Internet.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 5.<br><br>GG Dec. ¶ 4. | 5. DISPUTED<br><br>Sideload.com does not search for 'free' music downloads.  It searches for any file that can physically be copied.  For most of those files such copying is unlawful.  Furthermore, the Sideload Website does not search the "Internet" but rather searches only the MP3tunes database of files, which consists only of those files previously sideloaded by other users using the Sideload Plug-in or the Webload Feature. |

3

| | |
|---|---|
| | Evidence Controverting Fact:<br><br>Supp. Horowitz ¶ 8 (explaining that Sideload.com searches only a single database created and maintained by MP3tunes - the database contains only files sideloaded by other MP3tunes users using the Sideload Plug-in or the Webload Feature.); Horowitz SJ Decl. ¶¶ 20-26 (explaining how the Sideload Plug-In searches for music files on sites visited by users).<br>Moreover, MP3tunes has designed the Sideload Website so that users can search for songs in any number of ways, in addition to entering a search query.  Horowitz SJ Decl. ¶ 27.<br><br>Horowitz SJ Decl. ¶¶ 29-40 (showing that files 'available' for searching by Sideload.com are not necessarily lawfully available for download). |
| 6.  Users of Sideload.com can enter the name of a song or artist and Sideload.com will returns [sic] lists of links to other sites on the Internet with potential matches.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 5.<br><br>GG Dec. ¶ 4. | 6.  DISPUTED.<br><br>The Sideload Website does not search the "Internet" but rather searches only the MP3tunes database of files, which consists only of those files previously sideloaded by other users using the Sideload Plug-in or the Webload Feature.<br><br>Evidence Controverting Fact:<br><br>Horowitz SJ Decl. ¶¶ 22, 27 (explaining that Sideload.com's search function does not search the Internet in general, but only among links to files that have already been previously sideloaded into the locker of a user).<br><br>Supp. Horowitz ¶ 8 (explaining that Sideload.com searches only a single |

4

| | |
|---|---|
| | database created and maintained by MP3tunes - the database contains only files sideloaded by other MP3tunes users using the Sideload Plug-in or the Webload Feature.)<br><br>Horowitz SJ Decl. ¶¶ 20-26 (explaining how the Sideload Plug-In searches for music files on sites visited by users). |
| 7. The search process at Sideload.com is fully automated and at no point does MP3tunes, or any employee at MP3tunes, decide which song a user should search for at Sideload.com or store at MP3tunes.com<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 5.<br><br>GG Dec. ¶ 4. | 7. DISPUTED<br><br>Evidence Controverting Fact:<br><br>Defendants promote certain sound recordings through "featured" lists that they create. Horowitz SJ Decl. ¶ 23 & Ex. D. Furthermore, Defendants also choose to promote specific recordings through their email newsletters. Declaration of Andrew H. Bart in Support of Plaintiffs' Opposition to Robertson's Motion for Summary Judgment (hereinafter "Bart Decl.") Ex. 12. |
| 8. Mr. Robertson does not decide which songs MP3tunes' users store and play in their lockers.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 5. | 8. DISPUTED<br><br>Defendants promote certain sound recordings through "featured" lists that they create. Horowitz SJ Decl. ¶ 23 & Ex. D. Furthermore, Defendants also choose to promote specific recordings through their email newsletters. Bart Decl. Ex. 12. |
| 9. As Chief Executive Officer at MP3tunes, Mr. Robertson develops and implements high-level strategies, making major corporate decisions and managing the overall operations and resources of the company.<br><br>Evidence Cited by MP3tunes: | 9. UNDISPUTED<br><br>However, Robertson's role is not limited to developing and implementing high-level strategies, making major corporate decisions, and managing the overall operations and resources of the company. |

