USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

CAPITOL RECORDS, INC. et al., :

                Plaintiffs,   :   07 Civ. 9931 (WHP)

    -against-   :   MEMORANDUM & ORDER

MP3TUNES, LLC et al., :

                Defendants. :
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Defendant Michael Robertson ("Robertson") seeks a stay of this copyright infringement action in view of the filing of a bankruptcy petition by co-defendant MP3tunes, LLC ("MP3tunes"). For the following reasons, Robertson's application for a stay is denied.

        On April 27, 2012, MP3tunes filed a Chapter 7 petition for liquidation before the United States Bankruptcy Court for the Southern District of California. See In re MP3tunes, LLC, No. 12-06037-MM7, ECF No. 1 (Bankr. S.D. Cal. Apr. 27, 2012) (the "Petition"). In the Petition, MP3tunes lists assets of $7,754 and liabilities totaling $2,108,966.37. According to defense counsel, Robertson is MP3tunes' chief executive officer and sole current employee. By operation of section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), all matters against MP3tunes, including this action, are automatically stayed as to MP3tunes. Robertson argues that the automatic stay of this action should be extended to him for three reasons: (1) MP3tunes is a necessary party and this action cannot proceed without it, (2) the Bankruptcy Trustee should have an opportunity to assess the claims made against Robertson and their impact on the bankruptcy estate, and (3) sections 362(a) and 105 of the Bankruptcy Code authorize this Court to stay this action. None of Robertson's arguments are persuasive.

In general, automatic stays under the Bankruptcy Code are limited to debtors and do not extend to officers and principals of the debtor. See Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir.1986); see also Gucci Am., Inc. v. Duty Free Apparel, Ltd., 328 F. Supp. 2d 439, 441-42 (S.D.N.Y. 2004). A limited exception to this rule exists under sections 362(a) and 105 of the Bankruptcy Code, which authorize courts to enter a stay as to non-debtor-defendants "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). Extending a stay under either section 362(a) or 105 requires a showing of a "danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize" and "a reasonable likelihood of a successful reorganization." In re United Health Care Org., 210 B.R. 228, 233 (S.D.N.Y. 1997).

Here, Robertson has not shown any immediate adverse economic effect or irreparable harm to the MP3tunes estate if this action continues against him. As evidenced by the Petition, MP3tunes is a shell corporation with almost no assets and will be liquidated in short-order. Indeed, because MP3tunes seeks liquidation under Chapter 7, and not reorganization under Chapter 11, Robertson cannot articulate how continuing this action against him could affect MP3tunes' ability to reorganize. See Thomas Kernaghan & Co. v. Global Intellicom, Inc., No. 99 Civ. 3005 (DLC), 2000 WL 640653, at * 15 (S.D.N.Y. May 17, 2000) (refusing to extend stay in Chapter 7 case where "there are no reorganization efforts that might be jeopardized by allowing the present litigation to proceed"). Robertson has not shown how the supposed "crushing litigation demands" of this action would interfere with MP3tunes' liquidation. And his argument that the Bankruptcy Trustee should have time to assess the impact of Plaintiffs' claims on the estate is unavailing. To extend the stay to claims against Robertson,

there must be a danger of imminent irreparable harm to the estate. See United Health, 210 B.R. at 233.

Nor is MP3tunes a necessary party to the claims against Robertson. "All persons and corporations who participate in, exercise control over, or benefit from . . . infringement are jointly and severally liable as copyright infringers." Sygma Photo News, Inc. v. High Society Magazine, Inc., 778 F.2d 89, 92 (2d Cir. 1985); see also Screen Gems-Colombia Music, Inc. v. Metlis & Lebow Corp., 453 F.2d 552, 554 (2d Cir. 1972). And it is well settled that a plaintiff may sue as few joint tortfeasor copyright infringers as he chooses, and "those left out of the lawsuit . . . are not indispensable parties." Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 358 (2d Cir. 2000).

Similarly, Robertson argues that MP3tunes will be collaterally estopped from challenging any adverse ruling while the automatic stay is in place and denied the right to participate in its defense of Plaintiffs' claims. But that concern is overblown. MP3tunes is in liquidation and has limited assets. While Plaintiffs' claims against MP3tunes may survive Chapter 7 by operation of law, see 11 U.S.C. 727(a)(1), as a practical matter, MP3tunes is no longer a going concern. Accordingly, this action should not be halted over the academic question of whether the soon-defunct MP3tunes will be prejudiced if Plaintiffs' claims against Robertson proceed.

In conclusion, Robertson's application for a stay is denied. The parties are directed to submit a joint proposed case management schedule by July 6, 2012. Counsel for the parties are further directed to participate in a telephone conference with the Court on July 9, 2012 at 12:00 p.m., to discuss the proposed case management schedule and set a trial date. Plaintiffs are directed to circulate a call-in number and a list of participants prior to the call.

Dated: June 25, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Andrew H. Bart, Esq.
Jenner & Block LLP
919 Third Avenue, 37th Floor
New York, NY 10022

Frank P. Scibilia, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
*Counsel for Plaintiffs*

Gregory P. Gulia, Esq.
Duane Morris, LLP
1540 Broadway
New York, NY 10036-4086
*Counsel for Defendants*