**DUANE MORRIS LLP**
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAPITOL RECORDS, INC., CAROLINE RECORDS, INC., EMI CHRISTIAN MUSIC GROUP INC., PRIORITY RECORDS LLC, VIRGIN RECORDS AMERICA, INC., BEECHWOOD MUSIC CORP., COLGEMS-EMI MUSIC INC., EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC, EMI FULL KEEL MUSIC, EMI GOLDEN TORCH MUSIC CORP., EMI LONGITUDE MUSIC, EMI VIRGIN MUSIC, INC., EMI VIRGIN SONGS, INC., EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI FEIST CATALOG, INC., EMI GOLD HORIZON CORP., EMI GROVE PARK MUSIC, INC., EMI HASTINGS CATALOG, INC., EMI MILLS MUSIC, INC., EMI MILLER CATALOG, INC., EMI ROBBINS CATALOG, INC., EMI U CATALOG, INC., EMI UNART CATALOG, INC., JOBETE MUSIC CO., INC., SCREEN GEMS-EMI MUSIC, INC., STONE AGATE MUSIC, and STONE DIAMOND MUSIC,<br><br>   Plaintiffs,<br>v.<br><br>MP3TUNES, INC., and MICHAEL ROBERTSON,<br><br>   Defendants. | CIVIL ACTION NO. 07 Civ. 9931(WHP)<br>ECF Case<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |

Pursuant to Southern District of New York Local Rule 1.4, Duane Morris LLP ("Duane Morris") respectfully submits this memorandum of law in support of its motion to withdraw as counsel of record for defendants MP3tunes, Inc. ("MP3tunes") and Michael Robertson ("Robertson") (collectively, "Defendants") in the above-captioned matter and for all dates in the case to be briefly adjourned pending the resolution of this motion and in the event that this application is granted.

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

As set forth more fully in the declaration of Edward M. Cramp, Esq. ("Cramp Dec."), Duane Morris seeks leave to withdraw as counsel of record for Defendants because: (1) Defendants failed to live up to their contractual obligations by failing to timely pay their legal fees and expenses and breached an agreed upon payment plan for those fees; (2) a conflict of interest exists because Duane Morris has become a creditor of MP3tunes in MP3tunes' bankruptcy proceeding; and (3) Defendants and Duane Morris have divergent and irreconcilable views regarding the litigation strategy to employ in this matter and Defendants' actions have seriously impaired Duane Morris's ability to represent them.

Prior to making this motion, Duane Morris advised Defendants that it would be forced to make a motion to withdraw on the grounds set forth herein. Defendant Robertson consented to Duane Morris's withdrawal as counsel for MP3tunes, but declined to consent to Duane Morris's withdrawal as counsel for Robertson in his personal capacity. Because Robertson declined to consent to Duane Morris's withdrawal as counsel for him in his personal capacity or to retain substitute counsel, Duane Morris has had no choice but to proceed to seek leave to withdraw.

During the course of Duane Morris's representation in this litigation, Duane Morris has performed a substantial amount of work in connection with the pleading and discovery phases of

this action, and has moved to dismiss some of Plaintiffs' claims, prepared, and defended against, dispositive cross-motions for Summary Judgment, and opposed Plaintiffs' motion for reconsideration and application for an interlocutory appeal.

Despite the substantial amount of work undertaken on their behalf, Defendants have failed to live up to their contractual obligations to pay Duane Morris's legal fees and expenses on a timely basis.  Notwithstanding Defendants' agreement to pay invoices for Duane Morris's legal fees and repeated requests by Duane Morris for payment, Defendants have left substantial sums unpaid and outstanding for legal services rendered in the above-captioned action as well as extensive costs incurred on Defendants' behalf.

As Defendants continued to fail to pay their legal fees, Duane Morris went to substantial efforts and lengths to negotiate with the Defendants for payment of the outstanding amounts, including communications, by telephone, in person, and through email.  In an attempt to resolve the outstanding legal fees with Defendants and in light of MP3tunes' financial condition, Duane Morris agreed to be paid on a quarterly basis, with each installment being a fixed amount. However, after making just a few payments, Defendants failed to honor this arrangement and failed to make any further payments of the significant fees and costs outstanding.

