UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,                :
                                               :
                      *Plaintiffs*,       :   07 Civ. 9931 (WHP)
         v.                           :
                                               :
MP3TUNES, LLC and MICHAEL ROBERTSON,           :
                                               :
                      *Defendants.*       :
------------------------------------------------------------------x

**DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM PRESENTING ROBERTSON'S DEPOSITION DESIGNATIONS IN THEIR CASE-IN-CHIEF**

Defendant Michael Robertson ("Robertson"), by and through his undersigned counsel, submits this memorandum of law in support of his motion *in limine* to preclude Plaintiffs from presenting Robertson's deposition designations in their case-in-chief. Robertson should not testify twice in Plaintiffs' case, once by deposition and once as an adverse witness. That is a waste of jury time.

The parties finalized their draft of Proposed Joint Pretrial Order on August 30, 2013. In the Proposed Joint Pretrial Order, Robertson indicated that he will be testifying in person in his case-in-chief at trial. (*See* Proposed Joint Pretrial Order at 27 ("Michael Robertson (anticipated in person)")). Robertson fully intends to appear and testify at the upcoming trial. The Proposed Joint Pretrial Order also states that "Plaintiff[s] anticipate[] Michael Robertson … will testify at trial." (*Id*. at 29).

Despite their own acknowledgement that Robertson will testify live at trial, Plaintiffs submitted over 120 designations from Robertson's depositions. It is expected that reading or playing these deposition designations will take – and waste – significant time during trial.

Robertson objected to Plaintiffs' attempt to offer the designated excerpts from his

depositions because he will be testify live at trial.  (*See* Proposed Joint Pretrial Order at 30 ("Robertson objects to the offering of the designated excerpts from his deposition since he will be available to testify, and will testify, at trial")).  The Robertson deposition designations should be excluded pursuant to Fed. R. Evid. 403 ("FRE 403").

> I. **BECAUSE ROBERTSON WILL TESTIFY AT TRIAL DURING PLAINTIFFS' CASE-IN-CHIEF, THE COURT SHOULD EXCLUDE PLAINTIFFS' DESIGNATIONS OF HIS DEPOSITIONS PURSUANT TO FRE 403**

Under FRE 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of … undue delay, wasting time, or needlessly presenting cumulative evidence."  The rule authorizes the Court to exclude relevant evidence for "nothing more harmful than merely wasting time…"  FRE 403 Notes of Advisory Committee.  That description fits this situation like a glove.

A district court performing Rule 403 analysis "must balance the probative value of the evidence against the danger of unfair prejudice and confusion and considerations of undue delay."  *Morris v. Eversley*, 2004 WL 856301, at *2 (S.D.N.Y. Apr. 20, 2004) (Chin, J.).  The balancing in this case is straightforward and simple:  because Mr. Robertson will testify at trial – indeed, as an adverse witness during Plaintiffs' case-in-chief – precluding Plaintiffs from presenting his deposition designations sacrifices no probative evidentiary value and will save significant trial time.  This straightforward balancing – coupled with the "preference for live testimony [that] is well established in this Circuit," *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (citing *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, L., J.)) – compels the conclusion that Mr. Robertson's deposition designations should be excluded at trial as cumulative and time wasting.  Indeed, Judge Learned Hand long ago noted that depositions are only "second best, not to be used when the original is at

hand." *Napier*, 102 F.2d at 469.

In *Dhyne v. Meiners Thriftway, Inc.*, the Eighth Circuit upheld a district court's decision to preclude the plaintiff from reading defendant corporate officer's deposition testimony into evidence when the witness was available to testify at trial and the plaintiff declined to call him. 184 F.3d 983, 989-90 (8th Cir. 1999). The Eighth Circuit observed that:

> Many trial judges require that a deposed witness testify live, if available. The reason for the practice is clear:
>
>> Judge Learned Hand proclaimed the deposition to be "second best, not to be used when the original is at hand." If possible, it is always better if the jury can observe the witness firsthand to judge his or her demeanor.

*Id.* (quoting *Loinaz v. EG & G, Inc.*, 910 F.2d 1, 8 (1st Cir. 1990)).

