UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,         :
                                        :
                 *Plaintiffs*,   :   07 Civ. 9931 (WHP)
        v.                    :
                                        :
MP3TUNES, LLC and MICHAEL ROBERTSON,    :
                                        :
                 *Defendants.*   :
-----------------------------------------------------------------x

**DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO OVERRULE PLAINTIFFS' FED. R. EVID. 901 AND RELATED OBJECTIONS TO CERTAIN OF ROBERTSON TRIAL EXHIBITS**

Defendant Michael Robertson ("Robertson"), by and through his undersigned counsel, respectfully submit this memorandum of law in support of his motion *in limine* to overrule Plaintiffs' Federal Rule of Evidence 901 (and related) objections to certain of Robertson's trial exhibits. These trial exhibits fall into two categories: (1) the screenshot or printout of website pages (the "Screenshots"); and (2) documents produced by third parties (the "Third Party Documents").

In the Proposed Joint Pretrial Order, dated August 30, 2013, Robertson designated trial exhibits in both categories and Plaintiffs made authenticity objections to a significant number of them. Many, if not most, of these objections are gamesmanship and Robertson respectfully requests that the Court overrule these objections. Moreover, with respect to category (2) above, Robertson respectfully requests leave to conduct a limited number of very brief *de bene esse* depositions to address questions of authenticity and admissibility.

    **I.**    **The Authenticity Requirement Under The Federal Rules Of Evidence Is Not "Particularly High"**

Under Rule 901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is

1

what the proponent claims it is." This hurdle is not "particularly high." *United States v. Tin Yat Chin*, 371 F.3d 31, 37 (2d Cir. 2004) (internal quotation marks omitted); *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) (describing the standard for authentication as "minimal") (internal quotation marks omitted).

To clear that low hurdle, "[t]he proponent need not rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Gagliardi*, 506 F.3d at 151 (internal quotation marks omitted). Instead, the proponent simply must demonstrate that "a reasonable juror **could** find in favor of authenticity." *Id*. (emphasis added); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 n.6 (9th Cir. 2002) ("Once the trial judge determines that there is *prima facie* evidence of genuineness, the evidence is admitted, and the trier of fact makes its own determination of the evidence's authenticity and weight.") (citation omitted).

Rule 902(b) provides 10 "Examples" of how to authenticate evidence. These are "examples only – not a complete list – of evidence that satisfies the requirement" of authenticity. *Id*.

## II.  Plaintiffs' Authenticity Objections To The Screenshots Should Be Overruled

The Screenshots fall broadly into two groups: (1) screenshots or printouts of websites downloaded by Robertson or the undersigned counsel; and (2) screenshots or printouts of websites downloaded by Robertson's former counsel used in connection with depositions. Group 1 of the Screenshots to which Plaintiffs made authenticity objections include DX 2205 through 2227, DX 2229, DX 2232 through 2277, and DX 2279 through 2281.

More than sufficient evidence exists "[t]o satisfy the requirement of authenticating or identifying" group 1 of the Screenshots. Fed. R. Evid. 901(a). This group of the Screenshots were prepared by either taking a screenshot or printing out the current contents of websites,

or using the "Internet Archive" (also called the "Wayback Machine") to retrieve the contents of websites stored at some time in the past.[1]

*Lorraine v. Markel Am. Ins. Co.* discussed extensively issues relating to authenticating electronically stored information, including "the content of websites." 241 F.R.D. 534 (D. Md. 2007). First, Rule 901(b)(1) ("Testimony of a Witness with Knowledge") "permits authentication by: '[t]estimony that a matter is what it is claimed to be.'" *Id*. at 545. In addition, Rule 901(b)(4) "permits exhibits to be authenticated or identified by '[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.'" *Id*. at 546 (quoting Rule 901(b)(4)). "Use of this rule often is characterized as authentication solely by 'circumstantial evidence.'" *Id*. (quoting Weinstein at § 901.03[8]); *see Lebewohl v. Heart Attack Grill LLC*, 890 F.Supp.2d 278, 298 (S.D.N.Y. 2012), *reconsideration denied*, 2012 WL 3839379 (S.D.N.Y. Sept. 5, 2012) ("circumstantial evidence may establish authenticity" and "[s]uch evidence can include a document's appearance and content") (citing *John Paul Mitchell Sys. v. Quality King Distribs. Inc.*, 106 F.Supp.2d 462, 472 (S.D.N.Y. 2000)).

