UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,                :
                                                                              :
                      *Plaintiffs*,            :      07 Civ. 9931 (WHP)
      v.                                                              :
                                                                              :
MP3TUNES, LLC and MICHAEL ROBERTSON,    :
                                                                              :
                      *Defendants.*           :
------------------------------------------------------------------x

### DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO ESTABLISH CERTAIN FACTS FOR TRIAL

Pursuant to Federal Rule of Civil Procedure 56(g), Defendant Michael Robertson ("Robertson"), by and through his undersigned counsel, submits this memorandum of law in support of his motion *in limine* to establish for trial certain facts set forth in Robertson's Proposed Established Facts (the "PEF"), and to preclude Plaintiffs from introducing evidence during trial to dispute these facts. (The PEF is attached as Exhibit DA to the Declaration of Ira S. Sacks, dated September 18, 2013). This relief is required to avoid the waste of jury time at trial re-litigating issues that have already been determined or admitted to be undisputed.

The PEF sets forth undisputed facts from two sources: (1) facts this Court found in its October 25, 2011 Amended Memorandum and Order resolving the parties' motions for summary judgment. *Capitol Records, Inc. v. MP3tunes, LLC*, 821 F.Supp.2d 627 (S.D.N.Y. 2011) (the "Summary Judgment Opinion");[1] and (2) facts proffered in Robertson's Rule 56.1 statements which were undisputed by Plaintiffs. The PEF sets forth each established fact, along with

---

[1] These factual findings are unaffected by the Court's May 14, 2013 Memorandum and Order resolving the parties' motions for reconsideration. *Capitol Records, Inc. v. MP3tunes, LLC*, 2013 WL 1987225 (S.D.N.Y. May 14, 2013) (the "Reconsideration Opinion"). The Reconsideration Opinion did not disturb the facts in the PEF found to be undisputed in the Summary Judgment Opinion, but merely reexamined the context and implications of these facts in light of *Viacom International, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012).

supporting citations.[2]

Because the purpose of summary judgment is to avoid "unnecessary trials on insufficient claims or defenses" and to serve "as an effective case management device to identify and narrow issues," William W. Schwarzer, Alan Hirsch, David J. Barrans, Federal Judicial Center, *The Analysis and Decision of Summary Judgment Motions*, 8 (1991), this Court has the authority to resolve some factual matters under Rule 56(g).  *See* Fed. R. Civ. P. 56(g) (the court "may enter an order stating any material fact … that is not genuinely in dispute and treating the fact as established in the case").

Each of the facts in the PEF is a discrete and uncontroverted factual statement.  In this case, establishing the facts in the PEF is particularly appropriate as the Court previously noted that "given the zealous advocacy throughout this litigation, this Court doubts that [Plaintiffs] held back evidence on its motion for summary judgment."  Reconsideration Opinion, 2013 WL 1987225, at *5.

As this Court is aware, on October 29, 2010, parties cross moved for summary judgment. (*See* Docket Nos. 183, 186.)  Defendants' summary judgment motion sought the dismissal of all of Plaintiffs' claims because, among other reasons, the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA") immunized defendants' alleged copyright infringement liability.  Plaintiffs sought summary judgment as to MP3Tunes' liability for direct and contributory copyright infringement.  On October 25, 2011, the Court issued the Summary Judgment Opinion granting in part and denying in part both motions.  *See* Summary Judgment Opinion, 821 F.Supp.2d at 650-51.

---

[2] Factual statements 24 through 34 in the PEF are facts beyond legitimate dispute.  These are the only facts not based on the Summary Judgment Opinion or the parties' Rule 56.1 Statements.

After the Second Circuit issued *Viacom International, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012), Plaintiffs and Robertson moved for reconsideration of the Summary Judgment Opinion on November 12, 2012. (*See* Docket Nos. 333, 334, 341.) On May 14, 2013, the Court issued the Reconsideration Opinion, partially modifying the Summary Judgment Opinion. *See* Reconsideration Opinion, 2013 WL 1987225, at *12. The Reconsideration Opinion did not disturb the facts found in the Summary Judgment Opinion. Instead, it reexamined the context and implications of these facts in light of *Viacom*.

The facts in the PEF, if treated as established, would narrow the issues for trial by removing undisputed – and undisputable – facts from the jury. For example:

- MP3tunes executives, "[l]ike their users, [] do not post content to the internet and cannot be certain whether content on third-party sites actually infringes. For example, MP3tunes employee e-mails reveal discussions about the legitimacy of some third-party sites and, on at least one occasion, a recommendation that a site be removed from Sideload.com. But ultimately there is no evidence that MP3tunes executives or employees had firsthand knowledge that websites linked on Sideload.com were unauthorized." Summary Judgment Opinion, 821 F.Supp.2d at 638; PEF ¶ 3.

