UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,              :
                                             :
                *Plaintiffs*,        :       07 Civ. 9931 (WHP)
       v.                               :
                                             :
MP3TUNES, LLC and MICHAEL ROBERTSON,          :
                                             :
                *Defendants.*        :
------------------------------------------------------------------x

## DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM PREVIOUSLY UNDISCLOSED WITNESSES AND DEPOSITION DESIGNATIONS OF MARK PIIBE

Defendant Michael Robertson ("Robertson"), by and through his undersigned counsel, submits this memorandum of law in support of his motion *in limine* to preclude Plaintiffs from presenting at trial (1) testimony from two previously undisclosed witnesses; and (2) excerpts from the deposition of Mark Piibe.

Plaintiffs intend to call two witnesses who were never mentioned in their Initial Disclosures under Federal Rule of Civil Procedure 26(a)(1), nor at any time prior to the close of discovery. The first time Robertson heard of these undisclosed witnesses, Pat Shah and Dominic Pandiscia (the "Undisclosed Witnesses"), was from the Proposed Joint Pretrial Order, where Plaintiffs listed them as witnesses to be offered in their case-in-chief.

Plaintiffs cannot justify their failure to alert Robertson of these potential trial witnesses. Plaintiffs were required to supplement their Initial Disclosure "in a timely manner" if they learned of additional individuals with relevant information. Fed. R. Civ. P. 26(e)(1). But despite

having acknowledged their duty to supplement,[1] Plaintiffs never amended their Initial Disclosures to reveal their intention to call the Undisclosed Witnesses at trial.

Moreover, on December 29, 2008, MP3tunes served on Plaintiffs its first set of interrogatories. Interrogatory number 3 sought the "full name and address of all past and present employees of the EMI Parties" who "have knowledge of or involvement in the distribution of EMI-Copyrighted Songs on any Music Site…" After "expressly reserv[ing] the right to modify and supplement their responses and objections should they discover additional information responsive to these Interrogatories prior to the trial in this action," and after actually amending their initial responses, the EMI Labels[2] provided a list of "senior marketing and management employees who have any information related to the distribution of free downloads of the EMI Labels' recordings on Music Sites." (*See* EMI Labels' Amended Responses to MP3tunes, LLC's Interrogatories, dated July 9, 2009, attached as Exhibit FB to the Declaration of Ira S. Sacks dated September 18, 2013 ("Sacks Dec."), at 3, 5).

EMI Labels identified Mark Piibe, "Global Head of Digital Business Development, EMI Music North America" in response to Interrogatory 3. Neither of the Undisclosed Witnesses, however, was among EMI Labels' responses. (*See* Sacks Dec., Ex. FB at 5). The revelation of the Undisclosed Witnesses in the Proposed Joint Pretrial Order, therefore, was a complete surprise to Robertson.

---

[1] *See* Initial Disclosures of EMI Music Labels, dated March 20, 2009 at 1 ("EMI Music Labels reserve the right to supplement these disclosures as appropriate"); Initial Disclosure of EMI Publishing Plaintiffs, dated March 30, 2009 at 2 ("The EMI Publishing Plaintiffs reserve their rights to modify or supplement the disclosures"). Both disclosures are attached as Exhibit FA to Declaration of Ira S. Sacks dated September 18, 2013.

[2] "EMI Labels" included Plaintiffs Capitol Records, LLC, Caroline Records, Inc., EMI Christian Music Group, Inc., Priority Records LLC, and Virgin Records America, Inc.

Plaintiffs also revealed that they plan to present Mark Piibe's testimony either "in person or by designated deposition testimony." (Proposed Joint Pretrial Order at 27.) EMI Labels' response to MP3tunes' interrogatories stated that Mr. Piibe was an executive of EMI Music North America. According to an article entitled "Sony Music Entertainment Names Two EVPs" dated January 15, 2013, Mr. Piibe was named Sony Music Entertainment's Executive Vice President/Global Business Development and Digital Strategy earlier this year. (*See* Sacks Dec., Ex. FC). The article also quoted Sony Music Entertainment's President as stating that Mr. Piibe "is based in NEW YORK and reports to me." (*Id.*). Mr. Piibe thus works – and presumably lives – in the New York City area.

Plaintiffs' counsel previously indicated that the testimony of the Undisclosed Witnesses will substitute that of Mr. Piibe since Mr. Piibe is no longer employed by Plaintiffs. Because Mr. Piibe is subject to this Court's subpoena power, Plaintiffs should not be permitted to rely on either the Undisclosed Witnesses or Mr. Piibe's deposition testimony in lieu of his live testimony at trial.

