UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MP3TUNES LLC and Michael Robertson, <br><br> *Defendants.* | No. 07 Civ. 9931 (WHP) (FM) <br><br> **ECF CASE** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE ROBERTSON FROM CHALLENGING OWNERSHIP OF
PLAINTIFFS' WORKS CREATED AS WORKS FOR HIRE**

Plaintiffs respectfully submit this memorandum of law in support of their motion *in limine* to preclude Defendant Michael Robertson from challenging Plaintiffs' ownership of any works in suit registered with the Copyright Office as works for hire on the speculative argument that they were not actually created as works for hire. There are two categories of works for which Plaintiffs are seeking damages at trial: those works for which Plaintiffs' ownership was established on summary judgment, and those works whose ownership by the Plaintiffs remains to be proven at trial. On summary judgment, the Court properly rejected Defendants' unsupported argument that Plaintiffs did not actually own any works registered as works for hire, holding that Plaintiffs' production of valid copyright registrations was sufficient to establish ownership absent evidence to the contrary. The Court reaffirmed this holding on reconsideration. Robertson should not be permitted to make the same baseless ownership challenge again, either with respect to the works as to which Plaintiffs have already proved ownership at summary judgment, or to the works as to which Plaintiffs will prove ownership at trial.

**ARGUMENT**

Throughout these proceedings, Defendants have sought to challenge Plaintiffs' ownership of the copyrighted works in suit based on their unsupported argument that Plaintiffs do not properly own works that were registered as works for hire. Defendants' argument, which has no evidentiary foundation, is a bald assertion that the recordings or compositions at issue were not actually created by an employee of Plaintiffs within the scope of employment.[1] Thus, during discovery proceedings before Magistrate Judge Maas, Defendants sought discovery regarding "all documents. . . relating to the creation and authorship of the [works] at issue." Def.'s Letter to Magistrate Judge Maas, Oct. 16, 2009, Ex. A at 6. *See* Sept. 18, 2013 Decl. of Luke C. Platzer, filed herewith, Ex. G. Magistrate Judge Maas denied Defendants' request in an endorsed memo, stating that "[t]he defendants are seeking a fishing expedition not warranted by *Eden Toys* or the other authority they cite." Endorsed Letter, Nov. 2, 2009 (Dkt. No. 126).

Undaunted, the Defendants moved for summary judgment asserting, among other arguments, that Plaintiffs had "failed to demonstrate ownership" for the works in suit because Plaintiffs did not offer additional evidence—beyond the copyright registrations and proof of chain of title for unregistered works—that the works were validly created as works for hire. Defs.' Mem. Supp. Mot. Summ. J., Oct. 30, 2010 (Dkt. No. 196) at 33-34. In its summary judgment Order, this Court rejected Defendants' efforts to challenge Plaintiffs' ownership of works on summary judgment in this manner. Oct. 25, 2011 Am. Mem. & Order (Dkt. No. 276) at 25-26 (establishing ownership of works annexed to the Declarations of Audrey Ashby and Alasdair McMullan, dated Oct. 29, 2010) ("Summ. J. Op."). As this Court held, absent

---

[1] Defendants' argument is also irrelevant. Plaintiffs presented evidence, never refuted by Defendants, that Plaintiffs' standard agreements provide for the assignment of rights (including the copyright) from the artist to Plaintiffs as an alternative basis for ownership. *See* Nov. 24, 2010 Suppl. Decl. of Alasdair McMullan (Dkt. No. 211) ¶ 3 ("Suppl. McMullan Decl.").

"evidence showing that any of the artists listed on EMI's registrations were not employed by EMI[,] . . . there is no genuine dispute as to whether EMI owns the copyrights listed in its supporting declarations." *Id*. at 26. The Court reaffirmed this ruling on reconsideration, rejecting "Robertson's recycled arguments—including his 'work for hire' argument . . . ." May 14, 2013 Mem. & Order (Dkt. No. 368) at 12 ("Recons. Op.").

The Court also ruled that ownership of any works not listed in the Ashby or McMullan Declarations remains to be proved at trial. Summ. J. Op. at 26 n.1. Thus, the Court should issue two rulings with respect to Robertson's "works for hire" argument.

Summary Judgment Works. The Court should preclude Robertson from seeking to challenge, for a third time, Plaintiffs' ownership over works already proved on summary judgment (and affirmed on reconsideration over Robertson's attempt to raise the argument for a second time). Plaintiffs' ownership of such works is already established. Robertson must not be allowed to use the jury trial as an opportunity to revisit arguments previously made and rejected.[2] *See, e.g., EMI Music Mktg. v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 444 (S.D.N.Y. 2004) (granting motion *in limine* to preclude introduction of evidence on issue already decided on summary judgment).

