UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*,<br><br>*Plaintiffs,*<br><br>v.<br><br>MP3TUNES LLC and Michael Robertson,<br><br>*Defendants.* | No. 07 Civ. 9931 (WHP) (FM)<br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
IN LIMINE TO PRECLUDE ARGUMENT REGARDING THE
LEGALITY OF LOCKER SERVICES AND CLOUD COMPUTING**

Plaintiffs respectfully submit this memorandum of law in support of their motion *in limine* to preclude Defendant Michael Robertson from introducing irrelevant and prejudicial arguments regarding the legality of MP3tunes' locker service and of "cloud computing" in general, neither of which are issues properly set for trial.

**BACKGROUND**[1]

Consistently throughout more than five years of litigation, Defendants MP3tunes, LLC and Michael Robertson ("Defendants") have attempted to deflect focus from the clear infringement they committed by injecting irrelevant issues into this litigation. One of Defendants' favored ploys has been to wrap themselves in the "flag" of technology and to argue the case as though popular Internet activities were on trial, rather than Defendants' liability for discrete categories of copyright infringement.

---

[1] Plaintiffs presume the Court's familiarity with the procedural and factual background of this action. In that regard, Plaintiffs provide a short summary of the relevant facts herein.

For example, at summary judgment, Defendants falsely implied that their own websites, MP3tunes.com and sideload.com, were no different than uncontroversial and familiar services like Apple's iTunes, Google's Gmail, and familiar technologies like search engines and cloud computing.[2] Defs.' Mem. Supp. Summ. J., Oct. 29, 2010 (Dkt. No. 196) at 3-4, 6 ("Defs.' Summ. J. Br."). Defendants have also argued, both in this case, and in the public press, that Plaintiffs were suing them for "allowing [users] to store their music in the cloud." *Id.* at 1.

Such arguments are not only factually incorrect, but are also inapposite, irrelevant, and prejudicial to Plaintiffs (and are intended to be so). The issues remaining for trial were defined by this Court's October 2011 summary judgment decision and May 2013 reconsideration decision. The discrete categories of liability left for trial by those decisions leave no room for arguments such as those addressed by this motion. *See* Oct. 25, 2011 Am. Mem. & Order (Dkt. No. 276) ("Summ. J. Op."); May 14, 2013 Mem. & Order (Dkt. No. 368) at 12 ("Recons. Op.").

The remaining issues for trial consist of whether Robertson is liable for MP3tunes' infringement[3]; whether MP3tunes is liable for the infringement caused when songs were sideloaded by its executives and employees; Plaintiffs' ownership (to the extent not already proved at summary judgment) of specific songs Robertson personally sideloaded; whether Defendants were willfully blind to infringement or had "red flag" knowledge of infringing content (and if so, whether Defendants are secondarily liable for such content on their service); whether Defendants' use and storage of cover art was licensed; Plaintiffs' ownership (to the extent not

---

[2] While the definition of "cloud computing" is not settled, it is commonly understood to encompass "the practice of storing regularly used computer data on multiple servers that can be accessed through the Internet." Merriam-Webster, "Cloud Computing," http://www.merriam-webster.com/dictionary/cloud%20computing (last accessed Sept. 18, 2013).

[3] "Infringement" as used in this motion refers to infringement under the Copyright Act with respect to musical compositions and sound recordings protected under the Act, and to common-law copyright infringement with respect to sound recordings fixed before 1972.

already proved at summary judgment) of songs as to which MP3tunes failed properly to implement takedown notices; unfair competition as to pre-1972 works; and damages for these various discrete categories of infringement liability. *See* Proposed Joint Pretrial Order ("JPTO") at 3-10. The legality of the functionality of MP3tunes' locker service in allowing users to store lawfully obtained music "in the cloud" is not and has never been an issue for the jury.

