UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, INC., *et al*,

        *Plaintiffs,*

    v.

MP3TUNES LLC and Michael Robertson,

        *Defendants.*

No. 07 Civ. 9931 (WHP) (FM)

**ECF CASE**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING COMMUNICATIONS BETWEEN PLAINTIFFS' COUNSEL AND MP3TUNES' EX-EMPLOYEES**

Plaintiffs respectfully submit this memorandum of law in support of their motion *in limine* to preclude the admission of evidence at trial pertaining to communications between Plaintiffs' counsel and former employees of Defendants and their counsel. Despite this Court's previous finding that communications between Plaintiffs' counsel and former MP3tunes President Emily Richards were appropriate, and notwithstanding the lack of any factual nexus between such communications and the issues to be tried, Robertson's disclosures in the Joint Pretrial Order indicate that he intends to introduce evidence regarding dealings between Plaintiffs' counsel and former employees of MP3tunes, LLC ("MP3tunes"), including both deposition testimony and emails regarding such communications. *See, e.g.,* Proposed Joint Pretrial Order, filed August 30, 2013 ("JPTO"), Ex. A (Def.'s counter-designations to Richards' Jun. 30, 2009 Dep. at 109-13, 116-18, Def.'s counter-designations to Brocious' Dec. 9, 2009 Dep. at 113-14); JPTO, Ex. D (DX 1561 (email from C. Brocious to Plaintiffs' counsel), DX 2278 (email from Richards' counsel to Plaintiffs' counsel)).

None of the communications between Plaintiffs' counsel and former employees of MP3tunes and their counsel are relevant to any of the issues to be tried. Introduction of this evidence would only prolong the trial, confuse the jury, prejudice Plaintiffs by casting aspersions on the conduct of their counsel, and invite the jury to draw the legally impermissible and improper inference that Plaintiffs induced Defendants' former employees to provide untruthful testimony. Indeed, this appears to be precisely what Robertson intends. Plaintiffs respectfully submit that the Court should exclude such evidence at trial.

## ARGUMENT

Federal Rule of Evidence 402 states plainly that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is only relevant if it "tend[s] to make a fact more probable or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Significantly, even if evidence is relevant, it is properly excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Through the use of a motion *in limine*, a party can "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted); *see also Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). The purpose of a motion *in limine* is to exclude irrelevant and inadmissible evidence, especially where that evidence may prejudice a jury. *See In re Lawrence,* No. 97-11258, 2008 WL 2095863, at *1 (Bankr. N.D.N.Y. May 16, 2008). Plaintiffs respectfully submit that all testimonial and documentary evidence regarding communication between Plaintiffs'

counsel and former employees of MP3tunes that Robertson has offered should be excluded for three reasons.

*First*, the Court has already ruled that such communications were proper.  On October 16, 2009, this Court denied Defendant MP3tunes' sanctions motion which "question[ed] the propriety of Plaintiff's contact with Richards."  Oct. 16, 2009 Mem. & Order (Docket No. 120) ("Oct. 16, 2009 Mem.") at 18.  The Court found that nothing in the record—which included the Richards' June 30, 2009 deposition testimony that Robertson now seeks to introduce—showed that Plaintiffs' conduct was inappropriate.  Indeed, the Court made clear that a party cannot prevent an adverse party from contacting one of its former employees.  *Id.* (citing *Judd v. Take-Two Interactive Software, Inc.*, No. 07 Civ. 7932 (GEL), 2008 WL 906076, at *1 (S.D.N.Y. Apr. 3, 2008)).  The Court's finding is entirely consistent with settled New York law and its "time-honored and decision-honored principles . . . that counsel for all parties have a right to interview an adverse party's witnesses (the witness willing) in private, without the presence or consent of opposing counsel and without a transcript being made."  *Take-Two Interactive Software*, 2008 WL 906076 at *1 (alteration in original) (citation omitted); *see also Muriel Siebert & Co., Inc. v. Intuit Inc.*, 8 N.Y.3d 506, 511-12 (2007).

The Court further correctly found that there was no evidence that Plaintiffs' agreement to pay a portion of Ms. Richards' legal fees was contingent on favorable testimony.  Oct. 16, 2009 Mem., at 18.  Absent such a *quid pro quo*, there is nothing improper in reimbursing a witness for her actual attorneys' fees in connection with responding to a subpoena.  *See* N.Y. Rules of Prof'l Conduct R. 3.4(b) (2013).  In fact, the New York Rules of Professional Conduct go further than allowing mere reimbursement, and authorize "reasonable compensation" to a witness for the loss of time in attending, testifying, preparing to testify or otherwise assisting counsel, a step which

