UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*,<br><br>*Plaintiffs,*<br><br>v.<br><br>MP3TUNES LLC and Michael Robertson,<br><br>*Defendants.* | No. 07 Civ. 9931 (WHP) (FM)<br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM UNDISCLOSED THIRD-PARTY WITNESSES**

Plaintiffs respectfully submit this memorandum of law in support of their motion *in limine* to preclude the testimony of several witnesses disclosed belatedly by Defendant Michael Robertson: Carla Bozulich, John Ralston, and "[c]orporate representatives and/or current or former employees from other record labels and/or publishers" (*i.e.*, third parties that Robertson still has not identified).  *See* Proposed Joint Pretrial Order, filed August 30, 2013 ("JPTO") at 28.

Discovery in this case took place over multiple years, but concluded 43 months ago. During discovery, the parties exchanged initial disclosures that did not list these witnesses. Moreover, a proposed pretrial order was already previously filed in this action (including the formal exchange of proposed witness lists) in April 2012, which also did not list these witnesses. Indeed, despite myriad previous opportunities to disclose these witnesses, Robertson did not provide Plaintiffs with notice until August 27, 2013 that he intended to call Ms. Bozulich and

Mr. Ralston and *still* has not identified the unnamed third parties or their corporate representatives that he included in the most recent iteration of the JPTO dated August 30, 2013.[1]

This Court should preclude Robertson from calling any of these proposed witnesses as fact witnesses at trial. Robertson's late disclosures have left Plaintiffs merely to speculate as to what kind of testimony these witnesses might offer, and thus unable adequately to prepare for it. Moreover, the late disclosures have deprived Plaintiffs of any opportunity to depose or take discovery from these witnesses or to learn any relevant facts surrounding the testimony that Robertson intends to present. Plaintiffs are thus materially prejudiced by Robertson's failure to disclose these witnesses in a timely manner. Because this prejudice cannot be cured in the time remaining before trial, their testimony should be excluded. *See Pal v. N.Y. Univ.*, No. 06 Civ. 5892 (PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008); *Alfano v. Nat'l Geographic Channel*, No. 06 Civ. 3511 (NG)(JO), 2007 WL 2982757, at *1-2 (E.D.N.Y. Oct. 5, 2007); *see also Ventra v. United States*, 121 F. Supp. 2d 326, 331-32 (S.D.N.Y. 2000) (excluding testimony of undisclosed witness on summary judgment).

## ARGUMENT

Through the use of a motion *in limine*, a party can "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted); *see also Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). The purpose of a motion *in limine* is to exclude irrelevant and inadmissible evidence, especially where that evidence may prejudice a jury. *In re Lawrence,* No. 97-11258,

---

[1] As recently as September 12, 2013, six days before the filing of this motion, counsel for Robertson was still unable even to identify any of these third parties.

2008 WL 2095863, at *1 (Bankr. N.D.N.Y. May 16, 2008).  Plaintiffs respectfully submit the untimely and incomplete disclosures described above warrant the entry of an order excluding the testimony of the witnesses in question.

      A.      **Named Witnesses**

Two named witnesses on Robertson's witness list—Carla Bozulich and John Ralston—were not disclosed to Plaintiffs during the course of discovery as required by Rule 26(a) of the Federal Rules of Civil Procedure.  Because Plaintiffs have been materially prejudiced by this omission and the prejudice cannot be cured at this late date, these witnesses should be precluded from testifying at trial.

Carla Bozulich appears to be a Los Angeles-area musician known mainly for her work with the group the Geraldine Fibbers, who were active in the 1990s and signed to both the Publishing and Label Plaintiffs.  Ms. Bozulich was not listed in Defendants' initial disclosures in this action, nor was she listed in Plaintiffs' disclosures.  Indeed, Ms. Bozulich's name only appears on three arguably pertinent documents out of the hundreds of thousands that have been produced in this case: a 1995 music publishing agreement produced by the Publishing Plaintiffs to Defendants, and two copyright registrations registering, in the name of the Label Plaintiffs, two sound recordings containing the performances of her band (which Defendants infringed).  Moreover, Robertson has not, despite requests from Plaintiffs, provided any notice regarding the substance of Ms. Bozulich's proposed testimony, leaving Plaintiffs to speculate as to the purposes of her appearance.

