## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*, <br><br><br>*Plaintiffs,*<br><br>v.<br><br>MP3TUNES LLC and Michael Robertson,<br><br>*Defendants.* | No. 07 Civ. 9931 (WHP) (FM)<br><br>**ECF CASE** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE CHALLENGES TO ROBERTSON'S DIRECT LIABILITY BASED ON WHETHER HE SIDELOADED WORKS AT ISSUE

Plaintiffs respectfully submit this memorandum of law in support of their motion *in limine* to preclude Defendant Michael Robertson from challenging his liability for direct copyright infringement on any grounds besides the ownership and registration issues defined by this Court in its May 14, 2013 reconsideration Order. *See* May 14, 2013 Mem. & Order (Dkt. No. 368) ("Recons. Op.").

This Court found, on summary judgment, that Robertson was liable for direct copyright infringement for sideloading Plaintiffs' copyrighted sound recordings and musical compositions to his MP3tunes lockers. Oct. 25, 2011 Am. Mem. & Order (Dkt. No. 276) at 30, 33 ("Summ. J. Op."). On reconsideration, the Court affirmed this ruling, holding that Robertson failed to rebut its finding that he was liable for sideloading works as to which Plaintiffs presented proof of ownership. *See* Recons. Op. at 12-14. Although the Court also found that Robertson had created a narrow question for trial as to Plaintiffs' ownership of 15 of the works sideloaded by

Robertson, it made clear that this question did not reach Robertson's underlying liability in the event Plaintiffs could prove ownership of the relevant works.  *See id.* at 13-14.

Having been given an inch, Robertson now attempts to take a mile.  Demonstrating yet again his continuing and contemptuous refusal to accept and respect the decisions of this Court or the mandates of the Federal Rules of Civil Procedure, Robertson seeks to win back by ambush what he lost under the Court's rulings.  First, he has made a wholly improper last-minute addition to his list of issues for trial in the parties' Proposed Joint Pretrial Order (the "JPTO"). In this submission, Robertson brazenly rejects this Court's clear instruction that the only issue remaining for trial as to his personal sideloads is the issue of the registration and ownership of 15 of the songs he sideloaded.  Instead, he unilaterally and improperly redefines the issue for trial as whether the songs he has been held liable for "were *actually downloaded* by Robertson."  JPTO at 13 (emphasis added).  That issue has already been litigated twice and Robertson's position has been rejected twice by this Court.

Indeed, Robertson has filed a motion *in limine* that amounts to nothing more than a thinly-disguised motion on the eve of trial for reconsideration of the Court's determination that Robertson was liable for infringement of the works he sideloaded.  In this motion, Robertson hopes that wild, unsubstantiated, and unprofessional allegations will disguise the fact that he is seeking a second reconsideration of this Court's summary judgment decision without permission of the Court.  Plaintiffs will respond to that motion in due course, but it is sufficient to note for present purposes that Robertson bases his arguments in that motion on evidence that has been in his possession since before the original 2010 motion for summary judgment,[1] and he has made

---

[1] The report and relevant exhibits to the Report of Dr. Ellis Horowitz, Ph.D were disclosed to the Defendants on June 11, 2010.  *See* Sept. 18, 2013 Decl. of Luke C. Platzer, Exs. A-E ("Platzer Decl.").

no attempt to show why he could not and should not have raised these assertions in either Defendants' opposition to summary judgment or in his November 2012 motion for reconsideration. Robertson's purpose for these maneuvers is twofold. First and foremost, it is a bald-faced attempt to enlist the jury to effectively overrule the Court's prior decisions. Second, it is a tactical ploy to continue to prejudice Plaintiffs by forcing them endlessly to spend resources litigating the same points over and over. Robertson should not be allowed to continuously re-litigate issues simply because he does not like the Court's rulings. The Court should enforce its prior Orders by precluding Robertson from offering evidence or argument contesting his personal sideloading of the works at issue.

