UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,                  :
                                                 :
                   *Plaintiffs*,                :
                v.                             :   07 Civ. 9931 (WHP)
                                                 :
MP3TUNES, LLC and MICHAEL ROBERTSON,             :
                                                 :
                   *Defendants.*               :
------------------------------------------------------------------x

### DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ANY ARGUMENT OR EVIDENCE CONCERNING THE ISSUE OF PERSONAL JURISDICTION OVER DEFENDANT ROBERTSON

Defendant Michael Robertson ("Robertson" or "Defendant"), by and through his counsel, Akerman Senterfitt LLP, respectfully submits this memorandum of law in opposition to Plaintiffs' request for an order *in limine* excluding any argument or evidence concerning the issue of personal jurisdiction over Defendant Robertson (Doc. No. 394) (the "Motion"). The Motion must be rejected out of hand because this Court has already expressly ruled that the issue personal jurisdiction ***must be established by Plaintiffs by a preponderance of the evidence***, either at an evidentiary hearing or at trial.

This motion arises because Defendant correctly states in the Proposed Joint Pre-Trial Order that "[t]he issue of whether this Court has personal jurisdiction over Robertson remains an issue for trial." *See* Proposed Joint Pre-Trial Order, at 12. This is consistent with controlling law and with the prior ruling of this Court that "personal jurisdiction ***must be established [by Plaintiffs] by a preponderance of the evidence***, either at an evidentiary hearing or at trial." *See Capitol Records, Inc. v. MP3tunes, LLC*, 2009 WL 3364036, at *9 (S.D.N.Y. Oct. 16, 2009)

(Doc. No. 120) (emphasis added) (internal quotations omitted), *citing A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993).

Notwithstanding (a) this express ruling by this Court, (b) the fact that personal jurisdiction over Robertson has never been established as a matter of undisputed fact or by a preponderance of evidence, and (c) that there has been no evidentiary hearing or trial to determine the issue of personal jurisdiction, Plaintiffs seek to improperly avoid their burden of proof and to deprive Robertson of his right to a hearing or trial on this issue.  Without citing the applicable standard, and ignoring the prior rulings of this Court, Plaintiffs assert that this Court has already determined that Robertson is subject to the personal jurisdiction of the Court.  **That is simply false**.  Plaintiffs never moved for summary judgment on this issue and this Court never determined the issue of personal jurisdiction by a preponderance of the evidence.  **All this Court has determined is that Robertson did not establish the lack of personal jurisdiction as a matter of undisputed fact**.

Accordingly, determination of the issue of personal jurisdiction must await an evidentiary hearing or trial and evidence relating to the issue of personal jurisdiction is relevant and should be admitted at trial.

I. **Plaintiffs Must Establish Personal Jurisdiction By A Preponderance Of The Evidence At An Evidentiary Hearing Or At Trial**

The Second Circuit has established that where the jurisdictional issue is in dispute, depending on the procedural posture of the litigation, plaintiff's averment of jurisdictional facts will normally be met in one of three ways:

> (1) by a Rule 12(b)(2) motion, which assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency, (2) by a Rule 56 motion, which asserts that there are undisputed facts demonstrating the absence of jurisdiction, or (3) by a request for an adjudication of disputed

>jurisdictional facts, either at a hearing on the issue of jurisdiction or in the course of trial on the merits.

*See Ball v. Metallurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990). Thus, where a defendant challenges the legal sufficiency of jurisdiction, a plaintiff need only aver facts, which, if credited, would suffice to establish a *prima facie* showing of jurisdiction. *See Ball*, 902 F.2d at 197. However, where, as here, the defendant challenges the factual basis of jurisdiction, not just its legal sufficiency, and, where, as here, the record does not reveal undisputed facts demonstrating jurisdiction over the defendant, the court must require an evidentiary hearing at which plaintiff *must* establish jurisdiction by a preponderance of the evidence. *Id.* at 197-98; *see Cheyenne Autumn Inc. v. Mine and Bill's,* 1995 WL 366388, at *2-5 (S.D.N.Y. June 19, 1995) (Court required an evidentiary hearing where the jurisdictional issue turned on which version of the facts the court would accept).

