# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*, | No. 07 Civ. 9931 (WHP) (FM) |
| *Plaintiffs,* | **ECF CASE** |
| v. | |
| MP3TUNES LLC and MICHAEL ROBERTSON, | |
| *Defendants.* | |

# MEMORANDUM OF LAW IN OPPOSITION TO
# DEFENDANT MICHAEL ROBERTSON'S MOTION *IN LIMINE* TO LIMIT
# <u>PLAINTIFFS' STATUTORY DAMAGES CLAIMS</u>

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................... ii

BACKGROUND ............................................................................................... 3

ARGUMENT ..................................................................................................... 4

   I.  ROBERTSON MAY NOT CHALLENGE OWNERSHIP OF WORKS PROVED AT
      SUMMARY JUDGMENT .......................................................................... 4

   II.  ROBERTSON MAY NOT EXCLUDE OWNERSHIP DOCUMENTATION
      PRODUCED FOLLOWING AND IN ACCORDANCE WITH THE COURT'S
      SUMMARY JUDGMENT OPINION ........................................................ 5

   III. THE FIFTEEN PUBLISHING PLAINTIFFS ADDED TO THIS CASE AFTER THE
      FILING OF THE COMPLAINT ARE NOT BARRED FROM PURSUING
      STATUTORY DAMAGES FOR WORKS INFRINGED BEFORE JULY 28, 2006 ....... 9

      A.  Robertson Waived His Statute of Limitations Argument
          By Failing To Raise It At the Time of Amendment ........................ 9

      B.  The Publishing Plaintiffs' Claims Relate Back To The Original Complaint And Thus
          Are Not Barred By The Statute of Limitations .............................. 11

   IV. ROBERTSON'S OWNERSHIP DISPUTES LACK MERIT AND
      ARE AN UNTIMELY ATTEMPT TO RE-LITIGATE ISSUES
      PRESENTED ON SUMMARY JUDGMENT ............................................ 14

      A.  Robertson's Dispute of Works Owned Pursuant to a Written
          Agreement Fails as a Matter of Law .............................................. 14

      B.  Plaintiffs Are Permitted to Submit Registration Certificates
          That Establish Their Ownership of the Works in Suit .................. 17

      C.  Robertson's Dispute of Works Owned By EMI
          Foreign Affiliates Are Untimely And Lack Merit ........................ 19

   V.  PLAINTIFFS ARE ENTITLED TO INTRODUCE EVIDENCE THAT DEFENDANTS
      USED THE IP ADDRESS FOR MP3TUNES'S OFFICES TO INFRINGE THEIR
      COPYRIGHTS ............................................................................................ 21

CONCLUSION .................................................................................................. 23

**TABLE OF AUTHORITIES**

**CASES**                                                                                                    **PAGE(s)**

*Adhi Parasakthi Charitable, Medical, Education, & Cultural Society of N. America v. Township of West Pikeland*, No. 09-CV-1626, 2010 WL 1047894 (E.D. Pa. Mar. 16, 2010) ...........6

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
   106 F.3d 11 (2d Cir. 1997)..................................................................................11

*Am. Banker's Insurance Co. of La. v. Colo. Flying Academy, Inc.*,
   93 F.R.D. 135 (D. Colo. 1982) ......................................................................13

*Andujar v. Rogowski*,
   113 F.R.D. 151 (S.D.N.Y. 1986) .............................................................11, 12, 13

*Arista Records LLC v. Lime Group LLC*,
   No. 06 CV 5936 (KMW), 2011 WL 1641978 (S.D.N.Y. Apr. 29, 2011) ......................17

*Atkins v. County of Orange*,
   372 F. Supp. 2d 377 (S.D.N.Y. 2005)................................................................8

*B.F. Goodrich v. Betkoski*,
   99 F.3d 505 (2d Cir. 1996)............................................................................6

*Demetriades v. Kaufmann*,
   680 F. Supp. 658 (S.D.N.Y. 1988) ..................................................................16

*EMI Music Marketing v. Avatar Records, Inc.*,
   334 F. Supp. 2d 442 (S.D.N.Y. 2004)................................................................5

*Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*,
   No. 03 Civ. 969 (CSH), 2006 WL 1378467 (S.D.N.Y. May 17, 2006) ...........................7

*Gross v. NYP Holdings, Inc.*,
   06 Civ. 7863, 2007 WL 1040033 (S.D.N.Y. Apr. 4, 2007)..............................................15

*Jones v. Goord*,
   95 Civ. 8026 (WHP), 2000 WL 290290 (S.D.N.Y. March 20, 2000) ..............................11

*Jorgensen v. Epic/Sony Records*,
   351 F.3d 46 (2d Cir. 2003).............................................................................15

*Junior Gallery Ltd. v. Neptune Orient Line*,
   94 Civ. 4518 (DC), 1997 WL 26293 (S.D.N.Y. Jan. 22, 1997) ...........................11, 12, 13

**CASES**                                                   **PAGE(s)**

*Kwan v. Schlein*,
    634 F.3d 224 (2d Cir. 2011)...................................................................14

*Liona Corp., Inc. v. PCH Associates (In re PCH Associates)*,
    949 F.2d 585 (2d Cir. 1991)....................................................................5

*Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand,*
    *LLP*, 322 F.3d 147 (2d Cir. 2003)............................................................5

*Outley v. City of New York*,
    837 F.2d 587 (2d Cir. 1988).....................................................................8

*Scanlon v. Kessler*,
    11 F. Supp. 2d 444 (S.D.N.Y. 1998).......................................................15

*Shady Records, Inc. v. Source Enters., Inc.*,
    No. 03 Civ. 9944(GEL), 2005 WL 14920 (S.D.N.Y. Jan. 3, 2005) ...............19

*Silberman v. Innovation Luggage, Inc.*,
    No. 01 Civ. 7109(GEL), 2003 WL 1787123 (S.D.N.Y. Apr. 3, 2003) ...........19

*Sygma Photo News, Inc. v. High Society Magazine, Inc.*,
    778 F.2d 89 (2d Cir. 1985).....................................................................16

