UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, INC., et al,

        *Plaintiffs,*

v.

MP3TUNES LLC and Michael Robertson,

        *Defendants.*

No. 07 Civ. 9931 (WHP) (FM)

ECF CASE

**DECLARATION OF M. MONA SIMONIAN IN OPPOSITION TO ROBERTSON'S MOTION *IN LIMINE* TO LIMIT PLAINTIFFS' STATUTORY DAMAGES CLAIMS**

M. MONA SIMONIAN, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am of counsel to Pryor Cashman LLP, attorneys for the EMI Publishing Plaintiffs in the above-captioned action. I submit this declaration on behalf of all Plaintiffs in opposition to Defendant Robertson's motion *in limine* to limit Plaintiffs' statutory damages claims (the "Motion").

2. On summary judgment, the Court held that Plaintiffs had proven their ownership of all of the works identified on the exhibits to the Declarations of Allistar McMullan and Audrey Ashby, submitted in support of Plaintiffs' Motion for Summary Judgment. Despite this determination, Robertson now moves to exclude a substantial number of copyright registration certificates for works identified on those declarations.

3. Specifically, Robertson seeks to preclude on 296 copyright registrations that concern works owned by the Publishing Plaintiffs which were identified on the Ashby Declaration. *See, e.g.,* JPTO, Ex. C2 at PXs 1601-02, 1606, 1608, 1610, 1619, 1640, 1673, 1693, 1697-8, 1707-09, 1727-28, 1742, 1745, 1758, 1766, 1769-74. Under this Court's decision

on summary judgment, there is no genuine dispute that the Publishing Plaintiffs own each of these 296 works.

4. Robertson also seeks to preclude 32 copyright registrations and other ownership documents that include works whose ownership was proved at summary judgment by their inclusion in the McMullan Declaration. Each of these 32 copyright registrations and ownership documents concern sound recordings where each work in suit was already identified on the McMullan Declaration. Under this Court's decision on summary judgment, there is no genuine dispute that the Label Plaintiffs own each of the works in suit listed on the 32 registrations. *See* JPTO, EX C1 at PXs 500-02, 505, 515, 578-82, 996, 998, 1003-04, 1162, 1165, 1308-21, 1323, 1364.

5. Robertson also argues that the claims of fifteen of the Publishing Plaintiffs, added to this action in the First Amended Complaint, are barred in part by the statute of limitations. Yet, in making this argument, Robertson ignores that this Court already denied Defendants' motion to dismiss these newly added plaintiffs.

6. Robertson also ignores that the relation-back doctrine applies to the claims of the fifteen Publishing Plaintiffs added in the First Amended Complaint, where the substantive allegations set forth in the amended pleading were identical to the original complaint. A true and correct copy of a blackline comparison reflecting the differences between the First Amended Complaint and the original Complaint is annexed hereto as Exhibit A.

7. In his Motion, Robertson also argues that several of the copyright registrations listing the Publishing Plaintiffs as claimant, and thus, establishing *prima facie* evidence of ownership, should be excluded because such registrations state that the Publishing Plaintiffs acquired their ownership of the works by virtue of a written agreement between the author of the

work and the Publishing Plaintiff claimant. Robertson does not point to any evidence challenging the Publishing Plaintiffs ownership, but instead claims that the underlying agreements by which the Publishing Plaintiffs acquired their rights to the work is necessary to establish ownership.

8. Absent any evidence from Robertson rebutting the presumption of ownership established by the copyright registrations, the Publishing Plaintiffs do not bear the additional burden of having to provide the chain of title evidence for those works where the Plaintiff is the named claimant on the copyright registration. Rather, the copyright registration itself is *prima facie* evidence that the written agreement provided the Publishing Plaintiffs with ownership rights. True and correct copies of illustrative examples of such copyright registrations Robertson seeks to exclude are annexed hereto as Exhibit B.

9. Annexed hereto as Exhibit C is a true and correct copy of the August 9, 2013, Supplemental Report of Dr. Ellis Horowitz together with its accompanying Exhibit O.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       October 9, 2013

/s/ M. Mona Simonian
M. MONA SIMONIAN