UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>MP3TUNES LLC and Michael Robertson,<br><br>Defendants. | No. 07 Civ. 9931 (WHP) (FM)<br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ROBERTSON'S MOTION *IN LIMINE* TO OVERRULE PLAINTIFFS' FED. R. EVID. 901 AND RELATED OBJECTIONS TO CERTAIN OF ROBERTSON'S TRIAL EXHIBITS**

Plaintiffs submit this memorandum of law in opposition to the Motion *in Limine* by Defendant Michael Robertson to Overrule Plaintiffs' Fed. R. Evid. 901 and Related Objections to Certain of Robertson's Trial Exhibits (the "Motion"). Robertson's motion concerns hundreds of exhibits which are "screen shots" of web pages which purport to offer "free" music for download. In the vast majority of instances, the songs offered for download are not the songs at issue in this case. Plaintiffs objected to these exhibits on the grounds that they are irrelevant and prejudicial because they have nothing to do with the facts of this case, that they are filled with manifest hearsay and also on the grounds that the Defendants had failed to authenticate them. Plaintiffs have also moved *in limine* to preclude their introduction into evidence at trial. *See* Pls. Mot. in Limine to Preclude Evidence Regarding Promotional Downloads, Dkt. # 426.

As a threshold matter, Robertson's motion should not be entertained until this Court rules on Plaintiffs' Motion in Limine to Preclude Evidence Regarding Promotional Downloads. If that motion is granted, the instant motion is moot. All of the "evidence" at issue on this motion

1264566

addresses the issue of promotional downloads. Through this evidence, Robertson is attempting to hijack this trial from a focused consideration of whether defendants infringed Plaintiffs' copyrights into an irrelevant and voluminous analysis of Plaintiffs' promotional practices – an issue this Court has expressly rejected on two separate occasions.

It is also important at the outset to point out that despite Robertson's self righteous attack on the authenticity objections, prior to the filing of this motion, Robertson refused to explain how the screenshots were obtained or how he intended to introduce them. Thus, Robertson was responsible for manufacturing this motion practice instead of meeting and conferring about objections in good faith as required by the rules of this Court. Specifically, when counsel for the parties met and conferred regarding their proposed trial exhibits, Defendants did not advise Plaintiffs that the screenshots were taken on August 7, 8 and 9 by Robertson, his counsel and one of their employees or that they intended to authenticate them by declaration. *See* Declaration of Jacob B. Radcliff ("Radcliff Decl.") ¶ 2. Yet counsel knew these facts since they occurred just prior to Robertson's disclosure of his trial exhibits to the Plaintiffs on August 9. Robertson's counsel did not negotiate in good faith on this issue.

Further, it is important to contrast Robertson's allegation of "gamesmanship" with regard to the authenticity objections at issue with his own objections to Defendants' evidence. Robertson has levied numerous authenticity objections, including objections to self-authenticating public records and copyright certificates, which he has refused to withdraw. Robertson has objected to the authenticity of all of the EMI Music Publishing Plaintiffs' chain of title documentation for works which were not on takedown notices, and he has 89 authenticity objections to documents the EMI Label Plaintiffs produced showing chain of title to the works at issue, despite the fact that Plaintiffs have explained that the same custodians who successfully

authenticated chain of title documents in the summary judgment phase will be called as witnesses at trial. (Ex. C1 to JPTO)  Robertson also has authenticity objections to videos showing the functionality of Defendants' websites which were created by Plaintiffs' expert Ellis Horowitz, Ph.D. and considered by the Court on summary judgment (Ex. C to JPTO, Exs. 69-72), copies of the results of Dr. Horowitz's searches of the MP3Tunes database, and copies of printouts from webpages showing the sources of "sideloads" from Defendants' websites (Pls. Exs. 285-291, 324-328).  It is quite a demonstration of chutzpah to complain about Plaintiffs' limited authenticity objections on such a record.

