UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MP3TUNES LLC and Michael Robertson,<br><br>                    Defendants. | No. 07 Civ. 9931 (WHP) (FM)<br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ROBERTSON'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM PRESENTING ROBERTSON'S DEPOSITION DESIGNATIONS IN THEIR CASE-IN-CHIEF**

Plaintiffs submit this memorandum of law in opposition to Defendant Michael Robertson's ("Robertson") motion requesting that the Court preclude Plaintiffs from presenting Robertson's deposition designations in their case-in-chief.

Robertson's motion asks this Court to disregard Federal Rule of Civil Procedure 32(a)(3), which unequivocally states that an adverse party may use the deposition of a party at trial ***"for any purpose."*** Courts interpreting Rule 32(a)(3) have made it clear that a party may introduce their adversary's deposition testimony for any purpose at trial, including in its case-in-chief, even when that adversary is available. While Robertson would like to pretend that Rule 32(a)(3) does not exist, it does, and it requires denial of Robertson's motion.

Robertson makes this motion with the hope that he can revise any deposition testimony he now finds inconvenient. Robertson has a history of submitting sworn statements contrary to what he said in his deposition. For example, at his deposition, Robertson swore that no user

accounts had been terminated as a result of infringing material.[1] He subsequently submitted a declaration in support of Defendants' motion for summary judgment stating the opposite (albeit in a deliberately ambiguous manner): that MP3tunes had, in fact, terminated the accounts of users "whom it suspected of using MP3tunes' services for the purposes of infringing activity."[2] By this motion, Robertson seeks a license to continue shifting his story before the jury at trial or to make carefully parsed statements designed to confuse the jury. Robertson should not be permitted to do so, particularly given that it is Plaintiffs' right under the Federal Rules of Civil Procedure to introduce Robertson's deposition testimony in Plaintiffs' case-in-chief at trial for any purpose, whether he appears at trial or not.

Plaintiffs assure the Court that their current trial strategy is not to read into the record every portion of Robertson's designated deposition testimony or otherwise extend the length of the trial. Plaintiffs recognize that the Court will not tolerate cumulative testimony and will offer only such designations as are necessary to support Plaintiffs' case. Plaintiffs have designated select portions of testimony they may elect to present to the jury, and anticipate limiting further which portions will be presented as trial preparation continues and as the trial unfolds.[3]

**I.  Plaintiffs Have The Right Under FRE 32(a)(3) To Introduce Robertson's Deposition Testimony At Trial "For Any Purpose" Including In Plaintiffs' "Case-In-Chief"**

Rule 32, captioned "Using Depositions in Court Proceedings," states at subsection (a)(3):

> **Deposition of Party, Agent, or Designee.** *An adverse party may use for any purpose the deposition of a party* or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

---

[1] Dkt. 209, Plaintiffs' Memorandum of Law in Opposition To Defendants' Motion for Summary

[2] Dkt. 184, Declaration of Michael Robertson in Support of Motion for Summary Judgment dated October 29, 2010, ¶ 11.

[3] Robertson's depositions were videotaped, so whatever excerpts Plaintiffs choose to present should provide a more captivating and probative presentation for the jurors than reading transcripts into the record.

Fed. R. Civ. P. 32(a)(3) (emphasis supplied). Robertson's posture in this litigation fits squarely into the language of this subsection. Robertson is himself a party adverse to Plaintiffs in this action. Robertson was also a 30(b)(6) deponent for MP3tunes, was the founder of MP3tunes,[4] and has at all relevant times been the CEO and owner of MP3tunes.[5] Indeed, MP3tunes' bankruptcy filing reflects that Robertson was both the CEO and *sole current employee* of MP3tunes at that time.[6] Accordingly, under the plain language of the statute, Plaintiffs can use Robertson's deposition testimony "for any purpose at trial" including in their case in chief and therefore his motion must be denied.

Courts across the country have uniformly interpreted FRE 32(a)(3) plainly to mean precisely what it says – that a party may introduce their adversary's deposition testimony for any purpose at trial, including in its case-in-chief, even when that adversary is available and will testify at trial. *See e.g.*, *Pfotzer v. Aqua Systems, Inc.*, 162 F.2d 779, 785 (2d Cir. 1947) (deposition of defendant's officer taken before trial was admissible as evidence on plaintiff's case-in-chief, as well as to contradict officer's testimony "on the stand"); *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 200 n.3 (E.D.N.Y. 2007) (Rule 32(a)(3) is "a rule which allows a party to introduce the deposition of an adversary's officers, regardless of their availability at trial"); *Hilderbrand v. Levi Strauss & Co.*, 2011 U.S. Dist. LEXIS 104236, *2 (S.D. Miss. Sept. 14, 2011) (admitting deposition testimony and explaining that "Rule 32(a)(3) was written in the disjunctive and applies to the testimony of a party [] 'or' a corporate representative…. Availability is immaterial.") (internal citations omitted); *BP Am. Prod. Co. v.*

---

[4] *See* Dkt. 276, October 25, 2011 Amended Memorandum and Order on the Parties' Motions For Summary Judgment at p. 2.

[5] *See* Dkt. 368 May 14, 2013 Memorandum and Order on the Parties' Motions for Reconsideration at p.1, 18.

[6] *See* Dkt. 308, June 25, 2012 Memorandum and Order denying Robertson motion for a stay, at p. 1.

