UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>MP3TUNES LLC and MICHAEL ROBERTSON,<br><br>Defendants. | No. 07 Civ. 9931 (WHP) (FM)<br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ROBERTSON'S MOTION *IN LIMINE* TO ESTABLISH CERTAIN FACTS FOR TRIAL**

Plaintiffs respectfully submit this memorandum of law in opposition to the Motion *In Limine* to Establish Certain Facts for Trial filed by Defendant Michael Robertson (the "motion").

While the motion is styled as an "in limine" motion, it is in reality a belated summary judgment motion pursuant to Rule 56(g), which seeks primarily to have the Court find certain "facts" to have been "established." Indeed, the motion turns the *in limine* process on its head – instead of identifying evidence he seeks to preclude, Robertson's motion takes a self-serving interpretation of the contested issues at trial and seeks to exclude all (unidentified) evidence that would contradict his version of the case. The motion should be denied for several reasons.

First, many of the "facts" that Robertson claims have been established are not "facts" at all but legal conclusions that cannot be established pursuant to Rule 56(g). Second, several of Robertson's other proffered "established" facts are sound bites from the Court's decisions that are taken out of context or are directly contrary to other, often subsequent, Court findings and, as such, presenting them as "established" and precluding related evidence will only serve to confuse the jury and prejudice Plaintiffs. Certain other proffered facts relate only to the issue of the

Court's personal jurisdiction over Robertson, an issue on which the Court has ruled adversely to Robertson on at least four occasions, but that Robertson defiantly refuses to accept. And finally, while Robertson's motion also seeks to "preclude Plaintiffs from introducing evidence at trial to dispute" his proposed established facts, it fails to identify the evidence Robertson seeks to preclude or how a trial could proceed without any presentation of evidence on many of the essential facts of the case to which his proposed established facts relate.

It is clear from the language of the Rule and the Advisory Committee notes that the purpose of Rule 56(g) is to empower the Court, at the summary judgment phase, to dispose of a material fact that is not genuinely in dispute. The summary judgment phase is complete and there was no request for Rule 56(g) findings by Defendants during that phase and there were no such findings rendered by the Court. Therefore Rule 56(g) has no application now. The Rule was not intended to create a new type of pre-trial motion as Robertson employs it here. Further, the case law and the Advisory Committee notes make plain that the Rule should not be applied in this context, particularly given the likelihood of jury confusion and the risk of determining as "established" a fact "that may be better illuminated by the trial of related facts that must be tried in any event."

This motion, like several of Robertson's other "in limine" motions, is a transparent attempt to prevent Plaintiffs from telling the whole story of Defendants' infringing scheme to the jury, and it should be summarily rejected.

**ARGUMENT**

I. **SEVERAL OF ROBERTSON'S SPECIFIC PROPOSED ESTABLISHED FACTS ARE NEITHER FACTS NOR ESTABLISHED**

A review of Robertson's proposed established facts is sufficient to confirm that his motion should be denied.[1] *See* Sept. 19, 2013 Decl. of Ira Sacks in Supp. Mots. in Limine (Dkt. Nos. 432 & 433) ("Sacks Decl."), Ex. DA (Robertson's Proposed Established Facts, hereinafter "PEF"). The purported facts consist of legal conclusions, out of context findings of the Court on prior motions, and facts Robertson contends are not reasonably in dispute that relate only to Robertson's frivolous arguments against personal jurisdiction.

A. **Some of Robertson's Proposed Facts are Legal Conclusions.**

Robertson has posited several proposed "established facts" which are, in fact, legal conclusions that are plainly inappropriate subjects for factual determinations. For example, the contention that "Takedown notices themselves are not evidence of blatant infringement," is nothing more than a statement of law, not a factual determination in this action. PEF, ¶ 7. Not surprisingly, Robertson offers no legal authority for the notion that recitations of legal standards may be "established" by the 56(g) process. In fact, the Rule 56(g) process, which ended after the summary judgment phase, by its very terms only applies to factual issues. Instructing the jury on these points as "fact" would be hopelessly confusing to a layperson, as the distinction between facts and law would be obliterated. Robertson's proposed established facts numbered 2, 7, 8, and 11 fall into this category.

