UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,                    :
                                                   :
               *Plaintiffs*,             :
        v.                                :    07 Civ. 9931 (WHP)
                                                   :
MP3TUNES, LLC and MICHAEL ROBERTSON,               :
                                                   :
               *Defendants.*            :
-------------------------------------------------------------------x

### DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY AND DOCUMENTS RELIED UPON BY LAURA STAMM

**AKERMAN SENTERFITT LLP**
Ira S. Sacks
Mark S. Lafayette
Vincent Y. Liu
Jamie B. Robbins
666 Fifth Avenue, 20th floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile:  (212) 880-8965

October 9, 2013                           *Counsel for Defendant Michael Robertson*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN OPPOSITION TO
  PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY
  AND DOCUMENTS RELIED UPON BY LAURA STAMM ............................................... 1

BACKGROUND .......................................................................................................................... 1

Argument ...................................................................................................................................... 3

  I.   THE MOTION'S CATEGORICAL OBJECTION TO MATERIALS
       CONSIDERED BY MS. STAMM MISUNDERSTANDS THE PURPOSE OF
       PRETRIAL DISCLOSURE AND SURMISES WRONGLY ROBERTSON'S
       PURPOSE FOR DISCLOSING THESE MATERIALS ................................................. 4

  II.  THE PROMOTIONAL DOWNLOADS EVIDENCE IS HIGHLY RELEVANT
       TO THE CASE ................................................................................................................ 7

       A.   Promotional Downloads Show That Robertson Is An Innocent Infringer .............. 7

       B.   Promotional Downloads Show That Plaintiffs Are Entitled To Only
            Minimal Statutory Damages .................................................................................... 9

       C.   Promotional Downloads Show That Plaintiffs Fail To Carry Their Burden
            To Prove Willful Blindness And Red Flag Knowledge ....................................... 10

       D.   Promotional Downloads Evidence Proves Plaintiffs Expected Further
            Distribution Of The Promotional Downloads And Undermines The
            Credibility Of Plaintiffs' Trial Contentions .......................................................... 12

  III. MS. STAMM SHOULD NOT BE FORCED TO HIDE HER EXPERT
       CREDENTIALS FROM THE JURY ........................................................................... 13

CONCLUSION ........................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allahabi v. New York Life Ins. Co.*,
    2000 WL 335553 (S.D.N.Y. Mar. 30, 2000) ................................................................. 12, 13

*Beech Aircraft Corp. v. Rainey*,
    488 U.S. 153 (1988) ............................................................................................................. 4

*Bryant v. Media Right Prods., Inc.*,
    603 F.3d 135 (2d Cir. 2010) ...................................................................................... 7, 9, 10

*Capitol Records, Inc. v. MP3tunes, LLC*,
    821 F.Supp.2d 627 (S.D.N.Y. 2011) ................................................................ 2, 8, 9, 10, 11

*Capitol Records, Inc. v. MP3tunes, LLC*,
    2013 WL 1987225 (S.D.N.Y. May 14, 2013) ........................................................ 2, 10, 11

*Childress v. Taylor*,
    798 F.Supp. 981 (S.D.N.Y. 1992) ....................................................................................... 8

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ............................................................................................................. 4

*Katt v. City of New York*,
    151 F.Supp.2d 313 (S.D.N.Y. 2001) ................................................................................. 14

*Marmol v. Biro Mfg. Co.*,
    1997 WL 88854 (E.D.N.Y. Feb. 24, 1997) ......................................................................... 4

*Morris v. Eversley*,
    2004 WL 856301 (S.D.N.Y. Apr. 20, 2004) ..................................................................... 14

*Northington v. Gospel Volunteers Inc.*,
    2007 WL 541700 (S.D.N.Y. Feb. 16, 2007) .................................................................. 3, 4

*Peer Int'l Corp. v. Luna Records, Inc.*,
    887 F.Supp. 560 (S.D.N.Y. 1995) ....................................................................................... 9

