UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*,<br><br>*Plaintiffs,*<br><br>v.<br><br>MP3TUNES, LLC and MICHAEL ROBERTSON,<br><br>*Defendants.* | No. 07 Civ. 9931 (WHP) (FM)<br><br>**ECF CASE** |

**MEMORANDUM OF LAW IN OPPOSITION TO ROBERTSON'S MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM PLAINTIFFS' CORPORATE REPRESENTATIVES AND DEPOSITION DESIGNATIONS OF MARK PIIBE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ...................................................................................................................2

LEGAL STANDARD ............................................................................................................3

ARGUMENT .........................................................................................................................4

I.    THE LABEL PLAINTIFFS' ADDITION OF SHAH AND PANDISCIA AS POTENTIAL WITNESSES SENSIBLY RESPONDS TO CHANGED CIRCUMSTANCES. ...........................................................................................4

II.    ROBERTSON CANNOT IDENTIFY ANY PREJUDICE THAT FLOWS FROM THE DISCLOSURE OF SHAH AND PANDISCIA AS CORPORATE WITNESSES. ......................................................................................7

III.    PRECLUDING THE LABEL PLAINTIFFS FROM OFFERING TESTIMONY FROM THEIR CHOSEN REPRESENTATIVES WOULD BE PREJUDICIAL. ..........................................................................................10

CONCLUSION ....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AIG Global Asset Mgmt. Holdings Corp. v. Branch*,
  No. 04 Civ. 8803 (RMB) (THK), 2005 WL 425494 ............................................................3, 6

*Design Strategy, Inc. v. Davis*,
  469 F.3d 284 (2d Cir. 2006)....................................................................................................3

*Fay v. United States*,
  22 F.R.D. 28 (E.D.N.Y. 1958) ...............................................................................................11

*Fleet Capital Corp. v. Yamaha Motor Corp.*,
  U.S.A., No. 01 Civ. 1047 (AJP), 2002 WL 31108380 (S.D.N.Y. Sept. 23, 2002)....................9

*Harkabi v. SanDisk Corp.*,
  No. 08 Civ. 8203 (WHP), 2012 WL 826892 (S.D.N.Y. Mar. 12, 2012)............................3, 11

*In re Blackstone Partners, L.P.*,
  No. 04 Civ. 7757 (NRB), 2005 WL 1560505 (S.D.N.Y. July 1, 2005)..............................8, 10

*Kansas v. Empire City Subway Co. (Ltd.)*,
  692 F. Supp. 2d 316 (S.D.N.Y. 2010)..................................................................................6, 8

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
  No. 03 Civ. 5560 (RMB) (HBP), 2008 WL 5336700 (S.D.N.Y. Dec. 22, 2008).....................6

*LG Elecs. v. Whirlpool Corp.*,
  No. 08 C 242, 2010 WL 3714992 (N.D. Ill. Sept. 14, 2010)....................................................9

*Outley v. City of N.Y.*,
  837 F.2d 587 (2d Cir. 1988)................................................................................................3, 8

*Preuss v. Kolmar Labs., Inc.*,
  No. 10 Civ. 6375 (CS), 2013 WL 4766395 (S.D.N.Y. Sept. 4, 2013) .....................................9

*Reilly v. Natwest Markets Grp. Inc.*,
  181 F.3d 253 (2d Cir. 1999).....................................................................................................7

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
  280 F.R.D. 147 (S.D.N.Y. 2012) .............................................................................................3

*Square D Co. v. Breakers Unlimited, Inc.*,
  No. 1:07–cv–806–WTL–JMS, 2009 WL 1702078 (S.D. Ind. June 11, 2009) .........................5

*Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*,
  No. 01 CIV. 3016 (AGS) (HB), 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002) ........................8

*Webb v. Buchanan Marine, Inc.*,
    No. 99 Civ. 3573 (DLC), 2000 WL 347159 (S.D.N.Y. Mar. 31, 2000) ........................ 4, 10, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ................................................................................................................. 6

Fed. R. Civ. P. 30 ................................................................................................................. 8

Fed. R. Civ. P. 30(b)(6) ................................................................................................ passim

Fed. R. Civ. P. 32(a)(3) ........................................................................................................ 8

Fed. R. Civ. P. 37(c)(1) ........................................................................................................ 3

The Label Plaintiffs[1] respectfully submit this memorandum of law in opposition to Defendant Michael Robertson's motion *in limine* to preclude the Label Plaintiffs from using their two chosen representatives, Pat Shah and Dominic Pandiscia, to present corporate representative testimony on the Label Plaintiffs' behalf.

