Donald S. Zakarin
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
PRYOR CASHMAN LLP
7 Times Square
New York, New York  10036-6569
(212) 421-4100
*Attorneys for the EMI Publishing Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al*, <br><br><br> Plaintiffs, <br><br> v. <br><br> MP3TUNES LLC and Michael Robertson, <br><br> Defendants. | No. 07 Civ. 9931 (WHP) (FM) <br><br> **ECF CASE** <br><br> **DECLARATION OF** <br> **JACOB B. RADCLIFF** |

JACOB B. RADCLIFF, an attorney authorized by law to practice in this state, subscribes

and affirms under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am Of Counsel to the firm of Pryor Cashman LLP, attorneys for the EMI

Publishing Plaintiffs in this action, and I am familiar with all the facts and circumstances set

forth in this declaration.  I make this declaration in opposition to the Motion *in Limine* of

Defendant Michael Robertson to Overrule Plaintiffs' Fed. R. Evid. 901 and Related Objections

to certain of Robertson's Trial Exhibits.

2.      My colleagues Frank Scibilia, Mona Simonian and Ross Bagley, along with Luke

Platzer and J. Doug Wilson on behalf of the EMI Label Plaintiffs, met and conferred with

Michael Robertson's counsel Ira Sacks and Mark Lafayette on August 26, 2013 regarding the

parties objections to their trial exhibits.  I was informed by Ms. Simonian that despite the

thousands of exhibits in the Joint Pretrial Order from each party, Robertson's counsel refused to agree to compromise with respect to any objections, including objections on authenticity grounds.

3.      Thereafter, Ms. Simonian continued to have conversations with Mr. Lafayette and Mr. Sacks regarding Robertson's authenticity objections, particularly with respect to documents evidencing the chain of title.  Mr. Sacks ultimately agreed, on September 18, 2013, to withdraw Robertson's authenticity objection only to chain of title documents for works which were on Plaintiffs' takedown notices.  Exhibit A hereto is a true and correct copy of Mr. Sacks's September 18, 2013 email.

4.      September 18 was also the day that the parties filed moving briefs on all of their in limine motions.  In his email that day, Mr. Sacks also wrote "Finally, we are willing to waive all remaining authenticity objections if you will."  *See* Ex. A.

5.      Before Plaintiffs could respond or consider Mr. Sacks' proposal, he filed Robertson's Motion *in Limine* to Overrule Plaintiffs' authenticity objections.

6.      Plaintiffs continued to negotiate, and on October 4, 2013, Mr. Platzer informed me that he had spoken to Mr. Lafayette and raised the possibility of agreeing to Mr. Sacks' proposal.  Mr. Lafayette apparently told Mr. Platzer he would consult with Mr. Sacks and get back to him.

7.      Mr. Platzer emailed Mr. Lafayette the following day, Saturday, October 5 to follow up on the stipulation.  A true and correct copy of Mr. Platzer's email is annexed hereto as Exhibit B.

8.      Mr. Lafayette did not respond until Monday, after I left him another message, and he and I spoke on the phone.  He initially said that Robertson would not agree to the stipulations

that were proposed, then backed off and said that I could speak to Mr. Sacks about it on Tuesday, October 8.

9.      I called Mr. Sacks in the morning on October 8 and explained that Plaintiffs would like to stipulate to mutually withdraw authenticity objections.  Mr. Sacks said that he was no longer interested in the arrangement he proposed, and he would need "a little more" in exchange for withdrawing his authenticity objections.  He then explained that in addition to withdrawing all of Plaintiffs' authenticity objections, "a little more" included withdrawing our motions *in limine* regarding third party documents and promotional downloads.  He also suggested that since the case is "really about MP3Tunes" that the Plaintiffs should withdraw their claims against Robertson as a way to "streamline trial," but I am not sure whether this absurd proposal was related to his proposed waiver of authenticity objections or not.  In any event, Mr. Sacks's proposals were outlandish and clearly intended to remove all potential for compromise, and I rejected them.

Dated: New York, New York
       October 9, 2012

                                        /s/ Jacob B. Radcliff
                                        JACOB B. RADCLIFF

# EXHIBIT A

## Radcliff, Jacob B.

| | |
|---|---|
| **From:** | ira.sacks@akerman.com |
| **Sent:** | Wednesday, September 18, 2013 7:55 AM |
| **To:** | LPlatzer@jenner.com; Simonian, Mona; abart@jenner.com; Scibilia, Frank P.; Radcliff, Jacob B.; JDWilson@jenner.com |
| **Cc:** | mark.lafayette@akerman.com; jamie.robbins@akerman.com; vincent.liu@akerman.com |
| **Subject:** | Authenticity |

All,

The exercise I did and related to Mona on Saturday relating to the 100 publishers tracks on the takedown notices made it clearer to me that it is hard to tell which agreements relate to the 472 tracks in the takedown notices. So that there is no inadvertent objection, we withdraw any authenticity objection to any chain of title document supporting the copyright ownership of those tracks.

In that regard, please substitute and produce to us unredacted copies of all Matrix agreements.

Finally, we are willing to waive all remaining authenticity objections if you will.

Sent from my iPhone

www.akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.
CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that unless expressly stated otherwise, any U.S. federal tax advice contained in this transmittal, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

1