UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,                :
                                                                      :
       *Plaintiffs*,       :
     v.                                  : 07 Civ. 9931 (WHP)
                                                                      :
MP3TUNES, LLC and MICHAEL ROBERTSON,   :
                                                                      :
       *Defendants.*         :
------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION *IN LIMINE*
TO PRECLUDE PLAINTIFFS FROM PRESENTING ROBERTSON'S DEPOSITION
DESIGNATIONS IN THEIR CASE-IN-CHIEF**

   Defendant Michael Robertson ("Robertson"), through his undersigned counsel, submits this reply memorandum of law in further support of his motion *in limine* to preclude Plaintiffs from presenting Robertson's deposition designations in their case-in-chief [Doc. No. 401] (the "Motion"). Simply, Robertson should not have to testify twice in Plaintiffs' case, once by deposition and once as an adverse witness. That is a consummate waste of jury time. (*See* Mem. of Law in Support of the Motion [Doc. No. 402] ("Robertson Br.") at 2-5). Indeed, Rule 403 of the Federal Rules of Evidence "authorizes the Court to exclude relevant evidence for 'nothing more harmful than merely wasting time…'" (Robertson Br. at 2 (quoting FRE 403 Notes of Advisory Committee)). That description fits this situation like a glove. Rule 403 thus mandates preclusion of Robertson's deposition from trial.

   Plaintiffs' response utterly ignores the central argument of the Motion – that Rule 403 requires the Court to exclude the use of Robertson's deposition testimony by Plaintiffs as part of their case-in-chief because it accomplishes nothing other than wasting time. Plaintiffs pretend as if Robertson is unaware of Rule 32 of the Federal Rules of Civil Procedure, which permits the use of a deposition at trial, and simply assert that the Rule gives them a license to ignore other

limits set forth in the Federal Rules of Evidence. (*See* Plaintiffs' Mem. of Law in Opposition to the Motion [Doc. No. 447] ("Pl. Opp.") at 1 ("Robertson would like to pretend that Rule 32(a)(3) does not exist")). In reality, however, the Motion presents detailed analysis on this issue, noting that "'Fed. R. Civ. P. 32, like all other rules, does not operate in a vacuum, but instead is directly informed by Fed. R. Evid. 403 and 611(a), which confer clear authority upon District Courts in fashioning the presentation of evidence.'" (Robertson Br. at 4-5 (quoting *Chretien v. Home Depot U.S.A., Inc.*, 169 F.Supp.2d 670, 674 (S.D. Tex. 2001)). Plaintiffs' Opposition simply ignores such authority.

Indeed, Plaintiffs' Opposition is riddled with errors both on the facts and the law. For example, in their yet-again *ad hominem* attack, Plaintiffs accuse Robertson of changing his testimony concerning whether user accounts were terminated as a result of infringing materials. (*See* Pl. Opp. at 1-2). This assertion squarely contradicts this Court's summary judgment finding, which held that Plaintiffs mischaracterized the relevant deposition testimony:

> EMI argues that Robertson's declaration is self-serving and should not be considered because it contradicts his earlier deposition testimony. However, at deposition, Robertson testified that he did not know whether MP3tunes had maintained records of users who added links to Sideload.com that were identified subsequently in takedown notices. ***EMI's argument that Robertson was not aware of any instance where a user account was terminated for suspected file sharing mischaracterizes the deposition testimony***…

*Capitol Records, Inc. v. MP3tunes, LLC*, 821 F.Supp.2d 627, 638-39 (S.D.N.Y. 2011) (emphasis added).

Moreover, Plaintiffs' central legal contention, that "Courts across the country have ***uniformly*** interpreted [Fed. R. Civ. P.] 32(a)(3) plainly to mean" that Plaintiffs have an absolute right to introduce Robertson's deposition, is demonstrably false in light of the Motion. (Pl. Opp. at 3 (emphasis added)). In fact, the Motion cites and discusses *Williams v. Jackson*, 2011 WL

867528, at *2 (E.D. Ark. Mar. 14, 2011), among other relevant authorities, which held that "in the interest of judicial efficiency," ***available defendants' depositions should be precluded*** from trial. (Robertson Br. at 4). The *Williams* court rendered its decision after considering – and ***rejecting*** – ***plaintiff's argument "pursuant to Fed. R. Civ. P. 32(a)(3)***." *Id*. Indeed, this asserted uniformity flies in the face of the comments by both the Eighth and the First Circuit, that "'[m]any trial judges require that a deposed witness testify live, if available.'" *Dhyne v. Meiners Thriftway, Inc.*, 184 F.3d 983, 989-90 (8th Cir. 1999) (quoting *Loinaz v. EG & G, Inc.*, 910 F.2d 1, 8 (1st Cir. 1990)). Accordingly, courts do not allow Rule 32(a)(3) to automatically trump other considerations.

