UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,                   :
                                                  :
              *Plaintiffs*,             :
       v.                                         :  07 Civ. 9931 (WHP)
                                                  :
MP3TUNES, LLC and MICHAEL ROBERTSON,               :
                                                  :
              *Defendants.*             :
-----------------------------------------------------------------x

## ROBERTSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION *IN LIMINE* REGARDING THE ORDER OF PROOF AT TRIAL

      Defendant Michael Robertson ("Robertson") submits this reply memorandum of law in further support of the motion *in limine* regarding the order of proof at trial [Doc. No. 399] (the "Motion"). The Motion is premised on the certainty that MP3tunes, LLC ("MP3tunes") will default at trial, based on the observable fact that it has defaulted on every obligation it has had since at least May 1, 2012. As a result, the Motion requests that the Court sever claims against MP3tunes from claims against Robertson, and that the claims against MP3tunes be decided by the Court after the claims against Robertson are decided by the jury. (*See* Robertson's Mem. of Law in Support of the Motion [Doc. No. 400] ("Robertson Br.") at 1). The Motion also requests the Court instruct that parties should make no reference to the **_claims_** against MP3tunes during the trial against Robertson. (*Id.*). As Plaintiffs concede, the Court has the power to grant the requested relief; and Plaintiffs fail to address Robertson's prejudice if the relief is not granted. The Motion should be granted.

      As noted above, the reason for the requested relief is simple: MP3tunes is in Chapter 7 bankruptcy and will default at trial. Contrary to the conspiracy theory surmised by Plaintiffs (*see* Pl.'s Mem. of Law in Opposition to the Motion [Doc. No. 446] ("Pl. Opp.") at 1-2), Robertson does not expect this default because he secretly controls MP3tunes' bankruptcy estate

or otherwise caused MP3tunes' default. Rather, every observer, including Plaintiffs and the Court, knows that **_MP3tunes has already defaulted in every aspect of this litigation since its bankruptcy filing_**, including the failure to participate in the Joint Pretrial Order process, failing to list witnesses or exhibits. (*See* Point I below for further discussion).

As a result, the claims against MP3tunes must be decided by the Court on a motion for default and there is no right to a jury trial on any issues concerning a default judgment. Plaintiffs do not – and cannot – dispute this uncontroversial legal principle. *See Offei v. Omar*, 2011 WL 4448954, at *1 (S.D.N.Y. Sept. 20, 2011). Further, as MP3tunes will not rebut allegations of wrongdoing asserted by the Plaintiffs at trial, such silence will necessarily infect the proceedings against Robertson, who the jury will know was the CEO of MP3tunes. Such silence will unfairly and unduly prejudice Robertson.

The requested relief thus flows naturally from such a default. After the jury returns a verdict with respect to the claims against Robertson, the Court can decide the claims against MP3tunes on a motion for entry of a default, avoiding the clear prejudice to Robertson. As previously set forth, and as more fully set forth below, the Court should grant the Motion.

## I. The Court Concededly Has The Power To Sever Claims; And There Is No Conspiracy To Strategically Default As Absurdly Suggested By Plaintiffs.

As the Motion states, this Court plainly has power to sever the claims against MP3tunes and have those claims decided after the jury decides the claims against Robertson. In fact, Plaintiffs call this proposition "unchallenged" and concede to this aspect of the Court's power. (Pl. Opp. at 6). Notwithstanding this concession, and without citing to any real prejudice that they will suffer if the requested relief is granted, Plaintiffs, consistent with their other submissions, open their opposition with an *ad hominem* attack by surmising that Robertson "[u]nwittingly" revealed a secret, that Robertson somehow always secretly controlled MP3tunes

even after the bankruptcy filing, and engineered its expected default at trial. (Pl. Opp. at 1-2). Tellingly, the entire conspiracy theory is premised on one sentence – indeed *one word* – in the Motion, that "MP3tunes '*will* default at trial.'" (Pl. Opp. at 1 (quoting Robertson Br. at 1) (emphasis added)).[1] Ignoring reality and the only reasonable interpretation of this sentence – based on the fact that MP3tunes has already defaulted in every aspect of this litigation since its bankruptcy, it will not (and cannot) show up for trial – Plaintiffs conjure a conspiracy theory in which Robertson, the evil wizard behind the curtain, engineered MP3tunes' trial default for a strategic purpose. (*See* Pl. Opp. at 1-2).

