UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAPITOL RECORDS, LLC, *et al.*,                      :
                                                     :
              *Plaintiffs*,                   :
        v.                                        :   07 Civ. 9931 (WHP)
                                                     :
MP3TUNES, LLC and MICHAEL ROBERTSON,                 :
                                                     :
              *Defendants.*                   :
------------------------------------------------------------------x

**ROBERTSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM PREVIOUSLY UNDISCLOSED WITNESSES AND DEPOSITION DESIGNATIONS OF MARK PIIBE**

 

**AKERMAN LLP** (f/k/a Akerman Senterfitt LLP)
Ira S. Sacks
Mark S. Lafayette
Vincent Y. Liu
Jamie B. Robbins
666 Fifth Avenue, 20th floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile:  (212) 880-8965

November 1, 2013                                *Counsel for Defendant Michael Robertson*

**ROBERTSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY FROM PREVIOUSLY UNDISCLOSED WITNESSES AND DEPOSITION DESIGNATIONS OF MARK PIIBE**

Defendant Michael Robertson ("Robertson"), through his undersigned counsel, submits this reply memorandum of law in further support of his motion *in limine* to preclude Plaintiffs from presenting at trial (1) testimony from two previously undisclosed witnesses; and (2) excerpts from the deposition of Mark Piibe [Doc. No. 413] (the "Motion").

The reason for Robertson's request is simple. As to Mr. Piibe, he is within the Court's subpoena power and cannot be deemed "unavailable" for trial. Rule 32 of the Federal Rules of Civil Procedure ("Rule 32") and Rule 804 of the Federal Rules of Evidence ("Rule 804") requires the preclusion of the use of his deposition at trial. (*See* Robertson's Mem. of Law in Support of the Motion [Doc. No. 414] ("Robertson Br.") at 6-8). As to the other witnesses, which Plaintiffs wish to substitute for Mr. Piibe, they were previously undisclosed until the eve of trial, despite the fact that Plaintiffs were aware that Mr. Piibe was leaving their employment as early as December 2012 and despite the fact that Plaintiffs were obligated to supplement their interrogatory responses which requested disclosure of Plaintiffs' senior marketing personnel. Plaintiffs' failure to disclose these witnesses earlier is neither substantially justified nor harmless. Accordingly, both Rule 37 and the factors established by *Softel, Inc. v. Dragon Med. & Sci. Communs.*, 118 F.3d 955, 961 (2d Cir. 1997) require their preclusion from trial. (Robertson Br. at 3-6).

In response, Plaintiffs do not dispute Robertson's *Softel*-factor analysis, which alone should be dispositive for the Court's consideration. They argue instead that their failure to disclose trial witnesses should be excused because these witnesses are "corporate representative[s]," and because Mr. Piibe, their former Rule 30(b)(6) witness, no longer works for them. (*See* Pls.' Opposition to the Motion [Doc. No. 467] ("Pl. Opp.") at 4-6). Plaintiffs'

argument, however, fails to understand the difference between deposition testimony and testimony at trial. Corporate representative testimony is a device crafted by Rule 30(b)(6) to streamline discovery and to allow witnesses to bind corporations based on hearsay. At trial, being a Rule 30(b)(6) "corporate representative" does not allow the witness to testify based on hearsay.

Plaintiffs do not dispute that Mr. Piibe is "available" for Rule 32 and Rule 804 purposes, which alone is dispositive to preclude his deposition testimony. Indeed, Plaintiffs claim that they are investigating whether Mr. Piibe will in fact attend trial. They nevertheless claim calling Mr. Piibe causes them prejudice because, *inter alia*, Mr. Piibe is "no longer under [their] control." (Pl. Opp. at 11). Plaintiffs' inability to coach and prepare the witness before trial is not be a legitimate excuse for them to switch undisclosed witnesses at the eve of trial. The Court should grant the Motion in its entirety.[1]

## I. Plaintiffs' Hiding Of Trial Witnesses Is Neither Substantially Justified Nor Harmless, And They Cannot Avoid Their Disclosure Obligations By Cloaking Witnesses As "Corporate Representatives".

