**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
)
CAPITOL RECORDS, LLC, *et al.,*                )
                                                )
                           *Plaintiffs,*        )        No. 07 Civ. 9931 (WHP)(FM)
                                                )
                                                )        ECF Case
MP3TUNES, Inc., and MICHAEL ROBERSTON   )
                                                )
                           *Defendants.*        )
_____)

**DECLARATION OF DR. ELLIS HOROWITZ IN SUPPORT OF PLAINTIFFS'**
**SURREPLY TO ROBERTSON'S MOTION IN LIMINE TO PRECLUDE TESTIMONY**
**AND EXHIBITS FROM ELLIS HOROWITZ AND FOR RELATED RELIEF**

I, Ellis Horowitz, provide the following material, including the statement of my opinions and the

bases and reasons for them:

1.        I have reviewed Michael Robertson's reply memorandum of law in support of his

motion to preclude my testimony.  Although my October 8, 2013 declaration already responded

to Robertson's accusations regarding my work in this case raised in his original motion to

preclude my testimony, this declaration will respond briefly to the new and different accusations

made by Robertson in his reply memorandum.

2.        My October 8, 2013 declaration explained the method I used in my expert report

and summary judgment declarations in this case to identify instances of tracks in MP3tunes's

database for which the artist and title information matched that for works belonging to the

Plaintiffs.  *See* October 8, 2013 Declaration at ¶¶ 14-16.  My October 8, 2013 declaration also

explained that, after reviewing discrepancies between the Artist/Title combinations and the

filenames raised by Robertson in his motion to preclude my testimony, I went back, looked at my

1

method again, and determined that MP3tunes's databases could generate inconsistent Artist/Title combinations for some files when queried using the relationships between the fields and databases that I relied upon in my original report. *Id.* ¶ 17. My October 8, 2013 declaration explains how those inconsistencies can be resolved and the underlying spreadsheets corrected. *Id.* ¶¶ 18, 25-26. I further showed that making those corrections resulted in only small changes to the number of works identified by my initial report.

3.      Robertson's reply memorandum, and his declaration in support, now assert that I "knew" that my earlier method for identifying Plaintiff-owned works in MP3tunes's database yielded incorrect results, and that I therefore committed "fraud" by using it. This accusation is wildly incorrect and entirely baseless. I was unaware of any issues raised by my earlier method until I investigated Robertson's recent claims. Indeed, none of the arguments Robertson uses to support his speculation about what I "knew" when I ran those reports over three years ago are accurate.

4.      Robertson's principal argument is that since MP3tunes's amg_metadata database was capable of yielding multiple, inconsistent Artist/Title combinations for the same file when queried using my earlier method, I must have been *aware*, while using that method, that the method could return multiple Artist/Title combinations – and that I then reviewed those lists and chose Artist/Title combinations that matched Plaintiffs' works. This criticism is not an accurate description of the method I used, and is refuted on the face of the MySQL[1] queries I disclosed along with my expert report.

---

[1] MySQL is one of the most common database management systems used in the world, and was the system used by MP3tunes.

5.      There is no mystery about the method I used to identify instances of Plaintiff-owned works in the MP3tunes database.  My exhibits identifying those files were generated by queries I disclosed along with my expert report over three years ago, and which I was asked about at my deposition.  Those queries show two things that refute Robertson's latest accusation:

    a.  First, the queries I used and disclosed were only searching for the files in MP3tunes's database that appeared to be Plaintiffs' files.  Thus, if an Artist/Title combination was identified that matched one of Plaintiffs' works, the query would return the file along with the matching Artist/Title combination.  But the query did not return results for Artist/Title combinations that did not yield such a match.  Indeed, neither Robertson nor Kyon Son make any attempt to show that my queries could yield such results.  Instead, in their reply papers, they rely on a different type of search run by Kyon Son, which instead identifies *all* of the Artist/Title combinations that MP3tunes's amg_metadata database yields for each file when the AMG metadata is queried using the relationships among the different tables and databases explained in Paragraph 14 of my October 6, 2013 declaration.  I never ran that query and both Robertson and Son know that.  The queries I ran did not return any results that would have alerted me to the potential for individual files to yield multiple, inconsistent Artist/Title combinations.

    b.  Further proof that I never had the results relied upon by Robertson in his reply papers is the fact that my queries contained "Group By" statements, meaning that each search returned one result each.  When one joins data in different databases using the MySQL database management system, "Group By" statements are a

common way to avoid inflated results from the joining of the databases.[2] Because

my queries yielded no more than one output for each file, they would not have

alerted me to the possibility that some files yielded more than one "match."

6.        Because Robertson has my queries in his possession, he could have run them

himself and would have seen that the results I reported were not manipulated or fraudulent.  The

way in which my queries were set up caused them to return one Artist/Title entry per file, and

only to return entries for files where the Artist/Title combination matched one of Plaintiffs'

works.  Because of those features, Robertson's new theory that I received long lists of

Artist/Title combinations inconsistent with one another, and then cherry-picked results matching

Plaintiffs' works, is without any foundation whatsoever and is plainly disproven by looking at

the queries themselves.

7.         Robertson also argues in his reply memorandum that the fact that I did not

discover earlier the discrepancies caused by my previous method by comparing the Artist/Title

information for each song to the filename and URL of each file is evidence of fraud.  However,

the name of an mp3 file is simply whatever the user decides to call it; it does not always contain

useful information identifying the artist or the track.  Reviewing file names to confirm whether

or not they match information retrieved from the ID3 metadata or AMG metadata in MP3tunes's

database would have required a manual review of each of the several thousand files identified in

my expert report, and is not readily susceptible to an automated query due to the fact that

filenames and URLs often do not follow sufficiently reliable conventions to perform such a

check in an automated fashion.  Thus, the method that Robertson suggests I should have used

---

[2] *See* "12.15. Functions and Modifiers for Use with Group By Clauses," *available at* http://dev.mysql.com/doc/refman/5.0/en/group-by-functions-and-modifiers.html.

instead of querying the metadata in MP3tunes's own database – using the filename or URL to determine what the Artist or Title of each song was – would not really have been a computer science or technical method at all.  It was reasonable for me (in my role as a computer scientist) to look for artist and title information in MP3tunes's own database rather than try to manually parse thousands of filenames and URLs.

        8.      Robertson's reply memorandum also argues that the revised spreadsheets attached to my October 8, 2013 declaration, which correct the method for querying the AMG metadata, contain "errors."  None of the supposed "errors" he identifies, however, are mistakes.  In all instances, the data in MP3tunes's database show that Robertson sideloaded the files in question and that the files in question have the Artist ant Title indicated.  Robertson's reply memorandum merely argues about whether it was copyright infringement for him to sideload those songs.  That is a legal question, not a technical one that can be answered by the database I was asked to query.  The technical work is accurate and Robertson's reply memorandum does not contend otherwise.

.

        I declare under penalty of perjury under the laws of the United States of America
        that the foregoing is true and correct.

Executed on November __19_ 2013 in Los Angeles, CA.

_____
Ellis Horowitz, Ph. D.

5