919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

**JENNER & BLOCK** LLP

February 18, 2014

Andrew H. Bart
Tel  212 891-1645
Fax 212 891-1699
abart@jenner.com

**VIA ECF**

Honorable William H. Pauley III
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2210
New York, NY  10007

Re:   *Capitol Records, LLC et al. v. MP3tunes, LLC, Case No. 07 Civ. 9931 (WHP)*

Dear Judge Pauley:

We write in reference to the Court's January 30, 2014 Order directing the parties to file a joint request to charge the jury and any voir dire unique to this action, as extended by the Court on February 14.

Attached please see:

(1) The Parties' Joint Proposed Pretrial Instructions (Exhibit A);

(2) The Plaintiffs' Proposed Liability Phase Instructions (Exhibit B);

(3) Defendant's Proposed Liability Phase Instructions (Exhibit C);

(4) The Parties' Joint Proposed Post-Closing and Damage Phase Instructions (Exhibit D);

(5) Plaintiffs' Proposed Special Verdict Form (Exhibit E);

(6) Defendant's Proposed Special Verdict Form (Exhibit F);

(7) The Parties' Joint Proposed Voir Dire Questions (Exhibit G);

(8) The Parties' Respective Proposed Instructions Regarding Testimony by Dr. Ellis Horowitz and Emily Richards (Exhibit H).

**Plaintiffs' Position:**

We briefly write separately to make two points.  First, the parties were somewhat successful in formulating voir dire, joint pretrial instructions, and agreeing on the organization, if not always the substance, of the damages phase instructions. However despite a substantial investment of time and energy by Plaintiffs' counsel over the past week, which included a four-

Honorable Judge William H. Pauley III
February 10, 2014
Page 2

hour meet-and-confer and a significant effort drafting a joint proposal after that conference, we were unsuccessful in reaching agreement with Robertson regarding most of the liability phase instructions in this case.  While we are prepared to address this issue further if the Court desires and assure the Court that we did everything in our power to reduce the issues for resolution, we assume the Court has no interest in the details of the Parties' unsuccessful negotiations.

Second, we note that, beyond the objections noted in the instructions themselves, the parties have a disagreement regarding the timing of instructions the Court requested the Parties to propose regarding Ms. Richards and Dr. Horowitz.  Robertson's counsel has indicated that he believes these should be read to the jury before trial (before the jury has encountered either witness); Plaintiffs believe that the appropriate time to give any limiting instruction regarding those witnesses, their testimony, or the cross-examination thereof is at or around the time of those witnesses' testimony.  We would welcome an opportunity to address this issue further at the pretrial conference.

**Defendant's Position:**

Robertson's counsel also spent an extraordinary amount of time on revisions to the proposed jury instructions and conferring with Plaintiffs' counsel in an attempt to reach common ground.  Unfortunately, certain fundamental differences between the parties as to the proper presentation of the jury instructions and the governing law prevented the parties from reaching greater agreement in the time permitted.  We also we assume the Court has no interest in the details of the Parties' unsuccessful negotiations.

\*     \*     \*     \*     \*

We thank the Court for its consideration.

Respectfully submitted,

/s/ Andrew H. Bart
Andrew H. Bart

cc: Ira S. Sacks, Esq. (via email)
Mark S. Lafayette, Esq. (via email)
Frank P. Scibilia, Esq. (via email)
Mona Simonian, Esq. (via email)

{28133280;1}