# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ ) | |
| CAPITOL RECORDS, LLC, *et al,* ) | |
| ) | |
| *Plaintiffs*, ) | No. 07 Civ. 9931 (WHP)(FM) |
| ) | |
| v. ) | |
| ) | |
| MP3TUNES, LLC, and MICHAEL ROBERTSON, ) | |
| ) | |
| *Defendants*. ) | |
| _____ ) | |

## JOINT PROPOSED PRETRIAL JURY INSTRUCTIONS

New York, New York
DATED:  February 14, 2014


By:  /s/_____          By  /s/_____
Andrew H. Bart                            Ira S. Sacks
Lindsay W. Bowen                          Mark S. Lafayette
Jenner & Block LLP                        Jamie B. Robbins
919 Third Avenue, 37th Floor              Akerman  LLP
New York, New York 10022                  666 Fifth Avenue, 20th Floor
Telephone: (212) 891-1645                 New York, New York 10103
Facsimile  (212) 891-1699                 Telephone: (212) 880-3800
                                          Facsimile: (212) 880-8965
Luke C. Platzer                           *Attorneys for Defendant*
J. Douglas Wilson                         *Michael Robertson*
Jenner & Block LLP
1099 New York Ave. NW
Washington,  DC 20001
Telephone: (202) 639-6000
Facsimile  (202) 661-4819


    *Attorneys for Plaintiffs Capitol Records,*
    *LLC, EMI Christian Music Group Inc., and*
    *Priority Records LLC*


By:  /s/_____
Frank P. Scibilia
M. Mona Simonian
Ross M. Bagley
Pryor Cashman LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 421-4100
Facsimile: (212) 326-0806


    *Attorneys for the Beechwood Music Corp.,*
    *Colgems-EMI Music Inc., EMI April Music*
    *Inc., EMI Blackwood Music, EMI Full Feel*
    *Music, EMI Golden Torch Music Corp.,*
    *EMI Longitude Music, EMI Virgin Music,*
    *Inc., EMI Virgin Songs, Inc., EMI Al*
    *Gallico Music Corp., EMI Algee Music*
    *Corp., EMI Feist Catalog, Inc., EMI Gold*
    *Horizon Corp., EMI Grove Park Music,*
    *Inc. EMI Hastings Catalog, Inc., EMI Mills*

*Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, Inc., Jobete Music Co., Inc., Screen Gems-EMI Music, Inc., Stone Agate Music, and Stone Diamond Music*

## I.   GENERAL PRETRIAL INSTRUCTIONS

### Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.[1]

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff.  In this action, the plaintiffs are Capitol Records, LLC, EMI Christian Music Group Inc., and Priority Records LLC (the "Label Plaintiffs") and Beechwood Music Corp., Colgems-EMI Music Inc., EMI April Music Inc., EMI Blackwood Music, EMI Full Keel Music, EMI Golden Torch Music Corp., EMI Longitude Music, EMI Virgin Music, Inc., EMI Virgin Songs, Inc., EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI Feist Catalog, Inc., EMI Gold Horizon Corp., EMI Grove Park Music, EMI Hastings Catalog, Inc., EMI Mills Music, Inc., EMI Miller Catalog, Inc., EMI Robbins Catalog, Inc., EMI U Catalog, Inc., EMI Unart Catalog, Inc., Jobete Music Co., Inc., Screen Gems-EMI Music, Inc., Stone Agate Music, and Stone Diamond Music (the "Publisher Plaintiffs") that, among other things, sell and/or license musical sound recordings and compositions.

The parties being sued are called the defendants.  In this action, the defendants are MP3tunes, LLC and Michael Robertson.[2]  MP3tunes was an Internet service provider that, among other things, offered locker services for its customers to store music in MP3 and other digital formats and operated a website called sideload.com through which its users could search

---

[1] O'MALLEY, GRENIG & LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS, VOL. 3, § 101:01 (6th ed. 2011).

[2] *Id.*

for free music on the Internet that the users could then "sideload" into their lockers.  Michael Robertson was Chief Executive Officer of MP3tunes.  MP3tunes will not appear at this trial.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."[3]

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.[4]

When I say "admitted into evidence" or "received into evidence," I am indicating that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of this case.[5]

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.[6]

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial, you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.[7]

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.[8]

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.[9]

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.[10]

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

## **Order of Trial**

You should know that one of the defendants, MP3tunes, will not appear at trial. It is in bankruptcy and will not appear. You should read nothing into that and it has no effect on what you are required to do in this case.

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.[11]

After the opening statements, the Plaintiffs will present evidence in support of Plaintiffs' claims and the Defendant Robertson's lawyer may cross-examine the witnesses. At the conclusion of Plaintiffs' case, Mr. Robertson may present evidence and the Plaintiffs' lawyer may cross-examine the witnesses. Mr. Robertson is not required to present any evidence or to call any witnesses. If Mr. Robertson introduces evidence, the Plaintiffs may then present rebuttal evidence.[12]

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.[13]

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case on liability.[14]

---

[11] *Id.* at § 101:02.

[12] *Id.*

[13] *Id.*

[14] *Id.*

Following that, the same process may be repeated regarding the amount of damages that may be awarded.

## DEFAULTING DEFENDANT  [PLAINTIFFS' PROPOSAL]

As discussed at the beginning of the case, there are two Defendants in this case, Michael Robertson and MP3tunes.  MP3tunes has declared bankruptcy.  It will not appear  at this trial and will not put on a defense.  It is subject to an entry of default, which means it is automatically liable for infringing on Plaintiffs' copyrights.

