919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

**JENNER & BLOCK** LLP

February 24, 2014

Andrew H. Bart
Tel  212 891-1645
Fax 212 891-1699
abart@jenner.com

**VIA ECF**

Honorable William H. Pauley III
U.S. District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2210
New York, NY  10007

Re:  *Capitol Records, LLC et al. v. MP3tunes, LLC,* Case No. 07 Civ. 9931 (WHP)

Dear Judge Pauley:

  I write on behalf of the Label Plaintiffs in opposition to Defendant Robertson's February 21, 2014 letter, which, for a third time, seeks to preclude Dominic Pandiscia from testifying at trial.

  As I noted in my February 18, 2014 letter, after Robertson's counsel used the volume of documents produced by Mr. Pandiscia pursuant to the express search terms authorized by Magistrate Judge Maas as a pretext for seeking to preclude Mr. Pandiscia from testifying, Plaintiffs undertook a supplemental document production to moot the issue.  The morning after Mr. Pandiscia's return from an international business trip late Saturday night of a holiday weekend, Plaintiffs collected, loaded, indexed, searched, and reviewed close to 6,000 documents in four days to produce a total of 651 documents (including 345 emails).  At every step of the production, we acted with all possible urgency and at substantial expense.  Mr. Lafayette had no factual basis for his glib suggestion that we could have produced the documents more quickly than we did.[1]  Tellingly, at no point did counsel request any particular search terms or offer any guidance as to what they sought from our supplemental production.

  Why counsel was indifferent to the substance of our two productions became obvious at Mr. Pandiscia's deposition.  The deposition was taken by M. Darren Traub, a partner at the Akerman firm who has not even appeared in this case.  No attorney who has appeared for

---

[1] Mr. Platzer did not inform Mr. Sacks that we had "completed [our] document review" on Wednesday, February 19, 2014.  Rather, Mr. Platzer said "[t]he Pandiscia documents have now been collected, processed, indexed, and searched, and we're in the review process now. We expect to be in a position to complete the review today and produce tomorrow." *See* Ex. A.  That is precisely what happened.  Mr. Wilson advised counsel that the review had been completed around 10:00 PM that night and the processing of the documents began immediately enabling us to produce the material about 20 hours later.

Honorable Judge William H. Pauley III
February 24, 2014
Page 2

Robertson in this case even attended the deposition.  Moreover, despite Mr. Sacks' admission in his February 15, 2014 letter to this Court that he had over a hundred documents relating to Mr. Pandiscia, Mr. Traub only introduced two documents at the deposition, one of which was a printout of Mr. Pandiscia's "LinkedIn" profile, and ended the deposition an hour earlier than scheduled.  This conduct conclusively underscores that his objections to our document productions were but pretexts for a tactical application to preclude important testimony from Plaintiffs' case.  With the Court confronting numerous substantive applications and all the burdens of the upcoming trial, this is an application that clearly should not have been made.

    We request that Robertson's application to preclude Mr. Pandiscia's testimony be denied.

                                    Respectfully submitted,

                                    /s/ Andrew H. Bart
                                  Andrew H. Bart

cc:    Counsel for Robertson (via email)
        Counsel for Publisher Plaintiffs (via email)