UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, LLC, *et al.*,

        *Plaintiffs*,

v.

MP3TUNES, LLC and MICHAEL ROBERTSON,

        *Defendants*.

07 Civ. 9931 (WHP)

**DEFENDANT ROBERTSON'S TRIAL BRIEF TO EXCLUDE CERTAIN EVIDENCE DURING THE DAMAGES PHASE OF THE TRIAL**

Defendant Michael Robertson ("Robertson") respectfully submits this trial brief to exclude inadmissible evidence Plaintiffs seek to introduce during the damages phase of the trial against Robertson. That evidence includes user posts sent to MP3tunes, but not seen by Robertson, as well as internal MP3tunes emails not authored by or seen by Robertson. The Court should exclude such evidence because it is both irrelevant and are inadmissible hearsay.

The reasons are as follows. First, a critical issue in the damages phase of trial is Robertson's state of mind in connection with any infringing activity found by the jury. "Hearsay" may be received in that regard only if the document was seen or authored by Robertson. If not, the document is patently irrelevant.

Second, MP3tunes is not a party in the damages phase. As a result, documents written by MP3tunes employees other than Robertson are rank hearsay – and not an admission of a party opponent (as they were in the liability phase, where MP3tunes was a party and would have been too complex to ask the jury to consider such documents only against MP3tunes) – except if offered for a non-hearsay purpose, such as notice to Robertson. Again, such documents are

admissible only for that limited purpose if Robertson saw the document.[1]

### I. DOCUMENTS THAT ROBERTSON NEITHER SENT NOR RECEIVED ARE NOT RELEVANT AND SHOULD BE EXCLUDED FROM THE DAMAGES PHASE.

A central issue during the damages phase of the trial is Robertson's state of mind. Robertson's state of mind is relevant to the issues of innocent versus willful infringement. To establish innocent infringement, Robertson must prove that the defendant (1) was not aware that its acts constituted infringement of the copyright; and (2) had no reason to believe that its acts constituted an infringement of the copyright. 17 U.S.C. § 504(c)(2). Accordingly, an infringer must meet a two-pronged burden of proof: (1) a subjective good faith belief which was (2) objectively reasonable under the circumstances. *See Childress v. Taylor*, 798 F.Supp. 981, 994 (S.D.N.Y. 1992). In addition, Robertson's mental state is also relevant to determine the amount of statutory damages. *See Bryant v. Media Rights Prods., Inc.*, 603 F.3d 135, 142 (2d Cir. 2010) (factors for the jury to consider in determining the amount of statutory damages include the defendant's state of mind).

It is axiomatic that documents Robertson did not send or receive – and therefore had no knowledge of their contents during the relevant period – have no bearing on his state of mind.[2] *See* Fed. R. Evid. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence"); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible").

Moreover, many of the documents in this category contain complaints from users about files on MP3tunes or sideload.com, which are rank hearsay and prejudicial.

---

[1] There are no other applicable hearsay exceptions. There is, for example, no evidence of business records exceptions for such documents.

[2] Of course, Robertson may have seen these documents during the preparation of trial. This is irrelevant to his contemporaneous mental state during the time of the alleged infringement.

For these reasons, these documents should be excluded during the damages phase of the trial.

**II.  BECAUSE MP3TUNES IS NOT A DEFENDANT DURING THE DAMAGES PHASE OF THE TRIAL, STATEMENTS MADE BY MP3TUNES' EMPLOYEES ARE NOT PARTY ADMISSIONS AND THEREFORE ARE INADMISSIBLE HEARSAY UNLESS ROBERTSON HAS SEEN THEM.**

During the liability phase of the trial, hearsay evidence was admitted into the trial record on which Robertson appears as neither the declarant nor a recipient, as an admission by MP3tunes.[3]  For example, PX 308 is a user ticket from an MP3tunes user with the email address johnkerher@gmail.com dated September 1, 2007.  On September 5, 2007, Sharmaine Lindahl responded to the user.  (*See* PX 308).  Robertson was neither a sender nor a recipient of this communication.

Because of MP3tunes' default, the only damages issues tried by the jury concerns Robertson, not MP3tunes.  MP3tunes thus is no longer a party during the damages phase.  As the Court well-knows, under the Federal Rules of Evidence, statements by an opposing party are not hearsay.  *See* Fed. R. Evid. 801(d)(2).  Where, as here, however, a party is no longer a defendant, its statements lose the party-admission status.

In *United States v. Smith*, 746 F.2d 1183, 1185 (6th Cir. 1984) for example, the Circuit Court reversed and remanded a case holding that once a defendant pled guilty, his statements are no longer party admissions and therefore inadmissible hearsay:

> Terry also contends that it was improper for the trial judge to have allowed into evidence Robert's taped confession once Robert pled guilty and was severed from the case.  We agree.  Robert's confession was admitted at trial under the admission-by-a-party exception to the hearsay rule.  Fed. R. Evid. 801(d)(2)(A).  However, once Robert was severed from the case, he was no longer a party and the statement was no longer admissible under 801(d)(2)(A).

---

[3]  Robertson objected to such documents, and the objection was overruled.  (*See*, *e.g.*, Tr. at 1375:21-1376:22 (admitting PX 308 over Robertson's objections)).

*Smith*, 746 F.2d at 1185; *see Thompson v. Queen City, Inc.*, CIV.A. 2002359-18, 2002 WL 32345733, at *6 (D.S.C. July 9, 2002), *aff'd*, 70 F. App'x 730 (4th Cir. 2003) ("this note is obviously hearsay and, since Black & Veatch Construction, Inc. is no longer a party to this case, is not admissible against defendant Queen City, Inc.").

MP3tunes is not a defendant during damages phase of the trial. Therefore, statements by MP3tunes' "agent or employee on a matter within the scope of that relationship", Fed. R. Evid. 801(d)(2)(D), are inadmissible hearsay as against Robertson. *See Smith*, 746 F.2d at 1185; *Thompson*, 2002 WL 32345733, at *6. The Court should therefore exclude from the damages phase of the trial statements by MP3tunes employees evidence that are not Robertson's statements and/or were not seen by Robertson.

In any event, as noted above, many of the documents in this category contain complaints from users about files on MP3tunes or sideload.com, which are rank hearsay and prejudicial.

## CONCLUSION

For the reasons above, the Court should exclude from evidence during the damages phase of the trial user posts sent to MP3tunes, but not seen by Robertson, as well as internal MP3tunes emails not authored by or seen by Robertson.

Dated: New York, New York  
       March 19, 2014

Respectfully Submitted,

AKERMAN LLP

By: */s/ Ira S. Sacks*  
    Ira S. Sacks  
    Mark S. Lafayette  
    Vincent Y. Liu  
    Jamie B. Robbins  
    666 Fifth Avenue, 20th floor  
    New York, New York 10103  
    Telephone: (212) 880-3800  
    Facsimile: (212) 880-8965

*Counsel for Defendant Michael Robertson*