UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, INC., et al, <br><br> *Plaintiffs,* <br><br> v. <br><br> MP3TUNES LLC and Michael Robertson, <br><br> *Defendants*. | No. 07 Civ. 9931 (WHP) (FM) <br><br> **ECF CASE** <br><br> **BENCH MEMORANDUM IN OPPOSITION TO ROBERTSON'S APPLICATION TO EXCLUDE EVIDENCE** |

Plaintiffs oppose Defendant Robertson's blatant attempt to leverage the bifurcation of evidence—a procedure implemented to protect him from undue prejudice—into the exclusion of relevant evidence. The Court bifurcated this trial precisely because "[e]vidence of general infringement is relevant to the issue of willfulness, but irrelevant to infringement liability." January 29, 2014 Memorandum and Order [Dkt. No. 525] at 11 ("MIL Decision").

This Court has already ruled that evidence of general infringement—consisting of communications from third parties to MP3tunes regarding copyright infringement and internal discussions by MP3tunes about these same complaints—is relevant to the damages phase of this trial. In its MIL Decision, the Court expressly held that "Plaintiffs will be permitted to introduce evidence of potential infringement of other copyrights for the purpose of showing that *Defendants* engaged in a pattern of conduct so unreasonable with respect to potential infringement that it constitutes reckless disregard." *Id.* (emphasis added).

Robertson seeks to exclude that very evidence of infringement based on twin false premises that (1) the only relevant subject to be considered in fashioning a damages award is

1

Robertson's state of mind, and (2) MP3tunes is no longer a party to this case. Both arguments are baseless.

## I. General Evidence of Infringement is Relevant to Statutory Damages.

As this Court already held, evidence of general infringement by MP3tunes and Mr. Robertson is relevant to both Mr. Robertson's willfulness and to other statutory damages factors, including the deterrent effect and the conduct and attitude of the parties.

### A. Generalized Evidence of Copyright Infringement is Relevant to Mr. Robertson's Willfulness.

To establish willfulness, Plaintiffs must show that Defendants "had knowledge that [their] conduct represented infringement or recklessly disregarded the possibility." *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 143 (2d Cir. 2010) (alteration omitted). A showing of reckless disregard does not require actual knowledge. *See, e.g.*, *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir.1995) (noting that "[k]nowledge of infringement may be constructive rather than actual"). Plaintiffs are thus entitled to prove both Robertson's and MP3tunes' willfulness "by proffering circumstantial evidence that gives rise to an inference of willful conduct." *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 265 (2d Cir. 2005). Critically, discussions or complaints regarding infringing activity on MP3tunes service are admissible to prove both notice thereof and disregard of such notice.[1]

While Robertson now claims a lack of evidence that he ever saw or was aware of the communications regarding the infringement at issue, a jury could infer otherwise. The sheer number of communications informing MP3tunes of general copyright infringement, combined with existing record evidence of (1) Robertson's domination over every facet of company policy

---

[1] The various third-party user complaints and takedown notices, discussed in Part III infra, are also not hearsay for this very reason: irrespective of the truth of the matters contained therein, they are admissible to prove notice by MP3tunes of the activity complained of and MP3tunes' indifference to such complaints.

and operations and (2) Robertson's directions that employees not put incriminating information in writing would allow a reasonable jury to infer that Robertson's alleged ignorance is not credible. Moreover, the communications at issue confirm and underscore the policy that Robertson admittedly set for the company that no infringing content would be removed without a DMCA compliant take down notice; one of the key predicates to the findings of willful blindness.

> B.   **Evidence of Generalized Infringement Is Also Relevant to Other Statutory Damages Factors to Be Considered During the Damages Phase.**

In addition to Robertson's state of mind, the Second Circuit provides five other factors that are relevant to the statutory damages analysis that will be before the jury following the damages phase of trial:

> (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

Evidence of third-party copyright complaints and internal MP3tunes discussions of the same are relevant to factors four and six. The fact that Mr. Robertson's copyright policies resulted in disregard of valid copyright inquiries is a factor that the jury should consider in deciding the need for substantial damages to deter future infringement. This is especially important for a serial infringer like Robertson.

Evidence of generalized copyright infringement is also relevant to the sixth factor, the conduct and attitude of the parties, because it underscores the pervasive indifference to copyright infringement that dominated MP3tunes at Robertson's personal direction.

