UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, LLC, *et al.*,

                *Plaintiffs*,

v.

MP3TUNES, LLC and MICHAEL ROBERTSON,

                *Defendants.*

07 Civ. 9931 (WHP)

### ROBERTSON'S TRIAL BRIEF REGARDING THE NUMBER OF WORKS FOR PURPOSES OF STATUTORY DAMAGES

Defendant Michael Robertson, by and through his undersigned counsel, respectfully submits this trial brief addressing the issues raised by the parties in their jury instructions regarding the number of works for purposes of statutory damages.

Under the plain text of § 504(c)(1), a plaintiff is entitled to only one award of statutory damages for the infringement of ***any or all*** parts of one "compilation." Music albums are "compilations" under the Copyright Act. By assembling its works into "compilations," a plaintiff triggers the one-award restriction of § 504(c)(1) of the Copyright Act. Here, Plaintiffs authorized the musical compositions, sound recordings, and album cover art to be compiled together as albums. These albums qualify as "compilations." Thus, Plaintiffs are only entitled to one award for the infringement of any or all parts of each album.

The parties have offered competing jury instructions notwithstanding the clarity of 17 U.S.C. § 504(c)(1) and Second Circuit precedential holding that all works compiled on a musical album constitute one work for statutory damages purposes. *See Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 140 (2d Cir. 2010). The parties' jury instructions on statutory damages conflict on at least two main points:

1

1.  whether any or all parts of each album – including the underlying music compositions, sound recordings, and cover art in the album – constitute one work for purposes of statutory damages; and

2.  whether this is the case, regardless of whether the owner of the sound recording and composition are closely related but different Plaintiffs.

As clearly set forth above and below, among other things, when a party has combined together several works to form a compilation or derivative work, only one award of statutory damages may issue for all works combined to form the compilation or derivative work.

I.  **UNDER CONTROLLING LAW, INFRINGEMENT OF ANY OR ALL PARTS OF A COMPILATION SUCH AS AN ALBUM ENTITLES PLAINTIFFS TO ONLY ONE AWARD OF STATUTORY DAMAGES.**

   A.  **The Plain Text Of The Copyright Act Mandates One Award For "All Parts Of A Compilation"**

The Copyright Act allows for only one award of statutory damages for any "work" infringed. 17 U.S.C. § 504(c)(1). The Act states that for purposes of statutory damages "all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1); *see Cohen v. United States*, 105 Fed. Cl. 733, 743-45 (Fed. Cl. 2012) (collecting cases that found that "parts of a compilation" or derivative works were to be considered a single work for statutory damages purposes).

The Act defines the term "compilation" as "a work formed by the collection of assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship" and further states that the term "includes collective works." 17 U.S.C. § 101. A collective work, in turn, is defined as "a work . . . in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Id*.

2

Thus, under the plain text of the Copyright Act, a plaintiff is only entitled to one statutory damages award for the infringement of any or all of the individual items that make up a compilation or collective work.  17 U.S.C. § 504(c)(1); *see Cohen*, 105 Fed. Cl. at 743-45; *Bryant*, 603 F.3d at 140.  This is true regardless of whether the individual items in a compilation have been or ever could have been subject to copyright.  *Bryant,* 603 F.3d at 140.

**B.     Controlling Second Circuit Precedent Provides Only One Award of Statutory Damages for the Infringement of Any or All of That Album.**

In *Bryant*, the plaintiffs had created, produced, and copyrighted two albums.  603 F.3d at 138.  These albums, as well as some of the individual songs on the albums, were separately registered with the Copyright Office.  *Id*.  Plaintiffs brought direct and secondary copyright infringement claims against a production company and wholesaler for making digital copies of individual songs from albums available online.  *Id.* at 139.  Plaintiffs sought statutory damages for each individual sound recording on each of the two albums.  *Id*.

The district court held that plaintiffs could recover only one statutory damage award for each of the two albums, rather than one award for each individual sound recording and each piece of album cover art contained in those albums.  *Bryant v. Europask Ltd.*, 07 Civ 3050 (WGY), 2009 WL 1059777, at *6-8 (S.D.N.Y. Apr. 15, 2009) (citing *Country Road Music, Inc. v. MP3.Com. Inc.*, 279 F.Supp.2d 325, 332 (S.D.N.Y. 2003) ("each CD that defendant copied to its servers constitutes one work and the basis for one statutory damage award, even though it might contain multiple copyrighted musical compositions."); *UMG Recordings, Inc. v. MP3.Com, Inc.*, 109 F.Supp.2d 223, 224-25 (S.D.N.Y. 2000)).

Affirming the district court, the Second Circuit held that, based upon the plain text of the Copyright Act, an album was a compilation and that the album and everything included within the album was a compilation that could only be subject to a single statutory damages award:

3

> *An album falls within the Act's expansive definition of compilation*.  An album is a collection of preexisting materials – songs – that are selected and arranged by the author in a way that results in an original work of authorship – the album.  ***Based on a plain reading of the statute, therefore, infringement of an album should result in only one statutory damage award***.  The fact that each song may have received a separate copyright is irrelevant to this analysis.

