UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, INC., et al,

                    *Plaintiffs*,

      v.

MP3TUNES LLC and Michael Robertson,

                    *Defendants*.

No. 07 Civ. 9931 (WHP) (FM)

**ECF CASE**

**PLAINTIFFS' OPPOSITION TO ROBERTSON'S
"TRIAL BRIEF TO OVERRULE PLAINTIFFS' OBJECTION TO
ROBERTSON'S JURY INSTRUCTION ON INNOCENT INFRINGEMENT"**

      Robertson's brief "to overrule Plaintiffs' objection to Robertson's jury instruction on innocent infringement for purposes of calculating statutory damages" – which is essentially a summary judgment brief masquerading as an objection to language in a jury charge – is telling in what it says and what it does not say.

      Robertson fails to advise the Court that the Plaintiffs have no objection to the language contained in Robertson's instruction. *See* Joint Proposed Post-Evidence and Damages Jury Instruction at 25. In fact, the Plaintiffs' own proposed instruction on "State of Mind and Corresponding Ranges of Statutory Damages," *id*. at 20, contains almost verbatim language.[1] What Plaintiffs object to is the ***omission*** of a single sentence instructing the jury that an infringement is not innocent if the Defendant had notice that the works were copyrighted. *Compare id.* at 20 & *id.* at 25.

---

[1] Plaintiffs' view is that one instruction setting forth the standards for basic infringement, willful infringement, and innocent infringement, and the corresponding statutory award range for each, would be more useful to the jury.

The requested sentence is black letter law. It comes straight out of the Copyright Act. Section 402(d) of the Act states: "If a notice of copyright in the form and position specified by this section appears on the published phonorecord or phonorecords to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interpretation of a defense based on innocent infringement in mitigation of actual or statutory damages . . . ."[2] 17 U.S.C. § 402(d); *see also Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 123 (2d Cir. 2001). Virtually identical language appears in Section 401(d) with respect to the affixation of notice on published copies. *Id.* § 401(d). Plaintiffs would be willing to use the verbatim language as it appears in the Act.

The Berne Convention Implementation Act of 1988 (the "BCIA") made voluntary the affixation of copyright notices to copyrighted works such as phonorecords or published copies. Nonetheless:

> the BCIA preserves an incentive for use of the same type of copyright notice that has been required under the 1976 Act. Copyright proprietors using the prescribed notice ***will absolutely defeat a defense in an infringement action based on allegedly innocent infringement in mitigation of actual or statutory damages, when such a defense is urged by a defendant who had access to the noticed copies or phonorecords***. Of course, that defense of innocent intent is highly circumscribed anyway, given that liability for copyright infringement requires no mental element.

2 M. & D. NIMMER, NIMMER ON COPYRIGHT § 7.02[C][3] (2013). As Nimmer has further noted, the upshot of sections 401 and 402 is that, "for infringements commencing during the Berne era, even an innocent defendant generally cannot remit statutory damages below the mandatory

---

[2] The ellipses omit the language "except as provided in the last sentence of section 504(c)(2)." That sentence relates to an exception for non-profit educational institutions and public broadcasting stations that are not applicable here.

2

minimum, *unless the subject work was unpublished, bore an invalid notice, or was inaccessible to that defendant.*" Id. § 14.02[B][2](a) (emphasis added).

Thus, as long as the Plaintiffs' works were made available to the public in some format with a copyright notice, and those copies were not inaccessible to Mr. Robertson, he is not entitled to mitigate a damage award based on professed "innocence."

Tellingly, Robertson does not even mention Sections 401 or 402 of the Act until page 8 of his 10 page brief. Instead, he spends the first eight pages arguing about what he claims is the evidentiary record on promotional downloads in the liability phase. Only at page 8 does Robertson mention for the first time the statutory provisions of the Copyright Act that are the predicate for Plaintiffs' objection. But, to be clear, the issue of promotional downloads is utterly irrelevant to the Sections 401(d)/402(d) issue. As the court noted in *Maverick Recording Co. v. Harper,* 598 F.3d 193, 199 (5th Cir. 2010), the "plain language" of those sections show "that the infringer's knowledge or intent does not affect [their] application." And the statute draws no distinction as to whether the infringer's copy was made from an authorized or unauthorized copy of a work. Thus, an infringer's belief that the copies he made came from authorized, as opposed to unauthorized, sources is irrelevant.

*BMG Music v. Gonzalez,* 430 F.3d 888 (7th Cir. 2005), cert. denied, 547 U.S. 1130, 126 S. Ct. 2032, 164 L. Ed. 2d 782 (2006) is instructive. There, the defendant obtained her infringing copies of the recordings digitally through peer-to-peer file services – which themselves lacked any copyright notices. But the court held that she still had "access" to legitimate works that plaintiffs had properly noticed: "Gonzalez readily could have learned, had she inquired, that the music was under copyright." For that reason, Judge Easterbrook's opinion barred her from reducing her damages below the $750 floor.

Robertson's attempts to distinguish this case actually make Plaintiffs' point. Robertson misleadingly states that *Gonzalez* did not dispute that she had access to records and compact disks bearing copyright notices. And that is true. But what she argued was that the actual digital files that she had downloaded did not contain copyright notices. In other words, she made the exact same argument Robertson is making here, and Judge Easterbrook held that it did not matter because she had access to copies of the recordings that did bear notices and, in any event, could have learned, had she inquired that the music was under copyright. *See id.* at 892 ("She downloaded data rather than discs, and ***the data lacked copyright notices***, but ***the statutory question is whether 'access' to legitimate works was available*** rather than whether infringers earlier in the chain attached copyright notices to the pirated works. Gonzalez readily could have learned, had she inquired, that the music was under copyright.") (emphasis added).

