USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/7/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
CAPITOL RECORDS, INC., et al.,

       Plaintiffs,

 -against-

MP3TUNES, LLC, et al.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

07 Civ. 9931 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

   In response to the parties' competing proposed jury instructions at trial, this Court ruled that where two different owners hold respective copyrights in the musical composition and sound recording of the infringed work, they must share a single award of statutory damages. Because of its significance in this case and the unsettled state of the law on the issue generally, this Court now memorializes that trial ruling.

   Under the Copyright Act, "[a] plaintiff is entitled to only 'one award of statutory damages for any work infringed.'" Arista Records LLC v. Lime Grp. LLC, No. 06 Civ. 5936 (KMW), 2011 WL 1311771, at *1 (S.D.N.Y. Apr. 4, 2011) (quoting Bryant v. Media Rights Prods., Inc., 603 F.3d 135, 140 (2d Cir. 2010)). Although the Copyright Act lists musical compositions and sound recordings as separate works, 17 U.S.C. § 102, for purposes of statutory damages, "courts have declared that 'separate copyrights are not distinct works unless they can live their own copyright life.'" Spooner v. EEN, Inc., No. 08 Civ. 262, 2010 WL 1930239, at *5 (D. Me. May 11, 2010) (quoting Walt Disney Co. v. Powell, 897 F.2d 565, 569 (D.C. Cir. 1990)).

In awarding statutory damages for only one work—which included copyrights covering both a composition and sound recording—Spooner examined the context of the infringement. Spooner, 2010 WL 1930239, at *6. Significantly, the infringement involved "a producer solely interested in sound recordings." And there was "no evidence that Defendants ha[d] any use for or interest in musical compositions." Spooner, 2010 WL 1930239, at *6 (Also, the defendants were not musicians and had never attempted to license a musical composition for performance). Considering those facts, Spooner held that it was appropriate to treat the sound recording (encompassing both the composition and sound recording copyrights) as one work in calculating damages. Spooner, 2010 WL 1930239, at *6 (citing ASA Music Prods. v. Thomsun Elecs., No. 96 Civ. 1872 (BDP) (MDF), 1998 WL 988195 at * 9 (S.D.N.Y. Sept. 29, 1998) ("[T]he infringement that took place is best perceived as having constituted an infringement of one work. The song, arrangement, and performance together comprise a work that is conceptually indivisible.")). That analysis supports the same result here because MP3tunes and its users were solely interested in sound recordings and made no separate use of (and had no interest in) the musical composition.

Robert Stigwood Grp. Ltd. v. O'Reilly, 530 F.2d 1096 (2d Cir. 1976), which relied on detailed factual findings that the defendants had performed songs from "Jesus Christ Superstar" in a context that exploited both their value as individual songs and as part of a dramatic performance, is not to the contrary. There, the Second Circuit refused to grant separate statutory damages for "overlapping" copyrights in libretto, score, and dramatic continuity where realistically only one work was infringed. 530 F.2d at 1104. And although the Second Circuit found that copyrights in individual songs and dramatic performance merited separate awards, it

suggested subsequently that the holding may be inapplicable under the one-award-per-compilation rule introduced in the Copyright Act of 1976. See Bryant, 603 F.3d at 142 n.7; Twin Peaks Prods., Inc. v. Pub'lns Int'l, Ltd., 996 F.2d 1366, 1381 (2d Cir. 1993). Following that line of reasoning, this Court finds that when Robertson and MP3tunes infringed the copyright covering a sound recording and musical composition for the same song, they infringed only one work because the infringement was directed at the sound recording and the musical composition was not exploited separately.

This holding is consistent with the Copyright Act's statutory damages provision. See 17 U.S.C. § 504(c)(1) ("For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work."). And the rationale also harmonizes with its legislative history:

> Moreover, although the minimum and maximum amounts are to be multiplied where multiple "works" are involved in the suit, the same is not true with respect to multiple copyrights, multiple owners, multiple exclusive rights, or multiple registrations. This point is especially important since, under a scheme of divisible copyright, it is possible to have the rights of a number of owners of separate "copyrights" in a single "work" infringed by one act of a defendant.

H.R. Rep. No. 94-1476, at 162 (1976).

With respect to Plaintiffs' distinct ownership rights in the works at issue, this Court declines to follow Teevee Toons, Inc. v. MP3.com, Inc., 134 F. Supp. 2d 546, 548 (S.D.N.Y. 2001), which would confer one statutory damages award if composition and sound recording rights shared a common owner, but two awards if the rights were owned separately. Although the Teevee Toons rule was recently applied without discussion in Beastie Boys v. Monster Energy Co., 12 Civ. 6065 (PAE), ECF No. 90 (S.D.N.Y. Mar. 18, 2014), the parties

have submitted no Second Circuit authority embracing this principle of multiple recovery for a single pirated song.

This Court finds Professor William Patry's criticism of the <u>Tevee Toons</u> rule persuasive: "[i]f . . . an anthology of poems were infringed, no one would dispute that there is one award, no matter how many different poets' works are embodied therein; there is nothing special about musical compositions and sound recordings embodied in phonorecords [such that the result should be different]." 6 Patry on Copyright § 22:186.  Further, it is not clear why the amount of statutory damages should depend on the number of distinct copyright owners.  If separate ownership of composition and sound recording rights permitted multiple awards, then an entity that owned both rights in a song could recover 150% of the statutory damages by licensing out one of the rights in exchange for a 50% share in any damages.  Although this Court is sensitive to the policy concerns that motivated the <u>Tevee Toons</u> rule, the Copyright Act and the Rules of Civil Procedure provide ample means to avoid parallel and duplicative litigation.  And if Plaintiffs sue separately, they may of course collect separately "as long as the infringer's liability on these statutory damages does not exceed the amount provided in Section 504(c)." <u>Kamakazi Music Corp. v. Robbins Music Corp.</u>, 534 F. Supp. 69, 75 (S.D.N.Y. 1982).

## CONCLUSION

For these reasons, this Court concludes that where two different owners hold respective copyrights in the musical composition and sound recording of the infringed work, they must share a single award of statutory damages. Accordingly, the composition and sound recording are subsumed in the same "work" for purposes of statutory damages, and the Plaintiffs are entitled to recover only once per work.

Dated: April 7, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All counsel of record.*