USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/3/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAPITOL RECORDS, INC., et al.,

                Plaintiffs,

   -against-

MP3TUNES, LLC, et al.,

                Defendants.

------------------------------------------------------------X

07cv9931

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

       The record company and music publisher Plaintiffs move for an award of partial attorneys' fees and costs under the Copyright Act and pre-judgment and post-judgment interest under Fed. R. Civ. P. 59(e) against Defendants MP3tunes, LLC ("MP3tunes") and Michael Robertson ("Robertson"). For the following reasons, Plaintiffs' motion for an award of partial attorneys' fees and costs is granted in part, the motion for pre-judgment interest is denied, and the motion for post-judgment interest is granted.

BACKGROUND

       Following a lengthy trial, a jury in this District awarded $48,061,073 in damages to Plaintiffs for MP3tunes and Robertson's infringement of copyrighted songs and cover art. On September 29, 2014, this Court granted Robertson's motion for judgment as a matter of law and remittitur, in part, and substantially reduced the jury's damages awards. Capitol Records, Inc. v. MP3tunes, LLC, __ F. Supp. 3d __, 07 Civ. 9931 (WHP), 2014 WL 4851719 (S.D.N.Y. Sept. 29, 2014). Thereafter, this Court entered a judgment in the amount of $12,241,531 against

Defendant Michael Robertson, and $11,057,031 against Defendant MP3tunes. Robertson appealed.[1]

## DISCUSSION

I. <u>Attorneys' Fees & Costs</u>

Plaintiffs seek an award of $7,195,248.54 in attorneys' fees and related costs, which they represent to be only a portion of the attorneys' fees and costs incurred in litigating this case. A court has discretion to allow recovery of costs to any party in an action brought under the Copyright Act. <u>See</u> 17 U.S.C. § 505; <u>see also</u> <u>Berry v. Deutsche Bank Trust Co. Americas</u>, 632 F. Supp. 2d 300, 304 (S.D.N.Y. 2009). These costs include "reasonable attorney[s'] fee[s] to the prevailing party." 17 U.S.C. § 505. As a threshold matter, Plaintiffs are the prevailing party by reason of the final judgment they secured. But that judgment was far less than what Plaintiffs sought in their "theater-wide assault with claims for thousands of works." <u>Capitol Records, Inc.</u>, 2014 WL 4851719, at *1.

Awards of fees and costs under the Copyright Act are not automatic, <u>see</u> <u>Knitwaves, Inc. v. Lollytogs Ltd.</u>, 71 F.3d 996, 1011 (2d Cir. 1995), but instead are based on a court's "equitable discretion," <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 (1994). In determining whether to award attorneys' fees, courts may consider factors such as: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." <u>Matthew Bender & Co. v. West Publ'g Co.</u>, 240 F.3d 116, 121 (2d Cir. 2001). These factors may be used only "so long as [they] are faithful to the purposes of

---

[1] This Court has jurisdiction over these motions for attorneys' fees and pre-judgment and post-judgment interest, notwithstanding the notice of appeal. See <u>Tancredi v. Metro. Life Ins., Co.</u>, 378 F.3d 220, 225 (2d Cir. 2004).

the Copyright Act[,]" principally: discouraging infringement; securing a fair return for an author's creative labor; and stimulating artistic creativity for the general public good. Fogerty, 510 U.S. at 526, n.19.

    a. Deterrence and Compensation

When copyright infringements are willful, the payment of attorneys' fees and costs is "in line with the statutory goal of deterrence." Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 289 (2d Cir. 1999); see also Richard Feiner & Co. v. Turner Entm't Co., No. 96 Civ. 1472, 2004 WL 2710054, at *1 (S.D.N.Y. Nov. 23, 2004). The jury found that each of the infringements for which Robertson was liable, whether directly or secondarily, was willful. This Court affirmed that willfulness finding. Capitol Records, Inc., 2014 WL 4851719, at *19 ("The jury's findings that MP3tunes and Robertson were willful infringers is supported amply by the evidence."). As this Court previously observed:

> Robertson's conduct deserves to be penalized: he intentionally misled users into believing their actions did not violate copyright law; facilitated the infringement of numerous works; and contributed significantly to an era of rampant digital piracy. Robertson embarked on an odyssey to exploit the copyrights of the record companies without paying for the privilege . . . . He sought to exploit the interstices between what is permitted and what is prohibited. Had his grandiose scheme succeeded, it could have siphoned billions of dollars of revenue from copyright owners.