| | |
|---|---|
| MR Dec. ¶ 5. | For example, Robertson came up with the ideas for MP3tunes and then directed, in great detail, all of the technical aspects of developing MP3tunes services, including all of the software projects. Bart Decl. Ex. 4 (Brocious) at 34:2-2; 41:3-14; Bart Decl. Ex. 6 (Goodwin) at 20:1-13.<br><br>Robertson made the final decisions on all projects, whether they were major or non-major. Bart Decl. 10 (Wood) 15:23-17:25, 54:19-25; at 45:25-46:5; *id.* at 49:7-15; *see also* Bart Decl. Ex. 9 (Richards) at 27:22 - 28:7, 31:3-19, 32:20 - 33:2; Bart Decl. Ex. 11. (Ford) 101:8-102:25.<br><br>Robertson also directed the actions of MP3tunes' employees in great detail. Bart Decl. Ex. 11 (Ford) 94:1-4, 99:1-11; Bart Decl. Ex. 9 (Richards) 59:11-65:21; 69:23-70:6. |
| 10. MP3tunes does not derive a financial benefit, direct or otherwise, from any alleged infringement.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 2.<br><br>GG Dec. ¶ 4. | 10. DISPUTED<br><br>The cited testimony does not support the proposition that MP3tunes does not derive a financial benefit from any alleged infringement.<br><br>Evidence Controverting Fact:<br><br>Robertson testified that he did not take any action unless he believed it would benefit the company. Bart Decl. Ex. 2 (Robertson) 173:23-175:10; 207:17 – 210:4.<br><br>Robertson viewed users who utilized the Sideload Services as "building value" for his company. Bart Decl. Exs. 31, 32, 33. |

6

| | |
|---|---|
| 11. MP3tunes' revenue comes from fees it charges consumers for providing them with storage services.<br><br>Evidence Cited by MP3tunes:<br><br>GG Dec. ¶ 5. | 11. UNDISPUTED |
| 12. MP3tunes.com offers a storage plan with two gigabytes of storage free of charge.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 7.<br><br>GG Dec. ¶ 5. | 12. UNDISPUTED |
| 13. This two-gigabyte storage limit for free accounts applies only to files that are uploaded from users' local hard drives.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 7.<br><br>GG Dec. ¶ 5. | 13. UNDISPUTED |
| 14. Users who seek to upload more than two gigabytes of data may upgrade to premium accounts, which cost up to $12.95 per month.<br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 7.<br><br>GG Dec. ¶ 5. | 14. UNDISPUTED |
| 15. Sideload.com search services are free of charge. | 15. UNDISPUTED |

| | |
|---|---|
| Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 7.<br><br>GG Dec. ¶ 5. | |
| 16. MP3tunes does not count files from Sideload.com towards the two gigabytes storage limit.<br><br>Evidence Cited by MP3tunes:<br><br>None. | 16. UNDISPUTED |
| 17. Mr. Robertson does not have an ownership interest in MP3tunes, nor has he ever had one.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 2.<br><br>GG Dec. ¶ 6. | 17. DISPUTED<br>Evidence Controverting Fact:<br><br>Robertson and his wife are the sole beneficiaries of the SKL Trust, which holds the largest share equity in MP3tunes. Bart Decl. Ex. 2 (Robertson) 65:6-18, 100:12-15, 109:8-112:4; Bart Decl. Exs. 44, 46.<br><br>Robertson's sons are the sole beneficiaries of the Robertson Descendants Irrevocable Trust, which holds more than 40% of the equity in MP3tunes. Bart Decl. Ex. 46; Ex. 2 (Robertson) 108:22-23.<br><br>Together, the SKL Trust and the Robertson Descendants Irrevocable Trust hold more than 85% of the equity in MP3tunes. Bart Decl. Ex. 44, 46.<br><br>Robertson and his wife are the sole trustees of the SKL Trust and the Robertson Descendants Irrevocable Trust. Bart Decl. Ex. 2 (Robertson) 65:6-18, 100:12-15, 109:8-112:4; Bart Decl. Exs. 44, 46.<br><br>Robertson was unaware of any restriction on his personal use of funds |