As a result of Defendants' refusal to pay Duane Morris its legal fees and other significant costs incurred in connection with the above-captioned matter, Duane Morris is also unable to adequately represent the interests of Defendants.  Recent communications with the Defendants have made it clear that there has been a significant erosion of the attorney-client relationship. Duane Morris and Defendants have divergent and irreconcilable views on the appropriate strategy to employ in this litigation.  Indeed, as a result of Defendants' failure to pay for legal services and expenses incurred on its behalf, Duane Morris cannot pay vendors and expert

witnesses in this litigation.  Accordingly, Defendants' actions have seriously impaired Duane Morris's ability to represent them.

On April 27, 2012, defendant MP3tunes filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of California.  Attached hereto as Exhibit A is a copy of the bankruptcy petition filed by MP3tunes.  As set forth in the bankruptcy petition, Duane Morris, among others, is identified among MP3tunes' creditors.  Because Duane Morris has been identified as a creditor of MP3tunes in a bankruptcy proceeding, a substantial conflict of interest may arise as a result of continued representation of Defendants by Duane Morris.

Duane Morris has advised Defendants of its intention to terminate its representation and withdraw as their counsel.  Duane Morris's withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

## ARGUMENT

### I. The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney Of Record By Order Of Court

Pursuant to Local Rule 1.4 of the Southern District of New York, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . .  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ."  The New York State Rules of Professional Conduct, Rule 1.16 permits withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y. Prof. Conduct Rule 1.16.

### II. Defendants' Failure to Pay Its Legal Fees and Expenses Alone Constitutes Sufficient Good Cause for Permitting Withdrawal of Counsel

The Second Circuit has acknowledged that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw."

4

*United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). Similarly, this Court consistently has found the failure to pay legal fees to be a legitimate ground for granting a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay legal fees.") (internal citations omitted); *Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted); *HCC, Inc. v. R H & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 U.S. Dist. LEXIS 10977, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); *WABC-AM Radio, Inc. v. Vlahos*, 89 Civ. 1645, 1992 WL 276550, at *1-2 (S.D.N.Y. Sept. 29, 1992) (granting motions to withdraw on ground of client's failure to pay fees even if this would cause a delay in the litigation).

Accordingly, courts regularly grant counsel's motion for leave to withdraw where, as here, a client fails to pay fees for legal services rendered or is unable or unwilling to pay for services to be rendered in the future. Thus, in light of Defendants' continual failure to honor their contractual obligations to pay Duane Morris's invoices for its legal fees and expenses, and

later to make the fixed fee payments under the agreed upon payment plan, Duane Morris's motion to be relieved as counsel of record for the Defendants should be granted.

### III. <u>Irreconcilable Differences With Client Further Warrants Withdrawal of Counsel</u>

Under Rule1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

"'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson,* 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (quoting *Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); citing *Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431,

431 (2d Dep't) (motion to withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14-16 (W.D.N.Y. Sept. 18, 2008) (citing N.Y.S. Code of Prof. Responsibility, EC 7-8). Withdrawal was also allowed where disagreement over witnesses arose. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1999) (granted motion for withdrawal where client did not pay fees and the attorney and client disagreed over pressing claims already dismissed and which witnesses to call).

As a result of Defendants' continued failure and refusal to pay their legal fees and expenses, an irreconcilable conflict and tension have developed between Defendants and their counsel. Recent communications with the Defendants have made it clear that there has been a significant erosion of the attorney-client relationship. Moreover, Duane Morris can no longer adequately represent the interests of Defendants. Defendants and their counsel have extremely diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation and the resources which must be devoted in defense of this lawsuit. As a result of Defendants' failure to pay legal expenses incurred on its behalf, Duane Morris's ability to zealously defend Defendants has been seriously compromised because Duane Morris cannot pay expert witnesses and vendors in this litigation. Accordingly, Defendants' actions have seriously impaired Duane Morris's ability to represent them.