Because Robertson will testify live as an adverse witness during Plaintiffs' case-in-chief, excluding his deposition designations risks no loss of relevant evidence. Indeed, the Eighth Circuit concluded that requiring live testimony at trial "cannot possibly cause unfair prejudice, because the party wishing to use deposition testimony can call the adverse witness live, impeach him with the deposition if necessary, and even question the witness using the exact same questions asked at the deposition." *Dhyne*, 184 F.3d at 990; *see Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006) ("district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial, and such exclusion is usually deemed harmless error"); *Jackson v. Chevron Chem. Co.*, 679 F.2d 463, 466 (5th Cir. 1982) (the deposition contained no information that the witness's "live testimony could not supply").[1]

---

[1] Federal courts considering this question in the context of non-party witnesses state the rule more bluntly: "except for impeachment purposes, a party cannot introduce deposition testimony of a witness who will be present and give live testimony at trial." *Truckstop.net, L.L.C. v. Sprint Communications Co., L.P.*, 2010 WL 1248254, at *1 (D. Idaho Mar. 23, 2010); *see Mazloum v.*

3

Presenting Robertson's deposition designations at trial would only lead to "undue delay," "wasting time," and "needlessly presenting cumulative evidence." FRE 403. For this reason and "in the interest of judicial efficiency," in *Williams v. Jackson* the court denied plaintiff's request to introduce defendants' depositions at trial during his case-in-chief. 2011 WL 867528, *2 (E.D. Ark. Mar. 14, 2011). The *Williams* court noted that defendants will be available to testify at trial, and plaintiff is permitted to call defendants as witnesses. *Id*. Other courts also disfavor duplicative testimony at trial. *See*, *e.g.*, *Rhead v. Mundy*, 2005 WL 5994165, at *14-15 (S.D. Cal. Oct. 21, 2005) (conditionally excluded preliminary hearing testimony as cumulative to deposition testimony, allowing only portions of the hearing testimony to augment testimony or impeach the witness); *Schmidt v. Duo-Fast Corp.*, 1996 WL 238555, at *2 (E.D. Pa. May 7, 1996) ("The court will not admit deposition testimony, even from the instant action, if it is unduly cumulative and will not add any information to that given in oral testimony by the deponent[ ] and otherwise developed at [trial]") (internal citation omitted).

While Federal Rule of Civil Procedure 32(a)(3) (formerly Rule 32(a)(2) until the 2007 amendment) permits the use of an adverse party's deposition at trial, "Fed. R. Civ. P. 32, like all other rules, does not operate in a vacuum, but instead is directly informed by Fed. R. Evid. 403 and 611(a), which confer clear authority upon District Courts in fashioning the presentation of evidence." *Chretien v. Home Depot U.S.A., Inc.*, 169 F.Supp.2d 670, 674 (S.D. Tex. 2001). Therefore, a party cannot use Rule 32(a)(3) to circumvent Rule 403's prohibition on cumulative and time-wasting evidence presentation. *See Williams*, 2011 WL 867528, *2 (denying plaintiff's request, "in the interest of judicial efficiency," to introduce designated portions of the

---

*District of Columbia Metropolitan Police Dep't*, 248 F.R.D. 725, 727 (D.D.C. 2008) ("a party cannot introduce the deposition testimony of a witness (other than for impeachment purposes) who will, in fact, be present and giving live testimony at trial") (citing *Niver v. Travelers Indemnity Co. of Illinois*, 430 F.Supp.2d 852, 866 (N.D. Iowa 2006)).

defendants' depositions at trial as testimony during his case-in-chief); *accord Brazos River Auth.*, 469 F.3d at 434 ("district courts are reluctant to allow the reading into evidence of the rule 30(b)(6) deposition if the witness is available to testify at trial"); *Dhyne*, 184 F.3d at 990 (upholding district court's exclusion of party deposition when plaintiff could have called the witness live); *Jackson*, 679 F.2d at 466 (deposition contained no information that the witness's "live testimony could not supply").

Because no relevant testimony could be lost by excluding Robertson's deposition designations, and because presenting the designations during trial would lead to "undue delay," "wasting time," and "needlessly presenting cumulative evidence," the Rule 403 balancing and the "preference for live testimony" favor excluding Robertson's deposition designations at trial.[2]

---

[2] If the Court denies this motion, Robertson respectfully requests leave to allow supplemental and designation-specific objections and to offer counter designations. Robertson made general objections to Plaintiffs' designations of his depositions in the Proposed Joint Pretrial Order. (Proposed Joint Pretrial Order at 30 ("Robertson objects to the offering of the designated excerpts from his deposition since he will be available to testify, and will testify, at trial"); *see* Proposed Joint Pretrial Order, Ex. A at 31-40). In addition, Robertson also objected to these designations under FRE 403. (*Id.*). It was anticipated that the resolution of this motion *in limine* would render cite-specific objections and counter designations moot.

## **CONCLUSION**

For all the foregoing reasons, the Court should grant Robertson's motion *in limine* to preclude Plaintiffs from introducing designations of Robertson's depositions.

Dated: New York, New York  
       September 18, 2013

Respectfully Submitted,

AKERMAN SENTERFITT LLP

By: */s/ Ira S. Sacks*  
    Ira S. Sacks  
    Mark S. Lafayette  
    Vincent Y. Liu  
    Jamie B. Robbins  
    666 Fifth Avenue, 20th floor  
    New York, New York 10103  
    Telephone: (212) 880-3800  
    Facsimile:  (212) 880-8965

*Counsel for Defendant Michael Robertson*