In *Lebewohl*, plaintiffs relied upon an Internet "message-board post" from website Chowhound.com and a "Korean Airlines newsletter" as evidence. 890 F.Supp.2d at 297. Defendants objected to the evidence's authenticity, arguing that plaintiffs' counsel "merely downloaded them from the Internet with no authentication from a business-records custodian." *Id*. The court admitted both exhibits, noting that these exhibits "were submitted as attachments to a declaration by [plaintiffs'] attorney" who "has represented that he downloaded the

---

[1] *Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey*, 497 F. Supp. 2d 627, 631 (E.D. Pa. 2007) contains a complete and thorough explanation as to how the Internet Archive works. *See Keystone Retaining Wall Sys., Inc. v. Basalite Concrete Products, LLC*, 2011 WL 6436210, at *9 n.9 (D. Minn. Dec. 19, 2011) ("The Internet Archive has existed since 1996, and federal courts have regularly accepted evidence from the Internet Archive.").

Chowhound and Korean Airlines exhibits from the Internet websites of those entities." *Id*. at 298-99.  Moreover, each exhibit "has sufficient indicia of authenticity", such as "an Internet domain address" and "a printout date." *Id*. at 299.  The exhibits are thus properly authenticated for admission.  *See Foreword Magazine, Inc. v. OverDrive Inc.*, 2011 WL 5169384, at *3-4 (W.D. Mich. Oct. 31, 2011) (admitting numerous screenshots, "[s]ome of the exhibits represent current content of websites, while others represent information retrieved from an Internet archive database", upon affidavits of attorneys and "other indicia of reliability (such as the Internet domain address and the date of printout)").

Submitted along with this motion *in limine* are declarations by Michael Robertson, his attorneys (Mark S. Lafayette and Jamie B. Robbins), and the attorneys' employee (Nelle J. Baysden).  These declarations state that these individuals visited the relevant websites in question and prepared the screenshots or the printouts.  Other "indicia of reliability" such as the domain address and timestamp, are also included on the screenshots.  A few examples, DX 2211, DX 2242, and DX 2265, are attached as Exhibits EA, EB, and EC to the Declaration of Ira S. Sacks, dated September 18, 2013 ("Sacks Dec.").

The relevant declarations and "other indicia of reliability (such as the Internet domain address and the date of printout) are sufficient to authenticate these exhibits…" *Foreword Magazine, Inc.*, 2011 WL 5169384, at *3.  Given that the hurdle is not "particularly high" *Tin Yat Chin*, 371 F.3d at 37, Plaintiffs' authenticity objections are plainly inappropriate.

Authenticity objections in connection with group 2 of the Screenshots are similarly misplaced.[2]  First, Robertson disclosed that most of the group 2 Screenshots were exhibits used

---

[2] Group 2 of the Screenshots to which Plaintiffs made authenticity objections are DX 1587 through 1593, DX 1595, DX 1596, DX 1614 through 1619, DX 1622 through 1626, DX 1631, DX 1633, DX 1636, DX 1637, DX 1640, DX 1669, DX 1670, DX 1673, and DX 1674.

in depositions. (*See* Proposed Joint Pretrial Order, Ex. D). Authenticating testimony for many of group 2 Screenshots can be found in the corresponding deposition transcripts. For example, DX 1588 (Sacks Dec. Ex. ED) is a screenshot from the website http://www.theinsoundfromwayout.com. It was also used as Exhibit 3 to deposition of Cory Ondrejka. Mr. Ondrejka provided the authenticating testimony for this exhibit:



(Sacks Dec., Ex. EE (Ondrejka Dep.), 117:19-118:8).

The table below shows the pages of depositions where other authenticating testimony can be found for some other group 2 Screenshots:

| Ex. | Deposition |
|---|---|
| DX 1588 | Ondrejka, pp. 117-18 |
| DX 1593 | Ondrejka, p. 134 |
| DX 1619 | Schwartz, pp. 180-81 |
| DX 1622 | Schmitt, p. 74 |
| DX 1669 | Carmony, pp. 84-85 |

| Ex. | Deposition |
|---|---|
| DX 1670 | Carmony, p. 109 |
| DX 1673 | Dawson, p. 260 |
| DX 1674 | Dawson, pp. 262-63 |

Group 2 screenshots also include other "indicia of reliability", such as internet domain names and timestamp, (*see*, *e.g.*, Sacks Dec., Ex. EF (DX 1616)), and distinctive corporate logo, timestamp, and then then-current programming (*id.*, Ex. EG (DX 1595) (MTV). With these, "a reasonable juror could find in favor of authenticity." *Gagliardi*, 506 F.3d at 151.

Ultimately, the critical inquiry for the authentication of the Screenshots boils down to whether Plaintiffs have legitimate questions over the claim that these documents represent the screenshot or printout of the named websites. They do not.