- "[A]s part of its innovative marketing, EMI itself regularly distributes works on the internet for free. Because of these activities, EMI's executives concede that internet users, including MP3tunes' users and executives, have no way of knowing for sure whether free songs on the internet are unauthorized." *Id*. at 644; PEF ¶ 15.

Such facts, found by this Court to be undisputed on summary judgment, should not be the subject of wasteful relitigation.

**I.    ALL FACTS IN THE PEF SHOULD BE TREATED AS ESTABLISHED FOR TRIAL**

The purpose of summary judgment is to avoid "unnecessary trials on insufficient claims or defenses" and to serve "as an effective case management device to identify and narrow issues." William W. Schwarzer, Alan Hirsch, David J. Barrans, Federal Judicial Center, *The Analysis and Decision of Summary Judgment Motions*, 8 (1991).

3

A court has the option of resolving some factual matters on summary judgment while leaving others for trial. *The Analysis and Decision of Summary Judgment Motions*, 8. Rule 56(g) empowers the Court to make factual findings during the summary judgment stage: "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact … that is not genuinely in dispute and treating the fact as established in the case." Consistent with Rule 56(g), a litigant may file a motion for summary judgment in an effort to secure factual findings which narrow the scope of discovery and trial. *New Generation Produce Corp. v. N.Y. Supermarket, Inc.*, 2013 WL 2382970, at *2 (E.D.N.Y. May 15, 2013) (even if the court does not grant summary judgment coextensive with the relief sought by the moving party, the court may specify those facts that cannot be controverted even if material question of fact remains as to a particular claim).

In this case, the Court made a number of significant findings of undisputed fact in the Summary Judgment Opinion. Moreover, Plaintiffs have conceded that certain facts were undisputed in their Rule 56.1 statements. These findings (or admissions) of undisputed fact effectively identified and narrowed the issues for trial. *See Lahoti v. Vericheck, Inc.*, 586 F.3d 1190, 1202 n.9 (9th Cir. 2009) (district court properly granted partial summary judgment on the issue of defendant's bad faith and reserved the issue of distinctiveness for trial pursuant to Rule 56(d), the predecessor to 56(g)); *Roller v. Hilderbrand*, 2013 WL 1149930, at *9-10 (D. Conn. Mar. 19, 2013) ("While the Court only grants Defendants' motion in part, it exercises its prerogative under Federal Rule of Civil Procedure 56(g) to narrow the issues for trial").

Here, consistent with Rule 56(g), the facts found in the Summary Judgment Opinion are not genuinely in dispute and should not be contested at trial. *See Ramirez v. Las Vegas Metropolitan Police Dep't*, 2012 U.S. Dist. LEXIS 31604, at *1-3, *8-10 (D. Nev. Mar. 9, 2012)

(granting (i) defendants' motion *in limine* pursuant to Rule 56(g) to establish material facts at trial based on the court's summary judgment order, and (ii) defendants' motion *in limine* to preclude expert testimony on issues already disposed of at summary judgment); *Galen v. Avenue of the Stars Associates, LLC*, 2011 WL 837785, at *3-5 (C.D. Cal. Mar. 2, 2011) (granting motions *in limine* to exclude evidence and testimony at trial pursuant to Rule 56(g) where factual and legal issues had already been decided in a prior court order).

While most of the facts in the PEF were derived directly from the Summary Judgment Opinion, certain others were taken from parties' Rule 56.1 statements. Pursuant to Local Rule 56.1, a party moving for summary judgment must provide a statement, in numbered paragraphs, of the material facts as to which the movant contends there is no genuine issue to be tried. S.D.N.Y. Local Rule 56.1. The opposing party must submit a response with correspondingly numbered paragraphs addressing each fact as to which the movant contended there was no genuine issue to be tried. *Id*. Plaintiffs have conceded that some of the facts in Defendants' Rule 56.1 statements were undisputed, and these facts should also be treated as established.

Establishing the facts in the PEF is particularly appropriate in this case because "given the zealous advocacy throughout this litigation, this Court doubts that [Plaintiffs] held back evidence on its motion for summary judgment." Reconsideration Opinion, 2013 WL 1987225, at *5. This alleviates any concern that Plaintiffs need to present additional evidence at trial. Plaintiffs had a full and fair opportunity at the summary judgment stage to contest these facts if they were contestable. Plaintiffs should not be given another chance at trial.

## **CONCLUSION**

For all the foregoing reasons, the Court should grant Robertson's motion *in limine* to establish for trial the facts set forth in the PEF and to preclude Plaintiffs from introducing evidence to dispute these facts during trial.

Dated: New York, New York  
September 18, 2013

Respectfully Submitted,

AKERMAN SENTERFITT LLP

By: */s/ Ira S. Sacks*  
Ira S. Sacks  
Mark S. Lafayette  
Vincent Y. Liu  
Jamie B. Robbins  
666 Fifth Avenue, 20th floor  
New York, New York 10103  
Telephone: (212) 880-3800  
Facsimile:  (212) 880-8965

*Counsel for Defendant Michael Robertson*