## I. PLAINTIFFS SHOULD BE PRECLUDED FROM OFFERING THE TESTIMONY OF THE UNDISCLOSED WITNESSES

Federal Rule of Civil Procedure 37 provides in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

"This ***automatic sanction*** provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion...." Fed. R. Civ. P. 37 Notes of Advisory Committee on Rules – 1993 Amendment (emphasis added). "The burden to prove substantial justification or harmlessness rests with the

3

dilatory party." *Schiller v. City of New York*, 2008 WL 4525341, at *3 (S.D.N.Y. Oct. 9, 2008) (citing *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002)). The imposition of sanctions under Rule 37(c)(1), including the preclusion of evidence, does not require a showing of the offending party's bad faith. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) ("Since Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule.").

Courts in the Second Circuit consider four factors in deciding to preclude testimony from witnesses not identified in the Initial Disclosures: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Communs.*, 118 F.3d 955, 961 (2d Cir. 1997).

*First*, Plaintiffs cannot provide an adequate explanation for their failure to disclose the Undisclosed Witnesses. Mr. Shah's LinkedIn profile shows that he has been EMI Music's Vice President of Digital Business Development since August 2010. (*See* Sacks Dec., Ex., FD). Mr. Pandiscia has been the President of Caroline Records since February 2013, but his employment with various EMI entities dates back to July 1989. (*See* Sacks Dec., Ex. FE). Neither of the Undisclosed Witnesses is a new employee who could not have been identified or disclosed.

Moreover, even crediting Plaintiffs' explanation that the Undisclosed Witnesses are meant to be substitute witnesses to Mr. Piibe – an explanation that fails for independent reasons, *see* Section II below – Mr. Piibe's departure from EMI should have been evident as early as January of this year. (*See* Sacks Dec., Ex. FC). Plaintiffs have no excuse waiting an additional seven months to reveal the Undisclosed Witnesses at the eve of trial. *Emmpresa Cubana Del*

*Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 160 (S.D.N.Y. 2003) (excluding late-disclosed witnesses because the reasons for calling them "should have been startlingly clear after the issuance of the June 2002 summary judgment opinion, and there is no logical explanation for why [defendant] took an additional six and seven months, respectively, to identify them as such").

<u>Second</u>, "the importance of the testimony of the precluded witness" is concededly lacking. *Softel*, 118 F.3d at 961. Plaintiffs' counsel indicated that the testimony of the Undisclosed Witnesses will substitute that of Mr. Piibe. As explained in Section II below, because Mr. Piibe is subject to the Court's subpoena power and is available to attend trial to give live testimony, the Undisclosed Witnesses' testimony is unnecessary and would only be cumulative to that of Mr. Piibe, an independent reason to preclude their testimony. *See* Fed. R. Evid. 403.

<u>Third</u>, Robertson would undoubtedly suffer prejudice "as a result of having to prepare to meet the new testimony" of the Undisclosed Witnesses. *Softel*, 118 F.3d at 961. By waiting until the eve of trial to disclose new witnesses, Plaintiffs effectively deprived Robertson of the "fair warning of the need to take discovery from them." *Pal v. New York Univ.*, 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008).

But the prejudice "is not limited to the fact that the parties would have to squeeze in two depositions in the two-month period before trial." *Emmpresa Cubana*, 213 F.R.D. at 159. Had Plaintiffs included the Undisclosed Witnesses in their Initial Disclosures, Robertson would have been able to tailor his discovery strategy, including document requests, meet-and-confer discussions, and document production strategies. Even if the Court permits the depositions of the Undisclosed Witnesses, their testimony may reveal additional discovery leads that, in turn,

require further motion practice before Robertson may pursue them.  Irrespective of whether Robertson can depose the Undisclosed Witnesses at the eleventh hour, the depositions do not mitigate the prejudice he faces due to his inability to investigate more fully the Undisclosed Witnesses' knowledge of the facts of this case, to verify their testimony with documentary evidence, and to follow up on any findings through meaningful pre- and post-deposition discovery.[3]

*Fourth*, the Court should not grant a continuance.  "Discovery in this action … closed in January 2010."  *Capitol Records, Inc. v. MP3tunes, LLC*, 2013 WL 1987225, at *8 (S.D.N.Y. May 14, 2013).  It is now more than three years since the close of discovery and trial should not be further delayed.