---

[2] For instance, Robertson already has identified Carla Bozulich as a trial witness. Ms. Bozulich appears to have been a member of the band The Geraldine Fibbers, several of whose works are works in suit as to which Plaintiffs already proved ownership (as works for hire) at summary judgment. *See* Oct. 30, 2010 Decl. of Alistair McMullan (Dkt. No. 191), Ex. A, at 111. Although Robertson has declined to state his reason for calling Bozulich as a witness, Plaintiffs surmise that Robertson may intend to re-litigate Plaintiffs' ownership of these works despite the fact that it was already established at summary judgment. The time to raise such challenges was during the summary judgment proceedings, or on a motion for reconsideration, and has long since passed.

Non-Summary Judgment Works. The Court should also preclude Robertson from arguing that Plaintiffs do not properly own as "works for hire" any of the works as to which Plaintiffs must prove ownership at trial. There are three independent reasons for doing so.

*First*, as on summary judgment, Robertson has not designated any evidence that the works in suit are not proper works for hire. *See* Proposed Joint Pretrial Order, Exs. B & D. Plaintiffs will demonstrate ownership at trial using the same kinds of evidence introduced on summary judgment—copyright registrations and, where the registrant is not a named plaintiff, chain of title. *See id.*, Exs. C(1) & C(2) (identifying chain of title and copyright registrations for the remaining works in suit whose ownership has not yet been proved). As this Court noted in its summary judgment Order, copyright registrations and proof of chain of title "create[] a rebuttable prima facie case of ownership." Summ. J. Op. at 25 (citing 17 U.S.C. § 410(c); *Boisson v. Banian, Inc.*, 273 F.3d 262, 267 (2d Cir. 2001)). Robertson has failed to disclose in this JPTO any evidence that would rebut this presumption of ownership by suggesting that Plaintiffs' works in suit are not valid works for hire.

*Second*, Robertson—as a third-party infringer—lacks standing to challenge ownership where the creator and owner do not dispute it between themselves. *See Pem-America, Inc. v. Sunham Home Fashions, LLC*, 83 Fed. App'x 369, 371 (2d Cir. 2003); *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 36 (2d Cir. 1982) (superseded on other grounds by Fed. R. Civ. P. 52(a)); *Arthur A. Kaplan Co., Inc. v. Panaria Int'l, Inc.*, No. 96 Civ. 7973 (HB), 1998 WL 603225, at *2 (S.D.N.Y. Sept. 11, 1998). Cases in this Circuit expressly hold that if there is no dispute as to ownership between the creator and the current owner, then a third-party infringer cannot challenge the validity of the transfer of rights between them. *See Eden Toys*, 697 F.2d at 36 (noting that "it would be anomalous to permit a third party infringer" to

4

challenge ownership where no dispute between owner and creator exists).  Robertson has no basis to attempt to raise the question of whether a work was a valid work for hire themselves—it would simply create an irrelevant sideshow at trial.

*Third*, any argument challenging Plaintiffs' ownership in any works in suit under a "work-for-hire" theory would be irrelevant because Plaintiffs would still have proved ownership of the copyrights in any event.  As the Label Plaintiffs demonstrated in their summary judgment papers, their ownership of the sound recordings at issue in this litigation (in instances where the work is registered to the Label Plaintiffs as a work for hire) is not merely based on registration as a work for hire, but is independently supported by assignments of ownership from the recording artists to the Label Plaintiffs that the Label Plaintiffs include in their standard recording agreements.  *See supra* note 1.  As discussed in the November 24, 2010 declaration of Alasdair McMullan in Opposition to Defendants' summary judgment motion, record companies obtain assignments of copyrights through their recording contracts from their artists precisely so that their ownership does *not* depend upon whether or not the transferred work is ultimately considered a work for hire.  *See* Suppl. McMullan Decl. ¶ 3.  Therefore, even if Robertson was able successfully to challenge the "work for hire" status of a sound recording registered to a Label Plaintiff, there would be no legal effect to such as challenge, as the copyright interest would simply vest in the Label Plaintiff by way of the assignment instead of as a result of the work for hire status of the artist.  Defendants have never challenged this evidence—and it renders purely academic, and thus irrelevant under Rule 402, any question or argument concerning whether any work owned by a Label Plaintiff is properly considered a work for hire.

**CONCLUSION**

The Court should preclude Robertson from challenging Plaintiffs' ownership of any works in suit on the basis that they are not properly owned as works for hire.

DATED:  September 18, 2013

Respectfully submitted,

By:  */s Andrew H. Bart*
Andrew H. Bart
Lindsay W. Bowen
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1645
Facsimile:  (212) 891-1699

Steven B. Fabrizio
Luke C. Platzer
J. Douglas Wilson
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:  (202) 661-4819

*Attorneys for EMI Label Plaintiffs*

By:  */s Frank P. Scibilia*
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for EMI Publishing Plaintiffs*