## ARGUMENT

Through the use of a motion *in limine*, a party can "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted); *see also Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). The purpose of a motion *in limine* is to exclude irrelevant and inadmissible evidence, especially where that evidence may prejudice a jury. *In re Lawrence,* No. 97-11258, 2008 WL 2095863, at *1 (Bankr. N.D.N.Y. May 16, 2008). Even if evidence is relevant, it is properly excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiffs respectfully submit that Robertson's likely renewal of his arguments regarding the legality of the concept of cloud computing, which Plaintiffs do not here contest, would be both confusing and prejudicial. As a result, as a prophylactic measure, this Court should preclude any argument at trial regarding whether the "cloud computing" aspects of MP3tunes' locker service are legal, as well as any accusations that Plaintiffs are seeking to make such "cloud" storage of music illegal, for the reasons below.

*First*, Robertson's pattern, throughout the history of this litigation, has been to look for and create diversions from the true issues presented in this case by presenting extraneous, irrelevant and manifestly prejudicial arguments. He did so in his motion for summary judgment with straw man arguments regarding the legality of MP3tunes' locker services,[4] he did so (and continues to do so) with respect to his theory that Plaintiffs abandoned or licensed their copyrights,[5] and he did so (and continues to do so) with respect to entirely permissible and ordinary contacts between Plaintiffs' counsel and his former employees.[6] Because any introduction of such arguments would be wholly irrelevant to the issues for trial, their introduction would waste the Court's time and distract from the questions that need to be resolved in this case.

*Second*, Robertson is likely to repeat Defendants' summary judgment argument about the legality of MP3tunes' locker services and cloud computing for the "benefit" of the jury, especially the comparisons Defendants have drawn in the past between MP3tunes' locker services and well-known internet services like iTunes, Dropbox, and Google Documents. Defs.' Summ. J. Br., at 3-4, 6. These arguments do not "rebut" any accusations that Plaintiffs will make at trial. More importantly, they would risk confusing the jury by conflating the infringing use of Defendants' sideload.com website to copy songs from unauthorized websites (which is at issue in this trial) with the use of Defendants' mp3tunes.com website to let users store music they have purchased or are otherwise may be licensed to store (which is not at issue). The jury need not be required to wrestle with and separate these concepts. Indeed, Federal Rule of

---

[4] Defs.' Summ. J. Br., at 3-4, 6.
[5] *See* Mem. of Law in Supp. of Pls.' Mot. in Limine to Preclude Evidence Regarding Promotional Downloads, filed herewith.
[6] *See* Mem. of Law in Supp. of Pls.' Mot. in Limine to Preclude Evidence Regarding Communications Between Plaintiffs' Counsel and MP3tunes' Ex-Employees, filed herewith.

4

Evidence 403 explicitly authorizes the exclusion of such evidence or argumentation that risks confusing the issues. *See* Fed. R. Evid. 403.

*Third*, the risks of confusion and of prejudice are particularly high here, because the trial involves many technical issues that would be unfamiliar to a jury, while, by contrast, Robertson's argument centers on brands and services like iTunes and Google that are instantly familiar. The only potential purpose such arguments and misleading comparisons could serve is to create the implication that if Plaintiffs prevail, these popular Internet services which make use of cloud computing concepts—many of which jurors might personally use and have fond impressions of—would be at risk.

Clearly, the very purpose of accusing Plaintiffs of trying to make popular cloud computing services illegal is improperly to suggest that the jury reach such an inference and to create emotional prejudice against Plaintiffs. *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (noting that the "prejudicial effect may be created by the tendency of the evidence . . . to excite emotions against [a party]"). Thus, even if there were any minimal probative value to this type of argument (which Plaintiffs dispute), it would be substantially outweighed by the risk of prejudice to Plaintiffs. *See* Fed. R. Evid. 403.

## CONCLUSION

The Court should not permit Robertson to insert irrelevant and confusing technical issues into the upcoming trial. Thus, the Court should preclude any testimony or argument at trial regarding the legality of online locker services or cloud computing, including any allegations that Plaintiffs are seeking to prohibit such services as unlawful.

DATED:  September 18, 2013                    Respectfully submitted,

By: /s Andrew H. Bart
Andrew H. Bart
Lindsay W. Bowen
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1645
Facsimile: (212) 891-1699

Steven B. Fabrizio
Luke C. Platzer
J. Douglas Wilson
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4819

*Attorneys for EMI Label Plaintiffs*

By: /s Frank P. Scibilia
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for EMI Publishing Plaintiffs*