Plaintiffs did not take. *Id*; *see also* Model Rules of Prof'l Conduct R. 3.4(b) (2013); Sept. 18, 2013 Declaration of Luke C. Platzer, filed herewith, Ex. F (ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 402 (1996) ("A lawyer, acting on her client's behalf, may compensate a non-expert witness for time spent in attending a deposition or trial or in meeting with the lawyer prepatory to such testimony, provided that the payment is not conditioned on the content of the testimony . . . .")). Indeed, Rule 45 of the Federal Rules of Civil Procedure sometimes *requires* the party issuing a subpoena to pay the reasonable costs, including attorneys' fees, of the party complying with it, particularly in cases where the receiving party has moved to quash, as Richards' attorney intended to do. *See Prescient Acquisition Grp., Inc. v. MJ Publ'g Trust*, No. 05 Civ. 6298 (PKC), 2006 WL 2996645, at *2-3 (S.D.NY. Oct. 13, 2006) (granting non-party's motion for fees and directing party serving the subpoena to reimburse non-party $35,767.50 in fees and $7,147.64 in expenses related to responding to the subpoena); *In re First. Am. Corp.*, 184 F.R.D. 234, 241, 244-45 (S.D.N.Y. 1998) (granting non-party's motion for legal fees and disbursements, in part, by ordering party serving subpoena to reimburse non-party $75,000 in legal fees and costs).

*Second*, evidence regarding the communications is simply not relevant to the issues to be decided at trial. For example, the email between Ms. Richards' counsel and Plaintiffs designated by Robertson as DX 2278 contains an ordinary exchange between counsel over an unwelcome subpoena. JPTO, Ex. D (DX 2278). The email from witness Cody Brocious to Plaintiffs' counsel is also innocuous, and contains Mr. Brocious' records of his minimal contact with other witnesses. JPTO, Ex. D (DX 1561). These communications clearly have no bearing on Defendants' liability, Plaintiffs' ownership of copyrighted works, the proper amount of statutory damages, or any other issue to be tried. Nor are they genuinely relevant to the credibility of any

4

other testimony offered by Defendants' former employees, as the Court has already found that there is no evidence that Plaintiffs' counsel's contacts with the witnesses or their attorneys improperly influenced the employees to testify untruthfully. Oct. 16, 2009 Mem., at 18. Because such evidence is wholly irrelevant, its introduction would waste the Court's time and distract from the issues that need to be resolved in this case.

*Third*, Robertson's designation of this proposed evidence both risks and is likely intended to confuse and prejudice the jury. The only potential purpose the introduction of such evidence might serve would be to imply that Plaintiffs' counsel had somehow behaved inappropriately by contacting potential witnesses or improperly sought to influence their testimony. While such an inference is improper as a matter of law, the very purpose of offering this evidence is to suggest that the jury reach such an inference. Thus, even if there were any minimal probative value to this evidence (which Plaintiffs dispute), it would be substantially outweighed by the risk of the prejudice to Plaintiffs. *See* Fed. R. Evid. 403; *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (noting that the "prejudicial effect may be created by the tendency of the evidence . . . to excite emotions against [a party]").

There can be no question that creating such a prejudicial and confusing inference, despite the fact that such an inference is legally impermissible, is the exact reason that Robertson seeks to offer this evidence.[1] Introduction of such evidence would burden this Court with the need to issue extensive limiting instructions to the finders of fact in order to minimize the jury's

---

[1] For example, Robertson intends to offer evidence that Plaintiffs reimbursed a portion of Ms. Richards' deposition expenses, thus avoiding the expense of litigating a motion to quash, to elicit the jury's economic sympathies for an individual litigating against corporate adversaries. *See, e.g.*, *Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir.1970) (holding that counsel's remarks suggesting "that the defendant should respond in damages because he is rich and the plaintiff is poor" were grounds for a new trial); *Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518 (S.D.N.Y. 2008) ("The parties are not permitted to argue to the fact finder's potential economic sympathies or prejudices.").

5

confusion and possible prejudice against Plaintiffs. Ironically, such instructions as to the lack of a basis to find legal inferences of impropriety from this evidence would, if successful, negate Defendants' only purpose in offering the evidence. Given that MP3tunes failed to support its unwarranted accusations against Plaintiffs and their counsel in its motion for sanctions in 2009, Robertson should not be given another bite at the apple before the jury.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion *in limine* should be granted and the Court should exclude all evidence and testimony regarding communications between Plaintiffs' counsel and former MP3tunes employees.

DATED:   September 18, 2013              Respectfully submitted,

By:   /s Andrew H. Bart
Andrew H. Bart
Lindsay W. Bowen
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1645
Facsimile:  (212) 891-1699

Steven B. Fabrizio
Luke C. Platzer
J. Douglas Wilson
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:  (202) 661-4819

*Attorneys for EMI Label Plaintiffs*

By:   /s Frank P. Scibilia
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian

6

                PRYOR CASHMAN LLP
                7 Times Square
                New York, New York 10036
                Telephone: (212) 421-4100
                Facsimile: (212) 326-0806

*Attorneys for EMI Publishing Plaintiffs*