John Ralston appears to be the proprietor of www.john-ralston.com, a website from which Plaintiffs proved at summary judgment, and again on reconsideration, that Robertson sideloaded works infringing Plaintiffs' copyrights.  He is also a musician who has self-released

material and recorded for smaller independent labels.  Robertson has not indicated in what capacity Mr. Ralston is offered as a witness, has not informed Plaintiffs of the substance of his expected testimony, and the Defendants did not list Mr. Ralston in their initial disclosures—again, leaving Plaintiffs only able to speculate about why Robertson is calling him as a witness or the nature of his intended testimony.

Indeed, the *first time* that Robertson informed Plaintiffs that either of these witnesses possessed information that might be used to support Plaintiffs' claims at trial was on August 27, 2013—*three days* before the proposed JPTO in this action was due—when Robertson added their names to a near-final draft of the JPTO.  This, of course, was more than three and a half years after the close of fact discovery in this matter.  Defendants' failure to disclose Ms. Bozulich or Mr. Ralston during discovery is a clear violation of the disclosure rules of the Federal Rules of Civil Procedure, and, due to the prejudice to Plaintiffs that cannot be cured, requires that their testimony be precluded.

> 1. *Robertson's failure to disclose Ms. Bozulich or Mr. Ralston is neither justified nor harmless.*

Rule 26(a) of the Federal Rules of Civil Procedure requires every party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(i).  A party must also timely supplement its disclosures if additional information becomes available.  Fed. R. Civ. P. 26(e)(1)(A).  When a party fails to identify a witness in compliance with Rule 26(a) or Rule 26(e), the party "is not allowed to use [that witness] to supply evidence on a motion, at a hearing, ***or at a trial***, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1) (emphasis added).

Rule 26(a) requires the disclosing party to inform the other party that a potential witness may have information to support the disclosing party's claims or defenses. *Pal*, 2008 WL 2627614, at *4. Robertson's failure to disclose Ms. Bozulich or Mr. Ralston as potential witnesses at any time prior to the week that the JPTO was due is neither justified nor harmless. Plaintiffs had no knowledge of these witnesses or their identities until shortly before the filing of the JPTO. There can be no justification for Robertson's waiting until just three days before the JPTO was due, and years after discovery was closed, to reveal individuals that Robertson intends to call at trial to support his claims.[2] That type of abuse is exactly what Rule 26(a) was designed to prevent. *Ventra,* 121 F. Supp. 2d at 332 (precluding testimony of undisclosed witness). Moreover, irrespective of whether Robertson's belated disclosure of these witnesses reflects gamesmanship, late discovery, or mere inadvertence, Plaintiffs do not need to prove bad faith or intent to prevail on a motion to exclude testimony of a witness not properly disclosed. *See, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

> 2. *Robertson's failure to disclose Ms. Bozulich or Mr. Ralston until after the close of the discovery period mandates the exclusion of their testimony under Fed.R.Civ.P 37(c)(1).*

The Second Circuit has set out a four-factor test for excluding testimony under Rule 37(c)(1) that examines: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4)

---

[2] Robertson has objected to Plaintiffs' two additions to the witness list, Pat Shah and Dominic Pandiscia, two corporate representatives of the Label Plaintiffs. However, the additions are quite dissimilar. Plaintiffs designated Mssrs. Shah and Pandicia because personnel changes at the Label Plaintiffs rendered unavailable Label Plaintiff executives who had previously testified on behalf of the company as 30(b)(6) deponents, but are no longer employed by Label Plaintiffs. Thus, Robertson is not prejudiced because he had full opportunity to take 30(b)(6) testimony from the Plaintiffs on the topics of Mr. Shah and Mr. Pandicia's testimony and in fact did so, and the designation of Mssrs. Shah and Pandicia is justified due to the need to replace Plaintiffs' previous 30(b)(6) representatives with persons still in Plaintiffs' employ.

the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (citation omitted).