## BACKGROUND[2]

In October 2011, this Court granted Plaintiffs' motion for summary judgment, establishing Robertson's liability for direct copyright infringement of Plaintiffs' sound recordings that "he personally sideloaded from unauthorized sites." Summ. J. Op. at 30, 33. Plaintiffs' motion on this subject was vigorously contested by the Defendants, who submitted extensive opposition papers containing substantial argument and evidentiary detail.

On November 12th of last year, Robertson sought reconsideration of that ruling. In the course of briefing that second motion, Robertson had a second full opportunity to come forward with any evidence or argument that he did not sideload the songs at issue. *See* Robertson's Mem. Supp. Recons. (Personal Liability) & Summ. J. (Vicarious Liability), Oct. 12, 2012 (Dkt. No. 340). He did not do so. Instead, he focused his challenge on whether Plaintiffs owned the relevant sound recordings and musical compositions, and repeated his claims that Plaintiffs had somehow authorized his infringement. *Id.* at 3-23. Indeed, Robertson himself submitted a

---

[2] Plaintiffs presume the Court's familiarity with the procedural and factual background of this action. In that regard, Plaintiffs provide a short summary of the relevant facts herein.

declaration on the very subject of his personal sideloading of Plaintiffs' works, in which he admitted extensive sideloading from various sources identified in Plaintiffs' evidentiary materials and claimed that "as to each sideload, [he] believed that the song was legitimately available for free," but never denied that he had sideloaded the works identified in Plaintiffs' evidentiary submissions. *See* Nov. 12, 2012 Decl. of Michael Robertson (Dkt. No. 336) ¶¶ 25-29 ("Robertson Decl.").

In May of this year, the Court reaffirmed Robertson's liability for sideloading Plaintiffs' works. Recons. Op. at 12-14. Tellingly, the Court described Robertson's arguments in support of reconsideration of his liability for sideloading songs over which Plaintiffs had proof of ownership as "recycled" and "identical" to those the Court had already rejected at summary judgment. *Id.* at 12. The Court rightly declined to disturb its finding that Robertson had illegally sideloaded the sound recordings at issue, even while allowing that Robertson had created a narrow question of fact with regard to Plaintiff's registration or proof of ownership of 15 of the songs in question. *Id.* at 13. The Court, in clear and unambiguous terms, limited the scope of the issue set for trial, emphasizing that the rest of Robertson's rehashed arguments and "new evidence" could not "rebut a finding of direct infringement of the remaining songs." *Id.*

As a result, ensuring the sufficiency of registration and ownership documentation for those 15 sound recordings and musical compositions has been a primary subject of Plaintiffs' efforts during the post-reconsideration period. *See*, *e.g.*, JPTO, Exs. C(1) (PXs 500-1524) & C(2) (PXs 166-3716) (registration and ownership documentation, including for the songs at issue). During this time, as the Court's rulings have given them the right to do, Plaintiffs have treated the other, long-settled, questions relating to the songs sideloaded by Robertson as a closed book. Indeed, Robertson has given Plaintiffs no reason to suspect otherwise—as one

would expect when liability is no longer at issue—having failed either to offer an expert report

on the subject or to proffer fact witnesses with knowledge of the issue for Plaintiffs to depose.

Plaintiffs accordingly identified the remaining registration and ownership issues relating to

Robertson's sideloading—and only those issues—in the JPTO.  The issues are: "(i) whether

Plaintiffs can demonstrate ownership of the copyrights in the 15 works Robertson sideloaded for

which Plaintiffs have not already proved ownership; (ii) whether Robertson acted willfully in

infringing these works; and (iii) the amount of statutory damages to be awarded pursuant to 17

U.S.C. § 504."  JPTO at 5.

        However, on August 27, 2013, three days before the JPTO was due to be filed, Robertson

announced his intention, in defiance of the Court's past orders, to dust off and re-litigate the

question of his liability.  Robertson added to his portion of the JPTO a dispute nowhere to be

found in his prior motion for reconsideration on the issue of his personal liability: a question as

to whether he "actually downloaded" the works at issue.  JPTO at 13.