Consistent with *Ball* and *Cayenne Autumn*, this Court has already ruled in this action that "personal jurisdiction ***must be established by a preponderance of the evidence***, either at an evidentiary hearing or at trial." *See Capitol Records,* 2009 WL 3364036, at *9 (emphasis added). Notwithstanding this ruling, and the fact that there has been no evidentiary hearing on the issue of jurisdiction, Plaintiffs assert that this Court, in its several decisions concerning the issue of personal jurisdiction, has determined that it has personal jurisdiction over Robertson such that no evidentiary hear or trial is required. However, as set forth below, this Court's express determinations only establish that (a) Plaintiffs have met a *prima facie* showing of jurisdiction, (b) that Robertson has failed to establish as a matter of undisputed fact that this Court lacks personal jurisdiction of him and that (c) issues of fact have yet to be determined. *See* Transcript, dated July 20, 2012 at 2-8 (Doc. No. 318); *Capitol Records, Inc. v. MP3tunes, LLC*, 2013 WL 1987225, at *8-9 (S.D.N.Y. May 14, 2013) (Doc. No. 368). Accordingly, this Court has yet to

3

determine whether Plaintiffs have established jurisdiction by a preponderance of the evidence and an evidentiary hearing or trial is required.

### A. This Court Has Not Determined That Plaintiffs Have Met Their Burden Of Establishing Jurisdiction By A Preponderance Of The Evidence And Plaintiffs Have Not Been Granted Summary Judgment On Such Issue

Plaintiffs assert that, through several of this Court's decisions, the Court has determined that Robertson is subject to the jurisdiction of this Court such that jurisdiction no longer remains an issue for trial. As set forth above, such a determination may only be made pursuant to either a summary judgment motion ***through which Plaintiffs*** establish the absence of a material fact with respect to the elements necessary to establish jurisdiction or by Plaintiffs establishing, by a preponderance of the evidence, after an evidentiary hearing, that jurisdiction exists over Robertson. *See Ball,* 902 F.2d at 197. However, Plaintiffs have never moved for summary judgment on the issue of jurisdiction and, as set forth below, the decisions of this Court do not determine that Plaintiffs have established jurisdiction by a preponderance of the evidence. In fact, they expressly confirm that Plaintiffs have only made a *prima facie* showing of jurisdiction in response to Robertson's motions and arguments.

On July 31, 2009, Plaintiffs sought to amend the Complaint to add Robertson back into the action after the Court had earlier dismissed the Complaint as against Robertson for lack of personal jurisdiction. *See* Notice of Motion (Doc. No. 92). Plaintiffs supported such motion with, among other things, evidence supplied by the June 2009 deposition testimony of Emily Richards (*See* Plaintiffs' Memorandum of Law in Support of Motion to Amend (Doc. No. 93) at 9-12). In response, Robertson cross-moved to dismiss, and challenged the credibility of Richards' June 2009 deposition testimony by pointing out the contradictions to her April 2008 deposition testimony. *See* Defendant's Memorandum of Law in Support of Motion to Dismiss

(Doc. Nos. 95-96) at 2, 5-9.  While the Court recognized that "[i]t is apparent from these contradictions [comparing Richards' April 2008 deposition testimony and Richards' June 2009 deposition testimony], that Richards was untruthful at one of her depositions", the Court chose to "reach[] no conclusion regarding the impetus for Richards' changed testimony" and decided to "resolve all doubts in Plaintiff's favor…includ[ing] doubts resulting from contradictory testimony provided by the same witness" and "accept as true" Plaintiffs' proffered supporting allegations, and granted Plaintiffs' motion. *Id*. at *7-8.  However, in granting the motion this Court expressly held that:

> [T]his Court notes that while Plaintiffs may have provided evidence sufficient for this Court to grant Plaintiffs' motion, "**[e]ventually personal jurisdiction must be established by a preponderance of the evidence, either at an evidentiary hearing or at trial.**" *Petra Bank,* 989 F.2d at 79–80. Thus, **Robertson will be free to argue at trial** that the evidence does not establish personal jurisdiction by a preponderance of the evidence. And at that time, this Court can consider Richards' credibility in light of the issues raised on this motion.

*Id.* at *9 *(emphasis added)*.  Thus, because of the procedural posture of the case in October 2009, Plaintiffs were required to make only a *prima facie* showing of personal jurisdiction over Robertson.  The decision **did not** establish that this Court had determined personal jurisdiction over Robertson by a preponderance of the evidence and, in fact, stated the opposite: that "[e]ventually personal jurisdiction must be established by a preponderance of the evidence, either at an evidentiary hearing or at trial." *Id.*

Similarly, the Court's December 14, 2009 decision and order denying reconsideration of the October 9, 2009 decision and order, and denying Robertson the right to take an immediate appeal of the order, does not reflect that jurisdiction had been determined by a preponderance of the evidence.  *See Capitol Records, Inc. v. MP3tunes, LLC*, 2009 WL 5102794 (S.D.N.Y. Dec.