*Urbont v. Sony Music Entertainment*,
    863 F. Supp. 2d 279 (S.D.N.Y. 2012).....................................................14

**STATUTES**

Fed. R. Civ. P. Rule 15(c)..................................................................11, 12, 13

Fed. R. Evid. 902 ......................................................................................7

17 U.S.C. § 409(5) ...................................................................................16
    § 410(c)..........................................................................................15

**TREATISES**

3 Melville B. Nimmer, *Nimmer on Copyright* § 12.11[C] (2012)..................16

6 Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1501 (1st ed.
    1971 & Supp. 1986)............................................................................12

Defendant Michael Robertson's motion *in limine* seeking to limit Plaintiffs' statutory damages claims raises a smorgasbord of disparate but consistently baseless challenges to Plaintiffs' ownership and registration of the works in suit.  Consistent with Robertson's overall approach to this litigation, and specifically his misuse of the motion *in limine* process, many of the various challenges in his omnibus motion are thinly-veiled attempts to re-litigate ownership and registration questions the Court has already decided and on which Robertson failed to seek reconsideration.

Specifically, this Court has already held (1) that Plaintiffs own the works listed on their summary judgment declarations, and (2) that Plaintiffs may prove at trial ownership of works at issue that were not listed on their summary judgment declarations.  Nonetheless, Robertson's motion blithely proceeds to act as if neither of those holdings existed, seeking to exclude evidence and arguments that were authorized directly by the Court's rulings and instructions. Robertson must not be permitted to use the motion *in limine* process as another opportunity to challenge holdings he does not like.

As noted above, the Court's summary judgment decision expressly permits Plaintiffs to adduce further evidence of ownership as to the works not resolved by summary judgment.  This holding renders moot Robertson's meritless argument that the identification of such proof promptly following the decision is "untimely."  Moreover, the submission of this additional proof cannot possibly prejudice Robertson.  The vast majority of these documents are copyright registration certificates which are public record documents and self-authenticating.  Moreover, Robertson has had many of these documents since as far back as 2009.  *See* Def.'s Mem. Supp. Mot. to Limit Pls.' Statutory Damages Claims (Dkt. No. 418) ("Mot.") at 5-6.  Finally, there is no further discovery he could have taken to challenge Plaintiffs' copyright registrations and

chain-of-title documentation in any event: they are conclusive proof of ownership.   Indeed, Robertson was unable to challenge any of the registration certificates or ownership documents produced prior to summary judgment that were identified on the Plaintiffs' declarations in support of summary judgment and which this Court credited.  Robertson has provided no reason to believe he would be able to mount any challenge to the additional registration certificates and ownership documents.

Robertson's other miscellaneous challenges fare no better.   For instance, Robertson argues that some of the Publishing Plaintiffs' claims regarding infringements of their works are time-barred.  This argument not only ignores that the Court already denied Robertson's previous motion to dismiss the additional Publishing Plaintiffs' claims *in 2009*, but also that the "relation-back" rule defeats Robertson's argument as a matter of law.   Robertson also frivolously claims that the majority of the copyright registrations listing the Publishing Plaintiffs as claimants (and thus, evidencing their ownership of works at issue) should be excluded because the Publishing Plaintiffs did not produce the songwriting agreements pursuant to which the Publishing Plaintiffs' acquired rights to the works from the authors.  Again, this argument is meritless.  The Court has already determined that Publishing Plaintiffs own most of those works, and the certificates themselves are *prima facie* evidence of ownership irrespective of whether the claimant acquired the rights by assignment.  Combined with "a brief statement of how claimant obtained ownership of the copyright," this shifts the burden to Robertson to disprove ownership, which he has not done.

As with a number of his other *in limine* motions, Robertson also misuses this motion as a vehicle to seek summary judgment.  He effectively seeks summary judgment as to a number of infringing acts committed through MP3tunes accounts that signed in from the IP address

associated with Robertson's companies' offices on the grounds that the specific users of those accounts were not established on summary judgment. However, not only is the motion *in limine* an inappropriate and untimely mechanism for seeking such a ruling, this Court has specifically held that whether infringements were committed by MP3tunes personnel in the course of their duties is a disputed fact to be determined by the jury at trial. Robertson may not seek reconsideration of that decision by motion *in limine*. Moreover, although Plaintiffs did not seek summary judgment that sideloads from Defendants' IP address were committed by Defendants' employees (they did seek summary judgment as to sideloads from admitted employee accounts), Plaintiffs have sufficient evidence from which *the jury* could reach that conclusion, and Plaintiffs should be permitted to present that evidence at trial.

Additionally, Robertson seeks to preclude the admission of copyright registrations for pre-1972 works and works that were infringed prior to their registration with the Copyright Office on the irrelevant basis that these sound recordings are ineligible for statutory damages. This is not a proper reason for preclusion. Copyright registrations are relevant evidence of ownership regardless of whether the particular work is eligible for statutory damages. As undeniably relevant evidence that Plaintiffs own these works, these registrations may not be excluded by motion *in limine*. The issue of whether a particular work is eligible for statutory damages is a pure question of law not properly presented by a motion *in limine*.

For all of these reasons, the exclusion of evidence sought by Robertson in his omnibus motion *in limine* should be denied.

## BACKGROUND

Plaintiffs proved their ownership of the majority of works at issue in this case (*i.e.*, those listed on the McMullan and Ashby Declarations) at summary judgment. Oct. 25, 2011 Am. Mem. & Order (Dkt. No. 276) at 26 ("Summary Judgment Opinion" or "Summ. J. Op."). As the

Court held in that Order, "[t]here is no genuine dispute as to whether EMI owns the copyrights listed in its supporting declarations." *Id*.

The Court went further and specifically held that Plaintiffs would have the opportunity at trial to prove their ownership of works *not* listed on the declarations. *Id*. at 26 n.1. ("[f]or those songs not listed" on Plaintiffs' declarations "ownership remains a disputed issue *requiring further proof*") (emphasis added). Robertson did not seek reconsideration of either of these holdings when he had the opportunity. *See* Nov. 12, 2012 Robertson's Mem. Supp. of Reconsideration (Individual Liability & *Viacom* Issues) & for Summ. J. (Vicarious Liability) (Dkt. No. 340).