The simple and dispositive fact is that Plaintiffs attempted to avoid this entire issue before Robertson made his motion, and again after it was made.  Plaintiffs attempted to discuss authenticity during the August meet-and-confer regarding trial exhibits, but Robertson's counsel refused to negotiate in good faith.  Radcliff Decl. ¶ 2.  Later in September, Plaintiffs attempted to negotiate a waiver of authenticity objections to streamline trial.  *Id.* ¶ 3.   Finally, on the day Robertson's motion was filed, his counsel Ira Sacks offered to waive Defendants' authenticity objections excepting some of Plaintiffs' chain of title evidence, if Plaintiffs agreed to waive all of their authenticity objections.  *Id.* ¶ 4.  Before Plaintiffs could respond, Robertson filed his motion and produced authenticating declarations for the first time.  *Id.* ¶ 5.

More recently, when Plaintiffs' counsel attempted to negotiate the very proposal put forth by Mr. Sacks, he said he was no longer willing to accept it.  *Id.* Instead, in exchange for Robertson's withdrawal of this motion and his authenticity objections, Mr. Sacks insisted that Plaintiffs would have to agree to waive all evidentiary objections to exhibits that are the subject of two of the other motions in limine (promotional downloads and third party documents).  *Id.* ¶ 9.  He also suggested that Plaintiffs drop their claims against Robertson as a way to

3

"streamline trial." That absurd about face is a perfect denouement for the farce that Defendant has created over this issue.[1]

Robertson's motion to take *de bene esse* depositions of third parties in order to authenticate the documents those parties produced should also be denied. Robertson is plainly seeking to drive the Plaintiffs' pre-trial costs of this litigation as high as possible, instead of seeking certifications from the custodians of records of subpoenaed third parties pursuant to Fed. R. Evid. 902(11) and 803(6). Plaintiffs respectfully request that, in the event authenticity remains an issue requiring the intervention of this Court, the Court enter an order directing Robertson to attempt to obtain such certifications regarding the third party documents, as promptly as possible, to permit Plaintiffs to review them prior to trial. If such certifications comply with Fed. R. Evid. 803(6) and there is no indicia of any lack of trustworthiness in them, Plaintiffs will withdraw their authenticity objections to the documents they concern. However, it remains Plaintiffs' hope that the parties will reach agreement on authenticity issues and moot all these concerns.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the relief requested in Robertson's Motion *in Limine* to Overrule Plaintiffs' Fed. R. Evid. 901 and Related Objections to Certain of Robertson's Trial Exhibits be denied, that the Court enter an order directing Robertson to attempt to obtain certifications of third party documents by a date certain, and for all such other and further relief as the Court deems just and proper.

---

[1] Mr. Sacks made his initial offer of mutual waiver of authenticity objections by email on September 18. His new, absurdly demanding proposal was made via telephone call with Jacob B. Radcliff on Tuesday, October 8, after counsel for Plaintiffs had made several overtures to Sacks by email and held phone calls with Robertson's other counsel Mark Lafayette. Radcliff Decl. ¶¶ 6-8.

Dated: October 9, 2013

        PRYOR CASHMAN LLP

        By: */s Frank P. Scibilia*
        Frank P. Scibilia
        Jacob B. Radcliff
        M. Mona Simonian
        7 Times Square
        New York, New York 10036
        Telephone: (212) 421-4100
        Facsimile: (212) 326-0806

        *Attorneys for EMI Publishing Plaintiffs*

        JENNER & BLOCK LLP

        By: */s Andrew H. Bart*
        Andrew H. Bart
        Lindsay W. Bowen
        919 Third Avenue, 37th Floor
        New York, New York 10022
        Telephone: (212) 891-1645
        Facsimile: (212) 891-1699

        Steven B. Fabrizio
        Luke C. Platzer
        J. Douglas Wilson
        1099 New York Avenue, NW
        Washington, DC 20001
        Telephone: (202) 639-6000
        Facsimile: (202) 661-4819

        *Attorneys for EMI Label Plaintiffs*