*Chesapeake Exploration, LLC*, 2013 U.S. Dist. LEXIS 20611, *3 (W.D. Okla. Feb. 15, 2013) ("because Harrington is an officer of BP, the deposition of Harrington may be used during trial for any purpose" without regard to his availability to testify at trial); *Bays Exploration, Inc. v. PenSa, Inc.*, 2012 U.S. Dist. LEXIS 4631, *3-4 (W.D. Okla. Jan. 12, 2012) (under Fed. R. Civ. P. 32(a)(3) "even if the deponent does not qualify as an 'unavailable witness' under Rule 32(a)(4), his or her testimony by deposition remains authorized if the deponent is an officer, director or managing agent of [a party]"); *Offshore Marine Contrs., Inc v. Palm Energy Offshore, LLC*, 2013 U.S. Dist. LEXIS 87434 *2 (E.D. La. June 21, 2013) ("Both Jonathan Garrett and William Gray were designated as corporate representatives of adversaries of Chet Morrison. Accordingly, Chet Morrison is entitled to introduce their deposition testimony into evidence under Rule 32(a)(3).").

For these reasons, Robertson's request is irreconcilably at odds with the language and intent of Rule 32(a)(3) and the cases interpreting it. The cases Robertson cites are inapposite. Robertson cites to *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams*., 262 F.R.D. 293, 300 (S.D.N.Y. 2009) for the unremarkable proposition that courts prefer live testimony at trial to deposition testimony. Critically, however, in *Aristocrat,* the court was examining whether a witness could provide deposition testimony in response to a subpoena **in lieu of live testimony** at trial, not in addition to live testimony. *See id*. ("parties who have been served properly under Rule 45 cannot demand that their depositions be used in lieu of live trial testimony."). *Aristocrat* did not address the situation here, where Plaintiffs seek to designate the deposition testimony of an adverse party who will also be testifying at trial. Further, Robertson's repeated citation to Learned Hand's decision in *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) is equally inapposite, as that case involved the exclusion of unreliable non-party deposition testimony

pursuant to the New York Civil Practice and Rules, and once again *in lieu of live testimony*. See *id*. at 468-69.[7]

## II. Robertson's Deposition Testimony Is Highly Relevant

Robertson argues that his deposition testimony is not relevant under Federal Rule of Evidence 403. However, as an individual defendant, founder, owner, CEO and driving force behind MP3tunes, Robertson's conduct and mental state are central to all of the issues in this case. His deposition testimony is therefore one of the most relevant pieces of evidence that could be presented to the jury. The relevance of an adversary's deposition testimony about the very topics in issue at trial is self-evident, and is indeed what animates Fed. R. Civ. P. 32(a)(3)'s blanket rule authorizing Plaintiffs' designations for trial. The Court should not err by depriving Plaintiffs of their right to present Robertson's deposition testimony at trial.

## III. The Time For Counter-Designations and Objections Has Passed

Finally, Robertson requests that if the Court denies his motion it grant him leave to serve supplemental designation-specific objections and to offer counter-designations to his deposition testimony. Robertson Br. at fn. 2. However, pursuant to the Court's July 3, 2013 Scheduling Order,[8] the parties were directed to exchange all objections and counter-designations by August 23, 2013. Robertson made a tactical choice not to counter-designate testimony in a timely manner, despite knowing full well that Plaintiffs intended to make use of his deposition

---

[7] In fact, not only do the cases cited by Robertson not support his argument that his sworn deposition testimony should be excluded from the trial, some of them make clear that to grant Robertson's motion **would be error**. *See, e.g., Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 990 (8th Cir. Mo. 1999) (finding that an order precluding reading the deposition testimony of an available adverse party witness at trial was erroneous); *Brazos River Auth. v. GE Ionics, Inc*., 469 F.3d 416, 434 (5th Cir. Tex. 2006) (confirming it is error to preclude party deposition testimony); *Williams v. Jackson*, 2011 U.S. Dist. LEXIS 32569 (E.D. Ark. Mar. 14, 2011) (same); *Jackson v. Chevron Chemical Co.*, 679 F.2d 463, 466 (5th Cir. Miss. 1982) (commenting that exclusion was harmless as a practical matter, but that if the court had found the witness to be a "managing agent," FRE 32(a)(3) made his testimony admissible).

[8] Dkt. 376.

testimony notwithstanding his objections, and should not be freed from the consequences of that decision now. Indeed, the scope of deposition designations and counter-designations is an iterative process during the preparation of the joint pretrial order during which the parties select their own designations in response to those chosen by the other party, and allowing Robertson do counter-designate unilaterally at this late hour would prejudice Plaintiffs by depriving them of this opportunity. The time for objections and counter-designations has passed. The Court should deny Robertson's motion in its entirety.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' motion *in limine* requesting that the Court preclude Plaintiffs from presenting Robertson's deposition designations in their case-in-chief should be denied.

Dated: October 9, 2013

PRYOR CASHMAN LLP

By: __/s Frank P. Scibilia__
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for EMI Publishing Plaintiffs*

JENNER & BLOCK LLP

By: __/s Andrew H. Bart__
Andrew H. Bart
Lindsay W. Bowen
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1645
Facsimile: (212) 891-1699

Steven B. Fabrizio
Luke C. Platzer
J. Douglas Wilson
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile:  (202) 661-4819

*Attorneys for EMI Label Plaintiffs*