---

[1] Plaintiffs do not dispute PEF 24 and 25. These facts were proposed by Defendants as stipulated facts in the Joint Pretrial Order and inadvertently rejected by the Plaintiffs. They relate to the place of incorporation of MP3Tunes, Inc. and its conversion to a Limited Liability Company in 2008.

3

1268445

### B. Several Proposed Established Facts Are Taken Out of Context or Modified by Subsequent Opinions.

Robertson's motion also takes numerous statements of the Court out of context and deliberately ignores other statements by the Court that conflict with them. Thus, Robertson seeks to cherry-pick specific language of opinions and to use them as a mechanism to eliminate issues and to preclude the introduction of proof that this Court had no intention of eliminating from trial.

One specific example is Robertson's request that this Court take as an "established" fact that MP3tunes did "not purposefully blind itself to its users' identities and activities." Robertson is fully aware that in its Reconsideration Opinion, the Court quoted this specific language and clarified that it only was used in the context of "an evaluation of the MP3tunes' repeat infringer policy." PEF, ¶¶ 3 & 4; Opinion dated May 14, 2013 at 3 (Dkt. 368). The Court went on to hold, in the same Opinion, that whether "MP3tunes 'engaged in a deliberate effort to avoid guilty knowledge' regarding the sideloaded content itself, as opposed to tracking its users' activities" was an issue of fact for trial. *Id.* at 4. This is not an innocent mistake on Robertson's part. He is fully familiar with the Court's rulings yet is perfectly willing to quote language out of context from an earlier decision, completely ignoring its context, and also ignoring that it was subsequently qualified by this Court. Indeed, it is striking that Robertson's proposed established facts do not once cite this Court's Reconsideration Opinion; instead choosing to act as if it never occurred and did not vacate portions of summary judgment.

Similarly, permitting Robertson to instruct the jury that there is "no evidence that MP3tunes executives or employees had firsthand knowledge that websites linked on Sideload.com were unauthorized," *id.* ¶ 3, is directly contrary to the findings of this Court on reconsideration. In that decision, this Court modified its summary judgment finding pursuant to

4

the willful blindness instruction from *Youtube, Inc. v. Viacom*. Accordingly, it would be grossly prejudicial to Plaintiffs on the questions of Defendants' willful blindness and red flag knowledge of infringement if Robertson were to succeed in moving back the clock in this case to before the Court's Reconsideration Opinion. Robertson's proposed, so-called established facts must be rejected.

Further, Robertson's claim that "EMI regularly distributes works on the internet for free," PEF, ¶ 15, is directly contrary to the finding on summary judgment that "EMI placed careful restrictions on the use of its promotional songs and required consumers to visit certain websites or provide valuable marketing information before downloading a song," and that Defendants have failed to meet the standards for abandonment or an implied license. Oct. 25, 2011 Am. Mem. & Order (Dkt. No. 276) at 27 ("Summary Judgment Opinion" or "Summ. J. Op."). Robertson plainly seeks to introduce selective self-serving portions of the Court's finding to confuse the jury about Plaintiffs' practices, and it would be highly prejudicial to Plaintiffs if he were permitted to do so through proposed established fact 15 or otherwise. *See* Plaintiffs' Motion *in Limine* to Preclude Evidence Regarding Promotional Downloads, Docket No. 426.

    C.    **Robertson's Personal Jurisdiction Arguments Are Not an Issue for Trial.**

The Court has repeatedly determined it has personal jurisdiction over Robertson. (Conf. Trans., July 20, 2012 (Dkt. 318); May 14, 2013 Order (Dkt. 368). Accordingly, this is not an issue for trial. Despite these rulings, Robertson's contentions regarding his purported lack of contacts with New York and similar contentions relating to personal jurisdiction are offered as proposed established facts. *See* PEF ¶¶ 18, 19, 21, 22, 26-30, 32, 33. Moreover, to the extent that Robertson relies on stipulated facts from the summary judgment phase regarding his lack of salary and the ownership of MP3Tunes, Inc., Robertson misleadingly omits the other facts which

caused this Court to hold that it has personal jurisdiction over him. *See* PEF ¶ 21, 22; *see* Dkt. 334 (granting summary judgment on personal jurisdiction); Dkt. 368 at 14 (same on reconsideration). These proposed established facts should be rejected.