*Snyder v. Wells Fargo Bank, N.A.*,
    2012 WL 4876938 (S.D.N.Y. Oct. 15, 2012) ..................................................................... 6

*United States v. Grimmond*,
    137 F.3d 823 (4th Cir. 1998) ............................................................................................. 14

*United States v. Vandetti*,
    623 F.2d 1144 (6th Cir. 1980) ..................................................................................... 12, 14

*United States v. Wallace*,
    124 F. App'x 165 (4th Cir. 2005) ..................................................................................14

*Viacom International Inc. v. YouTube, Inc.*,
    676 F.3d 19 (2d Cir.2012)......................................................................................10, 11

*Warner Bros., Inc. v. Dae Rim Trading, Inc.*,
    677 F.Supp. 740 (S.D.N.Y. 1988) ..................................................................................9


**STATUTES AND RULES**

17 U.S.C. § 504(c) .......................................................................................................7, 8

Fed. R. Civ. P. 26(a) ....................................................................................................4, 5

Fed. R. Evid. 401 ...........................................................................................................12

Fed. R. Evid. 402 ...........................................................................................................12

Fed. R. Evid. 403 .....................................................................................................14, 15

Fed. R. Evid. 608 ...........................................................................................................12

Fed. R. Evid. 702 ......................................................................................................3, 13

Fed. R. Evid. 703 .............................................................................................................5

Rule 26(a)(3)....................................................................................................................5


**OTHER AUTHORITIES**

Individual Practices of the Honorable William H. Pauley III, VI.A.x............................5

Fed. R. Evid. 702 Committee Notes to 2000 Amendment ..............................................6

8A Federal Practice & Procedure § 2054 (3d ed.) ..........................................................5

**DEFENDANT ROBERTSON'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY AND DOCUMENTS RELIED UPON BY LAURA STAMM**

Defendant Michael Robertson ("Robertson") submits this memorandum of law in opposition to Plaintiffs' Motion *in Limine* to Preclude Certain Testimony and Documents Relied upon by Laura Stamm, filed September 18, 2013 [Doc. No. 396] (the "Motion").

Through the Motion, Plaintiffs seek to partially preclude the testimony by Robertson's damages expert, Laura Stamm, and certain documents upon which her declaration, dated June 11, 2010 (the "Stamm Dec."), was based. The Stamm Dec. is attached as Exhibit A to the Declaration of Jacob B. Radcliff, dated September 18, 2013 [Doc. No. 398].

Specifically Plaintiffs seek to exclude (i) certain proposed trial exhibits which were exhibits relied upon by Ms. Stamm in reaching her conclusions (ii) evidence and testimony concerning promotional downloads and (iii) testimony that she had been retained by EMI Music Publishing as a consultant. As set forth below, because (i) Plaintiffs misunderstood the purpose of Robertson's pretrial disclosure of the exhibits Plaintiffs seek to exclude (ii) promotional download testimony is highly relevant and (iii) the jury is entitled to be informed as to Ms. Stamm's qualifications and judge her credibility, the Motion should be denied in its entirety.

**BACKGROUND**

Robertson retained Ms. Stamm as an expert in this case "to provide analyses relevant to the damages claims put forth by Plaintiffs." (Stamm Dec., ¶ 1). She submitted the Stamm Dec. in which she assessed and calculated any of the actual profit that the Plaintiffs lost as a result of the alleged infringement uses of Sideload.com. (*Id*., ¶ 4). When she submitted the Stamm Dec., Ms. Stamm was a Managing Principal with Analysis Group, Inc. (*Id*. ¶ 3). As a consulting economist and accountant, she has conducted damages assessments in numerous cases involving commercial disputes and intellectual property issues. (*Id*.). She received a B.A. degree from

Williams College in 1984 and a Masters of Science in Management from the Sloan School of Management at M.I.T. in 1989. She is also a certified public accountant. (*Id.*).