Robertson's motion misleadingly suggests that the Label Plaintiffs are seeking to add additional witnesses to testify on new topics.  They are not.  Rather, they have disclosed an intent to substitute two different corporate personnel to testify as corporate representatives because one of their previously-designated witnesses, Mark Piibe, is no longer employed by the Label Plaintiffs.  There is no prejudice to Robertson resulting from this substitution because Defendants have already taken corporate representative testimony from the Label Plaintiffs on the topics for which Mr. Piibe had previously been designated (as well as individual testimony from Mr. Piibe).[2]  Because the identity of the corporate representative is, at most, of secondary importance where a witness is testifying as a corporate representative, the substitution is harmless to Robertson.  Moreover, this witness substitution is an entirely justified and sensible approach to dealing with the departure of an executive previously designated not only as a fact witness, but also as a corporate representative.

Conversely, granting Robertson's request would prejudice the Label Plaintiffs' ability to present their case – either by preventing them from offering corporate representative testimony on certain topics *at all* simply because their previous designee has left the company, or by

---

[1] The Label Plaintiffs consist of Capitol Records, Inc., Priority Records LLC, and EMI Christian Music Group, Inc.

[2] Robertson also challenges Plaintiffs' right to designate Mr. Piibe's deposition testimony if he does not testify at trial.  *See* Mem. Supp. Robertson's Mot. in Limine (Dkt. No. 414) at 6-8.  However, there is no ripe dispute on this topic.  Plaintiffs have not designated testimony from Mr. Piibe as part of their case-in-chief.  *See* JPTO Ex. A (Plaintiffs' deposition designations).

requiring them to rely exclusively on the testimony of a former executive no longer under their control to provide binding testimony on their behalf.  Robertson's motion should be denied.

## BACKGROUND

Defendants served the Label Plaintiffs with a Rule 30(b)(6) notice of deposition on January 17, 2010.  *See* Defendants' amended Rule 30(b)(6) notice of deposition directed to Plaintiffs, dated January 17, 2010, attached hereto as Exhibit A to the Oct. 9, 2013 Decl. of Luke C. Platzer in Opp. to Robertson's Mot. Preclude Testimony from Corp. Reps. & Dep. Desigs. of Mark Piibe ("Platzer Witness Decl.").  The Label Plaintiffs designated Mr. Piibe, at that time the senior vice president and global head of digital business development at EMI Music North America ("EMI"), to testify on their behalf as to two of the issues included in the deposition notice: the damages incurred by the Label Plaintiffs as a result of Defendants' infringement, and the Label Plaintiffs' dealings with third party companies providing online "locker services."  *See id.*, Ex. B (Piibe Dep. 4:24-5:2, 36:22-38:7, 57:6-21).  Mr. Piibe's deposition took place on January 22, 2010, and included discussions of the Label Plaintiffs' damages due to infringement.  Thereafter, Plaintiffs disclosed their intention to call Mr. Piibe at trial, a disclosure that was memorialized in the initial Proposed Joint Pretrial Order filed with this court in April 2012.  *See* Platzer Witness Decl., Ex. D at 12.  On December 31, 2012, Mr. Piibe separated his employment from EMI and began working for another music label.  *Id.* ¶ 6.

Because it was unclear at the time of the parties' exchange of the Proposed Joint Pretrial Order ("JPTO") disclosures in August 2013 (and remains unclear today) whether it will be a viable option for the Label Plaintiffs to continue to rely on Mr. Piibe to testify on their behalf, the Label Plaintiffs disclosed Mr. Piibe as a potential trial witness, but also listed Messrs. Shah and Pandiscia, two current executives who can speak to the topics on which the Label Plaintiffs had originally designated Mr. Piibe, to avoid the risk that they would be left without a witness

2

capable of testifying to harm and damages issues.  *Id.* ¶¶ 8-9.  The Label Plaintiffs continue to have discussions about Mr. Piibe's willingness and availability to testify on the Label Plaintiffs' behalf, and anticipate that he may still be willing and able to testify as a fact witness at trial, but no longer as a corporate representative.  *Id.* ¶ 11.