For these and the reasons set forth below, the Court should grant the Motion.

I.   **PLAINTIFFS FUNDAMENTALLY MISCONSTRUES THE MOTION'S ARGUMENT AND PROVIDES NO REASON TO INTRODUCE ROBERTSON'S DEPOSITION.**

As stated in the Motion and above, Rule 403, which "authorizes the Court to exclude relevant evidence for 'nothing more harmful than merely wasting time'", (Robertson Br. at 2 (quoting FRE 403 Notes of Advisory Committee)), requires the Court to exclude Robertson's deposition testimony because it accomplishes nothing other than wasting time. Plaintiffs' Opposition not only fails to respond to this central argument, but it also fails to identify a single potential use that cannot be more effectively and efficiently achieved by questioning Robertson live and using the deposition, if necessary, for impeachment. Plaintiffs thus gave the Court no reason to admit Robertson's deposition testimony.

*First*, Plaintiffs argue that Rule 32(a)(3) *permits* their use of Robertson's deposition. This, however, misses the Motion's point. "Fed. R. Civ. P. 32, like all other rules, does not operate in a vacuum, but instead is directly informed by Fed. R. Evid. 403 and 611(a), which confer clear authority upon District Courts in fashioning the presentation of evidence."

3

(Robertson Br. at 4-5 (quoting *Chretien*, 169 F.Supp.2d at 674). The basis of the Motion is not that Plaintiffs lack an evidentiary basis to introduce Robertson's deposition – Rule 32(a)(3) clearly permits it – but that doing so in this case will waste significant trial time. (*Id.* at 1). As we have shown, Rule 403 prohibits the introduction of even relevant evidence when it causes undue delays or wastes time. Indeed, the rule authorizes the Court to exclude relevant evidence for "nothing more harmful than merely wasting time…" Fed. R. Evid. 403 Notes of Advisory Committee.

Plaintiffs offer a long string cite of cases for the proposition that Rule 32(a)(3) permits them to introduce Robertson's deposition at trial. (*See* Pl. Opp. at 3-4). But this string, despite its length, offers little value because **_none_** of the cases analyzed Rule 32(a)(3) in light of Rule 403 (because the parties did not raise the issue).[1] It is unremarkable to state that "a party *may* introduce their adversary's deposition testimony for any purpose at trial..." (Pl. Opp. at 3 (emphasis added)). Rule 32(a)(3) itself says as much. But Rule 32(a)(3) must be "directly informed by Fed. R. Evid. 403 and 611(a)," *Chretien*, 169 F.Supp.2d at 674, and Plaintiffs fail to offer any authority making that analysis.

Because the Opposition misconstrues the Motion's argument – indeed it cites Rule 403 only once (Pl. Opp. at 5) – it fails to address the time-wasting nature of forcing Robertson to testify twice: once by deposition and another time live. Therefore, even if Rule 32(a)(3) permits the use of Robertson's deposition at trial, "in the interest of judicial efficiency," the Court should preclude it pursuant to Fed. R. Evid. 403. *Williams*, 2011 WL 867528, at *2.[2]

---

[1] Indeed, one of the cases, *Pfotzer v. Aqua Systems, Inc.*, 162 F.2d 779, 785 (2d Cir. 1947), predates the Federal Rules of Evidence, which was enacted in 1975.

[2] Plaintiffs also argue that the cases cited in the Motion actually undermine its argument because the cases deemed preclusion of deposition at trial "harmless error." (*See* Pl. Opp. at 5 n.7).

4

***Second***, the Opposition offers ***no purpose*** for using the Robertson deposition that cannot be achieved through live testimony. For this reason, "precluding Plaintiffs from presenting [Robertson's] deposition designations sacrifices no probative evidentiary value and will save significant trial time." (Robertson Br. at 2).

Scattered within the Opposition seem to be two reasons for which Plaintiffs plan to introduce the Robertson deposition: (1) to impeach Robertson with prior inconsistent statements; (*see* Pl. Opp. at 1-2 ("Robertson seeks a license to continue shifting his story before the jury at trial or to make carefully parsed statements designed to confuse the jury")); and (2) to provide relevant evidence. (*Id*. at 5 (Robertson's "deposition testimony is therefore one of the most relevant pieces of evidence that could be presented to the jury")). Neither reason warrants admission of Robertson's deposition in Plaintiffs' case-in-chief.