A problem with most conspiracy theories, like this one, is that they are based on paranoia and/or ulterior motives, and not facts. MP3tunes filed for Chapter 7 bankruptcy in the Bankruptcy Court for the Southern District of California on April 27, 2012. (*See* Reply Declaration of Ira S. Sacks, dated November 1, 2013 ("Sacks Reply Dec."), Ex. BA (MP3tunes bankruptcy case docket, printed on Oct. 16, 2013)). Since then, MP3tunes (1) did not file any submissions in connection with the reconsideration motions after the Second Circuit issued its opinion in *Viacom International, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012); (2) did not participate in the preparation of the Proposed Joint Pretrial Order; and (3) did not file any motion *in limine*. MP3tunes has no witnesses designated for trial; no trial exhibits; and no objections to Plaintiffs' trial exhibits. In other words, MP3tunes has already defaulted on every material aspect of this litigation. Indeed, when Plaintiffs moved for relief from the automatic stay in MP3tunes' bankruptcy case on July 13, 2012 (*see* Sacks Reply Dec., Ex. BA (Doc. No. 50)), MP3tunes even failed to oppose that motion. It is clear to any observer (other than an ostrich or

---

[1] Plaintiffs root their conspiracy theory in "[t]he fact that even after the filing of the bankruptcy, when Robertson theoretically has no influence or interest in MP3tunes, Robertson is still making unequivocal statements as to what MP3tunes *will* do…" (Pl. Opp. at 1 n.1 (original emphasis)).

3

Martian) that "MP3tunes '*will* default at trial.'" (Pl. Opp. at 1 (quoting Robertson Br. at 1) (emphasis added)).

Accordingly, there is no basis for Plaintiffs' assertion that Robertson engineered a default for some unknown advantage. To the contrary, Robertson is being prejudiced by MP3tunes' default, and, accordingly, has brought this Motion to mitigate such prejudice.

Therefore, the Motion should be granted.

### II. Plaintiffs Fail To Rebut Or Even Address The Showing That Conducting A Trial Against An Empty Chair Will Lead To Unfair And Undue Prejudice To Robertson.

Plaintiffs' opposition utterly fails to address the prejudice Robertson will suffer if Plaintiffs are permitted to try their claims against an unrepresented MP3tunes. (*See* Robertson Br. at 1 ("Robertson would be seriously prejudiced if Plaintiffs are permitted the illusion of trying their claims against MP3tunes at the same time that they are actually trying their claims against Robertson. In essence, 'MP3tunes' will be providing no rebuttal to Plaintiffs' claims and evidence and such matter will be viewed by the jury as uncontested")).

This prejudice is a significant concern. In essence, "MP3tunes" will be providing no rebuttal to Plaintiffs' claims and evidence and such matter will be viewed by the jury as uncontested. Robertson, as the former CEO of MP3tunes, would be seriously prejudiced if Plaintiffs are permitted the illusion of trying their claims against an unrepresented MP3tunes, while at the same time they are actually trying their claims against Robertson – well-known "empty chair" trial strategy. (Robertson Br. at 2).

Courts have expressed serious concerns in situations such as exist here and the "proceedings" against MP3tunes should not be permitted to infect the trial against Robertson. *See In re Air Crash at Madrid, Spain, on August 20, 2008*, 893 F.Supp.2d 1020, 1037 (C.D. Cal. 2011) (dismissing the case on *forum non conveniens* grounds because, *inter alia*, inability to join

4

a defendant would cause defendants to "suffer prejudice in having to try an 'empty chair.'"); *accord United States v. Davidson*, 936 F.2d 856, 861 (6th Cir. 1991) ("where there are multiple defendants, the *in absentia* trial of one defendant must not result in prejudice to the other defendants. Prejudice may be avoided by severing offenses or defendants pursuant to Rule 14 [of the Federal Rules of Criminal Procedure].").

Accordingly, because Robertson will be extremely, unfairly, and unduly prejudiced by allowing Plaintiffs to proceed before the jury against an unrepresented MP3tunes, that is an additional reason why the Motion should be granted.