As the Motion makes clear, the *Softel*-factor analysis conclusively requires that the undisclosed witnesses must be precluded from trial. (Robertson Br. at 3-6). Mr. Piibe left Plaintiffs' employment on December 31, 2012, almost a year ago. (Pl. Opp. at 2). Plaintiffs waited until August 31, 2013, **more than eight months after Mr. Piibe left Plaintiffs' employment and more than three months after the reconsideration opinion**, to disclose the two new witnesses allegedly because (a) "it was unclear at the time of the parties' exchange of the Proposed Joint Pretrial Order … whether it will be a viable option for the Label Plaintiffs to continue to rely on Mr. Piibe to testify on their behalf" (*id*.) and (b) Plaintiffs assert that they had

---

[1] Plaintiffs also argue that they have not yet designated any deposition testimony from Mr. Piibe. In that respect, the Motion was intended to preempt them from another last-minute disclosure.

no reason to revisit their witness list or any of their pretrial submissions during the pendency of the motion for reconsideration. (*Id*. at 6).  However, these excuses ring hollow because Plaintiffs (a) knew that Mr. Piibe left their employment in December 2012, and (b) Mr. Piibe's testimony was required to address "harm and damages," evidence that would be required regardless of the outcomes of the parties' motions for reconsideration. (*Id*. at 4).

Accordingly, Plaintiffs knew of the need to replace Mr. Piibe as early as December 31, 2012, and should have disclosed the new witnesses to Robertson in January 2013, or immediately after the reconsideration opinion in May 2013, at the latest.  Indeed, a court in this district has excluded two witnesses from trial because the reasons for calling them "should have been startlingly clear after the issuance of the June 2002 summary judgment opinion, and there is no logical explanation for why [defendant] took an additional *six and seven months*, respectively, to identify them as such."  *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 160 (S.D.N.Y. 2003) (emphasis added).  Therefore, Plaintiffs are not "justified" (Pl. Opp. at 5), let alone "*substantially* justified," Fed. R. Civ. P. 37(c)(1) (emphasis added), in their failure to disclose the new witnesses.

Realizing that these baseless excuses in no way justify Plaintiffs' failure to earlier disclose these witnesses, Plaintiffs claim the last-minute disclosure is justified and harmless because the undisclosed new witnesses will replace Mr. Piibe as "corporate representatives." (*Id*. at 4-6).  However, Plaintiffs' reasoning confuses and conflates Rule 30(b)(6) deposition testimony with trial testimony.

The purpose of Rule 30(b)(6) "is to streamline the discovery process." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 687 (S.D. Fla. 2012).  The rule "is a *discovery device* designed to avoid the bandying by corporations where individual officers or employees disclaim

knowledge of facts clearly known to the corporation." *Id*. at 688. (emphasis added); *see* Fed. R. Civ. P. 30 Notes of Advisory Committee on Rules—1970 Amendment (Rule 30(b)(6) "procedure should be viewed as an added facility *for discovery*") (emphasis added). Thus, "testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents" and "***a Rule 30(b)(6) witness need not have personal knowledge of the designated subject matter***." *QBE Ins. Corp.*, 277 F.R.D. at 688 (emphasis added).

By contrast, at trial, a fact witness "may testify to a matter ***only if*** evidence is introduced sufficient to support a finding that the ***witness has personal knowledge*** of the matter." Fed. R. Evid. 602 (emphasis added). The requirement of personal knowledge is not suspended by cloaking a witness as "corporate representative."