However, MP3tunes' actions remain at issue in this case, both in determining the amount of damages against it, and because the allegations of liability against Defendant Robertson in several instances are premised upon the liability of MP3tunes.  Thus, you will hear evidence regarding MP3tunes' liability or lack thereof, and at the end of the trial, you will be asked to make conclusions based on a preponderance of the evidence as to that liability.

Authority: Fed. R. Civ. P. 55; Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (well-pleaded allegations deemed admitted in light of default).


**Defendant's Objection**:

**There has been no motion for a default and no reason why the jury needs to be informed of this fact which will unnecessarily prejudice of Robertson, whom the jury has been informed was the CEO of MP3tunes**

## MP3TUNES' ABSENCE  [DEFENDANT'S PROPOSAL]

As discussed at the beginning of the case, there are two Defendants in this case, Michael

Robertson and MP3tunes.  MP3tunes declared bankruptcy and will not appear at trial.

However, MP3tunes' actions remain at issue in this case, both in determining its liability

and the amount of damages against it, if any, and because certain of the claims Plaintiffs assert

against Defendant Robertson in several instances are premised upon the liability of MP3tunes.

Thus, you will hear evidence regarding MP3tunes' liability or lack thereof, and at the end of the

trial, you will be asked to make conclusions based on a preponderance of the evidence as to that

liability.


**Plaintiffs' Objection: The instruction is incomplete and thereby confusing to the jury.  The jury should be informed that the effect of MP3tunes' failure to appear will be a finding of default, and that MP3tunes' liability will be at issue only insofar as Robertson's liability is derivative thereof.  Absent such explanation, the jury could speculate or misapprehend the effect of MP3tunes' failure to appear.**

## CLAIMS AND DEFENSES  [PLAINTIFFS' PROPOSAL]

To help you understand what each party is alleging in this case, I will give you a very brief summary or outline of the claims and defenses the parties are asserting.  This is not evidence or an exhaustive list of all the parties' arguments; I will explain later on in more detail each specific claim and defense being asserted by the parties and the legal standards governing them.

Plaintiffs claim that Defendant MP3tunes is liable for infringing several copyrights in sound recordings, musical compositions, and images owned by the Plaintiffs, as well as for unfair competition by virtue of the same conduct.  The conduct on which Plaintiffs base these claims include the alleged actions of some users of MP3tunes' website, and the alleged actions by MP3tunes executives.  Plaintiffs also contend that Defendant Michael Robertson is liable for copyright infringement under the Copyright Act both for acts he committed himself and for actions of the MP3tunes company and its users and that Robertson is also liable for common law copyright infringement and unfair competition.

Mr. Robertson denies those claims, both as to his own liability and to the liability of the MP3tunes company.  In addition, with respect to claims that are based on the conduct of users of MP3tunes' users, he contends that a law called the Digital Millennium Copyright Act protects MP3tunes from liability.  These summaries of the claims and defenses are not evidence or an exhaustive list of all the parties' arguments, but are simply an outline or summary to help you understand what each party is alleging in this case.

**Defendant's Objection: Defendant believes that the following instruction is more accurate and informing.**

## CLAIMS AND DEFENSES [DEFENDANT'S PROPOSAL]

Plaintiffs' claims and Defendants' defenses can be summarized as follows:

Plaintiffs claim that Defendant MP3tunes committed direct and contributory copyright infringement by infringing Plaintiffs' reproduction, distribution, and/or public display rights set out in 17 U.S.C. §§ 106 and 501, in connection with the sideloading of a number of Plaintiffs' works onto Defendant MP3tunes' server by users of MP3tunes' service, by operation of Defendant MP3tunes' website, and by reproducing and displaying Plaintiffs' album cover art. Plaintiffs further allege that certain of Defendant MP3tunes' actions are not protected by the various provisions of the Digital Millennium Copyright Act, which provides safe harbors or immunity, under certain specified conditions, for activities of Internet service providers, as set out in 17 U.S.C. § 512.

Plaintiffs also contend that Defendant Michael Robertson directly and vicariously infringed their works.

Plaintiffs further claim that Defendants committed common law copyright infringement of certain of Plaintiffs' works created prior to February 15, 1972, and that Defendants committed unfair competition by allegedly using Plaintiffs' sound recordings without Plaintiffs' authorization.

Mr. Robertson denies all claims, and further asserts that Defendants are protected from copyright infringement by the Digital Millennium Copyright Act's safe harbors, which were enacted both to preserve copyright enforcement on the Internet and to provide immunity to service providers from copyright infringement liability for passive, automatic actions in which an

Internet service provider's system engages through a technological process initiated by another.[15]

Mr. Robertson also asserts, among other things, that MP3tunes was licensed to use Plaintiffs' cover art, that Plaintiffs lack standing to assert any alleged breach of the license, and that Plaintiffs have not affected proper copyright registration with respect to the cover art. Therefore, Mr. Robertson asserts that Defendants cannot be held liable for infringement of Plaintiffs' public display and reproduction rights. Finally, Mr. Robertson asserts that Plaintiffs are estopped from asserting liability or damages, impliedly licensed the works at issue and, therefore, may not sue for infringement, are barred by the doctrine of unclean hands from recovery for certain instances of alleged infringement, and that Plaintiffs have waived their claims and/or rights.

These summaries of the claims and defenses are not evidence or an exhaustive list of all the parties' arguments, but are simply an outline or summary to help you understand what each party is alleging in this case.

**Plaintiffs' Objection: The instruction as written is lopsided and prejudicial, providing only the most cursory descriptions of Plaintiffs' claims but narrative advocacy with respect to Robertson's defenses. In addition, the instruction references defenses that were rejected on summary judgment and will not be at issue at trial.**

---

[15] 17 U.S.C. § 512(a); s*ee* H.R. Conf. Rep. No. 105–796, at 72 (1998), *reprinted in* 1998 U.S.C.C.A.N. 649; H.R .Rep. No. 105–551(I), at 9-11 (1998).

### Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you must accept the rules of law that I give you, whether or not you agree with them.[16]

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.[17]

---

[16] O'MALLEY ET AL., *supra* note 1, at § 101:10.

[17] *Id.*

**Jury Conduct**

To insure fairness, you must obey the following rules:[18]

1.       Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.       Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.       Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.       During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.       Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.       Do not do any research, such as checking dictionaries or computer searches, or make any investigation about the case on your own.

7.       Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the

---

[18] *Id.* at § 101:11.

other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the clerk to give to me.[19]

---

[19] *Id.*

## Juror Use of Electronic Technology

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or organizations involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.[20]

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.  I hope that for all of you this case is interesting and noteworthy.

I know that many of you use cell phones, Blackberries, iPhones, the Internet and other tools of technology.  You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any Internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.[21]

---

[20] *Id.* at § 101:13.

[21] *Id.*

## **Note Taking – Permitted**

During this trial, I will permit you to take notes.  You are not required to take notes.  If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.[22]

You should not allow your note taking to distract you from the proceedings.[23]

Also, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.[24]

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when it comes time to decide the case.[25]

---

[22] *Id.* at § 101:15.

[23] *Id.*

[24] *Id.*

[25] *Id.*

## <u>Questions by Jurors – Prohibited</u>

I do not permit jurors to ask questions of witnesses or of the lawyers.  Please do not interrupt the lawyers during their examination of witnesses.[26]

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.[27]

---

[26] *Id.* at § 101:18.

[27] *Id.*

**Publicity During Trial**

If there is publicity about this trial, you must ignore it.  Do not read anything or listen to any television or radio programs about the case.  You must decide this case only from the evidence presented in the trial.[28]

---

[28] *Id.* at § 101:21.

## Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.[29]  I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.  Remember at all times that you, as jurors, are the sole judges of the facts of this case.[30]

---

[29] *Id.* at § 101:30.

[30] *Id.* at § 102:72.

## **Bench Conferences**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.[31]

---

[31] *Id.* at § 101:31.

## Evidence in the Case

The evidence in this case will consist of the following:

I.       The sworn testimony of the witnesses, no matter who called a witness.

II.      All exhibits received in evidence, regardless of who may have produced the exhibits, although some of the evidence may only be used with respect to your consideration of the liability of MP3tunes.[32]

III.     I may take judicial notice of certain facts or events, and I may determine certain facts to be established for purposes of this case.  Judicial notice is when the parties persuade me of something and I do not require them to submit evidence.  When I declare that I will take judicial notice of some fact or event, or that certain facts are established for purposes of this case, you must accept that fact as true.[33]

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.[34]

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.[35]  There have been two sets of stipulations between the lawyers that I will tell you about

---

[32] *See* note 44, below.

[33] *Id.* at § 101:40.

[34] *Id.*

[35] *Id.*

shortly.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.[36]

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.[37]

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences and conclusions as you feel are justified in light of your experience.[38]

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.[39]

Each case must be decided largely on its specific facts. You, the jury, are the judge of the facts.[40]

---

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] LEONARD SAND *ET AL.*, MODERN FEDERAL JURY INSTRUCTIONS VOLUME 4 (CIVIL) INST. 86B-9 (2013)..

## Burden of Proof

The party with the burden of proof on any given issue has the burden of proving every disputed element of its claim to you by a "preponderance of the evidence."

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you conclude that the party bearing the burden of proof has failed to establish its claim by a "preponderance of the evidence", you must decide against that party on the issue you are considering.  If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having the burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.

Authority: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction

## Multiple Parties and Claims; Certain Evidence [DEFENDANT'S PROPOSAL]

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other one is also liable. Similarly, although there are numerous plaintiffs, it does not follow that if one is successful, the others are, too, or in what amounts.[41]

During the trial, Plaintiffs may introduce into evidence testimony, e-mails or other documents given or written by MP3tunes' executives and employees, other than Michael Robertson, who are not present at trial to establish the truth of the matter written by such executives or employees. While you may consider such matter as evidence against MP3tunes, you may not consider such matter as evidence against Michael Robertson.[42]

**Plaintiffs' Objection: The proposed instruction is incomplete, confusing and inaccurate in two respects.**

**(1) The first paragraph risks jury confusion in a case, as here, where one Defendant's liability is substantially derivative of another's.**

**(2) The second paragraph is not an accurate statement of the law. Statements falling under Rule 801 are not hearsay because they are deemed reliable; once admitted they are in evidence. In addition, the instruction presupposes that Robertson is not responsible for MP3tunes and its actions, the very thing that is at stake in the litigation. Finally, the instruction is too narrow in describing the circumstances under which Rule 801(d)(2) would be satisfied. Deposition testimony from an MP3tunes employee (as opposed to presence at trial only, as referenced by the instruction) would satisfy the standard.**

---

[41] *Id.* at 103:13-14.

[42] F.R.E. Rule 801(d)(2).

**<u>Bifurcation of the Liability and Damages Portions of Trial [Plaintiffs' Proposal]</u>**

I have bifurcated this trial. That is, I have divided this trial into two parts. In the first part, you will hear evidence that relates to Plaintiffs' claims against the Defendants and the Defendants' defenses to those claims. At the end of that first phase, you will decide whether or not Michael Robertson is liable to the Plaintiffs on the claims presented. After you have decided the liability claims, then we will proceed to trial on the issue of damages. You should decide questions of liability first, without speculating how your decision will affect the damages phase of the trial, as you will have an opportunity to determine the damages in this case at a later time.