## II. Statements by MP3tunes Employees Are Not Hearsay Because MP3tunes Remains A Party to this Case.

MP3tunes remains a party in this case. The jury just returned a substantial verdict against MP3tunes, and Plaintiffs will be seeking appropriate monetary damages from MP3tunes. Indeed, Plaintiffs are the largest creditors to MP3tunes' bankruptcy estate. Nonetheless, and without citing to any authority addressing the effect of a party's default, Robertson suggests that MP3tunes is somehow no longer be a party to this action in the damages phase of the trial and so, conveniently, much of the evidence of generalized infringement—including evidence substantially similar to evidence of infringement on Plaintiffs' works admitted at trial—is allegedly now inadmissible hearsay. Neither assertion is correct.

First, there is no basis for Robertson's claim that MP3tunes "is not a defendant during the damages phase of the trial." To begin with, the Court declined to enter a default against MP3tunes at the outset of trial *at Robertson's behest*. *See* Feb. 25, 2014 Tr. at 61:15-20 (arguing that Plaintiffs "should not be allowed a tactical advantage in opening or in connection with the jury deliberations . . . because MP3tunes defaulted and as to them we're done"). And no default has been entered on the docket in the period since. It is the height of hypocrisy for Robertson now to argue that Plaintiffs should be precluded from introducing MP3tunes admissions in the damages phase because MP3tunes is "no longer a party."

Furthermore, even if a default *had* been entered against MP3tunes, it would still be a party to this action, and would remain a party until final judgment is entered against it. Although Plaintiffs maintained during the pretrial proceedings – and continue to maintain now – that they are entitled to an entry of default with respect to MP3tunes given its failure to appear at trial, there has been no suggestion by *anyone* that a default *judgment* has been or should be entered

against MP3tunes prior to the entry of judgment against Mr. Robertson.[2]  MP3tunes therefore clearly remains a party to this action.

### III. The Evidence of Generalized Infringement Should Be Admitted Under the Business Records Hearsay Exception.

Finally, all of the evidence consisting of user ticket posts and takedown notices are also not hearsay for an additional reason: they are business records, an issue that Robertson's brief glosses over in footnote 1 of his trial memo where he conclusorily asserts that they are not business records without any discussion or citation.  However, MP3tunes employee Sharmaine Lindahl laid the predicate for these ticket posts years ago.  She testified that these records were kept in the course of regularly conducted activity of the business.[3]  And they were records made at the time by people with knowledge.  Users submitted complaints and concerns via the website, *id.* at Tr. 32:23-33:2, and Ms. Lindahl responded to them via the website.  Each post and response was maintained under an identifying number.  *See e.g.*, PX 308.[4]  These records were made as a regular practice of that activity and are therefore not inadmissible hearsay.  *See* Federal Rule of Evidence 803(6)(B); *see also Ray v. Ford Motor Co.*, 2011 WL 6749034, *3 (M.D. Ala. 2011) (holding admissible internal report based on customer complaints as business record if appropriate foundation could be shown, and admitting complaints themselves to prove notice).

* * *

---

[2] *See* Feb. 25, 2014 Tr. at 59:6-11 ("[T]he plaintiffs are not requesting an entry of a default judgment against MP3tunes at the beginning of the trial.  What we're asking for is just the entry of default against MP3tunes on the docket at the beginning of the trial").

[3] *See* 3/31/2010 Lindahl Dep. Tr.  27:25-28:20; 32:23-33:5; 33:23-34:23.

[4] The takedown notices from third parties also have further high indicia of reliability because they are sworn.

For all of the above reasons, Robertson's application to exclude the evidence of generalized copyright infringement should be denied.

Dated: New York, New York
March 19, 2014

                                        JENNER & BLOCK LLP

By: /s Andrew H. Bart
Andrew H. Bart
Lindsay W. Bowen
919 Third Avenue, 37th Floor
New York, New York 10022
Telephone: (212) 891-1645
Facsimile: (212) 891-1699

Luke C. Platzer
J. Douglas Wilson
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 661-4819
*Attorneys for EMI Label Plaintiffs*

PRYOR CASHMAN LLP

By: /s Frank P. Scibilia
Frank P. Scibilia
Jacob B. Radcliff
M. Mona Simonian
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
*Attorneys for EMI Publishing Plaintiffs*