*Bryant*, 603 F.3d at 140-41 (emphasis added).

Comparing this case with its prior precedent, the Second Circuit noted that the *Bryant* plaintiffs had chosen to assemble the songs and cover art into albums.  *See Bryant*, 603 F.3d at 140-41.  By assembling the songs and cover art into an album, the plaintiffs triggered Section 504(c)(1)'s one-award restriction covering all songs and cover art included in each of the albums.  *See id.* ("The Act specifically states that all parts of a compilation must be treated as one work for the purpose of calculating statutory damages.").  The Second Circuit also refused to make an exception in the context of digital music:

> We cannot disregard the statutory language simply because digital music has made it easier for infringers to make parts of an album available separately.  This interpretation of the statute is consistent with the Congressional intent . . . which states that the one-award restriction applies even if the parts of the compilation are "regarded as independent works for other purposes."

*Id*. at 142 (internal citations omitted).

Thus, under Second Circuit law, infringement of any or all of materials that have been included in an album by the copyright owner are considered only one "work" for the purposes of calculating statutory damages under section 504(c) of the Copyright Act.

## II. PLAINTIFFS ARE ONLY ENTITLED TO ONE AWARD OF STATUTORY DAMAGES FOR THE INFRINGEMENT OF ANY AND ALL MATERIALS THAT ARE INCLUDED IN AN ALBUM

Here, like the *Bryant* plaintiff, Plaintiffs chose to assemble the works at issue – individual underlying music compositions, song recordings, and cover art – into albums.  Also like the *Bryant* plaintiffs, Plaintiffs registered albums as compilations.  By assembling the materials into

4

albums, Plaintiffs triggered the one-award restriction of § 504(c)(1) that applies to compilations. Under *Bryant* and a plain reading of the Copyright Act, Plaintiffs are entitled to only one, single statutory award of damages for the infringement of any or all parts of one album, including the underlying musical compositions, sound recordings and cover art.

### A. Plaintiffs' Proposed Jury Instruction is Contrary to Controlling Second Circuit Law.

Plaintiffs submitted proposed jury instructions that attempt to evade the clear Second Circuit precedent. They assert that the jury should be instructed "to regard each sound recording that [it] found to be infringed as a separate 'work,' as long as each work was made *separately commercially available by Plaintiffs*." (*See* Joint Proposed Post-Evidence and Damages Jury Instruction, submitted March 19, 2014 ("Damages Instructions") at 18 (emphasis added)). This argument must be rejected by a straightforward reading of *Bryant*. In that case, "Internet customers were able to purchase and download digital copies of the Albums and *individual songs on the Albums*." *Bryant*, 603 F.3d at 138-39 (emphasis added). In other words, the Second Circuit had no trouble finding that the statutory damages must be awarded on a per-album basis, even when *individual tracks* from the albums were for sale, *i.e.* "made separately commercially available by Plaintiffs." (Damages Instructions at 18). Indeed, the Second Circuit further emphasized this point by noting that "[b]ased on a plain reading of the statute, therefore, infringement of an album should result in only one statutory damage award. *The fact that each song may have received a separate copyright is irrelevant to this analysis*." *Id.* at 141 (citing H.R.Rep. No. 1476, 94th Cong., 2d Sess. 162, reprinted in 1976 U.S.C.C.A.N. 5659) (emphasis added).

To support their position, Plaintiffs cite two unpublished district court cases: *Arista Records LLC v. Lime Group LLC*, No. 06 CV 5936 (KMW), 2011 WL 1311771 (S.D.N.Y. Apr.

5

4, 2011) and *Capitol Records, LLC v. Defries*, 2013 WL 3055322 (S.D.N.Y. June 14, 2013), neither of which is binding upon this Court and both are contrary to the Second Circuit's *Bryant* holding.  For example, in *Arista Records*, the district court states that "the *Bryant* Court emphasized that . . . the plaintiffs in Bryant issued their work ***only*** in album form."  2011 WL 1311771, at *2 (emphasis added).  But the *Bryant* opinion nowhere states that the plaintiffs issued their work "only" in album form.  Indeed, the Second Circuit opined to just the opposite: "Based on a plain reading of the statute, therefore, infringement of an album should result in only one statutory damage award. *The fact that each song may have received a separate copyright is irrelevant to this analysis*."  603 F.3d at 141 (emphasis added).  The *Arista* court placed an undue emphasis in its analysis on the fact that a "sound recording may have been issued as an individual track in addition to its issuance as part of an album."  *Arista*, 2011 WL 1311771, at *3.  As shown above, the fact that tracks from the album were available for sale *separately from the album* did not dissuade the Second Circuit that the statutory damages should be awarded on a per-album basis.  *Bryant*, 603 F.3d at 138-39, 141.