In *Maverick Recording Co.*, the Fifth Circuit reached precisely the same conclusion. There, the defendant Harper – who was 16 years old and hardly as knowledgeable and savvy about music and the Internet as Robertson – was found liable for downloading 37 files from a peer-to-peer file sharing network. Harper argued that "she did not understand the nature of file sharing programs and that she believed that listening to music from file-sharing networks was akin to listening to a non-infringing Internet radio station." 598 F.3d at 198. The district court ruled this assertion created a triable issue of fact as to whether Harper's infringement was "innocent." *Id.*[3]

---

[3] It is again true that Harper did not contest that she had "access" to CDs of the works she had infringed by downloading from P2P networks. *Id.* at 199. But that only proves Plaintiffs point because in that case, as in *BMG Music*, and as here, the files that were illegally downloaded (or, in this case, "sideloaded") were digital files that did not themselves bear copyright notices. Rather, the court in both cases found distribution of a CD or other product with a copyright notice which was not inaccessible to the defendant sufficed to defeat the defense.

The Fifth Circuit reversed, holding that the defendant's knowledge or intent does not affect the application of Section 402(d), and that copyright infringement has no *mens rea* element. *Id.* at 199 & n. 2. The court discussed the BCIA and the incentive it sought to create for the use of copyright notices, and concluded that "it would make no sense for a copyright defendant's subjective intent to erode the working of" Section 402(d). *Id.* at 199. Thus, the Fifth Circuit's holding further confirms that Robertson's "promotional downloads" arguments are even more irrelevant to the issue of innocent infringement than the jury found them to be as to the issue of willful blindness and red flag knowledge.

Just as it had in *BMG Music,* the Supreme Court denied the petition for writ of certiorari in *Maverick Recording*. 131 S. Ct. 590, 178 L. Ed. 2d 511, 2010 U.S. LEXIS 9042 (2010). So Robertson cites Justice Alito's dissenting opinion as evidence that *BMG Music* and *Maverick Recording Co*. cases "have been subject to serious criticism." Putting aside that this is a non-controlling dissenting opinion from one Justice, the decision does no such thing. First, Justice Alito expressly stated that the Fifth Circuit's decision in *Maverick Recording Co.* "may or may not set out a sensible rule for the post-'phonorecord' age, but it is at least questionable whether the decision correctly interprets § 402(d)." 131 S. Ct. at 591. That is hardly "serious criticism." Moreover, Justice Alito acknowledged that there are "no conflicting Circuit decisions" on the issue. *Id.*

In any event, Justice Alito focused on the fact that the Fifth Circuit had held the innocent infringer foreclosed in that case as a matter of law. Here, Plaintiffs are not arguing that Robertson is foreclosed from trying to prove during the damages phase that he is an innocent infringer. Rather, Plaintiffs are merely asking that the jury be properly instructed on the law regarding an innocent infringement defense. Sections 401(d) and 402(d) are integral parts of the

5

law in this regard.  If Robertson is able to present evidence – and it is his burden – that he did not have access to copies of the works with copyright notices, he can demonstrate that.  But he is not entitled to summary judgment in his favor on this issue – which is essentially what he is asking the Court for here – based on "promotional downloads" evidence that is irrelevant to the issue of whether notice under Section 401(d) or 402(d) precludes an innocent infringement defense.  *See Innovative Networks v. Satellite Airlines Ticketing Ctrs.,* 871 F. Supp. 709, 721 (S.D.N.Y. 1995) ("A finding of innocent infringement primarily is a factual determination").

      This is particular true here since, based on the evidence that has already been presented, the jury could easily conclude that copies of the recordings that were sideloaded in this case were not inaccessible to anyone, and particularly not to Robertson, who years ago was able to get his hands on tens of thousands of CDs in order to copy them to the MP3.com servers.  There is also evidence that Robertson had the AMG data, which did include copyright information, and which therefore provided him with the requisite notice information with respect to the digital files, in a digital form.

      At bottom, missing from Robertson's brief is any authority that actually supports his assertion that Section 401(d) and 402(d) do not say what they say, or any authority to support the notion that those provisions do not apply with equal force to digital music files.  So the Plaintiffs are entitled to an instruction on what those provisions actually say.  And Robertson remains free to present evidence to establish that he lacked access to Plaintiffs' recordings and compositions

in formats that contained notices such that Sections 401(d) and 402(d) do not apply here.  But to grant the relief Robertson requests would be tantamount to granting summary judgment on the issue of whether those provisions do apply, which is precisely what Robertson is seeking.

Dated: New York, New York
March 21, 2014

                    PRYOR CASHMAN LLP

By:   */s Frank P. Scibilia*
       Frank P. Scibilia
       M. Mona Simonian
       Ross Bagley
       7 Times Square
       New York, New York 10036
       Telephone:  (212) 421-4100
       Facsimile: (212) 326-0806
       *Attorneys for EMI Publishing Plaintiffs*


                    JENNER & BLOCK LLP

By:   */s Andrew H. Bart*
       Andrew H. Bart
       Lindsay W. Bowen
       919 Third Avenue, 37th Floor
       New York, New York 10022
       Telephone: (212) 891-1645
       Facsimile:  (212) 891-1699

       Luke C. Platzer
       J. Douglas Wilson
       1099 New York Avenue, NW
       Washington, DC 20001
       Telephone: (202) 639-6000
       Facsimile:  (202) 661-4819
       *Attorneys for EMI Label Plaintiffs*