Capitol Records, Inc., 2014 WL 4851719, at *23. Robertson's willfulness warrants an award.

    b. Objective Unreasonableness

The Second Circuit instructs judges to give "substantial weight" to the "objective unreasonableness" factor. Bryan v. Media Rights Prod., Inc., 603 F.3d 135, 144 (2d Cir. 2010). "The courts of this Circuit have generally concluded that only those claims that are clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed

3

objectively unreasonable." Silberstein v. Fox Entm't Grp., Inc., 536 F. Supp. 2d 440, 444 (S.D.N.Y. 2008). An analysis of this factor is complicated by the fact that this protracted litigation was characterized by scorched-earth litigation tactics and "endless mudslinging" by both sides. See Capitol Records, Inc., 2014 WL 503959, at *16. Indeed, even the briefing on these motions is permeated with skirmishes over "objectively unreasonable" positions.

Plaintiffs argue that Robertson drove up costs and caused delay by "obsess[ively]" litigating issues relating to "promotional downloads," basing his defense on the unfounded theory that MP3tunes was not "the Michael Robertson show," and re-litigating unreasonable positions with respect to, inter alia, personal jurisdiction and copyright ownership. Some, but not all, of Robertson's conduct rises to a level of objective unreasonableness sufficient to justify an award of attorneys' fees and costs to Plaintiffs.

Robertson's attempt to deny personal jurisdiction and his assertion that he did not exercise control over MP3tunes' operations were objectively unreasonable. The uncontroverted evidence showed that Robertson was MP3tunes' CEO and controlled all aspects of the MP3tunes' business. His attempt to distance himself from MP3tunes was transparent. As this Court noted, "[t]he verdict reflects the jury's determination that Robertson was not credible and Plaintiffs' witnesses were. Those assessments were within bounds." Capitol Records, Inc., 2014 WL 4851719, at *15. It was also objectively unreasonable for Robertson to try to take advantage of the automatic stay in the MP3tunes bankruptcy. Capitol Records, Inc., v. MP3tunes, LLC, 2012 WL 2389751, at *1 (S.D.N.Y. June 25, 2012).

But not all of Robertson's post-trial motions were objectively unreasonable. This Court reduced the jury award substantially. As this Court observed, "many of the Plaintiffs' claims were just too big to succeed." Capitol Records, Inc., 2014 WL 4851719, at *1.

Robertson's re-litigation of the "promotional downloads" issue was appropriate because Plaintiffs' evidence on the red flag knowledge and willful blindness theories under the DCMA safe harbor turned out to be "sparse." Capitol Records, Inc., 2014 WL 4851719, at *1. And this Court permitted Robertson to present "promotional download" evidence at trial because it was relevant to Plaintiffs' willful blindness and red flag knowledge claims. A party's good faith decision to litigate complex or undecided issues of law is not objectively unreasonable. See, e.g., Effie Film v. Pomerance, No. 11 Civ. 7087 (JPO), 2013 WL 1759560, at *2 (S.D.N.Y. Apr. 24, 2013).

    c. Robertson's Litigation Conduct

If a party's conduct is unreasonable, a court has the discretion to award fees. See Matthew Bender & Co., Inc. v. West Pub. Co., 240 F.3d 116, 124 (2d Cir. 2001). The ultimate goal is to be "faithful to the purposes of the copyright act." Fogerty, 510 U.S. at 534 n.19. Thus, "bad faith in the conduct of the litigation is a valid ground for an award of fees." Matthew Bender & Co., Inc., 240 F.3d at 125.

To the extent that Robertson induced MP3tunes employees to give fraudulent testimony minimizing Robertson's role at the company, his conduct was plainly in bad faith. (See Bart Decl. ¶ 12; Scibilia Decl. ¶ 13(e); Bart Decl. Ex. B at 1400:5-1401:6 ("[Robertson's] mandate was: Never put anything in an email; if you're ever deposed, just say you can't recall, I don't remember. They can't get you on that."); Bart Decl. Ex. G ("In our depositions with EMI's legal counsel in April [Robertson] directed me to testify that I have authority in the above mentioned areas, in order to appropriately demonstrate MP3tunes is not the 'Michael Robertson show.' I can no longer agree with those statements in good conscience.").)

5

Accordingly, this Court finds that some award of attorneys' fees and costs is warranted.

### d. Award of Attorneys' Fees and Costs

This Court permitted Plaintiffs to submit their motion for attorneys' fees without appending contemporaneous time records. As part of that application, Plaintiffs were directed to provide a fair estimate of the fees they sought. The idea behind this procedure was to determine first whether Plaintiffs were entitled to an award of fees while relieving them of the herculean task of parsing through their time records. Given this Court's determination that Plaintiffs are entitled to an award of partial attorneys' fees, the question is whether Plaintiffs should be required to submit all of their supporting documentation. See Scott v. City of New York, 626 F.3d 130, 132 (2d Cir. 2010) ("[A]ll applications for attorneys' fees [must] be supported by contemporaneous records[.]").

Plaintiffs' counsel acknowledged that they billed in excess of $12 million in attorneys' fees and costs to secure a judgment of $12,241,531 in this case. That revelation suggests a Pyrrhic victory. Their application for $7,195,248.54 in attorneys' fees and costs must be examined against this backdrop.