8

| | |
|---|---|
| | from the SKL Trust.  Bart Decl. Exs. 46; Ex. 2 (Robertson) 111:18-25; 116:25-117:4.<br><br>Robertson has described himself as a shareholder of MP3tunes.  Bart Decl. Ex. 1 (Robertson April 9, 2008) 40:5-23. |
| 18.  Until March 31, 2005, Mr. Robertson had a membership interest in MP3tunes' corporate predecessor, MP3tunes, LLC.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 2.<br><br>GG Dec. ¶ 6. | 18.  UNDISPUTED |
| 19.  Mr. Robertson has never been paid a salary, or received a bonus or dividends from MP3tunes.<br><br>Evidence Cited by MP3tunes:<br><br>MR Dec. ¶ 2.<br><br>GG Dec. ¶ 6. | 19.  UNDISPUTED |
| 20.  This action was initiated on November 9, 2007.<br><br>Evidence Cited by MP3tunes:<br><br>Complaint (Dkt. # 1) | 20.  UNDISPUTED |
| 21.  In its Memorandum and Order dated September 29, 2008, this Court stated: "[t]here is no evidence that Robertson's only activities in New York—a trip for a meeting with vTunes and a trip to speak at an industry forum—related to [EMI's] claims" and that "Robertson has not | 21.  UNDISPUTED that the Memorandum and Order dated September 29, 2008 contains this language.  However, this Court reversed this conclusion after reviewing evidence disclosed during discovery.  *See* Docket No. 120 at 15. |

9

| | |
|---|---|
| benefited from that revenue since he has not received a salary, bonus, or dividends from MP3tunes."<br><br>Evidence Cited by MP3tunes:<br><br>GG Dec. ¶ 7. | |
| 22. In its Memorandum and Order dated October 16, 2009, this Court granted EMI's motion to amend their complaint and re-add Mr. Robertson as a defendant, finding that this Court had jurisdiction over Mr. Robertson under the theory that MP3tunes acted as an agent of Mr. Robertson with respect to its allegedly infringing activities in New York (the "2009 Order").<br><br>Evidence Cited by MP3tunes:<br><br>Dkt. #120 at 15. | 23. UNDISPUTED that the Court granted EMI's motion to amend their complaint and re-add Robertson as a defendant, finding that the Court had personal jurisdiction over Robertson.<br><br>DISPUTED, however, to the extent that the Court ruled that Plaintiffs did not have to prove a "formal" agency relationship, but rather needed only to prove that Robertson's exercised control over and stood to benefit from MP3tunes' infringing acts. *See* Docket No. 120 at 9-10, 15. |
| 23. In its Memorandum and Order dated October 26, 2009, this Court accepted EMI's allegation that Mr. Robertson was a shareholder of MP3tunes and that he controlled the design and implementation of MP3tunes' supposedly infringing "single master storage" technology.<br><br>Evidence Cited by MP3tunes:<br><br>Dkt. # 120 at 15. | 23. UNDISPUTED |
| 24. In its memorandum and Order dated October 16, 2009, this Court stated: In making this ruling, this Court notes that while Plaintiffs may have provided evidence sufficient for this Court to grant Plaintiffs' motion "[e]ventually personal jurisdiction must be established by a preponderance of the evidence….Thus | 24. UNDISPUTED<br><br>However, the Court went on to exercise personal jurisdiction over Robertson in granting summary judgment against him. *See* Docket No. 276 at 33. |