IV.     **Conflict of Interest Justifies Withdrawal**

New York Courts have permitted withdrawal where a conflict of interest arises between an attorney and client. *See, e.g., International Business Counselors, Inc. v. Bank of Ikeda, Ltd.*, 1990 U.S. Dist. LEXIS 2550 (S.D.N.Y. Mar. 9, 1990). A conflict of interest occurs if, during the course of the representation, the attorney's and client's interests diverge with respect to a material factual or legal issue or to a course of action. *See United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995)). Indeed, New York Courts have granted an attorney's motion to withdraw where, as here, an attorney becomes a creditor of the client in a bankruptcy proceeding and the attorney's dual status as creditor and attorney creates a conflict. *See, e.g., In re Bond*, 282 A.D.2d 93, 94 (N.Y. App. Div. 4th Dep't 2001) (where attorney had successfully moved to withdraw as counsel based upon the conflict presented by his dual status as the clients' creditor and attorney).

Continued representation of Defendants by Duane Morris could give rise to a conflict of interest as a result of Duane Morris's dual roles as both creditor of MP3tunes in the bankruptcy proceeding and counsel to Robertson. Moreover, if Duane Morris is forced to continue with its representation of Defendants, Duane Morris will most likely be required to litigate, and counsel Defendants on, issues that impact or relate to its own collections efforts in the bankruptcy against Defendants.

V.      **Withdrawal of Counsel Will Not Prejudice Defendants**

Defendants will not be prejudiced by Duane Morris's withdrawal as counsel. An automatic stay is in effect as to any claims against MP3tunes.[1] Furthermore, Defendant Robertson's summary judgment motion is fully briefed and is currently *sub judice* with the

---

[1] Since the filing of the petition for bankruptcy, the bankruptcy trustee for the MP3tunes estate has not sought to retain Duane Morris to act as counsel for the MP3tunes estate. Nor has such engagement been approved by the bankruptcy court as required by 11 U.S.C. § 327(e).

Court. Moreover, Duane Morris has requested a brief continuance of all dates, therefore "any new counsel retained by [Defendants] would not be forced to 'hit the ground running' but would instead have ample time to familiarize himself with the entire record in the case and thus prepare himself either to proceed to trial should summary judgment be denied or prepare an appeal if summary judgment is granted." *See Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17008 at *9 (S.D.N.Y. 2005) (citing *Furlow v. New York*, 1993 U.S. Dist. LEXIS 3510 at *4-5 (S.D.N.Y. 1993)) (holding that client would not be prejudiced by counsel's withdrawal while client's summary judgment motion was *sub judice).*

Moreover, in light of the irreconcilable tension and conflict between Defendants and their counsel and the conflict of interest presented by Duane Morris's dual role as both creditor and counsel to Defendants, Duane Morris respectfully submits that they should be allowed to withdraw as counsel. Duane Morris also respectfully requests that a brief continuance of the scheduled dates for the summary judgment hearing and for briefing on the motions for reconsideration be granted pending the resolution of this motion and in the event that this application is granted.

## CONCLUSION

For the foregoing reasons, Duane Morris respectfully requests that the Court grant its motion to withdraw as counsel of record for Defendants and briefly continue the scheduled dates in the case.

Dated: New York, NY  
       July 12, 2010

DUANE MORRIS LLP

By: \_/s/_____  
    Gregory P. Gulia  
    Vanessa Hew

9

R. Terry Parker
1540 Broadway
New York, NY 10036
(212) 692-1000

and

Edward M. Cramp (*pro hac vice*)
Michelle Hon (*pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Notice of Motion to Withdraw as Counsel, Memorandum of Law in Support of Motion to Withdraw as Counsel, and Declaration of Edward M. Cramp In Support of Motion to Withdraw as Counsel to be served by First-Class mail and electronic mail this 12th day of July, 2012:

> Gerald H. Davis
> Chapter 7 Trustee
> P.O. Box 121111
> San Diego CA 92112-1111
> davisatty@aol.com
>
> Christopher Celentino
> Foley & Lardner LLP
> 402 West Broadway, Suite 2100
> San Diego, CA 92101
> ccelentino@foley.com
>
> Michael Robertson
> 5960 Cornerstone Court, Suite 100
> San Diego, CA 92121
> Michael Robertson
> michael@michaelrobertson.com
>
> Andrew H. Bart
> Jenner & Block LLP
> 919 Third Avenue, 37th Floor
> New York, NY 10022
> abart@jenner.com
>
> Frank P. Scibilia
> Pryor Cashman LLP
> 7 Times Square
> New York, NY 10036
> fscibilia@pryorcashman.com

/s/ R. Terry Parker
_____

DM1\3419077.5