**III.   The Court Should Overrule Plaintiffs' Authenticity Objections To The Third Party Documents Because They Are Gamesmanship; Alternatively, Robertson Requests Leave To Conduct Short *De Bene Esse* Depositions To Authenticate And Admit The Relevant Evidence**

As a part of discovery, Plaintiffs served subpoenas on a number of third parties, including MTV, Hopeless Records, Inc., SXSW, Inc., and AOL Inc. In response to these subpoenas, third parties produced a number of documents, including emails. Examples of these Third Party Documents to which Plaintiffs asserted authenticity objections include DX 1562 through 1566, DX 1820 through 1833, DX 1835 through 1913, DX 1915 through 1923, DX 1925 through 1935, and DX 1937 through 1978. The Court should overrule these objections because no good faith basis exists to argue that these documents are not what they claim to be – productions from third parties in response to subpoenas.

Declarations previously filed in this case have already authenticated a subset of the Third Party Documents. DX 1567 and DX 1569 were exhibits 1 and 3 to the Declaration of Michael Robertson in Support of Motions for Reconsideration and for Summary Judgment, dated November 11, 2012. These exhibits have been properly authenticated pursuant to Rule 901(b)(1).

Indeed, Plaintiffs even made authenticity objections to emails their own employees or associates exchanged with each other or with third parties. These include emails (1) between Devin Krug, Director of Interactive Marketing at Astralwerks (an EMI entity), and Prefix Magazine, (Sacks Dec., Ex. EH (DX 1945)); (2) between Nick Clift, Senior Project Manager at Astralwerks / Caroline Records and Toolshed, (*id*., Ex. EI (DX 1971)); (3) between Stephanie

6

Trick, an employee of Mute Records (an EMI entity) and Prefix Magazine (*id.*, Ex. EJ (DX 1966)); and (4) between Jeff Rougvie and Sarah Wefald, both employees of Caroline Records, and other third parties such as Toolshed. (*Id.*, Ex. EK (DX 1972)). Plaintiffs' objections to the authenticity of their own emails are the badge of bad faith.

However, if the Court denies this aspect of this motion, Robertson respectfully requests leave to conduct a limited number of *de bene esse* depositions to address questions of authenticity and admissibility. Robertson expects each such deposition to be very short due to their limited scope.

"The cases in this District addressing the issue of whether *de bene esse* depositions are subject to discovery scheduling orders are in conflict." *Morales v. New York Dep't of Labor*, 2012 WL 2571292, at *2 (N.D.N.Y. July 3, 2012) (citing *Kingsway Fin. Serv., Inc. v. Pricewaterhouse–Coopers LLP*, 2008 WL 5423316, at *2 (S.D.N.Y. 2008)). "'[T]he majority of courts considering this issue have made what can only be described as a federal common law distinction between 'discovery depositions' and 'trial depositions'… and have held the latter category permissible even after the discovery deadline has passed.'" *Kingsway Fin. Serv., Inc.*, 2008 WL 5423316, at *2 (quoting *RLS Assocs, LLC v. United Bank of Kuwait PLC*, 2005 WL 578917 at *6 (S.D.N.Y. Mar. 11, 2005)). "Given this conflict within the District, it seems inappropriate to penalize a practitioner for being unable to guess correctly how a particular judicial officer would decide the issue." *Id*. As a result, the court was "inclined to permit [parties] to conduct *de bene esse* depositions after the discovery deadline and without regard to [total deposition time limit]." *Id*.

"'When a party opposes a trial deposition scheduled after the close of discovery … [t]he court should consider a variety of factors,'" but "[s]pecial emphasis should be placed on the

7

potential for prejudice." *Morales*, 2012 WL 2571292, at *2 (quoting *Estate of Gee ex rel. Beeman v. Bloomington Hosp. and Health Care Sys., Inc.*, 2012 WL 729269, at *6-7 (S.D. Ind. 2012) (citation omitted)). Plaintiffs would suffer no prejudice if the Court allows Robertson to take a limited number of short *de bene esse* depositions to address authenticity and admissibility. Indeed, prejudice, if any at all, would be self-inflicted – by making authenticity objections that are an exercise in gamesmanship, Plaintiffs are forcing this pointless exercise in formality.

## CONCLUSION

For all the foregoing reasons, the Court should grant Robertson's motion *in limine* to overrule Plaintiffs' authenticity objections over the Screenshots and Third Party Documents. In the alternative, Robertson respectfully request leave to conduct a number of *de bene esse* depositions to address any legitimate questions of authenticity and admissibility.

Dated: New York, New York
September 18, 2013

Respectfully Submitted,

AKERMAN SENTERFITT LLP

By: */s/ Ira S. Sacks*
Ira S. Sacks
Mark S. Lafayette
Vincent Y. Liu
Jamie B. Robbins
666 Fifth Avenue, 20th floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Counsel for Defendant Michael Robertson*