At this juncture, allowing the Undisclosed Witnesses to testify would unfairly prejudice Robertson due to his resulting inability to have completed, analyzed and followed up on this discovery during the discovery period, instead of during the final stretch of trial preparation.  The Court should thus follow the "automatic sanction" Rule 37 provides:  exclude the Undisclosed Witnesses and retain the existing trial schedule.

## II. PLAINTIFFS SHOULD BE PRECLUDED FROM PRESENTING DEPOSITION TESTIMONY OF MARK PIIBE WHEN HE IS AVAILABLE TO TESTIFY LIVE AT TRIAL

Mr. Piibe is not a party witnesses and Plaintiffs are not an "adverse party" to Mr. Piibe. (*See* Sacks Dec., Ex. FC).  Thus his deposition may be used only if he is an "Unavailable Witness" under Federal Rule of Civil Procedure 32:

> A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

---

[3] If Plaintiffs argue that no additional discovery is necessary because the Undisclosed Witnesses are merely to repeat Mr. Piibe's testimony, then the complete absence of any "importance of the testimony of the precluded witness" should be the dispositive consideration and the Court should preclude the Undisclosed Witnesses on that ground alone.

> (A) that the witness is dead;
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;
>
> (D) that the party offering the deposition could not procure the witness's attendance by subpoena; or
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4).

Subsections (A), (B), (C), or (E) do not apply. Plaintiffs must rely on subjection (D). "'The burden of showing the witness's unavailability … rests with the party seeking to introduce the deposition.'" *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560, 561 (N.D. Ala. 2009) (quoting *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987)). Moreover, "[t]he preference for live testimony is well established in this Circuit." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (citing *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, L., J.)).

Because Mr. Piibe works – and presumably lives – in the New York City area, he is within the geographic limit of this Court's subpoenaing power and can be subpoenaed to attend trial. *See* Fed. R. Civ. P. 45 (100 miles from the place specified for trial). Therefore, Mr. Piibe is available under Rule 32. *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 16, 18 (D. Conn. 1977) (prohibiting "deposition use at trial if the witness can be readily shown, without significant dispute, to be at a location within 100 miles of the courthouse when the deposition is offered, or at a time during the proponent's case when a trial subpoena could have been served"); *accord*

7

*Kitzmiller v. Dover Area Sch. Dist.*, 2005 WL 4147867, at *7 (M.D. Pa. Sept. 22, 2005) ("We hold that all of the Declarants at issue in Defendants' Application are 'available' under Fed. R. Evid. 804 as they are all within the subpoena powers of the Court because they either live in the Middle District of Pennsylvania or are within 100 miles of the place of trial"); *United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 384 n.14 (S.D.N.Y. 1981) ("The unavailability criteria of Rule 804 are generally the same as the criteria for deposition use under Rule 32(a)(3)… However, the two rules differ in several respects. Rule 32(a)(3) additionally permits deposition use when a deponent is beyond 100 miles from the courthouse … whereas Rule 804 defines additional criteria of unavailability on the basis of privilege, refusal to testify, and lack of memory").[4]

## **CONCLUSION**

For all the foregoing reasons, the Court should grant Robertson's motion *in limine* to preclude Plaintiffs from presenting at trial the testimony from the Undisclosed Witnesses and the excerpts from the deposition of Mark Piibe.

Dated: New York, New York
       September 18, 2013

Respectfully Submitted,

AKERMAN SENTERFITT LLP

By: */s/ Ira S. Sacks*
    Ira S. Sacks
    Mark S. Lafayette
    Vincent Y. Liu

---

[4] Because Plaintiffs cannot demonstrate Mr. Piibe's unavailability, they similarly cannot benefit from the former testimony exception to the hearsay rules. *See* Fed. R. Evid. 804(a)(5)(A) (witness "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" his attendance); 804(b) (former testimony exception applies only "if the declarant is unavailable"); *Kitzmiller*, 2005 WL 4147867, at *7 (witnesses "are 'available' under Fed. R. Evid. 804 as they are all within the subpoena powers of the Court"). Therefore, Mr. Piibe's deposition testimony must also be excluded as inadmissible hearsay. Fed. R. Evid. 802; *see Kitzmiller*, 2005 WL 4147867, at *7 (deposition testimony of witness within the court's subpoena power held as inadmissible hearsay).

Jamie B. Robbins
666 Fifth Avenue, 20th floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Counsel for Defendant Michael Robertson*