The third prong is the most significant here because Robertson's failure to disclose the proposed witnesses until *after* the close of the discovery period is highly prejudicial. Plaintiffs are unable to effectively prepare their cross-examination of the witnesses, because they have been left to speculate about the subjects and substance of the witnesses' testimony. Preventing litigants from facing such uncertainty on the eve of trial is the very purpose of the discovery rules. Moreover, Plaintiffs have had no opportunity to depose or otherwise seek discovery from the witnesses, which is, by itself, harm sufficient to justify precluding a witness's testimony. *See Ventra*, 121 F. Supp. 2d at 332. Robertson does not even attempt to satisfy the other factors. Indeed, Robertson has declined to explain his disclosure violations or the importance of the witnesses—which is in keeping with his silence on the substance of their testimony. The Court should not permit Robertson's attempt to prejudice Plaintiffs by withholding information until the eleventh hour, and should preclude Robertson from calling Ms. Bozulich or Mr. Ralston to testify at trial.

**B.     Unnamed Witnesses**

Robertson has also listed an indeterminate number of unnamed witnesses on his portion of the JPTO, calling them merely "[c]orporate representatives and/or current or former employees from other record labels and/or publishers." As with Ms. Bozulich and Mr. Ralston, Robertson's failure to provide the names of these potential witnesses, or even the names of the corporations on whose behalf they will testify, is a clear violation of Rule 26 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) & (e)(1)(A). Because the identities of these witnesses have not been disclosed, even *after* the filing of the JPTO, Plaintiffs have had no

6

opportunity to depose them, causing sufficient harm to justify precluding their testimony. *See Ventra*, 121 F. Supp. 2d at 332. Indeed, the full impact of the undisclosed witnesses cannot be known at this time, because Robertson has not even disclosed *how many* such witnesses he expects to call, much less what they will testify about. Plaintiffs note, however, that in the JPTO, Robertson's estimate of the time needed for trial is *five days* longer than Plaintiffs'. JPTO at 22.

The Court should not permit Robertson's attempt to prejudice Plaintiffs by ignoring the basic precepts of Rule 26 and by withholding such crucial information. At this late date, simply naming the individuals in this class of witnesses would not be an effective remedy, because it would merely convert the unnamed witnesses into untimely disclosed witnesses like Ms. Bozulich and Mr. Ralston. Because of this manifest prejudice, along with Robertson's failure to explain his disclosure violations or the importance of the witnesses, the Court should order that all unnamed individuals in the JPTO fitting Robertson's description of "[c]orporate representatives and/or current or former employees from other record labels and/or publishers" are precluded from testifying at trial.

DATED: September 18, 2013

Respectfully submitted,

By:  /s Andrew H. Bart
    Andrew H. Bart
    Lindsay W. Bowen
    JENNER & BLOCK LLP
    919 Third Avenue, 37th Floor
    New York, New York 10022
    Telephone: (212) 891-1645
    Facsimile: (212) 891-1699

    Steven B. Fabrizio
    Luke C. Platzer
    J. Douglas Wilson
    JENNER & BLOCK LLP
    1099 New York Avenue NW

Washington, DC 20001  
Telephone: (202) 639-6000  
Facsimile:  (202) 661-4819  

*Attorneys for EMI Label Plaintiffs*

By:   */s Frank P. Scibilia*  
Frank P. Scibilia  
Jacob B. Radcliff  
M. Mona Simonian  
PRYOR CASHMAN LLP  
7 Times Square  
New York, New York 10036  
Telephone:  (212) 421-4100  
Facsimile: (212) 326-0806  

*Attorneys for EMI Publishing Plaintiffs*