        Then, two weeks later, Robertson filed what he disingenuously labeled a "motion *in
limine*" but which is actually yet another thinly-disguised motion for reconsideration, on the

exact same subject.  *See* Robertson's Mot. *in Limine* Preclude Test. & Exs. from Ellis Horowitz

& Related Relief, Sept. 13, 2013 (Dkt. No. 381).  Robertson's motion is accompanied by highly

technical testimony from a previously-undisclosed witness, Kyon Son, purporting to analyze

Defendants' databases and thereby to contest whether Robertson in fact sideloaded several of the

works for which the Court has twice found him liable.  Sept. 13, 2013 Decl. of Kyon Son (Dkt.

No. 384) ("Son Decl.").  Mr. Son was never designated as an expert in this action (or as a fact

witness, for that matter), nor deposed during discovery.  Critically, Robertson's motion *in limine*

and the testimony of his quasi-expert are centered around challenges to evidentiary submissions

5

and expert testimony Plaintiffs had presented in support of summary judgment in October 2010

and Robertson has thus had in his possession for *three years*.  Indeed, the relevant data

assembled by Dr. Horowitz and presented in his summary judgment declaration that Robertson

now challenges, which identifies the various artists and titles of works in Defendants' databases,

had been provided to Defendants even earlier, as part of Dr. Horowitz's report in June 2010 – *a*

*report on which Defendants deposed Dr. Horowitz in August of that year*, before the initial

summary judgment filings in this case.  *See* Platzer Decl., Exs. B-E (Report of Dr. Ellis

Horowitz, Ph.D., June 11, 2010, Exs. H, I, J, and K).

Thus, on the eve of trial, and with new and previously undisclosed evidence, Robertson is

brazenly disregarding the dispositive rulings of this Court and seeking effectively to re-litigate

the issue of his direct copyright liability yet a *third* time based on evidence he has had in his

possession for three years.

**ARGUMENT**

Through the use of a motion *in limine*, a party can "aid the trial process by enabling the

Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that

are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieri v.*

*Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted); *see also Luce v. United States*, 469

U.S. 38, 40 n.2 (1984); *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176

(S.D.N.Y. 2008).  The purpose of a motion *in limine* is to exclude irrelevant and inadmissible

evidence, especially where that evidence may prejudice a jury.  *In re Lawrence,* No. 97-11258,

2008 WL 2095863, at *1 (N.D.N.Y. May 16, 2008).  Plaintiffs respectfully submit that

Roberson's eleventh-hour attempt once again to raise the issue of his liability for direct

infringement warrants the entry of an order precluding the testimony and argument at issue.

This Court should preclude any testimony or argument at trial regarding whether any of the songs Robertson admits he sideloaded were also "actually downloaded" by him for the reasons below.

**A.      Robertson Has Already Exhausted His Procedural Options for Revisiting the Court's Holdings Regarding His Personal Sideloads.**

It has become a pattern: throughout the history of this litigation, whenever the Court reaches a holding that Robertson does not like, Robertson refuses to accept the finality of this Court's Orders and attempts to continue to litigate the issue, either by directly challenging the previous holdings of this Court or by simply pretending as though they do not exist.  He did so with his motion for reconsideration with respect to his personal liability, *see* Recons. Op. at 12, he did so (and continues to do so) with respect to his theory that Plaintiffs abandoned or licensed their copyrights, *see id.* at 13-14, and he did so (and continues to do so) with respect to the Court's repeated holdings regarding its personal jurisdiction over him, *see id.* at 14-15.  Here, he again demonstrates his contempt for the power and rulings of this Court by ignoring the Court's summary judgment and reconsideration decisions, and insisting that the issue of whether he, in fact, sideloaded tracks, is an issue for trial.