14, 2009) (Doc. No. 137).  In denying that motion, the Court simply determined that it did not overlook any proffered evidence or controlling legal authority and determined that "exceptional circumstances" did not exist warranting an immediate appeal. *Id.* at *1-2.

Moreover, this Court's July 2012 decision denying Robertson's motion for summary judgment for lack of jurisdiction and this Court's May 2013 decision denying reconsideration do not reflect that Plaintiffs established jurisdiction by a preponderance of the evidence, only that Plaintiffs proffered evidence in support of jurisdiction that satisfied their *prima facie* burden and that the record did not reveal **undisputed facts demonstrating the absence of jurisdiction** over Robertson.  *See* Transcript, dated July 20, 2012 at 2-8; *see Capitol Records*, 2013 WL 1987225, at *9.

Of course, the standard for defeating a motion for summary judgment, as this Court has noted, is not proof by Plaintiffs by a preponderance of the evidence; it is simply Plaintiffs reliance on evidence which, if credited by the trier of fact, would suffice to establish jurisdiction. *See Capitol Records*, 2013 WL 1987225, at *9.  As the Second Circuit stated in *Ball*, "[i]f the defendant asserts in a Rule 56 motion that undisputed facts show the absence of jurisdiction, the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought."  *See Ball*, 902 F.2d at 197.

> To succeed on such a motion *after discovery on the issue,* plaintiff's prima facie showing:
>
>> must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant. At that point, the prima facie showing must be factually supported.

*Id.* (internal citations omitted).  Consistently, in this Court's May 2013 decision on reconsideration, it expressly recognized this standard and held that:

>> "[W]here the parties have conducted extensive discovery regarding the defendant's contacts with the forum state, but no evidentiary

> hearing has been held, the ***plaintiff's prima facie showing***, necessary to defeat a jurisdiction testing motion, ***must include an averment of facts that, if credited by the ultimate trier of fact,*** would suffice to establish jurisdiction over the defendant." **The record EMI submitted on summary judgment satisfies this burden**. Therefore, this Court adheres to its finding of personal jurisdiction over Robertson.

*Capitol Records,* 2013 WL 1987225, at *9 (emphasis added) (internal brackets and citations omitted).

Therefore, the record is clear that, in deciding Robertson's summary judgment and reconsideration motions, the decisions established nothing other than that Plaintiffs set forth sufficient facts that, if credited by the trier of fact, would suffice to establish jurisdiction over Robertson.

The record is also clear that Plaintiffs never moved for summary judgment on the issue of personal jurisdiction and, as a result, the Court could have only determined that Robertson did not establish the absence of disputed issues of fact warranting the entry of summary judgment in his favor.

Accordingly, because this Court has not conducted an evidentiary hearing on the issue of the Court's personal jurisdiction over Robertson, Plaintiffs' *prima facie* showing has sufficed in response to Robertson's motions and arguments. However, "[e]ventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial." *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 146 (1st Cir. 1995) ("the preponderance standard necessitates a full-blown evidentiary hearing at which the court will adjudicate the jurisdictional issue definitively before the case reaches trial. In that mode, the court will 'consider[] all relevant evidence proffered by the parties and mak[e] all factual

findings essential to the disposition of the motion'") (brackets in the original; internal citations omitted).

Accordingly, the Motion to exclude any argument or evidence concerning the issue of personal jurisdiction must be denied and the issue of personal jurisdiction must be determined at trial.

### B. Law Of The Case Has Not Determined The Issue Of Personal Jurisdiction; On The Contrary, Law Of The Case Is That A Trial On The Issue Of Personal Jurisdiction Is Required

Plaintiffs' argument that law of the case has determined the issue of personal jurisdiction (*see* Pl's Mem. 7-9) is an exercise in Alice through the looking glass.[1] On the contrary, law of the case is that a trial on the issue of personal jurisdiction is required. As set forth above, the law of the case is that "personal jurisdiction [over Robertson] ***must be established by a preponderance of the evidence…at trial***." See *Capitol Records,* 2013 WL 1987225, at *9; *Capitol Records,* 2009 WL 3364036, at *9 (emphasis added).

---

[1] With apologies to Lewis Carroll.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' motion *in limine* to exclude any argument or evidence concerning whether this Court has personal jurisdiction over Defendant Michael Robertson should be denied in its entirety.

Dated: New York, New York  
       October 9, 2013

Respectfully Submitted,

**AKERMAN SENTERFITT LLP**

By: /s/ Ira S. Sacks
Ira S. Sacks
Mark S. Lafayette
Vincent Y. Liu
Jamie B. Robbins
666 Fifth Avenue, 20th Floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Counsel for Defendant Michael Robertson*