In accordance with the Summary Judgment Opinion, Plaintiffs identified and produced to Robertson's counsel relevant copyright registrations and other ownership documents after the decision on the summary judgment motions. *See* Sept. 19, 2013 Decl. of Ira Sacks in Supp. Mots. in Limine (Dkt. Nos. 432 & 433) ("Sacks Decl."), Exs. J & AE. These documents were identified in the Joint Pre-trial Order. *See* Aug. 30, 2013 Joint Pre-trial Order, Exs. C1 & C2 (hereinafter "JPTO").

## **ARGUMENT**

## I.   **ROBERTSON MAY NOT CHALLENGE OWNERSHIP OF WORKS PROVED AT SUMMARY JUDGMENT.**

As discussed above, this Court has already determined that the Plaintiffs proved ownership of all works identified in the McMullan and Ashby Declarations at summary judgment. Summ. J. Op. at 26 & n.1. Refusing to accept the finality of this ruling or the Court's authority to conclusively resolve these issues, Robertson now seeks to exclude 328 copyright certificates and other ownership documents that include works identified on McMullan Exhibits A or B or Ashby Exhibits A or B. *See* Oct. 9, 2013 Declaration of M. Mona Simonian

("Simonian Decl.") ¶¶ 2-4. This Robertson cannot do. He had the opportunity at summary judgment and again on reconsideration to challenge the Court's ruling and he did not. He cannot seek reconsideration at this late date through the inappropriate procedural vehicle of a motion *in limine*.

Ownership of works cited in the McMullan and Ashby Declarations was settled at summary judgment and is now the law of the case. The law of the case doctrine posits that when a court resolves an issue of fact or law, that decision should continue to govern the same issues in subsequent stages in the same case. *Liona Corp., Inc. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 592 (2d Cir. 1991); *EMI Music Mktg. v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 444 (S.D.N.Y. 2004). The doctrine is based on the principle that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quotation marks omitted).

## II. ROBERTSON MAY NOT EXCLUDE OWNERSHIP DOCUMENTATION PRODUCED FOLLOWING AND IN ACCORDANCE WITH THE COURT'S SUMMARY JUDGMENT OPINION.

Robertson's request to exclude ownership documentation produced after the Summary Judgment Opinion is yet another improper attempt to re-litigate past decisions of this Court. In both its Summary Judgment Opinion and its Order on reconsideration, the Court explicitly held that Plaintiffs shall be permitted to prove ownership of works up to and during trial. *See*, *e.g.*, Summ. J. Op. at 26 & n.1 ("For those songs not listed, ownership remains a disputed issue *requiring further proof*, and cannot be resolved on summary judgment.") (emphasis added); May 14, 2013 Mem. & Order (Dkt. No. 368) at 12 n.1 ("Reconsideration Opinion" or "Recons. Op.") ("To the extent EMI failed to list the artist of any cover art registered on a form SR, copyright ownership is a disputed issue *that must proceed to trial*.") (emphasis added); *id*. at 13

("However, this Court finds that Robertson has *created an issue of fact* as to EMI's ownership of the copyrights for two of the songs he sideloaded . . . because Plaintiffs did not provide registrations for those copyrights.") (emphasis added).  This language clearly contemplates the trial of these issues including evidence not presented on summary judgment.  In fact, this Court's Revised Scheduling Order, dated June 13, 2013, explicitly directs Plaintiffs to "identify tracks, copyright and evidence added" by the Court's Reconsideration Opinion.[1]

Consistent with this Court's orders, the Plaintiffs produced additional copyright registration certificates and other ownership documents to the Defendants in order to prove ownership of works whose ownership was not yet established at summary judgment.  Despite the Court's clear statement that Plaintiffs have the opportunity to prove their ownership of works not listed in the summary judgment declarations, Robertson now seeks to preclude them at trial simply because they were produced after the close of discovery in 2010.  Robertson's Mem. Supp. Mot. in Limine to Limit Statutory Damages Claims (Dkt. No. 418) at 3-6 ("Stat. Damages Mot.").

The fact that Plaintiffs produced some of these documents after the close of discovery has no relevance to their use at trial.  The Court's Summary Judgment Opinion explicitly contemplated their introduction at trial and Robertson is wholly unable to show any prejudice from the timing of the production.  The case law is clear that when a party knows that a class of documents is relevant and will be produced at trial, it bears the burden of identifying prejudice if

---

[1] Indeed, this Court has discretion to modify previous discovery orders, expressly or implicitly, as the case proceeds.  *See B.F. Goodrich v. Betkoski*, 99 F.3d 505, 523 (2d Cir. 1996) ("A trial court necessarily has wide discretion in managing pre-trial discovery."); *Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc'y of N. Am. v. Twp. of West Pikeland*, No. 09–CV–1626, 2010 WL 1047894, at \*7 (E.D. Pa. Mar. 16, 2010) (court implicitly modified initial scheduling order through subsequent order).

some of those documents are produced after the close of discovery. *See Gary Price Studios, Inc. v. Randolph Rose Collection, Inc.*, No. 03 Civ. 969 (CSH), 2006 WL 1378467, at *2 (S.D.N.Y. May 17, 2006) (in copyright case, allowing defendants to use exhibits produced after discovery deadline where plaintiffs were on notice that defendants planned to introduce "the sort of documents" of which the late-disclosed documents were "exemplars," and plaintiffs failed to point to "any specific prejudice that might ensue"). Robertson can show no such prejudice.

Although Robertson complains that he has been prejudiced by the late introduction of copyright registration certificates and ownership documents, he fails to articulate any plausible argument demonstrating any such prejudice. *See* Stat. Damages Mot. at 5. First, he argues that he was unable to "engage in any discovery with respect to copyright certificates which were produced after the close of discovery." *Id.* However, that argument is pure rhetoric and fails to show how any discovery could be relevant here. Copyright registrations are self-authenticating public records demonstrating ownership. *See* Fed. R. Evid. 902. There is nothing further to discover. Indeed, Judge Maas confirmed this point and rejected the very argument Robertson is making here earlier in this case. When Defendants sought during discovery to seek additional discovery regarding Plaintiffs' ownership of the works in suit, Judge Maas characterized the request as a "fishing expedition" and denied it. Nov. 2, 2009 Endorsed Letter (Dkt. No. 126). In fact, Robertson was unable (and, indeed, never even tried) to mount any challenge to any of the registration certificates or ownership documents that were produced prior to the summary judgment motions and which were identified on the summary judgment declarations that this Court credited. He has provided no reason to believe he would be able to mount any challenge to such ownership evidence now, even were he provided with any additional discovery.