II. **ROBERTSON SEEKS TO LIMIT THE PRESENTATION OF FACTS IN A MANNER THAT WOULD CONFUSE THE JURY**

One of the primary purposes of Robertson's motion is to "preclude Plaintiffs from introducing evidence to dispute [the Proposed Established Facts] during trial." Robertson Notice of Motion, *ad damnum* clause (2).) Robertson's improper motive – to prevent Defendants from telling a complete and integrated story to the jury about the operations of MP3tunes – is manifest and should not be countenanced. Not only would the proposed relief create obstacles to a clear presentation of the facts to the jury, but Robertson makes no attempt to identify what evidence he seeks to preclude. Thus, he seeks *carte blanche* to object at trial to any evidence that Plaintiffs offer as debatably at odds with the "established" facts. Not surprisingly, Robertson makes no substantive argument in favor of this "preclusion" motion and offers no legal authority for such a perversion of the trial process.

In order to present to a jury the issues of fact that continue to exist in this case, Plaintiffs will need to present evidence, *inter alia*, of how Defendants' business functioned, how their websites functioned, what information regarding infringement Defendants received (such as takedown notices and user complaints), the nature of that information, and how Defendants responded to it. However, Robertson would have the jury be told, as "established facts" to the preclusion of all other related facts, only portions of these presentations. PEF ¶ ¶ , 1, 3, 5-6, 9-10, 12-14, 16, 17, 20, 23- 25, 31, 34. Plaintiffs' introduction of other components of the necessary factual predicate at trial, apart from the alleged facts proffered by Robertson, is not a reflection of any intent or desire to "relitigate" any issues already decided but rather simply

6

reflects Plaintiffs' right to present evidence that would give the jury a complete picture of Defendants' business when evaluating their liability and the quantum of statutory damages that should be awarded.

Permitting the presentation of this evidence will not prejudice Defendants in any way as Robertson will be free to present evidence to support his alleged "established facts" in this category. To the extent that Robertson seeks to compel the jury to evaluate the facts pursuant to any particular legal standard, he will have the opportunity to argue for appropriate instructions at trial. But to hamstring Plaintiffs so the basic business operations of Defendants are off limits at trial would prevent the jury from learning the essential facts relevant to their determinations. These Proposed Established Facts should be rejected.

### III.   ROBERTSON IGNORES THE STANDARD ON A RULE 56(G) MOTION

Robertson's motion is styled as a motion pursuant to Fed. R. Civ. P. 56(g), which was amended in 2010 to memorialize the trial court's discretion to eliminate factual issues for trial during the summary judgment phase of the litigation. The text of the rule provides that if a "court does not grant all relief requested by the [summary judgment] motion, [the court] may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). The rule is expressly limited to motions for summary judgment. Further, the Advisory Committee Notes to the amendment make plain that the Rule is to be used at the summary judgment phase to dispose of a material fact that is not genuinely in dispute. The parties are long past the summary judgment phase, and neither party asked for Rule 56(g) findings and the Court made no such findings.

Applying the Rule in the context of pre-trial motions in limine to find facts "established" is not contemplated in the Rule. Moreover the commentaries on the Rule provide an

7

understanding of why it is not appropriate to do so. Taking statements that are not explicit Rule 56(g) findings out of a summary judgment decision and applying them as established facts on the eve of trial creates numerous problems, most notable among them trial confusion. The proffered facts were, to the extent that they were determined, determined in the context of motions involving a host of facts, some of which may not have merited a detailed response in the summary judgment posture. Moreover, there is a risk of jury confusion due to the differing legal standards at issue in the claims decided on summary judgment and those which remain to be decided by the jury. As the Notes state:

> The court must take care that [a Rule 56(g)] determination does not interfere with a party's ability to accept a fact for purposes of the motion only. A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes."