In making her calculations, Ms. Stamm (1) determined instances of sideloading of song titles that are allegedly infringed; (2) estimated the extent to which Sideload.com is used to acquire allegedly infringing music files; (3) determined Plaintiffs' lost sales as result of the alleged infringing downloads from Sideload.com users; and (4) calculate the lost royalties as result of those lost sales. (Stamm Dec., ¶ 37).

The Stamm Dec. is dated June 11, 2010, before the Court issued its summary judgment opinion and reconsideration opinion. *Capitol Records, Inc. v. MP3tunes, LLC*, 821 F.Supp.2d 627, 644 (S.D.N.Y. 2011) (the "Summary Judgment Opinion"); *Capitol Records, Inc. v. MP3tunes, LLC*, 2013 WL 1987225 (S.D.N.Y. May 14, 2013) (the "Reconsideration Opinion"). With the benefit of these opinions, Ms. Stamm may have to alter her declaration in light of the legal rulings and factual findings of the Court, including issues concerning the promotional downloads offered by Plaintiffs.

For example, Ms. Stamm opined that one aspect of potential damages involves "the expenses saved and profits reaped by the defendants in connection with the infringements." (Stamm Dec., ¶ 5). Her calculation of "expenses saved" by Defendants focused on the saved server storage space as a result of using MP3tunes' compression algorithm, which Plaintiffs have erroneously referred to as a "master copy." *See* Summary Judgment Opinion, 821 F.Supp.2d at 649. Because the Court rejected Plaintiffs' misinformed reference to a "master copy" and held that "MP3tunes does not use a 'master copy' to store or play back songs stored in its lockers" and that "MP3tunes uses a standard data compression algorithm that eliminates redundant digital data," *id.*, the expenses saved by MP3tunes cannot be the basis for any damages, and this portion

of Ms. Stamm's declaration is, therefore, no longer necessary.

As set forth below, because (i) Plaintiffs misunderstood the purpose of Robertson's pretrial disclosure of the exhibits Plaintiffs seek to exclude, (ii) promotional download testimony is highly relevant, and (iii) the jury is entitled to be informed as to Ms. Stamm's qualifications and judge her credibility, the Motion should be denied in its entirety.

## ARGUMENT

As set forth above, Plaintiffs make three arguments with respect to Ms. Stamm's prospective testimony and exhibits, none of which moves for the total preclusion of Ms. Stamm's testimony from trial.  (*See* Memorandum of Law in Support of the Motion, filed September 18, 2013 [Doc. No. 397] ("Pl. Br.") at 1-3).  Similarly, the Motion does not challenge Ms. Stamm's qualification as an expert and her expertise to testify on damages estimation – indeed Plaintiffs actually try to hide from the jury some of her expert qualifications.  As explained below, the Court should reject each of Plaintiffs' arguments.

Rule 702 of the Federal Rules of Evidence states the standard to admit expert opinions into evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"'Doubts about the usefulness of an expert's testimony … should be resolved in favor of admissibility.'"  *Northington v. Gospel Volunteers Inc.*, 2007 WL 541700, at *5 (S.D.N.Y. Feb.

16, 2007) (quoting *Marmol v. Biro Mfg. Co.*, 1997 WL 88854, at *4 (E.D.N.Y. Feb. 24, 1997)). "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Id.* (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993)); *accord Daubert*, 509 U.S. at 588 (noting the "'liberal thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to 'opinion' testimony'") (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988)).

As set forth below, because (i) Plaintiffs misunderstood the purpose of Robertson's pretrial disclosure of the exhibits Plaintiffs seek to exclude (ii) promotional download testimony is highly relevant and (iii) the jury is entitled to be informed as to Ms. Stamm's qualifications and, judge her credibility, the Motion should be denied in its entirety.