## LEGAL STANDARD

Under Rule 37(c)(1), courts may not impose sanctions where a party's failure to comply with its Rule 26 disclosure obligations was "substantially justified" or where the conduct was "harmless."  *See* Fed. R. Civ. P. 37(c)(1).  A failure is substantially justified where there is justification "to a degree that could satisfy a reasonable person that parties could differ" as to whether the party complied with its disclosure obligations or if there exists "a genuine dispute concerning compliance."  *AIG Global Asset Mgmt. Holdings Corp. v. Branch*, No. 04 Civ. 8803 (RMB) (THK), 2005 WL 425494, at *1 (S.D.N.Y. Feb. 18, 2005) (quotation marks omitted).  Harmlessness means "an absence of prejudice to the defendant."  *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012).

Even if the failure to disclose is not substantially justified or is not harmless, Rule 37(c)(1) preclusion sanctions are not automatic.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006).  Rather, the Second Circuit has warned that "[t]he refusal to allow [a witness] to testify" is "an extreme sanction in any case," and one which may have "an excessively harsh effect."  *Outley v. City of N.Y.*, 837 F.2d 587, 590 (2d Cir. 1988).  Before granting such a remedy, the court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses."  *Id.* at 591.  Preclusion is not warranted where the importance of the disclosure violation is "minor" and the prejudice suffered by the opposing party is "negligible."  *Harkabi v. SanDisk Corp.*, No. 08 Civ. 8203 (WHP), 2012 WL 826892, at *7 (S.D.N.Y. Mar. 12, 2012); *see also Outley*, 837 F.2d at 590-91

(reversing trial court's preclusion where testimony was "extremely important" to plaintiff's case and failure to comply was "mere oversight of counsel amounting to no more than simple negligence") (internal quotation marks omitted); *Webb v. Buchanan Marine, Inc.*, No. 99 Civ. 3573 (DLC), 2000 WL 347159, at *2 (S.D.N.Y. Mar. 31, 2000).

## ARGUMENT

I.  **THE LABEL PLAINTIFFS' ADDITION OF SHAH AND PANDISCIA AS POTENTIAL WITNESSES SENSIBLY RESPONDS TO CHANGED CIRCUMSTANCES.**

The Label Plaintiffs' proposal to add Messrs. Shah and Pandiscia as witnesses is a perfectly sensible approach to dealing with the departure of a corporate executive previously slated to testify on certain topics. At the time of Plaintiffs' disclosures and up through the end of discovery, the Label Plaintiffs planned to call Mr. Piibe to testify at trial, not only as a fact witness, but also on the topics on which he had been the Label Plaintiffs' 30(b)(6) designee; particularly the Label Plaintiffs' harm and damages due to the online infringement of their sound recordings. Mr. Piibe's possible unavailability arose long after discovery in this matter had concluded and the parties had already exchanged witness lists in April 2012 with respect to the previous iteration of the JPTO.

After the Court issued its decisions on the parties' respective motions for reconsideration (thus deciding the scope of the issues to be tried), Plaintiffs began preparing the case for trial and thus began to focus on the possible unavailability of Mr. Piibe and its effect on their trial preparation. Platzer Witness Decl. ¶ 10. Accordingly, they investigated possible witnesses who might be able to fill Mr. Piibe's role as corporate representative, and disclosed their intent to call Messrs. Shah and Pandiscia in their JPTO disclosures, when witness designations were due. *Id*.; *see also* JPTO at 27.

4

This was an entirely appropriate response to changed circumstances and does not warrant the imposition of any sanctions. At the time of Mr. Piibe's departure, the parties were briefing their respective motions for reconsideration, and the issues that would ultimately need to be tried by the jury (and thus the scope of the Label Plaintiffs' needed trial preparation) was not yet clear. After the motions were decided, the Label Plaintiffs disclosed their intention to use additional corporate representatives because it was unclear whether Mr. Piibe would be willing and able to testify on the Label Plaintiffs' behalf as a fact witness, and it had become clear that they would no longer be able to rely upon him to speak as their corporate representative. For instance, Mr. Piibe's employment by the Label Plaintiffs' industry competitors may make it difficult for the Label Plaintiffs' counsel adequately to prepare him to testify, and could place the Label Plaintiffs in the unusual and uncomfortable position of relying upon someone not under their control to testify on their behalf as a corporate representative. Although it may be possible to surmount those obstacles with respect to fact testimony from Mr. Piibe – and the Label Plaintiffs have been engaged in a good-faith effort to do so, and now anticipate that Mr. Piibe may be available to testify as a fact witness at trial – the Label Plaintiffs are perfectly justified in designating alternate corporate representatives to fill the role Mr. Piibe can no longer play. *See Square D Co. v. Breakers Unlimited, Inc.*, No. 1:07–cv–806–WTL–JMS, 2009 WL 1702078, at *2 (S.D. Ind. June 11, 2009) (noting that it would be unreasonable to compel a Rule 30(b)(6) deponent to testify on a party's behalf at trial if the deponent was no longer employed by the party).