Plaintiffs misunderstand the distinction between case-in-chief evidence and impeachment evidence. Federal Rules treat these two categories very differently. *See*, *e.g.*, Fed. R. Civ. P. 26(a)(1) (initial disclosure requires identification of witness "***unless*** the use would be solely for impeachment"); 26(a)(3) (pretrial disclosure requires deposition designations "***other than*** solely for impeachment") (emphasis added).

The Motion seeks the preclusion of Robertson's deposition only as Plaintiffs' case-in-chief evidence, not their use for impeachment. Indeed, the Motion cites cases stating that even where deposition testimony is excluded, it can still be used for impeachment. (Robertson Br. at 3 (quoting *Dhyne*, 184 F.3d at 990 (opposing party can "impeach him with the deposition if

---

Plaintiffs argue that exclusion of Robertson's deposition "would be error" – omitting "harmless". (*Id*.). Plaintiffs' contention is undermined by the cases they attack. For example, the *Williams* court, after noting the "harmless error" comment, proceeded to exclude the party's depositions "in the interest of judicial efficiency." 2011 WL 867528, at *2.

necessary"); 4 (citing *Rhead v. Mundy*, 2005 WL 5994165, at *14-15 (S.D. Cal. Oct. 21, 2005) (conditionally excluded preliminary hearing testimony as cumulative to deposition testimony, allowing only portions of the hearing testimony to augment testimony or ***impeach the witness***)). Plaintiffs' first argument is thus moot.

Plaintiffs' second argument on the relevance of Robertson's testimony is – ironically – irrelevant. No one denies that Robertson will be an important witness; and for this reason he will be testifying live at trial. The point is that he should not have to do so twice during Plaintiffs' case – once by deposition and once live as an adverse witness.

Here, the Court must weigh the ***potential*** loss of probative value against the time wasted. Fed. R. Evid. 403; *Morris v. Eversley*, 2004 WL 856301, at *2 (S.D.N.Y. Apr. 20, 2004) (the Court must weigh evidence's relevance against undue delay). Because Robertson will be testifying live, there can be ***no loss*** of relevant evidence. As the Eighth Circuit concluded, excluding deposition when live testimony is available at trial "cannot possibly cause unfair prejudice, because the party wishing to use deposition testimony can call the adverse witness live, impeach him with the deposition if necessary, and even question the witness using the exact same questions asked at the deposition." *Dhyne*, 184 F.3d at 990. For this reason, the balancing analysis under Rule 403 decidedly tilts in favor of excluding Robertson's deposition.

## II. IF THE COURT PERMITS THE INTRODUCTION OF ROBERTSON'S DEPOSITION, IT SHOULD ALLOW PLAINTIFFS TO EXAMINE ROBERTSON ONLY ONCE AND GRANT LEAVE FOR ROBERTSON TO COUNTER-DESIGNATE AND OBJECT.

If the Court permits the introduction of Robertson's deposition, it should instruct Plaintiffs that Robertson's testimony should be offered only once. In other words, if Plaintiffs present any portions of Robertson's deposition designations, they should be precluded from examining Robertson as an adverse witness during their case-in-chief. Plaintiffs should be

required to choose: either offer Robertson's deposition during their case-in-chief or call Robertson live as an adverse witness. Nothing can be gained by forcing Robertson to testify twice during Plaintiffs' case-in-chief: once by deposition and once by live testimony.

If the Court permits the introduction of Robertson's deposition testimony during Plaintiffs' case-in-chief, Robertson respectfully requests leave to make counter-designations. Robertson made general objections to Plaintiffs' designations of his depositions in the Proposed Joint Pretrial Order since he will testify at trial. (*See* Robertson Br. at 5 n.2). It was anticipated that the resolution of this motion *in limine* would render cite-specific objections and counter-designations moot. Robertson's counter-designations would not cause any prejudice Plaintiffs fear – the parties can work together to follow an "iterative process" when finalizing the designations, counter-designations, and objections. (Pl. Opp. at 6).

## CONCLUSION

For all of the foregoing reasons, the Court should grant the Motion.

Dated: New York, New York
November 1, 2013

Respectfully Submitted,

AKERMAN LLP (f/k/a Akerman Senterfitt LLP)

By: */s/ Ira S. Sacks*
Ira S. Sacks
Mark S. Lafayette
Vincent Y. Liu
Jamie B. Robbins
666 Fifth Avenue, 20th floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Counsel for Defendant Michael Robertson*