### III. The Proposed Trial Order Is Consistent To Avoid Prejudice To Robertson.

As set forth above, Robertson will be unduly and unfairly prejudiced by allowing claims to proceed before the jury against an unrepresented MP3tunes, and, accordingly, it is imperative that the Motion be granted. Plaintiffs argue that the Motion is inconsistent with the previous request for a stay, filed by defendants' previous counsel. (Pl. Opp. at 4-5). Specifically, Plaintiffs claim that Robertson previously stated that MP3tunes' involvement in the trial was essential, and that is inconsistent with his current position. (*Id.*). Plaintiffs also assert that the trial order does not matter in that both their claims against MP3tunes and against Robertson are legal claims, even though the "factual basis for MP3tunes' liability forms the predicate for Robertson's secondary liability." (Pl. Opp. at 5-6). However, both of these arguments fail because they do not account for the anticipated trial default of MP3tunes and how such a default changes the procedural posture of the trial.

*First*, when defendants previously requested a stay on May 25, 2012, MP3tunes was not anticipated to default at trial or go unrepresented. At the time, it was true that "MP3tunes' involvement in the trial was essential" because a joint trial was anticipated, both Defendants were represented by the same counsel and it was not yet clear that MP3tunes would default. (Pl.

5

Opp. at 4-5). But now that it is clear that MP3tunes will default and be unrepresented, it changes the relevant issues considerably. For example, as noted in Point II above, it would be unfairly prejudicial to give Plaintiffs a free reign at their empty chair trial strategy. They would pretend to attack MP3tunes, knowing that no one is there to defend against the charges, while allowing their unrebutted attacks to spill over against Robertson as the former CEO of MP3tunes. Were MP3tunes there, its involvement at trial would indeed be "essential." (*Id*.). But MP3tunes' default at trial requires other more paramount consideration – such as unfair prejudice – to take precedence.

Plaintiffs' argument disingenuously pretends that nothing has changed between May 25, 2012 and now, and thus ignores the effect of MP3tunes' expected default. For this reason, the Court should reject this argument.

***Second***, Plaintiffs pretend to fail to appreciate the reasons that their jury trial should proceed before the default motion. (*See* Pl. Opp. at 5-6). Indeed, the opposition seems to argue that the order of trial does not matter. This argument fundamentally misconstrues the law, especially when "the factual basis for MP3tunes' liability forms the predicate for Robertson's secondary liability." (*Id.*). It is undisputed that the default motion – including the question of damages – will be tried by the Court, not the jury. *See Offei*, 2011 WL 4448954, at *1. It is also undisputed that the case against Robertson will be tried by the jury. In such circumstances, contrary to Plaintiffs' suggestion, the Seventh Amendment requires that the jury trial ***must*** precede the bench trial.

The Motion makes clear that "the right to a jury trial suggests that Robertson's case must proceed before claims against MP3tunes were to be resolved." (Robertson Br. at 2 n.1 (citing *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989)). Plaintiffs call

*Dollar Sys.*' holding "unremarkable" and argue that it is inapplicable because claims against Robertson and MP3tunes are both legal. Plaintiffs, however, fail to understand the purpose for ordering a trial this way: because the Seventh Amendment preserves the right to a civil jury in federal courts, this right must not be infringed upon by a court trial:

> The Supreme Court has held that "where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones ***or by a court trial of a common issue existing between the claims***."

*Dollar Sys.*, 890 F.2d 165 at 170 (quoting *Ross v. Bernhard*, 396 U.S. 531, 537-38 (1970) (emphasis added)). Without so ordering, "[p]rior non-jury trial of the equitable claims may infringe the right to jury trial on the legal claims because of the collateral estoppel or *res judicata* effect of a prior judicial determination of issues **common to the two sets of claims**." *Id*. (emphasis added and citation and quotation omitted). The jury trial must precede a bench trial or hearing to prevent judicially found facts from infringing the Seventh Amendment's jury right.