For example, in *Union Pump Co. v. Centrifugal Tech. Inc.*, the Fifth Circuit held that admission of testimony of a "corporate representative" who was without personal knowledge was in error:

> Federal Rule of Evidence 602 limits the scope of a witness's testimony to matters that are within his or her personal knowledge. Union Pump argues that Bixler was permitted to testify to matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation because Bixler was designated as Union Pump's corporate representative. We disagree. [Rule] 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial… However, ***a corporate representative may not testify to matters outside his own personal knowledge to the extent that information [is] hearsay not falling within one of the authorized exceptions.***

404 F.App'x 899, 907-08 (5th Cir. 2010) (citation and quotation omitted; emphasis added); *see TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F.Supp.2d 439, 454 (M.D. Pa. 2013) ("Although Rule 30(b)(6) allows a corporate designee to testify to matters within the corporation's knowledge

4

during deposition, ***at trial the designee may not testify to matters outside his own knowledge*** to the extent that information [is] hearsay not falling within one of the authorized exceptions.") (emphasis added; citation and quotation omitted); *C & E Servs., Inc. v. Ashland Inc.*, 2008 WL 1744600, at *3 (D.D.C. Apr. 14, 2008) (because ***Rule 30(b)(6)*** witness "convey at his deposition what he learned from [another witness], … ***he cannot possibly testify at trial to events as to which he had no personal knowledge***") (emphasis added, citing Fed. R. Evid. 602).

Thus, corporate representatives must testify from their personal knowledge, and may not simply serve as the corporate mouthpiece by relying on hearsay or testifying to matters without personal knowledge. Plaintiffs' argument relies on the theory that "a Rule 30(b)(6) deposition represents the testimony of the corporation, rather than that of a fact witness, the role of the corporate representative is to act as the conduit for testimony regarding the collective knowledge of a corporation…" (Pl. Opp. at 7). That is simply wrong as to trial testimony.

Plaintiffs fail to distinguish between deposition and trial testimony, and their opposition argument relies entirely on authority discussing Rule 30(b)(6) ***deposition testimony*** (*See* Pl. Opp. at 5-8, 11 n.4 (each of *Square D Co.*,[2] *Kingsway Fin. Servs., Inc.*, *Reilly*, *In re Blackstone Partners*, and *Fay* discusses issues relating to Rule 30(b)(6) depositions)). Thus, that argument fails to justify Plaintiffs' failure to disclose the two witnesses in January 2013.

Moreover, Plaintiffs do not represent – nor can they credibly do so – that the undisclosed witnesses have identical knowledge in all material aspects as Mr. Piibe. The undisclosed witnesses' trial testimony thus ***necessarily*** will differ from that of Mr. Piibe. Because of this,

---

[2] Plaintiffs' description of *Square D Co. v. Breakers Unlimited, Inc.*, 2009 WL 1702078 (S.D. Ind. June 11, 2009) is misleading. There, the court distinguished between trial subpoenas served on non-party witnesses (which must observe the 100-mile territorial limit in Rule 45) and party witnesses (which do not). In this context, the court noted that it may be unreasonable to require a 30(b)(6) designee who no longer works for a party to travel more than 100 miles to attend trial.

Plaintiffs' argument – that they can simply swap one set of "corporate representative" witnesses for another without ramification – is fundamentally flawed, and will prejudice Robertson.

Plaintiffs' failure to disclose the new witnesses is also not harmless. Indeed their opposition clarifies the prejudice Robertson faces. Plaintiffs argue that "[t]here is no reason Robertson would need to (or be entitled to) depose the Label Plaintiffs a second time, on the same topics, simply because events had forced them to use ***different conduits*** to speak on their behalf at trial." (Pl. Opp. at 8) (emphasis added). Yet in the very next paragraph, Plaintiffs argue that this inability to depose the undisclosed witnesses "[o]f course" "does not … limit Mr. Shah or Mr. Pandiscia to testifying only to the matters about which Mr. Piibe was actually questioned by Defendants." (*Id*. at 9).

Of course, that argument suggests that these witnesses will merely be "conduits", and not testify solely based on personal knowledge, which is not permitted for trial witnesses. In addition, the foregoing is an example of self-serving contradiction which, if accepted, means that (1) Robertson would have no chance to find out what is within the personal knowledge of the undisclosed witnesses; and (2) the undisclosed witnesses are free to testify as to these matters.