**<u>Defendant's objection</u>: Plaintiffs' instruction is not clear that testimony regarding liability is what will be presented in the first part of trial and that MP3tunes' liability has not been established.**

## Bifurcation of the Liability and Damages Portions of Trial [Defendant's Proposal]

I have bifurcated this trial. That is, I have divided this trial into two parts, such that you will only hear evidence that relates to Plaintiffs' claims that one or the other Defendant may be liable to one or more Plaintiffs, and evidence that relates to one or the other Defendant's defenses to such claims of liability, and you will decide these issues of liability and defenses first. Once you have decided the liability claims, then we will proceed to trial on the issue of damages.

**Plaintiffs' Objection: MP3tunes will default at trial, and this instruction confusingly suggests to the jury that MP3tunes' liability will be at issue.**

## Evidence – Direct and Circumstantial Evidence [Plaintiffs' Proposal]

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of the contents of an authenticated document, or an exhibit where the fact to be proved is the exhibit's own present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came in to the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts from which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one or more established facts the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented. Each individual piece of evidence need not satisfy a party's burden of proof on its own; rather, you must consider all the evidence presented in reaching your decision.

<u>Authority</u>: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction 74-2 "Direct and Circumstantial Evidence."

**<u>Robertson's Objection</u>: Plaintiffs have significantly altered form instruction 74-2. Among other things, Plaintiffs have highlighted certain evidence that it believes will be helpful to its case *i.e.*, an authenticated document, without highlighting others in an effort to prejudice the jury. Further, for example, Plaintiffs added the last sentence, clearly in an effort to bolster its chances of trying to prove willful blindness and red flag knowledge through evidence that "cumulatively make[s] it more probable that Defendants had the requisite suspicions of infringing activity and intent to bury their heads in the sand." However, this was rejected by the Court in its 1/29/14 Order as irreconcilable with *Viacom*. (*see* pp. 8-9). Accordingly, this instruction should be rejected and a limiting instruction given with respect to circumstantial evidence and willful blindness and red flag knowledge.**

### Direct and Circumstantial Evidence [Defendant's Proposal]

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.[43]

**Plaintiffs' Objection: The instruction is too cursory and is unlikely to assist jurors in understanding the concept of circumstantial evidence.**

---

[43] O'Malley *et al.*, at § 101:42.

## <u>Judicial Notice [PLAINTIFFS' PROPOSAL]</u>

I have taken judicial notice of the following facts which are not subject to reasonable dispute.

1.    In *UMG Recordings, Inc. v. MP3.com*, 2000 U.S. Dist. LEXIS 5761 (S.D.N.Y. May 4, 2000), Judge Rakoff found that a service started by defendant Michael Robertson infringed upon the copyrights of several record companies.  *Id.* at *1-2.  Mr. Robertson's company advertised its service, MP3.com, as permitting subscribers to store and listen to recordings from any place where they had an Internet connection if they had compact discs ("CDs") of those recordings.  To make good on this offer, defendant purchased tens of thousands of popular CDs in which plaintiffs held the copyrights, and, then without authorization, copied those recordings onto MP3.com's computer servers and used those unauthorized copies to play back to MP3.com's users.  *Id.* at *2.  Judge Rakoff found that in rendering its service, defendant had reproduced Plaintiffs'  recordings on its servers and had performed those unauthorized copies, without authorization from the plaintiff record companies.  Judge Rakoff concluded that the defenses Mr. Robertson's company asserted were "indefensible" and "essentially frivolous." *Id* at *12.  MP3.com was required to pay the plaintiffs in that case over $53 million in damages as a result of its willful infringement.

2.    In this case, for the convenience of the parties, the Court, and you, the jury, I have also taken judicial notice of the fact that Plaintiffs have filed certain copyright documents supporting their ownership of the copyrights at issue in this case with the U.S. Copyright Office in Washington D.C.  These documents, which are voluminous, establish that Plaintiffs own and/or have the right to assert claims in this action with respect to certain copyrighted compositions and sound recordings.

I have accepted these facts to be true.  Therefore, you are required to accept these facts as true in reaching your verdict.

     <u>Authority</u>: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction 74-3 "Judicial Notice"; see also *UMG Recordings, Inc. v. MP3.com*, 2000 U.S. Dist. LEXIS 5761 (S.D.N.Y. May 4, 2000).

     **<u>Defendant's Objection</u>:  Paragraph 1 is unduly prejudicial to Robertson.  Robertson was not individually liable in the subject action, nor does the decision discuss or his actions in connection with the case or involvement with MP3.com.  In addition,  the paragraph as drafted is confusing and not a fair summary of the decision. Paragraph 2 is unnecessary and confusing as the jury will have no idea to which certificates the Court is referring.**

### Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.[44]

---

[44] O'Malley *et al.*, at § 101:43.

## Impeachment by Prior Inconsistent Statement

You may have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement may help you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction 76-5 "Impeachment by Prior Inconsistent Statement."

**Expert Witnesses**

An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses give their opinions as to matters in which they profess to be an expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's testimony is outweighed by other evidence, you may disregard the expert's opinion entirely.[45]

---

[45] *Id.* at § 104:40.

## **What is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.[46]

---

[46] *Id.* at § 101:44.

**<u>Demonstrative Exhibits – Summaries and Charts Not Admitted As Evidence</u>**

The plaintiffs and defendants have also presented charts and summaries which were not admitted as evidence.  These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

<u>Authority</u>: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction 74-12 "Summaries and Charts Not Admitted as Evidence."