Plaintiffs also rely on *Teevee Toons, Inc. v. MP3.com, Inc*., 134 F.Supp.2d 546 (S.D.N.Y. 2001).  This case was decided nine years prior to *Bryant*.  Even were the Court to rely on *Teevee Toons* – which it should not – only one statutory damages award is justified in this case because the owners of the composition and sound recording were affiliate companies during the relevant time period.  (*See* Tr. at 761:11-19 ("just the fact that there's some common parent that owns both")).  They are only entitled to share one statutory damages award.  *Teevee Toons, Inc.*, 134 F.Supp.2d at 549 n.1 ("The Court does not preclude defendant from attempting to prove at trial that the plaintiffs are so closely affiliated as to be considered one company for statutory damages purposes.").

Finally, *Defries* involved a default judgment in a case with *pro se* defendants. The *Defries* court, in a footnote, simply adopted *Arista*'s reasoning. 2013 WL 3055322, at *8 n.7. Because these district court cases conflict with *Bryant*, a precedential, binding Second Circuit opinion, the Court should reject both *Arista* and *Defrie* and instead follow *Bryant*.

> **B.  Plaintiffs are Entitled to One Award of Statutory Damages for Each Album, Regardless of Whether There Are Multiple Copyright Owners for the Different Portions of the Album.**

As explained above, an album – including the underlying musical compositions and sound recordings for the individual songs on the album – constitutes one work for purposes of statutory damages.[1] This is true even where there are multiple co-owners of parts of the album. *See e.g., Edward B Marks Music Corp. v. Jerry Vogel Music Co.,* 140 F.2d 268, 270 (2d Cir. 1944) (recovery in a copyright case is "confined to the plaintiff's own part; that is to say, to its . . . proper share of any statutory damages"); *Manno v. Tennessee Production Center, Inc.,* 657 F.Supp.2d 425, 432-33 (S.D.N.Y. 2009) (found that a co-owner of a copyright was limited to one half of any statutory damages awarded for infringement); *Copyright.net Music Pub. LLC v. MP3.com*, 256 F.Supp.2d 214, 218 (S.D.N.Y. 2003) (finding that all co-owners of the compositions at issue were not required to be joined as parties, noting that "if, as defendant

---

[1] Notably, even outside the context of "albums," musical compositions and sound recordings have been found to constitute one work for purposes of statutory damages. *See e.g, Robert Stigwood Group, Ltd. v. O'Reilly*, 530 F.2d 1096, 1105 (2d Cir. 1976) (copying of music, libretto, and vocal score of a rock opera held to constitute one infringement, even though each was copyrighted separately); *Spooner v. EEN, Inc.,* No. 08-cv-262-P-S, 2010 WL 1930239, at *5-6 (D. Me. May 11, 2010) (each sound recording necessarily encompasses a musical composition and both constitute one work for purposes of statutory damages); *ASA Music Prods. v. Thomsun Electronics*, No. 96 Civ. 1872(BDP)(MDF), 1998 WL 988195, at *9 (S.D.N.Y. Sept. 29, 1998) (despite copyright registrations for each, court found that the song, arrangement, and performance together comprised one work); William F. Patry, 6 Patry on Copyright § 22:186 (2013) ("Sound recordings are defined in section 101 as a species of derivative work of the underlying musical composition, and, as such, both fall within the one work, one award rule for statutory damages that only award for infringement of both works.").

argued, it might be obligated to pay 100% of statutory damages to plaintiffs, and the money was not divided among co-owners of the compositions, then the proper suit would be between these co-owners, not the co-owners against defendant."); *Kamakazi Music Corp. v. Robbins Music Corp.*, 534 F.Supp. 69 (S.D.N.Y. 1982) ("although the minimum and maximum amounts are to be multiplied where multiple "works" are involved in the suit, the same is not true with respect to multiple copyrights, multiple owners, multiple exclusive rights, or multiple registrations") (citing H.R.Rep.No.94-1476, 94 Cong., 2d Sess. 162, reprinted in (1976) U.S.Code Cong. & Ad.News pp. 5659, 5778); William F. Patry, 6 Patry on Copyright § 22:186 (2013) ("Sound recordings are defined in section 101 as a species of derivative work of the underlying musical composition, and, as such, both fall within the one work, one award rule for statutory damages that only award for infringement of both works, and regardless of whether there are different owners.").

Accordingly, Plaintiffs are only entitled to a total of one statutory award for the infringement of any and all portions of each infringed album regardless of whether there are different owners.

## Conclusion

For all of the foregoing reasons, Robertson requests that the Court to hold as a matter of law that, for purposes of statutory damages, when a party has combined together several works – including sound recordings, musical compositions, and cover art – to form a compilation or derivative work, only one award of statutory damages may issue for all works combined to form the compilation or derivative work regardless of whether different parts of the albums are owned by different parties. The jury verdict form should also conform to such a finding.

Dated: New York, New York  
       March 20, 2014

Respectfully Submitted,

**AKERMAN LLP**

By: */s/ Ira S. Sacks*  
    Ira S. Sacks  
    Mark S. Lafayette  
    Vincent Y. Liu  
    Jamie B. Robbins  
    666 Fifth Avenue, 20th Floor  
    New York, New York 10103  
    Telephone: (212) 880-3800  
    Facsimile:  (212) 880-8965

*Counsel for Defendant Michael Robertson*