Under settled Second Circuit precedent, this Court is required to review Plaintiffs' contemporaneous time records in making an attorneys' fee award. See, e.g., New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Nevertheless, this Court can inform the parties that it will award only a fraction of the fees Plaintiffs seek. The Court offers this guidance because of its familiarity with all the prior proceedings. Cf. Regulatory Fundamentals Grp. v. Governance Risk Mgmt. Compliance, LLC, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("District courts

6

have 'some limited discretion to make exceptions to the hard-and-fast rule' [requiring submission of contemporaneous time records]. When a court makes such an exception, 'it should not award the full amount requested.'") (quoting Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010); F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1264 (2d Cir. 1987)).

Counsel are directed to confer in good faith to determine whether they can reach a stipulation regarding attorneys' fees and costs. In the absence of such an agreement, Plaintiffs will be directed to make a further submission that includes their contemporaneous time records. This Court declines Plaintiffs' request to submit such records in camera.

II. Pre-judgment Interest

Plaintiff moves under Fed. R. Civ. P. 59(e) for pre-judgment interest on the damages award entered against MP3tunes and Robertson. This Court finds pre-judgment interest is not warranted. As a result, Robertson's arguments regarding the timeliness of the motion are moot.

This Court has discretion to award pre-judgment interest. See In Design v. K-Mart Apparel Corp., 13 F.3d 559, 569 (2d Cir. 1994). The Copyright Act neither allows nor prohibits an award of pre-judgment interest, and the issue of the permissibility of pre-judgment interest is unresolved in this Circuit. See Psihoyos v. John Wiley & Sons, Inc., No. 11 Civ. 1416 (JPO), 2013 WL 1285153, at *5 (S.D.N.Y. Mar. 29, 2013) ("Whether the Copyright Act provides for awards of pre-judgment interest is apparently an open question in the Second Circuit"). Some courts have declined to award pre-judgment interest for willful copyright infringement, finding that pre-judgment interest should be reserved for "exceptional"

7

circumstances, and concluding that damages for willfulness have already been factored into an award of maximum statutory damages. See, e.g., Richard Feiner and Co., Inc. v. Turner Entertainment Co., No. 96 Civ. 1472 (RO), 2004 WL 2710054 (S.D.N.Y. Nov. 23, 2004) (declining to award pre-judgment interest in Copyright Act suit). Other courts have determined that pre-judgment interest is appropriate to help deter willful copyright infringement. See, e.g., Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 661 (S.D.N.Y. 1996) ("Although an award of pre-judgment interest in cases under the Copyright Act is discretionary with the court, . . . this is a case where it would be appropriate to further the goals of the Act.").

This Court awarded over $11 million in statutory damages to Plaintiffs, a sum that far exceeds actual damages. Statutory damages under the Copyright Act are designed to provide "reparation for injury" and "to discourage wrongful conduct." F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952). The sizable damages already levied against Robertson and MP3tunes, without the addition of pre-judgment interest, are sufficient to fully compensate Plaintiffs for their injuries. An additional award of nearly $1 million in pre-judgment interest as requested by Plaintiffs, is inappropriate, particularly in view of the award of attorneys' fees and costs. See Wickham Contracting Co. v. Local Union No. 3, IBEW, 955 F.2d 831, 836 (2d Cir. 1992) (considering, inter alia, the need to fully compensate the injured party when determining whether pre-judgment interest could be awarded under the Labor Management Relations Act).

The Second Circuit has affirmed a district court's decision to deny pre-judgment interest given Plaintiff's "sizeable damage award" and the lack of "initiative on [Plaintiff's] part" to shorten the litigation. In Design, 13 F.3d at 569. Both sides in this case share responsibility

8

for the protracted nature of the litigation. Accordingly, this Court denies Plaintiffs' request for pre-judgment interest.

III. Post-judgment Interest

Consideration of post-judgment interest is governed by 28 U.S.C. § 1961, which provides for interest as a matter of right "on any money judgment in a civil case recovered in a district court" and a mandatory rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 28 U.S.C. § 1961(a). Plaintiffs are entitled to an award of post-judgment interest from the date of entry of the judgment – October 30, 2014 – until the satisfaction of the judgment, calculated using the 52-week Treasury Bill rate for the calendar week preceding the date of judgment. This Court declines Robertson's request to defer determination of post-judgment interest pending appeal.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial attorneys' fees and costs is granted in part. Plaintiffs' motion for pre-judgment interest under Fed. R. Civ. P. 59(e) is denied. Plaintiffs' motion for post-judgment interest under Fed. R. Civ. P. 59(e) is granted.

This Court will conduct a conference with the parties on April 9, 2015 at 3:00 p.m. The Clerk of Court is directed to terminate the motion pending at ECF No. 664.

Dated: April 3, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All counsel of record.*