| | |
|---|---|
| Robertson will be free to argue at trial that the evidence does not establish personal jurisdiction by a preponderance of the evidence. [sic].<br><br>Evidence Cited by MP3tunes:<br><br>GG Dec. ¶ 8. | |
| 25.  In its Amended Memorandum & Order dated October 25, 2011, this Court stated that "there is no genuine dispute that MP3tunes neither received a direct financial benefit nor controlled the infringing activity."<br><br>Evidence Cited by MP3tunes:<br><br>GG Dec. ¶ 9. | 25.  UNDISPUTED that the quoted text appears in the Amended Memorandum & Order dated October 25, 2011. The asserted fact, however, is irrelevant to the present motion because the Court was considering whether MP3tunes received a direct benefit from certain specific infringing acts of its users for purposes of safe harbor under the Digital Millennium Copyright Act. The Court was not considering the issue of MP3tunes own infringing activity. |
| 26.  In its Amended Memorandum & Order dated October 25, 2011, this Court stated: While Sideload.com may be used to draw users to MP3tunes.com and drive sales of pay lockers, it has non-infringing uses….In addition, any link between infringing activity and a direct benefit to MP3tunes is attenuated because sideloaded songs were stored free of charge and infringing and non-infringing users of Sideload.com paid precisely the same or nothing at all, for locker services.<br><br>Evidence Cited by MP3tunes:<br><br>GG Dec. ¶ 9. | 26.  UNDISPUTED that the quoted text appears in the Amended Memorandum & Order dated October 25, 2011.<br><br>The asserted fact, however, is irrelevant to the present motion because the Court was considering whether MP3tunes received a direct benefit from certain specific infringing acts of its users for purposes of safe harbor under the Digital Millennium Copyright Act. The Court was not considering the issue of MP3tunes own infringing activity. |
| 27.  In its Amended Memorandum & Order dated October 25, 2011, this Court stated: MP3tunes users alone choose the websites | 27.  UNDISPUTED that the quoted text appears in the Amended Memorandum & Order dated October 25, 2011. |

| | |
|---|---|
| they link to Sideload.com and the songs they sideload and store in their lockers. MP3tunes does not participate in those decisions.  At worst, MP3tunes set up a fully automated system where users choose to download infringing content.<br><br>Evidence Cited by MP3tunes:<br><br>GG Dec. ¶ 9. | DISPUTED, however, in that Robertson and numerous other MP3tunes' executives and employees sideloaded thousands of songs and thereby made links to them publicly available.  Horowitz SJ Decl. at Exs. X and Z.  *See also* Declaration of E. Horowitz dated March 21, 2012 in Opposition to Robertson's Motion for Summary Judgment at ¶¶ 8-13.<br><br>The asserted fact, however, is irrelevant to the present motion because the Court was considering whether MP3tunes received a direct benefit from certain specific infringing acts of its users for purposes of safe harbor under the Digital Millennium Copyright Act. The Court was not considering the issue of MP3tunes own infringing activity. |

DATED:  March 23, 2012

Respectfully submitted,

By:  /s_____

    Andrew H. Bart
    Joseph J. McFadden
    JENNER & BLOCK LLP
    919 Third Avenue
    37th Floor
    New York, NY 10022
    tel. (212) 891-1690
    fax (212) 891-1699

    *-and-*

    Steven B. Fabrizio
    JENNER & BLOCK LLP
    1099 New York Avenue, NW

Suite 900  
Washington, DC 20001  
tel. (202) 639-6000  
fax (202) 639-6066  

*Attorneys for Plaintiffs Capitol Records, LLC, Caroline Records, Inc, EMI Christian Music Group Inc., Priority Records LLC, Virgin Records America, Inc.*

By: /s _____  
Donald S. Zakarin  
Frank P. Scibilia  
Jacob B. Radcliff  
M. Mona Simonian  
PRYOR CASHMAN LLP  
7 Times Square  
New York, New York  10036-6569  
Telephone: (212) 421-4100  
Facsimile: (212) 326-0806  

*Attorneys for the Beechwood Music Corp., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Feel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, Inc., EMI Gold Horizon Corp., EMI Grove Park Music, Inc. EMI Hastings Catalog, Inc., EMI Mills Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, inc., Jobete Music Co., Inc., Screen Gems-EMI Music, inc., Stone Agate Music, and Stone Diamond Music*