The Federal Rules provide the clear mechanism for parties who wish to revisit decisions of the Court with arguments or evidence not previously presented: they can bring a motion for reconsideration.  *See Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (noting that reconsideration is predicated on "the availability of new evidence, or the need to correct a clear error").  Robertson had that opportunity here; he simply decided instead to use it on challenges to Plaintiffs' ownership and authorization of the works he sideloaded.  He should not now be permitted to raise further (untimely) challenges piecemeal that he had every opportunity to raise before.  *See* S.D.N.Y. Local Rule 6.2 ("[u]nless otherwise provided by the

Court or by statute or rule," motions for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion").

When Robertson moved for reconsideration with respect to personal liability for his sideloads, he had already had in his possession for over two years all of the evidence on which Plaintiffs relied at summary judgment (including the relevant analyses of Defendants' databases) to prove such liability in the first instance. Robertson at the time raised myriad challenges to his personal liability, and further submitted testimony by way of a declaration about his own sideloading, *see* Robertson Decl. ¶¶ 25-29, but never once raised the new theory he now seeks to present: that he never sideloaded some of the relevant works in the first place. Indeed, he submitted a declaration admitting and describing in detail his personal downloading and offering excuses for it. *Id*. Thus, Robertson's final bite at the apple is not only a final last-ditch attempt to avoid liability, it is inconsistent with Robertson's own past testimony.

Moreover, unless such evidence and argument are precluded, Plaintiffs will be prejudiced by Robertson's late re-introduction of the question regarding his personal sideloading. With the proposed JPTO already submitted, and Plaintiffs having prepared their disclosures and trial preparation with the expectation that the fact of Robertson's sideloading is not an issue to be tried before the jury, Plaintiffs lack any meaningful opportunity to designate additional documentary and testimony evidence to address the subject. Plaintiffs' expert (Ellis Horowitz) cannot timely disclose a rebuttal report answering Robertson's one-sided and highly misleading criticisms of Horowitz's work (and baseless accusations against him personally). And with the trial date imminent, Plaintiffs simply have no time in which to conduct factual inquiries, depose Robertson or his new (and never-disclosed) technical witness Kyon Son regarding the new

claims in their declarations accompanying Robertson's September 13, 2013 motion *in limine*, or otherwise prepare to address this new issue at trial.

Such last-minute ambushes should be relegated to the world of fanciful courtroom dramas, not a part of our system of justice.  The Federal Rules of Civil Procedure were designed to prevent exactly the sort of behavior to which Robinson has stooped.  *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1063 (2d Cir. 1979) ("The Federal Rules of Civil Procedure carried the discovery principles of Equity into the nation's courts of law in the hope of expediting the litigation process and of transforming the sporting trial-by-surprise into a more reasoned search for truth."); *see also, e.g.*, *Am. Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (noting that the purpose of the federal disclosure rules is "to avoid surprise or trial by ambush") (internal quotation marks omitted); 6 Moore's Federal Practice § 26.23[2][b][ii], at 26–109 (3d ed. 2010) (noting that disclosures should be sufficiently detailed "so as to avoid unfair surprise to the opposing party").  Robertson had every opportunity to make the challenge he makes now at the appropriate time, and he declined to take it, instead waiting until the eve of trial to drop incendiary accusations of fraud upon Plaintiffs on the eve of trial.  This eleventh-hour gamesmanship should not be countenanced.

**B.**    **Robertson's Injection of Issues Regarding his Personal Liability into the Trial Invites Procedural Difficulties and Wastes Judicial Resources.**

The untimeliness of Robertson's addition of issues surrounding his personal liability to the JPTO would lead to convoluted procedural problems that could substantially disrupt preparations for the imminent trial.  Testimony or argument on these issues should be further excluded on that basis.

Plainly, even Robertson finds himself hamstrung by the lateness of his stratagem. Having disclosed no expert testimony or exhibits of his own on the question of his personal

sideloading, he has been forced belatedly to sneak testimony (including undisclosed technical pseudo-expert testimony) in support of this theory into the record under the guise of a motion *in limine*.  Not only is this a manifest end-run around the rules of procedure, it is also a misuse of the Court's and the parties' limited time before trial.