7

Equally unavailing is Robertson's claim that the timing of the production prevented him from "attempt[ing] to prove that the sideloading of such songs was authorized." Stat. Damages Mot. at 5. Robertson has known for years which files on the MP3tunes system Plaintiffs claim were infringing irrespective of whether Plaintiffs had produced complete documentation proving their ownership over such works. Therefore, he had ample opportunity to seek discovery relating to the exploitation of these works. Moreover, this Court has twice rejected Robertson's arguments that Plaintiffs impliedly licensed the uses at issue or abandoned their copyrights by permitting promotional downloads.[2] Accordingly, this is another brazen attempt to re-litigate conclusive and final rulings of this Court. Indeed, it is telling that Robertson has no shame in alleging that he has been prevented from making an argument he has made repeatedly (and that this Court has rejected repeatedly) over the course of this litigation.

Robertson's further claim that Plaintiffs violated discovery orders is patently false. His allegation rests on a self-serving, selective reading of the discovery record, while disregarding this Court's later dispositive decisions.[3] While Magistrate Judge Maas did grant Defendants' request for permission to file a motion to preclude on June 17, 2009, *see* Sacks Decl., Ex. H, the Defendants expressly withdrew their request on June 24, 2009 due to Plaintiffs' production, *see* Sacks Decl., Ex. F. The documents Robertson identifies simply do not support his claim that Plaintiffs violated discovery orders. And once again, Robertson is attempting to re-open matters

---

[2] Indeed, Plaintiffs have sought to preclude Robertson from making this argument at trial. *See* Pls.' Sept. 18, 2013 Mem. Supp. Mot. In Limine to Preclude Evid. Regarding Promotional Downloads (Dkt. No. 426).

[3] Even assuming a violation, Defendants' failure timely to seek relief should act as a waiver to this motion, especially when many of the documents to which Robertson objects were produced *years* before trial. *See Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988) (preclusion not appropriate where defendant "sought the most drastic remedy," instead of requesting other relief at an earlier date); *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 397 (S.D.N.Y. 2005) ("[A]ny prejudice is a result of [defendants'] tactical decision to wait until a few months before trial to seek preclusion.").

long settled.  *See* Recons. Op. at 14 (rejecting Robertson's attempt to "revisit earlier discovery disputes").

For all of these reasons, Robertson's request that Plaintiffs be precluded from introducing copyright certificates and other ownership documents produced after summary judgment must be denied.

**III.    THE FIFTEEN PUBLISHING PLAINTIFFS ADDED TO THIS CASE AFTER THE FILING OF THE COMPLAINT ARE NOT BARRED FROM PURSUING STATUTORY DAMAGES FOR WORKS INFRINGED BEFORE JULY 28, 2006.**

In yet another attempt to re-litigate issues that have already been decided by this Court, Defendant Robertson now tries resurrect a four-year-old issue – *i.e.*, the amendment of the caption to include certain EMI Publishing Plaintiffs that are the owners of record for certain of the works at issue – in a last-ditch effort to limit his own exposure.  Ignoring that the Court already denied Defendants' previous motion to dismiss the additional Publishing Plaintiffs' claims ***in 2009***, Robertson, on the eve of trial, has now fabricated a new but equally meritless argument to try to exclude these Plaintiffs' claims.  Robertson now asserts, for the first time since the additional Plaintiffs were added, that their claims are, at least in part, barred by the statute of limitations.  In making this argument, Robertson ignores not only the procedural history that led to the amendment of the Complaint adding the additional Plaintiffs, but also clear legal authority allowing relation-back of the additional Plaintiffs' claims to the date of the original complaint.  Robertson's newly asserted argument fails as a matter of law.

**A.    Robertson Waived His Statute of Limitations Argument By Failing To Raise It At the Time of Amendment.**

On November 9, 2007, various music publishing entities, collectively doing business as EMI Music Publishing, together with various record labels affiliated with EMI Music North America, filed the original complaint in this action.  Over a year and a half later, on April 23,

2009, Robertson and MP3tunes turned over MP3tunes' uncorrupted server data and source code (only after having been ordered to do so by the Court) that permitted Plaintiffs to determine the precise universe of musical compositions and sound recordings that had been infringed by Defendants. Promptly upon receiving and reviewing the data, the original EMI Publishing Plaintiffs requested that Defendants consent to add as additional plaintiffs certain affiliated companies under the EMI Music Publishing umbrella that are the entities that, at the relevant time, owned or controlled compositions revealed in the server data to have been infringed.[4]

Because Defendants ignored the request, the Publishing Plaintiffs sought this Court's leave to conform the pleadings to the proof by adding the additional EMI Music Publishing entities as plaintiffs. Dkt. 86. Defendants then opposed the request, claiming that there was undue delay in seeking the amendment but did not at any time claim that the additional Plaintiffs' claims would be barred by the statute of limitations. This Court granted the request and allowed such amendment. Dkt. 88.

Subsequently, the Court allowed Defendants to move to dismiss the amended pleading. Once again, in making their motion to dismiss, Defendants did not argue that the statute of limitations barred the claims of the additional Publishing Plaintiffs. Indeed, their motion was based on several different legal theories, but at no time did they raise a statute of limitations defense. Nonetheless, the Court properly denied Defendants' motion to dismiss the complaint

---

[4] As the Publishing Plaintiffs pointed out in their request for leave to amend the pleadings, EMI Music Publishing, for reasons that have to do with the nature of music publishing, holds its copyrights in dozens of separate corporate entities all of which are under the EMI Music Publishing umbrella. (These entities have no function other than to hold the copyrights in specific musical compositions.) Accordingly, EMI Music Publishing could not identify all of the corporate entities which needed to be named as plaintiffs in this action until it could first identify all of the songs that had been infringed by MP3tunes, which it could not do until MP3tunes produced its server data. *See* Dkt. No. 86.

and the additional parties.  *Id.* Dkt. 120.  Robertson cannot now, on the eve of trial, resurrect this issue in an attempt to obtain a different result and exclude the additional Plaintiffs' claims.