Fed. R. Civ. P. 56(g) Advisory Comm. Notes [citation format]; *see also SEC v. Retail Pro, Inc.*, 2011 U.S. Dist. LEXIS 13095, 9 (C.D. Cal. Feb. 10, 2011) ("After considering the submissions of the parties, the Court declines to enter an order pursuant to Rule 56(g) requiring that the facts stated in Plaintiff's motion . . . be treated as established in the jury trial. The Court finds that entering such an order would not materially expedite the trial, and such an order would pose a significant risk of confusing the jury and unfairly prejudicing Defendant due to the differing legal standards at issue in the claims decided on summary judgment and those which remain to be decided by the jury."); *CIVIX-DDI, LLC v. Hotels.com G.P., LLC*, 2012 U.S. Dist. LEXIS 178420, 9-10 (N.D. Ill. Dec. 18, 2012) ("any finding the Court made while ruling on [the movant's] summary judgment motion included inferences drawn in the light most favorable to [the other party], a disadvantage [the movant] will not face at trial ... As a result, adopting

findings the Court made against [the movant] under that posture would unfairly prejudice [him].")· The Notes and the case law thus strongly suggest that Fed. R. Civ. P. 56(g) be applied with careful consideration of the prejudice to parties arising from the disposal of facts closely related to others prior to trial.

Robertson urges a very different standard in his motion by moving to establish certain "facts" that concern issues which need to be tried and would preclude the introduction of other facts that the jury will need to see in order to get the complete presentation they will need in order to evaluate the Defendants' liability and Plaintiffs' damages. Robertson seeks to preclude all evidence concerning, *inter alia*, the manner in which Defendants' business and websites operated, how the Defendants responded to notice of actual and potentially infringing activity, and other parts of the essential story of this case. A complete picture of the key events and circumstances in this case cannot be explained to the jury on Robertson's proposed established facts alone, and Robertson's acontextual proposed established facts would actually leave a misleading, and therefore prejudicial, impression of the underlying truth in this case.

Robertson has identified no cases awarding Fed. R. Civ. P. 56(g) relief that are applicable in the present context. All of Robertson's authorities involve orders on summary judgment where entire legal issues were disposed of on summary judgment such that testimony and evidence on those issues were properly precluded at trial.[2] *See New Generation Produce Corp. v. N.Y. Supermarket, Inc.*, 2013 U.S. Dist. Lexis 76054 (E.D.N.Y. May 30, 2012) (holding defendant liable for debt in an amount that was uncontested on summary judgment); *Koller v. Hildebrand*, 2013 U.S. Dist. Lexis 37599 (D. Conn. Mar. 19, 2013) (finding three facts to be established that were not in dispute on summary judgment); *Galen v. Avenue of the Stars*

---

[2] *Lohoti v. Vericheck, Inc.*, 586 F. 3d 1190, 1202 n. 9 (9th Cir. 2009), held that a lower court properly granted summary judgment on the bad faith element of a ACPA violation. It has no application to a motion pursuant to Fed. R. Civ. P. 56(g).

9

1268445

*Assocs., LLC*, 2011 U.S. Dist. Lexis 28305 (C.D. Cal. Mar. 2, 2011) (granting a motion *in limine* pursuant to Rule 56(g) to preclude the testimony of a witness "because the issue on which [the witness] was expected to testify has already been ruled on by this Court, and because it appears that neither party will pursue this issue at trial …"); *Ramirez v. Las Vegas Metro. Police Dep't*, 2012 U.S. Dist. Lexis 31604 (D. Nev. Mar. 9 2012)(establishing "facts" on summary judgment ruling that plaintiffs' Fourteenth Amendment rights had not been violated when he was forcibly removed from his jail cell).

Finally, Robertson is not seeking to "preclude" any of the specific evidence that Plaintiffs have proffered. Thus he has filed a motion without a clear remedy that, if granted, will leave the Court and parties guessing at its impact. Such a ruling is wholly unprecedented and unwarranted and will interfere with the proper conduct of this trial.

## CONCLUSION

For all the foregoing reasons, Robertson's Motion *in Limine* to Establish Certain Facts for Trial should be denied.

Dated: October 9, 2013

PRYOR CASHMAN LLP

By:   /s Frank P. Scibilia
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806

*Attorneys for EMI Publishing Plaintiffs*

JENNER & BLOCK LLP

By:   /s Andrew H. Bart

10

1268445

Andrew H. Bart
Lindsay W. Bowen
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1645
Facsimile: (212) 891-1699

Steven B. Fabrizio
Luke C. Platzer
J. Douglas Wilson
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4819

*Attorneys for EMI Label Plaintiffs*