I. **THE MOTION'S CATEGORICAL OBJECTION TO MATERIALS CONSIDERED BY MS. STAMM MISUNDERSTANDS THE PURPOSE OF PRETRIAL DISCLOSURE AND SURMISES WRONGLY ROBERTSON'S PURPOSE FOR DISCLOSING THESE MATERIALS**

Plaintiffs first argue that the materials considered by Ms. Stamm in forming her opinions in the Stamm Dec. are inadmissible hearsay and the admission of these materials would prejudice them. (Pl. Br. at 3-6). Plaintiffs' argument, however, surmises wrongly Robertson's purpose for disclosing these materials and misunderstands the purpose of the pretrial disclosure pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure.

*First*, Robertson has no intention to marshal voluminous irrelevant evidence before the jury. Instead, during Ms. Stamm's direct examination, Robertson intends to ask her to identify – by trial exhibit numbers only – the documents she relied on to form the basis of her opinion. As a matter of good trial practice, Robertson's counsel believe that all documents that form the basis of Ms. Stamm's opinion should have a trial exhibit number for easy reference and identification.

4

Robertson does not expect to show these documents to the jury or to admit them into evidence unless, as shown below, Plaintiffs attack the basis of Ms. Stamm's opinion and a particular document is relevant to such attack.

***Second***, Plaintiffs fail to understand the purpose of pretrial disclosure. Under Rule 26(a)(3), parties must disclose before trial, *inter alia*, "an identification of each document or other exhibit" the party expects to offer as evidence or may offer if the need arises. Pretrial disclosure does not mean that a party must move **all** disclosed exhibits into evidence. It is primarily meant to preserve a party's right to use them at trial. "The reason for including [documents that may be offered if the need arises] is to ***preserve the right*** to use those witnesses and documents at trial." 8A Federal Practice & Procedure § 2054 (3d ed.) (emphasis added); *see* Individual Practices of the Honorable William H. Pauley III, VI.A.x (only documents disclosed "may be used at trial except for cross-examination purposes or if good cause for its exclusion from the joint pretrial order is shown").

Although the Motion did not significantly challenge the bases of Ms. Stamm's opinion – and where it did so, Plaintiffs' argument fails for the reasons stated in Point II below – Plaintiffs at trial may challenge the bases of Ms. Stamm's opinion. Rule 703 of the Federal Rules of Evidence sets forth the permissible bases of an expert opinion:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted …

Should such a "need arise[]", Fed. R. Civ. P. 26(a)(3)(A)(iii), Ms. Stamm is entitled to explain the bases of her opinion, including specific academic journals or articles that she reasonably relied upon to form her opinion, even if the articles were otherwise inadmissible. *See* Fed. R. Evid. 703.

Indeed, the Committee Notes on Rules to the 2000 Amendment clearly state that the use of materials disclosed by Robertson for this purpose is permitted:

> Of course, an adversary's attack on an expert's basis **will often open the door to a proponent's rebuttal with information that was reasonably relied upon by the expert**, even if that information would not have been discloseable initially under the balancing test provided by this amendment. Moreover, in some circumstances **the proponent might wish to disclose information that is relied upon by the expert in order to "remove the sting" from the opponent's anticipated attack, and thereby prevent the jury from drawing an unfair negative inference**. The trial court should take this consideration into account in applying the balancing test provided by this amendment.

(Emphasis added). Pretrial disclosure of the relevant materials *preserves* Robertson's right to introduce the evidence when the "need arises."

Plaintiffs' seek the exclusion of all materials listed in Appendix C of the Stamm Dec. *en masse* by asserting that Robertson cannot show that (1) "Ms. Stamm 'relied on' the voluminous number of articles and reports appended to her expert report"; and (2) "experts in Ms. Stamm's field would reasonably rely upon the types of materials appended to her report…" (Pl. Br. at 4-5). Such an argument is appropriate on *voir dire* or cross examination, but not for a motion *in limine*. "A court considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context." *Snyder v. Wells Fargo Bank, N.A.*, 2012 WL 4876938, at *1 (S.D.N.Y. Oct. 15, 2012) (quotation and citation omitted). At trial, Ms. Stamm will explain that she relied on the articles and reports appended to her expert report and that experts in her field would reasonably rely upon the types of materials appended to her report.