At most, Robertson is left with an argument that the Label Plaintiffs disclosed their possible substitution of Messrs. Shah and Pandiscia for Mr. Piibe by way of their initial JPTO disclosures (which is when witness designations are due under this Court's rules), rather than by

5

way of serving new Rule 26(a) disclosures after Mr. Piibe left the company.  Mem. Supp. Robertson's Mot. in Limine (Dkt. No. 414) at 4 ("Mot.").  Rule 26 requires disclosure of individuals a party "may use to support its claims or defenses."  Fed. R. Civ. P. 26.

Mr. Piibe was the appropriate witness to disclose in the earlier iteration of the JPTO filed after the close of discovery.  There was no reason for the Label Plaintiffs to revisit their witness list or any of their pretrial submissions during the pendency of the Motion for Reconsideration.  However, after this Court, in its Reconsideration Order, finally determined the issues to be tried, the Label Plaintiffs began their pretrial preparation this summer and identified and disclosed possible substitute corporate witnesses in lieu of Mr. Piibe.

Because the scope of the issues to be tried was unclear until the Court issued its reconsideration order in May, the pretrial disclosure process was a perfectly sensible time for Plaintiffs to focus on the likely witnesses at trial.  *See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560 (RMB) (HBP), 2008 WL 5336700, at \*9 (S.D.N.Y. Dec. 22, 2008) (noting that Rule 26(e) disclosure obligations attached "[o]nce plaintiffs became aware" that 30(b)(6) witness would be unable to provide "meaningful testimony" regarding damages).

Therefore, since the applicable standard is merely whether "reasonable . . . parties could differ" about the sufficiency of the Label Plaintiffs' disclosures, there is no issue presented that warrants judicial relief.  *AIG Global Asset Mgmt. Holdings*, 2005 WL 425494, at \*1; *see also Kansas v. Empire City Subway Co. (Ltd.)*, 692 F. Supp. 2d 316, 320 (S.D.N.Y. 2010) (sanctions not warranted where plaintiff had "plausible explanation" for alleged deficiencies in discovery).

## II. ROBERTSON CANNOT IDENTIFY ANY PREJUDICE THAT FLOWS FROM THE DISCLOSURE OF SHAH AND PANDISCIA AS CORPORATE WITNESSES.

There is more than a touch of irony in the fact that Robertson's current argument boils down to an accusation that the Label Plaintiffs should have used supplemental Rule 26(a) disclosures rather than pretrial disclosures to notify him of their proposed substitution of their corporate representative witness, given the fact that Robertson's own witness list contains multiple surprise *fact* witnesses he never before disclosed – including witnesses he still has not identified by name.[3] Moreover, Robertson can point to no prejudice from the fact that the Label Plaintiffs disclosed the addition of these two witnesses in their JPTO witness list, rather than in supplemental Rule 26(a) disclosures a few months earlier.

The harmlessness arises because Messrs. Shah and Pandiscia are being called by the Label Plaintiffs during the case in chief in order to testify regarding a topic, harm and damages, on which Defendants had the opportunity to – and did – depose the Label Plaintiffs by way of a Rule 30(b)(6) deposition. Because a Rule 30(b)(6) deposition represents the testimony of the corporation, rather than that of a fact witness, the role of the corporate representative is to act as the conduit for testimony regarding the collective knowledge of a corporation, rather than simply regarding facts known to the witness from their own personal perception of relevant events. *See* Fed. R. Civ. P. 30(b)(6) (noting that a Rule 30(b)(6) witness "must testify about information known or reasonably available to the organization"); *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (explaining that a corporation must "make available such number of persons as will be able to give complete, knowledgeable, and binding answers on its