This concern is especially strong here, as Plaintiffs readily concede that "the factual basis for MP3tunes' liability forms the predicate for Robertson's secondary liability." (Pl. Opp. at 6). The Court thus must defer the hearing on the default motion against MP3tunes until *after* the jury has had a chance to make factual findings because Plaintiffs admit that the facts that address both claims are intertwined. (*See id*. at 3 ("the questions surrounding MP3tunes's liability and Robertson's are completely intertwined")). Otherwise, the Court's finding may infringe upon the province preserved for the jury by the Seventh Amendment.

This is yet another reason why the Motion should be granted.

**IV.    There Is No Need To Introduce Claims Against MP3tunes At Trial Because Secondary Liability Issues Can Be Resolved Through Special Verdict.**

Finally, Plaintiffs argue that claims against MP3tunes is required for trial because they address issues relating to Robertson's secondary liability, (*see* Pl. Opp. at 2-4), a fact that

7

directly supports ordering the trial as the Motion proposes.  (*See* Point III above).  Here, Plaintiffs argue that "an assessment of whether Robertson had the requisite level of involvement with and control over the actions for which MP3tunes is or may be liable … necessarily requires the jury to hear about those acts of infringement and Robertson's role in them." (*Id*. at 3).  This argument fails at the first instance to understand the relief the Motion seeks:  "no reference to ***the claims against MP3tunes*** should be permitted during the trial against Robertson." (Robertson Br. at 1 (emphasis added)).  The "claims against MP3tunes" are the inappropriate information to be kept from the jury, not evidence common to claims against both MP3tunes and Robertson.

Moreover, Plaintiffs also fail to appreciate the procedural devices offered by the Federal Rules of Civil Procedure to try the relevant issues while minimizing prejudice.  Rule 49(a)(1) states that "The court may require a jury to return ***only*** a special verdict in the form of ***a special written finding on each issue of fact***." (Emphasis added).  "The purpose of a Rule 49(a) special verdict is to identify the basis for the jury's verdict, and thus to avoid confusion, appellate uncertainty, and the need for additional proceedings." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1310 (2d Cir. 1993).  These purposes are well served in this case.

<u>*First*</u>, because the jury must hear the case before the Court rules on the default motion, the jury's role is essentially one of fact finding against Robertson.  These fact findings can be more than adequately memorialized in "a special written finding on each issue of fact."  Indeed, the Rule specifically states that the jury can return "***only*** a special verdict" without the need to reach a general verdict.  This is particularly appropriate here because it will be the Court's role to determine primary liability of MP3tunes; in the event the Court finds MP3tunes primarily liable, the jury's special verdict will lead to an automatic answer as to Robertson's secondary liability.  This solution adequately resolves Plaintiffs' concern that "[w]ere MP3tunes to default, Plaintiffs

8

still need to establish its liability as a predicate to the claims against Robertson." (Pl. Opp. at 3).

*Second*, Plaintiffs' opposition demonstrates that the issues relating to Robertson's secondary liability – and thus the questions to put to the jury – are few and straightforward. The opposition notes that the jury needs to make "an assessment of whether Robertson had the requisite level of involvement with and control over the actions for which MP3tunes is or may be liable." (Pl. Opp. at 3). This is a straightforward question of involvement and control to put to the jury without the need to try MP3tunes *in absentia*. Similarly, another element of vicarious liability is whether Robertson "received a financial benefit directly attributable to the infringing conduct." *Capitol Records, Inc. v. MP3tunes, LLC*, 2013 WL 1987225, at *9 (S.D.N.Y. May 14, 2013). Again, this is a question that can be easily and specially asked of the jury.

Because the special verdict allows the jury to be the fact finder against Robertson and preserves the jury's fact finding role in the order of trial, there is no need to make reference to claims against MP3tunes to the jury.

Accordingly, this is a final reason why the Motion should be granted.

## CONCLUSION

For all of the foregoing reasons, the Motion should be granted.

Dated: New York, New York
November 1, 2012

Respectfully Submitted,

AKERMAN LLP (f/k/a Akerman Senterfitt LLP)

By: */s/ Ira S. Sacks*
　　Ira S. Sacks
　　Mark S. Lafayette
　　Vincent Y. Liu
　　Jamie B. Robbins
　　666 Fifth Avenue, 20th floor
　　New York, New York 10103
　　Telephone: (212) 880-3800
　　Facsimile:  (212) 880-8965

*Counsel for Defendant Michael Robertson*