Accordingly, Robertson ***cannot know*** how the undisclosed witnesses will affect his trial strategy, because he does not know what matter is within their personal knowledge. Indeed, the prejudice to Robertson "is not limited to the fact that the parties would have to squeeze in two depositions in the two-month period before trial." *Emmpresa Cubana*, 213 F.R.D. at 159. As the Motion shows, "[i]rrespective of whether Robertson can depose the [u]ndisclosed [w]itnesses at the eleventh hour, the depositions do not mitigate the prejudice he faces due to his inability to investigate more fully the [u]ndisclosed [w]itnesses' knowledge of the facts of this case, to verify their testimony with documentary evidence, and to follow up on any findings through

6

meaningful pre- and post-deposition discovery." (Robertson Br. at 6).

Accordingly, because Plaintiffs' failure to disclose the new trial witnesses is neither substantially justified nor harmless, the Court should exclude the undisclosed witnesses.[3]

## II. Plaintiffs' Failure To Disclose The New Witnesses Is Not Excused By Minimal References To The Witnesses In Documents And Deposition Testimony.

As the Motion shows, Plaintiffs failed to supplement their initial disclosure (Robertson Br. at 1-2), and failed to identify the undisclosed witnesses in response to relevant interrogatories or to supplement the responses. (*Id*. at 2). Plaintiffs thus bear the sole responsibility for the failure of disclosing their intent to call the undisclosed witnesses at trial. Indeed, Plaintiffs' opposition shows that they should have supplemented their disclosure as early as December 31, 2012 to reflect the departure of Mr. Piibe.

Notwithstanding, Plaintiffs argue that Robertson should have figured out that Mr. Pandiscia was going to be a trial witness by citing to two mentions in one deposition and two exhibits referencing Mr. Pandiscia's name. (Pl. Opp. at 9-10 (citing two instances of Pandiscia's name in Schwartz Dep. at Tr. 57:8 and 62:9 and two exhibits)). From this, Plaintiffs assert that "Mr. Pandiscia's name appeared on multiple deposition exhibits,"[4] (*id*. at 9), and Robertson should have known about him. However, as this Court is well aware, there are thousands of

---

[3] Indeed, one of the *Softel* factors is "the importance of the testimony of the precluded witness." 118 F.3d at 961. The Motion noted that this is "concededly lacking." (Robertson Br. at 5). Plaintiffs' opposition reconfirms this, noting that depositions of the undisclosed witnesses should not be permitted because they "would have been '***duplicative and cumulative***.'" (Pl. Opp. at 10). This confirms that "the complete absence of any 'importance of the testimony of the precluded witness' should be the dispositive consideration and the Court should preclude the Undisclosed Witnesses on that ground alone." (Robertson Br. at 6 n.3).

[4] "Multiple exhibits" might be true, but is surely intentionally misleading – technically "multiple" could mean "more than one." Robertson notes that the Schwartz deposition is 182 pages and contains 34 exhibits.

7

pages of deposition testimony and hundreds of exhibits used in connection with depositions.[5]

In *Pal v. N.Y.U.*, 2008 WL 2627614 (S.D.N.Y. 2008), for example, a party tried to justify its failure to disclose witnesses in a timely manner by arguing that it had provided documents that listed their names to the opposing party. The court precluded the witnesses:

> Focusing on the patients in its response, NYU argues that it satisfied its disclosure obligations because it provided documents to Pal with the patients' names and Pal knew their identities since she had telephoned them. This argument misses the crucial point. Pal's knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; *that obligation is fulfilled only if NYU informed Pal that it might call the witness in support of its claims or defenses. The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness*. NYU's late disclosure of the four witnesses here simply did not provide Pal with fair warning of the need to take discovery from them. NYU consequently did not comply with Rule 26(a)(1)(A).