## Evidence – Interrogatories

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against the party who made the answer, just as you would any other evidence which has been admitted in this case. While you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers as evidence against any other party, including the party who posed the interrogatory questions. The interrogatory answer may only be considered, if at all, as evidence against the party who gave the answer.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to an interrogatory answer which has been admitted as evidence.

Authority: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction 74-13 "Interrogatories."

**Evidence – Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.  You are to give deposition testimony no more or less weight simply by virtue of the fact that it was given at a deposition as opposed to trial.

Authority: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction 74-14 "Depositions."

**Evidence – Video And Transcript Depositions**

Some of the deposition testimony that will be offered into evidence was recorded by a videographer and will be presented to you on-screen.  Other deposition testimony will simply be read to you. You will be shown or read excerpts from these depositions, rather than the witness's entire deposition.  The parties were required to edit the depositions in order to present them to you.  You must understand that the edits were made, not to keep any information from you, but to ensure that only the relevant testimony is presented to you and that the trial is conducted as efficiently as possible.  I ask that you understand that the technology is not perfect, and these edits are not always seamless.  Do not place any significance on any stops and starts in the videos or transcripts.

Authority: Adapted from 3 MODERN FEDERAL JURY INSTRUCTIONS-Civil, Instruction 2.5 "General Instructions For Use During Trial—Use of Deposition."

## Inferences and Presumptions – Inferences

During the trial you have heard the attorneys use the term "inference" and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence. The plaintiffs ask you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted, unless contrary to another instruction I may give, to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Authority: Adapted from 4 MODERN FEDERAL JURY INSTRUCTIONS, Instruction 75-1 "Inference Defined."

## Stipulations at Pretrial Conference

Before the trial of this case, the Court held a conference with the lawyers for all the parties.  As a result of the conference, the parties entered into certain stipulations or agreements in which they agreed that the following facts must be taken as true without further proof[47]:

1        MP3tunes, LLC ("MP3tunes") operated a website located at www.mp3tunes.com (the "Locker Website").

2.        Songs uploaded to a user's password-protected locker could be played and downloaded through any Internet enabled device.

3.        LockerSync, a free software program provided on the Locker Website, enabled users to automatically upload to their lockers mp3 files stored on their personal hard drives.

4.        Another feature of the Locker Website is "Webload" which allowed users to enter the web address of a music file stored on a third-party server connected to the Internet, and transfer the file to the user's locker.

5.        MP3tunes owned and operated a second website located at www.sideload.com (the "Sideload Website").

6.        The Sideload Website offered users a free Sideload Plug-in software.

7.        MP3tunes was licensed to display cover art from Amazon.com for the "principal purpose" of driving traffic to Amazon.com's website.

8.        MP3tunes did not obtain a license directly from the EMI Label Plaintiffs to reproduce any Cover Art.

9.        MP3tunes received two takedown notices from EMI Music Group North America and one takedown notice from EMI Entertainment World advising MP3tunes of alleged

---

[47] *Id.* at § 101:47.

instances of copyright infringement occurring on the Sideload Website and Locker Website (the "Takedown Notices").

10.    As a condition of use of its locker services, MP3tunes required each locker user to complete a registration process and assigned each unique user an individual, personal identification number to correspond to each user's password-protected locker.

11. Michael Robertson and Leslie A. Burcham are the sole trustees of the Robertson Descendants Irrevocable Trust.

12. Michael Robertson's two sons, Samuel Robertson and Keith Robertson, are the sole beneficiaries of the Robertson Descendants Irrevocable Trust.

13. As of March 2006, the SKL Trust held 50.4% of the shares in MP3tunes.

14. As of March 2006, the Robertson Descendants Irrevocable Trust held 25.2% of the shares of MP3tunes.

15. Michael Robertson was the Chief Executive Officer of MP3tunes.

16. Doug Reese was the Chief Technology Officer of MP3tunes.

17. Emily Richards was the President of MP3tunes.

18. Mark Wooten was a member of the executive team at MP3tunes.

19. Doug Reese registered for user accounts with MP3tunes that were assigned ID Nos. 446025, 466529, 481013, 503148, and 517730.

20. Emily Richards registered for user accounts with MP3tunes that were assigned ID Nos. 570106, 466337, and 447787.

21. Michael Robertson registered for user accounts with MP3tunes that were assigned ID Nos. 471003 and 483009.

22. MP3tunes.com allowed users to store and play songs at MP3tunes.com.

23. The website Sideload.com allowed users to search for song files on the Internet.

24. Michael Robertson, Doug Reese, Emily Richards, and Mark Wooten worked for MP3tunes during the period in which Plaintiffs allege they sideloaded Plaintiffs' copyrighted compositions and sound recordings embodied in music files.

25. Sideload.com search services were free of charge.

26. MP3tunes did not count files sideloaded from Sideload.com towards the storage limit on free lockers.

27. Plaintiffs sell and license musical recordings and compositions.

28. MP3tunes filed for bankruptcy protection under Chapter 7 of Title 11 of the U.S. Code, on April 27, 2012.

### Ruling on Objections

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question is improper or the exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered or the exhibit cannot be received into evidence.[48]

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.[49]

---

[48] O'MALLEY ET AL., *supra* note 1, at § 101:49.

[49] *Id.*

## **Judge's Comments to a Lawyer**

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side I may caution or warn during the trial.[50]

---

[50] *Id*. at § 102:70.

## Relevant Dates

Most of the claims you are called upon to decide in the liability phase of the trial only concern events that took place up through December 8, 2008.  To the extent you have heard evidence of events taking place after December 8, 2008, you may consider such evidence only to the extent that such evidence helps you understand events that happened before that date.