Because discovery has long been closed, Robertson himself cannot put in new evidence to support his reborn claim, nor can he add undisclosed witnesses to the trial that Plaintiffs have not had the opportunity to depose.  *See Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).[3]  Moreover, because the time to disclose expert reports has long passed, Robertson cannot rely on pseudo-expert analysis of Defendants' databases to contest the fact of his personal sideloading at trial.

Recognizing his procedural dilemma, Robertson ignores the Federal Rules of Civil Procedure (as he has ignored the rulings of this Court) and improperly tries to shoehorn such evidence into a motion *in limine*, thus compounding his misuse of the JPTO.  Specifically, Robertson's September 13, 2013 motion to exclude Plaintiffs' expert Ellis Horowitz attached a declaration on various technical aspects of Defendants' database systems from MP3tunes' former Chief Technology Officer Kyong Son, who had never previously been disclosed at all, much less offered to Plaintiffs for deposition.  Given the highly technical nature of Son's testimony, it would have been subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C) if Robertson had sought to present it at trial.  This late disclosure is particularly egregious given that Mr. Son's testimony consists of responding to analyses presented by Plaintiffs' expert Dr. Horowitz in support of summary judgment in October of 2010,

---

[3] Robertson's inability to do so has certainly not stopped him from trying.  *See* Pls.' Mem. of Law in Supp. of Mot. *in Limine* to Preclude Testimony from Undisclosed Third-Party Witnesses, filed herewith.

incorporating in turn data that was appended to Dr. Horowitz's report in June of 2010, and has thus been in Robertson's possession for *over three years*. *See* Son Decl. ¶4.

Although Plaintiffs will respond to Robertson's September 13, 2013 motion *in limine* separately and at the appropriate time, the contortions which Robertson was forced to engage in so as to place such undisclosed evidence before the Court highlight—aside from his complete disregard for the Court's holdings on this topic—the underlying core procedural problem with Robertson's attempt to re-introduce this issue into the case. The Court's prior Orders precluded trial on this issue. The parties thus accordingly had no reason to designate evidence in the JPTO pertaining to it.

Robertson's behavior reflects his overriding contempt for the basic rules that govern the conduct of litigation in the federal courts. Litigants have the right to full discovery. They have the right to receive disclosure of any expert testimony offered against them. They have the right to seek judicial resolution of legal issues prior to trial, thus obviating the need for incurring the costs of trying such issues. They have the right to seek reconsideration of the Court's decisions if their requests satisfy the standards set forth by the rules and case law. Thereafter, they have the right to rely on the Court's rulings in preparing for trial on the remaining issues. In his last-minute designation of an alleged triable issue that is clearly precluded by the prior rulings of this Court and in the submission of his improper, hyperbolic, and unprofessional motion *in limine*, Robertson attempts to turn this proceeding into a free-for-all where any and all arguments are fair game, regardless of procedural rules or the determinations of the Court. The Court should reject such behavior summarily, enforce its prior Orders, and preclude Robertson from circumventing the rules of this Court.

**CONCLUSION**

The Court should not permit Robertson's attempt to re-litigate at trial the issue of liability for Plaintiffs' songs that he personally sideloaded. Thus, the Court should preclude any testimony or argument at trial regarding whether any of the songs Robertson sideloaded were also "actually downloaded" by him.

DATED:   September 18, 2013          Respectfully submitted,

By:   */s Andrew H. Bart*
Andrew H. Bart
Lindsay W. Bowen
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1645
Facsimile:  (212) 891-1699

Steven B. Fabrizio
Luke C. Platzer
J. Douglas Wilson
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:  (202) 661-4819

*Attorneys for EMI Label Plaintiffs*

By:   */s Frank P. Scibilia*
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for EMI Publishing Plaintiffs*