### B.    The Publishing Plaintiffs' Claims Relate Back To The Original Complaint And Thus Are Not Barred By The Statute of Limitations.

Most importantly, Robertson's newly fabricated statute of limitations argument fails as a matter of law because the additional Publishing Plaintiffs' claims relate back to the date of the original complaint.  In amending the pleadings, the Publishing Plaintiffs made clear that the only modification to the First Amended Complaint was the inclusion of the additional Plaintiffs.  No alterations or amendments were made to any of the substantive allegations in the pleading.  Indeed, the amended pleading was *identical* to the original complaint filed in this action save for the caption and the identification of each additional Publishing Plaintiff.  Simonian Decl., Ex. A.

Because no changes were made to the substantive allegations, there is no question that under Rule 15(c) of the Federal Rules of Civil Procedure, the claims of the additional Publishing Plaintiffs relate back to the date of the original pleading, and thus, are not time barred in any respect.  Under Fed. R. Civ. P. Rule 15(c) an amendment adding a new plaintiff[5] relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading," and defendants had notice of the original action and are not prejudiced in their defense on the merits.  Fed. R. Civ. P. 15(c); *Junior Gallery Ltd. v. Neptune Orient Line*, 94 Civ. 4518 (DC), 1997 WL 26293, at *6 (S.D.N.Y. Jan. 22, 1997).

---

[5] While Fed. R. Civ. P. 15(c) refers only to "chang[ing] a party," courts have long held that it is to be interpreted to include the addition of parties.  Similarly, while the Rule only refers to amendments changing the party against whom a claim is asserted, the rule applies to the adding or changing of plaintiffs as well.  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997); *Junior Gallery Ltd. v. Neptune Orient Line,* 94 Civ. 4518 (DC), 1997 WL 26293, at *6 (S.D.N.Y. Jan. 22, 1997); *Andujar v. Rogowski*, 113 F.R.D. 151, 154 n.4 (S.D.N.Y. 1986); *see also Jones v. Goord*, 95 Civ. 8026 (WHP), 2000 WL 290290, at *3 (S.D.N.Y. March 20, 2000).

Here, there is no question that the amended pleading arose out of the conduct, transaction or occurrence set forth in the original complaint since the substantive allegations in the First Amended Complaint were *identical* to the allegations set forth in the original Complaint. In addition, Robertson cannot deny that he had notice of the original action as he was a named defendant who has appeared in and participated in the action since its commencement. *See Junior Gallery*, 1997 WL 26293, at *6 (holding that the institution of the original suit meets the Rule 15(c) requirement when the proposed amendment adds a plaintiff who asserts in interest in the claim already before the court); *Andujar v. Rogowski*, 113 F.R.D. 151, 155 (S.D.N.Y. 1986) (same).

Because the requirements of "relation back" under Fed. R. Civ. P. 15(c) have indisputably been satisfied, Robertson cannot now claim that the additional Publishing Plaintiffs are time barred from asserting the same infringement claims as the original Publishing Plaintiffs, over the same time period. Indeed, courts in this Circuit have explicitly held that "[a]s long as a defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the actions against him, he will not be prejudiced by the addition of a new plaintiff and thus *should not be allowed to raise a limitations defense*." *Andujar*, 113 F.R.D. at 155 (quoting 6 Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1501 (1st ed. 1971 & Supp. 1986)) (emphasis added); *Junior Gallery*, 1997 WL 26293, at *6 n.4 (same). Robertson was certainly apprised of the claims asserted against him by the additional Publishing Plaintiffs, as they are identical to the claims asserted in the original action. And Robertson is not prejudiced by the additional Publishing Plaintiffs' claims, as he has had a full and fair opportunity to litigate and defend against them for the last four years, and indeed, has done so through to trial. *See Junior Gallery*, 1997 WL 26293, at *5 ("Because each of the proposed

12

additional plaintiffs asserts claims that are identical to, or a subset of, those claims made by the original plaintiff . . . and because those claims arise from the very same incident, defendants face no prejudice in defending the claims."); *Andujar*, 113 F.R.D. at 158 (holding that defendants face no prejudice where each of the three additional plaintiffs asserted claims identical to those made by the original four plaintiffs that arose from the very same incident); *Am. Banker's Ins. Co. of La. v. Colo. Flying Academy, Inc.*, 93 F.R.D. 135, 136-37 (D. Colo. 1982) (holding that defendants would not be prejudiced by addition of new plaintiffs where the amended complaint contained almost identical allegations as the original complaint).

In light of the foregoing, and the clear law of Fed. R. Civ. P. 15(c), Defendants cannot assert a statute of limitations defense against the inclusion of claims by the additional Publishing Plaintiffs, as such claims relate back to the date of the original complaint filed in November 2007. *Junior Gallery*, 1997 WL 26293, at *6 (holding that additional plaintiffs' claims relate back to the date of the original complaint, and thus, are not time barred); *Andujar,* 113 F.R.D. at 158-59 (allowing amendment of plaintiffs whose claims would otherwise be time-barred under the statute of limitations where the amendments met the requirements of Rule 15(c) and thus, related back to the original complaint); *Am. Banker's*, 93 F.R.D. at 136-37 (holding that the date of the amended complaint which added an additional plaintiff but was otherwise identical to the original complaint, related back to the date of the original complaint).  Accordingly, the claims of infringement for all works owned or controlled by the additional Publishing Plaintiffs, like the original Plaintiffs in this case, extend back three years from the date of the original complaint – *i.e.*, from November 9, 2007.[6]

---

[6] Robertson seeks to preclude any claims of the additional Publishing Plaintiffs' with respect to works that were *first* sideloaded prior to July 28, 2006.  Robertson's argument ignores that many if not all of these works continued to be sideloaded *after* July 28, 2006.  Thus, even if

## IV.  ROBERTSON'S OWNERSHIP DISPUTES LACK MERIT AND ARE AN UNTIMELY ATTEMPT TO RE-LITIGATE ISSUES PRESENTED ON SUMMARY JUDGMENT.