Finally, Plaintiffs' categorical argument that "the probative value of the materials does not outweigh … their prejudicial effect" is flawed for the same reason. (Pl. Br. at 5). Plaintiffs cited a few examples over which they claim prejudice, and extrapolate from that the entire

6

category should be excluded. Again, when and if the "need" arises for the materials to be offered – as opposed to merely identified – the Court should then examine the proffered evidence in the specific factual context at trial.

Accordingly, the Motion should be denied.

## II. THE PROMOTIONAL DOWNLOADS EVIDENCE IS HIGHLY RELEVANT TO THE CASE

Plaintiffs attempt to preclude Ms. Stamm from testifying regarding the promotional downloads that are available for downloading, claiming that the promotional downloads evidence is irrelevant for the reasons stated in their separate motion to exclude evidence regarding promotional downloads. (*See* Pl. Br. at 7 n.3 (citing Motion to Exclude Evidence or Argument Regarding Promotional Downloads [Doc. No. 425])). This assertion is false, as the promotional downloads are relevant in at least four aspects.

### A. Promotional Downloads Show That Robertson Is An Innocent Infringer

Under the Copyright Act of 1976, "a court can award statutory damages of not less than $750 or more than $30,000, 'as the court considers just,' for all infringements with respect to one work, and that all parts of a 'compilation' constitute one work." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 139 (2d Cir. 2010) (quoting 17 U.S.C. § 504(c)(1)). However, if "the infringer proves that his infringement was ***innocent***, the court may reduce damages to an amount not less than $200." *Id*. (citing 17 U.S.C. § 504(c)(2)) (emphasis added).

Section 504(c)(2) defines the meaning of an innocent infringer:

> In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

In other words, "an infringer must meet a two-pronged burden of proof to establish innocence: (1) a subjective good faith belief in that state of grace which was (2) objectively reasonable

7

under the circumstances." *Childress v. Taylor*, 798 F.Supp. 981, 994 (S.D.N.Y. 1992). This test is both objective and subjective.

Robertson intends to prove that he "was not aware and had no reason to believe that his … acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). The promotional downloads evidence is highly probative on this issue. This Court has already found in the summary judgment opinion that MP3tunes' executives, such as Robertson, cannot be certain that their and their users' sideloads were copyright infringements. This finding was, in fact, partially premised on evidence relating to the promotional downloads:

> Indeed, as part of its innovative marketing, ***EMI itself regularly distributes works on the internet for free***. Because of these activities, EMI's executives concede that internet users, including MP3tunes' users and executives, ***have no way of knowing for sure whether free songs on the internet are unauthorized***.

Summary Judgment Opinion, 821 F.Supp.2d at 644 (emphasis added).[1]

Critically, what this finding demonstrates, and what evidence at trial of promotional downloads will demonstrate, is that because of the proliferation of promotional downloads on the internet, Robertson's objective and subjective state of mind was such that he had no way of knowing that songs which he or users of MP3tunes' service sideloaded were unauthorized and infringed any of Plaintiffs' copyrights, *i.e.*, he is an innocent infringer.

Robertson also expects Plaintiffs will attempt to reopen this Court's finding that Robertson had "no way of knowing for sure whether free songs on the internet are unauthorized." In fact, during the meet and confer process to finalize the Proposed Joint Pretrial Order, Plaintiffs refused to stipulate to this fact. Because the Court has already ruled that Plaintiffs' proliferation of promotional downloading is one of the key bases in finding that

---

[1] This Court's May 14, 2013 Memorandum and Order addressing the motions for reconsideration did not alter or change this finding.

Robertson had "no way of knowing for sure whether free songs on the internet are unauthorized," Summary Judgment Opinion, 821 F.Supp.2d at 644, Robertson should be allowed to introduce the evidence relating to the promotional downloads at trial to rebut Plaintiffs' attempt to contradict this finding.