---

[3] These omissions, unlike Plaintiffs' substitution, have materially prejudiced Plaintiffs by depriving them of any opportunity to take discovery or even know what the testimony is going to be about, and Plaintiffs are accordingly moving to preclude their testimony. *See* Pls.' Mem. Supp. Mot. in Limine to Preclude Testimony from Undisclosed Third-Party Witnesses (Dkt. No. 428).

behalf") (internal quotation marks omitted); *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01 CIV. 3016 (AGS) (HB), 2002 WL 1835439, at *2-3 (S.D.N.Y. Aug. 8, 2002) (summarizing the "substantial[] differen[ces]" between Rule 30(b)(6) depositions and depositions of witnesses as individuals). Thus, Defendants have already had the opportunity to depose the Label Plaintiffs on their claims regarding how and to what extent they have been harmed by Defendants' infringement of their copyrights when they deposed the Label Plaintiffs by way of a 30(b)(6) deposition.

Moreover, to the extent Robertson wants to cross-examine Mr. Shah or Mr. Pandiscia at trial, he can use the testimony of the Label Plaintiffs' Rule 30(b)(6) representative on the relevant topics – Mark Piibe – in order to do so. *See* Fed. R. Civ. P. 32(a)(3). There is no reason Robertson would need to (or be entitled to) depose the Label Plaintiffs a second time, on the same topics, simply because events had forced them to use different conduits to speak on their behalf at trial. *See* Fed. R. Civ. P. 30 advisory committee's note (explaining that the availability Rule 30(b)(6) witnesses should prevent "unnecessarily large numbers" of organizations' officers and agents from being deposed); *In re Blackstone Partners, L.P.*, No. 04 Civ. 7757 (NRB), 2005 WL 1560505, at *3 (S.D.N.Y. July 1, 2005) (following corporation's 30(b)(6) deposition, upholding quashing subpoena of additional corporate representatives as "duplicative and cumulative"). Indeed, Robertson cannot articulate how this change in witnesses would prejudice or even alter his trial preparation in any way whatsoever. *See Outley*, 837 F.2d at 591 (preclusion not required in absence of "a more definite showing of prejudice"); *Empire City Subway*, 692 F. Supp. 2d at 321-22 (admitting undisclosed witnesses' testimony in light of its limited purpose).

Of course, this does not and should not limit Mr. Shah or Mr. Pandiscia to testifying only to the matters about which Mr. Piibe was actually questioned by Defendants. *See* Mot. at 6 n.3, 7. Had Mr. Piibe remained employed by the Label Plaintiffs, his trial testimony would not have been limited to the exact questions Defendants chose to ask him at his deposition in 2010. *See LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2010 WL 3714992, at *3 (N.D. Ill. Sept. 14, 2010) (30(b)(6) witnesses permitted to testify at trial as to matters beyond testimony actually provided at depositions). The point is that Defendants have already had every opportunity to depose the Label Plaintiffs on the topic of their claimed harm from Defendants' infringement, and Robertson thus cannot complain about the identity of the corporate representative speaking to that issue at trial.

Moreover, beyond the fact that Robertson is not prejudiced by Mr. Pandiscia testifying in a corporate representative capacity, Robertson has long been aware of Mr. Pandiscia's identity and the scope of his knowledge. During Defendants' February 9, 2010 deposition of one of the Label Plaintiffs' other representatives, Sanford Schwartz, Mr. Pandiscia's name appeared on multiple deposition exhibits and Defendants asked questions about the scope of Mr. Pandiscia's involvement in and knowledge of issues relevant to this litigation. Platzer Witness Decl., Ex. C (Schwartz Dep. 56:14-57:8, 61:24-62:10 & Exs. 19-20). Such awareness on Robertson's part represents independent grounds for allowing Mr. Pandiscia, in particular, to testify at trial. *See Fleet Capital Corp. v. Yamaha Motor Corp.*, U.S.A., No. 01 Civ. 1047 (AJP), 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) ("[A] failure to disclose witness information is harmless if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.") (quotation marks omitted); *see also Preuss v.*

9

*Kolmar Labs., Inc.*, No. 10 Civ. 6375 (CS), 2013 WL 4766395, at *3 (S.D.N.Y. Sept. 4, 2013) (collecting cases).