2008 WL 2627614, at *4 (internal citations omitted and emphasis added).

Therefore, Plaintiffs cannot avoid their disclosure duties by arguing that Robertson could have discerned the identity of the undisclosed witnesses from the voluminous discovery record in this case. Thus, the Motion should be granted.

### III. Because Mr. Piibe Is "Available," Plaintiffs Cannot Use His Deposition At Trial And Plaintiffs Suffer No Legitimate Prejudice By Calling Him Instead Of The Undisclosed Witnesses.

The Motion makes clear that under Rule 32(a)(4), Plaintiffs cannot use Mr. Piibe's deposition at trial because Mr. Piibe is not "unavailable." (Robertson Br. at 6-8). Plaintiffs do not dispute this argument, and in fact state that "Mr. Piibe may now be willing to testify at trial." (Pl. Opp. at 11). Thus, there is no ground to admit Mr. Piibe's deposition designations and the Court should preemptively preclude Plaintiffs from using them at trial, in the event of another last-minute disclosure.

Plaintiffs' only argument against calling Mr. Piibe is that they would be prejudiced as

---

[5] If that were the basis for discerning trial witnesses, Robertson would have guessed that there were hundreds, since there are hundreds of names mentioned in deposition exhibits alone.

they may share "with Mr. Piibe … confidential documents and information" and Mr. Piibe is "no longer under the Label Plaintiffs' control." (Pl. Opp. at 11). These concerns, however, are not legitimate prejudice requiring the Court to bend Rule 37.

***First***, the concern over "confidential documents and information" is nonexistent. The only documents relevant at trial are those that existed when Piibe was employed by Plaintiffs and those as to which he has personal knowledge. Therefore, Piibe should already have had exposure to the confidential documents. In addition, while documents may be designated confidential during discovery, keeping them under seal at trial requires Plaintiffs to provide "compelling reasons."

In *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit explained:

> We acknowledged explicitly … that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events. Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.

(internal citations and quotation marks omitted). Plaintiffs thus must demonstrate "compelling reasons" to keep the alleged confidential information out of the public's purview. Robertson does not anticipate they can overcome this high hurdle and, therefore, Plaintiffs arguments concerning confidentiality are unavailing. In addition, Plaintiffs have not supported their opposition to the Motion by specifying even one prospective exhibit about which they legitimately have confidentiality concerns.

***Second***, that Plaintiffs do not "control" Mr. Piibe is not a legitimate prejudice to

9

substitute him with the undisclosed witnesses. "The basic purpose of a trial is the determination of truth." *Tehan v. United States*, 382 U.S. 406, 416 (1966). As noted above in Point I, trial witnesses must testify from personal knowledge and, of course, do so truthfully. "Corporate representatives" are not simply corporate mouthpieces. Even though "Mr. Piibe now works for a competitor" (Pl. Opp. at 11), Plaintiffs have not shown any evidence that Mr. Piibe's testimony would be less accurate for that reason. Indeed, he will be testifying under oath or affirmation. Plaintiffs' opposition has not offered one reason that they are *unable* to secure Mr. Piibe's trial appearance through a trial subpoena, only that they do not want to do it. (*See id*.). Plaintiffs' inability to prepare and coach Mr. Piibe before trial is not a legitimate prejudice that would require the Court to permit them to call at trial previously undisclosed witnesses.

## CONCLUSION

For all the foregoing reasons, the Court should grant the Motion and preclude Plaintiffs from presenting at trial the testimony from the undisclosed witnesses and the excerpts from the deposition of Mark Piibe.

Dated: New York, New York
November 1, 2013

Respectfully Submitted,

**AKERMAN LLP** (f/k/a Akerman Senterfitt LLP)

By: */s/ Ira S. Sacks*
Ira S. Sacks
Mark S. Lafayette
Vincent Y. Liu
Jamie B. Robbins
666 Fifth Avenue, 20th floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Counsel for Defendant Michael Robertson*