## II.    GENERAL PRETRIAL COPYRIGHT INSTRUCTIONS

### Nature of the Action

This is an action for, among other things, copyright infringement.

The term "copyright" is the name for the rights that Congress has decided that the law extends to an author of an original work.  As relevant to this trial, those rights include the exclusive rights to copy the work, to distribute the work, to publicly perform the work, and to license others to do so.  An "author" can be the creator of the work, the person or entity that commissions the work, or under certain circumstances the employer of the creator.  A "work" is any material that is subject to protection under the copyright laws, including an original sound recording or an original musical composition.  A copyright in a work can be transferred or assigned by the author to another, including to a record label (in the case of a sound recording) or to a music publisher (in the case of a musical composition), if such transfer or assignment complies with applicable law.

Musical compositions, such as those owned by some of the Plaintiffs in this case, may be subject to protection under the federal copyright laws.  Sound recordings, such as those owned by some of the Plaintiffs in this case, may be  subject to protection under the federal copyright laws if they were recorded on or after February 15, 1972.  Sound recordings recorded before February 15, 1972, some of which are also owned by the Plaintiffs in this case, may be covered by state "common law copyrights," and subject to protection under the laws of the various states, including the state of New York.

In this action, Plaintiffs seek damages for copyright infringement and other claims. Defendants deny infringing the copyrights, and assert a number of affirmative defenses that would absolve them from liability for copyright infringement.  Plaintiffs in this case have alleged that their copyrights have been infringed by several parties.  These are:  certain users of

MP3tunes' websites and software, Defendant MP3tunes, certain MP3tunes executives, and Defendant Michael Robertson.

I will instruct you in detail about all of the claims and affirmative defenses after you have heard all of the evidence.

**Nature of the Action – DMCA AND REGISTRATION [DEFENDANT'S PROPOSAL]**

I want to instruct you about copyrights in the general context of the Internet at this time.

The legal principles regarding the law of copyright infringement discussed in these instructions result from attempts to balance the rights of creators of original work with Congress' intent to foster and safeguard the development and advancement of the Internet through Internet service providers.

On the one hand, the creator of an original work has the right to reap the benefits of his or her creativity and effort.  On the other hand, Congress enacted the Digital Millennium Copyright Act to safeguard the development of the Internet and the technological advancement of this country.[51]  The Digital Millennium Copyright Act ("DMCA") seeks to balance the interests of copyright owners with those of online service providers by promoting cooperation between providers and copyright owners, minimizing copyright infringement, and providing a higher degree of certainty to service providers on the question of copyright infringement with respect to services provided over the Internet.[52]  To achieve this goal, the DMCA provides immunity to liability for copyright infringement, or "safe harbors," to certain parties providing services on the Internet.[53]

The copyright laws likewise have established registration procedures that will be the subject of instructions after evidence is submitted, which must be followed in order for a copyright owner to claim statutory damages under federal copyright laws.[54]

---

[51] *See* H.R. Conf. Rep. No. 105–796, at 72 (1998), reprinted in 1998 U.S.C.C.A.N. 649; H.R. Rep. No. 105–551(I). at 9-11 (1998).

[52] *See id.*

[53] *See* 17 U.S.C. § 512.

[54] 17 U.S.C. § 412.

**Plaintiffs' Objection**: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.

The first two paragraphs are advocacy regarding policy issues and will both confuse the jury and prejudice Plaintiffs. In addition, the instruction provides a false sense of balance by suggesting that the DMCA defense is relevant to all claims in this action, even though many of the claims (such as Robertson and MP3tunes executives' sideloading, as well as infringement of cover art) have nothing to do with the DMCA and the DMCA is not a defense to those claims.  Moreover, the reference to "statutory damages" in the final paragraph will only confuse the jury before the concept has been introduced.

**Nature of the Action – Copyright – Infringement [Plaintiffs' Proposal]**

The allegations in this case assert a claim of copyright infringement, or violation of a copyright's legal protections.  If a copyright has been properly registered with the copyright office, the owner of that copyright can bring a legal claim under federal law against persons who violate the copyright's protections by exercising an exclusive right, such as copying, display, or reproduction, without permission from the copyright owner.

Plaintiffs in this case have alleged that their copyrights have been infringed by several parties.  These are:  Defendant Michael Robertson, Defendant MP3tunes, certain MP3tunes executives, and certain users of MP3tunes' websites and software.  Plaintiffs further allege that Defendants Robertson and MP3tunes are liable for all the infringements at issue, which I shall explain shortly.

All persons and corporations who participate in, exercise control over, or benefit from copyright infringement may be held jointly and severally liable as copyright infringers so that a copyright owner is entitled to sue all, one, or some of the infringers but not others.  You should not draw any negative inferences from the fact that the Plaintiffs here have brought claims against Robertson and MP3tunes, but not against other persons involved in the infringement.

Authority:  Adapted from 17 U.S.C. § 501; 2 NIMMER ON COPYRIGHT § 7.16, 7.18; Black's Black's Law Dictionary (9th ed. 2009); Capitol Records, Inc. v. MP3tunes, LLC, 07 Civ. 9931 (WHP), Slip Op. at *18 (S.D.N.Y. May 14, 2013) (Dkt. No. 368).