### A.  Robertson's Dispute of Works Owned Pursuant to a Written Agreement Fails as a Matter of Law.

In yet another baseless argument, Robertson claims that the majority of the copyright registrations listing the Publishing Plaintiffs as claimant – and thus evidencing the Publishing Plaintiffs' ownership of the works at issue – should be excluded because the Publishing Plaintiffs did not produce the songwriting agreements pursuant to which the Publishing Plaintiffs acquired ownership rights to the works from the authors.  Robertson's argument fails, not only because this Court has already determined that the Publishing Plaintiffs have sufficiently proven ownership for the majority of the works identified, but also because, as a matter of law, the copyright certificates identified are sufficient to establish the Publishing Plaintiffs' ownership of the works absent any evidence to the contrary (which Robertson has not even attempted to provide).

First, as has been the theme for nearly all of Robertson's motions *in limine*, this Court has already found on summary judgment that the Publishing Plaintiffs own the majority of the works which Robertson now seeks to exclude under his meritless "By Agreement" argument.  As set forth above, this Court explicitly held that for each work listed on the exhibits to the Declaration

---

Robertson's arguments were not completely barred by the relation back doctrine or this Court's prior decisions (which they are), the additional Publishing Plaintiffs can recover for any infringement of any work sideloaded prior to July 28, 2006 that was sideloaded one or more times subsequent to that date, because each act of infringement triggers a separate claim for relief.  *See Urbont v. Sony Music Entm't*, 863 F. Supp. 2d 279, 283 (S.D.N.Y. 2012) ("Whereas an ownership claim accrues only once, each act of infringement triggers a separate claim for relief and thus a separate accrual period attendant to that claim."); *see also Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) ("An ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right. . . .  By contrast, an infringement action may be commenced within three years of any infringing act.") (internal quotation marks omitted).

of Audrey Ashby submitted in support of Plaintiffs' summary judgment motion, ownership had been proven and there was no genuine dispute that the Publishing Plaintiffs owned the works. Summ. J. Op. at 26. Robertson cannot now try to exclude the evidence of ownership under a new and untimely theory after the Court has already determined that ownership has been proven.

But even if this Court entertained Robertson's belated attempt to exclude these copyrights, Robertson's theory – that to prove ownership the Publishing Plaintiffs must provide underlying agreements between the author and the Publishing Plaintiff listed as the copyright claimant – fails as a matter of black letter law. It cannot be disputed that a certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright. 17 U.S.C. § 410(c); *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003); *Gross v. NYP Holdings, Inc.*, 06 Civ. 7863, 2007 WL 1040033, at *2 (S.D.N.Y. Apr. 4, 2007). Robertson does not, because he cannot, dispute that one or more Publishing Plaintiffs are listed as the claimant on each of the copyright registrations he claims should be excluded. Accordingly, the Publishing Plaintiffs have established a presumption of ownership. *Gross*, 2007 WL 1040033, at *2.

Because the Publishing Plaintiffs have established *prima facie* evidence of ownership of the works, the burden shifts to Robertson to prove that the Publishing Plaintiffs are not the owners. *See, e.g., id.* at *5 ("A party's proffer of its certificate of copyright registration thus shifts the burden of proving the invalidity of the copyright.") (quotation marks omitted). But, just as he did on summary judgment, Robertson has failed to offer any evidence whatsoever that the Publishing Plaintiffs do not own these works. As such, the Publishing Plaintiffs' ownership is sufficiently established through the copyright registrations listing them as a claimant. *See, e.g., Scanlon v. Kessler*, 11 F. Supp. 2d 444, 447 (S.D.N.Y. 1998) (holding plaintiff's certificate

of registration established her ownership of the work at issue where defendants did not meet their burden of demonstrating invalidity).

Because Robertson cannot set forth any evidence that the copyright certificates are invalid, he instead focuses on the fact that the Publishing Plaintiffs, in compliance with 17 U.S.C. § 409(5), set forth on their copyright registrations that they obtained ownership of the copyright "by virtue of written agreement." Mot. at 16. Robertson argues that, by not proffering each of the songwriter agreements referenced in their copyright registrations, the Publishing Plaintiffs cannot establish ownership. This is simply not the law.

The well-settled principal that a copyright registration constitutes *prima facie* evidence that the claimant owns the copyright and possesses proper chain of title applies with equal force when the claimant obtained its rights by an assignment from the author. *See, e.g., Sygma Photo News, Inc. v. High Soc'y Magazine, Inc.,* 778 F.2d 89, 92 (2d Cir. 1985) (Section 410(c)'s "presumption of validity and of compliance with all formalities applies to an assignee, such as Sygma, who makes the first registration of a claim of statutory copyright in his name. Appellants therefore bear the burden of proof, and they have failed to satisfy it") (citation omitted); *Demetriades v. Kaufmann,* 680 F. Supp. 658, 661 (S.D.N.Y. 1988) (same). By following the statutory requirements of 17 U.S.C. 409(5) and including "a brief statement of how claimant obtained ownership of the copyright" the plaintiff causes the defendant to bear the burden of disproving plaintiff's chain of title. 3 Melville B. Nimmer, Nimmer on Copyright § 12.11[C], at 12-209 (2012) (quoting 17 U.S.C. § 409(5)).

Thus, absent any evidence from Robertson rebutting that presumption, Plaintiffs do not bear the additional burden of having to provide the chain of title evidence for those works where it is the named claimant on the copyright registration. Rather, the copyright registration itself is

*prima facie* evidence that the written agreement provided the Publishing Plaintiffs with ownership rights. *See, e.g.*, Simonian Decl., Ex. B. Again, Robertson has not produced a shred of evidence that casts doubt on the Publishing Plaintiffs' ownership or valid acquiring of its rights "by virtue of written agreement." Mot. at 16. Accordingly, the Publishing Plaintiffs have carried their burden of demonstrating ownership via the copyright certificates listing them as the claimants.