### B. Promotional Downloads Show That Plaintiffs Are Entitled To Only Minimal Statutory Damages

In addition to innocent infringement, the promotional downloads evidence bears directly on the amount of statutory damages in the event Robertson is not found to be an innocent infringer. The Second Circuit has enumerated six factors to be considered when determining the amount of statutory damages to award for copyright infringement: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant*, 603 F.3d at 144.

Moreover, "statutory damages are not intended to provide a plaintiff with a windfall recovery." *Peer Int'l Corp. v. Luna Records, Inc.*, 887 F.Supp. 560, 569 (S.D.N.Y. 1995). "While a plaintiff is allowed to opt for statutory damages in lieu of actual damages, this option is not intended to provide the plaintiff with a windfall recovery." *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F.Supp. 740, 769 (S.D.N.Y. 1988).

As stated in Section II.A. above, the promotional downloads evidence goes to the subjective state of Robertson's mind and the objective reasonableness of his good faith belief. The evidence thus addresses the first factor articulated by *Bryant*. For the same reasons that the promotional downloads evidence is admissible to show Robertson's innocent infringement (*see* Section II.A. above), this evidence is also admissible to establish "the infringer's state of mind."

9

*Bryant*, 603 F.3d at 144.

### C. Promotional Downloads Show That Plaintiffs Fail To Carry Their Burden To Prove Willful Blindness And Red Flag Knowledge

On May 14, 2013, the Court issued the Reconsideration Opinion resolving the parties' motions for reconsideration. The Reconsideration Opinion reexamined the context and implications of the facts in light of the Second Circuit opinion in *Viacom International, Inc. v. YouTube, Inc.* and found that disputed facts require resolution at trial issues of willful blindness and red flag knowledge. *Id*. at *2-4. Although Robertson believes that all evidence of willful blindness and red flag knowledge should be excluded at trial, if those issues go forward to trial, the promotional downloads are relevant on both willful blindness and red flag knowledge.

*First*, with respect to willful blindness, the Court noted that "where a service provider is 'aware of a high probability of the fact [of infringement] and consciously avoid[s] confirming that fact,' that provider is willfully blind to infringement and may lose the protections of the safe harbor." Reconsideration Opinion, 2013 WL 1987225, at *2 (quoting *Viacom*, 676 F.3d at 35). Again, the Court's summary judgment finding, that Robertson had "no way of knowing for sure whether free songs on the internet are unauthorized" because of the presence of promotional downloads by Plaintiffs, Summary Judgment Opinion, 821 F.Supp.2d at 644, is critical because it disproves that either MP3tunes or its executives were ever "aware of a high probability of the fact [of infringement]." Reconsideration Opinion, 2013 WL 1987225, at *2. The jury thus must be aware of the fact that discerning whether a downloaded song infringes Plaintiffs' copyright is not easy – if even possible – in part because Plaintiffs made promotional downloads freely available.

*Second*, *Viacom*'s red flag knowledge holding "turns on whether the provider was subjectively aware of facts that would have made the specific infringement 'objectively' obvious

10

to a reasonable person. But both actual and red flag knowledge 'apply only to specific instances of infringement.'" Reconsideration Opinion, 2013 WL 1987225, at *3 (quoting *Viacom*, 676 F.3d at 31). For a jury to fairly assess whether Robertson knew facts that would make a specific infringement objectively obvious, Robertson is entitled to present facts that tend to show no such objective obviousness existed; among these is the fact, as the Court has found, that the promotional downloads Plaintiffs made available rendered Robertson having "no way of knowing for sure whether free songs on the internet are unauthorized." Summary Judgment Opinion, 821 F.Supp.2d at 644. A reasonable person in this context would have no basis to conclude that "specific instances of infringement" was occurring.