In light of these practical realities, there is no valid argument that Robertson would have altered his trial preparation in any way had the Label Plaintiffs provided Messrs. Shah's and Pandiscia's names by way of supplementing their Rule 26(a) disclosures rather than by way of their witness lists. *See* Mot. at 5. He could not have noticed their depositions because such depositions would have been "duplicative and cumulative," and his cross-examination at trial will be unaffected. *In re Blackstone Partners, L.P.*, 2005 WL 1560505, at *3. Defendants have already taken 30(b)(6) depositions of the Label Plaintiffs on the very issue that Messrs. Shah and Pandiscia would be testifying on behalf of the Label Plaintiffs. Mot. at 5-6; *see also Webb*, 2000 WL 347159, at *3 (no preclusion where defendants had been provided with reports and records revealing content of undisclosed witnesses' testimony). As a result, any benefit to Robertson that could have been obtained by also deposing Messrs. Shah and Pandiscia on that same issue is *de minimis*. *See Webb*, 2000 WL 347159, at *3 ("Even assuming that the defendants are not already familiar with the substance of their proposed testimony, the defendants may adequately prepare to meet their testimony in the time remaining prior to trial."). Robertson points to no case precluding a witness from testifying that involved even remotely similar facts.

### III. PRECLUDING THE LABEL PLAINTIFFS FROM OFFERING TESTIMONY FROM THEIR CHOSEN REPRESENTATIVES WOULD BE PREJUDICIAL.

The "extreme sanction" of witness preclusion is further unwarranted here because it would prejudice the Label Plaintiffs by depriving them of their chosen corporate representatives on the topics of damages and harm caused by Defendants' infringement. Such preclusion would have an impact on the Label Plaintiffs' presentation disproportionate to Robertson's claim that

the Label Plaintiffs disclosed the substitution late.  *See, e.g.*, *Harkabi*, 2012 WL 826892, at *7; *Webb*, 2000 WL 347159, at *3.

Precluding the Label Plaintiffs from designating their chosen representatives would either deprive them of the ability to testify about harm and damages at all, or place them in the untenable position of having to rely solely on the testimony of a former executive no longer under their control.  Contrary to Robertson's claims to the contrary, *see* Mot. at 5, this approach presents numerous obstacles.  Although Mr. Piibe may now be willing to testify at trial in a purely factual capacity, the fact that Mr. Piibe now works for a competitor could complicate witness preparation, as it could entail the sharing with Mr. Piibe of confidential documents and information in preparation for his testimony.  Further, the fact that Mr. Piibe is no longer under the Label Plaintiffs' control raises serious questions about requiring Plaintiffs to be bound by the testimony of someone no longer affiliated with them.[4]  These difficulties would be particularly acute if Mr. Piibe were compelled to testify by way of a subpoena as Robertson suggests.  Although the Label Plaintiffs continue to investigate in good faith whether these obstacles can be overcome, they should not be forced to endure them simply because their previously-designated witness left the company long after discovery concluded.

## CONCLUSION

For the foregoing reasons, the Label Plaintiffs respectfully submit that Robertson's motion *in limine* to preclude the Label Plaintiffs from presenting at trial testimony from two

---

[4] *See, e.g.*, Fed. R. Civ. P. 30(b)(6) (specifying that persons besides officers, directors, or managing agents must consent to testifying on organization's behalf); *Fay v. United States*, 22 F.R.D. 28, 32 (E.D.N.Y. 1958) ("A corporate party may not be examined by its directors or any of its former officers, nor by a managing agent who is no longer in the employ of the corporation.") (citation omitted).

11

corporate representatives and excerpts from the deposition of Mark Piibe should be denied in its entirety.

DATED:   October 9, 2013

Respectfully submitted,

By: /s/ Andrew H. Bart
    Andrew H. Bart
    Lindsay W. Bowen
    JENNER & BLOCK LLP
    919 Third Avenue, 37th Floor
    New York, New York 10022
    Telephone: (212) 891-1645
    Facsimile:  (212) 891-1699

    Steven B. Fabrizio
    Luke C. Platzer
    J. Douglas Wilson
    JENNER & BLOCK LLP
    1099 New York Avenue NW
    Washington, DC 20001
    Telephone: (202) 639-6000
    Facsimile:  (202) 661-4819

    *Attorneys for EMI Label Plaintiffs*

By: /s/ Frank P. Scibilia
    Frank P. Scibilia
    Jacob B. Radcliff
    M. Mona Simonian
    PRYOR CASHMAN LLP
    7 Times Square
    New York, New York 10036
    Telephone:  (212) 421-4100
    Facsimile: (212) 326-0806

    *Attorneys for EMI Publishing Plaintiffs*