**Robertson's Objection:  The above is an overly simplistic, confusing and incorrect statement of copyright law.  For example, one need not obtain the consent of the owner of the copyright to legally exploit the work, if for example, one were to obtain consent from the licensee of the owner. The second paragraph unnecessarily repeats a description of the claims in this action as set forth earlier in these instructions. Among other things, there is no claim in the Second Amended Complaint asserting that Robertson is vicariously or secondarily liable for MP3tunes' common law copyright infringement.  Finally, Robertson believes that the third paragraph is a misstatement of law deriving from *Sygma Photo News, Inc. v. High Society Magazine*, 778 F.2d 89, 92 (2d Cir. 1985). *See* Robertson's Reply Memorandum of Law In Support of Reconsideration (Indiv. Liability and Viacom), p.2-3 (Dkt. 360 )**

### **Federal Copyright Infringement [DEFENDANT'S PROPOSAL]**

The following are some general rules with respect to Plaintiffs' claims of federal copyright infringement.

**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

## Valid Copyright [DEFENDANT'S PROPOSAL]

The first thing Plaintiffs must prove is that Plaintiffs are the owner of a work protected by the Copyright Act. In order to prove this, Plaintiffs must show the following:

First: Plaintiffs' work is original;

Second: Either Plaintiffs are the author, or Plaintiffs' relationship with the author permits Plaintiffs to claim ownership of the work; and

Third: Plaintiffs have complied with the formalities of copyright law.[55]

If Plaintiffs fail to prove they are (1) the owner of the work at issue in this action, (2) which work is protected by the Copyright Act, then Plaintiffs' claims fail as to that copyright.

**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction is confusing and prejudicial because it does not inform the jury that virtually all ownership issues have been resolved; it suggests to the jury that they must decide ownership issues that will not in fact be at issue at trial.**

---

[55] O'MALLEY *ET AL.*, *supra* note 1, at § 160:22.

## Nature of Copyright [DEFENDANT'S PROPOSAL]

The owner of a federal copyright has the exclusive right to:

1. Reproduce the copyrighted work.

2. Prepare derivative works based upon the copyrighted work.

3. Distribute copies or sound recordings of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.

4. Perform publicly a copyrighted musical work.

5. Display publicly a copyrighted literary work, musical work, dramatic work, choreographic work, pantomime work, pictorial work, or graphic work.

The term "owner" includes the author of the work, an assignee, and an exclusive licensee.[56]


**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

---

[56] 17 U.S.C. § 106.

## <u>Works [DEFENDANT'S PROPOSAL]</u>

For purposes of the Copyright Act as applied to this case, "works" include (1) musical works, including any accompanying words, (2) sound recordings, and (3) pictorial and graphic works.[57]

**<u>Plaintiffs' Objection</u>: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

---

[57] *See id.* §§ 102(a)-(b), 901.

## Compilation [DEFENDANT'S PROPOSAL]

A "compilation" is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.  The term "compilation" includes collective works.  The owner of an original compilation may enforce the right to exclude others from exercising its exclusive rights in an action for copyright infringement.[58]

The use of an element of a compilation work, however, which is not substantially similar to or a copy of the constituent elements of the work that make the compilation original, is not copyright infringement.[59]


**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction is confusing and prejudicial because it does not inform the jury that virtually all ownership issues have been resolved; it suggests to the jury that they must decide ownership issues that will not in fact be at issue at trial.  No issues pertaining to compilations will remain for the jury to decide.**

---

[58] *Id.* § 101.

[59] *See Key Publ'ns, Inc. v. Chinatown Today Publ'g Enterprises*, 945 F.2d 509, 514 (2d Cir. 1991); *Caffey v. Cook*, 409 F.Supp.2d 484, 501-502 (S.D.N.Y. 2006) (performance of a fifty minute set of a two hour and fifteen minute compilation of songs, with a change in ordering of the songs, is not copyright infringement).

## Collective Work [DEFENDANT'S PROPOSAL]

A "collective work" is a work such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole.[60] The person who assembles the contributions of independent works into a collective whole is the author and is entitled to the copyright if the collective work is original.[61]

A copyright in each separate contribution to a collective work is distinct from copyright in the collective work as a whole, and vests initially in the author of the contribution. In the absence of an express transfer of the copyright or of any rights under it, the owner of the copyright in the collective work is presumed to have acquired only the privilege of reproducing and distributing the contribution as part of that particular collective work, any revisions of that collective work and any later collective work in the same series.[62]

**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction is confusing and prejudicial because it does not inform the jury that virtually all ownership issues have been resolved; it suggests to the jury that they must decide ownership issues that will not in fact be at issue at trial. No issues pertaining to collective works will remain for the jury to decide.**

---

[60] 17 U.S.C. § 101.

[61] *Id.* § 201(c).

[62] *Id.*

## Copyright Registration For Individual Sound Recordings in a Compilation or Collective Work [DEFENDANT'S PROPOSAL]

A copyright registration for a collective work or compilation composed of a group of sound recordings does not extend to each individual sound recording in the compilation or collective work.[63]  Therefore, a copyright registration for a compilation or collective work does not constitute evidence of the ownership of the copyright of an individual sound recording in the collective work, validity of the copyright of an individual sound recording in the collective work, or any of the facts stated in the copyright certificate with respect to an individual sound recording in the collective work.[64]

**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction is confusing and prejudicial because it does not inform the jury that virtually all ownership issues have been resolved; it suggests to the jury that they must decide ownership issues that will not in fact be at issue at trial.  No issues pertaining to collective works will remain for the jury to decide.**

**In addition, the instruction is misleading and not an accurate statement of the law.  There is no such thing as a "copyright registration for a compilation or collective work."  Sound recordings are registered on a form SR; the form includes sections to identify both pre-existing material and newly added material in which copyright is claimed.  The instruction, as written, risks confusing the jury into believing that newly added/registered material is registered only as a "compilation" simply because pre-existing material happens to be registered on the same form SR, which is not the law.**

---

[63] U.S. Copyright Office, Copyright Registration for Sound Recordings, Copyright Circular # 56, at 4 (2012) ("The copyright in the compilation of recordings is separate and distinct from copyright (if any) in the recordings themselves.").