Indeed, most telling is that Robertson fails to cite a single case that supports his concocted theory. The only case Robertson does cite to support his distorted view of copyright law, *i.e.*, *Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936 (KMW), 2011 WL 1641978 (S.D.N.Y. Apr. 29, 2011), is inapposite. In *Arista*, the plaintiffs were claiming ownership of certain works "based on assignments of, or grants of an exclusive license." 2011 WL 1641978, at *5. Unlike here, the works in *Arista* were not registered in the name of the plaintiffs, but were pre-1972 sound recordings "originally owned by other entities," for which plaintiffs failed to produce proper chain of title evidence in the form of transfers, assignments or other writings. *Id*. Thus, the plaintiffs in that case had not established *prima facie* evidence of ownership, and had failed to produce any other evidence of ownership. Here, on the other hand, the Publishing Plaintiffs have produced clear and unrebutted *prima facie* evidence of ownership in the form of registration certificates on which they are listed as claimants. Accordingly, Robertson's attempt to exclude such copyright certificates fails as a matter of law.

### B. Plaintiffs Are Permitted to Submit Registration Certificates That Establish Their Ownership of the Works in Suit.

Plaintiffs are plainly allowed to introduce copyright registrations as evidence of their ownership of works in suit. Nonetheless, Robertson's motion improperly seeks to preclude

copyright registration certificates relevant to Plaintiffs' ownership of these works in suit that are not eligible for statutory damages. This argument is manifestly baseless.

First, Robertson argues that the Court should exclude copyright registration certificates that include pre-1972 recordings as part of compilation albums. There is absolutely no legal support for such an argument. Indeed, Robertson's argument is based on a completely unfounded assumption that Plaintiffs' designation of compilation registration certificates that include pre-1972 recordings means that Plaintiffs intend to use these certificates to seek statutory damages for those pre-1972 recordings. Stat. Damages Mot. at 11-12. This assumption is false. The parties do not dispute that statutory damages for pre-1972 recordings are not available. *Id*. However, these registration certificates are still relevant to Plaintiffs' *ownership* of the pre-1972 recordings at issue in this case because they are copyright registrations for re-issued pre-1972 works.[7] Plaintiffs are unquestionably entitled to prove the ownership and infringement of their copyrighted works for the purposes of seeking actual damages (as to pre-1972 works) as well as declaratory and injunctive relief. As such, Robertson's request to exclude these registration certificates must be denied.[8]

Robertson makes a similarly misguided effort to exclude copyright certificates that reflect a registration date later than the most recent infringement of the covered work. Stat. Damages Mot. at 7-9. Whether or not statutory damages will in fact be available for each work infringed will turn on the jury's conclusions at trial about when the relevant acts of infringement took

---

[7] The registrations listed by Defendant in Sacks Exhibit R are associated with either reissues of albums released prior to 1972 (PX 1004; PX 1162) or "greatest hits" compilation albums consisting of recordings released prior to 1972 (PX 1003; PX 1165).

[8] Robertson's challenge to the admissibility of these relevant copyright registrations is also pointless, because Plaintiffs have *also*, in addition to the registrations, produced and designated as trial exhibits the recording contracts that establish their ownership of the underlying pre-1972 recordings on the albums he challenges. *See* PX 501 & 502 (Fats Domino recording contracts); PX 1198 (Frank Sinatra recording contracts).

18

place. However, Robertson again jumps to the conclusion that Plaintiffs will necessarily rely on their registrations to seek statutory damages if none are available for specific works, ignoring the fact that the certificates are independently admissible for another purpose: to show Plaintiffs' ownership of the relevant sound recordings. As with pre-1972 recordings, Plaintiffs are permitted to establish ownership and infringement of the copyrighted works covered by these registrations for the purpose of obtaining declaratory and injunctive relief from Robertson's infringement. *See Shady Records, Inc. v. Source Enters., Inc.*, No. 03 Civ. 9944 (GEL), 2005 WL 14920, at *3-4, *16, *22-23 (S.D.N.Y. Jan. 3, 2005) (accepting certificate of registration, filed after first act of infringement, as evidence of ownership as to claims for actual damages and injunctive relief); *Silberman v. Innovation Luggage, Inc*., No. 01 Civ. 7109 (GEL), 2003 WL 1787123, at *1, *6 (S.D.N.Y. Apr. 3, 2003) (same with respect to certificate filed more than five years after publication of the work). As a result, Robertson's request to exclude these certificates must also be denied.

### C.    Robertson's Dispute of Works Owned By EMI Foreign Affiliates Are Untimely And Lack Merit.

Robertson's attempt to exclude certain of the Publishing Plaintiffs works at issue on the grounds that they are owned by an EMI foreign affiliate[9] also fails. First, Robertson once again seeks to re-litigate issues already decided, trying to mask his second run at summary judgment as a motion *in limine*. But Robertson cannot avoid the fact that this Court already determined that the Publishing Plaintiffs have sufficiently demonstrated ownership of each and every one of the works Robertson now challenges. In its Summary Judgment Opinion, this Court determined in no uncertain terms that the Publishing Plaintiffs had proven that they owned each of the works

---

[9] Each of the works identified in Sacks Exhibit V list EMI April Music (Canada) Ltd. and/or EMI Blackwood (Canada) Music Ltd., which are foreign affiliated entities of Plaintiffs EMI April Music, Inc. and/or EMI Blackwood Music, Inc., respectively.

listed on the Ashby Declaration submitted in support of Plaintiffs' motion for summary judgment, and that no genuine dispute concerning such ownership existed.  Summ. J. Op. at 26. And each work Robertson now claims should be excluded under his "foreign affiliate" theory was indeed, identified on the Ashby Declaration.  Accordingly, this Court has already found that the Publishing Plaintiffs own these works and Robertson may not use this motion *in limine* as a means of revisiting findings of this Court on summary judgment.