*Third*, Plaintiffs served Revised Disclosures Pursuant to the Court's July 3, 2013 Scheduling Order, dated August 9, 2013, in an attempt to establish their theories of willful blindness and red flag knowledge (the "Revised Disclosures"). (Attached as Exhibit F to the Declaration of Ira S. Sacks, dated October 9, 2013 ("Sacks Opp. Dec.")). The Revised Disclosures reveal that one of the theories advanced by Plaintiffs is that Defendants were willfully blind to, or had red flag knowledge of, specific instances of infringement simply because they knew that certain domain names[2] hosted infringing materials. (*See id.*, Ex. F, II – IV (asserting that willful blindness or red flag knowledge inferred from "the ***domain's*** infringing character" or "hosting or referring ***domains***" identified in takedown notices) (emphasis added and capitalization altered)).

The promotional downloads evidence disproves Plaintiffs' asserted theory, and thus will be probative at trial. This is because Plaintiffs admitted that they have made authorized free

---

[2] A "domain name", generally speaking, identifies a server or a group of servers where different files and resources are located. Examples of "domain names" include www.mtv.com, www.sxsw.com, www.toolshed-media.com, and www.amazon.com.

11

downloads available on some of the same domain names which they claim also hosted unauthorized free downloads. The promotional download evidence thus shows that the ***domain name*** cannot be said to have "infringing character" simply because certain songs hosted on a domain may be infringing. (*See* Robertson's Mem. of Law in Opposition to Plaintiffs' Motion *in Limine* to Preclude Evidence Regarding Promotional Downloads, filed Oct. 9, 2013 ("Robertson Promotional Download Br."), Section I.C).

### D. Promotional Downloads Evidence Proves Plaintiffs Expected Further Distribution Of The Promotional Downloads And Undermines The Credibility Of Plaintiffs' Trial Contentions

The fourth ground to admit the promotional downloads evidence is that this evidence proves that Plaintiffs expected and permitted further distribution of the promotional downloads, and thus undermines the credibility of Plaintiffs' trial contentions. Evidence that directly undermines Plaintiffs' trial contentions is clearly relevant and admissible. Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact … less probable than it would be without the evidence"); Fed. R. Evid. 402 ("Relevant evidence is admissible"). Moreover, "regardless of whether evidence is admissible, a party may always introduce evidence relevant to the weight or credibility of such evidence." *Allahabi v. New York Life Ins. Co.*, 2000 WL 335553, at *2 (S.D.N.Y. Mar. 30, 2000); *see United States v. Vandetti*, 623 F.2d 1144, 1150 (6th Cir. 1980) ("Since the credibility of a witness is always relevant … evidence of bias or prejudice may be submitted as probative of that issue") (citing Fed. R. Evid. 608).

In this case, the promotional downloads evidence is relevant as it directly undermines the trial contentions Plaintiffs have taken. Plaintiffs have the burden to establish every element of copyright infringement, including that downloading of songs were unauthorized. Plaintiffs claim that they made a very limited number of works available for promotional download in exchange for personal information or exposure to marketing materials and that the conditions Plaintiffs

12

imposed on the promotional programs relating to such downloads did not authorize further copying or distribution. However, the promotional downloads evidence, including Plaintiffs' own emails, contradicts that contention. These contradictions also help the jury to assess Plaintiffs' credibility. (*See* Robertson Promotional Download Br., Section I.D).

## III.   MS. STAMM SHOULD NOT BE FORCED TO HIDE HER EXPERT CREDENTIALS FROM THE JURY

Finally, Plaintiffs ask the Court to force Ms. Stamm to hide her expert credentials by not testifying that EMI Music Publishing retained her as a consultant for several years ending in 2008. (Pl. Br. at 8-9). Plaintiffs assert that because Ms. Stamm did not rely on confidential information she obtained from EMI Music Publishing during that relationship in drafting the Stamm Dec., ***the fact*** of her retention by Plaintiffs for her expertise was irrelevant and inadmissible. (*Id*. at 2). This position is frivolous.