[64] *See id.*; 17 U.S.C. § 410(c).

## Author [DEFENDANT'S PROPOSAL]

An "author" is the person who actually creates the work, that is, the person who translates an idea into fixed tangible expression entitled to copyright protection.[65]  When an author creates an original work, copyright exists automatically in the work at the moment of its creation.[66]


**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction does not accurately state the law.  When a work is a work for hire, the author is not the person who creates the work but the person or entity that employs the creator or has commissioned the creation of the work.**

---

[65] *See* 17 U.S.C. § 102; *Medforms, Inc. v. Healthcare Mgt. Solutions, Inc.*, 290 F.3d 98, 107 (2d Cir. 2002) (person is not an "author" for copyright purposes if the person has an original idea that is not expressed in tangible form, and a person is not an author if the person expresses another's idea in tangible form without any original contribution);

[66] U.S. Copyright Office, Copyright Registration for Sound Recordings, Copyright Circular # 56, at 1-2 (2012).

## **Assignee and Exclusive Licensee [DEFENDANT'S PROPOSAL]**

A copyright owner may transfer to another person any or all of the exclusive rights comprised in the copyright.  To be valid, the transfer must be in writing and signed by the parties.  If the owner transfers any of the exclusive rights comprised in the copyright, *i.e.*, the right to reproduce, distribute, perform, display or otherwise use the copyrighted work, the person to whom the right is transferred is called either an assignee or an exclusive licensee.  An assignee or exclusive licensee has the right to exclude others from exercising the exclusive rights to the extent of the rights granted in the assignment or license.  An assignee or exclusive licensee may enforce this right in an action for copyright infringement.[67]  An assignee or exclusive licensee of a work may not be liable for infringing the copyright rights of a work that it was granted an interest in through assignment or an exclusive license.[68]

**Plaintiffs' Objection: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction is confusing and prejudicial because it does not inform the jury that virtually all ownership issues have been resolved; it suggests to the jury that they must decide ownership issues that will not in fact be at issue at trial.  No issues pertaining to assignment or exclusive licencees will remain for the jury to decide.**

---

[67] *Id.* §§ 101, 201(d), 204(a).

[68] *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 695 (2d Cir. 1991).

## <u>Nonexclusive Licensee [DEFENDANT'S PROPOSAL]</u>

A nonexclusive license in a work is a license which does not convey the right to exclude others from using the work, but instead constitutes a promise not to sue the nonexclusive licensee for infringement of the rights in the work granted by the nonexclusive license.[69]  Thus, a nonexclusive licensee of a copyright may not be sued for copyright infringement of rights in work to which he or she has a nonexclusive license.[70]  While exclusive licenses must be in writing, a nonexclusive license may be granted orally, or may even be implied from conduct.[71]  An implied nonexclusive license is granted, for example, when (i) the nonexclusive licensee requests the creation of a work; (ii) the creator makes that particular work and delivers it to the licensee; and (iii) the licensor intends that the licensee copy and distribute his work.[72]

Additionally, consent given in the form of mere permission or the copyright owner's lack of objection is also equivalent to a nonexclusive license and is not required to be in writing.[73]

**<u>Plaintiffs' Objection</u>: Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction is confusing and prejudicial because it does not inform the jury that virtually all ownership issues have been resolved; it suggests to the jury that they must decide ownership issues that will not in fact be at issue at trial.  No issues pertaining to nonexclusive licencees will remain for the jury to decide.**

---

[69] See *Holtzbrinck Publ'g Holdings, L.P. v. Vyne Commc'ns, Inc.*, 2000 WL 502860, at *4 (S.D.N.Y. Apr. 26, 2000).

[70] *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998).

[71] *Id.* at 235.

[72] *Holtzbrinck*, 2000 WL 502860, at *4.

[73] *Keane Dealer Servs., Inc. v. Harts*, 968 F. Supp. 944, 947 (S.D.N.Y. 1997).

## Copyright Registration [DEFENDANT'S PROPOSAL]

Copyright automatically exists in an original work the moment it is created. A copyright owner may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work and the appropriate application.[74] After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.[75]

With respect to a sound recording fixed on or after February 15, 1972 ("post 1972 sound recordings") or other work involved in this action, no suit for copyright infringement may be brought if the copyright in such sound recording or work has not been registered. In the event the post 1972 sound recording or work has not been registered, you must find for the Defendants in this action with respect to the sound recording or work.[76]

A certificate of registration of a copyright constitutes *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate.[77] *Prima facie* means that such evidence is not conclusive as to the validity or ownership of the copyright, it is merely evidence, and accordingly, you may consider any evidence offered by the opposing party that the registered copyright is invalid.[78] However, in the event that Plaintiffs did not register their work within five years after first publication of the work, the certificate does not constitute *prima facie* evidence

---

[74] *See* 17 U.S.C. § 408.

[75] *Id.* § 410(a).

[76] 17 U.S.C. § 411(a)

[77] *Id.* § 410(c).

[78] *Id.*

of the validity of the work and the facts stated in the certificate.[79]

**Plaintiffs' Objection**: **Plaintiffs believe that Defendants' proposal to selectively instruct the jury on the substantive law governing copyrights in advance of trial is bound to be confusing and incomplete, and that such instructions should be given after the jury has heard the evidence.**

**The instruction is confusing and prejudicial because it does not inform the jury that virtually all ownership issues have been resolved; it suggests to the jury that they must decide ownership issues that will not in fact be at issue at trial.  No issues pertaining to nonexclusive licensees will remain for the jury to decide.**

---

[79] *Id.*