But even if this Court were to entertain Robertson's repeated attempts at challenging summary judgment through motions *in limine*, Robertson's claim that these "foreign affiliate-owned" works should be excluded still fails as Robertson would not be prejudiced by the inclusion of these works.  Robertson has been on notice throughout this action that the copyright certificates for the works identified on Sacks Exhibit V list either EMI April Music (Canada) Ltd. and/or EMI Blackwood Music (Canada) Ltd., the Canadian counterparts to plaintiffs EMI April Music, Inc. and EMI Blackwood Music, Inc., respectively.  Indeed, the copyright certificates themselves list the claimant as, for example, "EMI April Music (Canada) Ltd. c/o EMI April Music, Inc."  *See*, *e.g*., Sacks Decl., Ex W.  Thus, Robertson has been well aware that in some instances Plaintiff EMI April Music, Inc. and Plaintiff EMI Blackwood Music, Inc. have the exclusive license to administer, exploit, and protect the rights of their Canadian counterparts. Yet, only on the eve of trial has Robertson even attempted to advance this new argument, hoping for a third chance at summary judgment.[10]  But Robertson has failed to establish that Plaintiffs EMI April Music, Inc. and EMI Blackwood Music, Inc., are not the exclusive domestic licensees, and thus, are not properly listed as "c/o" claimant on the registrations at issue.

---

[10] This determination that each of the works listed on the Ashby Declaration in support of summary judgment, which included each and every work listed on Sacks Declaration, Ex. V, was not challenged, nor revised, on reconsideration of the Court's Summary Judgment Opinion.

Accordingly, Robertson's belated attempt to revise the Court's earlier ruling exclude these works at issue fails and Robertson's attempt to exclude such works should be denied.

## V.    PLAINTIFFS ARE ENTITLED TO INTRODUCE EVIDENCE THAT DEFENDANTS USED THE IP ADDRESS FOR MP3TUNES'S OFFICES TO INFRINGE THEIR COPYRIGHTS.

In addition to the works that this Court already held were infringed by Robertson and the MP3tunes executives whose account numbers were admitted, Plaintiffs will prove at trial that there were additional acts of infringement by MP3tunes' employees and executives, as evidenced by the fact that the acts of infringement were all committed from accounts using Defendants' IP address.  Plaintiffs' expert witness, Dr. Ellis Horowitz, identified thousands of files that were sideloaded from the same IP address that Robertson and his executives used to infringe Plaintiffs' works, hundreds of which infringed Plaintiffs' copyrights.  *See* Horowitz Decl. in Support of Mot. for Summary Judgment, Ex. Z; August 9, 2013, Supplemental Report of Dr. Ellis Horowitz & Exhibit O, attached to the Simonian Decl. as Exhibit C.  Although Plaintiffs did not move for summary judgment with respect to Defendant' liability for these sideloads (unlike the sideloads from accounts that Defendants admitted were associated with specific executives, as to which there could be no question of fact as to the identity of the direct infringer and on which Plaintiffs accordingly moved for summary judgment), neither did Defendants move for summary judgment to introduce evidence that those infringements were *not* committed by their employees. It is too late to seek summary judgment now.  Therefore, the question of whether the infringing sideloads from Defendants' IP address were committed by MP3tunes employees and executives – and if so, whether Defendants are liable for them under a theory of *respondeat superior* or vicarious liability – remains an issue for trial.

Given the absence of any request for dispositive relief on this issue by either party, the fact that the Court never addressed this issue in its summary judgment decisions, and the

inappropriateness of seeking such relief now by motion in limine, Plaintiffs are entitled to argue to the jury that the common IP address supports a conclusion that these sideloads were performed by Defendants' employees, even though Defendants did not admit an association with these accounts.  The fact that the infringing acts were committed from what appears to be Defendants' office is powerful and admissible circumstantial evidence of guilt.  Since the jury reasonably could conclude from this indirect evidence that Defendants' employees were the ones who committed the infringing acts, that then leaves for trial only the same question that remains to be tried with respect to infringing sideloads from admitted MP3tunes executive accounts as to which Plaintiffs had moved for summary judgment: whether the sideloads were performed at the direction of Robertson and MP3tunes in the course of the employees' employment.  The Court has already held that this second question is one for trial with respect to the sideloads from admitted executive accounts.  Summ. J. Op. at 30.  And as between the sideloads from admitted executive accounts and the sideloads from Defendants' IP address, the legal issues (as to vicarious and *respondeat superior* liability) are identical.

Since liability remains to be tried on these works, Plaintiffs' ownership of such works is clearly relevant.  Accordingly, there is no basis for Robertson's request to exclude "every copyright certificate and related ownership document" for works that were infringed by users at the IP address associated with MP3tunes executives and employees unless the sideload was also from an account as to which the Court found on summary judgment that the sideload was from an MP3tunes executive.  Stat. Damages Mot. at 10.  The first question – whether these sideloads were made by MP3tunes employees and executives in the first place – was not the subject of summary judgment motions on either side and accordingly remains at issue for trial.  And the

second question – Defendants' liability for the sideloads if they were in fact made by employees – is one the Court has expressly held to be an issue for trial.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Robertson's motion *in limine* to limit Plaintiffs' statutory damages claims in its entirety.

DATED:  October 9, 2013     Respectfully submitted,

By: */s/ Andrew H. Bart*    
   Andrew H. Bart
   Lindsay W. Bowen
   JENNER & BLOCK LLP
   919 Third Avenue, 37th Floor
   New York, New York 10022
   Telephone: (212) 891-1645
   Facsimile:  (212) 891-1699

   Steven B. Fabrizio
   Luke C. Platzer
   J. Douglas Wilson
   JENNER & BLOCK LLP
   1099 New York Avenue NW
   Washington, DC 20001
   Telephone: (202) 639-6000
   Facsimile:  (202) 661-4819

   *Attorneys for EMI Label Plaintiffs*

By: */s/ Frank P. Scibilia*    
   Frank P. Scibilia
   Jacob B. Radcliff
   M. Mona Simonian
   PRYOR CASHMAN LLP
   7 Times Square
   New York, New York 10036
   Telephone:  (212) 421-4100
   Facsimile: (212) 326-0806

   *Attorneys for EMI Publishing Plaintiffs*