<u>First</u>, Ms. Stamm's credential is relevant to qualify her as an expert. Rule 702 requires an expert to be qualified "by knowledge, skill, ***experience***, training, or education." (Emphasis added). Ms. Stamm's employment history, *i.e.* experience, is thus relevant to qualify her as an expert. Indeed, Plaintiffs' retention of Ms. Stamm establishes her professional qualification as Plaintiffs are unlikely to hire unqualified consultants.

<u>Second</u>, Ms. Stamm's retention by Plaintiffs is relevant to her credibility. The fact that she worked for both music industry and individuals sued by the music industry shows that she is not a "hired gun" who always appear only on one side of the "v." Indeed, it would be ***unfairly*** prejudicial to Robertson and Ms. Stamm to allow Plaintiffs to hide this fact. The fact that Plaintiffs previously retained her shows the jury that she is not biased against them. *See Allahabi v. New York Life Ins. Co.*, 2000 WL 335553, at *2 (S.D.N.Y. Mar. 30, 2000) ("regardless of whether evidence is admissible, a party may always introduce evidence relevant to the weight or

13

credibility of such evidence"); *United States v. Vandetti*, 623 F.2d 1144, 1150 (6th Cir. 1980) ("Since the credibility of a witness is always relevant … evidence of bias or prejudice may be submitted as probative of that issue").

*Third*, Plaintiffs' Rule 403 analysis is fatally flawed because (1) it assumes – wrongly – that Plaintiffs' retention of Ms. Stamm has no relevance; and (2) it fails to show how Plaintiffs are ***unfairly*** prejudiced.  A district court performing Rule 403 analysis "must balance the probative value of the evidence against the danger of unfair prejudice and confusion and considerations of undue delay." *Morris v. Eversley*, 2004 WL 856301, at *2 (S.D.N.Y. Apr. 20, 2004).  When Plaintiffs ignored the relevance of Ms. Stamm's history with Plaintiffs, they have already failed to perform the analysis properly.

Moreover, "[u]nder this rule, 'damage to [Plaintiffs'] case is not a basis for excluding probative evidence,' because '[e]vidence that is highly probative invariably will be prejudicial to the [opposing party]." *United States v. Wallace*, 124 F. App'x 165, 167 (4th Cir. 2005) (quoting *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998)).  Unlike evidence that is *unfairly* prejudicial, the evidence here is fair because it does not make "an appeal to emotion", *Wallace*, 124 F. App'x at 167, or suggests that Plaintiffs "[are] bad [people] who [have] likely engaged in other forms of misconduct for which [they] should be punished, regardless of the merits of this case." *Katt v. City of New York*, 151 F.Supp.2d 313, 360 (S.D.N.Y. 2001).

Indeed, forcing Ms. Stamm to hide her retention by Plaintiffs would unfairly prejudice Robertson because it forces Ms. Stamm to hide the fair and balanced nature of her professional history.  It prejudices Robertson because it would undermine Ms. Stamm's expert testimony on the amount of damages Robertson could face.  This prejudice is unfair because it forces Ms. Stamm to hide from the jury the truth – that she is a fair and balanced expert who has worked for

14

both sides of the litigation.

Ultimately, no negative effects articulated in Rule 403 outweighs – let alone "substantially" outweighs – the significant probative value of this evidence.  Accordingly, the Motion should be denied.

## CONCLUSION

For all of the foregoing reasons, the Motion should be denied in its entirety.

Dated: New York, New York          Respectfully Submitted,
       October 9, 2013

                                   AKERMAN SENTERFITT LLP


                                   By:/s/ Ira S. Sacks
                                      Ira S. Sacks
                                      Mark S. Lafayette
                                      Vincent Y. Liu
                                      Jamie B. Robbins
                                      666 Fifth Avenue, 20th floor
                                      New York, New York 10103
                                      Telephone: (212) 880-3800
                                      Facsimile:  (212) 880-8965

                                      *Counsel for Defendant Michael Robertson*